# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **EDDIE L. BOLDEN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 417 |
| | ) | |
| **CITY OF CHICAGO**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Because of this Court's tag-end preparation for and conduct of a jury trial at the beginning

of this month, it did not have the opportunity to engage in its usual practice of reviewing all

filings in cases on its calendar on either the day or the day after such filings come into chambers.

In this instance it has just engaged in a catch-up process in that respect and has reviewed -- and

regrettably has found wholly unacceptable -- the Answer filed on March 1 by the counsel for

Michael Kill ("Kill"), one of the defendants in this action brought by Eddie Bolden ("Bolden").

This memorandum order is issued sua sponte to require Kill's counsel to return to the drawing

board to correct that deeply flawed pleading.

To begin with, Kill's counsel has obviously failed to understand or to comply with the

disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) when a defendant such as Kill cannot,

presumptively in the exercise of subjective and objective good faith called for by Rule 11(b),

bring himself to either admit outright or deny outright (the alternatives called for by Rule

8(b)(1)(B)) an allegation by the plaintiff.  In that circumstance Rule 8(b)(5) provides a plain and

straightforward roadmap for a pleader, so that the tendency of all too many lawyers to conjure up

what they appear to believe are improvements on that Rule is difficult to understand. In this

instance the overwhelming bulk of counsel's substitute locutions (found at Answer ¶¶ 1-9, 12-42,

46-57, 59-67, 69-72, 74-80, 82-87, 89-92, 94-97, 99-102, 104, 105, 107-10, 112 and 116)[1] are

really bizarre and inexcusable -- here is a sample of counsel's repeated usage:

> The Defendant has no knowledge to answer to the allegations in paragraph -- and therefore denies the allegations.

> By sharp contrast, the unambiguous language of Rule 8(b)(5) obviously seeks to render

its disclaimer meaningful, so that it calls for a disclaimer of "information" as well as

"knowledge" and injects a requirement of "belief" as well. If Kill's counsel had properly

included those ingredients, the phrase "and therefore denies the allegations" that counsel added

to all of the disclaimers would have been even more troubling than it is.

In that respect even a moment's thought reveals the oxymoronic character of that addition

to the disclaimer. It is of course bizarre for a party to assert (presumably in good faith) that it

lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to

<u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the

quoted language is stricken from each of those paragraphs of the Answer.

As indicated at the outset, the ubiquitous repetition of that error requires Kill's Answer to

be stricken in its entirety, with his counsel granted leave to file a self-contained proper Amended

Answer on or before March 29, 2017. No charge may be made to Kill by his counsel for the

---

[1] Counsel's repeated error thus occupies fully 97 of the answers to the 116 paragraphs in the Complaint. Indeed, the offense is even worse than that gross numerical comparison would indicate, for 11 of the Answer's paragraphs that do not contain the offending language are just the conventional responses to the Complaint's conventional allegations at the outset of each count that simply incorporate by reference the earlier paragraphs in that pleading (so that a defendant then echoes that incorporation by reference). In effect, then, the unacceptable disclaimer appears in 97 out of a possible 105 responses.

added work and expense incurred in correcting counsel's errors.   Kill's counsel is ordered to

apprise his client to that effect by a letter, with a copy of the letter to be transmitted to this

Court's chambers solely as an informational matter (not for filing).


_____
Milton I. Shadur
Senior United States District Judge

Date:  March 15, 2017