# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 1:17-cv-00417** |
| | ) | |
| v. | ) | |
| | ) | Hon. Milton I. Shadur |
| CITY OF CHICAGO, MICHAEL BAKER, | ) | Hon. Mag. Susan E. Cox |
| JOSEPH BARNES, EDWARD HICKS, | ) | |
| MICHAEL KILL, JAMES OLIVER, | ) | |
| ANGELO PESAVENTO, MICHAEL | ) | |
| ROWAN, EDWARD SIWEK, | ) | |
| BARBARA TEMPLE and AS-YET | ) | |
| UNKNOWN CURRENT OR FORMER | ) | |
| EMPLOYEES OF THE CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR ENTRY OF GUARANTY OF SATISFACTION OF JUDGMENT

Defendant City of Chicago (the "City"), by its counsel of record, respectfully moves this Court to enter the proposed "Defendant City of Chicago's Guaranty of Satisfaction of Judgment," ("City's Guaranty") attached as Exhibit A, thereby resolving all matters relating to Plaintiff Eddie Bolden's ("Bolden") *Monell* claims. In support thereof, the City states as follows:

### Factual Background

1. Bolden brought this lawsuit against the City and current or former police officers Michael Baker, Joseph Barnes, Edward Hicks, Michael Kill, James Oliver, Angelo Pesavento, Michael Rowan, Edward Siwek, and Barbara Temple (the "Defendant Officers"), arising from Bolden's arrest, conviction, and incarceration for the murders of Derrick Frazier and Ledell Clayton, and the attempted murder and aggravated battery of Clifford Frazier. Bolden brings claims for violation of due process, failure to intervene, conspiracy to deprive constitutional

rights, false arrest and imprisonment, federal malicious prosecution, as well as various state law claims against the Defendant Officers. Dkt. No. 40 at ¶¶ 63-85, 93-115.

2. One of the theories of liability that Bolden asserted against the City is under *Monell v. Department of Social Servs City of New York,* 436 U.S. 658 (1978), alleging that the City's policies and practices were the underlying causes of the constitutional violations purportedly suffered by Bolden. *See* Dkt. No. 40 (Pl.'s Compl. at ¶¶ 86-92). Specifically, Bolden predicates his *Monell* claim on the City's allegedly

> (1) conducting illegal or improperly coercive interrogations of witnesses, suspects and arrestees; (2) manufacturing, fabricating, or using improper suggestive tactics to obtain false witness statements; (3) filing false reports and giving false statements or testimony; (4) withholding, destroying or suppressing evidence, including *Brady* material; and (5) perpetuating, encouraging, and condoning a 'code of silence,' pursuant to which Chicago Police Officers refused to report or otherwise covered-up instances of police misconduct. (Pl.'s Compl. at ¶ 88).

Bolden further alleges that the purported *Monell* violations occurred because the City "declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment of the Chicago Police Officers who engaged in these practices," and largely blames the existence of so-called "street files" as the catalyst for these constitutional violations (*Id.* at ¶ 57 & 60).

3. During the status hearing on April 19, 2017, when asked by the Court why Bolden needed to "include *Monell* at all," Plaintiff's counsel admitted that Bolden did not "need *Monell*" and would be "willing to forego proceeding on the *Monell* claim in the instant action." *See* Transcript of Proceedings in *Bolden v. City of Chicago et al.*, 17-cv-00417, before Hon. Milton I. Shadur, dated April 19, 2017, attached as Exhibit B; *Letter from Ronald Safer to Hon. Milton I. Shadur,* attached as Exhibit C.

2

4. Based on Bolden's discovery requests to date, the litigation and defense of Bolden's *Monell* claims will involve laborious fact discovery, including costly expert discovery – threatening to unduly complicate and delay these proceedings.

### **Legal Argument**

5. The common-sense, pragmatic approach articulated by the Court, and agreed to by the parties, favor granting this motion. Granting the motion will avoid a lengthy and complex trial on the City's Section 1983 liability, avoid undue prejudice both to the Defendant Officers and the City, and relieve Bolden of the burden of establishing the elements to prove municipal liability if Bolden proves his constitutional rights were violated by the Defendant Officers. *See e.g. Ackerman v. Allen et al.,* No. 16-CV-6199 (N.D. Ill. Apr. 27, 2017) (Bifurcating *Monell* claims was appropriate because it served the interests of expediting litigation and eliminating unfair prejudice).

6. Besides nominal damages not exceeding $1.00, Bolden would not be entitled to any additional remedies if he prevailed against the City on his *Monell* claim. *See* 745 ILCS 10/9-102; *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895-96 (N.D. Ill. 2000) ("…a prevailing plaintiff in a § 1983…case…gets nothing more from suing the municipality under *Monell* than he would get from suing just the officers…As a result, plaintiffs generally choose to forego the more difficult route of seeking to hold the municipality liable under *Monell*").

7. The primary purpose of Section 1983 litigation is to make the plaintiff whole by award of appropriate compensatory damages if he can prove a violation of his constitutional rights. *See Parker v. Banner*, 479 F. Supp. 2d 827, 834 (N.D. Ill. 2007); *see also* Transcript of Proceedings before the Hon. Milton I. Shadur in *Ramirez v. City of Chicago,* 05-C-317, dated

March 14, 2008 and Transcript of Proceedings in *Nix v. City of Chicago*, 04-C-7981, before Hon. Rebecca A. Pallmeyer, dated March 16, 2005, both attached as Exhibit D.

8. After agreeing not to contest the Guaranty in open Court on April 19, 2017, on May 1, 2017, Plaintiff's counsel sent an e-mail to defense counsel purporting to revoke his unequivocal agreement to the entry of a Guaranty by the City. Plaintiff's counsel alleged that the reason for this revocation was that the City "may be liable under *Monell* even if none of the Individual Officers are found liable." In support for this proposition, Plaintiff's counsel cited *Thomas v. Cook Cty. Sheriff's Dep't,* 604 F.3d 293, 305 (7th Cir. 2009), in which the alleged constitutional violations pertained to the provision of medical services to a detainee at a correctional facility. *See E-mail from Eli Litoff to Counsels and attached Letter from Ronald Safer to Hon. Milton I. Shadur,* attached as Exhibit C.

9. Bolden's reliance on *Thomas, supra* ignores the numerous subsequent opinions finding *Thomas* inapplicable to cases in which a plaintiff's *Monell* theory is predicated on a purported code of silence, the use of street files, and/or an alleged failure to supervise, train or discipline, as Bolden has alleged in this case. *See e.g. Demouchette v. Dart,* No. 09 C 6016, 2011 WL 679914 (N.D. Ill. Feb 16, 2011) (Bifurcating *Monell* claims and stating that a municipality cannot be liable under *Monell* in a failure-to-train case if there is no underlying violation by a municipal employee); *Jenkins v. Bartlett,* 487 F.3d 482, 492 (7th Cir. 2007) (Holding that the failure-to-train allegations against the county necessarily would fail if the claims against the individual defendants failed); *Claxton v. City of Chicago,* No. 14 C 10076, 2015 WL 5304630 (N.D. Ill. Sept. 9, 2015) (Bifurcating *Monell* claims because liability could not exist against the City for failure to train, supervise, control, find fault and discipline officers, or for allowing a code of silence to exist, if the claims against the individual defendants failed);

4

*Heenan v. City of Madison,* 111 F.Supp.3d 929 (W.D. Wisc. 2015) (Rejecting application of *Thomas* to plaintiff's *Monell* claim); *Hart v. Mannina,* 992, F.Supp.2d 896 (S.D. Ind. 2014) (Finding that there could be no liability against the municipality for *Monell* allegations related to failure to instruct, supervise, control, and/or discipline defendant detectives without first finding a violation of the plaintiff's constitutional rights by the individuals); *Powell v. Pauley,* No. 15-cv-040313, 2015 WL 6971615 (C.D. Ill. Nov. 10, 2015) (Rejecting application of *Thomas* and holding that it would create inconsistent verdicts to find for the officers and against the municipality where plaintiff predicated her *Monell* claim on an alleged failure to adequately train, supervise, control, discipline and dismiss officers); *Harris v. City of Chicago*, 2016 WL 3261522 (N.D. Ill. June 14, 2016) (same); *Andersen v. City of Chi.*, No. 16-cv-1963, 2016 WL 7240765 (N.D. Ill. Dec. 14, 2016) (Rejecting *Thomas,* and finding individual liability must be found on claims related to the use of "street files" before the City could be liable under *Monell*).

10. The constitutional harms alleged by Plaintiff are the same as those in the aforementioned cases finding that no *Monell* liability could be found against the municipal entity without first finding liability against an individual defendant.

## Conclusion

11. Entering the Guaranty serves the interest of all parties, as well as judicial economy, and would allow this lawsuit to proceed to trial or summary judgment more quickly. Bolden would not be prejudiced by the entry of the City's Guaranty because he would be relieved of the cost, time and burden of proving the elements of a *Monell* claim, provided he established that one or more Defendant Officers committed a constitutional violation. Moreover, Defendants would not suffer the prejudice that would otherwise attach with having to litigate the Defendant Officers' actions alongside other alleged acts wholly unrelated to Bolden.

12. If the Court grants this Motion, and should Bolden secure judgment against the Defendant Officers, the City unconditionally and irrevocably guarantees that Bolden will recover from the City that judgment, plus nominal damages not to exceed one dollar, plus reasonable attorneys' fees and costs, consistent with the City's Guaranty.

Wherefore, the City asks this Court to enter the City's Guaranty.

Dated: May 19, 2017

Respectfully submitted,

CITY OF CHICAGO

By: /s/ Elan Shpigel
John F. Gibbons (Attorney No. 06190493)
gibbonsj@gtlaw.com
Tiffany S. Fordyce (Attorney No. 235063)
fordycet@gtlaw.com
Elan Shpigel (Attorney No. 6321514)
shpigele@gtlaw.com

Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435

Attorneys for Defendant City of Chicago

## CERTIFICATE OF SERVICE

      I, Elan Shpigel, an attorney, hereby certify that on May 19, 2017, I caused the foregoing *Motion for Entry of Guaranty of Satisfaction of Judgment* to be served through the ECF system on all attorneys of record.

                                                /s/ Elan Shpigel

*CHI 68167514v8*