```
                                                                    1

 1              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
 2                    EASTERN DIVISION

 3   EDDIE L. BOLDEN,                )
                                     )
 4              Plaintiff,           )
                                     )
 5     vs.                           )  No. 17 C 417
                                     )
 6   CITY OF CHICAGO, et al.,        )  Chicago, Illinois
                                     )  May 9, 2018
 7              Defendants.          )  10:31 o'clock a.m.

 8
                     TRANSCRIPT OF PROCEEDINGS
 9             BEFORE THE HONORABLE MANISH S. SHAH

10
     APPEARANCES:
11
     For the Plaintiff:     RILEY SAFER HOLMES & CANCILA, LLP
12                          BY:  MS. VALARIE HAYS
                                 MR. RONALD S. SAFER
13                               MR. ELI J. LITOFF
                                 MS. VALERIE BRUMMEL
14                          70 West Madison Street, Suite 2900
                            Chicago, Illinois  60602
15                          (312) 471-8736

16   For Defendant City:    GREENBERG TRAURIG, L.L.P.
                            BY:  MS. TIFFANY S. FORDYCE
17                          77 West Wacker Drive, Suite 3100
                            Chicago, Illinois  60601
18                          (312) 456-8400

19   For Defendants Baker,  HALE LAW, L.L.C.
     Oliver, Pesavento,     BY:  MR. BRIAN J. STEFANICH
20   Siwek, Barnes, and          MR. MOHAMMED KHAN
     Rowan:                 53 West Jackson Boulevard, Suite 330
21                          Chicago, Illinois  60604
                            (847) 612-0430
22

23

24

25


              Colleen M. Conway, Official Court Reporter
```

**2**

1  APPEARANCES (Continued):

2

3  For Defendant Temple:    RAVITZ & PALLES
                            BY:  MR. GARY J. RAVITZ
4                           203 North LaSalle Street, Suite 2100
                            Chicago, Illinois  60601
5                           (312) 558-1689

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22
                    COLLEEN M. CONWAY, CSR, RMR, CRR
23                        Official Court Reporter
                   219 South Dearborn Street, Room 1714
24                        Chicago, Illinois  60604
                              (312) 435-5594
25                   *colleen_conway@ilnd.uscourts.gov*

1    (Proceedings heard in open court:)
2        THE CLERK:  17 C 417, Bolden versus City of Chicago.
3        MS. HAYS:  Good morning, Your Honor.  Valarie Hays,
4    Ron Safer, and Eli Litoff on behalf of Mr. Bolden, the
5    plaintiff.
6        THE COURT:  You're missing one.
7        MR. SAFER:  Valerie.
8        MS. HAYS:  What?
9        MR. SAFER:  Valerie Brummel.
10       MS. HAYS:  Oh.  What did I say?  Oh, I'm sorry, I'm
11   sorry.  And Valerie Brummel for plaintiff as well, too.
12       MS. FORDYCE:  Good morning, Your Honor.  Tiffany
13   Fordyce on behalf of the City of Chicago.
14       MR. STEFANICH:  Brian Stefanich on behalf of
15   defendant officers.
16       MR. KHAN:  Good morning, Your Honor.  Mohammed Khan
17   on behalf of the defendant officers.
18       MR. RAVITZ:  Gary Ravitz for Barbara Temple.
19       THE COURT:  Good morning.  Why don't we deal with the
20   rule to show cause motion first.
21       MR. STEFANICH:  Sure, Judge.  That's our motion.
22       I checked with the process server today, this
23   morning.  They haven't been able to serve her with the motion.
24   They went out three times and were unsuccessful serving her.
25       So I don't know if you want us to enter and continue

1  it to try to effectuate service.
2          THE COURT: I actually don't think I need to --
3          MR. STEFANICH: Sure.
4          THE COURT: -- wait for that. I gather from the
5  plaintiff there was no objection to at least me issuing a rule
6  to show cause?
7          MS. HAYS: No objection, Your Honor.
8          THE COURT: What I think we should talk about is when
9  does it make sense for any such rule to show cause to be
10 returnable, particularly in light of your efforts to try and
11 get service? When would it make sense for me to say, "Be here
12 in court to explain yourself"? Do you have any thoughts on
13 that front?
14         MR. STEFANICH: Two weeks, Judge.
15         THE COURT: Do you think you'll find her and get
16 service?
17         MR. STEFANICH: I mean, I -- we've -- obviously,
18 we've talked to her before. We knew where she previously
19 worked, so we've got some leads. I think we talked to her son
20 previously. So I think that, you know, two weeks would be
21 reasonable. And then if we don't get her -- you know, I think
22 with the discovery close date, I think we'd be able to get her
23 dep before the discovery close date anyways.
24         THE COURT: One -- and the other idea that seems to
25 be contemplated in the motion is that she could discharge the

1  rule to show cause by sitting for the deposition within a
2  week --
3          MR. STEFANICH:  Correct.
4          THE COURT:  -- of -- and are you -- is everybody
5  available, if she were available, to get that done within the
6  next week or so?
7          MR. STEFANICH:  Yes.
8          MS. HAYS:  Yes.
9          THE COURT:  Okay.  The motion for rule to show cause
10 is granted.  Cynthia Steward shall sit for a deposition
11 within -- I'll say by May 21st or show cause why she should not
12 be held in contempt.  And she -- if she has not sat for her
13 deposition, she shall appear to show cause.
14         Can we find some time on Wednesday, May 23rd?
15         MS. FORDYCE:  Your Honor, I apologize.  Now that
16 you're saying these dates out loud, I'm on trial through the
17 22nd.  Can we at least push it out to like the 25th, which I
18 think is the Friday of that week, for her to sit?  Would that
19 be agreeable?
20         (Defense counsel conferring.)
21         MS. FORDYCE:  Or the 24th, Your Honor?
22         THE COURT:  Does anyone have a problem with that?
23         MS. HAYS:  The 24th is fine, Your Honor.
24         MS. FORDYCE:  Thank you.
25         THE COURT:  Okay.  So then -- but then I'll bump her

1  appearance on the rule to show cause until the following week,
2  which would be after the Memorial Day holiday.
3            THE CLERK:  Let's see, everyone.  So how about
4  Tuesday, the 29th?  And we can set it at 10:30.
5            THE COURT:  Sure.  That would be fine.  Thank you.
6            THE CLERK:  So the 29th at 10:30.
7            THE COURT:  That is the Tuesday after Memorial Day.
8  Will someone be available on behalf of --
9            MS. FORDYCE:  Yes, Your Honor.
10           THE COURT:  -- the City?  Okay.
11           Okay.  How is everything else?  Let me ask the
12 plaintiffs.
13           MS. HAYS:  We've made a lot of progress, Your Honor.
14 I think we're able to stay within our current close of fact
15 discovery cutoff.  We've done a lot of depositions.  We only
16 have a few left that are scheduled with the exception of Ms.
17 Steward.
18           So the plaintiff's position is we'd like to move
19 forward with the schedule, you know, and get a trial date as
20 soon as possible, a very short -- I don't think we'll need much
21 time for an expert schedule.  But we'd propose two or three
22 months, depending on whether we can do simultaneous production
23 of reports or it needs to be staggered.
24           MR. RAVITZ:  Judge, we will be scheduling Assistant
25 Cook County State's Attorney Linda Wall for June 6th.  We

1 discussed that with her office yesterday. And that's the date
2 that will make her available, and notice will go out in the
3 next day or so. But just to give everybody a heads-up.
4     THE COURT: What kinds of experts is the plaintiff
5 thinking about?
6     MS. HAYS: In terms of non-*Monell* experts, of course,
7 a police practices expert and an identification expert.
8     THE COURT: Does the defense think that they'll have
9 any experts, any affirmative experts or only in response to
10 what you've just heard from the plaintiff?
11     MR. STEFANICH: Most likely, only in response to
12 their experts, Judge.
13     THE COURT: Why don't -- and have you had an
14 opportunity to meet and confer with each other about an expert
15 schedule?
16     MS. FORDYCE: (Nodding.)
17     MS. HAYS: We have not, Your Honor.
18     THE COURT: Okay. Why don't you do that first. It
19 sounds, though, like the way we should do it is plaintiff
20 should go first, disclose experts, and then the defense can
21 propose dates for their rebuttal experts. You'll probably want
22 to build in time for a deposition --
23     MR. STEFANICH: Right.
24     THE COURT: -- of their experts and then for the
25 defense disclosures. But I'll let you work on that.

1    It does sound like you'll get everything done by June
2    8th. And then thinking that you'll at least be close to
3    disclosing an expert within about a month or so of that, that
4    date, why don't I just put you down for a status in mid-July to
5    see where things stand, and we can formalize the schedule at
6    that point.
7         MS. HAYS: Okay.
8         MS. FORDYCE: Your Honor, with respect to the June
9    8th date, while I am optimistic we're going to finish, just
10   last Friday, the City received a 30(b)(6) notice that was quite
11   extensive; and including subparts, we counted 37 separate
12   topics.
13        If we are actually required to produce deponents to
14   speak to all of those topics, I am concerned we couldn't get
15   that done by the 8th, but I also think that if we can
16   appropriately narrow it through our meet-and-confer efforts --
17   that hasn't happened yet, you know, but I just wanted to let
18   the Court know and make sure that if -- if we have to file a
19   motion in a couple weeks, I already anticipated this issue,
20   which we would --
21        THE COURT: Do you think this 30(b)(6) deposition
22   will change the plaintiff's plans with respect to experts?
23        MS. HAYS: No, Your Honor. And I think -- I mean,
24   37, we broke them down into pretty much -- a lot of detail, but
25   I'd say it's more like 10 topics, very obvious topics that

1  should be no surprise.
2        THE COURT:  What I would do is just tell you, you can
3  do discovery, fact discovery, outside of our --
4  previously-noticed fact discovery can continue by agreement
5  after the June 8th date.  If it takes some meeting and
6  conferring and then you run into some scheduling problems, you
7  can keep doing that.  I don't -- because I don't think that's
8  going to slow down any expert phase.  And we can -- when we
9  reconvene in July, we can finalize anything that we need to
10 finalize.  Will that work?
11       MS. FORDYCE:  Yes, Your Honor.
12       MS. HAYS:  (Nodding.)
13       THE COURT:  So let's find a date in mid-July, please.
14       THE CLERK:  Everyone, how about Thursday, July 19th?
15 Do you want a separate time again?
16       THE COURT:  Yeah.
17       THE CLERK:  9:30?  And that will be 9:30.
18       MR. SAFER:  If you have a cake here, that would be
19 good.
20       MS. HAYS:  It's his birthday.
21       THE CLERK:  We could do the 18th instead.
22       MR. SAFER:  No, no.  The 19th is good.
23       THE COURT:  At this point, do the -- do any
24 defendants think that they would be trying for summary
25 judgment?

1   MS. FORDYCE: Your Honor, on behalf of the City, I
2   guess we remain a little bit unclear about what, as it pertains
3   to *Monell*, is still outstanding. To the extent I understand
4   that, we may be filing a motion for summary judgment on the
5   remaining *Monell*. But, again, we're a little bit unclear.
6   We're trying to kind of still understand Your Honor's last
7   order in that regard.
8       If *Monell* is -- really all of it is really out of the
9   case, as I understood Your Honor's prior order -- there's
10  potentially two issues, and that's the discovery that I think
11  Ms. Hays was referring to, by and large, in the 30(b)(6). I
12  mean, if that's really out from the *Monell* perspective, then,
13  yes, we won't be filing a summary judgment motion, but I'm a
14  little unclear, I guess, on that.
15      THE COURT: Well, let's be more specific about what
16  you mean by *Monell* being out. I mean, I've bifurcated --
17  effectively, I've bifurcated discovery --
18      MS. FORDYCE: That's what --
19      THE COURT: -- and I've stayed discovery on *Monell*
20  claims, but I have not -- we certainly haven't adjudicated the
21  *Monell* claims, and I have not bifurcated the trial.
22      What I wanted to do was see if we can resolve or have
23  a vision for resolving the claims against the individual
24  defendants and then have a plan for what that means with
25  respect to, A, whether the plaintiff wants to continue to

pursue *Monell* claims or whether we need to then ramp up *Monell* discovery before trial, or, possibly still, an option of bifurcating trial on *Monell* and the individual defendants.

So those are all still up in the air. What I'd -- the point of my ruling was complete fact discovery on the claims against the individual defendants.

MS. FORDYCE: Okay.

THE COURT: So that's where things stand.

MR. RAVITZ: Judge, in that regard, on behalf of Barbara Temple, we're certainly considering a motion for summary judgment, but at this point, we have not taken the deposition of the plaintiff in the case. There are some other key witnesses who may be deposed before it's over. So we're going to reserve on it, but certainly something at this juncture we will consider.

MS. HAYS: And, Your Honor, you mentioned, you know, waiting until the end of fact discovery, which is what we understood.

Would Your Honor be open to us submitting, at the close of fact discovery, a proposed -- we have strong interest in keeping a very narrow *Monell* focus as well. So we could submit a proposed plan: Okay. Now fact discovery's over, we would like *Monell* to proceed with expert discovery. Here's our limited plan. Would that be helpful if we did that, if we filed that before our July status?

1 THE COURT: I think it would.
2 MS. HAYS: Okay. We will do that.
3 THE COURT: And you can also, in that status report,
4 provide your proposal for the expert schedule as well.
5 MS. HAYS: Perfect.
6 THE COURT: And why don't I have you submit that by
7 July 12th.
8 MS. HAYS: Sounds good.
9 THE COURT: And if you can do it as a joint status
10 report, that would be helpful as well.
11 And if there are disagreements, you can just put them
12 in the same document and lay out where your disagreements are.
13 MS. FORDYCE: Certainly, Your Honor.
14 THE COURT: Is there anything else we should cover
15 this morning?
16 MS. HAYS: I don't think so. Not from the plaintiff,
17 Your Honor.
18 MR. STEFANICH: No, Judge.
19 THE COURT: Thank you.
20 MS. HAYS: Thank you.
21 MS. FORDYCE: Thank you, Your Honor.
22 (Proceedings concluded.)
23
24
25

C E R T I F I C A T E

I, Colleen M. Conway, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the HONORABLE MANISH S. SHAH, one of the Judges of said Court, at Chicago, Illinois, on May 9, 2018.

/s/ Colleen M. Conway, CSR, RMR, CRR    06/21/18
Official Court Reporter    Date
United States District Court
Northern District of Illinois
Eastern Division