**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Manish S. Shah |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION IN LIMINE NO. 1**
**TO BAR REFERENCES TO PRIOR CRIMINAL HISTORY**

Plaintiff Eddie L. Bolden, by his undersigned counsel and pursuant to Federal Rules of Evidence 402, 403, 404, and 609, respectfully moves this Court for the entry of an Order *in limine* barring Defendants from moving into evidence, questioning witnesses, or arguing to the jury any references to Mr. Bolden's 1985 conviction for involuntary manslaughter.

## INTRODUCTION

Nearly 35 years ago, Mr. Bolden pled guilty to involuntary manslaughter for the shooting of a man named Lafere Boyd. Mr. Bolden was just 15 years old when the shooting took place. He was released from custody in 1992. This prior conviction is not relevant to either liability or damages. Additionally, the prior conviction is not admissible for impeachment purposes because it is greater than 10 years old, and its probative value does not substantially outweigh its prejudicial effect.

Evidence of prior bad acts is generally inadmissible due to its limited probative value and the substantial danger of unfair prejudice. This is especially true in § 1983 cases where there is an increased danger that unsympathetic facts about a plaintiff's background will make it more difficult for that plaintiff to obtain a fair hearing on important constitutional claims. *See Geitz v.*

*Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990) ("We are mindful of our duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them"); *Llaguno v. Mingey*, 763 F.2d 1560, 1570 (7th Cir. 1985) ("[C]ivil rights actions often pit unsympathetic plaintiffs . . . against the guardians of a community's safety, yet serve an essential deterrent function"). Indeed, the Seventh Circuit has expressly cautioned district courts to "be careful to ensure that a civil rights plaintiff's criminal past is not used to prejudice him." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992).

**I. The Prior Conviction Is Not Relevant to Liability or Damages.**

Mr. Bolden's prior conviction is inadmissible because it is irrelevant. Fed. R. Evid. 402. Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Mr. Bolden's prior conviction does not bear on any fact of consequence to determining either liability or damages in this civil lawsuit.

Mr. Bolden's prior conviction is irrelevant to the question of liability. The issues in dispute are whether Defendants violated Mr. Bolden's constitutional rights by (1) engineering a suggestive identification, (2) maliciously prosecuting Mr. Bolden for the murders of Derrick Frazier and Ledell Clayton and the attempted murder of Clifford Frazier, and (3) failing to intervene to prevent others from committing these constitutional violations. The fact that Mr. Bolden pled guilty to a different and unrelated shooting over eight years prior to these events has no bearing on whether Defendants violated Mr. Bolden's rights in this case.

Nor is the prior conviction relevant to the issue of damages. As courts within this district have consistently recognized, a person's prior conviction and imprisonment do not necessarily render a subsequent *unjust* imprisonment less traumatizing or painful. That was certainly true for Mr. Bolden. *See Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1025 (N.D. Ill. 2011) ("Indeed,

this court is not aware of, and the defendants do not point to, any evidence that supports the proposition that a person who has been *wrongfully* arrested is less traumatized by the experience simply because s/he has been *lawfully* arrested before"); *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *1 (N.D. Ill. Apr. 15, 2008) (where the plaintiff made no claim that her prior arrests were unlawful, "the nature of her earlier police contacts [was] not relevant to a claim that she suffered emotional distress from this police contact"); *see also Scott v. Chicago*, 724 F. Supp. 2d 917, 927 (N.D. Ill. 2010) (granting motions to exclude evidence of plaintiff's prior conviction and other bad acts as it related to damages and noting that the attempt to admit such evidence was "a blatant effort to dirty up [plaintiff] in every conceivable manner").

## II. The Prior Conviction Is Not Admissible Pursuant to Rule 404.

Mr. Bolden's prior conviction also is inadmissible pursuant to Rule 404. According to Rule 404(b), evidence of past crimes "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *see also Kunz v. DeFelice*, 538 F.3d 667, 674 (7th Cir. 2008) (recognizing that use of evidence to illustrate "a consistent pattern of criminality . . . is propensity by another name . . . and propensity is a forbidden basis for admitting evidence"). Evidence that an individual previously engaged in similar criminal activity "tends to distract the trier of fact from the main question of what actually happened on the particular occasion" at issue. Fed. R. Evid. 404(a) Advisory Committee note. Here, the only reason Defendants might seek to admit evidence related to Mr. Bolden's prior conviction is to establish a propensity to commit violent crimes, including the shootings that underlie this lawsuit. This is precisely what Rule 404(b) forbids.

## III. If There Is Any Minimal Probative Value to the Prior Conviction, This Value Is Outweighed by Its Prejudicial Effect.

Even if Mr. Bolden's prior conviction were remotely relevant, it still should be excluded because its admission would unfairly prejudice Mr. Bolden. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury"). "Evidence is unfairly prejudicial if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *United States v. Vretta*, 790 F.2d 651, 655 (7th Cir. 1986) (quoting *Cook v. Hoppin*, 783 F.2d 684, 689 (7th Cir. 1986)).

Admitting evidence of Mr. Bolden's involuntary manslaughter conviction will do nothing more than "tar" Mr. Bolden as a felon. *Fermazin v. Menard, Inc.*, No. 15 C 7272, 2017 WL 1227937, at *5 (N.D. Ill. Mar. 31, 2017). As the Seventh Circuit has cautioned, "[p]resenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers." *Barber*, 725 F.3d at 714. Indeed, presenting a prior felony conviction "invites the jury to draw a propensity inference . . . that the plaintiff is a serial law breaker and general troublemaker and the police must have had probable cause to arrest him." *Nelson v. City of Chicago*, 810 F.3d 1061, 1069 (7th Cir. 2016) (holding that the district judge abused her discretion by admitting evidence of prior arrests because the prejudicial effect substantially outweighed any "miniscule probative value" on the issue of damages).

Although the admission of *any* prior conviction would be improper in this case, the nature of the conviction at issue here exacerbates the danger of unfair prejudice. First, the prior conviction involves a violent crime. Evidence that a plaintiff committed a prior violent crime is especially

prejudicial, and therefore, courts across the country routinely exclude such evidence from § 1983 cases. *See, e.g.*, *Coles v. City of Chicago*, No. 02 C 9246, 2005 WL 1785326, at *3-4 (N.D. Ill. July 22, 2005) (prior armed robbery conviction excluded because the danger of unfair prejudice was "substantial"); *see also Reed-Bey v. Pramstaller*, No. 06-10934, 2013 WL 5954424, at *4 (E.D. Mich. Nov. 7, 2013) (excluding prior convictions from § 1983 case and noting that "[v]iolent crimes … carry a high risk of unfair prejudice"); *Boyd v. Louisiana*, No. CIV.A. 03-1249-P, 2008 WL 920306, at *2 (W.D. La. Apr. 4, 2008) ("[T]he prejudicial effect of the plaintiff's prior convictions for attempted armed robbery and attempted murder is more acute than the prejudicial effect of other felony convictions."); *Livingston v. Lee*, No. 9:04-CV-00607-JKS, 2007 WL 3197517, at *1 (N.D.N.Y. Oct. 26, 2007) (holding that the plaintiff's 20-year-old murder conviction had minimal probative value, and that "the fact that Plaintiff is a convicted murderer creates a serious risk of prejudicing Plaintiff in the eyes of a lay jury"); *Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) (excluding plaintiff's murder conviction from § 1983 case because admission of the evidence had "the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired."); *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) ("[T]he probative value of a murder conviction is substantially outweighed by the danger of unfair prejudice.").

Second, the prior conviction involves a shooting, and thus, bears similarities to the crimes for which Mr. Bolden was wrongly convicted—the shootings of Derrick Frazier, Ledell Clayton, and Clifford Frazier. The danger of unfair prejudice is "greatly enhanced" when the prior conviction involves a similar crime to the one at issue in the case at bar. *United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971); *see also United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977) ("[I]n view of the similarity between the prior convictions and the charged offense, the risk

of unfair prejudice was especially great."); *Espinosa v. McCabe*, No. 9:10-cv-497 (MAD/CFH), 2014 WL 988832, at *5 (N.D.N.Y Mar. 12, 2014) ("[A] conviction for a crime that bears a close resemblance to actions alleged in the current case might cause 'unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts.'"). Under the facts of this case, it is difficult to conceive of evidence more prejudicial to Mr. Bolden than his prior manslaughter conviction.

## IV. Mr. Bolden's Prior Conviction Is Inadmissible Under Rule 609.

Mr. Bolden's 1985 conviction is not admissible for impeachment purposes. Evidence of convictions that are 10 years old or older are presumptively inadmissible. Fed. R. Evid. 609(b). "[T]he purpose of Rule 609 is to ensure that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004); *THK America, Inc. v. NSK, Ltd.*, 917 F. Supp. 563, 570 (N.D. Ill. 1996) (same). No "exceptional circumstances" exist here, and the 1985 conviction provides no useful insight into Mr. Bolden's ability to testify truthfully.

The court's reasoning in *Coles v. City of Chicago* is directly on point. In *Coles*, the court excluded a § 1983 plaintiff's prior armed robbery conviction, stating:

> A jury that learned of plaintiff's armed robbery conviction well might view him as a "bad person" not because he is a liar (since this armed robbery offense is not highly probative of credibility), but instead because he committed a dangerous offense that jurors might find threatening. This would expose plaintiff to the risk that a jury would reject his claim not because of doubts about his truthfulness, but because of conduct that has nothing to do with the events in question.

2005 WL 1785326, at *3. Mr. Bolden's case is even more clear-cut because the armed robbery conviction in *Coles* was only two years old, and thus, not subject to the presumptive inadmissibility standard provided in Rule 609(b). *Id.* at *1. Further, while the *Coles* court recognized that the crime of armed robbery has "limited probative value on the issue of credibility," *see id.* at *2, the

crime of manslaughter has even less: robbery is an act of theft, and therefore, involves "some element" of dishonesty, while manslaughter is "a crime of violence, and does not fall within that category." *Jones v. Sheahan*, No. 99 C 3669, 01 C 1844, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2003). Thus, the prior conviction is inadmissible as impeachment evidence and should be excluded under Rule 609.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order *in limine* prohibiting evidence and/or argument related to Mr. Bolden's prior criminal history.

Dated: August 27, 2019

Respectfully Submitted,

*/s/ Valarie Hays*

Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 27, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

                                                    */s/ Valarie Hays*
                                                    Valarie Hays