IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO BAR REFERENCE
TO PLAINTIFF'S PRIOR GANG AFFILIATION AND DRUG ACTIVITY**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* barring reference to his prior gang affiliation and drug activity.

**BACKGROUND**

Mr. Bolden grew up in the Stateway Gardens housing project on the south side of Chicago. The Williams family—Edna, James, and their children—were his neighbors. Mr. Bolden grew up with the Williams children: he was the same age as Louis Williams and only one year younger than Anthony Williams. In 1985, when he was 15 years old, Mr. Bolden because a member of the Gangster Disciples street gang. As Mr. Bolden testified in his deposition, he never "pledged" to be in the gang; rather, because Stateway Gardens was Gangster Disciples territory, he "became known" as part of the gang. Anthony and Louis Williams were also members of the Gangster Disciples, and by the early 1990s, Anthony Williams held the rank of "governor." Mr. Williams held this rank until approximately early 1993.

By contrast, Mr. Bolden was an unranked member of the Gangster Disciples at the time of the 1985 involuntary manslaughter conviction that is the subject of his Motion *in Limine* No. 1 (Dkt. 277). He was no longer an active member of the gang following his release from custody in

1

1992, and he left the gang entirely during his incarceration for the wrongful conviction at issue in this case.

When Mr. Bolden was released from custody in 1992, the Williams family helped him get back on his feet. Edna and James Williams allowed him to live in an apartment above J&J Fish, the restaurant they owned, during the summer and fall of 1993. Anthony Williams helped Mr. Bolden find work, and on four or five occasions, Anthony Williams gave Mr. Bolden an ounce of cocaine to sell, so that Mr. Bolden could earn extra income to support his family. Mr. Bolden in turn gave the cocaine to another individual, who sold it and split the profits with him.

## ARGUMENT

First, the Court should exclude evidence or argument regarding Mr. Bolden's membership in the Gangster Disciples street gang. More specifically, Defendants should be barred from introducing evidence that Mr. Bolden was affiliated with the Gangster Disciples street gang at any point in his life: in the 1980s, when he was still a teenager, at the time of the shootings of Derrick Frazier and Ledell Clayton in 1994, or during his wrongful incarceration for those shootings. Any suggestion of gang membership on the part of Mr. Bolden in connection with his civil rights claims would be unduly prejudicial.

References to gang membership are routinely excluded in Section 1983 civil rights cases due to the "substantial risk of unfair prejudice" associated with this inflammatory evidence. *United States v. Irvin*, 87 F.3d 860, 864–67 (7th Cir. 1996). The Seventh Circuit has repeatedly stressed "the insidious quality" of evidence of gang involvement, as well as "the damage it can do." *United States v. Sargent*, 98 F.3d 325, 328 (7th Cir. 1996). "Guilt by association is a genuine concern whenever gang evidence is admitted." *Irvin*, 87 F.3d at 867. Consequently, courts in this District routinely bar references to gang membership in Section 1983 cases under Rule 403. *See Case v.*

*Town of Cicero*, No. 10 C 7392, 2013 WL 5645780, at *6 (N.D. Ill. Oct. 16, 2013) (excluding evidence of gang affiliation as substantially more prejudicial than probative); *Ramirez v. City of Chicago*, No. 05 C 317, 2009 WL 3852378, at *1–2 (N.D. Ill. Nov. 17, 2009) ("[T]he overriding danger of unfair prejudice due to the inflammatory nature of gang references calls for the rejection of any such references under Rule 403."); *Lopez v. City of Chicago*, No. 01 C 1823, 2005 WL 563212, at *5 (N.D. Ill. Mar. 8, 2005) (granting motion to exclude evidence of gang affiliation); *Charles v. Cotter*, 867 F. Supp. 648, 657–58 (N.D. Ill. 1994) (holding that evidence of plaintiff's prior gang affiliation was "unfairly prejudicial insofar as it encourages the inference that [he] is an evil and menacing person" and that this "prejudicial effect of [his] gang affiliation substantially outweighs its probative value").

Second, this Court should exclude evidence and argument regarding Mr. Bolden's past drug activity. During his deposition in this matter, Mr. Bolden testified that on a handful occasions, Anthony Williams gave him an ounce of cocaine to sell. Mr. Bolden in turn gave the cocaine to another individual, who sold it and split the profits with Mr. Bolden. The fact that Mr. Bolden participated in the sale of small amounts of cocaine on a few occasions is not relevant to the issues in dispute. These small sales were entirely unrelated to the large-scale, multi-kilo drug deal that apparently precipitated the Frazier/Clayton homicides. Moreover, Mr. Bolden was never arrested, charged, or convicted in connection with any drug activity.

Even if there were some probative value to this evidence, it is well established that evidence regarding "illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007). Courts therefore routinely exclude this evidence in Section 1983 cases. *See, e.g.*, *Cotter*, 867 F. Supp. at 660 (barring reference to drug activity at plaintiff's residence). For example, in *Lopez*, the court

3

excluded the exact evidence that Defendants seek to admit here: evidence that plaintiff "sold small quantities of drugs on a few occasions." *See Lopez*, 2005 WL 563212, at *7. Accordingly, this Court should bar reference to Mr. Bolden's prior gang affiliation and drug activity under Rule 403.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine*.

Dated: October 9, 2019

Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valarie Hays*
Valarie Hays