**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO BAR REFERENCE
TO STATE APPELLATE COURT DECISIONS AND TRIAL COURT'S
<u>WITNESS CREDIBILITY DETERMINATIONS</u>**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* barring reference to: (1) the state appellate court decisions affirming his 1994 criminal conviction on direct appeal, and (2) the state trial court's views regarding the credibility of witnesses Octavia Jackson and Vondell Goins.

## BACKGROUND

On October 30, 1996, Mr. Bolden was found guilty of two counts of first-degree murder, one count of attempted first-degree murder, and one count of aggravated battery with a firearm. He appealed, and on January 15, 1999, the Illinois appellate court affirmed his conviction. *See People v. Bolden*, 301 Ill. App. 3d 1082 (1st Dist. 1999). The Illinois supreme court allowed Mr. Bolden's petition for leave to appeal, then affirmed the judgment of the appellate court. *People v. Bolden*, 197 Ill.2d 166 (2001). The Supreme Court likewise denied his petition for writ of certiorari. *Bolden v. Illinois*, 535 U.S. 936 (2002).

Meanwhile, on November 1, 1999, Mr. Bolden filed a *pro se* post-conviction petition in the Cook County Circuit Court. The circuit court dismissed his petition on November 20, 2012,

but the Illinois appellate court reversed and remanded with instructions to hold a stage three evidentiary hearing. *See People v. Bolden*, 2014 IL App (1st) 123527. The appellate court held that Mr. Bolden made a substantial showing of ineffective assistance of trial counsel on two grounds: first, counsel's failure to move for sanctions—up to and including dismissal of the indictment—because the police destroyed the guns recovered near the crime scene after counsel requested them in discovery; and second, counsel's failure to properly investigate and present alibi witnesses who would have confirmed that Mr. Bolden was inside the J&J Fish restaurant at the time of the shooting. *Id.*, ¶¶ 39-51.

On remand, the circuit court conducted an evidentiary hearing, which included testimony from Mr. Bolden's trial counsel and the three potential alibi witnesses: Octavia Jackson, Vondell Goins, and Todd Henderson. *See* Dkt. 243-4 (*People v. Bolden*, No. 94 CR 0839701 (Cook Cty. Cir. Ct. Jan 21, 2016)). In evaluating whether Mr. Bolden was prejudiced by his trial counsel's ineffectiveness, the circuit court observed that Ms. Jackson testified that she was not contacted by counsel or his investigator before Mr. Bolden's 1996 trial, yet counsel's notes indicated he had contacted her. *Id.* at 20–21. The circuit court opined that this inconsistency undermined Ms. Jackson's credibility. *Id.* The circuit court further opined that "[b]ecause of their once close relationship, Jackson's lack of credibility permeates onto Goins." *Id.* at 21. Nevertheless, the circuit court concluded that Mr. Henderson's testimony was "entirely credible and unimpeached" and "clearly could have provided exonerating testimony" in support of Mr. Bolden. *Id.*

Noting that "the State's case against [Mr. Bolden] was far from overwhelming" and "the evidence against [Mr. Bolden] was slight," the circuit court held that Mr. Bolden was prejudiced by his trial counsel's ineffectiveness. *Id.* at 22. The circuit court granted his petition for post-conviction relief and ordered a new trial. On April 19, 2016, pursuant to the State's oral motion,

2

the circuit court dismissed all charges against Mr. Bolden. On September 1, 2016, the circuit court granted Mr. Bolden's petition for a certificate of innocence.

## ARGUMENT

This Court should preclude Defendants from offering as evidence any rulings or factual findings made by the state appellate court and the Illinois supreme court during Mr. Bolden's direct appeal of his conviction.

In affirming Mr. Bolden's conviction, the appellate court necessarily limited its inquiry to whether the trial court committed reversible error. *See Bolden*, 197 Ill.2d at 174–75 (summarizing appellate court's rulings in its unpublished order). Defendants should not be permitted to mislead the jury by referencing the state appellate court's unfavorable decision, when that conviction at issue has since been overturned, and the relevant legal standard and the body of evidence at issue in this case is entirely different. *See Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill. Apr. 29, 2014) (Dkt. 685, Order #1 on Motions in Limine, at 8) ("The findings that the state trial judge made were based on the evidence that was admitted at the [state court] proceeding. Not all of that evidence was admitted here; the Court excluded some of it pursuant to the Federal Rules of Evidence."); *see also Lockformer Co. v. PPG Indus., Inc.*, No. 99-C-6799, 2003 WL 1563703, at *2 (N.D. Ill. Mar. 25, 2003) ("Judicial opinions . . . are not evidence."). As the *Fields* court recognized, "[i]t would be inappropriate, unfairly prejudicial, and unduly confusing to admit the finding of another judge that was based on a different body of evidence. This would far outweigh the probative value . . . of the state court's findings evidence." *Id.*; *see also Johnson v. Colt Indus. Operating Corp.*, 797 F.2d 1530, 1534 (10th Cir. 1986) ("[W]e believe that the admission of a judicial opinion as substantive evidence presents obvious dangers. The most significant possible problem posed by the admission of a judicial opinion is that the jury might be confused as to the

proper weight to give such evidence . . . believing that the opinion's findings are somehow binding in the case at bar.").

In a similar vein, Mr. Bolden seeks a pretrial ruling excluding the circuit court's views on the credibility of Ms. Jackson and Ms. Goins. First, the circuit court's comments regarding the credibility of these witnesses in no way implicated their description of the events of January 29, 1994, the night of the shooting. In fact, the court observed that all three alibi witnesses (Ms. Jackson, Ms. Goins, and Mr. Henderson) "described a similar narrative of events which took place while they were inside the restaurant," including a man playing a video game whom they later identified as Mr. Bolden. Dkt. 243-4 at 13. The circuit court's conclusion that Mr. Henderson's testimony was "entirely credible and unimpeached" thus supports the credibility of Ms. Jackson and Ms. Goins' testimony on these matters. *See id.* at 21.

Furthermore, the jury in this case must "reach[] its own conclusions on these witnesses' credibility, based on the properly admissible evidence," and thus, the state court's impressions have little to no probative value. *Id.* Presenting the circuit court's opinions would be tantamount to eliciting testimony on a witness's credibility—simply substituting the witness with a state court judge—a practice consistently deemed inappropriate by the Seventh Circuit. *See United States v. Nunez*, 532 F.3d 645, 652 (7th Cir. 2008) ("[T]his circuit's precedent makes clear that assessing the credibility of a witness's testimony is the job of the jury, and asking a [witness] to comment on the veracity of the testimony of another witness is improper."); *cf. United States v. Hall*, 065 F.3d 1095, 1107 (7th Cir. 1999) ("[T]he credibility of eyewitness testimony is generally not an appropriate subject matter for expert testimony because it influences a critical function of the jury—determining the credibility of witnesses."). Accordingly, Defendants should be precluded from mentioning Mr. Bolden's unsuccessful appeals and introducing the circuit court's opinions

regarding witness credibility.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine* and barring reference to (1) the state appellate court decisions affirming his 1994 criminal conviction on direct appeal, and (2) the state trial court's views regarding the credibility of Octavia Jackson and Vondell Goins.

Dated: October 9, 2019                                       Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.


*/s/ Valarie Hays*
Valarie Hays