**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE**
**CERTAIN TESTIMONY OF JAMES OLIVER**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* precluding certain testimony of defendant James Oliver, namely his uncertain and unsupported testimony that he might have received an informant tip in 1994 that "Lanier" (*i.e.*, Lynier, Mr. Bolden's middle name and nickname) was responsible for the shootings. This alleged tip was never disclosed to Mr. Bolden at any point leading up to or during his criminal trial, despite informant information being requested by Mr. Bolden's criminal defense attorney during discovery. In fact, the first and only time this purported tip was disclosed was during defendant Oliver's deposition in 2017. Oliver's testimony regarding this tip is inadmissible hearsay, irrelevant, and unfairly prejudicial.

**BACKGROUND**

Since Mr. Bolden's criminal trial in 1994, both the investigating officers involved in this case and the Cook County State's Attorney's Office have been clear that their case against Mr. Bolden relied almost exclusively on the testimony of eyewitness Clifford Frazier. No other witnesses and no physical evidence linked Mr. Bolden to the crimes at issue. Defendant Angelo Pesavento, one of the lead detectives for the investigation, admitted during his deposition in this

1

case and his grand jury testimony leading to the indictment of Mr. Bolden that the source of his information was Clifford Frazier. *See* Ex. A, Excerpts from Grand Jury Test. of Angelo Pesavento, at 6:18–21; Ex. B, Excerpts from Deposition of Angelo Pesavento, at 27:1–6, 70:22–71:11, 121:9–15. The state prosecutor made that same point during Mr. Bolden's criminal trial. Ex. C, Excerpts from Oct. 23, 1996 Trial Tr., at 43:9–48:6, 51:8–17. Mr. Bolden's criminal defense attorney also testified at his deposition in this case that the State's case was based exclusively on Mr. Frazier's testimony. Ex. D, Excerpts from Deposition of Kevin Foster, at 61:19–21, 99:12–100:4. There is nothing in the Chicago Police Department's case file indicating that any additional witnesses provided information that incriminated Mr. Bolden. Furthermore, on March 5, 1994, Mr. Bolden's criminal defense attorney served the State with written discovery that requested in part, "[t]hat the State disclose whether any information in this cause was obtained from informers, and if so, what information was obtained, and the name and addresses of any such informers." Ex. E, Mot. for Pretrial Discovery Pursuant to Ill. Supreme Ct. Rules 412 and 415, ¶ B4. The State did not produce any information about informants in response to this request and did not seek to introduce any such informant evidence at Mr. Bolden's criminal trial.

Despite this well-documented history showing that Clifford Frazier was the only witness with incriminatory information, Defendant Oliver testified during his deposition in this case that Mitch McCullough, a Chicago Police Department officer who was detailed to the FBI during the relevant time period, <u>might</u> have gotten a tip through his work at the FBI that "Lanier" did the shootings and then shared that tip with Defendant Oliver. Defendant Oliver further speculated that <u>if this happened</u>, he could have passed along the tip to defendant Pesavento but it was "probably" Detective Michael Baker, another detective working on the investigation of Mr. Bolden. Ex. F, Excerpts from Deposition of James Oliver, at 75:5–76:11, 97:4–98:5, 102:3–18. None of

2

Detective Baker's or Defendant Pesavento's reports in this case reference any such tip.

## ARGUMENT

Over 25 years after the events in question, Defendants are trying to bolster their meager evidence against Mr. Bolden and their basis to believe there was probable cause to arrest him with unsupported and vague testimony from Defendant Oliver about some possible unidentified informant—testimony that has absolutely no support in the record. This Court should preclude their strategy.

First, the purported tip is hearsay and should be excluded pursuant to Federal Rules of Evidence 801 and 802 to the extent Defendants seek to introduce the evidence to suggest that Mr. Bolden actually committed the crimes. *See United States v. Linwood*, 142 F.3d 418, 426 (7th Cir. 1998) (noting that out-of-court statements are hearsay and are excluded in part because the declarant is not present at trial or under oath and is not subject to cross-examination).

Second, to the extent Defendants offer the tip to show its effect on the listener (*i.e.*, that defendant Oliver had a basis to believe there was probable cause to arrest Mr. Bolden or to explain his investigative steps), it should be excluded as irrelevant pursuant to Federal Rule of Evidence 401. The alleged tip cannot be offered to show its effect on Defendant Oliver because Oliver himself admitted that he is not even sure that he received such a tip. Indeed, the tip is not documented anywhere in Defendants' case file, let alone identified as a basis of their probable cause finding. Furthermore, Defendant Oliver has never taken the position that he went to any particular location or conducted any questionable investigative activity as a result of receiving the tip. It is undisputed that the investigation began when Defendants were called to the scene of the shootings in response to Chicago Police Department dispatch calls. Accordingly, Defendant Oliver cannot reasonably argue that testimony about the tip is necessary to explain to the jury why

3

he took the investigative steps that he took.

Finally, even if the evidence was marginally relevant, which it is not, it should be precluded under Federal Rule of Evidence 403 because the danger of unfair prejudice substantially outweighs any probative value. It is well-recognized that informant tips can be unfairly prejudicial. *See, e.g., United States v. Lovelace*, 123 F. 3d 650, 653 (7th Cir. 1997) ("The worry with a tip containing a specific charge of criminality is that it has great potential to be credited by the jury."). The tip that "Lanier" did the shootings is particularly prejudicial here because Mr. Bolden has no ability at this point to identify or challenge the informant or the veracity of Defendant Oliver's statement that he received such a tip. The State never disclosed anything about an informant to Mr. Bolden before or during his criminal trial, despite Mr. Bolden's attorney specifically requesting such information in his written discovery. In other words, not only was Mr. Bolden uninformed about the identity of the informant, what the informant said, and the basis for the informant's statement, but he also was not even told that the investigation relied in any way on informant information. He was completely prevented from investigating this issue.

Now, for the first time 25 years later, Defendants seek to tell the jury that Defendant Oliver actually had a second witness who linked the shootings to Mr. Bolden. It is hard to imagine how this evidence could be more unfairly prejudicial. *See United States v. Evans*, 2010 WL 2104171, at *7 (N.D. Ill. May 25, 2010) (excluding informant statements offered for effect on the listener under Rule 403, even with a limiting instruction, and noting the statements were particularly prejudicial without the ability to challenge the informant or even know who that person was).

Another reason the alleged tip is particularly prejudicial is that Mr. Bolden's criminal case and the Defendants' decision to arrest him relied, until this point, solely upon the testimony of one eyewitness with serious credibility issues. Adding this second purported witness doubles the

Defendants' evidence and gives them something to point to as a basis for probable cause other than the incredible testimony of Clifford Frazier. *See Lovelace*, 122 F.3d at 653 (noting that tips are less prejudicial when they are corroborated by uncontested evidence). By seeking to admit this informant evidence, Defendants are essentially asking this Court to set a dangerous precedent in wrongful conviction cases—that the arresting officers' defense could be bolstered by unsupported "informant" information, disclosed for the first time decades after the events in question. *See United States v. Silva*, 380 F.3d 1018, 1020 (7th Cir. 2004) (recognizing that confidential informant statements create a potential for abuse). This irrelevant and unfairly prejudicial evidence should be precluded.

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine*.

Dated: October 9, 2019

Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ Valarie Hays
Valarie Hays

4811-7497-8473, v. 3