# EXHIBIT E

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) SS. | Atty Code 23260 |
| COUNTY OF COOK | ) | |

5/5

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
)
        Plaintiff )
)
   vs. ) No. 94 CA 08397
)
EDDIE BOLDEN )
)
        Defendant )

**MOTION FOR PRETRIAL DISCOVERY PURSUANT
TO ILLINOIS SUPREME COURT RULES 412 and 415**

Now comes EDDIE BOLDEN, by and through GAY-LLOYD LOTT, his attorney, and moves this Honorable Court pursuant to Illinois Supreme Court Rule 412 to enter Orders directing the State:

1. To disclose to the defense the names and last known addresses of persons whom the State intends to call as witnesses together with their relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements, and a list of memoranda reporting or summarizing their oral statements. Defendant further moves that the Court examine In Camera memoranda reporting or summarizing oral statements and if found to be substantially verbatim reports of oral statements, to order disclosure of such memoranda to the defense [Rule 412 a(i)].

2. To furnish to the Defendant any written or recorded statements and the substance of any oral statements made by the accused or by a co-defendant, and a list of witnesses to the making and acknowledgment of such statements [Rule 412(a)(ii)].

3. To furnish the transcript of those portions of Grand Jury minutes containing testimony of the accused and relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial [Rule 412(a)(iii)].

4. To furnish to the defense any reports or statements of experts, made in connection with this particular case, including the results of physical or mental examination, and of scientific tests, experiments, or comparisons [Rule 412(a)(iv)].

5. To furnish to the defense any books, papers, documents, photographs, or tangible objects which the prosecuting attorney intends to use in the hearing or trial, or which were obtained from or belonged to the accused [Rule 412(a)(v)].

6. To furnish to the defense any record or prior criminal convictions, which may be used for impeachment, of any person whom the State intends to call as witnesses at the hearing or trial [Rule 412(a)(vi)].

7. To inform the defense if there has been any electronic surveillance (including wiretapping), of conversations to which the accused was a party, or of his premises [Rule 412(b)].

8. To disclose to the defense any material or information within the possession of the State or under its control which tends to negate the guilt of the accused as to the offense charged, or would tend to reduce his punishment therefor [Rule 412(c)].

B.

The defendant further moves for the disclosure from the State of the following items pursuant to Rule 412 (h), and states that such information is material and relevant to the defense in its preparation:

1. With respect to paragraph four (4), supra, the names and addresses of all persons who conducted the examination or examinations; the date, time and place said examinations were conducted and methods and testing procedures used in said examinations.

C29

2. With respect to paragraph five (5), supra, Defendant moves the State to disclose the following:

    (a) the date and time the property was acquired;

    (b) the location where acquired;

    (c) what person or persons, first took the property into their possession;

    (d) whether said property was obtained through legal process, i.e., a search warrant, consent to search, etc., and if so, that the defense be furnished with a copy of the authorizing document.

3. That the State provide a Bill of Particulars in the following respects:

    (a) the exact time and the date that the occurrence allegedly took place;

    (b) the exact street address and physical description of the location where the occurrence allegedly took place.

4. That the State disclose whether any information in this cause was obtained from informers, and if so, what information was obtained, and the names and addresses of any such informers.

5. That the State indicate whether or not the accused was displayed to the complaining witness, or other potential witness, for identification purposes, and if so, the time, date, and place of such display, the persons present and whether the accused was identified.

6. That as to paragraph five (5), supra, the names and addresses of persons included in the line-up, if a line-up was held, and copies of photographs, if photographs were made of the line-up.

3



7. That the State furnish the accused with the names and addresses of all persons whom the State intends to call at the time of trial for purposes of identifying the accused in open Court as perpetrators of the alleged offense.

C.

The defendant moves pursuant to Rule 415(a) that the Court order the prosecution and its agents not to advise persons having relevant material or information to refrain from discussing the case with defense counsel.

D.

The defendant moves pursuant to Rule 415(b) that the Court order the prosecution to notify the defense of additional discoverable material or information which is discovered subsequent to compliance with the Illinois Supreme Court Rules regulating Discovery and orders entered pursuant thereto.

E.

The defendant moves the Court to allow defense counsel to personally serve subpoenas without the assistance of the Sheriff of Cook County.

GAY-LLOYD LOTT
Attorney Code 23260
Attorney for Defendant
180 No. LaSalle Street
Suite 1200
Chicago, Illinois 60601
312.782-4541

4