IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION *IN LIMINE* NO. 6 TO BAR REFERENCE
TO CERTAIN STATEMENTS MADE BY ANTHONY WILLIAMS
TO EDDIE BOLDEN**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* barring reference to a certain statement made by Anthony Williams to Eddie Bolden.

**BACKGROUND**

Plaintiff Eddie L. Bolden has recounted, including at his deposition, that on the day prior to the murder of Derrick Frazier and Ledell Clayton, Anthony Williams asked Mr. Bolden to engage in criminal activity. Specifically, on January 28, 1994, Anthony Williams offered Mr. Bolden $20,000 to lure two men named Abdullah Hollis and Randolph Ellis outside of a party so that they could be killed. Mr. Bolden refused to participate in the plot. Nevertheless, Defendants have indicated that they intend to elicit at trial this statement that Anthony Williams made to Mr. Bolden.

**ARGUMENT**

This Court should bar Defendants from introducing the statement that Anthony Williams made to Mr. Bolden on January 28, 1994 because it is inadmissible hearsay, irrelevant, and unfairly prejudicial. First, Williams' request is an out-of-court statement being offered to prove the truth

1

of the matter asserted, and therefore, is inadmissible under Federal Rule of Evidence 802.

Anthony Williams' statement to Mr. Bolden is also irrelevant to the facts at issue in this case. Rule 401 defines relevant evidence as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" where "the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Ambrose v. Roeckeman*, 749 F.3d 615, 621 (7th Cir. 2014) (holding relevance under Rule 401 is a necessary requirement of *all* evidence, no matter its source or when in the litigation it is sought to be used); *United States v. Rogers*, 587 F.3d 816, 821 (7th Cir. 2009) ("Relevance, in short, is necessary, but not sufficient, for admissibility"). The evidence that Plaintiff seeks to exclude – that Anthony Williams offered him $20,000 to lure Hollis and Ellis out of a party – concerns an entirely different incident than the crimes for which Mr. Bolden was wrongly convicted. Anthony Williams' alleged offer to Mr. Bolden concerned *different* intended victims being potentially targeted on a *different* day and via a very *different* scenario. There is no link to the Frazier/Clayton murders at all.

Moreover, the central questions of this case revolve around the Defendants' conduct during their investigation of the Frazier/Clayton homicides. The focus should be on the conduct of the Defendants and how they proceeded based on the information they had and did not have. There is no evidence to suggest that the Defendant officers knew that Anthony Williams had offered Mr. Bolden money to lure Hollis and Ellis away from a party on January 28, 1994, and so Williams' solicitation of Mr. Bolden cannot be considered a factor in assessing whether the Defendants had probable cause to arrest Mr. Bolden. The statement has no relevance whatsoever to evaluating Defendants' conduct, which is the core of this lawsuit.

Nor is Anthony Williams' request to Mr. Bolden admissible under Federal Rule of Evidence 404(b). Rule 404(b) prohibits Defendants from offering evidence of other crimes,

2

wrongs, or acts to show any alleged bad character or propensity to commit crimes on the part of Mr. Bolden. *See United States v. Jackson*, 886 F.2d 838, 845 (7th Cir. 1989). Even if Defendants wanted to use Anthony Williams' statement for some permissible purpose under Rule 404(b)—for example, as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident"—they cannot meet the Seventh Circuit's requirements for such evidence. In particular, under Rule 404(b), Defendants must offer threshold evidence "sufficient to support a jury finding that the defendant committed the [crime, wrong, or act]." *United States v. Puckett*, 405 F.3d 589, 596 (7th Cir. 2005). Here, Defendants plainly cannot satisfy that burden because Anthony Williams was the actor who committed the bad act, and Mr. Bolden was nothing more than a recipient of Mr. Williams' offer. Indeed, Mr. Bolden refused Anthony Williams's request. Thus, there was no completed crime, wrong, or bad act on the part of Mr. Bolden, and the evidence cannot be used for any permissible purpose under Rule 404(b).

    Finally, in considering admissibility, Rule 403 requires Defendants to show that the probative value of the evidence is not "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Here, the evidence of Anthony Williams' statement to Mr. Bolden is extremely prejudicial with respect to how the jury might view Mr. Bolden. It invites inferences of guilt by mere association on an inflammatory topic—a double homicide—in a case involving a different double homicide. Where, as here, Defendants have already revealed that they intend to defend this case by positing that Mr. Bolden was actually guilty of the crimes for which he was incarcerated, the risks of this undue prejudice are substantial.

    Utilizing the balancing test required by Rule 403, Mr. Bolden's refusal to accede to Anthony Williams' request eliminates the probative value of the statement, while the likely prejudice of being falsely labeled by the jury as a violent criminal because Williams approached

him is high. The balancing test weighs heavily in favor of precluding the evidence. For these reasons, Defendants should not be able to offer as evidence Anthony Williams's January 28, 1994 statement to Mr. Bolden.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine*.

Dated: October 9, 2019

Respectfully Submitted,

/s/ *Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

>  */s/ Valarie Hays*
>  Valarie Hays