IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 8 TO BAR REFERENCE
TO PLAINTIFF'S CRIMINAL TRIAL STRATEGY**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* barring reference to (1) Mr. Bolden's decision not to testify during his criminal trial and (2) Mr. Bolden's decision not to present evidence during that trial implicating Roderick Stewart in the Frazier/Clayton homicides. Any such reference would improperly impinge on Mr. Bolden's Fifth Amendment right to silence in his criminal case.

A defendant in a Section 1983 case may not use a plaintiff's prior Fifth Amendment silence at his criminal trial against him in his civil case. For example, in *Patrick v. City of Chicago*, 314 F. Supp. 3d 970, 972–74 (N.D. Ill. 2017), the court analyzed at length the "two lines of competing principles pertaining to Fifth Amendment silence"—one line of cases suggesting that a person's invocation of the Fifth Amendment privilege against self-incrimination is absolute and may not be used to draw an adverse inference of guilt, and the other suggesting that the Fifth Amendment does not forbid adverse inferences against parties in civil actions who refuse to testify in response to probative evidence offered against them. The *Patrick* court specifically considered whether defendants in a Section 1983 case could use the plaintiff's Fifth Amendment invocation in his criminal trial against him in the civil rights suit. Based on longstanding legal principles, the *Patrick*

1

court held that "Plaintiff should not be penalized for invoking his Fifth Amendment rights during his criminal trial." *Id.* at 974. The court reasoned that the plaintiff "simply chose not to testify," and that his silence during the criminal proceedings "d[id] not suggest that his present decision to testify is inconsistent or less credible." *Id.* Accordingly, the court prohibited the defendants from commenting on the plaintiff's decision to not testify at his criminal trial. *Id.* at 974–975.

The court did, however, hold that the defendants could introduce such evidence if the plaintiff "opened the door" by attempting to use the Fifth Amendment as both a sword and shield. *Id.* The court stated that "if Plaintiff makes any other comment about this trial being his first opportunity to tell his story, Defendants will be permitted to rebut the same with evidence and argument that Plaintiff's failure to testify in his criminal trial is a proper factor that may be used to weigh his credibility in the case at bar." *Id.* at 975. But in this case, as Plaintiff's counsel has already conveyed to defense counsel, Mr. Bolden does not intend to reference his decision not to testify at his criminal trial. He does not intend to argue that this is the "first time" he can tell his story. Any commentary by Defendants on Mr. Bolden's decision not to testify is, therefore, out of bounds.

Likewise, this Court should prohibit Defendants from attempting to elicit a similar adverse inference based on the fact that Mr. Bolden did not introduce evidence at his criminal trial of Roderick Stewart's involvement in the crimes at issue. Mr. Bolden's evidence of Stewart's involvement would have principally been his own testimony. Thus, Defendants' attempt to introduce this evidence would amount to an end-run around the exclusion of his decision not to testify. Moreover, the prosecution bore the burden in the 1996 criminal case of proving Mr. Bolden guilty beyond a reasonable doubt; Mr. Bolden was under no obligation to present any evidence at all. Allowing evidence or argument as to what Mr. Bolden "failed" to introduce at trial is likely

to confuse the jury.

Further, exclusion of this evidence is particularly important in this case because the Illinois state court, in granting Mr. Bolden's petition for post-conviction relief, found that his trial counsel was ineffective for failing to adequately investigate his defense.[1] Allowing Defendants to attribute any significance to Mr. Bolden's decision not to testify or his counsel's decision not introduce certain evidence at his criminal trial will necessarily create a "trial within a trial" regarding counsel's competency and strategic decisions—one that will waste time and confuse the issues, while offering little to no probative value to the claims and defenses actually at issue in this case. *See Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989) (excluding evidence under Rule 403 where admitting the testimony at issue "may have very well necessitated a 'trial within a trial'" on an issue with only "slight probative value"); *Montgomery v. City of Chicago*, No. 86 C 3872, 1993 WL 98213, at *4 (N.D. Ill. Apr. 1, 1993) (excluding evidence under Rule 403 due to "'the potential for satellite litigation'" on "'issues that are collateral to those required to be tried'") (quoting *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990)).

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine*.

Dated: October 9, 2019                                      Respectfully Submitted,

                                                            */s/ Valarie Hays*
                                                            Ronald S. Safer
                                                            Valarie Hays
                                                            Eli J. Litoff
                                                            RILEY SAFER HOLMES & CANCILA LLP
                                                            70 W. Madison Street, Suite 2900
                                                            Chicago, Illinois 60602
                                                            (312) 471-8700

---

[1] The court reached this conclusion based on counsel's failure to interview and call an available alibi witness named Todd Henderson, as well as his failure to move for discovery sanctions after police destroyed the guns found near the crime scene. *People v. Bolden*, 2014 Il App (1st) 123527, ¶¶ 41, 46, 49-51. The court was not asked to consider any other grounds for finding trial counsel constitutionally ineffective.

rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valarie Hays*
Valarie Hays