IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 9 TO EXCLUDE
ASA LINDA WALLS' SPECULATION & OPINION TESTIMONY**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* barring the testimony of witness Linda Walls, as she offers no relevant testimony with respect to Plaintiff's claims.

Assistant State's Attorney Linda Walls was assigned to represent the State during Mr. Bolden's post-conviction proceedings. During her deposition in this case, Ms. Walls had no relevant, helpful, or admissible evidence to provide regarding the 1994 Frazier / Clayton shooting or Defendants' investigation and arrest of Mr. Bolden based on first-hand knowledge.[1] Instead, defense counsel repeatedly asked Ms. Walls for her personal opinions about certain aspects of the case based on her work opposing Mr. Bolden's post-conviction proceedings. In response, Ms. Walls testified that she believed that the State should have objected to Mr. Bolden's petition for a certificate of innocence. *See* Ex. A, Excerpts from Deposition of Linda Walls, at 32:4-11. She testified that she disagreed with the contention that the evidence against Mr. Bolden was

---

[1] Ms. Walls did testify that Mr. Bolden "taunted" her by saying hello to her outside a courtroom several years after his successful post-conviction case. When pressed further, however, Ms. Walls admitted that the supposed "taunting" consisted of nothing more than Mr. Bolden saying "Hello, Ms. Walls." This supposed incident is both inaccurately described and entirely irrelevant to this case. This Court should prohibit Ms. Walls from testifying about the alleged "taunting."

1

"extremely thin." *Id.* at 24:5-8. She gave her opinion that she did not believe that the State was "clinging to a wrongful conviction" when it opposed Mr. Bolden's post-conviction petitions. *Id.* at 26:3-6. All of these opinions are improper and inadmissible, as they are unhelpful to the jury under Rule 701, irrelevant under Rule 401, and unduly prejudicial under Rule 403. Nevertheless, Defendants have included Ms. Walls on their witness list.

The central issue in this case is whether the Defendants' actions deprived Mr. Bolden of his constitutional right to a fair trial and led to his wrongful incarceration. Ms. Walls' proposed testimony – bare assertions that she personally believes that Mr. Bolden was not wrongfully convicted and that he should not have received a certificate of innocence – is not helpful to a determination of the facts at issue in this litigation.

Ms. Walls has not been proffered as an expert witness. She is a lay witness whose competence to testify must relate to her factual knowledge of certain aspects of the case – namely the procedural history of Mr. Bolden's post-conviction petitions. Rule 701 limits a lay witness's opinions to those that would be helpful to determining a fact in issue. *See* Fed. R. Evid. 701 (lay witness testimony "in the form of opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding of the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702"). It is up to the discretion of the Court, in consideration of the specific factual context at issue, to determine whether a lay witness's opinion testimony is helpful under Rule 701 and whether its relevance (if any) outweighs the risk of undue prejudice and confusion under Rule 403. *See United States v. Locke*, 643 F.3d 235, 239-40 (7th Cir. 2011).

Here, Ms. Walls' proposed testimony (as reflected by her deposition testimony) is neither relevant nor helpful. Evidence is relevant if "it has any tendency to make a fact more or less

2

probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Ms. Walls' views on Mr. Bolden's certificate of innocence and whether his conviction was wrongful are legal conclusions that do not actually make the facts which the jury will be asked to determine more or less probable. *See Fields v. City of Chicago*, No. 12 C 1306, 2018 WL 1652093, at *3 (N.D. Ill. Apr. 5, 2018) (barring prosecutor witness from opining on the elements of criminal offenses or the propriety of defendants' conduct because "[t]he opinion of a state's attorney or other person lacking personal knowledge of the incident at issue is irrelevant, unfairly prejudicial, and inadmissible opinion evidence"); *see also United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009) (finding opinion of detective describing photos retrieved from a computer as "child pornography" without any basis to be not helpful to jury and inadmissible opinion because it "amounted to nothing more than a statement that the photos were illegal"). Here, Ms. Walls' proposed lay opinion testimony is similarly bare, unsupported by personal knowledge, and unhelpful.

Additionally, Ms. Walls' opinion testimony should be excluded as unfairly prejudicial as compared to its probative impact under Rule 403. Given her role as a prosecutor and representative of the State, the jury could well be improperly swayed by Ms. Walls' views of the case. *See United States v. Young*, 470 U.S. 1, 18-19 (1985) ("the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence") (citing *Berger v. United States*, 295 U.S. 78, 88-89 (1935)). But the fact that she was employed by the Cook County State's Attorney's Office does not make Ms. Walls more qualified to opine about Mr. Bolden's guilt or innocence than any juror who may hear the admissible evidence in this case. For this reason alone, her opinion testimony should be barred as unduly prejudicial.

Additionally, and importantly, Ms. Walls' personal opinions about Mr. Bolden's case will invite the jury to speculate beyond the evidence itself. Ms. Walls testified that she personally disagreed with the decisions of the Cook County State's Attorney's Office not to retry Mr. Bolden when his conviction was overturned, and not to oppose Mr. Bolden's application for a Certificate of Innocence. As a prosecutor who worked on Mr. Bolden's case for "years," Ms. Walls' personal disagreement with these decisions is particularly problematic, because it could mislead the jury to speculate improperly as to facts supporting her opinions beyond the evidence presented at the trial of this case. In short, the danger of unfair prejudice greatly overwhelms any possible probative value that Ms. Walls' testimony might offer.

For all of these reasons, Mr. Bolden asks that this Court exclude the testimony of ASA Linda Walls, and in particular, any speculation and opinion testimony that she might offer.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine*.

Dated: October 9, 2019

Respectfully Submitted,

/s/ Valarie Hays
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019

4

(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valarie Hays*
Valarie Hays
