IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 10 TO EXCLUDE
PHOTOGRAPHS OF DECEDENTS**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* excluding from evidence the autopsy and crime scene photos of murder victims Derrick Frazier and Ledell Clayton as irrelevant and unfairly prejudicial, pursuant to Federal Rules of Evidence 401 and 403.

Defendants include in their Proposed Exhibit List group exhibit described as "Life and death photos" and "Crime Scene Photos." These group exhibits include the autopsy photos of Derrick Frazier and Ledell Clayton, as well as photos of the crime scene depicting the deceased victims. The photos are graphic, disturbing, irrelevant, and highly prejudicial to the claims and defenses at issue in this lawsuit. *See* Exs. A & B, attached.

Mr. Bolden is not on trial for murder, and the "life and death" of the victims is not an element of any of his claims or relevant to the defenses. Mr. Bolden is not disputing that Frazier and Clayton were murdered or that they were shot in the head. Put simply, "neither the fact of [the victims'] death[s] nor the cause of [their] death[s]" are at issue in this case. *Gomez v. Ahitow*, 29 F.3d 1128, 1139 (7th Cir. 1994). Under these circumstances, the Seventh Circuit instructs that the "only conceivable reason for placing [life and death photographs] into evidence [is] to inflame the

1

jury against" Mr. Bolden. *Id.* at 1139–40.

Courts in this District have consistently followed the Seventh Circuit's instruction by excluding victims' photos in Section 1983 cases arising out of wrongful convictions. These courts rightly recognize that such exhibits are "nothing but a diversion (and an overly prejudicial diversion at that) would appear to be created by introduction of the disputed photographs—they make it neither more nor less probable that the version by one side or the other is credible." *Scott v. City of Chicago*, 724 F. Supp. 2d 917, 926 (N.D. Ill. 2010); *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 2637204, at *2 (N.D. Ill. Jul. 6, 2011) ("When considering the admission of graphic photographs of homicide victims in cases where neither a victim's death nor the cause of death is at issue, the Seventh Circuit instructs that 'the only conceivable reason for placing them in evidence [i]s to inflame the jury.'") (quoting *Gomez*, 29 F.3d at 1139–40). Accordingly, the photographs should be excluded under Rules 401 and 403.

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine*.

Dated: October 9, 2019

Respectfully Submitted,

/s/ Valarie Hays
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019

2

(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

                                            */s/ Valarie Hays*
                                            Valarie Hays