**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 11 TO BAR REFERENCE
TO MR. BOLDEN'S SCREENPLAY**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* barring any reference to a screenplay written by Mr. Bolden.[1]

During discovery in this case, Mr. Bolden produced copies of a screenplay called "Chasing Justice," which he wrote while incarcerated. As Mr. Bolden testified during his deposition, "Chasing Justice" is a fictionalized account of the Frazier/Clayton homicides and Mr. Bolden's experience with the justice system. *See* Exhibit A, Excerpts of the Deposition of Eddie Bolden, at 325:13–345:16. Some of the details of the crime depicted in the screenplay are derived from police reports and statements by Clifford Frazier. *Id.* at 329:18-330:1. Other aspects of the screenplay are complete fiction—they were derived entirely from Mr. Bolden's imagination. *See, e.g.*, *id.* at 335:11-24.

Given the fictional nature of this document, it has no probative value. *See, e.g.*, *State v. Skinner*, 218 N.J. 496, 521, 95 A.3d 236, 251 (2014) (recognizing "[t]he difficulty in identifying

---

[1] The screenplay was not listed in Defendants' Proposed Exhibit List, but during the meet and confer process Defendants stated that they intended to use the screenplay in their case. For avoidance of doubt, this Motion seeks to exclude any reference to the screenplay during examination or argument, but also seeks to bar admission of the screenplay itself into evidence.

1

probative value in fictional or other forms of artistic self-expressive endeavors"); *State v. Hanson*, 46 Wash. App. 656, 662, 731 P.2d 1140, 1144 (1987) (reversing conviction where defendant's fictional novel was used to impeach his character for nonviolence because "the defendant's writings were simply not probative"). Admission of this evidence also creates substantial risk of undue prejudice and juror confusion. Indeed, Defendants' line of questioning during Mr. Bolden's deposition was itself confusing; for example, they repeatedly asked whether statements in the screenplay "were true" and frequently used the fictional names of the characters in the screenplay, rather than simply asking Mr. Bolden about his recollection of January 29, 1994. *See* Ex. A, at 326:20-327:4, 328:11-329:9, 330:12-17, 341:17-342:4. Defendants will have ample opportunity to question Mr. Bolden about the non-fiction events of 1994 at trial. They need not question him about a fictional account.

Additionally, the screenplay contains references to the protagonist's prior conviction. Those portions of the screenplay are also inadmissible for the reasons discussed in Plaintiff's motion *in limine* No. 1.

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine* and barring any reference to the screenplay.

Dated: October 9, 2019

Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

2

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valarie Hays*
Valarie Hays