IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Manish S. Shah |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 12 TO BAR REFERENCE TO DISCIPLINARY DECISION AGAINST CHARLES INGLES**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* barring any questioning of witnesses, references to, or evidence related to a 1994 disciplinary petition involving witness Charles Ingles. In support of this Motion, Mr. Bolden states as follows:

**BACKGROUND**

Defendants' Proposed Exhibit List contains a petition by the Illinois Attorney Registration and Disciplinary Committee ("ARDC") to impose discipline on consent on attorney Charles Ingles.[1] Mr. Ingles represented Mr. Bolden on February 26, 1994, when Mr. Bolden participated in the lineup at issue in this case. Mr. Ingles is expected to testify about the circumstances surrounding the lineup and the actions taken by Defendants during February of 1994. The disciplinary petition and suspension are unrelated to Mr. Ingles' representation of Mr. Bolden and should be precluded as irrelevant, pursuant to Federal Rules of Evidence 401 and 402. Furthermore, the incident is not probative of Mr. Ingles' character for truthfulness, and therefore,

---

[1] The proposed exhibit is a "Petition to Impose Discipline on Consent Pursuant to Supreme Court Rule 762(b)," from the ARDC, which was allowed by the court. For the Court's reference, the proposed exhibit is attached hereto as Exhibit A.

is not admissible under Federal Rule of Evidence 608.

The disciplinary petition concerns Mr. Ingles' handling of client funds. In 1990, Mr. Ingles and one of his clients agreed that Mr. Ingles would receive, as his fee, two-thirds of his client's bond refund. Ex. A, ¶ 6. After receiving the bond refund, Mr. Ingles deposited it into a bank account that he used for both business and personal purposes. *Id.* ¶ 9. Despite his client requesting his portion of the funds in June, Mr. Ingles failed to make the payment until September. *Id.* ¶ 13. In the interim, however, Mr. Ingles allowed the balance of his bank account to fall below the amount owed to his client. *Id.* ¶ 12. The ARDC determined that Mr. Ingles' actions amounted to conversion of his client's funds. *Id.* ¶ 17. At the same time, however, the ARDC also noted that Mr. Ingles had paid his client in full (albeit late) and that Mr. Ingles had maintained a separate savings account during the relevant time period, which at all times contained a balance greater than the amount owed to his client. *Id.* ¶¶ 13-14. In September 1994—months after the events at issue in Mr. Bolden's case – the ARDC ultimately recommended suspending Mr. Ingles' license to practice law for 60 days. *Id.* ¶ 19. In making that recommendation, however, the ARDC held that Mr. Ingles' case was similar to *In re Cheronis*, 114 Ill. 2d 527 (1986), a case in which the Court expressly found that "Cheronis had no dishonest motive." Ex. A, ¶¶ 18-19. In fact, the ARDC recommended disciplining Mr. Ingles less harshly than Cheronis—Cheronis received a 3-month suspension whereas Mr. Ingles received only 60 days. *Id.* Mr. Ingles consented to the ARDC's recommendation, and the court allowed the petition, thereby imposing the 60-day suspension. *See generally, id.*

## ARGUMENT

Evidence of the disciplinary recommendation and suspension against Mr. Ingles should be excluded. As an initial matter, the disciplinary decision has nothing to do with this case and has

2

absolutely no bearing on the issues in dispute; it is irrelevant under Federal Rules of Evidence 401 and 402.

Plaintiff anticipates Defendants will seek to admit evidence of the disciplinary recommendation under Federal Rule of Evidence 608(b), as a specific instance of conduct probative of Mr. Ingles' character for truthfulness. It is axiomatic that the Defendants' proposed exhibit is inadmissible for this purpose, because "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Cross-examination about the disciplinary action is also impermissible because it is not probative of Mr. Ingles' character for truthfulness.[2]

The ARDC clearly concluded that Mr. Ingles' conduct did not involve dishonesty or untruthfulness. The fact that the ARDC held that Mr. Ingles' case was similar to *In re Cheronis*, a case in which the Court expressly found there was "no dishonest motive," supports the fact that the ARDC did not consider Mr. Ingles to have engaged in dishonest conduct. In fact, the ARDC recommended disciplining Mr. Ingles less harshly than Cheronis. Furthermore, the ARDC expressly agreed with Mr. Ingles' assertion that his conduct was "not intentional." Specifically, the ARDC referred to Mr. Ingles' lack of intent as "mitigation evidence." Ex. A, ¶ 16.

This interpretation of the ARDC's recommendation is also consistent with Illinois law, because under Illinois law, conversion does not require dishonest or fraudulent intent. While mere negligent conduct will not establish conversion, "conversion does not require evidence of an intent to interfere with another's rights, malice, culpability, or conscious wrongdoing." *Martel Enters. v.*

---

[2]After providing a detailed description of Mr. Ingles conduct, the petition states that "[t]he evidence outlined above *would* establish … that [Mr. Ingles] engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 1-102(a)(4) of the Illinois Code of Professional Responsibility." Ex. A, ¶ 15 (emphasis added). The recommendation, however, goes on to consider additional evidence, and for the reasons explained herein, it is clear that the ARDC *did not* in fact find that Mr. Ingles engaged in dishonest conduct.

*City of Chicago*, 223 Ill. App. 3d 1028, 1033 (1st Dist. 1991); *see also Assocs. Disc. Corp. v. Walker*, 39 Ill. App. 2d 148, 153 (2d Dist. 1963) ("Malice, culpability or conscious wrongdoing is not a necessary element to establish a conversion …. All that is required is the exercise upon or control over the chattel inconsistent with the plaintiff's right of possession."); *Campau v. Bemis*, 35 Ill. App. 37, 44 (1st Dist. 1889) ("A wrongful intent is not an essential element of the conversion. It is enough in this action, that the rightful owner has been deprived of his property by some unauthorized act of another, assuming dominion or control over it."). Accordingly, the ARDC's finding that Mr. Ingles converted his client's funds does not equate to a finding that Mr. Ingles acted dishonestly. It is, therefore, not probative of his character for truthfulness.

Finally, even if the disciplinary recommendation had some probative value decades ago, that probative value has eroded with the passage of time. The disciplinary recommendation and temporary suspension were issued in 1994. The conduct took place in 1990. Even though Rule 608 does not impose an explicit limitation on the use of acts more than 10 years old, like Rule 609, conduct that is too remote may not be probative of truthfulness. In this case, the fact that Mr. Ingles' conduct occurred almost 30 years ago renders it far too remote to be probative of his character for truthfulness today. *See, e.g.*, *United States v. Stoecker*, 215 F.3d 788, 790 (7th Cir. 2000) (evidence of a fifteen-year-old complaint "was unrelated and far too remote to be probative"); *United States v. Mandell*, No. 12 CR 842, 2014 WL 464226, at *3 (N.D. Ill. Feb. 3, 2014) ("Here, the probative value of Defendant admitting that he took bribes over 30 years ago is diluted by its remoteness in time" when considered pursuant to Rule 608(b)); *Marlow v. Winston & Strawn*, No. 90 C 5715, 1994 WL 424124, at *5 (N.D. Ill. Aug. 11, 1994) (holding that a suspension that occurred 12 years before the events of the case was "too remote in time to be probative of [the witness's] capacity for truthfulness"). This decades-old disciplinary

4

recommendation has no probative value, but even if it had some minimal value, the value would be substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403. The evidence should be excluded.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine* to exclude evidence related to the 1994 disciplinary recommendation and decision against Charles Ingles.

Dated: October 9, 2019                                Respectfully Submitted,

                                                               */s/ Valarie Hays*
                                                                Ronald S. Safer
                                                                Valarie Hays
                                                                Eli J. Litoff
                                                                RILEY SAFER HOLMES & CANCILA LLP
                                                                70 W. Madison Street, Suite 2900
                                                                Chicago, Illinois 60602
                                                                (312) 471-8700
                                                                rsafer@rshc-law.com
                                                                vhays@rshc-law.com
                                                                elitoff@rshc-law.com

                                                                Sandra L. Musumeci (*pro hac vice*)
                                                                RILEY SAFER HOLMES & CANCILA LLP
                                                                1330 Avenue of the Americas, 6th Floor
                                                                New York, New York 10019
                                                                (212) 660-1000
                                                                smusumeci@rshc-law.com

                                                                *Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valarie Hays*
Valarie Hays
