**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 13 TO PERMIT PLAINTIFF
TO TREAT CHICAGO POLICE DEPARTMENT WITNESSES AND PROSECUTORS
AS ADVERSE**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* permitting leading questions of certain current and former City of Chicago employees and prosecutors during his case-in-chief.

Defendants do not oppose Plaintiff counsel's plan to treat the Defendant Officers and current, supervisory level-employees of the Chicago Police Department ("CPD") as witnesses associated with an adverse party for purposes of cross examining them during Plaintiff's case in chief, pursuant to Federal Rule of Evidence 611(c)(2). Defendants oppose, however, Plaintiff's counsel's plan to use leading questions with current and former police officers who are not parties in this lawsuit and the City's 30(b)(6) representatives who are not supervisors and/or who are retired. Additionally, Plaintiff seeks to treat any current or former Cook County Assistant State's Attorneys who worked on Mr. Bolden's case as witnesses associated with an adverse party for purposes of Rule 611.

**BACKGROUND**

There are at least four fact witnesses that Plaintiff may call for which the parties disagree regarding their status as witnesses identified with an adverse party, namely:

1

1. Harlan Hansbrough, current CPD police officer;

2. Michael Baker, former CPD detective and a dismissed defendant in this lawsuit;

3. Charles Baylom, former CPD police officer;

4. Terry Sumter, former CPD police officer.

The City of Chicago, a defendant in this case, selected the following Rule 30(b)(6) witnesses to testify on its behalf, and Defendants also assert that they should not be treated as adverse parties by Plaintiff:

5. Dachae Blanton, currently Commander of the CPD's Evidence and Recovered Property Center;

6. James Hickey, former Assistant Director of the CPD's Records Division;

7. Patrick Loftus, current CPD detective;

8. Steve Maris, current Director of CPD Data Systems Information Services;

9. Joseph Keating, current CPD evidence technician; and

10. Joseph Perfetti, current Director of CPD's Record Services Division.

Plaintiff also may call the following state prosecutors and seeks to treat them as parties associated with an adverse party for purposes of Rule 611:

1. Lynda Peters, lead trial attorney prosecuting Mr. Bolden's case;

2. James Beligratis, felony review prosecutor who made the decision to charge Mr. Bolden after consulting with the Defendant Officers and reviewing the evidence they provided to him.

## **ARGUMENT**

Rule 611(c) permits the use of leading questions on direct examination of hostile witnesses, adverse parties, or witnesses "identified with an adverse party." Fed. R. Evid. 611(c). It is well-established that non-party police officers should be treated as witnesses identified with an adverse party in a case of this type. "A classic example of a witness identified with an adverse party is a

2

police officer called as a witness in a § 1983 trial involving an incident in which he or fellow officers were involved." *Ratliff v. City of Chicago*, No. 10 C 739, 2013 WL 3388745, at *7 (N.D. Ill. July 8, 2013); *see also Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir. 1981) (non-party police officers present during portions of the incident giving rise to the lawsuit "clearly qualified as 'witness(es) identified with an adverse party'").[1]  A witness is identified with an adverse party even where his or her involvement in the incidents in question is "tangential or limited." *Ratliff*, 2013 WL 3388745, at *7.  A former employee of the City of Chicago also may be treated as adverse where "he or she was employed at the time of the incident in question." *Gibbons v. Village of Sauk Village*, No. 15 CV 4950, 2017 WL 4882334, at *4 (N.D. Ill. Oct. 30, 2017).

With respect to the Rule 30(b)(6) witnesses, they were selected by the City of Chicago as the City's representatives in this case.  The City is a defendant, and therefore, these witnesses clearly are adverse parties.  *See Ratliff v. City of Chicago*, No. 10 C 739, 2012 WL 7993412, at *1 (N.D. Ill. Nov. 20, 2012) ("As the representative of the City's Office of Emergency Communication and Management (OECM), she is in fact a representative of the City or, in other words, a 'witness identified with an adverse party.'"); *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *1 (N.D. Ill. Jul. 19, 2001) ("A Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity.  In effect, the deponent is 'speaking for the corporation,' presenting the corporation's position on the topic.") (citation omitted); *W.R. Grace & Co. v. Viskase Corp.*, N. 90 C 5383, 1991 WL 211647, at *2 (N.D. Ill. Oct. 15, 1991) ("[A] corporation is 'bound' by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be 'bound'

---

[1] The City itself is also a Defendant in this suit with respect to Mr. Bolden's state law respondeat superior claim.  Mr. Bolden's federal law claims against the City, based on *Monell* liability, have been bifurcated.

by his or her testimony."). Not only were these witnesses selected by the City, but they also were prepared for their depositions by counsel of record for the City in this litigation, and it is expected they will be likewise prepared for trial by the same attorneys. The City also hired the counsel for the individual Defendant Officers. Leading questions of these witnesses by Plaintiff's counsel are more than appropriate under the circumstances.

Finally, Plaintiff's case challenges indirectly the prosecutorial decisions of Ms. Peters and Mr. Beligratis. Although they are not named parties in the action, they are individuals who Plaintiff alleges drew the wrong conclusions about Mr. Bolden's guilt as a result of Defendant Officers' improper actions. They worked closely with Defendant Officers in the prosecution of Mr. Bolden, and counsel for Mr. Bolden anticipates that they will not be available to meet with Mr. Bolden's counsel to prepare for trial. Accordingly, Mr. Bolden's counsel should be allowed to ask them leading questions. *See, e.g.*, *Ratliff*, 2013 WL 3388745, at *7 (allowing the use of leading questions under Rule 611 where each of the witnesses "had a hand in the ordeal which gave rise to the lawsuit").

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting this motion *in limine*.

Dated: October 9, 2019

Respectfully Submitted,

/s/ Valarie Hays
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

4

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.


/s/ *Valarie Hays*
Valarie Hays