**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDDIE L. BOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 00417 |
| v. ) | |
| ) | Honorable Steven Seeger |
| ) | |
| CITY OF CHICAGO, JAMES OLIVER, ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OFFICERS' MOTION *IN LIMINE* NO. 1 TO BAR EVIDENCE OF COMPOSITE SKETCH IDENTIFIED AS PLAINTIFF'S TRIAL EXHIBIT 19**

Defendants James Oliver, Angelo Pesavento, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers"), by and through their attorneys, hereby move this court, *in limine*, for an order barring reference to or evidence regarding the composite sketch identified as plaintiff's trial exhibit 19. In support of their motion, Defendant Officers state:

1. Plaintiff seeks admission of a composite sketch dated January 29, 1994 presumably to establish that the sketch should have given Defendant Officers reason to doubt the reliability of Clifford Frazier's identification of Plaintiff as the perpetrator of the underlying crime in the lineup conducted by Pesavento and Karl.

2. However, Plaintiff has failed to adduce any evidence that either Karl, Pesavento or Siwek (or any other Defendant Officer) was present when the sketch was created or saw the sketch before the lineup was conducted.[1] With respect to Karl, he was never questioned about the sketch at trial and no other witness has testified that he was present when the sketch was created.

---

[1] Frazier testified at Plaintiff's trial that the sketch was created by the FBI and Plaintiff has not adduced any evidence rebutting his testimony.

Siwek has testified in this case that he did not see the sketch either before or after Frazier made his identification and, in fact, did not even know a sketch had been created during the course of the investigation.

3. As for Pesavento, he did not recall any sketch being created during the investigation until it was shown to him nor could he recall (upon seeing it) whether he had seen the sketch prior to the lineup. Plaintiff's counsel represented to Pesavento that the sketch was part of the investigative file and reminded him that he had previously testified that he had reviewed all of the materials in the investigative file. Based on counsel's representation, Pesavento concluded that if the sketch was in the case file, he "probably" saw it before the lineup was conducted. But, according to the investigative file inventory log, the sketch was not put into the investigative file until the day after the lineup occurred. Because Plaintiff was arrested immediately after the lineup, there would have been no reason for Pesavento to closely review the case file after the sketch was added (which likely accounts for his inability to remember the sketch at all).[2]

4. There are other problems with the sketch. First, the inventory log catalogues two composites sketches. (See Exhibit 1 to this motion at p. 2 line 6.) Thus, it appears that the sketch Plaintiff seeks to admit was not the only sketch that was prepared and it may be that the second sketch was a refined version of the sketch he seeks to admit. Second, the sketch is hearsay for

---

[2] Even if Pesavento had seen the sketch before the lineup, he testified that he did not know whether he had seen the sketch and Plaintiff at the same time for comparison's sake. Pesavento also testified that he did not perceive the sketch as depicting any skin tone or eye color. When asked whether he thought (in 2018) the sketch resembled Plaintiff, he testified that the sketch did resemble Plaintiff in that it showed a partially bald man with a jaw similar to Plaintiff's. He also testified that he viewed "these sketches" as giving a general impression of what a suspect may look like.

which there is no exception. *See* Fed. R. Evid. 801(a); 802; 803.[3]

5. Because Plaintiff has failed to adduce any evidence that defendants Pesavento, Karl and Siwek (or any other Defendant Officer) had seen the sketch prior to the lineup, the sketch is not relevant to the issue of an unduly suggestive lineup or probable cause and is inadmissible hearsay in any event.

Wherefore, for all of the foregoing reasons, Defendant Officers respectfully request that the Court issue an order barring any testimony or documentary evidence, including Plaintiff's trial exhibit 19, relating to the sketch.

                                              Respectfully submitted,

                                              DEFENDANT OFFICERS

                             BY:    /s/ Andrew M. Hale

Andrew M. Hale (ahale@ahlaelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

---

[3] Although Frazier did not adopt the sketch at trial and the sketch artist did not testify at trial (*See People v. Bullock*, 154 Ill. App. 3d 266, 272–73 (1st Dist. 1987) ("In order for a police sketch to be admissible [where witness has not adopted the sketch], the law requires "unequivocal testimony from the police artist that the drawing not only was a representation prepared at the direction of the witness, but that the witness, after having had an opportunity to view the completed sketch, adopted it as an accurate portrayal of the suspect." (citing *People v. Yates*, 98 Ill.2d 502, 528, (1983))))), the criminal trial court admitted the sketch into evidence and Plaintiff's counsel used the sketch extensively in his closing argument.

## **CERTIFICATE OF SERVICE**

I, Brian J. Stefanich , an attorney hereby certify that I filed the attached document on October 9, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

      /s/ *Brian J. Stefanich*