**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 00417 |
| v. | ) | |
| | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, JAMES OLIVER, | ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' MOTION *IN LIMINE* NO. 3
TO BAR EVIDENCE OF RODERICK STEWART'S PRIOR CONVICTIONS, OUT-OF-
COURT STATEMENTS, AND OTHER ALLEGED ACTS**

Defendants James Oliver, Angelo Pesavento, Edward Siwek, the Estate of George Karl,

and the Estate of Michael Kill (collectively "Defendant Officers") by their attorneys, move this

court *in limine* to bar evidence of Roderick Stewart's prior convictions over ten years old, out-of-

court statements, and other acts. In support thereof Defendant Officers state as follows:

Plaintiff claims he was wrongfully convicted of the murders of Derrick Frazier and Irving

Clayton, and that these murders were actually committed by Roderick Stewart. Plaintiff testified

that he saw Roderick Stewart fighting with Clifford Frazier, however Roderick Stewart was never

identified as a suspect in the police investigation and has testified that he was not involved.

Defendant Officers anticipate calling Roderick Stewart in their case-in-chief to deny his

involvement in the crime. It is expected that Plaintiff will attempt to introduce evidence during

cross-examination of Roderick Stewart's prior convictions that are over ten years old, hearsay

statements and other acts to bolster his theory that Stewart committed the murders. This includes

evidence of a conversation in which Stewart allegedly admitted to the murders; allegations that

Stewart threatened and physically injured members of Plaintiff's family; and statements by others

claiming knowledge that someone other than Plaintiff committed the murders. All such evidence

is inadmissible for the reasons stated below.

**I.      Plaintiff Should be Barred from Introducing Evidence of Roderick Stewart's Prior Convictions that are Over Ten Years Old.**

The Defendant Officers anticipate they will call Roderick Stewart, Plaintiff's alternative

suspect, in their case-in-chief to deny any involvement in the murders of Derrick Frazier and Ledell

Clayton and the attempted murder of Clifford Frazier. Plaintiff has informed the Defendant

Officers that he intends to attempt to question Mr. Stewart about his prior convictions that are older

than ten years. Mr. Stewart has eight such convictions: (1) a 1995 conviction for possession of

cannabis; (2) a 1996 conviction for possession of cannabis; (3) a 1996 conviction for possession

of a controlled substance; (4) a 1999 conviction for unauthorized use of a weapon; (5) a 1999

conviction for aggravated battery; (6) a 1999 conviction for another aggravated battery; (7) a 2001

conviction of possession of cocaine; and (8) a 2003 conviction for domestic battery.

Under Federal Rule of Evidence 609(a)(1)(A), when a party wishes to attack a witness's

character for truthfulness, evidence of a conviction for a crime punishable by imprisonment for

more than a year must be admitted, subject to Rule 403, in a civil case. If, however, 10 years have

passed since the witness's conviction or release from confinement, whichever is later, the evidence

of the conviction is only admissible, if, its probative value, supported by specific facts and

circumstances, substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1). The purpose

of Rule 609 is to ensure that convictions over 10 years old will be admitted very rarely and only

in exceptional circumstances. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

Mr. Stewart's convictions do not present "exceptional circumstances" such that the

convictions should be admitted. Mr. Stewart's four stale drug convictions have little to do with truthfulness. *United States v. Galati*, 230 F.3d 254, 261 n. 5 (7th Cir. 2000) (stating a person's past drug possession does not necessarily implicate dishonesty and the Court has rejected the argument that people who have used drugs are more likely to tell lies). Similarly, Mr. Stewart's unlawful use of a weapon conviction has little to do with truthfulness. *Patterson v. City of Chicago*, 15 C 4139, 2017 WL 770991,*8 (N.D. Ill. Feb. 28, 2017). Likewise, Mr. Stewart's aggravated battery convictions and domestic battery convictions do not implicate truthfulness. *See Buchanan v. McCann*, No. 08 C 7063, 2012 WL 1987917, at *1 (N.D. Ill. June 4, 2012) (murder conviction does not implicate truthfulness).

Moreover, the nature of Mr. Stewart's four drug convictions and his unauthorized use of a weapon conviction increase the likelihood that the jury makes an unwarranted propensity inference. *See Patterson v. City of Chicago*, 15 C 4139, 2017 WL 770991, *9 (N.D. Ill. Feb. 28, 2017). The underlying crimes in this case involve a narcotics transaction in 1994 resulting in the shooting deaths of two individuals and the shooting of another individual. Two of Mr. Stewart's drug convictions were based on arrests from 1994 and his unauthorized use of a weapon conviction was based on a 1998 arrest. These convictions, stemming from incidents near the time of the Frazier and Clayton murders, create too dangerous a possibility that the jury will improperly infer that Stewart committed the homicides because he was involved in drug transactions in 1994 and was later convicted of unauthorized use of a weapon. *See id.* (stating a weapons conviction may imply violent behavior); *Jones v. Walters*, No. 12 cv 5283, 2016 WL 1756908, *4 (N.D. Ill. Apr. 29, 2016) (evidence that a witness used drugs may so prejudice the jury that it will excessively discount his testimony).

Accordingly, this Court should bar Plaintiff from introducing evidence of Mr. Stewart's

prior convictions that are over ten years old.

## II.   Evidence that Roderick Stewart Harmed or Threatened Harm to Plaintiff's Family is Inadmissible.

Plaintiff accuses Stewart of beating up Plaintiff's father and pointing a gun at his brother while stating "tell your brother I caught you with your guard down." These other acts are inadmissible under Federal Rules of Evidence 404(b) and 608(b).

### A.   Rule 404(b) bars admission of this other acts evidence.

These alleged incidents of violence are inadmissible character evidence, offered to demonstrate Mr. Stewart's alleged propensity toward violence. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404 (b). The burden is on the proponent of the other acts evidence to establish 1) relevance to a non-propensity purpose; 2) sufficient evidence of the other act for a jury to conclude that the incident occurred; and 3) that the evidence is admissible under Rule 403. *United States v. Gomez*, 763 F.3d 845, 854, 860 (7th Cir. 2014). This burden cannot be met in this case.

#### 1.   These incidents are not probative of any legitimate purpose.

Plaintiff cannot establish a legitimate non-propensity purpose for this evidence. *Gomez*, 763 F.3d at 855 (other acts evidence may be relevant to another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). There is no link between these alleged acts and Defendant Officers' conduct in this case. These incidents were not communicated to Defendant Officers, thus they are not relevant to Defendant Officers' knowledge for purposes of the due process or state law claims. *Porter*, 393 Ill. App. 3d at 867.

Nor are these incidents relevant to explain Plaintiff's actions, specifically his decision not

4

to testify and implicate Stewart. Plaintiff has indicated that he will not assert that Stewart's conduct toward his family was the reason he did not testify at his criminal trial. See Reply to MIL #1, Dkt 283. Even if Plaintiff had not made this concession, any connection to Plaintiff's decision is speculation, as there is no evidence as to when Plaintiff learned of these incidents (before or after trial), or what detail was provided to him. As a result, the only purpose of this evidence is to characterize Stewart as having a propensity for violence.

### 2. There is insufficient evidence to support a jury finding that these incidents occurred.

There is no admissible evidence of the incidents involving Plaintiff's father and the evidence of the incident with Plaintiff's brother is insufficient. Plaintiff's father is deceased, his testimony was never recorded, and no other witness to the incident have been identified. Any testimony as to what Plaintiff heard about the incident with his father is inadmissible hearsay, offered for no purpose other than to show the incidents happened.[1] These statements cannot be admitted for their truth – to show that Stewart committed the alleged acts. As a result, there is no evidence from which a jury could find that Stewart committed the acts against Plaintiff's father.

The incident involving Plaintiff's brother, Raphael Taylor, also lacks sufficient evidence that the incident occurred. Taylor testified at his deposition that in 1994, a few months after Plaintiff was arrested, Stewart confronted him in Stateway Gardens, told him to leave the premises, then pointed a gun in his face and said "tell your brother I caught you with your guard down." (Ex. A at p. 53). Plaintiff has not named Taylor as a witness, and any recounting of this incident by another witness would be hearsay. Even if Taylor were to testify, he could offer only limited

---

[1] Plaintiff's testimony regarding the incident with his father is particularly untrustworthy. Plaintiff claims that his father was beaten after he was arrested in 1994, contradicting his statement to a public defender mitigation specialist that Bolden, Sr. was beaten in 1992 or 1993, before the Frazier-Clayton murders.

testimony about this incident at trial. He cannot testify to Stewart's statement because it is hearsay, offered for its truth: that Stewart wanted Taylor to tell Plaintiff about the incident. While these words may have had an effect on Taylor, his state of mind is irrelevant. As a result, the only evidence Taylor can offer of this incident is that Stewart pointed a gun at him, which serves only to establish Stewart's propensity toward violence. Moreover, as Plaintiff's brother, Taylor has an obvious bias and his uncorroborated testimony is highly suspect. He first described this incident in an affidavit in 2011, seventeen years after it allegedly happened. His previous affidavit, executed in April of 1999 made no mention of this incident. Thus Taylor's testimony that Stewart pointed a gun at him is not only irrelevant, but is also unsubstantiated by credible evidence.

### 3. Any probative value of these incidents is far outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury.

Evidence of these other acts will unfairly portray Stewart as a violent individual who is capable of murder. Not only is this propensity inference improper, but it prejudicially implies that Defendant Officers had a responsibility to investigate Stewart, despite the fact that they were provided no information which would indicate that Stewart was a suspect. Moreover, admitting evidence that Plaintiff's brother was threatened with a gun, and his father was beaten to the extent he required nursing home care, would imply that Defendant Officers had a duty to protect Plaintiff's family members. These individuals cannot claim damages in this case, yet their experiences would undoubtedly appeal to the sympathies of the jury, causing unfair prejudice to Defendant Officers. *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1987)("Evidence is considered unfairly prejudicial . . . because its admission makes it likely the jury will be induced to decide the case on an improper basis, commonly an emotional one.")

These prejudicial effects substantially outweigh any probative value. These incidents were not made known to Defendant Officers, and could not possibly have influenced their conduct in

investigating Plaintiff, or their determination of probable cause. Plaintiff has indicated he will not rely on this evidence to show his state of mind in choosing not to testify. Even for this limited purpose, the incidents are not probative. There is no evidence as to how and when Plaintiff learned about these incidents, and what details were provided. Moreover, Stewart's alleged conduct is too vague to permit anything but speculation as to the message allegedly being sent. While Plaintiff would like the jury to interpret these allegations as evidence of Stewart's guilt and, conversely, his innocence, this is pure speculation. There was much more for Plaintiff to keep his mouth shut about, such as the drug operation run by Anthony Williams, and Anthony Williams' involvement in arranging for Bolden to murder of Clayton and Frazier. In contrast, Stewart's name never came up in the police investigation, nor was he mentioned at Plaintiff's trial. It would be unfairly prejudicial to permit the jury to be confused and distracted with speculation about incidents which have no connection to Plaintiff's arrest and prosecution.  As a result, this evidence does not survive Rule 403 analysis, and is inadmissible

## III.    Roderick Stewart's Alleged Out-of-Court Statements are Inadmissible.

Stewart allegedly made two out-of-court statements to Plaintiff's brother.[2] The statements have been paraphrased as: "I'm sorry your brother had to go to jail for something he didn't do, but I can't turn myself in," (*see* Dep. of Taylor at p. 47, attached hereto as Exhibit A), and "It's too bad that Lynier (Eddie Lynier Bolden) got life for those murders that I did, but it is better him than me." (*Id*. at 50).  These statements are not admissible for impeachment purposes.

Defendant Officers anticipate that Mr. Stewart would deny making these statements to

---

[2] Plaintiff's brother, Raphael Taylor, has not been identified on Plaintiff's witness list so there is no concern that Plaintiff will attempt to introduce these statements in his case-in-chief.

Plaintiff's brother if he was cross-examined about it at trial. The mere fact that a statement is contradictory does not make it admissible as a prior inconsistent statement under Federal Rule of Evidence 613. Fed. R. Evid. 613. Rule 613 applies to evidence offered for the purpose of "comparison and contradiction" and permits extrinsic evidence "not to demonstrate which of the two is true but, rather, to show that the two do not jibe (thus calling the declarant's credibility into question)." *United States v. McGee*, 408 F.3d 966, 982 (7th Cir. 2005). In contrast, where the contradictory statement "stands as an independent means of impeachment without any need to compare it to contradictory trial testimony" it is inadmissible under Rule 608(b). *Id.* Rule 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "Rule 608(b) addresses situations in which a witness' prior activity, whether exemplified by conduct or by a statement, in and of itself casts significant doubt upon his veracity."

The alleged statements by Mr. Stewart are precisely the type of stand-alone impeachment evidence which is barred by Rule 608. Rule 608(b) limits cross-examination on "specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness" to conduct which is "probative of the character for truthfulness or untruthfulness… of the witness." Fed. R. Evid. 608(b). Other than a conviction under Rule 609, evidence that a witness has committed a murder is not probative of his truthfulness. *Varhol v. Nat'l R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990); Fed. R. Evid. 609(a). "The reason for allowing cross-examination under Rule 608(b) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth. Acts involving fraud or deceit clearly raise such doubt, while certain acts, such as murder, assault, or battery normally do not." *Varhol*, 909 F.2d at 1567. As a result, inquiry into Stewart's alleged statements are not proper cross-examination. Short of a conviction, evidence of criminal

conduct is generally inadmissible. To allow inconsistency to serve as the basis for admission of a murder confession would serve as an end run around Rule 608(b) and 609, and is therefore prohibited.

Offering this evidence as "inconsistent" disguises not only the real impeachment purpose, but also the substantive reason for admission: to show that Roderick Stewart committed the murders and Plaintiff was wrongfully convicted. Hearsay is properly excluded when it is "not sought simply to impeach," but also to prove a material fact. *United States v. Dent*, 984 F.2d 1453, 1460 (7th Cir. 1993). Impeachment cannot be "employed as a mere subterfuge to get before the jury evidence not otherwise admissible." *United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984). Allowing evidence of material facts to be admitted under the guise of impeachment raises the "concern that juries would miss or ignore the distinction between impeachment and substantive evidence and use this otherwise inadmissible evidence substantively against a party." *Taylor v. Nat'l R. Passenger Corp.*, 920 F.2d 1372, 1376 (7th Cir. 1990). Where the impeachment value is low, and the inadmissible evidence relates to a material issue, the evidence should be excluded. *Id*. In *Taylor*, the court admitted records which showed a pre-existing injury, ostensibly to impeach plaintiff's inconsistent statement on an employment application. *Id*. at 1374. Admitting this evidence was plain error, because the records improperly suggested a pre-existing condition without the proper foundation. *Id*. at 1376.

In this case, impeachment by inconsistent statement is a subterfuge to get substantive evidence of Stewart's guilt before the jury. It will be impossible for the jury to hear about Stewart's alleged statements about the murders and consider it solely as evidence of contradiction, without regard for the substantive implication that he committed the murders. The cases cited above demonstrate that the risk that the alleged statements will be used substantively requires exclusion,

despite the fact that it is technically an inconsistent statement. In other words, the probative value of the evidence to demonstrate inconsistency is substantially outweighed by the risks of jury confusion and unfair prejudice which would result from placing evidence of inadmissible statements before the jury.  Fed. R. Evid. 403.

In sum, any attempt to introduce Mr. Stewart's statements as impeachment by contradiction is nothing more than a pretext. Plaintiff should not be permitted to use these statements to improperly impeach Stewart by accusing him of murder for which he was not even a suspect, much less convicted. Nor is it proper to use impeachment as a means to backdoor this inadmissible hearsay as substantive evidence on an issue central to this case – whether Plaintiff is guilty of the murders. As a result, all evidence, implication, or argument that Mr. Stewart made these statements to Plaintiff's brother should be barred.

WHEREFORE, for the reasons stated herein, Defendant Officers respectfully request that this court grant this motion *in limine* and bar evidence of Roderick Stewart's prior convictions over ten years old, out-of-court statements, and other acts.

Respectfully submitted,

DEFENDANT OFFICERS

BY:     /s/ Andrew M. Hale

Andrew M. Hale (ahale@ahlaelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

## <u>CERTIFICATE OF SERVICE</u>

I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on October 9, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ *Brian J. Stefanich*