IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 00417 |
| v. | ) | |
| | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, JAMES OLIVER, | ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK | ) | |
| | ) | |
| Defendants. | ) | |

**Defendant Officers' Motion in Limine No. 5
to Bar Charles Ingles from Testifying to his Experiences in Other Cases**

Defendants James Oliver, Angelo Pesavento, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers") by their attorneys, move this Court *in limine* to bar Charles Ingles from testifying to his experiences in other cases, including but not limited to his testimony that other Chicago Police Detectives had permitted him to be present in the viewing room during a lineup. In support thereof Defendant Officers state as follows:

1. Charles Ingles represented Plaintiff when he voluntarily participated in a line-up.

2. Ingles was not permitted to be present in the viewing room with the complaining witness.

3. Plaintiff argued the exclusion of his attorney from the viewing room as a basis for his motion to suppress the identification in his criminal trial. The court denied the motion in part because this conduct did not violate Plaintiff's constitutional right to counsel.

4. During the motion to suppress hearing Judge Madden noted that "the police were more

than accommodating in this case. They went beyond the requirement of the law in even suggesting that the attorney be allowed to sit in the same room with the defendant during the lineup." (EB 6040)

5. At trial, Plaintiff sought to elicit testimony from Ingles that he had been permitted to be present in the viewing room when other clients had appeared in line-ups. The State objected and the court barred the testimony on the grounds of relevance. (EB 7120-7123)

6. This testimony is also irrelevant in this case. Whether Ingles' prior experiences caused him to have expectations which were not met in this case is irrelevant.

7. Defendant Officers did not violate Plaintiff's rights by refusing to allow his counsel in the viewing room. Plaintiff did not have any right to counsel at the line-up because he had not been arrested. There is no claim for denial of right to counsel in this case.

8. The implication arising from this testimony, that Plaintiff was treated unfairly in that he was denied a privilege which had been granted to others is irrelevant. The only issue is whether the requirements of the constitution were met, and they were.

9. This sole purpose of this testimony is to imply that Defendant Officers had a tendency to abandon protocol. Such in inference is improper not only because protocol is irrelevant, but also because it is prejudicial and misleads the jury on the standard to be applied to Defendant Officers conduct.

10. Ingles' testimony regarding his experience in other cases should be barred as irrelevant, unfairly prejudicial, and misleading. Fed. R. Evid. 401, 402, 403.

WHEREFORE, for the reasons stated herein, Defendant Officers respectfully request that this Court grant this motion in limine and bar Charles Ingles from testifying to his experiences in other cases, including but not limited to his testimony that other Chicago Police Detectives had

permitted him to be present in the viewing room during a lineup.

                                              Respectfully submitted,

                                              DEFENDANT OFFICERS

                              BY:    /s/ Andrew M. Hale

Andrew M. Hale (ahale@ahlaelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

## **CERTIFICATE OF SERVICE**

I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on October 9, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

                                                                                        /s/ *Brian J. Stefanich*