IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 00417 |
| v. | ) | |
| | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, JAMES OLIVER, | ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK | ) | |
| | ) | |
| Defendants. | ) | |

**Defendant Officers' Motion in Limine No. 7
to Bar Certain Evidence Related to the Police Investigation**

Defendants James Oliver, Angelo Pesavento, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers") by their attorneys, move this Court *in limine* to bar evidence that officers failed to investigate any aspect of the Frazier-Clayton homicide case, as well as evidence or argument critical of the narcotics investigation. In support thereof Defendant Officers state as follows:

Plaintiff's pending claims, after rulings on motions to dismiss and a motion for summary judgment, consist of a due process claim for a suggestive line-up, a Fourth Amendment claim for arrest and detention without probable cause, and a malicious prosecution claim. None of these claims entitle Plaintiff to launch a general attack on the adequacy of the homicide investigation, or criticize the narcotics investigation or the officers' conduct during the investigation.

    **I.**    **Plaintiff should be barred from introducing evidence or arguing that officers failed to conduct further investigation with regard to the double homicide.**

There is no constitutional right to a full and complete police investigation. *See, e.g.,*

*Henriksen v. Picardi*, 2006 WL 299071 (N.D. Ill. Feb. 7, 2006). For this reason, Judge Shah dismissed Plaintiff's due process claim based on an inadequate investigation. (Dkt. 133 at 13 (citing *Harris v. Kuba*, 486 F.3d 1010, 1015 (7th Cir. 2007) and *United States v. White*, 970 F.2d 328, 337 (7th Cir. 1992)).) In ruling on the motion to dismiss, Judge Shah noted that Plaintiff was not entitled to an investigation or any assistance in preparing his defense. *Id*. As a result, the claim added nothing to the due process claims otherwise alleged. *Id*. Thus, the due process clause does not provide a means for Plaintiff to introduce evidence critical of the investigation.

In addition, avenues of investigation which were not explored do not inform the probable cause analysis, for purposes of the Fourth Amendment or malicious prosecution. The determination of probable cause concerns only what was known to the officers, not what might have been known with additional or different investigation. Probable cause exists if "the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Padula v. Leimbach*, 656 F.3d 595, 601 (7th Cir. 2011). "It is not necessary to verify the correctness of each item of information" upon which probable cause is based. *Mangus v. Cock Robin Ice Cream Co.*, 52 Ill. App. 3d 110, 117 (1977). "[O]nce a law enforcement officer unearths sufficient facts to establish probable cause, she has no constitutional duty either to explore the possibility that exculpatory evidence may exist or to conduct any further investigation in the hope of finding such evidence." *Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 11 (1st Cir. 2004); *accord Gramenos v. Jewel Cos.*, 797 F.2d 432, 442 (7th Cir. 1986) ("Good police practice may require interviews, but the Constitution does not require police to follow the best recommended practices"); *Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1025 (N.D. Ill. 2003) ("Under the Fourth Amendment, it is clear that police are not

constitutionally obligated to pursue all investigative possibilities to establish probable cause.")

Admitting evidence of investigative leads not pursued, evidence not collected or examined, witnesses not interviewed, and the like would imply a right to a complete investigation that does not exist. *Lyons v. Adams*, 257 F. Supp. 112, 1135 (N.D. Ill 2003)("the Seventh Circuit does not recognize a claim for 'inadequate police investigatory work'").  Not only is such evidence irrelevant, it would be unfairly prejudicial, confuse and mislead the jury, and waste court time.  A hindsight analysis of whether more could have been done in the investigation, either to further the prosecution or the defense, would invite speculation and distract the jury from the real issues in this case.  Further, defendants would be unfairly prejudiced by this evidence, which would expand probable cause beyond its legal definition, and imply that officers engaged in misconduct which is not relevant to any of the claims against them.  The implication that Defendant Officers needed to comply with a standard of care in conducting investigations "would have led to unnecessary and detrimental jury confusion." *Thompson v. City of Chi.*, 472 F.3d 444, 457 (7th Cir. 2006) (finding evidence of police department general orders properly excluded as confusing to the jury as to the defendants duty); *see also* Defendant Officers Motion in Limine No. 9 to Bar Evidence Regarding Chicago Police Department Rules and Regulations, incorporated herein by reference.

All evidence related to the failure to obtain, preserve or analyze evidence should therefore be excluded pursuant to Federal Rules of Evidence 401, 402 and 403. This includes, but is not limited to, the failure to preserve or examine ballistic evidence or weapons; to preserve the recording of a 911 call; to analyze or seek expert analysis of footprints; to obtain or analyze fingerprints; to locate witnesses or evidence; and/or to interview or ask certain questions of witnesses.

## II. Plaintiff should be barred from criticizing the narcotics investigation or the officers conduct during the investigation.

3

Because this was a gang narcotics-related double murder, homicide detectives sought assistance from the Gang Crimes Unit in identifying an individual (Plaintiff) known as "Lanier." At the same time, the homicide detectives provided useful information on gang narcotics activity, specifically dealing with the Gangster Disciples, to the Gang Crimes Unit. While the two parallel investigations shared information, they were investigating different crimes. Plaintiff was not charged with any narcotics-related offenses, and there is no evidence that he was a target of the narcotics investigation.

Nonetheless, Plaintiff has taken issue with the manner in which Gang Crimes Officers, particularly Oliver, conducted the narcotics investigation. Specifically, Plaintiff seeks to introduce evidence that Oliver asked Clifford Frazier to help him access a safe deposit box to recover cash; that Oliver told Clifford he would "Fuck him up" for telling other officers about Oliver's request; that officers did not seize $100,000 in drug money allegedly stored at decedents mother's house; that Oliver's interview with Anthony Williams was inadequate; that Oliver took keys from Cynthia Steward, which may have had a safe deposit key on them, and never returned them; that officers searched Cynthia Stewards home, took papers and wrote down information; that officers were searching for bank records and the location of a safe deposit box; that Oliver threatened to take Steward's kids away if she didn't cooperate; that Oliver was being investigated by the Internal Affairs Division (IAD); and that an IAD officer asked Clifford to participate in a sting operation against Oliver. None of this evidence is relevant to the homicide investigation, thus it should be barred. Fed. R Evid. 401, 402.

In addition, it is clear that much of this evidence is being offered to cast Oliver in a bad light and suggest he more probably committed misconduct in the course of the homicide investigation. Character evidence which suggests a propensity for wrongful conduct is strictly

prohibited. Fed. R. Evid. 404(b). As the proponent of this other acts evidence, Plaintiff has the burden of establishing 1) relevance to a non-propensity purpose; 2) sufficient evidence of the other act for a jury to conclude that the incident occurred; and 3) that the evidence is admissible under Rule 403. *United States v. Gomez*, 763 F.3d 845, 854, 860 (7th Cir. 2014). Moreover, Plaintiff must do more than name a non-propensity purpose, he must establish "relevance to another purpose…through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *Id.* at 860.

Oliver's conduct in the narcotics investigation is not probative of any non-propensity issue in this case. Although Plaintiff claims this conduct is relevant to Oliver's motive in prosecuting Plaintiff, it is hard to see how the narcotics investigation supplied a motive for his alleged conduct toward Plaintiff. For an extrinsic act to be relevant to motive it must be shown to have provided the incentive for a defendant to commit the wrongful conduct at issue. *See United States v. Brooks*, 125 F.3d at 500 (evidence of prior drug use relevant to supply a motive to commit an armed robbery to support the drug habit). There is no such connection in this case. Any argument that Oliver was motivated to engage in misconduct because he had done it before would improperly rely on propensity. *See United States v. Shackleford,* 738 F.2d 776, 783 (7th Cir. 1984). As a result, other acts evidence is inadmissible to show motive.

Similarly, this evidence cannot be used to attack Oliver's credibility. Rule 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Nor can these acts be addressed on cross-examination, as they are not probative of truthfulness. *Id*. Although the intended implication is that Oliver intended to steal drug money, as Judge Shaw noted "there is no

5

evidence to support such a claim." (Dkt. 276 at 28.) Thus, Plaintiff may not use credibility as a means to backdoor this irrelevant evidence.

Even if there were some relevant purpose to introduce allegations of misconduct in the narcotics investigation, it is far overshadowed by unfair prejudice. Fed. R. Evid. 403. This evidence is plainly intended to imply that Oliver was engaged in corrupt practices and cannot be trusted, an allegation that Judge Shah rejected. (Dkt. 276 at 28.) If this attack on Oliver's reputation is permitted, it will be impossible for him to overcome, and severely prejudice his ability to defend this case. Given Oliver's limited role in the homicide investigation, this inflammatory evidence would influence a verdict not based on Plaintiff's claims in this case, but on conduct outside the investigation. As a result, Rule 403 provides an alternative basis to bar this evidence.

WHEREFORE, for the reasons stated herein, Defendant Officers respectfully request that this court grant this motion *in limine* and bar evidence or argument that officers failed to investigate any aspect of the Frazier-Clayton homicide case, as well as evidence or argument critical of the narcotics investigation.

                                            Respectfully submitted,

                                            DEFENDANT OFFICERS

                              BY:   /s/ Andrew M. Hale

Andrew M. Hale (ahale@ahlaelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

6

**CERTIFICATE OF SERVICE**

I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on October 9, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ *Brian J. Stefanich*