**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 00417 |
| v. | ) | |
| | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, JAMES OLIVER, | ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' MOTION IN LIMINE NO. 9 TO BAR EVIDENCE REGARDING CHICAGO POLICE DEPARTMENT INTERNAL RULES AND REGULATIONS**

Defendants James Oliver, Angelo Pesavento, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers"), by and through their attorneys, hereby move this Court, *in limine*, for an order barring evidence regarding Chicago Police Department internal rules and regulations. In support of their motion, Defendant Officers state:

1. The crux of Plaintiff's remaining claims in this case is that Defendant Officers used unduly suggestive procedures in conducting the lineup at which he was identified as the shooter in the underlying criminal case by the only surviving victim. Plaintiff asserts this allegation through various legal theories, bringing section 1983 due process and pre-trial detention without probable cause claims as well as malicious prosecution and intentional infliction of emotional distress claims.

2. In *Thompson v. City of Chicago,* 472 F.3d 444, 455 (7th Cir. 2006), the court broadly held, "the violation of police regulations or even a state law is *completely immaterial* as to the question of whether a violation of the federal constitution has been established." In addition,

such evidence has a high likelihood of confusing the issues and thereby unfairly prejudicing defendants. As such, this type of unfairly prejudicial evidence cannot be cured with a mere jury instruction. *Bruce v. City of Chicago*, 2011 WL 3471074, at * 3 (N.D. Ill. Jul. 29, 2011) (Dow, J.).

3. If the Court were to allow evidence of Chicago Police Department rules and regulations, there is also a high likelihood that the jury will confuse the issues of what may be required by various rules and regulations with what is actually required by the constitution.

4. As for what is required by the constitution, the Court will instruct the jury as to the elements of each of Plaintiff's claims and the jury will need to apply the instructions to the facts of the case. Evidence of internal rules and regulations is not only irrelevant but it poses an undue risk of unfair prejudice. Fed. R. Civ. P. 403.

5. Whether Defendant Officers followed the rules and regulations, including those applicable to conducting lineups, is also not relevant to Plaintiff's state law claims.

6. With respect to the malicious prosecution claim,[1] Defendant Officers anticipate Plaintiff will argue that their alleged failure to follow the rules and regulations is probative of a lack of probable cause. However, "[p]robable cause exists where the police officer is aware of facts and circumstances 'sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" *Coleman*, 925 F.3d 336, 350 (7th Cir. 2019) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L.Ed.2d 142 (1964)). The facts and circumstances known to the officers which the jury must assess are wholly independent of whether the officers followed any rule or regulation. And introducing the rules and regulations does nothing but shift

---

[1] To prevail on a malicious prosecution claim, plaintiff must prove that: (1) the defendants commenced or continued the criminal proceeding against him; (2) did so with malice; (3) without probable cause; (4) that the proceeding terminated in his favor in a manner indicative of innocence; and (5) that he suffered damages. *Swick v. Liautaud,* 169 Ill.2d 504, 512-513, 662, N.E.2d 1238 (1996); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921-22 (7th Cir. 2001).

2

the jury's focus from Plaintiff's burden of establishing that those facts and circumstances did not give rise to probable cause to whether the officers were sufficiently aware of and attentive to their employer's rules and regulation.

7. The consequence of such a shift will mislead the jury into equating the failure to follow a rule or regulation with a lack of probable cause, a determination that can only be made by assessing the facts and circumstances known to the officers at the time of Plaintiff's arrest. *Coleman*, 925 F.3d at 350.

8. Likewise, any failure to follow rules and regulations is not relevant to the element of malice. "Malice is defined as the initiation of a prosecution for any reason other than to bring a party to justice." *Rodgers v. Peoples Gas, Light & Coke Co.*, 733 N.E.2d 835, 842 (Ill. App. Ct. 2000); *Salmen v. Kamberos*, 565 N.E.2d 6, 10 (Ill. App. Ct. 1990). As an initial matter, the Court has already rejected Plaintiff's claims that Defendant Officers fabricated, destroyed and suppressed evidence. *See* Def. Officers Motion *In Limine* No. 4. Thus, Plaintiff cannot argue that such misconduct (had it not been rejected by the Court) raises an inference that any failure to follow the rules and regulations was intended to harm Plaintiff. In addition, Plaintiff has not alleged that he was abused or coerced into confessing or disparaged in any way nor has he has alleged or adduced any evidence that the officers knew him before the crime occurred or harbored any ill will or bias towards him. Absent such context, any failure to follow rules and regulations is not even remotely relevant to the issue of malice.

9. Finally, even if Plaintiff had alleged or adduce some evidence of malice, he has failed to adduce any evidence that the officers intentionally failed to follow the rules and regulations in his case. To the contrary, the officers that testified on this issue acknowledged a general awareness of some of the rules and regulations (they are voluminous) but not an

understanding that they had failed to follow a particular rule or regulation in Plaintiff's case. That is, there is no evidence that to the extent an officer failed to follow a rule or regulation, such failure was intentional.

10. The same analysis applies to the intentional infliction of emotional distress claim.[2] As discussed above, there is no evidence that any failure to follow a rule or regulation was intentional. And any such failure simply cannot be deemed "so extreme as to go beyond all possible bounds of decency and to be regarded as intolerable in a civilized community," the standard Plaintiff must meet to sustain this claim. *Taliani v. Resurreccion*, 2018 IL App (3d) 160327, ¶ 26, 115 N.E.3d 1245, 1254, *appeal denied*, 124 N.E.3d 500 (Ill. 2019).

WHEREFORE, Defendant Officers request the Court issue an order barring any testimony or documentary evidence, including Plaintiff's trial exhibits 1-5, 7, 9-14 and 21, relating to internal Chicago Police Department rules and regulations.

        Respectfully submitted,

        DEFENDANT OFFICERS

BY: /s/ Andrew M. Hale

Andrew M. Hale (ahale@ahlaelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

---

[2] To prevail on a claim of intentional infliction of emotional distress, the plaintiff must prove the following three elements: (1) that the defendant's conduct was truly extreme and outrageous, (2) that the defendant either intended that his conduct would cause severe emotional distress or knew that there was a high probability that his conduct would do so, and (3) that the defendant's conduct did in fact cause severe emotional distress. *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988).

**CERTIFICATE OF SERVICE**

I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on October 9, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ *Brian J. Stefanich*