IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 14 TO BAR THE TESTIMONY OF DALE TIPTON**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill, by their attorneys, move this Honorable Court for an order barring Plaintiff from calling Dale Tipton as a witness at trial. In support of this motion, defendants state as follows:

1. Dale Tipton was never disclosed by Plaintiff in any of his Rule 26 disclosures.

2. As a result of Mr. Tipton never being disclosed, the Defendants never had the opportunity to depose him.

3. Fact discovery in this case closed on June 8, 2018.

4. On September 27, 2018, Plaintiff produced an affidavit of Mr. Tipton. *See* Aff. of Tipton, attached hereto as Exhibit A.

5. During discovery in this case, the FBI produced heavily redacted documents regarding an ongoing investigation into Anthony Williams at the time of the double murder of Derrick Frazier and Ledell Clayton. One of the documents produced by the FBI was a police report authored by Maurice Willis summarizing a statement from Clifford Frazier about the shooting (the "Willis report").

6. Mr. Tipton averred that in 1994 he was a special agent for the FBI. Ex. A ¶ 2. Mr. Tipton further stated although he has no present recollection of a meeting with Detective Siwek about the double murder, he believes he was present for such a meeting based on an FBI report documenting the meeting. *Id.* at ¶ 4. Mr. Tipton goes on to state that if, in the actual FBI file on the Anthony Williams investigation (not what was produced to the parties in this litigation), the Willis report appears after the FBI report documenting Mr. Tipton's meeting with Siwek, then he would have obtained the Willis report[1] from Siwek. *Id.*

7. It appears that Plaintiff would be offering the testimony of Mr. Tipton as evidence of Siwek's intent as that relates to Plaintiff's state law claims. The theory apparently being that he purposefully gave the Willis report to the FBI in order to conceal impeachment[2] evidence of Clifford Frazier.

8. Mr. Tipton should be barred as a witness for two reasons. First, Mr. Tipton was not disclosed in Plaintiff's Rule 26(a)(1) disclosures and Defendants were never given an opportunity to depose him. Second, Mr. Tipton's testimony is irrelevant as he has no knowledge about where the Willis report appears in the actual FBI file.

9. Federal Rule of Civil Procedure 26 provides that a party must disclose individuals that are likely to have discoverable information – along with the subjects of the discoverable information – that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 37 provides that a party that without substantial justification fails to disclose information required by Rule 26 is not, unless the failure is harmless, permitted to use as

---

[1] The Willis report does not appear in the Investigative File, or the current iterations of the files from the Cook County Public Defender's Office or the Cook County State's Attorney's Office.
[2] In its summary judgment ruling, the district court found that the Willis report offered "only cumulative or very weak impeachment of Clifford." *See* Dkt. No. 276 at p. 42.

evidence at trial any witness not so disclosed. Fed. R. Civ. P. 37(c)(1).

10. In this case, Defendants were prejudiced by the failure to disclose Mr. Tipton during fact discovery as they were then never given an opportunity[3] to depose him. Additionally, Mr. Tipton's affidavit is the only piece of evidence connecting Siwek to the Willis report.

11. Even if the Defendants were not prejudiced by Plaintiff's failure to disclose Mr. Tipton, he should still be barred from testifying as a witness because his testimony is entirely speculative. In essence, Mr. Tipton avers that if the FBI produced the documents to the litigants as they are actually kept in the original FBI file, then he would have received the Willis report from Siwek. The problem is that neither the parties nor Mr. Tipton have seen how the documents were kept in the original FBI file. Without a link to the original FBI file, Mr. Tipton's testimony about how the documents were obtained is speculative and irrelevant.

Wherefore, for the foregoing reasons Defendants request an order barring Mr. Tipton from testifying at trial.

Respectfully submitted,

/s/ *Brian J. Stefanich*
One of the Attorneys for Defendant Officers

Andrew M. Hale (ahale@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph. (312) 341-9646
Fax (312) 341-9656

---

[3] In order to depose a former federal agent like Mr. Tipton the Defendants would have had to satisfy the *Touhy* regulations. See *Touhy v. Regan*, 340 U.S. 462 (1951); 28 C.F.R Section 16.22.

## **CERTIFICATE OF SERVICE**

I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on October 10, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ *Brian J. Stefanich*