UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE L. BOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 00417 |
| v. ) | |
| ) | Honorable Judge Seeger |
| ) | |
| CITY OF CHICAGO, JAMES OLIVER, ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OFFICERS' CORRECTED MOTION *IN LIMINE* NO. 8 TO BAR REFERENCE TO PLAINTIFF'S CERTIFICATE OF INNOCENCE**

Defendants James Oliver, Angelo Pesavento, and Edward Siwek, (collectively "Defendant Officers") by their attorneys, hereby move this Court, *in limine*, for an order barring evidence relating to the grant of Plaintiff's petition for a certificate of innocence. In support of their motion, Defendant Officers state:

Plaintiff seeks admission of the order granting him a certificate of innocence pursuant to 735 ILCS 5/2-702 to sidestep his burden of proof, and usurp the fact-finding function of the jury, with respect to his malicious prosecution claim. Specifically, having failed to allege or adduce any evidence that the circumstances surrounding the dismissal *nolle prosequi* of the criminal proceedings against him "compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution," (*Swick v. Liautaud,* 169 Ill.2d 504, 513-514 (1996)),[1], [2] plaintiff

---

[1] To prevail on a malicious prosecution claim, plaintiff must prove that: (1) the defendants commenced or continued the criminal proceeding against him; (2) did so with malice; (3) without probable cause; (4) that the proceeding terminated in his favor in a manner indicative of innocence; and (5) that he suffered damages. *Swick,* 169 Ill.2d 504, 512-513 (1996); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921-22 (7th Cir. 2001).

[2] Plaintiff merely alleges that his conviction was vacated, his charges were dismissed and his petition for a certificate of innocence was granted. (Dkt.#236, ¶¶85-87.)

wants to substitute the evidence required to sustain his claim with an inadmissible, irrelevant hearsay finding of another court.

As the record stands now, the evidence indisputably establishes that Plaintiff's conviction was not vacated because a confession or witness testimony was coerced or fabricated. Nor was it vacated because a witness recanted or exculpatory evidence was suppressed. Indeed, Plaintiff's conviction was affirmed on direct appeal by the Illinois Appellate Court for the First District and the Illinois Supreme Court. And neither court found any wrongdoing on the part of Defendant Officers.

Plaintiff's conviction was ultimately vacated because the Circuit Court of Cook County found that Plaintiff's criminal counsel was ineffective for failing to make sufficient efforts to track down and interview an alibi witness (Plaintiff claimed that his counsel failed to track down and present three alibi witnesses, Octavia Jackson, Vondell Goins and Todd Henderson; however, the court found Jackson and Goins' testimony to be blatantly not credible).[3] Linda Walls, plaintiff's prosecutor in his post-conviction proceedings, testified in this case that she did not believe plaintiff had been wrongfully convicted and argued vehemently during his post-conviction proceedings that his purported alibi witnesses were not credible and that Clifford Frazier was an honest man who made the right identification and whose self-evident credibility stood in stark contrast to Plaintiff's purported alibi witnesses. In short, the State had every intention of retrying plaintiff and had commenced proceedings to retry plaintiff, successfully seeking bail in the amount of $1 million in February 2016 and, in March 2016, reserving a jury for June 17 through June 24, 2016 for trial. In

---

[3] Henderson's testimony also suffers from some serious credibility issues. For example, Henderson has testified in this case that that he was able to identify Plaintiff after eighteen years having seen him only once in his life for five to ten minutes while at the same time testifying that, on the night of the shooting, he only got a partial sideview of the individual he claims was Plaintiff.

fact, Walls testified at her deposition that the only reason she *nolled* the charges against plaintiff was because she was ordered to do so.

Shortly after the decision had been made to retry plaintiff, his counsel sent a letter to the Criminal Prosecutions Chief, Fabio Valentini, declaring Plaintiff's innocence, assuring him that the time Plaintiff spent in prison after his conviction was "the responsibility" of "another prosecutor's office" but informing him that the time Plaintiff was spending in prison after his conviction was vacated was "the responsibility" of Anita Alvarez's office. Plaintiff's counsel also informed Valentini that he would "pursue zealously [Plaintiff's] innocence" and that it was his "duty" to "question publicly, as loudly as [he could], why [the State's Attorney's] office would cling to a wrongful conviction." (See Letter dated February 22, 2016 attached to this motion as Exhibit 1.) A few weeks later, Walls was directed to *nolle pros* Plaintiff's case.

Even after entry of *nolle prosequi*, "[t]he burden of proof of a favorable termination [] remains with the plaintiff. *Swick*, 169 Ill. 2d at 513. Indeed:

> Only when a plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof. The circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution.

*Id.* at 513-14. The *Swick* court further instructed that merely alleging a lack of evidence showing guilt and offering a *nolle prosequi* order that does not explain why it was entered without testimony stating the reasons behind its entry is insufficient to meet this burden of proof. *Id.* at 514. Walls has testified that she *nolled* Plaintiff's case because Valentini and Alvarez ordered her to do so. Neither Valentini or Alvarez were deposed in this case nor are they identified as witnesses for trial. Thus, Plaintiff cannot rely on the *nolle prosequi* order to meet the burden of proof necessary to sustain his malicious prosecution claim. Nor can he rely on the order granting his petition for a

3

certificate of innocence that was entered *after* the decision to *nolle* was made and that is irrelevant and otherwise inadmissible here.

### Plaintiff's Petition For A Certificate Of Innocence

The "substantive" portion of Plaintiff's five-page "petition" consists of two pages of (i) allegations giving a brief description of Plaintiff's version of events on the night of the shootings and (ii) conclusory statements mischaracterizing the testimony and evidence at trial. (See Plaintiff's Petition For A Certificate Of Innocence attached to this motion as Exhibit 2, 1-5.) There is not a single affidavit or transcript or document whatsoever (from a record consisting of tens of thousands of pages of documents and transcripts) cited or attached to support the allegations or the characterizations. Instead, Plaintiff attached the appellate court opinion remanding his post-conviction petition for a third-stage hearing on the issue of whether his counsel's efforts to locate Jackson, Goins and Henderson were sufficient, the circuit court opinion vacating his conviction and the single-page *nolle prosequi* order containing the words "MS Nolle." (*Id.* at Exhibits A-C.) The State took no position on Plaintiff's petition. The court did not hold any hearings on the petition or require Plaintiff to submit any evidence and summarily granted Plaintiff a certificate of innocence based solely on his five-page petition. (See Report of Proceedings dated September 1, 2016 attached as Exhibit 3 to this motion.)

The Seventh Circuit has yet to address the issue of whether a judgment granting a petition for a certificate of innocence is admissible in a section 1983 action as evidence of whether a dismissal *nolle prosequi* is "indicative of innocence" as required to sustain a claim for malicious prosecution. Our circuit has, however, addressed whether a prior judgment is admissible as evidence of some necessary fact in a subsequent case. Consistent with other circuits, it has held that such a judgment is not admissible as evidence of a necessary fact in subsequent litigation

because the judgment is hearsay in nature, not relevant to the claims in the subsequent suit and either usurps the jury's role in assessing credibility or would be unfairly prejudicial. *Schultz v. Thomas*, 832 F.2d 108, 110–11 (7th Cir. 1987) (barring a state court opinion from being admitted into evidence at a civil trial because it was irrelevant and the "opinion so unavoidably overlapped the jury's role in assessing the credibility of the key witness as to unfairly prejudice the defendants by denying them the right to have a jury decide the facts which formed the claims against them."); *cf. Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) ("civil judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those facts, the judgment is hearsay."); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (prior judgment "is hearsay evidence, under Fed. R. Evid. 801(c), which is not admissible unless it falls within one of the exceptions mentioned in the Federal Rules of Evidence" and the court finding that no exceptions were applicable); *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) ("A court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment." (internal quotation marks omitted)).

Although research continues, defendants have found but one published opinion from our district courts addressing this specific issue, *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 747 (N.D. Ill. 2015). In *Kluppleberg*, the court found that an order granting a certificate of innocence ("COI") was relevant to the issue of innocence and then considered (but reserved ruling on) whether innocence was relevant to the element of materiality in a *Brady* claim in that a jury may focus on the plaintiff's guilt or innocence rather than on whether the defendants withheld material evidence. *Id.* at 745. The court also considered whether, and found that, innocence was relevant to the plaintiff's damages. *Id.* at 746.

The court then addressed the defendants' arguments that the finding of innocence (*i.e.*, the COI), even if relevant, was hearsay and did not fall within the public records exception to the hearsay rule. *Id.* at 746-47. The court agreed that judicial findings of fact generally do not fall within the exception and acknowledged that *Greycas* recognized as much. *Id.* at 746. Nonetheless, the court read *Greycas* as questioning the soundness of this rule and pointed out that it upheld the trial court's admission of a state court judgment determining the priority of liens as "some evidence of the degree to which [the defendant's] misconduct injured [the plaintiff]" which was analogous to the *Kluppleberg*'s plaintiff's argument that his injury included the need to apply for and obtain the COI. *Id.* (quoting *Greycas*, 826 F. Ed at 1567). The court determined that *Greycas* thus "opened the door to an expansion of admissibility of judicial findings" and allowed the COI into evidence under Rule 803(8) as evidence of the extent of the plaintiff's damages. *Id.* at747.

But the *Kluppleberg* court overlooked two key point keys in *Greycas* which led to an overbroad reading of the case. First, *Greycas* pointed out that:

> A practical reason for denying [prior judgments] evidentiary effect is, however, the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present. *The difficulty must be especially great for a jury, which is apt to give exaggerated weight to a judgment.*

826 F. Ed at 1567 (emphasis added). The court then reasoned that where there is no jury, as in its case, "we are not sure the rule should apply." *Id.* Thus, all *Greycas* actually questioned was whether the rule for denying the evidentiary effect of prior judgments is necessary in a bench trial. The second key point in *Greycas* was that the state court judgment at issue was an adjudication of property rights under state law pursuant to state ststute. *Id.* As such, the judgment was admissible *not* as a public record exception under Rule 803 but as a record of a document that affects property

6

rights under Rule 803(14). *Id.*[4] Thus, contrary to *Kluppleberg*'s conclusion, *Greycas* did not change or expand the rules on the admissibility of prior judgments in connection with jury trials.

The other problem with *Kluppleberg* is that it conflates evidence of innocence (or guilt) with an opinion of a judge in another court assessing a different record (or in this case, with no record) without even the benefit of an adversarial process.[5] And while the court was quick to express concern that a jury might ignore a constitutional violation if it believed a plaintiff to be guilty of the underlying crime, it wholly failed to consider that a finding of innocence by a judge in another proceeding could cause a jury to conclude that a plaintiff is in fact innocent without weighing the balance of the evidence itself and therefore entitled to damages regardless of whether a defendant breached any state or federal law, or the jury could conclude (again without appropriately weighing all of the evidence) that the defendant must have violated some law or the plaintiff would not have been convicted.

A better reasoned case is *Fields v. City of Chicago,* which confirmed its ruling denying the defendants' request to admit the denial of a petition for a certificate of innocence at trial as evidence of the plaintiff's guilt, expressing "serious doubt" as to whether "it would be appropriate

---

[4] *See also Nipper v. Snipes*, 7 F.3d 415, 417 ("We also note that when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly. See Fed. R. Evid. 803(22) (previous conviction); Fed. R. Evid. 803(23) (personal history, etc., boundaries). Therefore, we can find no basis on which to imply that Rule 803(8)(C) applies to judicial findings of fact.")

[5] *See Schultz*, 832 F.2d 108, 111 ("Judge Flynn's findings and opinion regarding Schultz's arrest and subsequent prosecution are irrelevant to an adjudication of his civil rights claim. Judge Flynn was not a witness to the events in question and therefore could not properly comment on what transpired on November 14, 1984. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter....") * * * The appellee maintains that Judge Flynn was, in fact, a witness to the defendants' false testimony given during the disorderly conduct trial and therefore could properly testify upon such matters. Again, however, Judge Flynn was not testifying about the existence of some objective fact as to which he had personal knowledge; but rather, gave his opinion based upon his own assessment of the witnesses' credibility. Such opinion testimony, unless rendered by an expert upon matters of "scientific, technical, or other specialized knowledge," *see* Fed. R. Evid. 702 & 703, is inadmissible. *See* Fed. R. Evid. 602.")

to introduce another fact-finder's rulings on issues the jury in this case was called upon to determine for the very purpose of influencing the jury's determination of those same issues." 2017 U.S. Dist. LEXIS 146077, at *36-38 (N.D. Ill. Sep. 11, 2017) (Kennelly, J.) (Dkt. #1227, 26-27.) As the court remarked, it was proper to exclude the results of the COI proceedings at to both liability and damages and the defendants' claim that evidence regarding the CO proceedings was necessary to rebut the plaintiff's claim that he was innocent of the underlying crime was meritless. Indeed, the court admonished, the defendants had plenty of opportunity to submit actual evidence to demonstrate the plaintiff's alleged guilt and the opinion of another court was simply not relevant. *See Schultz, supra* at n. 5 *supra*. Thus, *Fields*, unlike *Kluppleberg*, is consistent with *Greycas* and *Schultz* both of which are binding precedent that cannot be disregarded and require the Court to bar the admission of any evidence referring or relating to Plaintiff's certificate of innocence proceedings.

      Wherefore, for all of the foregoing reasons, Defendant Officers respectfully request that the Court issue an order barring any testimony or documentary evidence relating or referring to the grant of Plaintiff's Petition for A Certificate of Innocence.

                                      Respectfully submitted,

                                      /s/ *Brian J. Stefanich*
                                      One of the Attorneys for the Defendant Officers

Andrew M. Hale
William E. Bazarek
Brian J. Stefanich
Hale & Monico, LLC
53 West Jackson, Suite 330
Chicago, IL 60604
(312)-870-6909
ahale@ahalelaw.com
wbazarek@ahalelaw.com
bstefanich@ahalelaw.com

## **CERTIFICATE OF SERVICE**

  I, Brian Stefanich, an attorney, hereby certify that I filed the attached document on October 10, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

                /s/ *Brian J. Stefanich*