**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION *IN LIMINE* NO. 2 TO BAR INDEMNIFICATION OR**
**ANY REFERENCE TO THE CITY OF CHICAGO AS DEFENDANT**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Response to Defendants' Motion *in Limine* No. 2 to Bar Indemnification or Any Reference to the City of Chicago as Defendant (Dkt. 309).

## BACKGROUND

In this case, Plaintiff has brought several civil rights claims against Individual Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill ("Defendants"), as well as the City of Chicago ("City"), based on their respective misconduct. Against the City, Plaintiff has asserted a 42 U.S.C. § 1983 *Monell* claim and state law claims for *respondeat superior* liability and indemnification. *See* Compl., Dkt. 236, at ¶¶ 122–28, 147–52.

On July 19, 2018, the Court bifurcated and stayed Plaintiff's *Monell* claim against the City from his claims against Defendants, *see* Dkt. 213, but Plaintiff's state-law claims against the City remain in the case. Additionally, the City has stipulated that it will pay any compensatory damages awarded to Plaintiff stemming from Defendants' individual liability. *See* Dkts. 69, 70, 168, 169, 221.

1

Defendants now move to bar Plaintiff from (1) introducing any evidence of the City's indemnification obligations, and (2) making any reference to the City as a defendant. Both arguments should be rejected.

## ARGUMENT

### I. Reference to Indemnification Is Proper Because Defendants Will Introduce Evidence of Their Financial Condition.

Although courts generally bar indemnification evidence, "the rationale for applying the general rule is dissolved" if Defendants offer evidence about their financial condition. *See Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). At that point, Defendants have "opened the door" by making clear their intent to offer evidence of their financial condition at trial, and thus, the district court should permit indemnification evidence. *Id.*; *see also, e.g.*, *Jones v. City of Chicago*, No. 14-cv-4023, 2017 WL 413613, at *4 (N.D. Ill. Jan. 31, 2017) ("Jones may, however, introduce evidence of the City's indemnification if Defendants 'open[] the door' by presenting evidence of their financial condition.") (brackets in original); *Galvan v. Norberg*, No. 04 C 4003, 2006 WL 1343680, at *2 (N.D. Ill. May 10, 2006) ("[I]f [Defendants] plan to apprise the jury of the fact that the individual officers will have to bear [punitive] damages out of their own pockets, fairness would require that the jury also be informed of the true situation (indemnification) as to compensatory damages.").

Defendants asserted that they may elect to inform the jury that they are "liable for payment of punitive damages awarded against them." *See* Mot. at 4. Likewise, during negotiations on jury instructions, Defendants offered an instruction on punitive damages that included "Defendants' financial condition" as a factor that the jury should consider. *See* Ex. A, Excerpt of Defendants' Proposed Jury Instructions. The Seventh Circuit holds that such an instruction is only appropriate "if evidence was admitted on that topic." Fed. Civ. Jury Instr. of the 7th Cir. § 7.28, Committee

Comment C.  Accordingly, fairness requires "that the jury also be informed of the true situation (indemnification) as to compensatory damages."  *Galvan*, 2006 WL 1343680, at *2.

## II.     Reference to the City Is Appropriate Because the City Is Still a Defendant in This Case.

Defendants' attempt to erase the City from this case by barring "any reference" to the City is precluded by well-established legal precedent and should be rejected.  Judge Shah's bifurcation order did not change the fact that the City is still a defendant at trial with respect to Plaintiff's *respondeat superior* and indemnification claims.  The City, therefore, must appear in the case caption, the jury instructions, and on the verdict form, and Plaintiff must be permitted to reference this ***defendant*** during the trial.  Courts within this district routinely reject attempts to bar reference to the City as a defendant.  *See, e.g.*, *Jones*, 2017 WL 413613, at *6 (refusing to remove the City as a named trial defendant, "including by removing the City from the case caption and the verdict form," because "[t]he City is still a Defendant in this case under a respondeat superior theory … as well as for Jones's indemnification claim."); *Wilbon v. Plovanich*, No. 12 C 1132, 2016 WL 890671, at *3 (N.D. Ill. Mar. 9, 2016) ("[T]he indemnification claim against the City is still part of this lawsuit.  For that reason, the City of Chicago will remain named on the caption, jury instructions, and verdict forms."); *Bruce v. City of Chicago*, No. 09 C 4837, 2011 WL 3471074, at *4 (N.D. Ill. July 29, 2011) ("[T]he Court will not strike the City of Chicago from the caption because Plaintiff has asserted a state law claim for respondeat superior against the City. The City is a party to the case and should remain in the case caption.").

Like the plaintiffs in *Jones*, *Wilbon*, and *Bruce*, Plaintiff has asserted claims against the City under a *respondeat superior* theory and for indemnification.  These claims were not affected by the Court's bifurcation order.  The City remains a defendant in this case, and Plaintiff should be permitted to inform the jury of this fact.

3

### III.    Defendants' Prejudice Concerns are Unfounded.

Defendants contend that informing the jury of the City's indemnification obligations "may encourage jurors to find for Plaintiff regardless of the facts presented at trial." Mot. at 5. They offer no support for this conclusory assertion. They further contend that knowledge of indemnification "may also cause jurors to inflate a damages award out of sympathy for Plaintiff or for other irrelevant factors." *Id.* This contention—unsupported by any facts or case law—also should be rejected for several reasons.

First, as discussed above, fairness dictates that the jury hear about the City's indemnification obligations if Defendants offer evidence of their financial condition. Second, while there has traditionally been some concern that a jury could inflate a damages award because the City is footing the bill, at least one judge in this district has recognized that "current events render any such concern unrealistic as to any reasonably well informed person. [The] City's economic woes are widely known, and it is entirely possible that jurors could be less inclined to tap into [the] City's version of Mother Hubbard's Cupboard." *Tolliver v. Gonzalez*, No. 10 C 1879, 2011 WL 5169428, at *3 n.2 (N.D. Ill. Oct. 31, 2010). Moreover, the inverse of Defendants' proffered concern is also true if defendants' motion were granted: "there is a corresponding danger that a jury, uninformed about any right of indemnification and aware of the comparatively modest income of police officers, could be inclined to lowball a damage award because of that awareness." *Id.* at *3. Defendants' purported concern is best addressed by an appropriate jury instruction regarding the factors the jury is to consider when determining a damages award. *Id.* ("[T]he solution that is most fair to both sides is to apprise the jury of the City's obligation to make good on compensatory damage awards against its officers, coupled with a strongly worded cautionary instruction that no consideration of that fact is permitted to enter into the jury's determination of

4

reasonable damages based on the court's customary damages instruction.")

To the extent Defendants suggest that mere reference to the City as a defendant would be prejudicial, this contention also should be rejected. Any reference to the City as a defendant "will not be unduly prejudicial, given that the jury will already know that the Defendant police officers [were] employees of the City of Chicago." *Smith v. Garcia*, No. 15-cv-10105, 2018 WL 461230, at \*9 (N.D. Ill. Jan. 18, 2018). Accordingly, Defendants' motion should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order denying Defendants' Motion *in Limine* No. 2.

Dated: November 8, 2019

Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.


*/s/ Valarie Hays*
Valarie Hays