IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT OFFICERS'
MOTION *IN LIMINE* NO. 5 TO BAR CHARLES INGLES
FROM TESTIFYING TO HIS EXPERIENCE IN OTHER CASES**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Response to Defendant Officers' Motion *in Limine* No. 5 to Bar Charles Ingles from Testifying to His Experience in Other Cases (Dkt. 312).

**INTRODUCTION**

Defendants seek to exclude certain statements of Plaintiff's prior criminal defense attorney, Charles Ingles. Specifically, they seek to exclude Ingles' testimony that prior to the date when he brought Plaintiff into the Area 2 station to participate in the live lineup, Area 2 detectives always allowed him to watch the lineups involving his clients from the witness viewing room. Contrary to Defendants' assertions, this evidence is relevant. The evidence is relevant for purposes of establishing Defendants' intent when they precluded Ingles from viewing Clifford Frazier's purported identification of Plaintiff. The evidence also further corroborates Plaintiff's expert's testimony that Defendants' actions were inconsistent with reasonable police practices. Finally, the evidence provides relevant background information about Ingles' and Plaintiff's expectations when they agreed that Plaintiff would participate in the lineup.

1

## BACKGROUND

When Plaintiff learned that the police were looking for him in connection with a shooting outside of the J&J Fish restaurant in 1994, he retained Ingles to accompany him to Area 2 to meet with Defendants. At Area 2 on February 26, 1994, Plaintiff agreed to participate in a lineup, but only after Defendants Angelo Pesavento and George Karl promised to allow Ingles to observe Clifford's viewing of the lineup. Once Plaintiff was in the lineup room, however, Defendants refused to allow Ingles to observe the lineup from the witness room as agreed. In fact, Ingles testified that Pesavento physically blocked him from entering the witness room. Ingles was enraged that Pesavento and Karl had reneged on their promise and deviated from what he knew to be the typical practice at Area 2. While Ingles was blocked by Pesavento, Clifford was alone with Defendant James Oliver, and the resulting unduly suggestive identification procedure ensued. As a direct result of this unconstitutional lineup, Plaintiff was wrongfully arrested, convicted, and incarcerated for over 22 years before his exoneration.

At Plaintiff's criminal trial, Ingles testified about Pesavento's and Karl's conduct at Area 2 on February 26, 1994, including that Defendants improperly walked Clifford past Plaintiff before the lineup. However, the trial judge barred Ingles from testifying about other instances in which he was allowed by detectives to observe the lineups. The court believed that such testimony was irrelevant because Plaintiff was not under arrest at the time of the lineup and therefore had no constitutional right to counsel. *See* Ex. A, Excerpt of Report of Proceedings, *People v. Bolden*, 94 CR 8397 (Oct. 29, 1996), at 3:2-7:1. Defendants seek to exclude the same testimony at the upcoming trial, but Plaintiff seeks to offer the evidence for purposes other than showing that he was denied a right to counsel.

**ARGUMENT**

Defendants assert that Ingles' statement about his past experiences with lineups at Area 2 (hereinafter referred to as "Ingles' testimony") is irrelevant and offered for the sole purpose of implying that Defendants "had a tendency to abandon protocol." Mot. at ¶ 9. They further assert that the testimony is prejudicial and misleading. *Id.* Plaintiff seeks to admit the testimony for purposes not addressed by Defendants, and admission of this testimony would not mislead the jury or unfairly prejudice Defendants.

### I.  Legal Standard

Evidence is relevant if it "has *any* tendency" to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401 (emphasis added). Rule 401's "basic standard of relevance thus is a liberal one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); *see also United States v. Murzyn*, 631 F.2d 525, 529 (7th Cir. 1980) (noting the "minimal nature of the relevancy requirement under the federal rules"). "[T]o satisfy the requirement of Rule 401, the evidence need not be conclusive on a given point or have great probative weight." *Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 390 (N.D. Ill. 2012). Relevant evidence "is admissible unless the Rules provide otherwise." *Huddleston v. United States*, 485 U.S. 681, 687 (1988).

### II.  Ingles' Testimony Is Relevant to Proving Pesavento's and Karl's Intent.

Ingles' testimony is relevant to proving Pesavento's and Karl's intent, which is an element of proof for most of Plaintiff's causes of action. The jury has to answer a key question: Why did Karl and Pesavento bar Ingles from viewing the lineup from the witness' room after giving their word that Ingles could do so? If it was Area 2's practice to preclude defense attorneys from viewing the witnesses during the lineups, then there may be a reasonable explanation (although

they still would have lied about it), but Ingles' testimony makes it more likely that this was not the case. Furthermore, Ingles' testimony helps refute Pesavento's anticipated testimony that this was a simple misunderstanding between him and Ingles. Pesavento previously testified that when he told Ingles he could observe the lineup, he meant that Ingles could stand in the participant room with his client, not in the witness room with Clifford. *See* Ex. B, Excerpt of Deposition of Angelo Pesavento, at 165:15-23. Ingles strongly refuted this notion at his deposition, testifying that there was no misunderstanding between him and Pesavento. *See, e.g.*, Ex. C, Deposition of Charles Ingles, at 42:12-13 ("He lied to me."). Ingles further stated that Pesavento's explanation did not make sense. *Id.* at 35:20-24 ("Of course, that's the only room I'd want to be in. Would I want to be in the other room[?] … That doesn't make any sense, does it?"). Ingles' past experiences with Area 2 lineups makes it more likely that there was no misunderstanding and that Pesavento and Karl lied to Ingles so they could direct Clifford to identify Plaintiff without a witness present. Indeed, Ingles' testimony is consistent with the Chicago Police Department's lineup policy that stated detectives could allow attorneys to view the lineup from the witness room. *See* Ex. D, Chicago Police Department General Order 88-18, at II(B) ("[I]f the suspect's attorney is present … and in the opinion of the supervisor the attorney would not impede, either tacitly or overtly, the impartial objectives of the lineup, the attorney may be allowed as an observer.").

### III. Ingles' Testimony Corroborates Plaintiff's Police Practices Expert.

Ingles' testimony also corroborates the testimony of Plaintiff's police practices expert, Dr. William Gaut. Dr. Gaut will testify that Defendants' conduct during the lineup departed from reasonable police practices. *See* Ex. E, Expert Report of William T. Gaut, PhD, at 9-15. Among other things, Dr. Gaut will testify that Pesavento's explanation that he would have allowed Ingles to observe from the participant room "does not make sense from a law enforcement perspective."

4

*Id.* at 12 (explaining that "the purpose of having counsel present at the identification is to enable counsel to ensure that no suggestive statements were made to the witness and confirm that the witness did in fact say or do what the law enforcement officers later represented to be the case"). Ingles' prior experiences with detectives at Area 2 further corroborates Dr. Gaut's conclusion that when detectives allow an attorney to watch a lineup, the common practice, and the only reasonable practice, is to allow the viewing of the witness. It is not expected that anything of significance would be seen from the room where the lineup participants are held. This testimony about Pesavento's and Karl's unreasonable police practices and their false statements to Ingles and during their testimony about their prior conversations with Ingles "support[s] an inference that [Defendants] acted *deliberately* to violate [Plaintiff's] rights." *Jimenez v. City of Chicago*, 732 F.3d 710, 722 (7th Cir. 2013) (emphasis added).

  **IV.**  **Ingles' Testimony Is Relevant to Explaining Why Plaintiff Agreed to Participate in the Lineup.**

  Ingles' testimony also helps explain why Plaintiff agreed to participate in a lineup. Ingles' experience with earlier Area 2 lineups is what Ingles shared with Plaintiff when explaining to him how the lineup process worked. As Ingles' testified during his deposition, it was important for him to be in the room with witnesses when his clients were participating in lineups, so that Ingles "could observe their demeanor, observe whether they were making positive IDs, or what they were saying, if they were being coached." Ex. C, at 35:18-20. Had Plaintiff known that Defendants were going to renege on their promise and preclude Ingles from playing his typical role in the lineup process, Plaintiff would not have agreed to participate in the lineup, and he would have never been charged with a crime.

  **V.**  **Ingles' Testimony Would Not Be Unduly Prejudicial or Misleading.**

  Admission of Ingles' testimony would not be unduly prejudicial or mislead the jury.

5

Contrary to Defendants' suggestion, Plaintiff will not argue that Ingles' exclusion from the lineup violated the constitution, Mot. at ¶ 7, and thus, there is no danger the jury will make this impermissible inference. Nor will Ingles' testimony mislead the jury by suggesting that Defendants "had a tendency to abandon protocol." *Id.* at ¶ 9. Plaintiff's counsel will only offer evidence and arguments related to Defendants' abandonment of protocol with respect to the investigation of Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order denying Defendants' Motion *in Limine* No. 5 to Bar Charles Ingles from Testifying to His Experience in Other Cases.

Dated: November 8, 2019

Respectfully Submitted,

/s/ *Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valarie Hays*
Valarie Hays
