IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT OFFICERS'
MOTION *IN LIMINE* NO. 1 TO BAR EVIDENCE OF A COMPOSITE SKETCH
IDENTIFIED AS PLAINTIFF'S TRIAL EXHIBIT 19**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Response in Opposition to Defendant Officers' Motion *in Limine* No. 1 to Bar Evidence of a Composite Sketch Identified as Plaintiff's Trial Exhibit 19 (Dkt. 308).

**INTRODUCTION**

Defendant Officers ("Defendants") make a futile attempt to eliminate one of Plaintiff's most critical and devastating pieces of evidence: the sketch of the perpetrator that was prepared at the direction of Clifford Frazier ("Clifford"), a sketch that looks nothing like Plaintiff. Defendants halfheartedly assert that there is no evidence Defendants knew about the sketch of the perpetrator, despite the fact that they were the law enforcement officers assigned to find the perpetrator, the sketch was in their investigative file, Defendant George Karl logged it into the file, Defendant Angelo Pesavento admitted that he believed he had seen it prior to Plaintiff's arrest, and the state prosecutor identified Defendant James Oliver as the Chicago Police Department ("CPD") officer with knowledge of its creation. Defendants also take the perplexing position that the sketch, which is clearly not a statement, should be excluded as hearsay, an argument that has

1

no support in federal legal precedent. Defendants' objections to the admission of the sketch can be easily denied for what they are, a baseless attempt to preclude the jury from seeing evidence that demonstrates Defendants' lack of probable cause to arrest Plaintiff and their bad faith. The sketch also will effectively impeach Clifford at trial. It appears that Defendants will continue to assert at trial that Plaintiff committed these crimes. Clifford's identification of Plaintiff remains the only evidence against Plaintiff. That Clifford helped create a sketch that he said looked like the offender, which looks nothing like Plaintiff, is critical impeachment of his testimony.

## BACKGROUND

Plaintiff's Trial Exhibit 19 is a composite sketch that was created by law enforcement based on Clifford's description of the person who he allegedly saw get into the back of the car with Derrick Frazier and Ledell Clayton just before they were killed, and who then fought with and shot him outside of J&J Fish on January 29, 1994. *See* Ex. A, Plaintiff's Proposed Trial Exhibit 19; Ex. B, Excerpts of Trial Testimony of Clifford Frazier, at 164:1-15. The sketch shows a light-skinned, light-eyed young man who is clean-shaven with short-cropped hair. This image is consistent with the description of his attacker that Clifford previously had given to a police officer on the night of the shootings: a man in his early twenties, clean-shaven with a light complexion and low-cut hair, approximately 6' tall and skinny. *See* Ex. C, General Progress Report; Ex. D, Excerpts from Trial Testimony of Michael Baker, at 32:5-19, 35:8-15. The sketch of the offender looked nothing like Plaintiff, who had a darker complexion, facial hair and was bald. *See* Ex. E, Photograph of Eddie Bolden on February 26, 1994.

On February 26, 1994, Defendants had Clifford view a lineup comprised of five participants, including Plaintiff. None of the participants in the lineup matched the description of the offender that Clifford previously provided. *See* Ex. F, Lineup Photos. Defendants arrested

2

Plaintiff immediately following the lineup based upon Clifford's identification of Plaintiff as the shooter.

## ARGUMENT

**I.     There Is Substantial Evidence That Defendants Saw the Sketch.**

Defendants seek to preclude admission of the sketch on foundational grounds, arguing that the sketch cannot be relevant if none of the Defendants saw it before Plaintiff was arrested. This line of argument fails because there is ample evidence in the record that Defendants knew about and saw the composite sketch.

As Defendants acknowledge, the sketch that comprises Trial Exhibit 19 was included in the Investigative File that led to Plaintiff's arrest and prosecution. *See* Ex. G Excerpt of Investigative File (containing three copies of the sketch). Pesavento, as lead detective on the case, repeatedly testified that he "probably" reviewed the sketch prior to putting Plaintiff in a line-up and placing him under arrest on February 26, 1994:

> Q.  Okay, were you aware of the sketch prior to putting Mr. Bolden in the lineup?
> A.  I don't recall.
> Q.  I'll represent to you that this sketch was part of the investigation materials in this case. I believe you testified earlier that you would have reviewed all of the materials in the case file, true?
> A.  Yes.
> Q.  And you would have done that before you arrested Mr. Bolden, right?
> A.  Yes.
> Q.  So based on that, do you believe that you did see this sketch before you put Mr. Bolden in the lineup or you believe you did not see the sketch?
> A.  I probably did.
>     THE COURT REPORTER:  I'm sorry, I probably?
>     THE WITNESS:  I probably did see it.
> *****
> Q.  I understand your testimony earlier was that you believed you did, in fact, see the sketch before you saw Mr. Bolden in for a line-up.
> A.  I probably did.

Ex. H, Excerpts of Deposition of Angelo Pesavento, at 93:21-94:16; 96:17-21. Pesavento also

testified that each detective on the team had a responsibility to keep the others apprised of any evidence that they knew of before making an arrest, and Pesavento listed Oliver, Karl, Siwek, and Kill all among the "Arresting/Investigating Officers" for Plaintiff's arrest. *See id.* at 191:4-8; *see also* Ex. I, Arrest Report.

It is telling that Defendants neglected to mention Oliver at all in their motion because the evidence demonstrates that Oliver was actually present when Clifford met with the FBI to create the sketch. Although Oliver denied any recollection of bringing Clifford to a sketch artist, Lynda Peters, the prosecutor on Plaintiff's case, noted in the State's Attorney's file that Oliver had knowledge about the sketch. *See* Ex. J, Peters Notes; *see also* Ex. K, Excerpts from Deposition of Lynda Peters at 44:20-46:12 (acknowledging that her notes reflect that Oliver had knowledge about the sketch). The State's Attorney's file also contains other handwritten notes referring to Oliver as a "witness to composite sketch," along with a "Det. Glynn" and possibly "FBI agent Able Peña." *See* Ex. L, State's Attorney's Notes. Oliver's involvement with the creation of the sketch is supported by Clifford himself, who recalled that the sketch was made at a federal building in downtown Chicago and noted that he had repeated interactions with Oliver during the course of the investigation. *See* Ex. M, Excerpts of Deposition of Clifford Frazier, at 42:12-47:20; *see also* Ex. B, at 164:16-23. The jury could reasonably infer from this evidence that Oliver was present when Clifford helped create the sketch.

The Investigative File Inventory reflects that Karl also personally handled the sketch, as he logged it into the Investigative File as "2 comp. pictures" on February 27, 1994, the day after the lineup and arrest, presumably by formally logging it into the official Investigative File as part of his post-arrest work.[1] *See* Ex. N, Investigative File Inventory. The fact that Karl added the sketch

---

[1] Defendants note that the Investigative File contains two sketches whereas Plaintiff's Proposed Trial Exhibit 19 only comprises one sketch. The Investigative File actually contains three similar copies of the

4

to the Investigative File on February 27, 1994—the day after Plaintiff was arrested—in no way suggests that Defendants did not have access to the sketch prior to Plaintiff's arrest. In fact, several other key documents created by Defendants prior to Plaintiff's arrest, including general progress reports, also were entered into the Investigative File after Plaintiff's arrest. *See id.* The entries on the Investigative File Inventory suggest that the date that a given document was logged bore little relation to the date the document was created or came into Defendants' possession. *See, e.g.*, *id.* (reflecting that the supplementary report documenting the lineup and Plaintiff's arrest report were both logged into the file on March 2, 1994).

The testimony of Pesavento also suggests that Siwek and Kill had access to the sketch as members of the investigative team. *See* Ex. H, at 93:21-94:16; 96:17-21. Additionally, Siwek shared information with the FBI (the agency that created the sketch) in his role as the liaison between the Chicago Police Department and the FBI for this investigation, providing an additional avenue for him to see the sketch. *See* Ex. O, Affidavit of Dale Tipton. In sum, there is ample foundational basis for admitting the sketch, and Defendants' motion on this basis should be denied. *See Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011) ("A court should grant a motion *in limine* excluding evidence only when the movant shows that the evidence is inadmissible on all potential grounds.").

## II. The Sketch Is Admissible as Non-Hearsay Evidence.

Defendants' hearsay objection is without merit. Under the Federal Rules of Evidence, a

---

same sketch. *See* Ex. G. Plaintiff's Proposed Trial Exhibit 19 is a clearer version of the sketch than the copies that the City produced from the Investigative File. *See* Ex. A. Plaintiff's Exhibit 19 was created by taking a photograph of the sketch (which is a copy of the second of the three sketches in the Investigative File) while inspecting the State's hard copy file during the criminal proceedings. Defendants fail to explain their legal basis for challenging Plaintiff's decision to use the better copy. If necessary, Plaintiff would agree to use the exact versions in the Investigative File as Plaintiff's Trial Exhibit 19.

5

composite sketch is not a "statement" under Rule 801(a), and accordingly, cannot constitute "hearsay" under Rule 801(c). *See United States v. Moskowitz*, 581 F.2d 14, 21 (2d Cir. 1978), *cert. denied* 439 U.S. 871 (1978). As long as the sketch can be authenticated as reflecting the description provided by a witness, it is admissible as non-hearsay. Here, the authentication requirement of Rule 901 was satisfied when Clifford adopted the sketch at Plaintiff's criminal trial by affirming that the "sketch looked like the person that shot [him]." *See* Ex. B, at 163:15-164:3; Ex. A.

The cases cited by Defendants in their Motion are inapposite. They concern evidentiary rules in Illinois state courts, not applicable here. There is no requirement in federal court that the creator of the sketch adopt or authenticate it. In fact, in *United States v. Moskowitz*, the prevailing federal case addressing the admissibility of composite sketches, the Court of Appeals expressly disclaimed the need for the sketch artist to adopt a composite sketch under the Federal Rules:

> The sketch itself was not admitted as a "statement" by the artist; it was admitted to show the likeness that [the witnesses] had identified. Therefore, the sketch did not have to satisfy the requirements of Rule 801(d)(1)(C); it merely had to satisfy the authentication requirements of Rule 901, which it did. The sketch was authenticated by extensive testimony that the sketch introduced at trial was the same sketch identified by the witnesses. The testimony of the artist was no more necessary as a condition of admissibility than a photographer's testimony would have been had the witnesses identified a photograph.

*Moskowitz*, 581 F.2d at 21; *see also Hart v. BHH, LLC*, No. 15cv4804, 2019 WL 1494027, at *3 (S.D.N.Y. Apr. 4, 2019) (citing Moskowitz for the proposition that images "that do not contain any written or spoken words" are not hearsay because they do not contain any assertions or nonverbal conduct).. Accordingly, there is no basis to exclude the evidence on hearsay grounds.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order denying Defendants' Motion *in Limine* No. 1.

Dated: November 8, 2019					Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

                                                     */s/ Valarie Hays*
                                                     Valarie Hays