**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT OFFICERS' MOTION *IN LIMINE* NO. 8**
**TO BAR REFERENCE TO PLAINTIFF'S CERTIFICATE OF INNOCENCE**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Response

in Opposition to Defendant Officers' Motion *in Limine* No. 8 to Bar Reference to Plaintiff's

Certificate of Innocence Dkts. 315, 319.[1]

**INTRODUCTION**

Defendant Officers' ("Defendants") motion suggests admission of Plaintiff's Certificate of

Innocence ("COI") is a novel concept—stating that they "have found but one published opinion

from our district courts addressing this specific issue."  Mot. at 5.  The truth is that courts in this

district have addressed the issues raised in Defendants' motion on numerous occasions and have

consistently admitted plaintiffs' COIs in section 1983 cases arising out of wrongful convictions.

This case is no different.  Defendants' motion should be denied.

---

[1] Defendants originally filed this motion at Dkt. 315, attaching Exhibits 1-3.  Defendants then filed a corrected version of the motion at Dkt. 319 but did not attach any exhibits.  This Response refers to both to Dkt. 319 ("Mot.") and the exhibits attached to Dkt. 315 ("Mot. Ex. __").

## BACKGROUND

On January 21, 2016, the Circuit Court of Cook County vacated Plaintiff's criminal convictions and ordered a new trial. On April 19, 2016, pursuant to the State's oral motion for *nolle prosequi*, the court dismissed all charges against Plaintiff. Plaintiff then filed a Petition for a COI, pursuant to 735 ILCS 5/2-701. This statute allows a petitioner to obtain a COI if he proves the necessary elements by a preponderance of the evidence, including that "the petitioner is innocent of the offense charged." 735 ILCS 5/2-701(g). The State did not oppose Plaintiff's petition for a COI. On September 1, 2016, the Honorable LeRoy K. Martin, Presiding Judge of the Criminal Division, heard argument from Plaintiff's counsel and determined that "Mr. Bolden satisfies the necessary elements to be granted a certificate." Mot. Ex. 3 at 7:17-18. The court issued an order stating that Plaintiff established by a preponderance of the evidence that he "is innocent of the crimes charged." Ex. A.

## ARGUMENT

Plaintiff's COI is admissible evidence and highly probative on the issues of damages for all of his claims and liability on the malicious prosecution and due process claims. Defendants' assertions to the contrary ignore well-reasoned precedent from courts within this district.

### I. The Certificate of Innocence Is Relevant to Plaintiff's Malicious Prosecution Claim.

With respect to Plaintiff's malicious prosecution claim, Defendants concede that one of the elements Plaintiff must prove is that his criminal proceedings were "terminated in his favor." *See* Mot. at 1, n.1. As Judge Shah held in *Walker v. White*, the COI bears directly on this issue:

> Walker's Certificate of Innocence is not irrelevant—to obtain it, he had to prove his innocence by a preponderance of the evidence. Illinois courts have held that the statute requires a finding of actual innocence, as opposed to a finding of not guilty or insufficient evidence. … The statute also provides, however, that "[t]he decision to grant or deny a certificate of innocence … shall not have a res judicata effect on any other proceedings." 735 ILCS 5/2-702(j). … [T]he defendants argue that § 2-

2

702(j) makes Walker's Certificate of Innocence irrelevant to his malicious prosecution claim. But the statute only states that the certificate does not have a res judicata effect on any other proceedings—it does not bar its evidentiary use or relevance in later proceedings.

*Walker v. White*, No. 16 CV 7024, 2017 WL 2653078, at *5 (N.D. Ill. June 20, 2017) (footnote omitted). Similarly, in *Patterson v. Dorrough*, the court denied summary judgment on the plaintiff's malicious prosecution claim, finding that Patterson's subsequent receipt of a certificate of innocence supported an inference that the proceedings terminated in his favor. No. 10 C 1491, 2012 WL 5381328, at *5 (N.D. Ill. Oct. 31, 2012).

Judge St. Eve recently reached the same conclusion in *Harris v. City of Chicago*. In denying the Defendants' motion *in limine* to bar reference to the plaintiff's COI, she wrote, "Plaintiff's certificate is relevant and admissible to demonstrate that Plaintiff's underlying criminal proceedings were terminated in her favor in relation to her malicious prosecution claim." *See Harris v. City of Chicago*, No. 14 C 4391, 2018 WL 2183992, at *3 (N.D. Ill. May 11, 2018) (citing the court's March 29, 2017 Order denying Defendants' motion *in limine*, attached hereto as Ex. B).[2] Similarly, in *Logan v. Burge*, Judge Bucklo denied the defendants' motion *in limine* to bar reference to the COI, finding, among other things, that it was relevant to the malicious prosecution claim. *See* Ex. C, *Logan v. Burge*, No. 09-cv-05471, ECF No. 423 (N.D. Ill. Oct. 19, 2012) at 1 ("The certificate [of innocence] is relevant at least to the 'indicative of innocence' element of plaintiff's malicious prosecution claim.").

Defendants' motion does not address any of the above opinions. Instead, Defendants contend that Plaintiff has failed to offer sufficient evidence that the entry of a *nolle prosequi* in his

---

[2] Defendants' counsel's representation that it found only one opinion from our district court addressing this issue – *Kluppelberg* – (Mot. at 5) is hard to accept as made in good faith; defense counsel represented the defendants in *Harris*. Yet they ignore this directly-on-point case completely.

criminal proceedings was entered for reasons consistent with his innocence, and therefore, he should not be permitted to "substitute the evidence required to sustain his claim" with the COI. *See* Mot. at 2-4. This argument fails for several reasons. First, it addresses sufficiency rather than admissibility of the evidence and Defendants never moved for summary judgment on Plaintiff's malicious prosecution claim. *See* Dkt. 244. Second, Defendants' assertion that Plaintiff's purported failure to meet his burden to establish that the criminal proceedings were terminated in his favor bars him from offering evidence to prove that very point is circular and unsupported by any legal precedent. The State's decision not to oppose the COI Petition suggests the State believed Mr. Bolden is innocent. Third, the basic premise of Defendants' argument—that the evidence "indisputably establishes" that the criminal proceedings were not terminated in his favor—is wrong. Defendants distort the Illinois Supreme Court's ruling in *Swick v. Liautaud*, 169 Ill. 2d 504, 513 (1996). With respect to malicious prosecution claims, the *Swick* court held that "a criminal proceeding has been terminated in favor of the accused when a prosecutor formally abandons the proceeding via a *nolle prosequi*, unless the abandonment is for reasons not indicative of the innocence of the accused." It went on to find that there are five circumstances in which the abandonment of the proceedings is not indicative of innocence, namely, when the *nolle prosequi* is the result of (1) an agreement or compromise with the accused, (2) misconduct on the part of the accused for the purpose of preventing trial, (3) mercy requested or accepted by the accused, (4) the institution of new criminal proceedings, or (5) the impossibility or impracticability of bringing the accused to trial. *Id.* at 513. Defendants do not argue that any of those situations exist here, and they cannot do so in light of the evidence.

Instead of conceding that the prosecutors' abandonment is indicative of Plaintiff's innocence, Defendants contend that Plaintiff must support his claim with "testimony stating the

reasons behind" the entry of a *nolle prosequi*. Mot. at 3. That is not what the law requires. Rather, the jury will consider "the circumstances surrounding the abandonment of the criminal proceedings" and rule in Plaintiff's favor if those circumstances indicate that "there existed a lack of reasonable grounds to pursue the criminal prosecution." *Swick*, 169 Ill. 2d at 513-14. The defendants in *Patterson*, like Defendants here, argued that "mere dismissal of charges is not enough." 2012 WL 5381328, at *5. The court denied summary judgment on Patterson's malicious prosecution claim, stating "the charges against Patterson were not simply dropped by the prosecutor." *Id.* Rather, "[o]n appeal, Patterson's conviction was reversed." *Id.* The court concluded that the reversal, coupled with the issuance of the COI, was sufficient evidence to prove the termination in favor of the plaintiff element of the malicious prosecution claim. *Id.*

This case mirrors *Patterson* in that the Illinois Court of Appeals' opinion remanding for an evidentiary hearing supports an inference that there were no reasonable grounds to pursue the prosecution in Plaintiff's case. *Swick*, 169 Ill. 2d at 514. The Court of Appeals found that the case against Plaintiff was "extremely thin" and was "based solely on the identification testimony of a single witness who did not know Bolden, and whose initial description of the shooter did not closely match Bolden's appearance." *People v. Bolden,* 2014 IL App (1st) 123527, ¶ 55. The court found that "[i]n light of the substantial problems with Clifford's identification of Bolden as the shooter and the lack of any other evidence against Bolden," there was "a reasonable likelihood" that Plaintiff would not have been found guilty had his trial counsel presented the additional alibi witnesses who testified during his post-conviction proceedings. *Id.* ¶ 51.

The Circuit Court of Cook County's opinion vacating Plaintiff's convictions further supports an inference that the proceedings were terminated for reasons consistent with Plaintiff's innocence. In order to rule in favor of Plaintiff after the evidentiary hearing, the court had to

"predict[] what another jury would likely do, considering all the evidence, both new and old, together." *See, e.g., People v. Coleman*, 2013 IL 113307, ¶ 97. The court determined that trial counsel's failure to procure the testimony of an additional alibi witness was prejudicial to Plaintiff because "the State's case against [Plaintiff] was far from overwhelming due to Frazier's substantially problematic identification and lack of any other evidence connecting [Plaintiff] to the murders and attempted murder." *See* Mot. Ex. 2 and Ex. B thereto, at 22. Thus, there is ample evidence for the jury to conclude that the State, faced with three new alibi witnesses (for a total of five), no physical or forensic evidence, and two adverse court opinions, *nolled* the case because it agreed with the Circuit Court that "[i]n light of all the evidence, both the old and the new together, it [was] not probable that a jury would still convict." *See, e.g., People v. Williams*, 2019 IL App (1st) 160503-U, ¶ 138.

The State's decision not to oppose Plaintiff's petition for a COI provides additional proof that the proceedings were terminated in favor of Plaintiff. The COI statute "requires a finding of actual innocence, as opposed to a finding of not guilty or insufficient evidence." *Walker*, 2017 WL 2653078, at *5. The State's lack of opposition, therefore, supports an inference that it did not believe it had adequate grounds to contest Plaintiff's innocence.

Defendants ignore the State's decision not to oppose Plaintiff's COI petition and instead point to the earlier state court decisions affirming Plaintiff's convictions on direct appeal. These opinions are irrelevant because those courts did not consider the new evidence offered during Plaintiff's post-conviction proceedings, namely the additional alibi witnesses. Indeed, those opinions have no place in this lawsuit and are the subject of Plaintiff's Motion *in Limine* No. 3. (Dkt. 296). Defendants also assert that prosecutor Linda Walls' personal belief that Plaintiff was guilty indicates that the State did not *nolle* the case in a manner indicative of innocence. Mot. at

2-3. Ms. Walls testified, however, that she was not the State's decision-maker on this issue. Her personal opinion and feelings about Plaintiff are irrelevant and the subject of Plaintiff's Motion *in Limine* No. 9 (Dkt. 302). The State's opinion was that it should not oppose Plaintiff's petition.[3]

Defendants also contend that Plaintiff cannot "rely on the order granting his petition for a certificate of innocence [because it] was entered *after* the decision to *nolle* was made." Mot. 3-4. But Defendants offer no argument or case law to support this bare assertion. Indeed, their contention is contradicted by *Walker*, *Patterson*, *Harris*, and *Logan*, all of which held that the COI is directly relevant to the issue of whether the proceedings were terminated in Plaintiff's favor. In denying summary judgment on the plaintiff's malicious prosecution claim in *Patterson*, the court held that "the charges against Patterson were not simply dropped by the prosecutor…Patterson was *subsequently* issued a certificate of innocence." *Patterson*, 2012 WL 5381328, at *5 (emphasis added). Nor is Defendants' position supported by logic. The same office decided not to prosecute Plaintiff and not to oppose the grant of his Certificate of Innocence. Had the office dropped the prosecution on grounds other than innocence, logic dictates it would have opposed Plaintiff's COI. That it did not indicates that the decision to drop the case was based on a belief that he is innocent.

Defendants further suggest that because the COI petition was unopposed, the court simply rubber-stamped it and it is, therefore, irrelevant. *See* Mot. at 4, 7. This suggestion is belied by history. Judges in the Circuit Court of Cook County, including Judge Martin, routinely deny

---

[3] Defendants also cite to a letter from Plaintiff's counsel to the Criminal Prosecutions Chief, Fabio Valentini, urging him to examine and dismiss Plaintiff's case. *See* Mot. Ex. 1. It is unclear how this letter could support Defendants' position, and they offer no explanation. If anything, the letter supports the inference that the State dismissed the charges due to a lack of reasonable grounds to pursue the prosecution. *See id.* (explaining the facts of the case and the obvious conclusion that "Eddie is innocent" and "[t]he wrong person was convicted.").

unopposed petitions if they believe the criteria have not been satisfied.  *See, e.g.*, *People v. Glenn*, 2018 IL App (1st) 161331, ¶¶ 1-2 (reversing Judge Martin's denial of a petition for a COI where the State did not oppose the petition); *see also* Ex. D, Order, *People v. Washington*, No. 93CR14676 (rejecting "the argument that the Petition should be granted because the State has no objection to the petition" and denying the request for a COI after "review[ing] the Petition as required under the law"); Ex. E, *People v. Hood*, No. 93CR-14676 (denying petition for COI where the State took no position).

The COI admitted in *Harris* also was unopposed.  *See Harris*, 2018 WL 2183992, at *5. The state court judge in *Harris* "stated that he had read the petition for a Certificate of Innocence and that he was familiar with the claims and the general history of the case before granting the petition."  *Id.*  As set forth above, Judge St. Eve ruled that the COI in this case was admissible.  *Id.* at *3.  In Plaintiff's case, the state court heard detailed argument from Plaintiff's counsel about the facts supporting Plaintiff's innocence, including: (1) the lack of physical or forensic evidence connecting Plaintiff to the crime; (2) the lack of connection between Plaintiff and the victims; (3) the existence of two alibi witnesses who testified at Plaintiff's trial; (4) the existence of three additional alibi witnesses who testified during the post-conviction proceedings; (5) Clifford Frazier's description of his attacker as someone who looked nothing like Plaintiff; (6) Clifford Frazier's failure to identify Plaintiff in a photo array; and (7) evidence of the tainted lineup that led to Frazier's identification of Plaintiff.  *See* Mot. Ex. 3, at 5:1-7:2.  Just as in *Harris*, the court considered this argument and noted that it had "read through the petition" and the "various exhibits … attached to the petition … including the appellate court decision reversing the matter."  *Id.* at 7:8-20.  The court ultimately concluded that "Mr. Bolden satisfies the necessary elements to be granted a certificate of innocence."  *Id.*  The fact that the petition was unopposed enhances rather

than diminishes its relevance.

## II. The Certificate of Innocence Is Relevant to Plaintiff's Due Process Claim.

The COI is also relevant to Plaintiff's due process claim because it will help negate potential prejudice against Plaintiff caused by Defendants' attempt to prove Plaintiff's guilt at trial. Defendants ignore this independent aspect of the COI's relevance. In *Kluppelberg v. Burge*, Judge Lefkow held that if the defendants intended to argue that the plaintiff committed the crimes (as Defendants intend to do in this case), the COI would "be relevant to neutralizing potential unfair prejudice to plaintiff." 84 F. Supp. 3d 741, 746 (N.D. Ill. 2015). The court reasoned that with respect to the plaintiff's due process claim, the jury had to decide whether the withheld evidence was material and, therefore, supported a *Brady* violation—it did not have to decide whether the plaintiff committed the crimes. *Id.* at 745-47. The court concluded that if the defendants intended to offer evidence that Kluppleberg was guilty, the COI would "bear on the due process claim insofar as it is needed to keep the jury's focus on the materiality issue as opposed to Kluppleberg's actual guilt or innocence." *Id.* at 747. The court in *Harris*, citing *Kluppelberg*, reached the same conclusion with respect to Harris' due process claim. *Harris*, 2018 WL 2183992, at *3 (citing Ex. B, at 3).

The district court in *Newsome v. McCabe* applied similar reasoning when it admitted evidence of the plaintiff's pardon. The court held that excluding evidence of the pardon "would have been highly prejudicial to Newsome." *Newsome v. McCabe*, No. 96 C 7680, 2002 WL 548725, at *6 (N.D. Ill. Apr. 4, 2002). The court reasoned that excluding the pardon would have "invited the jurors to draw the impermissible inference that he was actually guilty, and, thus, absolve defendants of any misconduct." *Id.* The district court's opinion was affirmed by the Seventh Circuit. *See Newsome v. McCabe*, 319 F.3d 301, 306–07 (7th Cir. 2003) ("Chicago presents several other objections to the district judge's handling of [evidentiary issues at] the trial.

9

These do not require separate discussion; all were treated thoughtfully in Judge Plunkett's post-trial opinion, and we substantially agree with his disposition of them.").

The reasoning of *Kluppelberg*, *Harris*, and *Newsome* applies equally to this case. To decide Plaintiff's due process claim, the jury must decide whether Defendants employed unduly suggestive identification procedures, not whether Plaintiff is guilty. *See Alexander v. City of S. Bend*, 433 F.3d 550, 555 (7th Cir. 2006). Allowing Defendants to argue Plaintiff's guilt, while simultaneously excluding evidence of his COI, would unfairly prejudice Plaintiff and create a substantial risk that the jury would absolve Defendants of their unconstitutional conduct based on a belief that Plaintiff is guilty. The COI counters that risk by keeping the jury properly focused on Defendants' conduct.

### III.    The Certificate of Innocence Is Relevant to Plaintiff's Damages.

The COI is also relevant to Plaintiff's damages. The Seventh Circuit has recognized that juries in wrongful conviction cases award damages in part based on whether the jury believes the plaintiff is innocent. *See Parish v. City of Elkhart*, 702 F.3d 997, 999 (7th Cir. 2012) ("A jury that believed the plaintiff was guilty of the crime would award lower damages because the imprisonment is attributable to the person's own actions as well as the civil defendants' misbehavior and even a fair prosecution and trial may well have resulted in the person's imprisonment."). In *Parish*, the Seventh Circuit held that the district court committed reversible error and remanded for a new trial on damages where "the district court's rulings improperly limited the introduction of evidence relating to Parish's innocence." The court found that this evidence "was critical to the damages issues." *Id.* at 1003.

Courts in this district have applied *Parish*'s reasoning in denying motions *in limine* to bar reference to COIs in wrongful conviction cases. *See Kluppelberg*, 84 F. Supp. 3d at 746 (citing *Parish* and holding that plaintiff's COI was "relevant to damages because a jury may award

damages based in part on whether Kluppelberg is actually innocent"); *Harris*, 2018 WL 2183992, at *3 (holding that the COI was relevant to the plaintiff's "damages if Defendants argue that Plaintiff committed the crime" (citing Ex. B, at 3)). Since Defendants intend to argue that Plaintiff committed the crimes for which he was imprisoned, Plaintiff must be permitted to introduce evidence related to his COI to support his damages claims. Defendants have offered no argument to the contrary.

## IV. The Certificate of Innocence Is Admissible as a Public Record and Not Unfairly Prejudicial.

Defendants incorrectly assert that the COI is inadmissible hearsay.[4] The COI is admissible under the public record exception to the hearsay rule. *See* Fed. R. Evid. 803(8); *Kluppelberg*, 84 F. Supp. 3d at 746-47. In *Kluppelberg*, the court acknowledged that judicial findings of fact generally do not fall within the public record exception, but reasoned that the Seventh Circuit "opened the door to expansion of admissibility of judicial findings" in *Greycas, Inc. v. Proud*, 826 F.2d 1560 (7th Cir. 1987), where the court admitted a state court judgment because the judgment provided "evidence of the degree to which [the defendant's] misconduct injured [the plaintiff]." *Kluppelberg*, 84 F. Supp. 3d at 746-47. Following *Greycas*, the court held that the COI was admissible in the plaintiff's case in chief "under Rule 803(8) as evidence of the extent of injury to the plaintiff." *Id.* at 747. The court also held that pursuant to Rule 102's mandate "to administer every proceeding fairly," if the "defendants offer evidence that Kluppelberg was actually guily…the COI would be relevant rebuttal evidence and admissible under Rule 803(8)." *Id.*

The court in *Harris* followed *Kluppelberg* in holding that the plaintiff's COI was

---

[4] As recognized in both *Harris* and *Logan*, the fact that the COI was issued is subject to judicial notice. *See* Ex. B, at 3 ("[T]he Court can take judicial notice of the fact that the Certificate of Innocence issued."); Ex. C, at 2 ("I may take judicial notice of the certificate's issuance (a fact not subject to reasonable dispute).").

admissible under Rule 803(8).  Ex. B, at 3.  The court determined that Rule 803(8) was especially applicable to the plaintiff's COI "because the [COI] does not include judicial findings, but instead is a boilerplate form in the Circuit Court of Cook County."  *Id.*  Plaintiff's COI in this case is also boilerplate form and is identical to the COI in *Harris* in all material respects.  *Compare* Ex. A, *with* Ex. F, Nicole Harris COI.

Defendants do not address *Harris* and do not attempt to distinguish *Kluppelberg* from the case at bar.  Instead, they contend that *Kluppelberg* was wrongly decided for several reasons.  First, they contend that the *Kluppelberg* court misinterpreted *Greycas* because the *Greycas* decision was limited to bench trials, where concerns regarding prejudice and juror confusion are lessened.  Mot. at 6.  Although the *Greycas* court noted the danger that a jury might "give exaggerated weight to a judgment," the court did not limit its ruling to bench trials.  *Greycas*, 826 F.2d at 1567. Furthermore, *Kluppelberg* is not the only court to apply this reasoning to jury trials.  *Harris* was also a jury trial.  The *Harris* court recognized that any danger the jury might accord too much weight to the COI is alleviated by appropriate jury instructions.  *See Harris*, 2018 WL 2183992, at *4-6.

Defendants further contend that the *Kluppelberg* court misapplied *Greycas* because "the judgment [in *Greycas*] was admissible *not* as a public record exception under Rule 803 but as a record of a document that affects property rights under Rule 803(14)."  Mot. at 5-6.  The *Greycas* court, however, did not limit its ruling to Rule 803(14).  The court held that the state court judgment also was admissible under the catch-all exception to the hearsay rule because it had circumstantial guarantees of trustworthiness.  *Greycas*, 826 F.2d at 1567 (citing Fed. R. Evid. 803(24)).  Just as in *Greycas*, the COI at issue here has circumstantial guarantees of trustworthiness.  Defendants do not dispute the COI's authenticity, and the circumstances surrounding its issuance are documented

12

in a transcript in which the court explains the materials it considered. *See* Mot. Ex. 3. Moreover, the import of *Greycas* is not the precise hearsay exception utilized but rather the recognition that state court findings are admissible in appropriate circumstances. One such circumstance, as recognized in *Kluppelberg* and *Harris*, is the admission of a COI under Rule 803(8).[5]

Defendants' final argument against *Kluppelberg* is that it should be ignored because "a finding of innocence by a judge in another proceeding could cause a jury to conclude that a plaintiff is in fact innocent … and therefore entitled to damages regardless of whether a defendant breached any state or federal law." Mot. at 7. Even if the Court believes this is a valid concern, it is properly addressed with a limiting instruction, not by excluding the evidence. The jury instructions in *Harris* addressed the precise issue Defendants raise here by explaining that the state court did not decide "the issue of whether Plaintiff's constitutional rights were violated or whether the Defendants engaged in any misconduct under state or federal law," and that decision is left to the jury.[6] *Harris*, 2018 WL 2183992, at *5. This type of jury instruction is more than sufficient to cure any concerns about unfair weight being given to the prior decision.

Defendants urge this Court to depart from the reasoning of *Kluppelberg* and instead follow *Fields v. City of Chicago*, No. 10 C 1168, 2017 WL 4553411 (N.D. Ill. 2017). But several aspects of the court's ruling in *Fields*, especially when considering the facts at issue here, make it far less

---

[5] Wisconsin has a similar procedure to Illinois, which allows wrongfully convicted individuals to prove their innocence before the State of Wisconsin Claims Board. Wisconsin's federal courts routinely hold these court orders admissible in subsequent section 1983 litigation. *See, e.g.*, *Avery v. City of Milwaukee*, No. 11-C-408, 2015 WL 247991, at *2-3 (E.D. Wis. Jan. 20, 2015); *see also Ott v. City of Milwaukee*, No. 09-C-870, 2015 WL 1219587, at *7-8 (E.D. Wis. Mar. 17, 2015).

[6] Although they are not required to do so, the jury is entitled to consider the COI as evidence of Plaintiff's innocence. *See Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 2550623, at *3 (N.D. Ill. June 27, 2011) (rejecting defendants' argument that plaintiff "has wrongfully interjected his innocence into this [civil rights] lawsuit" because "as long as Defendants argue that [plaintiff] is guilty of the Morgan murder, evidence relating to [plaintiff's] innocence … is highly relevant and probative to [plaintiff's] coerced confession claim.").

persuasive and applicable. First, the *Fields* court excluded evidence of the *denial* of the plaintiff's petition for a COI. *Id.* at 11. Here, the *issuance* of the COI will be offered to establish certain elements of Plaintiff's claims, including termination of the proceedings in his favor. Moreover, the *Fields* court relied heavily on its belief that admission of the COI denial would create a distraction for the jury, turning "the entire trial into a lengthy sidetrack." *Id.* That is not a concern here since Defendants are planning to introduce the "lengthy sidetrack" by retrying the criminal proceedings and attempting to prove Plaintiff's guilt. Moreover, as Judge Gottschall recently recognized, excluding the COI would actually create *more* of a distraction for the jury:

> Jurors are almost certain to be distracted by questions about why plaintiff was released. Was it a technicality? Where's the DNA? Proof of the Certificate of Innocence ("COI") will eliminate this potential distraction and settle the issue of why he was released. Because it will quickly remove a source of distraction, for that reason alone its probative value vastly outweighs its prejudicial impact.

*See* Ex. G, *Rivera v. Guevara*, No. 1:12-cv-04428, ECF No. 530, at 1 (N.D. Ill. May 30, 2018). Lastly, the *Fields* court gave great weight to section 702(j) of the statute governing COIs, which provides that the COI "shall not have a res judicata effect on any other proceedings." *Fields*, 2017 WL 4553411, at *11. However, the fact that the COI does not have a res judicata effect "does not bar its evidentiary use or relevance in later proceedings." *Walker*, 2017 WL 2653078, at *6. Accordingly, the COI is relevant to both liability and damages and is admissible, as the courts in *Kluppelberg*, *Logan*, *Harris*, and *Rivera* recognized. There is no reason for this Court to depart from this well-established precedent.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order denying Defendants' Motion *in Limine* No. 8.

14

Dated: November 8, 2019                    Respectfully Submitted,

                                           */s/ Valarie Hays*
                                           Ronald S. Safer
                                           Valarie Hays
                                           Eli J. Litoff
                                           RILEY SAFER HOLMES & CANCILA LLP
                                           70 W. Madison Street, Suite 2900
                                           Chicago, Illinois 60602
                                           (312) 471-8700
                                           rsafer@rshc-law.com
                                           vhays@rshc-law.com
                                           elitoff@rshc-law.com

                                           Sandra L. Musumeci (*pro hac vice*)
                                           RILEY SAFER HOLMES & CANCILA LLP
                                           1330 Avenue of the Americas, 6th Floor
                                           New York, New York 10019
                                           (212) 660-1000
                                           smusumeci@rshc-law.com

                                           *Attorneys for Eddie L. Bolden*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.


*/s/ Valarie Hays*
Valarie Hays