**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 7 TO BAR REFERENCE TO COUNSEL'S INVOLVEMENT IN THE GANGSTER DISCIPLES INVESTIGATION**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively, "Defendant Officers"), by and through their attorneys, hereby respond to Plaintiff's Motion *in limine* No. 7 to bar reference to counsel's involvement in the Gangster Disciples investigation, as follows:

**BACKGROUND**

At some point subsequent to March 1994, Defendant Oliver ("Oliver") was part of a select team of Chicago Police Officers who worked with plaintiff's counsel, Ronald Safer, then lead prosecutor for the Drug Enforcement Administration ("DEA"), to take down the leadership of the notorious Gangster Disciples (the gang in which Plaintiff himself was a member) street gang. During this time, Oliver had a cordial working relationship with Mr. Safer and thought highly of him and his federal prosecutors who worked on the investigation and prosecution of this treacherous and murderous street gang. Defendant Oliver was considered a valued member of the team and had a great working relationship with his fellow law enforcement officers and the prosecutors he worked alongside with in bringing these criminals to justice. Defendant Oliver

1

met routinely with Mr. Safer during the investigation and at no time did Mr. Safer or any other federal prosecutor express to Oliver or anyone else, as far as he knew, any negative feedback or misgivings concerning his work performance, reliability, trustworthiness or investigative abilities as a law enforcement officer. In fact, although Mr. Safer did not attend Defendant Oliver's deposition, the two exchanged warm greetings at Plaintiff's counsel's office prior to the deposition. Now in his 75th year, Defendant Oliver looks back at his time on the Gangster Disciples investigative team with reverence and great pride in a job well done.

In spite of the success that Defendant Oliver and Mr. Safer had together in the Gangster Disciples investigation, Plaintiff's counsel is now ready to attack Defendant Oliver's integrity and character in a double murder investigation in which he played a minimal role. If Plaintiff makes such an attack on Defendant Oliver, the jury should hear from Defendant Oliver about the positive working relationship he had with Plaintiff's counsel.

## ARGUMENT

Plaintiff's motion *in limine* number 7 should be denied. Defendant Oliver should be allowed to testify that he worked alongside Mr. Safer in the Gangsters Disciples investigation and rebut any attack on his credibility. In addition, the probative value of any such testimony is not substantially outweighed by any risk of *unfair* prejudice.

Contrary to Plaintiff's motion in limine, Defendant Officers are not seeking to put into evidence Mr. Safer's "purported opinion that Oliver had not committed crimes or other misconduct" during the time Oliver worked on the Gangster Disciple investigation. However, Defendant Officers rightly believe that Plaintiff will attempt to elicit testimony or other evidence that suggests Oliver was engaged in corrupt activities and cannot be trusted, an allegation that Judge Shah flatly rejected. (Dkt. #276 at p. 28). Defendant Officers further anticipate that Plaintiff

2

will imply that Oliver intended to steal drug money, however, as Judge Shah noted "there is no evidence to support such a claim." (*Id.*) Plaintiff may not use credibility as a means to backdoor this irrelevant evidence into the case. Simply put, if this attack on Oliver's reputation is permitted, it will severely prejudice his ability to defend this case in light of his limited role in the double homicide investigation. This inflammatory evidence would influence a verdict not based on Plaintiff's claims in this case, but on conduct outside of the investigation.

To the extent that Plaintiff is allowed to attack the credibility of Oliver with evidence that can only be described as prejudicial and collateral, Defendant Officers should be permitted to present evidence that Oliver worked with Mr. Safer, other federal prosecutors, and fellow law enforcements officers to help bring down the Gangster Disciples leadership.

Wherefore, the Defendant Officers request that this Court deny Plaintiff's motion *in limine* number 7.

Dated: November 8, 2019 /s/ William E. Bazarek
One of the attorneys for the Defendant Officers

Andrew M. Hale (ahale@ahalelaw.com)
Barrett Boudreaux (bboudreaux@ahalelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
T: (312) 870-6902

## **CERTIFICATE OF SERVICE**

  I, William E. Bazarek, an attorney, hereby certify that I caused a copy of the foregoing Defendant Officer's Response to Plaintiff's Motion *in Limine* Number 7, to be filed with the Court's CM/ECF system on November 8, 2019, which provided notice and a copy to all counsel of record.

                /s/ William E. Bazarek