**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 9 TO
EXCLUDE ASA LINDA WALLS' SPECULATION AND OPINION TESTIMONY**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl,

and the Estate of Michael Kill (collectively, "Defendant Officers"), by and through their

attorneys, hereby respond to Plaintiff's Motion *in limine* No. 9 to exclude ASA Linda Walls'

speculation and opinion testimony as follows:

**BACKGROUND**

Defendant Officers intend to call assistant state's attorney Linda Walls to offer testimony

relevant to Plaintiff's state law malicious prosecution claim. ASA Walls was the primary

assistant state's attorney assigned to Plaintiff's post-conviction litigation. (Walls Dep. at p. 31,

June 13, 2018, attached hereto as Exhibit A) From the time ASA Walls was assigned to the case

in approximately 2010 until April 19, 2016, it was the Cook County State's Attorney's position

that Plaintiff's jury verdict of guilt for the murders of Derrick and Ledell and the attempted

murder of Clifford should be upheld. (Ex. A at p. 12, 22) Specifically, ASA Walls filed a motion

to dismiss Plaintiff's post-conviction petition which was granted. (Ex. A at p. 15) That decision

was reversed on appeal. (*Id*.) The circuit court then held an evidentiary hearing based on

Plaintiff's claim of ineffective assistance of counsel for trial counsel's failure to investigate three

alleged alibi witnesses – Octavia Jackson, Vondell Goins, and Todd Henderson. (*Id*. at p. 15-16) The circuit court specifically found that Jackson's and Goins' testimony was not credible. (*Id*. at p. 17) However, the circuit court granted a new trial based on ineffective assistance of counsel for failing to investigate the alleged alibi testimony of Todd Henderson. (*Id*. at 16)

ASA Walls had two conversations with Fabio Valentini, the chief of the criminal division, regarding whether the CCSAO was going to retry Plaintiff. (*Id*. at p. 18-19) After the first conversation, the CCSAO position was that it was going to retry Plaintiff. (*Id*. at p. 20-21) ASA Walls began preparing for trial and interviewed the eyewitness and victim Clifford Frazier twice, once at the CCSAO's office and once at Clifford's place of employment. (*Id*. at p. 53) However, approximately two months later, on April 19, 2016, the CCSAO moved to *nolle pros* the case against Plaintiff. (*Id*. at p. 22)

Regarding the CCSAO's "position" during Plaintiff's petition for a certificate of innocence[1] proceeding in which it took no position, Defendant Officers intend to elicit from ASA Walls that she was not a part of that decision, despite being the main attorney assigned to the case. (*Id*. at p. 30) It was ASA Walls' belief that the CCSAO should have objected to the petition for a certificate of innocence. (*Id*. at p. 32) Nobody from the CCSAO, including ASA Walls, notified Clifford that the CCSAO was taking no position on Plaintiff's petition for a certificate of innocence in which he requested, in part, to be declared innocent for Clifford's attempt murder. (*Id*. at p. 55) This is in spite of Clifford's consistent testimony that Plaintiff was the individual who shot him twice, fought him outside of the J&J Fish, and pistol whipped him on the head. This is also in spite of the fact that Clifford was ready, willing, and able to identify

---

[1] Defendant Officers have a pending motion to bar evidence regarding Plaintiff's certificate of innocence. *See* Defendant Officers' Motion in Limine No. 8.

2

Plaintiff as the offender in any certificate of innocence proceeding.

**ARGUMENT**

In order to establish liability against the Defendant Officers on Plaintiff's state law malicious prosecution claim, Plaintiff must prove by a preponderance of the evidence that the underlying criminal charges against him were terminated in a manner indicative of innocence. *See Swick v. Liautuad*, 169 Ill.2d 504, 513-14 (1996) (finding the mere fact that the State *nolle pros'd* the case did not establish that the charges were terminated in a manner indicative of innocence); *Dean v. City of Chicago*, 896 F. Supp. 2d 699, 707-08 (N.D. Ill. 2012). Defendant Officers intend to offer the testimony of ASA Walls as relevant evidence demonstrating that the Plaintiff's underlying criminal charges were not terminated in a manner indicative of innocence.[2]

Specifically, ASA Walls is expected to testify that she was the primary attorney assigned to Plaintiff's post-conviction litigation. That from approximately 2010 through 2016, it was the position of the CCSAO that Plaintiff's convictions for double murder and attempt murder should stand because he was in fact guilty. This position was displayed by the filing of a motion to dismiss the post-conviction petition, defending the order granting the motion to dismiss on appeal, litigating the third-stage evidentiary hearing, and preparing for trial by interviewing on two occasions Clifford.

Regarding the retrial of Plaintiff, ASA Walls received approval from the head of the criminal division, Fabio Valentini, to retry Plaintiff after the new trial was ordered. However, approximately two months later, ASA Walls was ordered to *nolle pros* Plaintiff's criminal case. At the court hearing, the State did not provide a reason for its motion to *nolle pros* the case.

---

[2] Defendant Officers do not intend to offer ASA Walls' testimony regarding Plaintiff taunting her after a different court proceeding.

Thus, how the CCSAO reached its decision and the information it considered is relevant in determining whether or not the charges against Plaintiff were dismissed in a manner indicative of innocence.

ASA Walls' testimony, as the person at the CCSAO most familiar with Plaintiff's criminal case, concerning whether or not she thought the State should retry Plaintiff and object to his petition for a certificate of innocence and whether or not the CCSAO decision makers even bothered seeking out her input prior to making those decisions is relevant to whether the charges were dismissed in a manner indicative of innocence. This is especially true here, where the only evidence of what changed between the decision to retry Plaintiff and the subsequent decision to *nolle pros* the case, is correspondence sent to Mr. Valentini by Plaintiff's counsel in which Plaintiff's counsel indicated that he would begin publicly commenting, "as loudly as [he] can" that the CCSAO was clinging to a supposed wrongful conviction. (*See* Letter from Safer to Valentini, p. 2, Feb. 22, 2016, attached hereto as Exhibit B) Plaintiff's counsel even told Mr. Valentini the date that he was going to begin commenting to the media about the case. (*Id.*)

The history of the State's position regarding Plaintiff's conviction, the fact that the State was preparing to retry the case, the circumstances of the State's decision to *nolle pros* the case, and the CCSAO not even talking to the ASA Walls when deciding whether to object to the petition for a certificate of innocence, is all relevant testimony that tends to rebut the malicious prosecution element that the proceedings were terminated in a manner indicative of innocence. As such, Plaintiff's reliance on *Fields v. City of Chicago*, No. 12 C 1306, 2018 WL 1652093, at *3 (N.D. Ill. Apr. 5, 2018) is misplaced. In *Fields*, the plaintiff did not allege a malicious prosecution claim, but rather claims based on excessive force, unlawful entry, conspiracy, battery, intentional infliction of emotional distress, and trespass. *Id.* at *1. Thus, the relevant

4

inquiry was whether the shooting of plaintiff and entry into his home rose to the level of a constitutional violation, battery, trespass, or intentional infliction of emotional distress. *Id*. at *3. Here, Plaintiff's malicious prosecution claim makes the State's decision to *nolle pros* the criminal case relevant. ASA Walls' testimony concerning whether she agreed with the State's ultimate decision and whether she was in fact consulted about the case prior is relevant as it tends to establish that the criminal proceedings were not terminated in a manner indicative of innocence.

Similarly, ASA Walls' testimony should not be barred under Rule 403. Defendant Officers do not intend to offer Ms. Walls' "opinion" that Plaintiff is actually guilty. Rather, as stated above, the Defendant Officers intend to have Ms. Walls testify concerning the CCSAO position regarding Plaintiff's criminal case during the time she was assigned as the lead attorney on the case, whether she was consulted about whether to retry Plaintiff or object to his certificate of innocence, and whether or not she agreed with the State's decision. In short, Ms. Walls will testify as to the "circumstances" surrounding the termination of Plaintiff's criminal proceedings. *Dobiecki v. Palacios*, 829 F. Supp. 229, 235 (N.D. Ill. 1993) (stating particular circumstances of each case must be considered in determining whether the criminal proceeding was terminated in a manner indicative of innocence). These topics are directly relevant to an element in Plaintiff's malicious prosecution claim, namely, whether the criminal case was dismissed in a manner indicative of innocence. Accordingly, the probative value of ASA Walls' testimony is high and not substantially outweighed by the danger of unfair prejudice.

Defendant Officers request that this Court deny Plaintiff's motion *in limine* number 9.

Dated: November 8, 2019                       /s/ Brian J. Stefanich

One of the attorneys for the Defendant
Officers

Andrew M. Hale (ahale@ahalelaw.com)
Barrett Boudreaux (bboudreaux@ahalelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
T: (312) 870-6908

## CERTIFICATE OF SERVICE

I, Brian J. Stefanich, an attorney, hereby certify that I caused a copy of the foregoing

Defendant Officer's Response to Plaintiff's Motion *in Limine* Number 9, to be filed with the

Court's CM/ECF system on November 8, 2019, which provided notice and a copy to all counsel

of record.


/s/ Brian J. Stefanich