**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 11 TO BAR
REFERENCE TO PLAINTIFF'S SCREENPLAY**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively, "Defendant Officers"), by and through their attorneys, hereby respond to Plaintiff's Motion *in limine* No. 11 to bar reference to Plaintiff's screenplay, as follows:

Plaintiff has written extensively about the murders of Derrick Frazier and Ledell Clayton and the attempted murder of Clifford Frazier. One of his writings is a screenplay titled "Chasing Justice." The screenplay provides details of the lead up, the shooting, and the aftermath of the murders of Frazier and Clayton.

Plaintiff moves to bar reference to Chasing Justice because it is apparently a "fictionalized" account of the murders and therefore not relevant. Plaintiff relies on two out of circuit cases in support of his arguments. First, Plaintiff cites *State v. Skinner*, 218, N.J. 496, 521, 95 A.3d 236, 251 (2014), for the proposition that fictional documents have no probative value. (Dkt. #304, at p. 1) At issue in *Skinner*, was the admissibility of rap lyrics that were written by the defendant long before the crime for which he was charged was committed. *Id*. at 251. The *Skinner* court found that the rap lyrics were not probative because they had little to do with the

attempted murder for which the defendant was charged. *Id*. at 253. Thus, the court concluded that a person's form of artistic self-expression as proof of the writer's character, motive, or intent should not be deemed evidential "unless the writing bears probative value to the underlying offense for which the person is charged…." *Id*. at 525.

Here, the Defendant Officers are not offering testimony about the screenplay to show Plaintiff's character, motive, or intent. Rather, they intend to refer to the screenplay as it contains Plaintiff's admissions and/or inconsistent statements regarding the events in question. *See U.S. v. Foster*, 939 F.2d 445, 454 n. 13 (7th Cir. 1991) (suggesting party admissions would be an alternative way to admit rap lyrics). Moreover, unlike the *Skinner* case in which the rap lyrics were not tied to the underlying offense, here, the screenplay is a writing by Plaintiff about the double murder for which he claims he is innocent. Thus, *Skinner* does not require this Court to bar reference to the screenplay, but actually supports Defendant Officers referring to it when cross-examining Plaintiff.

Plaintiff's reliance on *State v. Hanson*, 46 Wash. App. 656, 731 P.2d 1140 (1987) is similarly misplaced. In *Hanson*, the State offered evidence regarding the defendant's novel to rebut the defendant's testimony regarding his character for nonviolence. *Id*. at 1143. The *Hanson* court held that without further foundation the defendant's novel was not relevant. *Id*. at 1144. However, in a footnote the court stated that there was no attempt to show that the defendant wrote about an incident so similar to the crime charged that the writings would become relevant. Here, unlike *Hanson*, the Defendant Officers are not offering the screenplay to impeach Plaintiff's character evidence for nonviolence[1], but rather as admissions about the Frazier and

---

[1] Indeed, the Defendant Officers do not anticipate that Plaintiff is going to attempt to admit evidence of his character for nonviolence given his prior shooting and killing of Lafere Boyd.

2

Clayton homicides.

Indeed, courts have recognized that forms of artistic self-expression may employ metaphor, exaggeration, and other artistic devices. *Holmes v. State*, 129 Nev. 567, 573, 306 P.3d 415, 419 (2013). However, the fact that the screenplay may contain both truth and details "derived entirely from Mr. Bolden's imagination" (Dkt. # 304 at p. 1), does not make it inadmissible where the screenplay describes the double murder at issue in this case. *See U.S. v. Foster*, 939 F.2d 445, 455-56 (7th Cir. 1991) (finding rap lyrics relevant and properly admitted, over defendant's claim that they were fictional, to show defendant's knowledge of drug code words and narcotics trafficking making it more likely defendant knew that what he was carrying was narcotics); *U.S. v Stuckey*, 253 Fed.Appx. 468, 482 (6th Cir. 2007) (rap lyrics relevant where they specifically describe the offense that the defendant is alleged to have committed); *Daniels v. Lewis*, No. C 10-04032, 2013 WL 183968, at *10-12 (N.D. Cal. Jan. 17, 2013) (details in lyrics sufficiently close to the alleged crimes that they could be viewed as autobiographical and admissible as party admissions). Accordingly, Defendant Officers should be allowed to cross-examine Plaintiff on the screenplay that he wrote about the underlying double murder and attempted murder.

Therefore, this Court should deny Plaintiff's motion *in limine* no. 11.

Dated: November 8, 2019

/s/ Brian J. Stefanich
One of the attorneys for the Defendant Officers

Andrew M. Hale (ahale@ahalelaw.com)
Barrett Boudreaux (bboudreaux@ahalelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
T: (312) 870-6908

3

## CERTIFICATE OF SERVICE

I, Brian J. Stefanich, an attorney, hereby certify that I caused a copy of the foregoing Defendant Officer's Response to Plaintiff's Motion in Limine Number 11, to be filed with the Court's CM/ECF system on November 8, 2019, which provided notice and a copy to all counsel of record.

/s/ Brian J. Stefanich