**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 13
TO PERMIT PLAINTIFF TO TREAT CHICAGO POLICE DEPARTMENT
WITNESSES AND PROSECUTORS AS ADVERSE**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers"), by their attorneys, in response to Plaintiff's Motion *in Limine* to permit Plaintiff to treat Chicago Police Department witnesses and prosecutors as adverse, state as follows:

**INTRODUCTION**

Plaintiff's motion seeks to treat three categories of witnesses as adverse: 1) current and former City of Chicago employees; 2) witnesses who were deposed pursuant to Rule 30(b)(6); and 3) Assistant State's Attorneys. Plaintiff's ploy is obvious: he seeks to create the impression with the jury that any witness who offers testimony that is not favorable to him has an interest in the outcome of this case and/or may have engaged in misconduct him or herself and therefore should not be trusted. This Court should exercise its discretion and disallow leading questions of these witnesses to avoid prejudice to the Defendant Officers. F.R.E. 611(c); *U.S. v. Hall*, 165 F.3d 1095, 117 (7th Cir. 1999).

**ARGUMENT**

Plaintiff seeks to examine witnesses adversely, pursuant to Rule 611, under the theory that they are "identified with an adverse party." Rule 611 "acknowledges that [leading questions] are generally undesirable on direct examination." *Ellis v. Chicago*, 667 F.2d 606, 613 (7th Cir. 1981). Moreover, "the rule is consistent with what has long been the law-that in the use of leading questions 'much must be left to the sound discretion of the trial judge who sees the witness and can, therefore, determine in the interest of truth and justice whether the circumstances justify leading questions to be propounded to a witness by the party producing them.'" *Id.* In this case, the circumstances do not justify leading questions to witnesses based on the fact that they at some point shared an employer, or a common interest, with the Defendant Officers whose conduct is at issue.

Plaintiff's characterization of *Ratliff* as applying a "well-established" rule that police officers are adverse whenever one of their colleagues is involved in Section 1983 litigation is disingenuous and misleading. The "classic example" referred to in Ratliff involved individuals who were presently employed by the City, involved in the case, and current co-workers of Defendant Officers. *Ratliff v. City of Chicago*, No. 10-cv-739, 2013 U.S. Dist. LEXIS 94518, at *19 (N.D. Ill. July 8, 2013); *accord Ellis v. Chicago*, 667 F.2d 606, 613 (7th Cir. 1981) (finding police officers were witnesses identified with an adverse party where they were "employees of defendant City of Chicago at all times during the litigation and were each present during portions of the incident which gave rise to this lawsuit... [and] both officers had worked closely with defendant [officer] during the period of their employment."). None of the witnesses addressed in Plaintiff's motion is similarly situated as 1) an employee 2) who played a role in the events giving

2

rise to this litigation, and 3) is a co-worker of any of Defendant Officer. As a result, adverse examination of these individuals would be improper.

### I. Former employees of the Chicago Police Department are not currently "identified with an adverse party."

Rule 611 is phrased in the present tense, and allows witnesses who "identify with an adverse party" to be subjected to leading questions. In a case such as this one, with more than twenty years having passed since the events which give rise to this litigation, this distinction is important. Since the Rule is based on a relationship at the time of trial, there must be some evidence that the witness has a present relationship with an adverse party that would justify "automatically regard[ing] and treat[ing] [the witness] as hostile" at this trial. Advisory Notes, USCS Fed Rules Evid R 611. Plaintiff has provided no evidence that Michael Baker, Charles Baylom, Terry Sumpter, or James Hickey are presently aligned with an adverse party such that bias can be inferred.

Michael Baker retired from the Chicago Police Department nearly ten years ago. He is not adverse by virtue of his employment, nor does he presently have a relationship with any Defendant Officers as co-workers which could influence his testimony. Moreover, Mr. Baker's involvement in the case was not adverse to Plaintiff. To the contrary, he was called by Plaintiff as his first witness at his criminal trial, to testify regarding his interview with Clifford Frazier. Thus, neither his former employment, nor his involvement in this case justify treating Mr. Baker as adverse. To permit him to be cross-examined in the same manner as Defendant Officers would unfairly imply that this dismissed defendant engaged in misconduct.

Charles Baylon is a retired Chicago police officer. At the time of the Frazier-Clayton murders, Baylon was a uniformed officer who inventoried forensic evidence at the scene. He had no further involvement in the investigation, and was not involved in any manner with the events

at issue in this litigation: Plaintiff's arrest and prosecution. Nothing in the record indicates Baylon is presently aligned with the City or Defendant Officers. Plaintiff's adverse examination of this witness would be highly prejudicial as it would imply that the evidence was mishandled, which cannot be a basis of liability against the Defendant Officers. All claims of improper investigation and handling of evidence have been resolved in Defendant Officers favor, and Plaintiff should not be permitted to use the technique of leading questions to imply otherwise. *See* Defendant Officers' Motions *in Limine* Nos. 4, 7.

Terry Sumter is a former patrol officer (retired as of 2017), who responded to the incident at J&J Fish. Sumter testified that he does not recall responding to this incident, has no recollection of who was present, does not know Defendant Officers, and had no involvement in the investigation of Plaintiff. Sumter's former employment and limited involvement in this case do not lead to the inference of bias in favor of the City or Defendant Officers.

Plaintiff's position that all former employees may be treated as adverse, regardless of their participation in the acts giving rise to the litigation, is untenable and not supported by the cited authority. In *Gibbons v. Village of Sauk Village*, the court did not permit adverse examination of witnesses based solely on the fact that they were employed by the village at the time of the incident. No. 15 CV 4950, 2017 U.S. Dist. LEXIS 179108, at *13 (N.D. Ill. Oct. 30, 2017). Rather, the court opined that "a witness is most likely to be treated as adverse where he or she was employed at the time of the incident in question *and* had a hand in the incident that resulted in suit." *Id.* at *12 (emphasis added). Accordingly, the court analyzed the role of each witness, and permitted adverse examination of former employees who had a role in the employment decision which was the basis of the litigation. Applying the same logic here leads to the opposite conclusion, as neither Baker,

4

Baylon, or Sumter played a role in the arrest and prosecution of Plaintiff at issue in this case. As a result, these individuals should not be examined adversely.

## II.      Harlan Hansbrough is not a witness identified with an adverse party.

Like Charles Baylon, Officer Harlan Hansbrough had no involvement in the events which give rise to this litigation: the arrest and prosecution of Plaintiff. Officer Hansbrough participated in the recovery of a weapon from the J&J restaurant after this incident. His handling of this evidence is not at issue in this case, as all claims of improper investigation and handling of evidence have been resolved in Defendant Officers favor. *See* Defendant Officers' Motions in Limine Nos. 4, 7. An adverse examination of Officer Hansbrough will improperly imply that the Defendant Officers may be held liable for failure to preserve weapons, and should not be permitted.

## III.     Rule 30(b)(6) witnesses are not identified with the City in any manner related to this litigation.

Plaintiff's argument that Rule 30(b)(6) employees identify with the City ignores the fact that the City's liability is entirely derivative of the conduct of the Defendant Officers. Plaintiff's *Monell* claim was bifurcated and stayed, and there is no other direct liability claim against the City. Because the City is not an adverse party independent of its potential *respondeat superior* liability, there is no municipal defense, and no basis for any Rule 30(b)(6) witnesses to testify as a representative of the City. These individuals were identified, at Plaintiff's request and as required by Federal Rule of Civil Procedure 30(b)(6), to provide discovery related to the City's policies and procedures – particularly those relevant to preservation of evidence and retention policies. These policies and procedures are not at issue in the present trial. This fact distinguishes this case from those on which Plaintiff relies, wherein municipal liability was at issue. *See Ellis v. City of Chicago*, 667 F.2d 606, 612-13 (7th Cir. 1981) (police officers qualified as witnesses identified with an adverse party in part because they were employees of the City, a municipal defendant);

*Ratliff v. City of Chicago*, No. 10-cv-739, 2013 U.S. Dist. LEXIS 94518, at \*19 (N.D. Ill. July 8, 2013) (same).

Moreover, employment by a named defendant is not sufficient. Plaintiff must show that these witnesses were present for events which gave rise to the litigation, and close co-workers of the Defendant Officers. *See Ellis*, 667 F.2d at 612-13. None of the Rule 30(b) (6) witnesses were present for any part of Plaintiff's arrest and prosecution, nor are they colleagues of any of Defendant Officers. Because these City employees would not be testifying on behalf of the City as a municipal defendant, have no connection to the events underlying this lawsuit, and are not close associates of Defendant Officers, they are not identified with an adverse party and may not be examined with leading questions.

### IV. Lynda Peters and James Beligratis may not be examined with leading questions pursuant to Rule 611(c).

Rule 611(c) permits leading questions "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Civ. P. 611(c). None of these categories apply to former prosecutor Lynda Peters and Assistant State's Attorney James Beligratis. Plaintiff's cursory and undeveloped argument does not establish hostility on the part of these witnesses, or provide any factual or legal basis to qualify these individuals as "identified with an adverse party." The truncated quotation of *Ratliff* does not advance Plaintiff's position. As described above, Ratliff involved witnesses who were employees and coworkers of adverse parties – Peters and Beligratis do not fit these qualifications.

Plaintiff's expectation that these witnesses will refuse to meet with his counsel, and will give unfavorable testimony, does not entitle him to treat them as hostile witnesses. *Suarez Matos v. Ashford Presbyterian Cmty. Hosp.*, 4 F.3d 47, 50 (1st Cir. 1993) (finding no authority "suggesting that simply because a party expects favorable testimony from a witness, the opponent

6

is entitled to call him, or her, as hostile"). As this district has observed, if "expressing a contrary view [made] a witness 'hostile' under Rule 611(c)... nearly every witness in every lawsuit could be treated as "hostile.'" *LaSalle Nat'l Bank v. Mass. Bay Ins. Co.*, Case No. 90 C 2005, 1997 U.S. Dist. LEXIS 564, at *11 (N.D. Ill. Jan. 9, 1997). As a result, if "[t]he only indication that the [witnesses] are 'hostile witnesses' is that they have stated opinions on an important issue that contradict the opinions of plaintiff[]," leading questions are not permitted. *Id.* Because Plaintiff has provided nothing more than a general assertion of disagreement with Lynda Peters and James Beligratis, he has not established that they are hostile witnesses within the meaning of Rule 611. Accordingly, he may not employ leading questions on direct examination of these witnesses.

WHEREFORE, for the reasons stated herein, Defendant Officers respectfully request that this Court deny Plaintiff's Motion *in Limine* Number 13, and prohibit Plaintiff from examining the aforementioned witnesses with leading questions.

Respectfully submitted,

/s/ *Brian J. Stefanich*
One of the Attorneys for Defendant Officers

Andrew M. Hale (ahale@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph. (312) 341-9646
Fax (312) 341-9656

## CERTIFICATE OF SERVICE

I, Brian J. Stefanich, an attorney, hereby certify that I caused a copy of the foregoing Defendant Officer's Response to Plaintiff's Motion in Limine Number 13, to be filed with the Court's CM/ECF system on November 8, 2019, which provided notice and a copy to all counsel of record.

/s/ Brian J. Stefanich