IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 3
TO BAR REFERENCE TO STATE APPELLATE COURT DECISIONS AND TRIAL
COURT'S WITNESS CREDIBILITY DETERMINATIONS**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers"), by their attorneys, in response to Plaintiff's Motion *in Limine* to bar certain state court opinions, or portions thereof, state as follows:

**INTRODUCTION**

Plaintiff's motion asks this Court to admit post-trial court opinions, which he acknowledges are "not evidence," only to the extent that they are favorable to Plaintiff. There is no logical basis to exclude the court opinions addressed in Plaintiff's motion, yet admit others which suffer the same evidentiary flaws. All post-trial court orders and opinions are hearsay, with a strong tendency to confuse, mislead and over influence the jury. Thus, Defendant Officers ask this Court to grant Plaintiff's motion reciprocally, barring reference to all court orders, opinions, judgments which followed the criminal trial, for the reasons stated below.

**ARGUMENT**

As Plaintiff's motion demonstrates, all court orders and opinions which followed Plaintiff's

criminal trial are inadmissible.[1]  A court judgment is hearsay when offered for its truth, and only certain types of judgments qualify for an exception.  Moreover, court opinions are substantially more prejudicial than probative, as the variance in legal standards and evidence is likely to confuse and mislead the jury.  Fed. R. Evid. 403.  These evidentiary standards apply equally to the orders on direct appeal, which Plaintiff seeks to bar, and those he seeks to admit, including but not limited to the Illinois Appellate Court opinion remanding for a third stage proceeding on the post-conviction petition, the Circuit Court opinion vacating his conviction and ordering a new trial, and the Circuit Court order granting a Certificate of Innocence.[2]

## I. Court judgments are hearsay and do not fall within any exception.

"A court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment."  *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007); *see also United States v. Jones,* 808 F.2d 561, 567 (7th Cir. 1986) (excluding a prior judgment of acquittal as hearsay); *United States v. Sutton*, 732 F.2d 1483, 1493 (10th Cir. 1984) (same); *United States v. Viserto*, 596 F.2d 531, 537 (2d Cir. 1979) (same).  The hearsay rule bars introduction of opinions and orders, as well as "discrete judicial fact findings and analysis underlying the judgment to prove the truth of those findings and analysis." *Sine*, 493 F.3d at 1036; *accord Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) ("judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those facts, the judgment is hearsay.")  Like all hearsay, a court judgment is inadmissible because it is "evidence that is neither based on personal knowledge nor subject to cross-examination." *Sine*, 493 at 1036.

The Rules of Evidence recognize court judgments as hearsay and allow hearsay exceptions

---

[1] Defendant Officers acknowledge that the order of conviction is relevant not for its truth (Plaintiff's guilt beyond a reasonable doubt), but for its effect of incarceration.
[2] The inadmissibility of this order is further addressed in Defendants Motion in Limine Number 8 to Bar Reference to Plaintiff's Certificate of Innocence.

2

only for specific judgments. Fed. R. Evid. 803. "When the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly." *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (abuse of discretion to admit order in another case into evidence). The Rules allow hearsay exceptions for two types of judgments: Rule 803(22) excepts "a final judgment of conviction" and Rule 803(23) excepts "judgments involving personal, family, or general history, or a boundary." Fed. R. Evid. 803. These exceptions are to be read narrowly, and given their plain meaning. *See*, *e.g., Jones*, 808 F.2d at 567 (Rule 803(22) "except[s] judgments of conviction, not judgments of acquittal, from the hearsay rule.") None of the judgments, opinions, orders entered in Plaintiff's criminal case qualify as a "final judgment of conviction" or relate to history or land boundaries. As a result, the only viable hearsay exceptions for court judgments are inapplicable.

It would be error to circumvent Rule 803's express limitations as to which judgments qualify for a hearsay exception by giving a different section, such as the public records exception in Rule 803(8),[3] wholesale application to all court judgments. The Rules of Evidence must be interpreted as a whole, so that no part is rendered superfluous. *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal quotations omitted); *Beech Aircraft Corp. v. Rainey*, 488 U.S.

---

[3] Defendant Officers acknowledge that one of our district courts has held that a judgment granting a certificate of innocence was admissible under the public records exception. *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 747 (N.D. Ill. 2015) (Lefkow, J.). Defendant Officers respectfully submit that this ruling was in error. The court did not consider that the rules of statutory construction were violated by this interpretation, as this issue was not raised. Moreover, as addressed more fully in a separate motion *in limine*, the *Kluppelberg* court misapplied the Seventh Circuit opinion in *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987). In *Greycas*, the court acknowledged the evidentiary issues with admission of a judgment in a jury trial, opining "we are not sure the rule should apply" in a bench trial. Moreover, the judgment at issue in *Greycas* was a document establishing property rights, and therefore fell squarely within the enumerated exception in Rule 803(14). *Greycas* is clearly distinguishable, as the present case involves a jury trial, and no hearsay exception applies. Fed. R. Evid. 803. See also, Defendants Motion in Limine Number 8 to Bar Reference to Plaintiff's Certificate of Innocence for further discussion of *Greycas*.

153, 163, (1988) ("traditional tools of statutory construction" apply to interpretation of Federal Rules of Evidence.) If Rule 803(8), or any other hearsay exception, could be read so broadly as to encompass all court judgments, Rule 803(22), excepting "a final judgment of conviction," and Rule 803(23), excepting "judgments involving personal, family, or general history, or a boundary," would be superfluous. The only permissible construction is to give effect to section 22 and 23, and recognize these as the only judgments expressly excepted from the hearsay rule.

Further, the plain text of Rule 803(8), as well as the notes of the Advisory Committee, demonstrate that this section was not intended to apply to court judgments. *Nipper,* 7 F.3d at 417. In *Nipper*, the court analyzed Rule 803(8), the exception for public records documenting "factual findings from a legally authorized investigation," and found it inapplicable to judicial findings. *Id*. As the court explained:

> Rule 803(8)(C), [now Rule 803(8)(a)(iii),] on its face, does not apply to judicial findings of fact; it applies to "factual findings resulting from an investigation made pursuant to authority granted by law." . . . A judge in a civil trial is not an investigator, rather a judge. In fact, a review of the advisory committee note to Rule 803 makes plain that the drafters intended this portion of the rule to relate to findings of agencies and offices of the executive branch. . . . There is not the slightest hint, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact.

*Id.* (citing Advisory Committee's Note, 56 F.R.D. 183, 311-313; *accord United States v. Marvin Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994) (Rule 803 (8) did not apply to judicial order); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1185 (E.D. Pa. 1980) ("[A] review of the advisory committee note makes it clear that judicial findings are not encompassed [in Rule 803(8)]; not only is there not the remotest reference to judicial findings, but there is a specific focus on the findings of officials and agencies within the executive branch.") In sum, admission of judgments under the public records exception is clearly contrary to the drafters' intent and should not be permitted.

Because all judgments in Plaintiff's criminal trial are hearsay, without applicable exception, Plaintiff's motion should be granted reciprocally, and an order entered barring all opinions, orders and findings which followed his conviction.

II. **Court orders and opinions have no probative value, and any minimal value is substantially outweighed by unfair prejudice, confusion of issues and waste of court time.**

Plaintiff admits that "the state court's impressions [of the evidence] have little to no probative value." (Mot. at 4.) None of the post-trial opinions in Plaintiff's criminal case are relevant to any fact at issue in this civil rights case. *Schultz v. Thomas*, 832 F.2d 108, 110-111 (7th Cir. 1987). In *Schultz v. Thomas*, the Seventh Circuit held that a judge's opinion acquitting the plaintiff on charges of disorderly conduct had no probative value in a civil rights trial on the same facts. *Id.* The court explained that "[the judge's] findings and opinion regarding [the plaintiff's] arrest and subsequent prosecution" were "irrelevant to an adjudication of his civil rights claim." *Id.* In addition, the judge was not a competent witness to the underlying facts of the incident, because he lacked personal knowledge. *Id*. at 111. (citing Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. . . .") Further, the judge's opinions on the evidence relied on a personal assessment of the evidence, including the credibility of witnesses, and were likewise improper. *Id*. As Plaintiff acknowledges, credibility assessments are the exclusive province of the jury, and are not proper opinion testimony. Mot. at 4 (citing *United States v. Nunez*, 532 F.3d 645, 652 (7th Cir. 2008) ("[T]his circuit's precedent makes clear that assessing the credibility of a witness's testimony is the job of the jury, and asking a [witness] to comment on the veracity of the testimony of another witness is improper.")). In this case, as in *Schultz*, the criminal court judges have no personal knowledge of the underlying facts, and may not opine on their assessment of

5

those facts. As a result, there is no probative value in the opinions of the various courts involved in post-trial proceedings.

On the other hand, introducing court orders and opinions as evidence presents significant risks of unfairly prejudicing the party presenting contrary evidence, confusing the jury, and wasting court time with a lengthy sidetrack into the variance in legal standards and evidence. Fed. R. Evid. 403. Plaintiff has acknowledged that these risks outweigh any probative value of the Illinois court orders and opinions, arguing that "[i]t would be inappropriate, unfairly prejudicial, and unduly confusing to admit the finding of another judge that was based on a different body of evidence. This would far outweigh the probative value . . . of the state court's findings evidence." (Pl. Mot. at 3, (citing *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill. Apr. 29, 2014) (Kennelly, J.) (Dkt. 685, Order #1 on Motions in Limine, at 8) (discussing impropriety of admitting court opinion on petition for certificate of innocence into evidence).)

The Seventh Circuit has characterized the "danger of unfair prejudice" in admitting court orders as evidence as "unquestionably high." *United States v. Blanchard*, 542 F.3d 1133, 1150 (7th Cir. 2008). The unfair prejudice results from "the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present. The difficulty must be especially great for a jury, which is apt to give exaggerated weight to a judgment." *Greycas,* 826 F.2d at 1567. The risk of "placing the weight of the court's authority behind [a particular theory of the case]" results in "significant risk of unfair prejudice to the [opposing party]." *Blanchard*, 542 F.3d at 1150.

Court opinions and orders are unfairly prejudicial where the "findings and determinations in the related [state court] litigation. . . overlap with the issues for . . . the jury to decide in this case." *Schultz,* 832 F.2d at 110. This prejudice informed the Seventh Circuit's reversal in *Schultz,*

6

based on the improper the admission of a criminal judge's findings in a civil action for excessive force. *Id*. at 110-111. In *Schultz*, the Seventh Circuit found that admitting a criminal court order of acquittal on disorderly conduct charges, which included opinions on whether the officers struck the plaintiff as alleged, was an abuse of discretion because it usurped the role of the jury and denied the defendants a fair trial:

> [T]he jury was required to observe and listen to many of the same witnesses giving the identical testimony as that which formed the basis for Judge Flynn's disorderly conduct decision. Indeed, the aforequoted excerpts from Judge Flynn's opinion so unavoidably overlapped the jury's role in assessing the credibility of the key witness as to unfairly prejudice the defendants by denying them the right to have a jury decide the facts which formed the claims against them.

*Id*. at 110; *accord Fields v. City of Chicago,* 2017 U.S. Dist. LEXIS 146077, at *36 (N.D. Ill. Sep. 11, 2017) (Kennelly, J.) (expressing "serious doubt" as to whether "it would be appropriate to introduce another fact-finder's rulings on issues the jury in this case was called upon to determine for the very purpose of influencing the jury's determination of those same issues"). In this case, as in *Schultz*, the evidence in this civil trial significantly overlaps with that addressed in the criminal trial. The jury in this case should hear and analyze the evidence without the undue influence of judicial opinions on the same issues they are deciding.

The likelihood of jury confusion also precludes admission of judicial orders and opinions. This risk was explained in *Johnson v. Colt Indus. Operating Corp.*, upon which Plaintiff relies, as follows:

> [T]he admission of a judicial opinion as substantive evidence presents obvious dangers. The most significant possible problem posed by the admission of a judicial opinion is that the jury might be confused as to the proper weight to give such evidence. It is possible that a jury might be confused into believing that the opinion's findings are somehow binding in the case at bar. Put most extremely, the jury might assume that the opinion is entitled to as much weight as the trial court's instructions since both emanate from courts.

797 F.2d 1530, 1534 (10th Cir. 1986); *see also* Pl. Mot. at 3.

7

In this case, the potential confusion caused by introducing post-trial court opinions is immense. To understand the opinions and orders, the jury would need to sort out the differences between the facts presented to each court and those at issue in this civil matter, and understand the different legal standards and constitutional issues at each stage. Each opinion admitted will "require[] a detailed explanation of the differences between the record in the [particular] proceeding and the evidence admitted in the present case," resulting in a "lengthy sidetrack" from the true issues at trial." *Fields,* 2017 U.S. Dist. LEXIS 146077 at *36. The jury would be distracted from deciding the issues – which are already complex in that they involve evaluation of the facts as presented in the 1996 criminal trial, as well as those presented via live witnesses in the present civil trial – and focused instead on how various courts viewed these issues. Explaining these rulings to the jury would not only lengthen the trial unnecessarily, but would also require a discussion of evidence which is not admissible in this forum, such as hearsay witness affidavits obtained post trial. *See Fields v. City of Chicago*, No. 10 C 1168, 2017 U.S. Dist. LEXIS 146077, at *36 (N.D. Ill. Sep. 11, 2017) (excluding criminal court ruling in part because countering ruling "would have required a discussion of evidence this Court excluded, which would have had the effect of defeating the Court's evidentiary rulings."). There is no justification for the jury confusion, waste of court time and prejudice which will result from permitting the jury to hear judicial opinions which overlap with those the jury is to decide.

### III. Any necessary background information regarding post-trial criminal proceedings may be provided in a jury instruction..

Defendant Officers acknowledge that some procedural background may be relevant for the non-hearsay purpose of explaining the legal effect of certain court orders, specifically how Plaintiff found himself in the position of being incarcerated, facing re-trial, and later released. *United States v. Boulware*, 384 F.3d 794, 807 (9th Cir. 2004). However, this background information can be

provided without admitting the judicial opinions or findings of fact into evidence. A jury instruction will avoid putting irrelevant, confusing and prejudicial hearsay before the jury. The following would suffice to explain post-trial criminal proceedings:

- Plaintiff was convicted of aggravated battery with a firearm, attempted first degree murder, and two counts of first degree murder on October 30, 1996, following a trial in which the jury found him guilty beyond a reasonable doubt on all charges.
- On January 15, 1999, the Illinois Appellate Court affirmed his conviction, finding sufficient evidence to support the conviction, no error by the court, and no prosecutorial misconduct.
- On June 21, 2001 the Illinois Supreme Court affirmed his conviction.
- On January 21, 2016, the Illinois Circuit Court granted Plaintiff's post-conviction petition, vacated his conviction and ordered a new trial based solely on a determination that Plaintiff was prejudiced by errors made by his counsel in the criminal trial.
- On April 19, 2016, the court granted the State's motion to dismiss the charges *nolle prosequi*.

Advising the jury of the entry of these orders, as well as the legal basis, would provide a general overview of what transpired procedurally, prevent the jury from speculating as to why court action was taken orders, and avoid interjecting unnecessary and prejudicial court opinions. The purpose of this instruction would be to assist the jury in understanding how Plaintiff was convicted, incarcerated and released. Intermediate orders and orders entered after Plaintiff was released do not serve this purpose, and should not be referenced at trial. Specifically, there should be no mention of Plaintiff's petition for a certificate of innocence, or the order granting same, for the reasons addressed herein and separately in Defendants Motion in Limine Number 8 to bar reference to Plaintiff's Certificate of Innocence.

WHEREFORE, for the reasons stated herein, Defendant Officers respectfully request that this Court grant Plaintiff's Motion *in Limine* Number 3 reciprocally, and bar all court orders, factual findings and opinions entered post-trial.

9

                                                            Respectfully submitted,

                                                            /s/ *Brian J. Stefanich*
                                                            One of the Attorneys for Defendant Officers

Andrew M. Hale (ahale@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph. (312) 341-9646
Fax (312) 341-9656

**CERTIFICATE OF SERVICE**

    I, Brian J. Stefanich, an attorney, hereby certify that I caused a copy of the foregoing Defendant Officer's Response to Plaintiff's Motion *in Limine* Number 3, to be filed with the Court's CM/ECF system on November 8, 2019, which provided notice and a copy to all counsel of record.

    /s/ Brian J. Stefanich