**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 5
TO EXCLUDE CYNTHIA STEWARD'S TESTIMONY DEMONSTRATING THAT
PLAINTIFF AND THE VICTIMS WERE ACQUAINTED
PRIOR TO THE DATE OF THE MURDER**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers"), by their attorneys, in response to Plaintiff's Motion *in Limine* to bar Cynthia Steward from testifying to facts which demonstrate that Plaintiff and the victims were acquainted, state as follows:

Plaintiff motion seeks to bar Cynthia Steward from testifying: 1) that she believes Plaintiff was involved in the murders; 2) that Plaintiff was present for drug deals between Anthony Williams and the murder victims prior to January 29, 1994; and 3) that the murder victims knew Plaintiff.

First, defendants do not intend to elicit testimony from Ms. Steward regarding who she personally holds accountable for her fiancé's murder. However, as Plaintiff noted, Ms. Steward did make a statement to police regarding who may have been involved. As to this statement, Defendant Officers reserve the right to explore the reasons why she identified/did not identify certain individuals to police and the basis for these statements.

As to the second category, Ms. Steward's testimony regarding individuals with whom the victims dealt in their drug business is based on personal knowledge and admissible. Fed. R. Evid. 601. To prevail on this motion *in limine*, Plaintiff is required to establish that whether Eddie Bolden previously engaged in drug deals with the victims is "clearly inadmissible on all potential grounds." Because he has not made such a showing, "evidentiary ruling[] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Techs.*, 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993). Plaintiff concedes the relevance of evidence linking Plaintiff and the victims to rebut Plaintiff's claim that he was a stranger to the victims. Nonetheless, he asks this court to exclude such testimony on foundation and credibility grounds. Neither is a basis for excluding Ms. Steward's testimony.

There is a proper foundation for Ms. Steward's testimony. Ms. Steward is not relying on hearsay, but on her own observations. She testified at deposition and at the criminal trial that she was present for drug transactions between the victims and Anthony Williams prior to January 29, 1994. Ms. Steward observed other individuals present at these transactions. At her deposition, Ms. Steward could not be sure whether Plaintiff was one of them, because she did not know him at the time. However, her description of persons present left open the possibility that Plaintiff was among them. She testified:

> Q.· · Okay.·At any point any of the times that you accompanied Derrick or Ledell to sell drugs to Ant, did you ever see Eddie Bolden present?
>
> A.· · It was several bald-headed guys up there at the time.· So I just don't -- don't --like I said, I don't know him personally, you know, so -- like I said, it's a couple of guys up there. You know, they come out of the pool hall or -- you know, so I didn't know exactly who Edward Bolden is because I never had any communication with him at all.· So I don't -- I can't say that.· No, ma'am.

2

(Pl. Exh. A, Dkt. 307-1 at 163:14-24). Although Ms. Steward was unable to identify Plaintiff by name, her testimony describing individuals present is consistent with Plaintiff's self-described physical appearance of "bald-headed."[1] This is circumstantial evidence of Plaintiff's identity, which the jury may consider in conjunction with other facts to determine whether Plaintiff had been involved in prior drug deals with the victims. This evidence is clearly relevant to rebut Plaintiff's claim that he was a stranger to the victims. There is sufficient evidence that Ms. Steward has personal knowledge of individuals who were present for prior drug transactions to satisfy Rule 601. Fed. R. Evid. 601. To the extent further foundation is required, it can be provided at trial. *Hawthorne Partners*, 831 F. Supp. at 1400-01.

Credibility attacks on Ms. Steward are unwarranted and not a basis to exclude her testimony. Despite deposing the prosecutor, Ms. Steward, and numerous police officers, Plaintiff did not elicit any evidence that Ms. Steward ever made contradictory statements or withheld information regarding individuals present for prior drug transactions. Plaintiff's argument that if the prosecution had information that individuals fitting Plaintiff's description were present for past drug deals, that evidence necessarily would have been brought out at trial is pure speculation.[2] Moreover, even if contradictory statements existed, they would at most provide a basis for impeachment, not for exclusion of the entire line of questioning. Plaintiff's objections to the reliability of Ms. Steward's testimony, like his foundational objections, are without merit. There is no basis to bar Ms. Steward from describing individuals she observed to be present for prior

---

[1] Plaintiff's hairstyle was also described as "close cropped" by Anthony Williams (Def. Ofc. 14), and "low cut" by Clifford Frazier. (EB 6739-6740.)

[2] This argument is illogical and misrepresents the evidence presented at the criminal trial. The State had no reason to elicit evidence of the victims' familiarity with Plaintiff, as the defense that Plaintiff was a stranger who would not be allowed into the victims' car was not raised at the criminal trial. Further, Ms. Steward did not testify that the victims dealt exclusively with Williams, that they did not deal with Plaintiff, or that others were not present for these transactions. To the contrary, Plaintiff's counsel brought out testimony that there were others present in the restaurant when these transactions took place. (EB 6649- 6650)

drug transactions. This evidence is relevant and admissible to inform a jury finding as to whether Plaintiff and the victims were acquainted prior to the day of the murders.

Finally, Ms. Steward's testimony that Plaintiff's name had been mentioned by Irving Clayton is not hearsay. Hearsay is defined as an out-of-court statement offered for the truth of the matter asserted. Irving's mention of Bolden's name in conversation was not a statement, because it did not "assert [a] proposition[] that may be true or false." *Baines v. Walgreen Co.*, 863 F.3d 656, 662 (7th Cir. 2017). Moreover, the significance of Irving's statements lies in the fact that the words were said, thus "no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed. R. Evid. 801(c), Advisory Committee Notes. The hearsay rule is not implicated here, because Irving's statements are offered as circumstantial evidence of Irving's familiarity with Bolden and understanding of the drug operations. Ms. Steward testified as follows:

> Q. [W]hat knowledge do you have that Roderick, Bolden, and Ant were all connected prior to the date of the shootings?
>
> A. Well, I mean . . . Irving and Derrick, they used to talk. And Irving used to be like . . . if Ant wasn't there, Roderick, somebody be up there when they dropped off whatever they would drop off, as far as the drugs. If Ant wasn't there, he would say, Roderick, or Bolden, or – Ant got a brother, I can't think of his name.. . ·One of them would be there to get the drugs, you know, in case Ant wasn't there. . . So the names -- I remember always hearing the names. They would always be up there. Whether they was cooking, whether they was in the restaurant doing anything, whether they was on 39th, you know, I was just always -- that was always something I heard, you know, them talk about.

(Pl. Exh. A, Dkt. 307-1 at 60:9-61:6.) Irving's statements are not hearsay because they are not offered for their truth: that Plaintiff would actually be present in the restaurant on any particular occasion. *See* Fed. R. Evid. 801(c); *United States v. Limehouse*, 950 F.2d 501, 503 (7th Cir. 1991) (statement "that '[defendant's alias]' was present at the residence" was not hearsay because it was not offered to show that a person by that name was present at the residence, but that defendant used the alias name). The significance of this conversation lies in the fact that Irving uttered the

4

name "Bolden" in conversation, as circumstantial evidence that the victim and Plaintiff knew each other. *See United States v. Anello*, 765 F.2d 253, 261 (1st Cir. 1985) (statements offered to show relationship between parties were not offered for their truth and therefore not hearsay) (collecting cases); *see also United States v. Herrera-Medina*, 853 F.2d 564, 566 (7th Cir. 1988) (conversations recounting "war stories" in the drug trade were not hearsay because they were not offered to show the stories were true, but to show declarant's familiarity with the drug trade and trusted relationship with the drug kingpin); *United States v. Paradies*, 98 F.3d 1266, 1291 (11th Cir. 1996) (conversations offered to show "that the people involved had a familiar relationship and had regular . . . meetings" was not hearsay). Because the relevance lies in whether the statement was made, "there is no need to evaluate [Irving's] credibility." *United States v. Hicks*, 848 F.2d 1, 3 (1st Cir. 1988). Instead "[t]he only issue [is] whether [Irving] actually said what he did, and as to that, [Ms. Steward] [is] available for cross-examination." *Id*.

Irving's statements also serve another non-hearsay purpose, to show the victims' belief (whether or not true) that they were authorized to deal with Plaintiff in Anthony Williams' absence. As to Irving, the statements are not hearsay because they are offered to demonstrate his personal understanding of this arrangement. *United States v. Blackwood*, 768 F.2d 131, 139 (7th Cir. 1985) (extortion victim's out-of-court statements offered to show that he "reasonably believed that appellant had the power by virtue of his official position to influence the judicial disposition of cases" was not hearsay). In addition, they are relevant for their effect on the listener, Derrick Frazier. *Jewett v. Anders*, 521 F.3d 818, 825 n.5 (7th Cir. 2008) (statement offered for effect on the listener and to explain his actions thereafter is not hearsay). Specifically, this conversation shows that Derrick expected he might be dealing with Plaintiff, and was reassured by his good friend Irving that this arrangement was acceptable, and it was therefore not unreasonable for him

5

to agree to get into a car with Plaintiff. For this purpose as well, the statement is not hearsay, because the relevance lies in the fact that the words were said and had an impact on Derrick Frazier, not their truth. *United States v. Norwood*, 798 F.2d 1094, 1097 (7th Cir. 1986) ("When it is proved that D made a statement to X, with the purpose of showing the probable state of mind thereby induced in X, . . . the evidence is not subject to attack as hearsay.")

In sum, Cynthia Steward has personal knowledge of facts which are admissible and probative of whether Plaintiff was a stranger to the murder victims. Her testimony on these issues should be allowed.

WHEREFORE, for the reasons stated herein, Defendant Officers respectfully request that this Court deny Plaintiff's Motion *in Limine* Number 5, and permit Ms. Steward to testify fully as to all relevant matters within her personal knowledge.

Respectfully submitted,

/s/ <i>Brian J. Stefanich</i><br>
One of the Attorneys for Defendant Officers

Andrew M. Hale (ahale@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph. (312) 341-9646
Fax (312) 341-9656

6

## **CERTIFICATE OF SERVICE**

    I, Brian J. Stefanich, an attorney, hereby certify that I caused a copy of the foregoing Defendant Officer's Response to Plaintiff's Motion *in Limine* Number 5, to be filed with the Court's CM/ECF system on November 8, 2019, which provided notice and a copy to all counsel of record.

    /s/ Brian J. Stefanich