IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 10
TO EXCLUDE PHOTOGRAPHS OF DECEDENTS**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers"), by their attorneys, in response to Plaintiff's Motion *in Limine* to exclude photographs of decedents, state as follows:

Photographs of deceased are admissible so long as they have probative value which is not substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. These photographs are not "of such a gruesome and horrifying nature that their probative value was outweighed by the danger of inflaming the jury." *United States v. Miguel*, 87 F. App'x 67, 69 (9th Cir. 2004).

The photographs of the deceased were identified by Defendant Officers for the information they provided to Defendant Officers and other police officers investigating the murder. Plaintiff's malicious prosecution claim requires proof that Defendant Officers lacked probable cause to arrest Plaintiff for the double murders of Ledell Clayton and Derrick Frazier, as well as the attempted murder of Clifford Frazier. These photographs in general, and the scene photographs in particular, were part of the investigatory file and therefore informed the probable cause determination. Moreover, there can be no probable cause to commit murder without evidence that a murder was committed. These photographs provide that evidence.

With regard to the autopsy photos, Plaintiff's claim that their only value lies in their gruesome nature is inaccurate. These photos were introduced at Plaintiff's criminal trial to demonstrate the location of the gunshot wounds, and corroborate the testimony of Lee Williams that the shooter was in the back seat of the vehicle. (Exh 1, excerpt of trial transcript EB 7212-7215.) The photographs are the only evidence of the manner of the shootings: a shot to the back of the head at close range. Although Plaintiff's trial counsel argued that morgue photos were too gruesome to go to the jury, the judge did not agree. And with some exceptions for duplicative and extreme close up photographs, allowed morgue photographs to go to the jury to show the nature of the shooting. These photographs serve the same purpose in this litigation.

The scene photographs drew no objection from Plaintiff's criminal trial counsel, presumably because they were recognized for their probative value in demonstrating the scene of the crime. These photographs are not so gruesome to warrant exclusion in light of their value in illustrating the testimony of witness investigating the scene.

The fact that photographs of the deceased were before the jury at the criminal trial alone warrants their inclusion in this case. A central issue in Plaintiff's due process and malicious prosecution is the cause of Plaintiff's conviction. Any evidence which may have influenced that determination is relevant. This distinguishes this case from those cited by Plaintiff, none of which addressed the relevance of evidence at the criminal trial in a malicious prosecution claim. See *Gomez v. Ahitow*, 29 F.3d 1128 (7th Cir. 1994) (harmless error to show gruesome photographs at criminal trial); *Hill v. City of Chicago*, No. 06 C 6772, 2011 U.S. Dist. LEXIS 72387 (N.D. Ill. July 6, 2011) (excluding photographs in Section 1983 case in which only issue was coerced confession); *Scott v. City of Chi.*, 724 F. Supp. 2d 917 (N.D. Ill. 2010) (same).

For these reasons, Plaintiff's Motion in Limine No. 10 should be denied.

Respectfully submitted,


/s/ *Brian J. Stefanich*
One of the Attorneys for Defendant
Officers


Andrew M. Hale (ahale@ahalelaw.com)
Brian J. Stefanich (bstefanich@ahalelaw.com)
William E. Bazarek (wbazarek@ahalelaw.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph. (312) 341-9646
Fax (312) 341-9656

**CERTIFICATE OF SERVICE**

    I, Brian J. Stefanich, an attorney, hereby certify that I caused a copy of the foregoing Defendant Officer's Response to Plaintiff's Motion in Limine Number 10, to be filed with the Court's CM/ECF system on November 8, 2019, which provided notice and a copy to all counsel of record.

/s/ Brian J. Stefanich