IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE L. BOLDEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 17 C 00417 |
| ) | |
| vs. ) | Honorable Steven C. Seeger |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION *IN LIMINE* NO. 7 TO BAR REFERENCE TO
COUNSEL'S INVOLVEMENT IN THE GANGSTER DISCIPLES INVESTIGATION**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Reply in Support of Plaintiff's Motion *in Limine* No. 7 to Bar Reference to Counsel's Involvement in the Gangster Disciples Investigation (Dkt. 300) ("Mot.").

The fact that this Motion was even necessary is powerful evidence of Defendant Officers' ("Defendants") pattern of seeking to avoid the relevant evidence in this case and instead confuse and color the jury with irrelevant and prejudicial matters. Plaintiff's Motion noted that it is difficult to frame this issue for the Court because Defendants' "theory of admissibility defies definition." Mot. at 4. It is no easier to frame the issue after Defendants' Response.

Defendants' Response provides no basis for admission of evidence that Defendant Oliver worked with Ronald Safer, one of Plaintiff's lawyers, and others in the investigation and prosecution of the Gangster Disciple street gang. They baldly assert that if "Plaintiff is allowed to attack the credibility of Oliver . . . Defendant Officers should be permitted to present evidence that Oliver worked with Mr. Safer, other federal prosecutors, and fellow law enforcement officers to help bring down the Gangster Disciple leadership." Defendants' Response to Plaintiff's Motion *in Limine* No. 7 ("Resp.") at 3. Why? Defendants provide the Court with neither authority nor

1

logic to support their position. That Oliver participated in a successful law enforcement team in another context, unrelated to the case at bar, is completely irrelevant to this case. Nor does it do anything to restore his credibility. This Court need waste no more time to reject Defendants' muddled theories and grant Plaintiff's Motion. If the Court delves further, it will quickly realize that Defendants' Response, cursory as it is, nevertheless contains significant inaccuracies.

The Response asserts that "Judge Shah flatly rejected" the proposition that Oliver engaged in corrupt activities related to this case. Resp. at 2. That is untrue. Judge Shah addressed one instance of Oliver's misconduct, as related by Cynthia Steward. *See* Dkt. 276 at 27-28. He did not address, nor do Defendants, the misconduct outlined in the instant Motion, which relates to Defendants' star witness, Clifford Frazier. Mot. at 3. As described in the Motion, Defendant Oliver brought Clifford a safety deposit key that he took from the dead body of Clifford's brother – yet did not inventory – and offered to get Clifford into the bank to access the safety deposit box. *Id.* Later, when Oliver saw Clifford talking to a CPD Internal Affairs investigator, he threatened violence. *Id.* Contrary to Defendants' assertion, this evidence is not merely a vague attack on Oliver's credibility. Rather, it is conduct directly related to the claims and key witnesses in this case, as described in the instant Motion.

Defendants concede they will not offer evidence regarding Safer's involvement in the Gangster Disciples investigation to support an inference that Safer held a positive opinion of Oliver.[1] While Defendants have clarified what they are *not* trying to prove, their Response in no way illuminates what they *are* trying to prove. That remains a mystery.

---

[1] In light of this concession, it is not at all clear for what purpose Defendants share with the Court Oliver's and Safer's roles in the Gangster Disciples investigation, or that Safer treated Oliver with courtesy ("warm greetings") when they saw each other at Oliver's deposition. *See* Resp. at 2. As most prosecutors learn, because people commit evil acts does not necessarily mean they are evil people. And everyone, no matter what they have done, should be treated with respect.

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his Motion *in Limine* No. 7.

Dated: November 22, 2019

Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 22, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

                                       */s/ Valarie Hays*
                                       Valarie Hays