IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION *IN LIMINE* NO. 9 TO EXCLUDE ASA LINDA WALLS'
SPECULATION & OPINION TESTIMONY**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Reply in Support of Plaintiff's Motion *in Limine* No. 9 to Exclude ASA Linda Walls' Speculation & Opinion Testimony (Dkt. 302) ("Mot.").

**I.   ASA Walls Has No Relevant Evidence Regarding Whether CCSAO's Decision Not to Retry Plaintiff Was Indicative of Innocence.**

By their opposition, Defendant Officers ("Defendants") have confirmed the very points on which Plaintiff's Motion *in Limine* is premised: that ASA Linda Walls has no first-hand knowledge about the basis for the Cook County State's Attorney's Office's ("CCSAO") decision to dismiss charges against Plaintiff. Instead, Defendants intend to elicit evidence from Walls regarding her disagreement with CCSAO's decision to dismiss the case, and by extension, her personal opinion as to Plaintiff's guilt. Defendants have not set forth any sound factual or legal basis for admitting her testimony, and accordingly, Plaintiff's Motion *in Limine* to bar her testimony should be granted.

Walls has no competent evidence concerning whether the underlying criminal charges against Plaintiff were terminated in a manner indicative of innocence, nor does she have any

1

relevant testimony regarding CCSAO's decision-making process. Defendants' Response, and Walls' deposition, confirm that she was not the decision-maker and has no knowledge, even derivatively, of why the State dismissed charges against Plaintiff and decided not to oppose the issuance of a Certificate of Innocence. She testified that she was instructed by Fabio Valentini that CCSAO would not retry Mr. Bolden, and that it was not her decision. *See* Ex. 1, Excerpts from Deposition of Linda Walls, at 18:9-19:4, 22:9-23:8, 45:13-14. Indeed, at her deposition when Defendants tried to elicit from her the basis for CCSAO's decision not to retry Plaintiff, counsel for CCSAO objected and cited the deliberative process privilege. *See id*. at 18:27-19:4. Defendants chose not to pursue an answer to that question. Walls further testified that she was not consulted by Valentini or anyone else at CCSAO regarding CCSAO's decision not to oppose Plaintiff's petition for a Certificate of Innocence. *See id.* at 30:17-31:2. Thus, Walls has no competent information about the State's decision to dismiss the charges against Plaintiff or their decision not to oppose the issuance of a Certificate of Innocence.

In the absence of competent evidence, Defendants seek to leave the jury with the improper and incorrect impression that the State decided not to retry Plaintiff to avoid negative media attention regarding the case after receiving a letter from Plaintiff's counsel.[1] *See* Defendants' Response to Plaintiff's Motion *in Limine* No. 9 ("Resp.") at 4 & Ex. B. But Walls testified that she had no knowledge of that letter from Plaintiff's counsel, nor did she have any knowledge of the substance of that letter. In short, she has no basis, other than speculation, to testify that anything in that letter was the basis for CCSAO's decision not to re-try Plaintiff. Thus, Defendants will not be able to elicit any evidence from Walls regarding the factual circumstances surrounding

---

[1] There is no reason to believe that the decision-makers at CCSAO reacted to anything but the compelling case that Plaintiff is innocent. Indeed, if any case could be made that Plaintiff was, in fact, guilty, no adverse publicity would follow from continuing to prove that case. Publicity would be adverse if CCSAO clung to a conviction that had absolutely no merit.

CCSAO's decision not to retry Plaintiff and not to oppose his application for a Certificate of Innocence.

What Walls did testify to at her deposition was her personal opinion that she disagreed with CCSAO's decisions not to re-try Plaintiff and not to oppose Plaintiff's petition for a Certificate of Innocence. There is only one reason that Walls would have that view: she believed that Plaintiff was guilty of the Frazier / Clayton shootings.[2] The proposed testimony that she worked as the lead prosecutor on Plaintiff's case from 2010 through 2016, that she litigated the case against Plaintiff during that time with respect to his post-conviction proceedings, and that she began preparing for a re-trial in 2016 is not probative of whether the criminal case against Plaintiff was ultimately terminated in a manner indicative of innocence. (Indeed, inherent in any malicious prosecution claim is that at some point, the law enforcement officers and/or prosecutors involved proceeded to prosecute the plaintiff for criminal charges.) Instead, Defendants cite evidence regarding the history and duration of Walls' prosecution of Plaintiff's case in an effort to bolster her improper lay opinions.

Similarly, that Walls was not consulted on CCSAO's decision not to oppose the Certificate of Innocence is not probative of whether the termination of the charges against him was indicative of innocence. Rather, it demonstrates that she has no competent evidence to offer on the issue of what motivated the State's actions.

The legal authority that Defendants reference in opposing Plaintiff's Motion does not lead to a different conclusion. In *Dean v. City of Chicago*, 896 F. Supp. 2d 699 (N.D. Ill. 2012), when looking at the factual record regarding the circumstances of the prosecutor's decision to dismiss

---

[2] Defendants' assertion that they "do not intend to offer Ms. Walls' 'opinion' that Plaintiff is actually guilty," Resp. at 5, is patently incredible in light of Defendants' admitted desire to offer Walls' testimony that she disagreed with CCSAO's decision not to retry Plaintiff.

3

charges *nolle prosequi* against Dean, the court specifically precluded a statement of opinion by Dean's attorney as to the prosecutor's reason for dismissing the case.[3] *Id.* at 709 (court refusing to consider conclusory opinion from Dean's attorney that charges were dismissed "because the State's Attorney's Office could not meet its burden of proof" but allowing factual statements from the attorney based on personal knowledge from conversations in which he participated). This holding directly supports Plaintiff's Motion to preclude Walls' unsupported opinion testimony, particularly when Walls' opinion is not based on personal knowledge of CCSAO's rationale for dismissing the charges.

In *Fields v. City of Chicago*, the Court granted a motion *in limine* to bar testimony from a prosecutor opining about the elements of criminal offenses or the propriety of the defendant officers' conduct in shooting the plaintiff and entering his home in a section 1983 case brought by a plaintiff against the City and several police officers. *Fields*, No. 12 C 1306, 2018 WL 1652093 (N.D. Ill. Apr. 5, 2018). *Fields* did not involve a malicious prosecution claim, but that does not diminish the court's evidentiary holding that "the opinion of a state's attorney or other person lacking personal knowledge of the incident at issue is irrelevant, unfairly prejudicial, and inadmissible opinion evidence." *Id.* at *3. Given the record here that Walls has no personal first-

---

[3] *Dean* makes clear that in the absence of competent evidence to the contrary, the dismissal of charges alone is sufficient to support an inference that the proceeding was terminated in the plaintiff's favor in a manner indicative of innocence. The court in *Dean* noted that in *Swick v. Liautaud*, 169 Ill.2d 504 (1996), the court found that *nolle prosequi* is not indicative of the innocence of the accused when it is "the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial." *Swick*, 169 Ill.2d at 513. None of those facts are present in this case. But the Certificate of Innocence and the State's decision not to oppose its issuance ends the debate. Neither *Dean* nor *Swick* obtained a Certificate of Innocence, let alone a Certificate unopposed by the State. Here, the State's decision not to oppose the Certificate of Innocence is compelling evidence that the decision not to re-try Plaintiff and to *nolle prosequi* the case was indicative of Plaintiff's innocence. Had the dismissal been for some technical or other reason not indicative of innocence, such as that referred to in *Swick,* then the State presumably would have opposed Plaintiff's petition for a Certificate of Innocence.

hand knowledge of CCSAO's basis for deciding to dismiss Plaintiff's case *nolle prosequi* and to not oppose the Certificate of Innocence, this evidentiary holding in *Fields* is directly on point.

Defendants' citation of *Dobiecki v. Palacios* is inapposite and does not support admission of Walls' testimony. *See Dobiecki*, 829 F. Supp. 229, 235 (N.D. Ill. 1993). *Dobiecki* addressed specifically whether the dismissal of a case ***due to the suppression of evidence*** qualified as a dismissal "indicative of innocence," and held that "the particular circumstances of each case must be considered to determine whether the dismissal following suppression of evidence should be considered indicative of innocence." *Id.* Dismissal of a case because of suppression of evidence, of course, presents an entirely different situation from Plaintiff's case here. That situation was addressed in *Swick*—*i.e.*, where there is substantial evidence of guilt, but the prosecution is "impracticable" because critical evidence is inadmissible for reasons other than its reliability. *See Swick*, 169 Ill. 2d at 513. That principle has no application to the case at bar.

In any event, Defendants have failed to establish any basis for admissibility of Walls' opinion testimony. Her opinion testimony should be precluded as irrelevant and unhelpful lay opinion testimony that is not permitted under Fed. R. Evid. 401 and 701. Given the enormous risk that Walls' testimony would invite improper speculation, be unfairly prejudicial, and confuse the jury, her testimony should also be barred pursuant to Fed. R. Evid. 403.[4]

---

[4] Significantly, Defendants' opposition brief does not address or dispute the outsized influence that a prosecutor could have over the jury should she be permitted to testify, nor does it counter Plaintiff's argument that Walls' testimony, if permitted, would invite the jury to speculate. *See* Mot. at 3, 4. It is well-settled in this Circuit that when a party fails to address an argument, that argument is deemed waived. *Binte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [Defendants] have done here—results in waiver.").

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order *in limine* barring the irrelevant testimony of Defendants' proposed witness Linda Walls.

Dated: November 22, 2019                     Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ *Valarie Hays*
Valarie Hays