**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION *IN LIMINE* NO. 10 TO EXCLUDE PHOTOGRAPHS OF DECEDENTS**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Reply in

Support of his Motion *in Limine* No. 10 to Exclude Photographs of Decedents (Dkt. 303) ("Mot.").

Defendant Officers' ("Defendants") Response makes clear that there is no legitimate

purpose to offer these photographs. This Motion should be unnecessary. Unfortunately,

Defendants' insistence on offering this evidence is part of a pattern to attempt to distract and

prejudice the jury against Plaintiff by inserting irrelevant and inflammatory information to take the

focus away from the real issue at bar—the conduct of Defendants.

There is no dispute that Derrick Frazier ("Derrick") and Ledell Clayton were murdered.

There is no dispute about where the bullets entered and exited their bodies. The extraordinarily

prejudicial photographs Defendants seek to admit are irrelevant to any fact at issue in this case. It

is regrettable that the Court and the parties are wasting resources because defense counsel seek to

inject this type of evidence at trial.

**I.    The Photographs' Presence in the Investigatory File Does Not Make Them Relevant.**

Despite their inflammatory nature and lack of probative value about any fact at issue in this

case, Defendants seek to admit the crime scene and autopsy photographs of Derrick and Ledell

1

Clayton. Defendants first assert that these photographs are relevant simply because they were part of the Chicago Police Department's ("CPD") Investigative File. Defendants' Response to Plaintiff's Motion *in Limine* No. 10 ("Resp.") at 1. According to Defendants, the photographs' mere presence in the file means that they impacted Defendants' determination that they had probable cause to arrest Plaintiff. But the photographs do not incriminate Plaintiff in any way; the only evidence linking him to the crime was Clifford Frazier's ("Clifford") testimony. *See* Memorandum Opinion and Order, Dkt. 276, at 13. Nor do Defendants identify any evidence—in the form of police reports, testimony, or otherwise—that the officers who arrested Plaintiff relied on the photographs in making that decision. Accordingly, the photographs do not make it more or less likely that Defendants had probable cause to arrest Plaintiff.

Defendants concede in their Response that the photographs are only relevant to show that a murder was committed. *See* Resp. at 1. The murders of Derrick and Clayton are, of course, not in dispute. Nor is the manner of their deaths. The photographs add nothing to any disputed issue in this case and should be excluded.

## II.     The Photographs' Admission at Plaintiff's Criminal Trial Does Not Make Them Relevant.

Defendants alternately contend that because the judge at Plaintiff's criminal trial admitted the photographs, they must be relevant in this case as well. *See* Resp. at 2. Defendants offer no legal authority to support this blanket assertion. That is not surprising, as courts in this District have consistently held the opposite. *See, e.g.*, *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 2637204, at *2 (N.D. Ill. July 6, 2011) (rejecting argument that "the crime scene photos are relevant because the state court admitted such evidence in [plaintiff]'s criminal trial"). Relevance in a criminal case, where the prosecutor must prove each element of the crime beyond a reasonable doubt, is quite different from that in a civil rights claim. The death of a victim is not an element of

2

any of Plaintiff's claims nor relevant to any of Defendants' defenses. Therefore, the admission of the photographs at Plaintiff's criminal trial has no bearing on their relevance and admissibility in this case.

### III.    The Prejudicial Effect of the Photographs Outweighs Their Probative Value.

Finally, Defendants state in their Response that the photographs "are not so gruesome as to warrant exclusion in light of their value in illustrating the testimony of witness investigating the scene [sic]." Resp. at 2. Plaintiff maintains that the gruesome nature of the photographs is self-evident. *See* Mot. Exs. A–B. Jurors who may have never been exposed to these types of photographs might find them particularly upsetting. But even if the Court finds them only mildly unsettling, even a slight prejudicial effect would substantially outweigh whatever probative value the photographs might have in this case. *See* Fed. R. Evid. 401, 403.

Defendants do not deny that courts in this District routinely exclude victims' photographs in Section 1983 cases arising out of wrongful convictions for lack of probative value. *See, e.g.*, *Scott v. City of Chicago*, 724 F. Supp. 2d 917, 926 (N.D. Ill. 2010); *Hill v. City of Chicago*, 2011 WL 2637204, at *2; *see also Gomez v. Ahitow*, 29 F.3d 1128, 1139 (7th Cir. 1994) (similar analysis in *habeas* proceeding). Nor do Defendants offer a single example where a court has deviated from this pattern. Instead, Defendants try in vain to distinguish the cases cited by Plaintiff. They first claim that *Gomez* is unpersuasive authority because the victims' photographs were shown at the defendant's criminal trial rather than his civil trial. This is a distinction without a difference. As the *Gomez* court instructed, if neither the fact of the victims' deaths nor the cause of their deaths is at issue, the photographs should be excluded because their only conceivable purpose is to inflame the jury. *Gomez*, 29 F.3d at 1139. Defendants similarly attempt to distinguish *Scott* and *Hill* by claiming that the only issue in those cases was whether the defendant police officers had wrongfully coerced the plaintiff's confession. But Plaintiff does not rely on *Scott* and *Hill* to draw

a factual analogy, but rather because the courts' reasoning is wholly applicable here: if victims'

photographs do not prove an essential element or make either side's story more credible, they

should be excluded. *See Scott*, 724 F. Supp. at 926; *see also Hill*, 2011 WL 2637204, at \*2.

Finally, Defendants claim that the photographs are relevant because they corroborate the

testimony of Lee Williams by demonstrating that the shooter shot Derrick and Clayton from the

back seat of the car. But Williams testified at Plaintiff's criminal trial that he was inside his house

when he "heard some punctuating noises." When Williams looked outside the window, he saw a

person exit the back seat of the car and walk away heading north. Believing that the sounds he

heard were simply the car backfiring and "no crime had taken place," Williams walked away from

the window. He did not witness the shooting. *See* Ex. C, Excerpts of Trial Testimony of Lee

Williams, at 188:11–193:5. Defendants' distortion of Williams's testimony is the product of a

fabricated police report, in which Defendants Angelo Pesavento and George Karl misrepresented

that Williams watched the car pull over in front of his house and "observed the individual in the

back seat shooting the two men in the front seat." *See* Ex. D, Jan. 30, 1994 Chicago Police

Department Supplementary Report, at 4. Accordingly, the photographs neither corroborate

Williams' testimony nor prove that Derrick and Clayton were shot by a single person, let alone

someone sitting in the back seat. Nor does resolution of those issues make it more or less likely

that Defendants violated Plaintiff's civil rights. *See, e.g.*, *Hill*, 2011 WL 2637204, at \*2

("Defendants' contention that the photographs are probative as to the nature of the crime scene

and the ability of law enforcement to obtain evidence lacks merit."). Therefore, the photographs'

probative value, if any, is easily outweighed by their prejudicial effect.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter

an Order granting his motion *in limine*.


Dated: November 22, 2019                                  Respectfully Submitted,

                                                          */s/ Valarie Hays*
                                                          Ronald S. Safer
                                                          Valarie Hays
                                                          Eli J. Litoff
                                                          RILEY SAFER HOLMES & CANCILA LLP
                                                          70 W. Madison Street, Suite 2900
                                                          Chicago, Illinois 60602
                                                          (312) 471-8700
                                                          rsafer@rshc-law.com
                                                          vhays@rshc-law.com
                                                          elitoff@rshc-law.com

                                                          Sandra L. Musumeci (*pro hac vice*)
                                                          RILEY SAFER HOLMES & CANCILA LLP
                                                          1330 Avenue of the Americas, 6th Floor
                                                          New York, New York 10019
                                                          (212) 660-1000
                                                          smusumeci@rshc-law.com

                                                          *Attorneys for Eddie L. Bolden*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ *Valarie Hays*
Valarie Hays