**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION *IN LIMINE* NO. 12 TO BAR REFERENCE TO
DISCINPLINARY DECISION AGAINST CHARLES INGLES**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Reply in Support of Plaintiff's Motion *in Limine* No. 12 to Bar Reference to Disciplinary Decision Against Charles Ingles (Dkt. 305) ("Mot").

**INTRODUCTION**

Defendant Officers' ("Defendants") Response fails to adequately rebut Plaintiff's arguments for the exclusion of evidence related to the disciplinary recommendation against Charles Ingles. As explained in Plaintiff's motion, the disciplinary recommendation is inadmissible under Federal Rule of Evidence 608 because it is not probative of Ingles' character for truthfulness. Ingles had no dishonest motive with respect to the conduct giving rise to the discipline—he simply failed to make a timely payment to his client. Even though Ingles' payment was late, he paid his client in full and always maintained a bank account with sufficient funds to cover the amount owed. Moreover, the discipline occurred 25 years ago. Any probative value it once had has eroded with the passage of time. The Court should grant Plaintiff's motion and exclude this irrelevant and prejudicial evidence.

**ARGUMENT**

As an initial matter, Defendants ignore entirely Plaintiff's argument that their proposed trial exhibit—the petition by the Illinois Attorney Registration and Disciplinary Commission ("ARDC") to impose discipline on consent on attorney Charles Ingles—is inadmissible because "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *See* Mot. at 2 (citing Fed. R. Evid. 608(b)). Thus, this unrebutted aspect of Plaintiff's motion *in limine* should be granted. Furthermore, as explained below, Defendants' Response confirms that the Court should also exclude any reference to this evidence or cross-examination of Ingles on this topic.

Defendants employ a strained reading of the ARDC's petition to argue that it is probative of Ingles' character for truthfulness. Defendants discount the petition's statement that Ingles' conduct was not intentional, asserting that it is merely a description of Ingles' mitigation evidence and "not a finding" that Ingles lacked dishonest motive.[1] Defendants' Response to Plaintiff's Motion *in Limine* No. 12 ("Resp.") at 3. Defendants instead urge the Court to rely on the ARDC's statement that the conduct alleged against Ingles would establish that Ingles "engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation." *Id.* Defendants' reading of the ARDC petition is backwards. The ARDC first describes the conduct alleged and states that it "*would*

---

[1] Defendants' reliance on whether a particular statement in the ARDC's petition was a "finding" is misplaced. As the ARDC's procedures set forth, the ARDC's Hearing Board only makes "findings of fact" in "contested proceedings." *See* ARDC Organizational Information, *available at* https://www.iardc.org/overview.html (last visited November 12, 2019). When a consent disposition is proposed to the Hearing Board, as was the case here, the Hearing Board simply "reviews the proposed disposition prior to submission of the agreement to the Supreme Court." *Id.* Accordingly, Defendants' own cited authority supports exclusion of the disciplinary decision under Rule 608 due to the Hearing Board's lack of "factual findings." *See Battle v. O'Shaughnessy*, No. 11 C 1138, 2012 WL 4754747, at *7 (N.D. Ill. Oct. 4, 2012) (St. Eve, J.) (excluding evidence that a defendant police officer purportedly acted dishonestly in obtaining a search warrant where the judge quashed the warrant but "did not make any findings that [defendant] specifically lied or provided untruthful information").

establish … that [Ingles] engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation." Mot. Ex. A, at ¶ 15 (emphasis added). But the petition *goes on to consider the mitigation evidence* that Ingles' conduct was not intentional, *id.* at ¶ 16, ultimately recommending relatively minor discipline.

As explained in Plaintiff's motion, any suggestion that the ARDC found Ingles to have engaged in dishonest conduct is belied by (1) the ARDC's comparison of Ingles' case to *In re Cheronis*, 114 Ill. 2d 527, 532 (1986), where the court expressly found "Cheronis had no dishonest motive," and (2) the ARDC's ultimate recommendation of a 60-day suspension. Mot. at 3. Defendants' only retort is that because the other cases considered by the ARDC involved more reprehensible conduct, it is likely the "similarities" to *Cheronis* were based on the conduct alleged, not Ingles' intent. Resp. at 3. But Defendants offer no explanation for why the ARDC would punish Ingles *less harshly* than Cheronis if Ingles' conduct involved dishonesty. *See* Mot. at 3 (explaining that Cheronis received a three-month suspension while Ingles received only 60 days). As Defendants recognize, the cases were similar in that both attorneys asserted that they had no dishonest motive, both paid their clients back in full, both established client trust accounts, and both fully cooperated with the ARDC. *See* Mot. Ex. A, at ¶¶ 16, 18. Notably, however, Ingles was alleged to have converted $3,247 of client funds, whereas Cheronis converted only $1,900. *See* Mot. Ex. A, at ¶ 1; *Cheronis*, 114 Ill. 2d at 532. Accordingly, under the circumstances, where Ingles allegedly converted more money than Cheronis, it is simply incongruous that the ARDC would recommend a more lenient punishment if it believed Ingles acted dishonestly.[2]

---

[2] The Court's opinion in *Cheronis* also contradicts Defendants' argument that Ingles' lack of dishonest motive should be discounted because it is mere "mitigation evidence." Resp. at 3. The Court in *Cheronis* also considered Cheronis' lack of dishonest motive as one several "mitigating factors" and concluded that it supported a period of suspension shorter than that imposed in other cases. *Cheronis*, 115 Ill. 2d at 537.

3

Defendants also fail to offer any meaningful response to the fact that conversion, under Illinois law, does not require any dishonest or fraudulent intent or even conscious wrongdoing. *See* Mot. at 3-4 (collecting cases). Rather than address the cases cited in Plaintiff's motion, Defendants misleadingly state that "the Illinois Supreme Court has said in an ARDC matter, '[c]onversion is a nice word for theft.'" *See* Resp. at 4 (citing *In re Cutrone*, 112 Ill. 2d 261, 266 (1986)). But Defendants' quote is not a statement by the Illinois Supreme Court; it is a passage of the *Cutrone* opinion which is simply quoting the report of the ARDC's Hearing Board—a report with which the Supreme Court ultimately disagreed. *See Cutrone*, 112 Ill. 2d at 266, 271 (rejecting the Hearing Board's recommendation of disbarment and instead imposing a two-year suspension).[3] Because conversion is not a tort that requires any dishonest or fraudulent intent, Ingles' discipline for conversion does not support a theory that he acted dishonestly.

Moreover, even if the disciplinary recommendation had some probative value, Defendants' Response fails to adequately address that the disciplinary proceeding occurred 25 years ago. As explained in Plaintiff's motion, the remoteness of the disciplinary decision erodes any probative value it once had. *See* Mot. at 4-5 (collecting cases). Rather than acknowledging and responding to the case law cited in Plaintiff's motion, Defendants instead argue, without any case support, that the disciplinary decision is not too remote because it was close in time to the events of 1994 that will be the subject of Ingles' testimony. *See* Resp. at 5. This argument misses the mark. Rule 608 contemplates the admission of evidence where it is probative of the witness's *testimonial* veracity,

---

[3] Defendants' Response appears to reflect a fundamental misunderstanding of the nature of the evidence they seek to admit. At different points throughout their Response, they refer to what "the Court described" and what "the Illinois Supreme Court found" with respect to Ingles. Resp. at 3-4. Defendants' proposed exhibit is not an Illinois Supreme Court opinion. It is a petition by a panel of the Hearing Board of the ARDC to impose discipline based upon Ingles' consent to the proposed discipline. *See* Mot. Ex. A; *see also* note 1, *supra* (explaining that the Hearing Board's role is simply to "review[s] the proposed disposition prior to submission of the agreement to the Supreme Court").

4

and therefore the relevant time period for determining remoteness is the proximity to the *time of trial*, not proximity to the event giving rise to the testimony. *See, e.g.*, *United States v. Lewis*, 482 F.2d 632, 640-44 & n.44 (D.C. Cir. 1973) (analyzing evidence of a witness's character for truthfulness and holding that the relevant issue is "testimonial honesty," and therefore "the time in issue is the time of trial"); *see also United States v. Watson*, 669 F.2d 1374, 1382 n.5 (11th Cir. 1982) ("Evidence of community reputation for truth and veracity [under Rule 608(a)] should relate to reputation at the time of trial."); 1 McCormick on Evid. § 41 (7th ed.) (in the exercise of its discretion under Rule 608(b), one of the factors the court should consider is "the nearness or remoteness of the misconduct *to the time of trial*") (emphasis added).  Ingles' decades-old disciplinary finding has little bearing on the veracity of his testimony at trial in 2020.

Nor can Defendants evade the remoteness of the disciplinary proceeding by arguing that it goes to the weight of the testimony Ingles gave at Plaintiff's criminal trial in 1996. *See* Resp. at 5.  Ingles will be testifying in court at the upcoming civil trial, so his prior testimony will not be admitted into evidence.  The jury must judge Ingles' credibility in 2020, not in 1996.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine* to exclude evidence related to the 1994 disciplinary recommendation and decision against Charles Ingles.

Dated: November 22, 2019

Respectfully Submitted,

/s/ Valarie Hays
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602

5

(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ *Valarie Hays*
Valarie Hays