IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION *IN LIMINE* NO. 13 TO PERMIT PLAINTIFF TO TREAT CHICAGO
POLICE DEPARTMENT WITNESSES AND PRSOECUTORS AS ADVERSE**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Reply in

Support of Plaintiff's Motion *in Limine* No. 13 to Permit Plaintiff to Treat Chicago Police

Department Witnesses and Prosecutors as Adverse (Dkt. 306) ("Mot.").

**ARGUMENT**

Federal Rule of Evidence 611 permits the use of leading questions when examining "a

hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid.

611(c). "The normal sense of a person identified with an adverse party has come to mean, in

general, an employee, agent, friend, or relative of an adverse party." *Washington v. State of Illinois*

*Dep't of Revenue*, No. 01-3300, 2006 WL 2873437, at *1 (C.D. Ill. Oct. 5, 2006) (internal

quotation marks omitted). Contrary to Defendant Officers' ("Defendants") suggestion, this does

not require the questioning party to demonstrate actual hostility on the part of the witness; rather,

as the Seventh Circuit has recognized for nearly forty years, this category "plainly embraces City

employees such as its police officers in a case such as this one." *Favila v. City of Chicago*, No.

09 C 3265, 2011 WL 2160882, at *2 (N.D. Ill. June 1, 2011) (citing *Ellis v. City of Chicago*, 667

F.2d 606, 612-13 (7th Cir. 1981)); *see also Jones v. City of Chicago*, No. 14-cv-4023, 2017 WL

1

413613, at *7 (N.D. Ill. Jan. 31, 2017) ("When the City is a defendant in a § 1983 action and Chicago police officers are present at the incident giving rise to the lawsuit, they are witnesses 'identified with an adverse party.'").

### I. Current and Former CPD Officers Are "Identified" with Both the City and the Officer Defendants for Purposes of Rule 611.

Defendants attempt to minimize the involvement of current CPD Officer Harlan Hansbrough and former CPD Officers Terry Sumter, Charles Baylom, and Michael Baker in the investigation of the Clayton/Frazier homicides. To the contrary, in their capacity as CPD employees, each of these individuals played a key role in that investigation.

Defendants suggest that Sumter, Baylom, Hansbrough, and Baker may not be considered adverse because they did not "play[] a role in the arrest and prosecution of Plaintiff at issue in this case." Defendants' Response to Plaintiff's Motion *in Limine* No. 13 (Dkt. 344) ("Resp.") at 4-5. Defendants do not dispute that both current and former City employees may be treated as adverse "where [they] [were] employed at the time of the incident in question and had a hand in the incident that resulted in suit." *Id.* (quoting *Gibbons v. Village of Sauk Village*, No. 15 CV 4950, 2017 WL 4882334, at *4 (N.D. Ill. Oct. 30, 2017)). Instead, Defendants attempt to limit the interpretation of the "incident" at issue in this action to Plaintiff's arrest and wrongful prosecution. This narrow interpretation has no basis in *Gibbons* and was soundly rejected in *Ratliff*, a case with facts directly on point.

In *Ratliff*, the district court allowed the plaintiff to call five CPD officers as adverse witnesses. The court determined that each of the witnesses "had a hand in the ordeal which gave rise to the lawsuit." *Ratliff v. City of Chicago*, No. 10-cv-739, 2013 WL 3388745, at *7 (N.D. Ill. July 8, 2013). One of the witnesses was a supervisor of the defendant officers, while the others "had contact either with Plaintiff or the incident—one was on duty at the state, one drafted the case

2

report, and another took Plaintiff's complaint regarding the stolen vehicle." *Id.* Yet the defendants objected that these officers could not be considered adverse to the plaintiff because they were not present during his wrongful arrest. *Id.* at *6.

The district court swiftly rejected this position, concluding that all of these witnesses "by virtue of their employment with Defendant City of Chicago, by their involvement (*even if tangential or limited*) with the case, and by their relationship with the Defendant Officers as their co-workers, clearly qualified as 'witness(es) identified with an adverse party' for purposes of Rule 611(c)." *Id.* at *7 (emphasis added). The court further held that although two of the officers were not present during the plaintiff's arrest and therefore could not offer testimony on the issue of probable cause, "their testimony was relevant to other issues and claims in the case." *Id.* In *Gibbons*, the district court extended this rationale to former City employees, holding that "[i]n addition to current employment, a witness is most likely to be treated as adverse where he or she was employed at the time of the incident in question and had a hand in the incident that resulted in suit." *Gibbons*, 2017 WL 4882334, at *4. Citing *Ratliff*, the *Gibbons* court confirmed that even tangential involvement by a former employee is sufficient. *Id.*

Each of the current and former CPD officers whom Plaintiff seeks to treat as adverse was far more than "tangentially" involved in the investigation into to Clayton/Frazier homicides. For example, Sumter was one of the reporting officers who responded to the scene of the shooting. Along with Barbara Temple, he interviewed several witnesses inside J&J Fish, including Edna Williams, Octavia Jackson, and Todd Henderson. He also interviewed Clifford Frazier ("Clifford"), Defendants' key witness, at the scene before Clifford was transported by ambulance to the hospital. Sumter signed the General Offense Case Report prepared by Temple. Although

3

he retired from the CPD in 2017, he was represented at his deposition by counsel from Greenberg Traurig, the City's attorneys.

Similarly, Baylom and Hansbrough responded to the scene of the shooting and searched Clifford's Cadillac and the surrounding area. They recovered Clifford's Mac 11 Cobray 9-millimeter handgun from under the driver's seat of the car. Hansbrough filled out the Inventory Report for the gun and marked that the gun should be preserved as evidence. Both Baylom and Hansbrough signed the Inventory Report. In March 1995, before Plaintiff's trial, Hansbrough completed a recovery property disposition tracer form asking that the gun be destroyed. Hansbrough testified at his deposition that he never would have asked for a gun to be destroyed in a pending criminal case without receiving direction from the detectives assigned to the investigation—here, Defendants Pesavento and Karl. Baylom retired from the CPD in 2017, but he was represented at his deposition by counsel from Greenberg Traurig. Hansbrough remains employed by CPD and was also represented by Greenberg Traurig.

As for Baker, he was originally named as a Defendant in this action.[1] Baker interviewed Clifford at the hospital immediately following the shooting. During that interview, Clifford disclosed to Baker that he was present at the drug deal to shoot any "motherfucker" who approached the car. Clifford also told Baker that the people in J&J Fish called the police. According to Baker's report, Clifford described the shooter as light complected and clean shaven, but Clifford did not identify him as "Lynier."

In addition to attempting to downplay the roles of these witnesses in the investigation at issue in this Section 1983 case, Defendants also assert that allowing Plaintiff to examine Baker, Baylom, and Hansbrough using leading questions would unfairly imply that these individuals

---

[1] Plaintiff voluntarily dismissed his claims against Baker in September 2018. *See* Dkts. 233, 235.

committed misconduct. *See* Resp. at 3-5. Defendants' assertion is supported by neither authority nor logic. Instead, Defendants again argue that "[a]ll claims of improper investigation and handling of evidence have been resolved in Defendant Officers favor." *Id.* at 4-5. Initially, this is a non sequitur. Even if true, it has nothing to do with whether a witness can be examined with leading questions on direct. Further, this assertion is patently false, as Plaintiff explained at length in his opposition to Defendants' motions on these issues. In fact, Judge Shah ruled on summary judgment that Plaintiff presented sufficient evidence to find that Defendants suppressed and fabricated evidence; he simply concluded that this was insufficient to establish a Fourteenth Amendment violation because he believed the evidence was cumulative. *See* Response to Defendants' Motion *in Limine* No. 4 (Dkt. 334). Likewise, while Judge Shah determined that the Seventh Circuit does not recognize an independent due process claim for failure to investigate, he did not suggest that this evidence was inadmissible to prove the elements of Plaintiff's remaining claims. *See* Response to Defendants' Motion *in Limine* No. 7 (Dkt. 330). Regardless, Defendants offer no reasoned explanation to suggest that their theory is relevant to this Court's analysis under Rule 611(c).

## II.     The City Remains a Party to this Action.

Despite Defendants' attempts to distance the City from this trial, the City remains a Defendant under a *respondeat superior* theory for each of Plaintiff's state law claims, as well as his separate claim for indemnification. *See, e.g.*, *Jones v. City of Chicago*, No. 14-cv-4023, 2017 WL 413613, at *6 (N.D. Ill. Jan. 31, 2017) ("The City is still a Defendant in this case under a respondeat superior theory for malicious prosecution as well as for Jones's indemnification claim."); *Wilbon v. Plovanich*, 12 C 1132, 2016 WL 890671, at *3 (N.D. Ill. Mar. 9, 2016) ("The indemnification claim against the City is still part of this lawsuit. For that reason, the City of

5

Chicago will remain named on the caption, jury instructions, and verdict forms."); *Bruce v. City of Chicago*, No. 09 C 4837, 2011 WL 3471074, at \*4 (N.D. Ill. July 29, 2011) ("At this time, the Court will not strike the City of Chicago from the caption because Plaintiff has asserted a state law claim for respondeat superior against the City. The City is a party to the case and should remain in the case caption."); *see also* Response to Defendants' Motion *in Limine* No. 2 (Dkt. 327).

Dachae Blanton, James Hickey, Patrick Loftus, Steve Maris, Joseph Keating, and Joseph Perfetti were disclosed by the City to testify on its behalf as 30(b)(6) witnesses, not based on their own personal knowledge. As 30(b)(6) representatives, these witnesses are not merely "identified" with an adverse party; they *are* the adverse party. Plaintiff continues to object to Defendants' efforts to preclude evidence related to the CPD's internal policies and procedures, as Defendants' policy violations are probative of both their intent and probable cause (or lack thereof). *See* Response to Defendants' Motion *in Limine* No. 9 (Dkt. 333). Thus, Plaintiff should be permitted to question these witnesses on the topics for which they serve as the City's representatives, and to do so using leading questions.

### III.    The Attorneys Who Prosecuted Plaintiff Are Necessarily Adverse to Him.

Defendants protest that Plaintiff has not established hostility on the part of Lynda Peters and James Beligratis. Again, actual hostility is not required to consider a witness adverse. *See Favila*, 2011 WL 2160882, at \*2. Beligratis was the felony review attorney who made the decision to charge Plaintiff with murder. He did so after consulting with Defendants and reviewing the evidence they presented to him. Likewise, Peters served as the lead trial attorney for the prosecution. Not only did she work alongside Defendants in building the case against Plaintiff, but she also sought the death penalty. Both individuals were intimately involved in the events giving rise to this wrongful conviction lawsuit. *See Ratliff,* 2013 WL 3388745, at \*7. As a matter

of common sense, their roles are aligned with Defendants, and their interests are necessarily adverse to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his Motion *in Limine* No. 13 and permitting him to examine the witnesses discussed above using leading questions.

Dated: November 22, 2019

Respectfully Submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 22, 2019, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ *Valarie Hays*
Valarie Hays