## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 00417 |
| v. | ) | |
| | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, JAMES OLIVER, | ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICERS'REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 1 TO BAR EVIDENCE OF COMPOSITE SKETCH IDENTIFIED AS PLAINTIFF'S TRIAL EXHIBIT 19

Defendants James Oliver, Angelo Pesavento, the Estate of George Karl, the Estate of Michael Kill, and Edward Siwek, (collectively "Defendant Officers"), by and through their attorneys, hereby reply in support of their motion *in limine*, for an order barring reference to or evidence regarding the composite sketch identified as Plaintiff's trial exhibit 19 as follows.

Defendant Officers made two arguments in their motion. First, they argued that there is no evidence that the defendants who conducted the lineup, Detectives Pesavento and Karl, saw the sketch before the lineup. (Dkt. #308 at ¶¶1-3.) As such, the sketch, even if authenticated, is not probative of probable cause or intent. Second, they argued that because the sketch has not been authenticated (*id*. at n. 3), it is inadmissible hearsay and pointed out that the inventory log appears to identify two different sketches (*id*. at ¶4). The parties do not disagree on the law applicable to Defendant Officers' motion.

However, Defendant Officers' do not agree that the assistant state's attorney's hearsay notes (to the extent they are even legible) constitute admissible evidence that Officer Oliver saw the sketch. Nor do they agree that Detective Pesavento's testimony establishes that he saw the

sketch before the lineup. Thus, even assuming the sketch can be authenticated, Plaintiff must establish the detectives' knowledge of the sketch before he can be allowed to use the sketch to rebut probable cause.

As for authentication, Defendant Officers also disagree that Clifford Frazier authenticated the sketch at trial. Furthermore, Plaintiff did not seek to authenticate the sketch at Frazier's deposition in this case. Thus, Plaintiff should not be allowed to offer the sketch before he has authenticated it through testimony from Frazier at trial.

For all of the foregoing reasons, Defendant Officers respectfully request that the Court issue an order barring any testimony or documentary evidence, including Plaintiff's trial exhibit 19, relating to the sketch unless Plaintiff is able to authenticate the sketch at trial. Defendants further request that, assuming authentication, to the extent Plaintiff is unable to establish that Detectives Pesavento and Karl had knowledge of the sketch prior to conducting the lineup, the jury be given a limiting instruction on the use of sketch as evidence.

Dated: November 22, 2019

Respectfully submitted,


/s/ *Brian J. Stefanich*
One of the Attorneys for Defendant Officers

Andrew M. Hale (andy@halemonico.com)
Barrett Boudreaux (bboudreaux@halemonico.com)
Brian J. Stefanich (bstefanich@halemonico.com)
William E. Bazarek (web@halemonico.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph.  (312) 341-9646
Fax (312) 341-9656

## <u>CERTIFICATE OF SERVICE</u>

I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on November 22, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.


*/s/ <u>Brian J. Stefanich</u>*