## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 00417 |
| v. | ) | |
| | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, JAMES OLIVER, | ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OFFICERS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 8 TO BAR REFERENCE TO PLAINTIFF'S CERTIFICATE OF INNOCENCE

Defendants James Oliver, Angelo Pesavento, the Estate of George Karl, the Estate of Michael Kill, and Edward Siwek, (collectively "Defendant Officers") by their attorneys, hereby reply in support of their motion *in limine* number 8, for an order barring evidence relating to the grant of Plaintiff's certificate of innocence ("COI") as follows.

## INTRODUCTION

Plaintiff is well aware of circuit precedent that requires the Court to bar any reference to the order granting the COI ("COI Order") and relies on it extensively to argue that the appellate court opinions affirming his conviction should be barred from evidence. (See Plaintiff's Motion *In Limine* No. 3, Dkt. #296; see also Defendants' Response at Dkt. #346.) Nevertheless, Plaintiff brushes aside this precedent here and instead relies on a few unpublished district court opinions which do not address that precedent or the arguments Defendants raise in their motion.

## ARGUMENT

The COI Order is not relevant to any of Plaintiff's claims or damages because it is not *evidence* of Plaintiff's innocence. It is another court's *opinion* on whether the limited evidence

presented to it likely established Plaintiff's innocence. For this reason, our circuit has deemed such orders (orders of other courts) inadmissible hearsay and improper opinion testimony. Our circuit has also found them to be highly prejudicial as well as misleading and confusing to a jury even if they have some relevance.

Because this law has been extensively briefed in Dkt. ##296, 346 and 315, Defendants will not repeat the analysis of that law in this reply and will limit their discussion to two points not addressed in those motions and the response.

**1. The State's Decision Not to Oppose Plaintiff's Petition for A COI Is Not Evidence of Plaintiff's Innocence.**

The only evidence that sheds light on the State's decision not to oppose Plaintiff's petition for a COI is the testimony of Linda Walls, Plaintiff's post-conviction prosecutor, and the letter sent by Plaintiff's counsel to Fabio Valentini, the then State's Attorney's Criminal Prosecutions Chief. (See Dkt. #325 at 2-3.) Walls testified that she did not believe Plaintiff was wrongfully convicted; that she did not find Plaintiff's newly discovered alibi witnesses credible; that she found Clifford Frazier to be highly credible; and that the State had every intention (and had commenced proceedings) to retry Plaintiff after his conviction was vacated. (*Id.*; see also Defendants' Response to Plaintiff's Motion *In Limine* No. 9, Dkt. #341.) After Mr. Valentini received Plaintiff's counsel's letter in which he suggested the press was interested in Plaintiff's criminal case if a retrial occurred, Ms. Walls was abruptly ordered to *nolle* Plaintiff's charges with no explanation. (Dkt. #315, 2-3; Dkt. #34, 3-4.) Illinois law requires an examination of the circumstances surrounding a *nolle* dismissal and does not accept bare *nolle* orders as evidence indicative of innocence. (Dkt. #341 at 3 and 5.) Walls' testimony and the letter to Valentini is the only evidence of the "circumstances surrounding" the termination of Plaintiff's criminal proceedings from which to draw any inference regarding the State's decision not to retry Plaintiff. There is absolutely no evidence, however, to,

as plaintiff contends, support an inference that because the State did not oppose his petition for a COI, it did not believe it had adequate grounds to contest Plaintiff's innocence.

Ironically, while Plaintiff argues that Walls' testimony is nothing more than her opinion on Plaintiff's guilt and therefore should be barred (see Plaintiff's Motion *In Limine* No. 9, Dkt. #302),[1] Plaintiff fails to explain how her opinion is any different than the state court judge's opinion embodied in the COI Order. There is no difference—at least not in the nature of these opinions. There is, however, a difference in the degree of danger of prejudice and confusion. Plaintiff argues that Walls' opinion as to Plaintiff's guilt is inadmissible not only because it is an opinion but also because Plaintiff's jury will almost certainly give her opinion undue weight given that she was Plaintiff's post-conviction prosecutor and her opinion therefore "carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence."[2] (Dkt. #302 at 3-4.) This argument applies with even greater force when an actual judge's opinion on whether Plaintiff is guilty is presented to a jury. (See Dkt. #296 at 3-4, #346 at 5-8.)[3]

Plaintiff offers no principled reason why the authority he cites in Dkt. ##296 and 302 does not apply equally (if not more so) to the COI Order. And there is none. Plaintiff seeks to conflate evidence of innocence with another judge's opinion on whether the limited and self-serving evidence presented to him established that Plaintiff was likely more innocent than not. If Plaintiff thinks he has adduced evidence that demonstrates his innocence (that is "compels an inference that

---

[1] As detailed in Defendants' Response to Plaintiff's Motion *In Limine* No. 9 (Dkt. #341), Defendants are not seeking to admit Ms. Walls' opinion with respect to Plaintiff's guilt; they are seeking to admit her testimony regarding the circumstances of the State's dismissal of Plaintiff's charges.

[2] Plaintiff is quoting *United States v. Young*, 470 U.S. 1, 18-19 (1985).

[3] Defendants note that Walls, unlike the state court judge, actually heard testimony from witnesses and had access to all of the evidence presented by Plaintiff and the State.

there existed a lack of reasonable ground to pursue the criminal prosecution"),[4] he should present that evidence to the jury and allow *it* to weigh the credibility of the witnesses and reach its *own* conclusions as circuit precedent requires.

### 2. The *Dicta* in *Greycas Inc. v. Proud* Does Not Change Its Holding.

Plaintiff contends that *Greycas* held that a state court judgment is admissible under the catch-all exception to the hearsay rule. (Dkt. #339, 12.) The Seventh Circuit's statement, "A [hearsay] statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness" is admissible, subject to conditions that in fact are satisfied here," however, was plainly *dicta*. 826 F.2d 1560, 1567 (7th Cir. 1987). And the court's subsequent interpretation of Fed. R. Evid. 807 makes clear that *Greycas*' casual reference to Rule 807 with no analysis was in fact *dicta*. *See United States v. Dent*, 984 F. 2d 1453, 1465-66 (7th Cir. 1993) (Easterbrook, J. and Bauer, C.J., concurring) ("[the residual exception] reads more naturally if we understand the introductory clause to mean that evidence of a kind specifically addressed ('covered') by one of the four other subsections must satisfy the conditions laid down for its admission").

Finally, the prior order to which the *Greycas* court was referring was an order fixing property rights which was "equivalent to title" under state law. 826 F.2d at 1567. Obviously, a prior order quieting title which allows the successful party to assert and exercise ownership of the property at issue under state law would have to have the necessary indicia of reliability, otherwise any action to quiet title would be rendered meaningless (and thus the exception under Rule 803(14) regarding title to property which made the court's reference to Rule 807 not only unnecessary but in fact redundant).

---

[4] See *Swick v. Liautaud,* 169 Ill.2d 504, 513-514 (1996).

**CONCLUSION**

For all of the foregoing reasons, as well as the reasons set forth in Dkt. ##296, 302, 346 and 315, Defendant Officers respectfully request that the Court issue an order barring any testimony or documentary evidence relating or referring to the grant of Plaintiff's Petition for A Certificate of Innocence.

<div style="margin-left:50%">

Respectfully submitted,

/s/ Brian J. Stefanich
One of the Attorneys for the Defendant Officers

</div>

Andrew M. Hale (andy@halemonico.com)
Barrett Boudreaux (bboudreaux@halemonico.com)
Brian J. Stefanich (bstefanich@halemonico.com)
William E. Bazarek (web@halemonico.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph. (312) 341-9646
Fax (312) 341-9656

## <u>CERTIFICATE OF SERVICE</u>

I, Brian Stefanich, an attorney, hereby certify that I filed the attached document on November 22, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ Brian J. Stefanich

6