IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 3
TO BAR EVIDENCE OF RODERICK STEWART'S PRIOR CONVICTIONS, OUT OF
COURT STATEMENTS, AND OTHER ALLEGED ACTS**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively "Defendant Officers"), by their attorneys, as their Reply in support of their Motion in Limine Number 3, state as follows:

**INTRODUCTION**

The present motion seeks to bar Plaintiff from presenting evidence or argument of convictions which do not fit within the time limitations of Rule 609; allegations that Roderick Stewart threatened or harmed Plaintiff's family; and Roderick Stewart's alleged confession to Raphael Taylor. In response, Plaintiff contends that all convictions are admissible under Rule 609, despite his inability to demonstrate probative value which substantially outweighs prejudice. Although he offers no substantive response to Defendant Officers motion related to threats and harm to his family, Plaintiff asserts that he may offer such evidence in rebuttal. He should not be permitted to do so for the reasons identified in Defendant Officers' Motion. Finally, Plaintiff contends that Roderick Stewart may be impeached with his alleged confession to murder, despite the fact that the real value of this evidence is substantive. Plaintiff has not established that any of

this evidence is admissible, and Defendant Officers' Motion should be granted in its entirety.

## I. Admissibility of Roderick Stewart's convictions that are more than ten years old.

As a point of clarification, Defendant Officers motion sought to exclude only conviction which were greater than ten years old, and did not represent that all of his convictions fit this category. Plaintiff's accusation that Defendant Officers misrepresented Roderick Stewart's convictions is baseless.

As to the merits of the claim, Plaintiff takes the surprising position that impeachment with a conviction or guilty plea is proper under Rule 609(b), so long as the witness denies committing the crime, contradicting his guilty plea. Should the Court agree with this position, Defendant Officers ask that the ruling be applied reciprocally, permitting Defendant Officers to similarly cross-examine Plaintiff. In 1985, Plaintiff plead guilty to involuntary manslaughter, despite maintaining that the acted in self-defense. By his own logic, Plaintiff may be cross-examined regarding this prior shooting, and impeached with his testimony at deposition that although he plead guilty and was convicted, he acted in self-defense. In other words "[Defendant Officers] should be able to present an argument to the jury that, given [Plaintiff's claim that the shooting of LaFerre Boyd was justified by self-defense, contradicting his guilty plea and conviction,] they should not believe his testimony that he did not shoot Ledell Clayton, Derrick Frazier, and Clifford Frazier." (Resp. at 6.)

Alternatively, this Court should grant Defendant Officers' motion and bar those convictions which fall outside the ten-year limitation in Rule 609(b). Plaintiff set out to establish that the convictions' "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." Fed. R. Evid. 609(b)(1). However he promptly admitted that "Stewart's convictions alone [do not] reflect on his untruthfulness." Instead, Plaintiff seeks to

2

attack Mr. Stewart's character for truthfulness by arguing he lied about the crimes of which he is convicted at his deposition. In support of this position, Plaintiff cites a single case,[1] *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003) in which the court declined to sanction a Plaintiff who admitted to having perjured himself at deposition, opining that "perjury is a circumstance to be weighed by the jury in determining a witness's credibility rather than a ground for removing the issue of credibility from the jury by treating the witness's entire testimony as unworthy of belief." This case is inapplicable, as Mr. Stewart has not been shown to have committed perjury. Plaintiff's position that an individual commits perjury if he truthfully testifies that he plead guilty to avoid trial and a potentially longer sentence is untenable. Moreover, this reasoning has significant ramifications for Plaintiff, who plead guilty to involuntary manslaughter, yet has since testified that he intentionally shot the victim in self-defense. Again, any ruling on this basis should be reciprocal.

Finally, Plaintiff fails to establish that the convictions' "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." Fed. R. Evid. 609. Instead he argues that convictions "are not more prejudicial than probative." The standard set forth in Rule 609 is much higher, for the purpose of ensuring that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004). Plaintiff has not met this burden and the convictions are inadmissible under Rule 609 (b)(1).

**II. Plaintiff may not impeach Roderick Stewart with his statements to Raphael Taylor.**

Plaintiff does not dispute that evidence of Stewart's alleged confession is unreliable hearsay, and cannot therefore be admitted substantively. Instead he seeks to introduce this

---

[1] The remaining cases cited in Plaintiff's response addressed impeachment by prior inconsistent statement under oath, which is not at issue here.

statement for impeachment purposes pursuant to Rule 613. However, Rule 613 does not permit impeachment with extrinsic evidence where the impeachment "would amount to an end-run around Rule 608(b)'s bar on extrinsic evidence." *United States v. McGee*, 408 F.3d 966, 982 (7th Cir. 2005). The Seventh Circuit explained the distinction between these two rules as follows:

> In our view, Rule 613(b) applies when two statements, one made at trial and one made previously, are irreconcilably at odds. In such an event, the cross-examiner is permitted to show the discrepancy by extrinsic evidence if necessary--*not to demonstrate which of the two is true but, rather, to show that the two do not jibe* (thus calling the declarant's credibility into question). In short, comparison and contradiction are the hallmarks of Rule 613(b) . . . . In contrast, Rule 608(b) addresses situations in which a witness' prior activity, whether exemplified by conduct or by a statement, in and of itself casts significant doubt upon his veracity . . . . So viewed, Rule 608(b) applies to a statement, as long as the statement in and of itself stands as an independent means of impeachment without any need to compare it to contradictory trial testimony.

*United States v. McGee*, 408 F.3d 966, 982 (7th Cir. 2005) (quoting *United States v. Winchenbach*, 197 F.3d 548, 558 (1st Cir. 1999)) (emphasis added).

Whether evidence is admissible under Rule 613, or barred under Rule 608, depends on the true probative value of the evidence. Hence, in *McGee*, the court rejected the government's argument that a defendants prior statement was offered to demonstrate an inconsistency, when its true "force" was the content of the prior statement showing he lied to his supervisor. *United States v. McGee*, 408 F.3d 966, 982 (7th Cir. 2005). Similarly, in *Taylor*, it was plain error to permit defendant to impeach Plaintiff's testimony denying a previous back injury with inadmissible evidence of prior injuries. *Taylor v. Nat'l R. Passenger Corp.*, 920 F.2d 1372, 1376 (7th Cir. 1990). The Seventh Circuit recognized that the purported impeachment was "a mere subterfuge to get before the jury evidence not otherwise admissible." *Id*. The impeachment ruse was also recognized in *United States v. Dent*, where a defendant sought to impeach his own guilty plea with extrinsic evidence of his exculpatory statements to his lawyer. 984 F.2d 1453, 1460 (7th Cir. 1993). The

trial court properly recognized this was not an attempt to impeach with contradiction, but an effort to get his exculpatory statements before the jury. *Id*. As a result, the exclusion of this evidence was affirmed. *Id*.

Plaintiff's attempt to distinguish these cases based on who called the witness is both inaccurate and without merit. Neither case gives any indication that the party calling the witness was a determining factor. Instead these cases instruct that courts must determine whether the evidence is being offered primarily for contradiction as permitted by Rule 613, or for the content of the statement. In this case, the value of the Stewart's alleged confession as evidence that Stewart committed murder far overshadows its value in contradiction. Plaintiff's attempt to argue that a statement confessing to a lie is more damaging than a statement confessing to murder is nonsensical. Resp. at 9. This Court need not look further than Plaintiff's response to confirm that Plaintiff is offering this statement not as evidence of a contradiction impacting credibility, but for its content, as he argues that "Plaintiff must be allowed to challenge Defendants' contention that Plaintiff falsely accused Stewart in the past through the impeachment of Stewart's testimony" (*id*. at 9); and admits that the evidence is offered substantively to contradict Stewart's denial. (*Id.* at 10). Plaintiff's attempt to impeach Stewart with the substance of the statement, rather than for the purpose of demonstrating contradiction, must be prohibited.

The exclusion of Stewart's statement also finds support in Rule 403. The probative value advanced by Plaintiff – to demonstrate an inconsistency for the purpose of attacking credibility – must be balanced against the prejudice in permitting the jury to hear the contents of the statement. The result of this balancing is that the slight probative value of demonstrating that Stewart said something different on another occasion is slight, and the prejudice in allowing the jury to hear a confession to murder, which Plaintiff clearly intends to argue substantively, is overwhelming. As

a result, Stewart's statements are also inadmissible pursuant to Rule 403.

Wherefore, for the reasons stated herein and in their motion, Defendant Officers request this Court grant motion *in limine* number 3 and bar evidence of Roderick Stewart's prior convictions over ten years old, out-of-court statements, and other inadmissible acts.

Dated: November 22, 2019

Respectfully submitted,

/s/ *Brian J. Stefanich*
One of the Attorneys for Defendant Officers

Andrew M. Hale (andy@halemonico.com)
Barrett Boudreaux (bboudreaux@halemonico.com)
Brian J. Stefanich (bstefanich@halemonico.com)
William E. Bazarek (web@halemonico.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph. (312) 341-9646
Fax (312) 341-9656

## CERTIFICATE OF SERVICE

    I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on November 22, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ <i>Brian J. Stefanich</i>