IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 2 TO BAR INDEMNIFICATION OR ANY REFERENCE TO THE CITY OF CHICAGO AS DEFENDANT**

Defendant Officers Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill ("Defendant Officers"), by and through their attorneys, and as their reply in support of their motion *in limine* No. 2 to bar indemnification or any reference to the City of Chicago as Defendant state as follows:

Plaintiff argues that if the Defendant Officers offer evidence of their financial condition, he should be permitted to present indemnification evidence. (Pl.'s Resp., p. 2, Dkt. #327). While the Defendant Officers have not yet determined if they will testify as to their finances as it relates to punitive damages, this Court should nevertheless reject Plaintiff's argument.

In *Sepulbeda v. City of Chicago*, 15-cv-10820, Dkt. #105 p. 7 (N.D. Ill. March 17, 2019) (a copy of which is attached as Exhibit A), Judge Chang rejected the same argument that Plaintiff is making in this case. In *Sepulbeda*, the Plaintiff argued that if the police officer presented evidence regarding his financial condition, that testimony would open the door to allowing Plaintiff to present evidence that the City of Chicago would indemnify the officer for compensatory damages. *Id*. Judge Chang ruled that if the officer introduced evidence regarding

1

his financial condition, then the court would issue a limiting instruction not to take the financial condition of the officer into account when determining compensatory damages. *Id*. Judge Chang went on to hold that the plaintiff would not be able to present evidence of indemnification because the "risk that jurors will artificially inflate damages because they believe the City has deep pockets is greater than the risk that they will artificially reduce damages because of [the officer's] financial condition (especially after they have already found liability)." *Id*.

Judge Chang's reasoning applies in this case as well. If the Defendant Officers offer evidence of their financial condition, this Court can simply issue a limiting instruction telling the jury it must not take the financial condition of the Defendant Officers into account when deciding compensatory damages. Similar to *Sepulbeda*, Plaintiff should not be permitted to present evidence of indemnification because of the risk of the jury artificially inflating the award as a result of the City's deep pockets is significantly greater than the risk that the jury will artificially reduce the award because of the Defendant Officers' financial condition.

Thus, Plaintiff should be barred from presenting evidence that the City will be indemnifying the Defendant Officers if the jury awards compensatory damages in this case.

Plaintiff next argues that the City should remain on the case caption, the jury instructions, and the verdict form because the City is still a party in this lawsuit. Plaintiff concedes that the *Monell* claim against the City has been bifurcated and that the "City has stipulated that it will pay any compensatory damages awarded to Plaintiff stemming from Defendants' individual liability." (Pl.'s Resp., p. 1, Dkt. #327). Plaintiff states that his state-law indemnification and *respondeat superior* claims against the City "remain in the case." *Id.* However, Plaintiff offers no explanation for the purpose of trying his indemnification and *respondeat superior* claims where the City has stipulated to pay compensatory damages and agrees that the Defendant Officers were city

2

employees, acting within the scope of their employment and under color of law at all relevant times. The only explanation for Plaintiff to want the City in the case caption, jury instructions and verdict form is to convey to the jury that the City, with its deep pockets, will be paying any award.

Accordingly, the Defendant Officers request that this Court grant their motion *in limine* no. 2 and bar Plaintiff from referencing the City's indemnification of any compensatory damages award or referencing the City as a defendant.

Dated: November 22, 2019

                                      Respectfully submitted,

                                      /s/ Brian J. Stefanich
                                      One of the Attorneys for the Defendant Officers

Andrew M. Hale (andy@halemonico.com)
Barrett Boudreaux (bboudreaux@halemonico.com)
William E. Bazarek (web@halemonico.com)
Brian J. Stefanich (bstefanich@halemonico.com)
Hale & Monico, LLC
53 West Jackson, Suite 330
Chicago, IL 60604
(312)-870-6908

## **CERTIFICATE OF SERVICE**

I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on November 22, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ <em>Brian J. Stefanich</em>