UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 00417 |
| v. | ) | |
| | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, JAMES OLIVER, | ) | |
| ANGELO PESAVENTO, and EDWARD SIWEK) | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE NO. 9 TO BAR EVIDENCE REGARDING CHICAGO POLICE DEPARTMENT INTERNAL RULES AND REGULATIONS**

Defendants James Oliver, Angelo Pesavento, the Estate of George Karl, the Estate of Michael Kill, and Edward Siwek, (collectively "Defendant Officers"), by and through their attorneys, hereby reply in support of their motion *in limine*, for an order barring evidence regarding Chicago Police Department internal rules and regulations as follows.

### INTRODUCTION

The entirety of Plaintiff's response is nothing more than an attempt to resurrect claims and allegations disposed of in Judge Shah's opinion on summary judgment. (See Defendants' Reply In Support of Their Motions *In Limine* No. 4 ("Reply No. 4") and Defendants' Reply In Support of Their Motions *In Limine* No.7 ("Reply No. 7").) Indeed, the crux of Plaintiff's argument is that he should be allowed to present evidence of certain actions, and policies and procedures relating to those actions, to argue intent even if the actions themselves are not relevant to any of his claims.

However, the law on which Plaintiff relies makes clear that the actions themselves must be relevant before any policies or procedures relating to the actions can be admissible to establish intent. (See Reply no. 4 and 7.)

**ARGUMENT**

1. **The Investigative File Policy**

Plaintiff begins with a description of the CPD's Investigative File Policy and argues that Defendants' purported violations of the policy are probative of intent and therefore the policy is admissible. (Dkt. #333 at 2-3.) The evidence that establishes a violation of this policy, according to Plaintiff, is the absence from the file of certain notes and reports which Plaintiff *speculates* existed; because Plaintiff is certain those documents existed, Defendants must have failed to put them in the file as the policy requires. (*Id.*) However, §18.3(A) and (B) of the policy itself requires division unit commanding officers and supervisors to maintain the investigatory files and review all submissions to the files. (See Dkt. #333-1 at 10.) Thus, as discussed in full in Defendant Officers' Replies In Support of Their Motions *In Limine* Nos. 4 and 7, there is no evidence that any notes or other reports plaintiff *speculates* existed are missing through any fault of the Defendant Officers. Indeed, Defendant Officers have testified that they complied with the file procedures imposed on them under §18.3(C). (Dkt. #333-1 at 10-12.) They have also testified protocol required that they submit their reports to their supervisor who would then review them and place them in file.

To skirt this absence of evidence, Plaintiff argues that he does not have to point to evidence of any violation before presenting evidence of the policy because it is up to the jury to decide whether the policy was violated. Plaintiff is chasing his tail: he first argues that the policy is relevant because a violation of the policy is probative of intent; he then argues that he is not required to point to evidence of the violation even though it is the violation itself which is probative of intent which intent makes the policy relevant. In any event, as set forth in Reply nos. 4 and 7,

Judge Shah's ruling makes any argument regarding "missing" documents and any policy connected to maintaining the file irrelevant.

Furthermore, even if Plaintiff had adduced evidence of some violation of this policy (and ignoring Judge Shah's ruling), none of the alleged violations consist of conduct that is relevant to any of Plaintiff's claims. As discussed in Reply No. 7, the cases on which Plaintiff relies simply hold that when conduct is relevant, deviation from standards may also be relevant to demonstrate that the conduct was intentional. They do not support Plaintiff's argument that the conduct was relevant merely because it violated standards. For example, when the act of using deadly force is relevant to a claim, then training or a policy regarding the use of deadly force may be relevant to intent, especially where a jury might need help understanding specialized police training.

2. **The Standard Operating Procedures ('SOPs")**

With respect to the SOPs described in Dkt. #333 at 3-4 and the alleged violation of these procedures, Plaintiff's argument here is nothing more than an attempt to resurrect his inadequate investigation/failure to investigate claim and is addressed in full in Reply No 7. Moreover, the SOPs contain extremely vague and very broad language that would provide little if any guidance to the jury. In addition, none of Defendant Officers' alleged failures consist of conduct that is relevant to any of Plaintiff's claims.

3. **The Lineup Policy**

Plaintiff claims that Defendants violated the CPD's Lineup Policy primarily by denying his counsel access to the witness viewing room and walking Clifford Frazier past Plaintiff and his counsel before the lineup. These acts, if they were violations of CPD's Lineup Policy would be relevant to intent because the acts are relevant to Plaintiff's suggestive procedures claim. However, neither of these acts are in fact violations of the policy. Specifically, General Order 83-5 Section II (B) provides that officers are not required to allow a suspect's counsel to be present at a lineup

3

prior to the initiation of adversary criminal proceedings. (See Dkt. 333-5 at 4.) And Section II (E) provides that no suspect will be seen with police officers prior to a lineup unless all subjects to be in the lineup are seen together with the officers. (*Id.*) Thus, Defendants' actions here are plainly not a violation of the lineup policy. As such, there is no violation from which intent can be inferred and therefore the policy is not relevant.

Plaintiff also claims Defendants violated the lineup policy by not using a form provided by the CPD to document the lineup, not specifically instructing Clifford Frazier that the suspect might not be in the lineup, by using fillers whose heights and weights were significantly different than Plaintiff's, not recording counsel's comments and photographing the lineup participants in a room other than the room in which the participants were viewed. Plaintiff is free to present this evidence to the jury and argue that these actions made his lineup suggestive but the jury does not require any guidance on specialized police training or policy to determine whether these actions were objectively reasonable or whether they tainted the lineup. The application of common sense is more than sufficient to reach any conclusions on these issues. For example, the jury's common sense will enable it to determine whether the failure to record Plaintiff's counsel's angry comments before the lineup occurred somehow tainted the lineup. Likewise, the jury's common sense will enable it to determine whether Oliver's remark to Clifford that "We think we got the guy" (see Dkt. #333-6 at 20:15-17) necessarily implies that a suspect may or may not be the actual perpetrator (obviously, lineups are conducted because police believe they have a suspect who may be the perpetrator or there would be no point to the lineup) or whether an officer should expressly state that the perpetrator may not be in the lineup. There is anything about the question of malice or intent in this case that is beyond the common sense of a jury so as to require evidence about the Chicago police department's internal policies and guidelines.

**CONCLUSION**

For all of the forgoing reasons, as well as the reasons set forth in Reply No 4 and 7, Defendant Officers respectfully request the Court issue an order barring any testimony or documentary evidence, including Plaintiff's trial exhibits 1-5, 7, 9-14 and 21, relating to internal Chicago Police Department rules and regulations.

                                              Respectfully submitted,

                                              /s/ Brian J. Stefanich
                                              One of the Attorneys for the Defendant Officers

Andrew M. Hale (andy@halemonico.com)
Barrett Boudreaux (bboudreaux@halemonico.com)
Brian J. Stefanich (bstefanich@halemonico.com)
William E. Bazarek (web@halemonico.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph. (312) 341-9646
Fax (312) 341-9656

## **CERTIFICATE OF SERVICE**

    I, Brian Stefanich, an attorney, hereby certify that I filed the attached document on November 22, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

                                                                         /s/ Brian J. Stefanich