IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS OFFICERS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE*
NO. 11 TO BAR THE TESTIMONY OF DALE TIPTON**

Defendants Angelo Pesavento, James Oliver, Edward Siwek, the Estate of George Karl, and the Estate of Michael Kill (collectively, "Defendant Officers"), by their attorneys, and for their reply in support of their motion *in limine* number 11 to bar the testimony of Dale Tipton, state as follows:

**INTRODUCTION**

Plaintiff does not dispute that Dale Tipton was never disclosed as a witness in any of his Rule 26 disclosures. Plaintiff does not dispute that Tipton's affidavit was not produced until after the district court's fact discovery deadline passed. Plaintiff does not dispute that the Defendant Officers have not deposed Tipton. Plaintiff does not dispute that the federal government, pursuant to a *Touhy* request, has not granted permission[1] for Tipton to testify regarding his role as a former FBI agent in relation to the Frazier/Clayton double murder. In spite of these facts, Plaintiff argues he should still be permitted to have Tipton testify at trial that if the FBI records

---

[1] 28 C.F.R. § 16.22(a) provides that in any federal case in which the United States is not a party, no former employee of the Department of Justice shall, in response to a demand, disclose any information relating to or based upon material contained in the files of the Department, without prior approval of any Department official.

1

were produced as they were kept in the original FBI file, then the Willis Report was given to him by Defendant Siwek.

Plaintiff should be barred from calling Tipton as a witness at trial due to Plaintiff's late disclosure of Tipton and because his proposed testimony is completely speculative.

## ARGUMENT

**I.     Tipton's Testimony Should Be Barred Due To Plaintiff's Late Disclosure.**

Pursuant to Federal Rule of Evidence 37(c)(1), if a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness to supply evidence at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Factors courts consider in determining whether a witness should be barred is (1) the prejudice or surprise to the party against whom the evidence is offered, (2) the ability of the party to cure the prejudice, (3) the likelihood of disruption to the trial, and (4) the bad faith or willfulness involved in not disclosing the witness at an earlier date. *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003).

**A.     Plaintiff's Disclosure of Tipton was Untimely.**

Plaintiff first argues that his disclosure[2] of Tipton was timely. (Pl.'s Resp., p. 7-8, Dkt. #331) Identification of witnesses in the "eleventh hour" before discovery closure is grounds for barring those witnesses. *Scaggs v. Consol. Rail Corp.*, 6 F.3d 1290, 1295 (7th Cir. 1993). In *Scaggs*, the district court barred a witness that the plaintiff identified two days before the close of discovery. *Id*. The Seventh Circuit affirmed the district court's order barring the witness because of the untimely disclosure. *Id*.; *see also Verotix Systems, Inc. v. Ann Taylor, Inc.*, No. 02-8639, 2004 WL 2066889, *5 (N.D. Ill. Aug. 24, 2004) (barring witness where witness was disclosed on

---

[2] Defendant Officers point out that Tipton has never been included on any of Plaintiff's Rule 26 or Amended Rule 26 disclosures. For purpose of this motion, Defendant Officers assume that production of Tipton's affidavit on September 27, 2018, constitutes the disclosure.

the eve of the discovery close date because such disclosure prevented opposing party from conducting appropriate discovery relating to the witness).

In this case, Plaintiff did not even disclose Tipton "at the eleventh hour," but waited until over three months after the discovery close date to produce Tipton's affidavit. Plaintiff does not dispute that Judge Shah ordered fact discovery to be closed on June 8, 2018, but argues that "the date did not hold." (Pl.'s Resp. p. 7, Dkt. #331) Plaintiff points to the depositions of the City's 30(b)(6) witnesses and three fact witnesses – Cynthia Steward, Roderick Stewart, and Brenda Lee – that occurred after the discovery close date in an attempt to show that Judge Shah's discovery closure date was not a true discovery closure date.

The depositions of the Rule 30(b)(6) witnesses were properly noticed during fact discovery. (Pl.'s Notice of Dep. May 4, 2018, attached hereto as Exhibit A) The litigation over the 30(b)(6) witnesses continued after the close of discovery and Judge Shah specifically allowed the depositions to be completed after the discovery close date. (Dkt. #213) Similarly, regarding Cynthia Steward, the Defendant Officers were forced to file a motion for rule to show cause against Steward for her failure to appear at her April 13, 2018 deposition. (Dkt. #187) Ultimately, Ms. Steward was arrested pursuant to a body attachment and Judge Shah ordered her to sit for a deposition during the week of September 3, 2018, or on a mutually agreeable date between the parties. (Dkt. #223) The depositions of Roderick Stewart and Brenda Lee occurred after the discovery close date, but with the agreement of all of the parties.

The mere fact that Judge Shah allowed the 30(b)(6) witnesses and Steward to be deposed after the discovery closure date and the fact that the parties agreed to depose Stewart and Lee after the discovery closure date does not allow Plaintiff to disclose Tipton three months after the discovery closure date. Plaintiff cites to no authority for his proposition that if the parties agree

3

or a judge orders specific depositions to be completed outside of the discovery closure date, then the discovery disclosure date is implicitly extended to allow the parties to disclose entirely new witnesses.

Therefore, Plaintiff's production of Tipton's affidavit on September 27, 2018, over three months after the discovery closure date was untimely and Tipton should be barred as a witness

**B.     Plaintiff's Delay in Disclosing Tipton was Not Substantially Justified**.

Plaintiff attempts justify his late disclosure of the Tipton affidavit by stating "[d]uring this litigation, Plaintiff learned that at the time Derrick Frazier and Ledell Clayton were murdered on January 29, 1994, the FBI was conducting an investigation into Anthony Williams…" (Pl.'s Resp., p. 2, Dkt. #331) This in turn justifies, according to Plaintiff, him waiting until November 28, 2017 to issue a subpoena to the FBI. (*Id*.) However, Plaintiff's assertion that he learned of the FBI investigation during this litigation is not accurate. Plaintiff testified at his deposition that in November or December 1993, Anthony Williams told him that the FBI was surveilling Williams. (Excerpt of Deposition of Eddie Bolden, p. 124, attached hereto as Exhibit B) Additionally, in 2013, Plaintiff's investigator, Susan Carlson submitted a Freedom of Information Act Request to the FBI and the federal government produced 416 out of 509 pages regarding the investigation into Anthony Williams. (Hardy Letter to Carlson, December 18, 2013, attached hereto as Exhibit C) Thus, Plaintiff had no reason to wait until November 2017 to issue a subpoena to the FBI.

Plaintiff also points to the fact that the FBI did not complete its document production until June 5, 2018. However, the Tipton report and the Willis Report were both produced in the FBI's first production on March 16, 2018. Thus, if it was so apparent that Tipton was a potential witness, as Judge Shah seemed to suggest (Dkt. #276, p. 38, n.15), there is no reason for Plaintiff

4

not to have disclosed Tipton shortly after the initial FBI production was made.

Plaintiff attempts to justify not disclosing Tipton as a potential witness because it was not until Patrick Loftus testified on August 30, 2018 that "it became clear that Siwek obtained some of the police reports that he gave to Tipton from the only Investigative File and the Willis Report from another source." (Pl.'s Resp. p. 9, Dkt. #331) Even if this were true, which Defendant Officers dispute, Rule 26 does not require the importance of a witness to become "clear" in order for disclosure to be made. Rather, Rule 26 requires parties to disclose individuals who are "likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A). Accordingly, Plaintiff's decision to wait until "it became clear" that Tipton was a potential witness before disclosing him was unreasonable.

**C.    The Late Disclosure of Tipton Prejudices the Defendant Officers.**

Plaintiff relies on the district court's summary judgment decision in which the court declined to disregard Tipton's affidavit because the affidavit contains no surprises that were not apparent from the Tipton report. (Pl.'s Mtn., p. 10, Dkt. #331) However, if it was so obvious from the Tipton report that Defendant Siwek provided the Willis Report to the FBI then Plaintiff should have disclosed Tipton in March 2018. Notably, the Tipton report does not even disclose who authored the report or that Tipton was provided documents by Chicago police department personnel. (Tipton Report, Ex. C to Pl.'s Resp., Dkt. #331-3)

The Defendant Officers will be prejudiced if Tipton is allowed to testify that Defendant Siwek provided him with the Willis Report. Defendant Siwek is now deceased and his deposition occurred prior to the FBI production and the disclosure of Tipton as a witness. Thus, Siwek was not asked at his deposition about any meetings he may have had with FBI agents regarding the double murder investigation. Accordingly, Defendant Siwek will have no opportunity to defend

5

himself and offer counter-testimony to Plaintiff's allegation that he provided the FBI with "exculpatory" evidence that was not provided to the Cook County State's Attorney's Office or Public Defender's Office prior to trial.

## II.     Tipton Should be Barred Because His Testimony is Based Entirely on Speculation.

Tipton is expected to testify that he has no independent recollection of meeting with Defendant Siwek in 1994, but based on the Tipton report believes the meeting occurred. (Tipton Report, Ex. A to Mot., ¶ 4, Dkt. #318) Tipton does not recall whether Defendant Siwek actually provided him with Chicago police department records, but if police department records immediately followed the Tipton report in the original FBI file, then Siwek provided him with the records. (*Id.*) Tipton provided no testimony regarding the order of the documents in the original FBI file.

Plaintiff argues that there is no reason to believe that the FBI did not produce the documents as they were kept in their ordinary course of business. (Pl.'s Resp., p. 12, Dkt. #331) However, a comparison of the FBI's response to Plaintiff's subpoena in March 2018 with the FBI's response to Plaintiff's FOIA request in 2013 reveal that the documents were not produced in the same order. In the FBI's subpoena response, the first document is a one page report about the Frazier/Clayton homicide, followed by the two page Tipton report. (*See* March 2018 FBI production, EB-FBI 1-3, attached hereto as Exhibit D) After the Tipton report is 27 pages of Chicago Police Department documents. (Ex. D, EB-FBI 4-30) However, in the FOIA response the document after the one page report about the Frazier/Clayton homicides is *not* the Tipton report or any Chicago police department records. (*See* EB 17619-17629, selected portions of the FBI FOIA request, attached hereto as Exhibit E)

**CONCLUSION**

For the foregoing reasons, this Court should bar Tipton from testifying at trial. If however, this Court allows Tipton to testify, the Defendant Officers request that this Court re-open discovery for the limited purpose to allow the Defendant Officers to issue subpoenas to the federal government for additional documents regarding Anthony Williams, Plaintiff, and the Frazier/Clayton homicides, issue subpoenas for the depositions of Tipton and any other FBI agents who investigated the Frazier/Clayton homicides or Anthony Williams, and issue a subpoena for the deposition of Mitchell McCullough, who according to the Tipton report, was present for the meeting with Defendant Siwek.

Dated: November 22, 2019

                                              Respectfully submitted,

                                              /s/ *Brian J. Stefanich*
                                              One of the Attorneys for Defendant Officers

Andrew M. Hale (andy@halemonico.com)
Barrett Boudreaux (bboudreaux@halemonico.com)
Brian J. Stefanich (bstefanich@halemonico.com)
William E. Bazarek (web@halemonico.com)
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
Ph.  (312) 341-9646
Fax (312) 341-9656

## **CERTIFICATE OF SERVICE**

I, Brian J. Stefanich, an attorney hereby certify that I filed the attached document on November 22, 2019, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ *Brian J. Stefanich*