IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDDIE L. BOLDEN, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CHICAGO, et al., <br><br> Defendants. | Case No. 17-cv-00417 <br><br><br> Honorable Steven C. Seeger |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Eddie L. Bolden, by his attorneys, respectfully submits this Notice of Supplemental Authority to provide the Court with the Seventh Circuit Court of Appeals' opinion affirming the decision of the district court in the Northern District of Illinois (Judge Ronald A. Guzman) to admit the plaintiff's certificate of innocence during his civil trial, No. 18-275, --- F.3d ---, 2020 WL 5362160 (7th Cir. Sept. 8, 2020) (the "*Patrick* Opinion," attached hereto as Exhibit 1). The *Patrick* Opinion is dispositive of Defendant Officers' pending Motion *in Limine* No. 8 to Bar Reference to Plaintiff's Certificate of Innocence (Dkt. 319), which is fully briefed. *See* Dkts. 319, 339, 366.

In their opening brief in support of their Motion *in Limine* No. 8, Defendants asserted that the Seventh Circuit had never addressed whether a certificate of innocence based on a dismissal *nolle prosequi* is admissible in a section 1983 action as evidence that the prosecution terminated in a manner "indicative of innocence," as required to sustain a malicious prosecution claim. *See* Dkt. 319 at 4. With the *Patrick* Opinion, the Seventh Circuit has squarely addressed that very question and answered in the affirmative. Given the clear controlling precedent established by the *Patrick* Opinion, Defendants' Motion *in Limine* No. 8 should be denied.

The *Patrick* Opinion arose in a civil suit by Deon Patrick, who was wrongly convicted of double murder. 2020 WL 5362160, at *1. After having his conviction vacated and the case against

him dismissed *nolle prosequi*, Patrick petitioned the Cook County Circuit Court for a certificate of innocence. *Id.* at *4; *see also* Report of Proceedings of January 23, 2014 in *People of the State of Illinois v. Deon Patrick*, Circuit Court of Cook County, No. 93CR07106-05, attached hereto as Exhibit 2 (reflecting that Patrick's case was vacated and dismissed *nolle prosequi*). Patrick's petition was unopposed: under Illinois law, only the Attorney General and the State's Attorney may be heard in opposition to such a petition, and the prosecutors in Patrick's case—like the prosecutors in Plaintiff's case—took no position as to the issuance of the certificate of innocence. *Id.* at *4. After evaluating the unopposed petition, the Cook County Circuit Court granted Patrick a certificate of innocence. *Id.* at *4.

Patrick then initiated suit against seven Chicago police officers and two prosecutors who investigated and prosecuted him, as well as the City of Chicago. *Id.* at *1. Patrick asserted several constitutional claims under 42 U.S.C. § 1983 and state-law claims for malicious prosecution and civil conspiracy. *Id.* Patrick prevailed at trial, obtaining a jury award of more than $13 million in compensatory and punitive damages. *Id.* The defendants appealed, claiming among other errors that the district judge's decision to admit Patrick's certificate of innocence at trial was unfairly prejudicial. *Id.*

The Seventh Circuit affirmed the denial of the defendants' motion *in limine* to exclude Patrick's certificate of innocence under Rule 403 of the Federal Rules of Evidence. *Id.* at *6. Under Rule 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* (citing Fed. R. Evid. 403). Both the Seventh Circuit and the district court agreed that the certificate of innocence was "highly relevant" and "directly probative" of Patrick's case—in particular, to his malicious-prosecution

2

claim, which, under Illinois law, requires him to prove that his conviction was vacated and that the prosecution was favorably terminated in a manner indicative of innocence. *Id.* at \*\*6, 8. Furthermore, the Seventh Circuit found that the certificate's probative value substantially outweighed any potential danger of unfair prejudice. *Id.* at \*\*6-8.

Moreover, the Seventh Circuit held that any danger of unfair prejudice, confusing the issues, or misleading the jury could be avoided through "[w]ell-crafted jury instructions." *Id.* at \*7. The Court acknowledged the possibility that jurors may become distracted by the issue of Patrick's guilt or innocence or give too much weight to the certificate because it "reflects a formal judicial finding." *Id.* at \*\*6-7. It nonetheless affirmed the district court's jury instructions pertaining to the issue, which "properly" instructed the jury that "Patrick's actual guilt or innocence was one of many factors the jury was free to consider in determining whether the defendant violated his rights." *Id.* at \*7.

In sum, the Seventh Circuit concluded that "the certificate of innocence was directly probative on an element of Patrick's malicious-prosecution claim, and the judge appropriately instructed the jury to limit the risk of unfair prejudice or jury confusion." *Id.* at \*8. The ruling invalidates Defendants' arguments in Motion *in Limine* No. 8 by confirming that a certificate of innocence issued in a case dismissed *nolle prosequi* is admissible in a civil suit like Plaintiff's because it is probative of whether the prosecution was dismissed in a manner "indicative of innocence," as required to sustain a claim for malicious prosecution. Given the highly analogous facts in this case, the *Patrick* Opinion is instructive—and indeed dispositive—as to the admissibility of Plaintiff's certificate of innocence at trial.

3

Dated: September 16, 2020

Respectfully submitted,

*/s/ Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
200 Vesey Street, 24th Floor
New York, New York 10281
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 16, 2020, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

                  */s/ Valarie Hays*
                  Valarie Hays