**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDDIE L. BOLDEN, | |
| Plaintiff, | |
| v. | **No. 1:17-cv-00417** |
| CITY OF CHICAGO, MICHAEL BAKER, GEORGE KARL, EDWARD HICKS, MICHAEL KILL, JAMES OLIVER, ANGELO PESAVENTO, EDWARD SIWEK, BARBARA TEMPLE and AS-YET UNKNOWN CURRENT OR FORMER EMPLOYEES OF THE CITY OF CHICAGO | **Honorable Steven C. Seeger** |
| Defendants. | |

**DEFENDANT CITY OF CHICAGO'S *MOTION IN LIMINE* NO. 1 TO LIMIT THE CITY'S ROLE IN ACCORDANCE WITH THE BIFURCATION ORDER**

Defendant City of Chicago ("the City"), by its attorneys, Greenberg Traurig, LLP, for its *Motion in Limine* No. 1 to Limit the City's Role in Accordance with the Bifurcation Order, and in support of Defendant Officers' *Motion in Limine* No. 2 (Dkt. No. 309), states as follows:

1.      As the Court knows, the *Monell* claims against the City have been bifurcated and stayed. (Dkt. No. 213). Because of that, the City should be fully and functionally removed as a trial Defendant, as there will be no substantive claims left against the City. The only "claims" that would be left against the City would be *respondeat superior* and indemnification claims—where the City is a nominal defendant for indemnification purposes only. Plaintiff Eddie Bolden's ("Bolden") allegations are singularly directed against Defendant Officers. The City has admitted that, at all relevant times, all Defendant Officers were acting within the scope of their employment with the City and under color of law. The City has stipulated to pay compensatory damages that may be awarded in this case. (Dkt. No. 70, 169, 221). Given that the City would be liable by

operation of law if any of the Defendant Officers were found liable for Plaintiff's claims, and in light of the City's stipulations, there is no legal or practical need for the City to be a named trial Defendant.

2.      Judge St. Eve ruled on a similar *motion in limine* in a reversed conviction case where the *Monell* claim was bifurcated and only *respondeat superior* and indemnification claims remained against the City. Judge St. Eve held that: "[i]n general, courts bar evidence of indemnification because it may encourage juries to inflate compensatory damages awards." *Harris v. City of Chicago, Case No. 14-cv-4391,* March 7, 2017 Order attached hereto as Exhibit A; citing *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011). In addition, the defendant officers' request to bar any reference to the City as a defendant was granted. *Id.*

3.      Judges in other reversed conviction cases against the City have similarly granted motions in limine to bar reference to the City as a defendant where there was no viable *Monell* claims left against the City. *See Martin v. City of Chicago*, No. 15-CV-04576, 2017 WL 2908770, at *9 (N.D. Ill. July 7, 2017); *Temple v. Cavallone*, No. 14 C 4384, 2015 WL 12856442, at *3 (N.D. Ill. Dec. 2, 2015).

4.      Naming the City as a Defendant on the case caption, on the verdict form, or mentioning the City as a Defendant in the jury instructions, would serve only to increase the risk of improperly signaling to the jury that "deep pockets" are available to pay any judgment.

WHEREFORE, the City of Chicago respectfully requests this Court to: (1) remove the City from the case caption, the verdict form, and the jury instructions; and (2) otherwise bar any mention of the City as a trial Defendant at the trial.

Dated: March 31, 2021                    CELIA MEZA
                                         Acting Corporation Counsel of the City of Chicago

                                         /s/ *Kyle L. Flynn*
                                         John F. Gibbons
                                         Tiffany S. Fordyce
                                         Kyle L. Flynn
                                         Special Assistant Corporation Counsel
                                         Greenberg Traurig, LLP
                                         77 West Wacker Drive, Suite 3100
                                         Chicago, Illinois 60601
                                         (312) 456-8400 (Main)
                                         (312) 456-8435 (Facsimile)
                                         gibbonsj@gtlaw.com
                                         fordycet@gtlaw.com
                                         flynnk@gtlaw.com

                                         *Attorneys for Defendant City of Chicago*

## CERTIFICATE OF SERVICE

I, Kyle Flynn, an attorney, hereby certify that on March 31, 2021, I caused **Defendant City of Chicago's Motion in Limine No. 1** to be served through the ECF system on all attorneys of record.


*/s/ Kyle L. Flynn*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14 C 4391 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER**</u>

The Court grants Defendants' motion in limine no. 10 to bar indemnification or any reference to the City of Chicago as a Defendant without prejudice. (R.232)

**STATEMENT**

Defendant Officers have moved the Court to bar evidence of indemnification or any reference to the City of Chicago as a Defendant. For the following reasons, the Court, in its discretion, grants without prejudice Defendants' motion in limine no. 10.

**BACKGROUND**

This is a wrongful conviction case against eight Chicago Police Officers. Plaintiff has brought a civil rights action pursuant to Section 1983, as well as various state law causes of action. In advance of trial, Defendants have moved in limine to bar indemnification or references to the City of Chicago.

**LEGAL STANDARD**

Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *See Bridgeview Health Care Ctr., Ltd. v. Clark,* 816 F.3d 935, 939 (7th Cir. 2016); *Whitfield v. Int'l Truck & Engine Corp.,* 755 F.3d 438, 447 (7th Cir. 2014). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). "Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial," and "[a]s a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir. 2013). A motion in limine "is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings" and that it "permits the trial judge to eliminate from further consideration evidentiary submissions that

clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

## ANALYSIS

Plaintiff brings a claim based on the deprivation of her Fourteenth Amendment due process right to a fair trial and for wrongful conviction. In Defendant Officers' motion in limine no. 10, they seek to bar any argument or evidence regarding that the City may indemnify any defendant officers for compensatory damages. *See* 745 Ill. Comp. Stat 10/9-102 (providing that the City indemnify employees for compensatory damages); 745 Ill. Stat. 10/2-302 ("It is hereby declared to be the public policy of this State, however, that no local public entity may elect to indemnify an employee for any portion of a judgment representing an award of punitive or exemplary damages."); *Winston v. O'Brien*, 773 F.3d 809, 814 (7th Cir. 2014) ("[I]ndemnification of punitive damages is prohibited under Illinois law.") In general, courts bar evidence of indemnification because it may encourage juries to inflate compensatory damages awards. *See Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011) (citing *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998)). Plaintiff Harris may, however, introduce evidence of the City's indemnification if Defendants "open[] the door by presenting evidence of their financial condition" with respect to punitive damages. *Id.*; *see also Gonzalez*, 2015 WL 3671641, at *7 ("[I]f Defendants plead poverty as to punitive damages, they open the door for Plaintiff to offer evidence of indemnification as to compensatory damages.").

Plaintiff does not address Defendants' request to bar any reference to the City as a Defendant since the City is a Defendant for indemnification purposes only. The Court grants this aspect of the motion without prejudice. If Plaintiff wishes to refer to the City for some reason, she must front the issue with the Court outside the presence of the jury.

For these reasons, the Court, in its discretion, grants Defendants' motion in limine no. 10 without prejudice.

**Dated:** March 7, 2017

_____

**AMY J. ST. EVE**
**United States District Court Judge**