IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF CHICAGO'S
MOTION *IN LIMINE* NO. 1 TO LIMIT THE CITY'S ROLE IN ACCORDANCE WITH
THE BIFURCATION ORDER**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Response to Defendant City of Chicago's Motion *in Limine* No. 1 to Limit the City's Role in Accordance with the Bifurcation Order. Dkt. 425.

1. The City's motion addresses an issue that already has been fully briefed in a pending motion *in limine*, namely, Defendants' Motion *in Limine* No. 2 to Bar Indemnification or Any Reference to the City of Chicago as Defendant. *See* Dkt. 309; *see also* Dkt. 327 (response); Dkt. 370 (reply). To conserve resources, Plaintiff re-addresses these issues only briefly below and incorporates by reference his response to Defendants' prior motion.

2. Despite being a named defendant in causes of action that are being tried in this case in October, causes of action that were unaffected by the bifurcation of *Monell* issues, the City seeks an order (1) removing the City from the case caption, the verdict form, and the jury instructions, and (2) otherwise barring any mention of the City as a Defendant at trial.

3. The City's attempt to avoid responsibility for its employees' actions and deprive Plaintiff of his day in court against the City should be rejected for lacking merit. The City is still a defendant at trial with respect to Plaintiff's *respondeat superior* and indemnification claims. As

1

a defendant, the City must appear in the case caption, the jury instructions, and on the verdict form. As set forth in the prior briefing, courts in this district have routinely and consistently rejected the City's attempts to hide behind bifurcation. *See* Dkt. 327 at 3 (citing *Jones v. City of Chicago*, No. 14-cv-4023, 2017 WL 413613, at *6 (N.D. Ill. Jan. 31, 2017) (refusing to remove the City as a named trial defendant, "including by removing the City from the case caption and the verdict form," because "[t]he City is still a Defendant in this case under a respondeat superior theory … as well as for Jones's indemnification claim."); *Wilbon v. Plovanich*, No. 12 C 1132, 2016 WL 890671, at *3 (N.D. Ill. Mar. 9, 2016) ("[T]he indemnification claim against the City is still part of this lawsuit. For that reason, the City of Chicago will remain named on the caption, jury instructions, and verdict forms."); *Bruce v. City of Chicago*, No. 09 C 4837, 2011 WL 3471074, at *4 (N.D. Ill. July 29, 2011) ("[T]he Court will not strike the City of Chicago from the caption because Plaintiff has asserted a state law claim for respondeat superior against the City. The City is a party to the case and should remain in the case caption.")).

4. The City's cited authority does not support a different outcome because in each of those cases, the plaintiff did not oppose the request to bar reference to the City. In *Harris*, plaintiff's response brief "d[id] not address Defendants' request to bar any reference to the City as a Defendant," and therefore Judge St. Eve granted that uncontested aspect of the motion without prejudice. *See* Dkt. 425, Ex. A at 2 (Order in *Harris v. City of Chicago*, No. 14 C 4391 (Mar. 7, 2017)). Similarly, in *Martin*, Judge St. Eve granted the defendants' motion to remove the City from the case caption and verdict form only after finding that the plaintiff had waived any objections to the motion and that in any event, it appeared that the plaintiff *agreed* with the defendants' motion. *Martin v. City of Chicago*, No. 15-CV-04576, 2017 WL 2908770, at *9 (N.D. Ill. July 7, 2017). And in *Temple*, the plaintiff "ha[d] no objection" to the defendants' request to

2

remove the City from the case caption and verdict form. *Temple v. Cavallone*, No. 14 C 4384, 2015 WL 12856442, at *3 (N.D. Ill. Dec. 2, 2015). Plaintiff is not aware of any case in this district where the court has barred reference to the City and removed the City from the case caption, verdict form, and jury instructions over a plaintiff's well-founded objection.

5. The City's motion also fails to address the fact that Defendant Officers in this case have made clear that they intend to offer evidence at trial related to their financial condition (*see* Dkt. 327, at 2-3), which, as the City's own cited authority acknowledges, opens the door to evidence regarding the City's indemnification obligations. *See* Dkt. 425, Ex. A at 2; *Martin*, 2017 WL 2908770, at *5 (if defendants introduce evidence of their financial condition, "they 'open the door' to Martin presenting evidence of the City's indemnification with respect to compensatory damages"); *Temple*, 2015 WL 12856442, at *3 ("[O]nce the defendant opens the door by discussing his or her financial status and inability to pay punitive damages, the plaintiff is entitled to cross-examine and rebut with evidence that the defendant will be indemnified for some or all compensatory damages."); *see also* Dkt. 327, at 2-3. Thus, even if the attempt to bar reference to the City was well-founded in the law (which it clearly is not), it would be unavoidable in this case, where the jury will have to hear about the City's indemnification obligations in order to rebut the Defendant Officers' testimony that they cannot afford to pay a punitive damages award.

6. Finally, the City's concern regarding improperly signaling to the jury that the City's "deep pockets" are available to pay a judgment (Dkt. 425, at ¶ 4) is not a basis to bar reference to the City at trial. Courts have routinely dismissed that argument because the jury already will know that (1) the individual defendants were employees of the City and (2) the City is struggling financially. *See* Dkt. 327, at 4-5 (citing *Smith v. Garcia*, No. 15-cv-10105, 2018 WL 461230, at *9 (N.D. Ill. Jan. 18, 2018) (holding that reference to the City as a defendant "will not be unduly

3

prejudicial, given that the jury will already know that the Defendant police officers [were] employees of the City of Chicago"); *Tolliver v. Gonzalez*, No. 10 C 1879, 2011 WL 5169428, at *3 n.2 (N.D. Ill. Oct. 31, 2010) (the City's purported concern is "unrealistic" because "City's economic woes are widely known.")). Moreover, in conducting the balancing test required by Federal Rule of Evidence 403, the Court also must account for the "corresponding danger that a jury, uninformed about any right of indemnification and aware of the comparatively modest income of police officers, could be inclined to lowball a damage award because of that awareness." *Tolliver*, 2011 WL 5169428, at *3. Accordingly, any concerns about prejudice related to a jury's inference that the City has "deep pockets" are best addressed, if at all, by a limiting instruction. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order denying Defendant City of Chicago's Motion *in Limine* No. 1 to Limit the City's Role in Accordance with the Bifurcation Order.

Dated: April 14, 2021                                        Respectfully Submitted,

/s/ *Valarie Hays*
Ronald S. Safer
Valarie Hays
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue, 6th Floor
New York, New York 10016
(212) 660-1000
smusumeci@rshc-law.com

4

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valarie Hays*
Valarie Hays
