IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE L. BOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 00417 |
| v. ) | |
| ) | Honorable Steven Seeger |
| ) | |
| CITY OF CHICAGO, JAMES OLIVER, ) | |
| ANGELO PESAVENTO, and EDWARD J. ) | |
| SIWEK, as SPECIAL REPRESENTATIVE ) | |
| for the ESTATE of EDWARD SIWEK ) | |
| ) | |
| Defendants. ) | |

**Defendant Officers' Supplement to Motion in Limine No. 5
to Bar Evidence of Ingles' Not Being Allowed In Witness Room of Lineup**

Defendants James Oliver, Angelo Pesavento, and Edward J. Siwek as Special Representative for the Estate of Edward Siwek ("Defendant Officers"), through their undersigned attorneys, respectfully move this Court *in limine* to bar Plaintiff and Charles Ingles from testifying that Defendants refused to allow him to be present in the viewing room during a lineup. In support thereof Defendant Officers state as follows:

1. Charles Ingles represented Plaintiff when he voluntarily participated in a line-up.

2. Ingles was not permitted to be present in the viewing room with the complaining witness.

3. Plaintiff argued the exclusion of his attorney from the viewing room as a basis for his motion to suppress the identification in his criminal trial. The court denied the motion in part because this conduct did not violate Plaintiff's constitutional right to counsel.

4. During the motion to suppress hearing Judge Madden noted that "the police were more

than accommodating in this case. They went beyond the requirement of the law in even suggesting that the attorney be allowed to sit in the same room with the defendant during the lineup." (EB 6040)

5. At trial, Plaintiff sought to elicit testimony from Ingles that he had not been permitted to be present in the viewing room when other clients had appeared in line-ups. The State objected and the court barred the testimony on the grounds of relevance. (EB 7120-7123)

6. This testimony is also irrelevant in this case.

7. Defendant Officers did not violate Plaintiff's rights by refusing to allow his counsel in the viewing room. Plaintiff did not have any right to counsel at the line-up because he had not been arrested. There is no claim for denial of right to counsel in this case.

8. In 1972, the Supreme Court held that there is no right to counsel if a lineup is held prior to the filing of criminal charges. *Kirby v. Illinois*, 406 U.S. 682 (1972).

9. Specifically, the Sixth Amendment right to counsel attaches at "the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id. at* 689.

10. When police conducted the lineup in Bolden's case, judicial criminal proceedings had not been initiated against him, and "the right to counsel presumptively does not attach at pre-indictment lineups." *United States v. Larkin*, 978 F.2d 964 (7th Cir. 1992); *US ex rel Wilson v. Peters*, 60 F.Supp.2d 777 (N.D.Ill. 1999); *Jerricks v. Bresnaham*, 880 F.Supp. 521 (N.D.Ill. 1995).

11. Additionally, introduction of the evidence would confuse and mislead the jury improperly, as Bolden had no right to this accommodation in the first place.

WHEREFORE, for the reasons stated herein, Defendant Officers respectfully request that this Court grant this motion in limine and bar any evidence or argument that Chicago Police

Detectives did not permit him to be present in the viewing room during a lineup.

                                                      Respectfully submitted,

                                                     DEFENDANT OFFICERS

                                  BY:    /s/ *Barrett Boudreaux*
                                                     Special Assistant Corporation Counsel

Andrew M. Hale (andy@halemonico.com)
Amy A. Hijjawi (ahijjawi@ halemonico.com)
Barrett E. Boudreaux (bboudreaux@halemonico.com)
William E. Bazarek (web@halemonico.com)
Brian J. Stefanich (bstefanich@halemonico.com)
Special Assistant Corporation Counsel
Hale & Monico LLC
53 West Jackson Blvd., Suite 337
Chicago, IL 60604
Phone: (312) 341-9646

## CERTIFICATE OF SERVICE

I, Barrett Boudreaux, an attorney hereby certify that I caused a copy of the foregoing Defendant Officers' Supplement to Motion in Limine No. 5 to Bar Evidence of Ingles' Not Being Allowed In Witness Room of Lineup on April 30, 2021, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ *Barrett Boudreaux*