### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDDIE L. BOLDEN,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, et al.,<br><br>                Defendants. | Case No. 17-cv-00417<br><br><br><br>Honorable Steven C. Seeger |

### PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION *IN LIMINE* FILINGS

Plaintiff Eddie L. Bolden, by his attorneys, hereby moves this Court for an extension of time to August 2, 2021 to respond to Defendants' Motion *in Limine* filings. (Dkts. 430-434.) In support of this Motion, Plaintiff states as follows:

### INTRODUCTION

1. Plaintiff requires an extension of time to August 2, 2021 to respond to Defendants' four recent motion *in limine* filings. Plaintiff's counsel is currently preparing for a criminal jury trial in front of Judge Leinenweber commencing June 7, 2021, which is expected to last between four and six weeks. *United States v. Edward Filer, et al.*, Case No. 19-cr-00565 (N.D. Ill.). Plaintiff would be severely prejudiced if counsel were required to file rushed responses to Defendants' motions under these circumstances.[1] On the other hand, the requested extension would not prejudice Defendants because it would still allow for plenty of time to fully brief the motions in advance of trial. Moreover, any delay is one of Defendants' own making, having failed to file these motions in October of 2019 when this Court ordered all motions *in limine* to be filed in advance of the anticipated 2020 trial date. (Dkt. 294.)

---

[1] Plaintiff's counsel's client in the criminal matter also would be prejudiced if his counsel were forced to respond to Defendants' motions rather than devoting their full efforts to his defense.

**BACKGROUND**

2.  During a status hearing on March 5, 2021, Defense counsel informed the Court and the parties that it intended to file new motions *in limine*, despite the parties having fully briefed 24 motions *in limine* back in 2019, when this case was set for trial. The Court entered an order allowing Defendants until March 31, 2021 to file any such motions. (Dkt. 417.)

3.  On March 28, 2021, Defendants sought an extension of time to April 30, 2021 to file their motions, which they informed the Court would consist of two motions: (1) to preclude questioning Defendant Oliver regarding an Internal Affairs finding against him, and (2) to preclude certain opinions of Plaintiff's expert witness, Dr. Geoffrey Loftus. (Dkt. 421, ¶¶ 2-4.) Plaintiff did not object to an extension of time to file the motion regarding Defendant Oliver since it was based on discussions between counsel that occurred after the prior motion *in limine* briefing, but Plaintiff objected to an extension of time to file the motion regarding Dr. Loftus, contending that any such motion should have been filed back in 2019. (Dkt. 422.)

4.  On March 31, 2021, the Court granted Defendants' request for an extension of time to file the above-referenced motions. (Dkt. 424.)

5.  On April 30, 2021, Defendants filed not only the two motions *in limine* referenced above (Dkts. 430, 434), but also two "supplements" to previously filed motions *in limine*. (Dkts. 432-33.) Though styled as supplements, these are new motions. The Supplement to Motion *in Limine* No. 5 seeks to bar Plaintiff's criminal attorney, Charles Ingles, from testifying that Defendants prevented him from viewing Plaintiff's rigged lineup. (Dkt. 432.) This motion is not based on any new information. Defendants' nefarious exclusion of Mr. Ingles from the lineup has been a central part of Plaintiff's case from day 1 (and indeed, was a major issue in Plaintiff's criminal proceedings two decades ago). Defendants' Supplement to Motion *in Limine* No. 10 is a

full-blown *Daubert* motion, seeking to exclude numerous opinions of Plaintiff's other expert, Dr. William T. Gaut. (Dkt. 433.) Again, this motion is not based on of any new information – it is based on Dr. Gaut's expert report, which was produced to Defendants almost three years ago, in September of 2018.

6. Plaintiff's counsel conferred with Defense counsel via telephone on May 3, explaining that an extension of time to August 2 was needed due to trial preparation obligations. Counsel conferred again via email on May 4. Defense counsel stated that it would not agree to the extension because: (1) it was "too close to the trial date," (2) it would require "briefing substantive motions during the time we should be heavily preparing for trial," and (3) "goes against our stated desire that the judge rule on important issues well before the trial." Defense counsel proposed June 1, 2021 for Plaintiff's responses and June 21, 2021 for Defendants' replies.

## ARGUMENT

7. Good cause exists for an extension of time to August 2, 2021 for Plaintiff to respond to Defendants' recent filings. Plaintiff's counsel is fully engaged in preparation for their upcoming criminal trial before Judge Leinenweber. The criminal trial is exceedingly complex, involving novel issues of law, dozens of witnesses, and multiple experts. In addition to extensive witness preparation and other trial preparation activities, Plaintiff's counsel is faced with several upcoming deadlines:

   a. **May 10:** Reply in support of motion to dismiss certain counts of the indictment and objection to portions of the Government's *Santiago* proffer related to those counts;

   b. **May 12:** Replies in support of four motions *in limine* and objection to the remaining portions of the Government's *Santiago* proffer;

   c. **May 18:** Submission of agreed upon jury instructions and objections, proposed exhibit binders, exhibit lists and objections, agreed stipulations, statement of the case, and proposed voir dire questions to the Court;

    d. **May 25:** Pretrial Conference.

8. Given these other obligations, Plaintiff's counsel is unable to devote the attention required to properly respond to Defendants' four separate motions prior to the start of its criminal trial. And because the trial scheduled for 4-6 weeks (i.e. July 5 to July 19), August 2, 2021 is the earliest possible date that will allow Plaintiff's counsel to draft appropriate responses following the conclusion of the trial.

9. Defendants will suffer no prejudice from the extension of time. If they need three weeks for their replies, as they suggested in their May 4 email, that means the motions will be fully briefed by August 23, 2021, which is still six weeks before the earliest possible trial date. (Dkt. 428.) Defendants' desire for a quick response from Plaintiff is ironic to say the least. Any delay is a problem Defendants created by waiting over 1.5 years to file motions that should have been filed when this Court ordered that all "additional motions in limine shall be filed by 10/09/2019," in anticipation of a trial date in early 2020. (Dkt. 294.) That Defendants have chosen to take advantage of pandemic-related trial delays by filing additional motions is no reason to place an unreasonable burden on Plaintiff to prepare rapid responses.

## CONCLUSION

WHEREFORE, Plaintiff Eddie L. Bolden respectfully requests that the Court enter an Order allowing Plaintiff to respond to Defendants' Motion *in Limine* filings (Dkts. 430-434) by August 2, 2021.

Dated: May 4, 2021                                                      Respectfully submitted,

                                                                                    */s/ Eli J. Litoff*
                                                                                     Ronald S. Safer
                                                                                     Valarie Hays
                                                                                     Eli J. Litoff
                                                                                     RILEY SAFER HOLMES & CANCILA LLP

70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue, 6th Floor
New York, New York 10016
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 4, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

                */s/ Eli J. Litoff*
                Eli J. Litoff