IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDDIE L. BOLDEN,                    )
                                    )
            Plaintiff,              )        Case No. 17 C 00417
                                    )
    vs.                             )        Honorable Steven C. Seeger
                                    )
CITY OF CHICAGO, et al.,            )
                                    )
            Defendants.             )

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT OFFICERS' SUPPLEMENT TO MOTION *IN LIMINE* NO. 5
TO BAR EVIDENCE OF INGLES' NOT BEING ALLOWED
IN WITNESS ROOM OF LINEUP

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Response

in Opposition to Defendant Officers' Supplement to their Motion *in Limine* No. 5 to Bar Evidence

of Ingles' Not Being Allowed In Witness Room of Lineup (Dkt. 432).

**INTRODUCTION**

In October 2019, Defendant Officers filed Motion *in Limine* No. 5, seeking to bar attorney

Charles Ingles, who represented Plaintiff in his pre-arrest interactions with police, from testifying

to his experiences in other cases, and more specifically, that other Chicago Police Detectives had

allowed him to observe lineup procedures from the viewing room where the witness views the

lineup.  (Dkt. 312.)  That motion has been fully briefed and pending before the Court since

November 22, 2019.  (*See* Dkt. 329, 371.)  Nearly eighteen months later, without leave of the

Court, notice to Plaintiff, or citation of any facts or legal authority that could not have been raised

previously, Defendant Officers filed the instant three-page "Supplement to Motion *in Limine* No.

5," purporting to expand Motion *in Limine* No. 5 now to preclude ***any*** evidence (from Plaintiff,

Ingles, or any other source) that Defendant Officers prevented Ingles from being present in the

1

viewing room during the lineup that led to Plaintiff's arrest.[1] (Dkt. 432.)

In support of their motion, Defendant Officers rely upon caselaw establishing that there is no constitutional right to counsel during a pre-charge lineup procedure. But that well-established precedent has no bearing on the issues at play here. The lack of an independent constitutional claim based on Ingles' exclusion from the lineup does not mean that evidence of Ingles' exclusion is irrelevant for all purposes. In fact, the Defendant Officers' conduct toward Ingles in connection with the lineup is highly probative of several key issues that the jury must consider in evaluating Plaintiff's claims, including the Defendant Officers' state of mind and intent and the egregiousness of their conduct. The probative nature of this evidence greatly outweighs any risk of confusion or undue prejudice. Given its relevance to contested issues in the case, the evidence should be permitted.

## ARGUMENT

### I.     The Ingles Evidence Is Relevant.

As set forth in detail in Plaintiff's opposition to Motion *in Limine* No. 5 (Dkt. 329) (which Plaintiff adopts and re-asserts in response to the Supplement), Rule 401 conceives of relevance liberally, and relevant evidence "is admissible unless the Rules provide otherwise." *Huddleston v. United States*, 485 U.S. 681, 687 (1988); *see also* Dkt. 329, at 3. Defendant Officers have identified no rule that would require or justify exclusion of evidence surrounding their conduct toward Ingles during the lineup.

And the evidence is highly relevant. Defendant Officers' refusal to allow attorney Ingles into the witness room during the lineup is an example of the Defendant Officers' departure from

---

[1] Notably, the first seven paragraphs of Defendant Officers' Supplement to Motion *in Limine* No. 5 are identical to the first seven paragraphs of Defendant Officers' Motion *in Limine* No. 5 itself. In support of the expanded preclusion that they now seek, Defendant Officers add four paragraphs, citing no new facts and referencing case law that is more than twenty years old. (*See* Dkt. 432, at ¶¶ 8-11.)

standard police practices and Chicago Police Department ("CPD") policy in the way they conducted their investigation—both of which are probative of their malicious intent. Additionally, the evidence demonstrates the deception and trickery that the Defendant Officers used to obtain evidence against Plaintiff. It is not merely the fact that Ingles was not permitted in the witness room that is relevant; the probative value of that evidence is amplified by Defendant Pesavento's initial assurances that Ingles could observe the lineup from the witness room, and Ingles' reasonable reliance on those assurances based on his own prior experience with CPD and Area 2. This evidence speaks to the Defendant Officers' motive and intent, which are key elements for the jury to consider in connection with several of Plaintiff's claims. For example, the evidence is relevant to how the Defendant Officers acted with malice—a central element of the malicious prosecution claim. The evidence is relevant to the jury's assessment of whether the Defendant Officers' conduct was extreme and outrageous, as required to prove intentional infliction of emotional distress. The evidence is relevant to causation—had Defendants not deceived Plaintiff into participating in the lineup, they never would have obtained the tainted identification and the purported probable cause to arrest and incarcerate Plaintiff. And the evidence is relevant to the amount of both compensatory and punitive damages.

The case law that Defendants cite regarding Sixth Amendment rights during lineups does not diminish the relevance of this evidence. It is true that Plaintiff did not have a constitutional right to have an attorney present during the lineup; it is also true that Plaintiff did not have to voluntarily participate in the lineup at all. The testimony of Ingles and Plaintiff will establish that Plaintiff agreed to voluntarily participate in the lineup because he believed he would not be selected and would be cleared, and because his attorney, Ingles, made an agreement with the detectives to allow him to view the lineup as a safeguard against any suggestive or otherwise

improper conduct taking place. As soon as Plaintiff agreed to participate, the Defendant Officers

reneged on their end of the deal. That conduct is highly probative of the Defendant Officers' intent

and methods of conducting their investigation – both critical issues for the jury to consider.

**II.     There Is No Basis for Exclusion Under Rule 403.**

Defendants also claim, without explanation, that the evidence of their treatment of Ingles

at the lineup will mislead or confuse the jury, and therefore should be excluded under Rule 403.

But the Defendant Officers have not demonstrated how the evidence is so potentially confusing or

misleading that it should be excluded. Plaintiff will not suggest that he had a constitutional right

to have his counsel observe the lineup, so there is no reason that the jury would be confused.

Exclusion, given the highly probative nature of the evidence to the claims in the case regarding

the Defendant Officers' repeated acts of misconduct, is not warranted.

Defendants' Motion *in Limine* No. 5, as originally conceived and as supplemented, should

be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter

an Order denying Defendant Officers' Motion *in Limine* No. 5.

Dated: August 2, 2021

Respectfully Submitted,

*/s/ Eli J. Litoff*
Ronald S. Safer
Matthew Crowl
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)

RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue
6th Floor
New York, New York 10016
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Eddie L. Bolden*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Eli J. Litoff*
Eli J. Litoff
