IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Notice of Supplemental Authority to provide the Court with the Supreme Court of the State of Illinois's opinion in *Beaman v. Freesmeyer*, 2021 IL 125617, --- N.E. 3d --- (Ill. 2021) (the "*Beaman* Opinion," attached hereto as Exhibit 1). In *Beaman*, the Illinois Supreme Court made clear that evidence suggesting police officers' bad faith mishandling of a criminal investigation is relevant to—and can even form the basis of—a malicious prosecution claim.

The *Beaman* Opinion arose in a civil suit by Alan Beaman, who was wrongly convicted of murder in a context with several parallels to the instant case. 2021 IL 125617, ¶ 1. After Beaman's conviction was overturned, the case against him was dismissed *nolle prosequi*, and he obtained a certificate of innocence without opposition from prosecutors. Beaman sued the defendants—former detectives of the Normal Police Department who investigated the case against him—asserting Illinois state law claims for malicious prosecution, intentional infliction of emotional distress, and conspiracy. Initially, the trial court granted summary judgment for the defendants on Beaman's malicious prosecution claim, and the appellate court affirmed. But on July 29, 2021, the Illinois Supreme Court reversed, holding that a rational jury could find in favor of Beaman on the

malicious prosecution claim based on evidence that "defendants intentionally ignored, shaped, interpreted, or created evidence to support their conclusion that Beaman was guilty." *Id.* ¶¶ 149, 151.

The *Beaman* Opinion is controlling authority that supports denial of Defendants' pending Motions *in Limine* Nos. 4, 7, and 10, all of which are fully briefed. *See* Dkts. 311, 334, 376 (briefing on Defendants' Motion *in Limine* No. 4 to Preclude Certain Evidence and Argument Based on Court's Summary Judgment Ruling); Dkts. 314, 330, 368 (briefing on Defendants' Motion *in Limine* No. 7 to Bar Certain Evidence Related to the Police Investigation); Dkts. 317, 337, 373, 433, 443 (briefing on Defendants' Motion *in Limine* No. 10 to Bar Testimony of [Plaintiff's police practices expert] William Gaut, and Defendants' Supplement to same). In these motions, Defendants seek to exclude evidence that they conducted a bad faith and improper investigation designed to implicate Mr. Bolden regardless of the evidence. Defendants incorrectly assert that the Court's summary judgment decision renders their investigative conduct and omissions irrelevant to Mr. Bolden's remaining claims, in that on summary judgment, Judge Shah determined that the Defendants' failure to investigate and their destruction, suppression, and failure to preserve evidence did not establish an independent due process claim under the Fourteenth Amendment. *See, e.g.*, Dkt. 311 at 3 ("[D]estruction of evidence [is] irrelevant to the issues of probable cause and malice."); *id.* at 5 ("[It would be improper] to infer that officers acted with malice from the mere fact that the notes were destroyed"); Dkt. 314 at 2 (asserting that "avenues of investigation which were not explored do not inform the probable cause analysis, for purposes of the Fourth Amendment or malicious prosecution"); Dkt. 433 at 4-5 (claiming that evidence that "the defendants failed to conduct a proper homicide investigation, resulting in the misidentification and ultimate conviction of Eddie Lynier Bolden … should be barred in its

entirety" as irrelevant); *id.* (asking the Court to bar "evidence critical of the investigation"). But as explained in Mr. Bolden's response briefs, this evidence of investigative misconduct and shortcomings is relevant for numerous reasons, including that it provides critical support for the causation, intent, and probable cause elements of his malicious prosecution claim. *See, e.g.*, Dkt. 330 at 10-15. The *Beaman* Opinion definitively confirms that Mr. Bolden's position is correct and that Defendants' motions should be denied.

    **I.**    ***Beaman*** **Holds That Evidence of Improper Investigation Is Relevant to the "Commence or Continue" Element of a Malicious Prosecution Claim, Even Against Investigators.**

The *Beaman* Opinion first demonstrates that Defendants' improper investigation is relevant to proving that Defendants caused a criminal proceeding to be "commenced or continued" against Mr. Bolden. 2021 IL 125617, ¶¶ 84-87. Specifically, the Illinois Supreme Court explicitly held that the investigative conduct of police investigators can render them liable for malicious prosecution, regardless of the intervening role of a prosecutor in deciding how to pursue charges. *Id.* ¶¶ 82-84. The Illinois Supreme Court reversed the appellate court's holding that a "prosecutor's decision to commence or continue suit breaks the causal chain" between the detectives' flawed investigation and Beaman's wrongful conviction, reasoning instead that although "prosecutors make the final decision to prosecute in every felony case," "liability for malicious prosecution extends to all persons who played a significant role in causing the prosecution of the plaintiff." *Id.* ¶¶ 67, 79, 82. Because "it is customary for prosecutors to defer to the investigative duties of the police … prosecutors are greatly dependent on the detectives assigned to a particular case and must be able to rely on their *fidelity to the objective principles that ought to guide the handling of the investigation*." *Id.* ¶ 83 (emphasis added); *see also id.* ("It is inescapable that the independent judgment of a prosecutor will be colored by the nature of the investigation performed by the

police."). Accordingly, if "an investigative team conducts a bad-faith and incomplete investigation—designed to implicate a particular individual regardless of the evidence—the prosecutor is effectively prevented from fully exercising that independent judgment[,]" and the investigative team can be held liable for commencing or continuing the prosecution of the plaintiff. *Id.* ¶ 84.

The Illinois Supreme Court determined that Beaman presented sufficient evidence to create an issue of fact on the commence-and-continue element of his malicious prosecution claim. *Id.* ¶ 106. In particular, he presented evidence showing "that defendants engaged in a bad-faith investigation that immediately focused on him as the primary suspect, which deliberately limited the scope of the inquiry and disregarded or discounted other suspects and plausible motivations for the crime." *Id.* ¶ 90. Among other things, the defendants (1) "opted not to pursue other avenues of investigation that would have included interviewing" additional witnesses, (2) created a theory of motive and then discounted undisputed evidence that contradicted that motive, (3) did not credit information from a witness that, if true, would have excluded Beaman as a suspect, and (4) discounted the fact that another person was a more viable suspect than Beaman. *Id.* ¶¶ 90-96. Beaman also presented evidence that the defendants concealed exculpatory evidence and provided misleading information to the grand jury and the prosecutor. *Id.* ¶¶ 97-104. The Illinois Supreme Court held that this evidence was sufficient for a reasonable jury to conclude "that defendants deliberately embarked on a bad-faith investigation that was structurally designed and developed to implicate" Beaman. *Id.* ¶¶ 105-06.

This holding directly refutes Defendants' arguments in their motions *in limine* that their investigative conduct—including their destruction of and failure to preserve certain evidence—is irrelevant. Just as in *Beaman*, Defendants' bad-faith investigation caused criminal proceedings to

commence and continue against Mr. Bolden. Just as in *Beaman*, Defendants purposely did not pursue other avenues of investigation, such as leads provided by Cynthia Steward or forensic testing of Clifford Frazier's gun. *See* Dkt. 334 at 9-11, 12-16. Defendants discounted key witnesses providing an alibi for Mr. Bolden and did not conduct any investigation to corroborate (or refute) his alibi. *See* Dkt. 330 at 4-5. They ignored 911 recordings that Mr. Bolden and his attorney told them would exclude Mr. Bolden as a suspect. *See* Dkt. 334 at 11-12. They destroyed witness interview notes that should have been part of the investigative file, thereby narrowing the scope of information available for consideration in the investigation and prosecution. *See* Dkt. 334 at 16-17. They failed to report or inventory a search-and-seizure of Cynthia Steward's home, during which Defendant Oliver took Derrick Frazier's safety deposit key and bank records and other documents. *Id.* at 18. They presented misleading and incomplete evidence to the prosecutor, including withholding key evidence and fabricating witness statements to corroborate Clifford Frazier's identification. *Id.* at 21-24. And worst of all, they engaged in blatantly suggestive and improper conduct to obtain a identification of Mr. Bolden, which they never disclosed to the prosecutor. Dkt. 330 at 9; Dkt. 337 at 1-2. *Beaman* makes clear that the jury must hear this evidence in order to assess whether Defendants "played a significant role in causing the prosecution" of Mr. Bolden.

      **II.**    ***Beaman* Holds That Evidence of Improper Investigation Is Relevant to Establishing the Investigators' Intent.**

The *Beaman* Opinion also reaffirms that Defendants' bad-faith and improper investigation is probative of the "malice" element of Mr. Bolden's malicious prosecution claim, as set forth in prior briefing. *See, e.g.*, Dkt. 330 at 6-7; Dkt. 334 at 3, 5, 7, 10, 20-22; Dkt. 337 at 13. This element requires Mr. Bolden to prove that Defendants acted for "any reason other than to bring the responsible party to justice." *Id.* ¶ 141. In *Beaman*, the court held that Beaman supported this element with evidence that the defendants took actions "inconsistent with a good-faith

5

investigation." *Id.* ¶ 147. In particular, the court noted that the defendants were aware of problems with their case, and that "the decision to go forward carelessly or recklessly with previously commenced proceedings, after receiving notice of a problem, may be inconsistent with good faith and show malice required to support a claim of malicious prosecution." *Id.* ¶ 142. Beaman also presented evidence of the defendants' "premature focus on him as the primary suspect without excluding all other viable suspects," an "unsubstantiated belief" in his guilt, and "manipulation" of evidence, all of which was probative of malice because it indicated that defendants acted to obtain a conviction "without regard to whether the actual perpetrator was being prosecuted." *Id.* ¶ 144.

The same is true here. Defendants proceeded with Mr. Bolden's prosecution despite obvious problems with their case, such as multiple alibi witnesses and Clifford Frazier's unreliable identification. As described above, Defendants intentionally focused on Mr. Bolden to the exclusion of other viable suspects, and refused to pursue additional avenues of investigation once they identified him as their suspect, including failing to review the 911 recordings that Mr. Bolden and his attorney told them would exclude Mr. Bolden as the offender. These facts support a finding that the Defendants conducted their investigation with a motive other than bringing the actual responsible party to justice. *See id.* ¶ 141. Accordingly, this evidence of the Defendants' investigative irregularities is probative of malice, as well as the intent elements of Mr. Bolden's other causes of action.

## CONCLUSION

For these reasons, the *Beaman* Opinion is instructive and dispositive of Defendants' Motions *in Limine* Nos. 4, 7, and 10. Mr. Bolden therefore respectfully requests that this Court take notice of the attached Supplemental Authority in ruling on those Motions.

6

Dated: August 12, 2021 					Respectfully Submitted,

/s/ Ronald S. Safer
Ronald S. Safer
Matthew Crowl
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue
6th Floor
New York, New York 10016
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Plaintiff Eddie L. Bolden*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Eli J. Litoff*
Eli J. Litoff
