**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT OFFICERS' REPLY IN SUPPORT OF THEIR SUPPLEMENT TO MOTION IN LIMINE NUMBER 10 TO BAR THE TESTIMONY OF WILLIAM GAUT**

Defendants James Oliver, Angelo Pesavento, and Edward J. Siwek as Special Representative for the Estate of Edward Siwek ("Defendant Officers"), through their undersigned attorneys, respectfully submit this reply memorandum in support of their supplemental motion *in limine* number 10 (*Docket No. 433*). In support, Defendant Officers state:

**INTRODUCTION**

In Defendant Officers' supplemental motion, numerous arguments were made as to why the Court should bar the testimony and opinions of William Gaut. In his response, Plaintiff mischaracterizes many of the issues raised in Defendant Officers' memorandum and ignores one key argument, which Plaintiff has now waived. For the reasons stated in Defendant Officers' supplemental motion *in limine* (*Docket No. 433*) and those addressed here, this Court should preclude Gaut from testifying and prohibit his opinions from being offered at trial.

**ARGUMENT**

Defendant Officers offered four overarching reasons as to why Gaut's testimony should be barred: (1) Gaut's first opinion is irrelevant as no one has a right to any particular criminal investigation; (2) Gaut's opinions as to police procedures are irrelevant given Plaintiff's sworn

1

testimony; (3) Gaut's opinions constitute nothing more than improper bolstering, attacks on the credibility of another witness, and is based upon unreliable methods; and (4) Gaut offers improper legal conclusions. None of the arguments argued by Plaintiff in his response should persuade the Court to allow Gaut to testify and give his unreliable, irrelevant, and improper opinions.

**I.    Gaut's first opinion should be precluded as Plaintiff has no right to any particular police investigation.**

It is black-letter law that there is no constitutional right to have the police investigate a case at all, much less to any particular level of satisfaction. *See, e.g. DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196 (1989) (holding that the Constitution "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual."); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). Contrary to Plaintiff's suggestion, this fundamental principle has never been limited solely to crime victims. *See Heidelberg v. Manias*, 503 F.Supp.3d 758, 789 (C.D. Ill. Nov. 30, 2020) (stating exoneree had no constitutional right to have police investigate crime for which he was arrested, charged, and convicted to his level of satisfaction). Moreover, Plaintiff fails to identify any legal precedent that would give his assertion any support.

Plaintiff argues Gaut's testimony is admissible because deviations from "generally accepted standards of police practice" is evidence of the Defendant Officers' intent. Dkt. 443 at 3. The standards Gaut relies upon are not Chicago Police Department standards or practices, but rather come from the Commission on Accreditation for Law Enforcement Agencies ("CALEA") and the International Association of Chiefs of Police ("IACP"). Plaintiff's theory for admissibility to show intent fails because Plaintiff has no evidence that the Defendant Officers were aware of, reviewed, or were trained on the policies Gaut opines they breached. Put another way, Plaintiff

cannot prove the Defendant Officers' intent by having Gaut testify they violated policies they did not even know existed. *See U.S. v. Proano*, 912 F.3d 431, 440 (7th Cir. 2019) (stating "only evidence of training that the officer actually received can be relevant to his state of mind") (citing *U.S. v. Trudeau*, 812 F.3d 578, 591-92 (7th Cir. 2016); *U.S. v. Kokenis*, 662 F.3d 919, 930 (7th Cir. 2011).

For the reasons discussed in Defendant Officers' opening memorandum, the Court should preclude the entirety of Gaut's first opinion.

**II.     Gaut's opinion regarding the lineup procedures used should be barred because it is not relevant given Plaintiff's sworn testimony.**

To be admissible, expert testimony must not only be reliable, it must also be relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). As set forth in Defendant Officers' opening memorandum, Plaintiff's sworn testimony is that Clifford Fraizer identified someone other than Plaintiff during the line-up and then started to walk away. An officer then opened the door to the room of the lineup and called out Plaintiff's name. Plaintiff then observed an officer move in front of Frazier, say something, and then Frazier shook his head "no." The officer then directed Frazier back to the window and Frazier shook his head "yes" to identify Plaintiff. *Order on Summary Judgment* (*Docket No. 276*) at 11-12. Based on Plaintiff's own testimony and the claims that he had advanced, any other allegedly improper procedures are irrelevant because the officers told Frazier who to pick and not due to any subliminal, undue suggestion.

To be fair, Gaut's opinion may have been relevant if Plaintiff's claim was that Frazier mistakenly selected Plaintiff during the lineup due to the deviations from certain lineup and photo array procedures. Indeed, such allegations were present in the *Sanders* case cited by Plaintiff. In *Sanders*, the plaintiff alleged that the defendant officers intentionally cropped plaintiff's picture in

3

the photo array and it had a different background from the other included pictures, which led to the witness subsequently identifying the plaintiff during a physical lineup. *See, e.g.*, *Sanders v. City of Chicago Heights*, No. 13 CV 221, 2016 WL 2866097, at *3 (N.D.Ill. May 17, 2016) ("*Sanders I*") (discussing factual background). There were no allegations that the defendant officers directed the witness to identify the plaintiff during either the photo array or the lineup. *See, id.* In other words, the plaintiff's theory of the case was the administration of the photo array and lineup led to the witness unintentionally falsely identifying plaintiff as the offender. To that end, Gaut's opinions were that deviations from the commonly accepted procedure caused the unassuming witness to falsely identify the plaintiff. *Sanders v. City of Chicago Heights*, No. 13 CV 221, 2016 WL 4398011, at *8 (N.D. Ill. Aug. 18, 2016) ("*Sanders II*"). Given the factual record of the case, the court found that Gaut's opinions regarding how the defendant officers deviated from commonly accepted photo array and lineup procedures were relevant to help the jury determine if those deviations caused the witness to falsely identify the plaintiff. *Id.* At *9-10.

But that is not Plaintiff's claim in this case. Here, he asserts that Frazier pointed to one of the lineup fillers and started to walk away. Plaintiff then alleges that one of the Defendant Officers brought Frazier back into the viewing room, stood Frazier directly in front of Plaintiff, said something to Frazier, who then shook he head yes to identify Plaintiff. *Order on Summary Judgment (Dkt. No. 276)* at 11-12. As a consequence, it does not matter if Frazier was shown an outdated photograph of Plaintiff, it does not matter if one of the officers told Frazier they "got the guy," it does not matter if Frazier saw Plaintiff with his attorney prior to the lineup, it does not matter that Frazier was not provided a form indicating the suspect may not be in the lineup, and it does not matter that the fillers were not identical to Plaintiff because those deviations did not lead Frazier to mistakenly identify Plaintiff as the suspect.

"Expert testimony does not assist the trier of fact when the jury is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony." *Matter of the Complaint of Ingram Barge Co.*, No. 13 C 3453, 2016 WL 3763450, at *10 (N. D. Ill. July 14, 2016). That is, an expert must testify to something more than what is obvious to a layperson. *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001). And it is obvious to a layperson that Plaintiff's allegations of Defendant Officers' conduct during the physical lineup – if believed – was improper. To that end, no expert opinion is necessary.

**III.     Gaut should be precluded from testifying that Bolden's assertion that he could see through the one-way mirror is more credible than the testimony of other witnesses.**

In his report, Gaut states that "it is my opinion that Mr. Bolden would have been able to see the silhouettes of individuals in the witness room under the conditions he described." *Dkt. No. 433-1 at 15*. The point of this opinion is to buttress his subsequent opinion that Frazier's "selection" of Plaintiff as the shooter was a "misidentification." *Id.* at 8. As discussed, this opinion should be barred in its entirety.

   **A. Gaut's opinion that Plaintiff was "misidentified" lacks relevancy and is an improper attack on the credibility of Frazier which is reserved for the jury's determination.**

It is well-established that a witness's credibility "is not an appropriate subject matter for expert testimony." *United States v. Welch*, 368 F.3d 970, 975 (7th Cir. 2004); *Goodwin v. MTD Prod., Inc.*, 232 F.3d 600, 609 (7th Cir. 2000) ("credibility questions are within the province of the trier of fact"); *United States v. Hall*, 165 F.3d 1095, 1107 ("[T]he credibility of eyewitness testimony is generally not an appropriate subject matter for expert testimony because it influences a critical function of the jury – determining the credibility of witnesses."). Indeed, statements about a witness's general credibility "will not help the trier of fact to understand the evidence or to determine a fact in issue." *La Playita Cicero, Inc. v. Town of Cicero*, No. 11 CV 1702/5561, 2017

5

WL 1151066, at *9 (N.D.Ill. Mar. 28, 2017) (Lee, J.). Instead, such statements are likely to confuse the jury and cause undue weight to be given to them if they are said by an expert.

Defendant Officers moved to bar Gaut's opinion that the selection of Plaintiff as the shooter by Frazier was a "misidentification" as an improper attack on Frazier's credibility. Plaintiff incredulously claims that this is not Gaut offering an opinion on Frazier's credibility. *Dkt. No. 443* at 8. That is absurd. By characterizing Frazier's identifying of Plaintiff as the shooter as a "misidentification," Gaut is telling the jury that they should not believe Clifford Frazier when he repeatedly testified that Plaintiff was the individual who shot him in 1994. It is a fundamental premise of the trial system that "determining the weight and credibility of witness testimony … belongs to the jury who are presumed to be fitted for it by their natural intelligence and their practical knowledge and the ways of men." *United States v. Scheffer*, 523 U.S. 303, 313 (1998). Gaut's testimony that Frazier's identification was wrong, mistaken, or otherwise not credible is a direct affront to that principle. As such, the Court should bar this testimony.

**B. Gaut's opinion that Plaintiff could observe Frazier through the one-way mirror improperly bolsters Plaintiff's testimony and should be barred.**

In his report, Gaut opines that Plaintiff would have been able to observe the individuals in the witness room through the one-way mirror. *Dkt. No. 433-1* at 14-15. Gaut then goes on to state that the basis of this opinion testing conducted by a third party (Ray Ruebenson) during this litigation. *Id.* These opinions should be barred as an expert improperly bolstering the credibility of another witness is absolutely forbidden. *United States v. Hall*, 165 F.3d 1095, 1107 (7th Cir. 1999) ("[T]he credibility of eyewitness testimony is generally not an appropriate subject matter for expert testimony because it influences a critical function of the jury – determining the credibility of witnesses"). That is because it is the sole responsibility of the jury to determine the weight and credibility that is to be given to witness testimony. *Richman v. Sheahan*, 415 F.Supp.2d 929, 941-

42 (N.D.Ill. 2006).

Plaintiff's response is merely to assert that Gaut's "opinion is that Plaintiff would have been able to see through the one-way mirror 'under the conditions [Plaintiff] described.' Dr. Gaut leaves it to the jury to determine whether Plaintiff's description is credible." *Dkt. No. 443* at pg 10. Despite this assertion, Gaut's opinion that Plaintiff would have been able to observe what he said he saw is improper bolstering. In short, he is opining that Plaintiff should be believed.

**C. Gaut's opinion as to whether Plaintiff would have been able to see through the one-way mirror is not reliable.**

Defendant Officers moved to bar Gaut's opinion as to the specific lighting measures of the lineup room – based on an experiment – as being too unreliable. Plaintiff makes a half-hearted attempt in opposition to Defendant Officers' motion on this issue. Plaintiff limits his discussion of this issue to a footnote where he claims that Gaut "did not rely on" the 2018 inspection of the lineup room or the experiment preformed by Plaintiff's investigator. (Dkt. No. 443 at 8 fn. 4.) The failure to fully respond to an argument, results in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). This is also true when the argument is limited to a footnote. *See, e.g.*, *Olivas v. Berryhill*, 2018 WL 6604250, at \* n.6 ("in fact, arguments made in passing in footnotes are waived.") (citing *Long v. Teachers' Retirement Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009)).

Even if not waived, the Court should not be persuaded to permit any evidence of this "experiment." Plaintiff's assertion that Gaut did not rely upon the 2018 inspection or experience is simply inaccurate. Gaut specifically stated in his report that in reaching his opinion he "considered information provided to me by my investigator…" and then described the experiment and its results. Dkt. 433-1 at 15. Gaut concluded by stating, "information provided by fellow investigators…is regularly relied upon by experts in my field." *Id*. Accordingly, for the reasons

7

discussed in Defendant Officers' motion *in limine* number 10 (*Dkt. No. 433*), the Court should bar any opinion by Gaut as to whether Plaintiff would have been able to see through the one-way mirror. The Court should also bar any mention of any "experiment" conducted by Plaintiff or his legal team in September 2018.

**IV. Gaut should be precluded from offering any legal conclusion that Plaintiff's rights were violated.**

As a general rule, an expert cannot offer legal opinions or conclusions. *See Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013); *Client Funding Solutions Corp. v. Crim*, 943 F.Supp.2d 849, 863 (N.D.Ill. 2013) ("Opinions that amount to legal conclusions do not assist the trier of fact."). Defendant Officers moved to prohibit Gaut from testifying as to two conclusions he made as part of his opinions: (1) that the improper homicide investigation led to Plaintiff's misidentification and conviction and (2) bar any discussion of whether an action was "material." *Dkt. No. 433* at pg 13. Both are legal conclusions that are prohibited.

As to the first opinion, it is the jury who must determine whether Plaintiff was correctly identified by Frazier as the shooter or whether Plaintiff was wrongfully convicted as a result of police misconduct. Gaut's very first opinion is on the ultimate issue of the case – he asserts that a failure to conduct a proper homicide investigation resulted in "the misidentification and ultimate conviction of [Plaintiff]." *Dkt. 433-1* at 8. That opinion is a textbook example of one of the opinions precluded by Rule 704 which "prohibit[s] experts from offering opinions about legal issues that will determine the outcome of a case." *Roundy's Inc. v. N.I.R.B.*, 674 F.3d 638, 648 (7th Cir. 2012); *see also King v. Kramer*, 763 F.3d 635, 646 (7th Cir. 2014). Contrary to Plaintiff's argument, this opinion is not merely Gaut putting forth applicable standards and then opining that those standards were not followed by the Defendant Officers: he is directly stating that, in his

8

opinion, Plaintiff was misidentified and wrongfully convicted due to Defendant Officers' alleged misconduct. Rule 704 clearly prohibits such testimony.

Second, should the Court permit Gaut to offer any testimony on any subjects, it should be limited to only describing the professional standards and bar him from characterizing the actions as "material." *See Jiminez*, 732 F.3d at 721 (an expert's opinion can be "limited to describing sound professional standards and identifying departures from them."). In response, Plaintiff argues that Gaut's use of the term "material" is not to address or imply exculpatory value, but that Gaut merely uses it in a colloquial manner. This argument, however, is completely belied by Gaut's report. The portions of his report in which he addresses "material evidence" are when Gaut is discussing law enforcement requirements under *Brady*, thus attaching a legal meaning the phrase. *Dkt. No. 433-1* at 17.

Plaintiff then offers to have Gaut refer to the evidence using different terminology, such as "important" or "consequential." This too should be prohibited. It is up to the jury to determine what weight to give to the evidence, *see* 7th Circuit Pattern Jury Instructions Civil 1.12, 1.13, and it is not for an expert to tell the jury which evidence is "material," important, or consequential. "[A]n expert witness may not usurp the jury's function to weigh evidence and make credibility determinations." *Davis v. Duran*, 277 F.R.D. 362, 370 (N.D.Ill. 2011) (quoting *United States v. Farrell*, 563 F.3d 364, 377 (8th Cir. 2009)). Gaut's labeling of certain evidence "material" or otherwise important to the exclusion of other evidence is not a permissible expert opinion. *Id.* To that end, the Court should not permit Gaut to offer any testimony as to the materiality, importance, or consequence of any particular evidence or testimony or to inform the jury to assign any amount of weight or credibility to any particular evidence.

9

## **CONCLUSION**

For the reasons discussed above, the Court should limit the expert opinion of William Gaut to only issues relevant to the litigation as it stands now. All other opinions, credibility determinations, and legal conclusions Gaut offers throughout his report should be barred in their entirety.

Respectfully submitted,

/s/ *Barrett Boudreaux*
Special Assistant Corporation Counsel
*Attorneys for Defendant Officers*

Andrew M. Hale
Barrett Boudreaux
William Bazarek
Amy A. Hijjawi
Brian J. Stefanich
Hale & Monico, LLC
53 W. Jackson, Suite 337
Chicago, IL 60604

**Certificate of Service**

I, the undersigned attorney, certify that this was filed using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

/s/ *Barrett Boudreaux*
Special Assistant Corporation Counsel
*Attorneys for Defendant Officers*
