**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM INTRODUCING
FBI DOCUMENTS AND REPORTS AS TRIAL EXHIBITS**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully requests an Order *in limine* precluding Defendants from introducing FBI documents and reports as trial exhibits, including Defendants' Exhibits 85 and 85A.

**BACKGROUND**

During discovery, hundreds of pages of heavily redacted FBI documents were produced relating to the FBI's investigation of Anthony Williams' drug dealing activities ("FBI Documents"). Plaintiff intends to introduce into evidence only one document from the FBI's production: a ***Chicago Police Department ("CPD") report*** that was in the possession of the FBI (the "Willis report"). The Willis report will be introduced for the limited purpose of showing that it contained information favorable to Mr. Bolden that Defendants Oliver and Siwek deliberately suppressed. *See* Summary Judgment Order, Dkt. 276, at 37-38 (holding that "[t]he Willis report was favorable to Bolden" and "[a] reasonable jury could conclude that Officer Oliver and Detective Siwek suppressed Clifford's statements in the Willis report"). Oliver and Siwek's deliberate suppression of the Willis report is probative of whether they acted with malice, whether their conduct was extreme and outrageous and intended to inflict emotional distress on Mr. Bolden,

whether they had probable cause to arrest Mr. Bolden, and whether Mr. Bolden is entitled to punitive damages. *See* Dkt. 334 at 6-8. Mr. Bolden will not introduce a single **FBI report** into evidence.[1]

Defendants, in contrast, have identified as trial exhibits over 500 pages of heavily redacted, nearly incomprehensible FBI Documents, not to refresh a witness's recollection—indeed, they have not identified any witness who authored these documents or otherwise possesses any personal knowledge about their contents—but as substantive evidence. The admission of these documents would be improper. This Court should issue an order *in limine* barring the FBI Documents from being introduced as trial exhibits because they are irrelevant, confusing, and unfairly prejudicial. Moreover, as out-of-court statements introduced for the truth of the matter asserted, the FBI Documents should also be excluded as inadmissible hearsay.

**ARGUMENT**

## I. The FBI Documents Are Irrelevant and Unfairly Prejudicial.

The FBI Documents should be excluded *in limine* because they have no relevance to the material facts at issue in this case. Rule 401 defines relevant evidence as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" where "the fact is of consequence in determining the action." Fed. R. Evid. 401; *United States v. Rogers*, 587 F.3d 816, 821 (7th Cir. 2009) ("Relevance, in short, is necessary, but not sufficient, for admissibility"). Defendants have not and cannot advance any legitimate purpose for the FBI Documents at trial. That the FBI was investigating Anthony Williams' drug activity, and the

---

[1] Former FBI Special Agent Dale Tipton is expected to testify that Defendant Siwek provided the Willis Report to him. Mr. Bolden has marked Tipton's affidavit, to which an FBI report is attached, for identification purposes only. It would only be used, if necessary, to refresh Tipton's recollection. It would not be shown to the jury.

2

information that the FBI may have learned during *its* investigation, do not make any fact of consequence more or less probable in this case, which is about ***Defendants'*** alleged bad-faith conduct during ***their*** investigation of the murders of Derrick Frazier and Ledell Clayton. While a handful of the 500-plus pages Defendants seek to admit reference the Frazier/Clayton murders (and it is only a handful), that alone does not establish relevance. Again, the information that the FBI knew or had developed about those murders has no bearing on Defendants' knowledge or intent, or any of their conduct with respect to Mr. Bolden's claims. Defendants should not be permitted to distract the jury from their assigned task—assessing ***Defendants'*** conduct—by creating a sideshow about what an entirely separate law enforcement agency was doing.[2]

Furthermore, even if there was some conceivable relevance to these documents, Rule 403 plainly requires their exclusion. Rule 403 requires Defendants to show that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Due to their heavy redactions, the FBI Documents are largely incomprehensible and have no apparent probative value. They invite the jury to fill the voids with rank speculation. The FBI redacted nearly all substantive information in the documents, including names, aliases, descriptions, addresses, and statements. For example:

---

[2] In this respect, the FBI documents differ materially from the CPD reports that will be properly admitted during trial. Unlike the FBI Documents, the CPD reports were part of the Defendants' investigative files and/or Defendants created them, reviewed them, or had access to them as part of their investigation. The CPD documents are therefore relevant to the jury's assessment of Defendants' knowledge and intent, as well as their determination of probable cause.



Ex. 1 at EB0017593. Allowing Defendants to present the FBI Documents as trial exhibits would undoubtedly confuse the jury as to the documents' purpose and why they are so heavily redacted. *See, e.g.*, *United States v. Moreno*, 727 F.3d 255, 263 (3d Cir. 2013) ("[T]he documents would have had to be heavily redacted if they were presented to the jury, which would cause juror confusion."); *United States v. White*, 2013 WL 12092306, at \*7 (S.D.W.Va. Oct. 24, 2013) ("Because they had been heavily redacted, the records also had serious potential to confuse."). The admission of the FBI documents would also prompt the jury to engage in impermissible speculation about what information might be underneath the redactions. This creates an unacceptable risk that jurors might decide the case based on speculation and conjecture rather than admissible evidence. *See, e.g.*, *United States v. Peterson*, 140 F.3d 819, 821 (9th Cir. 1998) (recognizing that "an obvious deletion may call the jurors' attention specifically to the removed name and encourage speculation about the reference"); *United States v. Payne*, 923 F.2d 595, 597 (8th Cir. 1991) (finding district court erroneously admitted redacted statement where "the jury was [improperly] invited to speculate as to the identity of the 'someone' in the redacted statement"); *Leaf v. Cottey*, 2005 WL 8167496, at \*3 (S.D. Ind. July 28, 2005) (observing that "numerous redactions … may only heighten the jury's tendency to fill the missing gaps with unwarranted references").

The documents' probative value is even further reduced because Defendants also have not

included on their witness list any individual claiming to have personal knowledge of the FBI Documents' contents who could competently testify about the contents of the documents in compliance with Federal Rule of Evidence 602. Defendants cannot be allowed to invite baseless speculation that, underneath the copious redactions, the documents say something incriminatory about Mr. Bolden. Significantly, Defendants intend to defend this case in large part by positing that Mr. Bolden was guilty of the crimes for which he was incarcerated (and thus suffered no damages from Defendants' misconduct). It would be extremely prejudicial to Mr. Bolden if Defendants were allowed to place these indecipherable documents before the jury and suggest, without any factual basis or supporting testimony, that the FBI had found evidence of Mr. Bolden's guilt. *See, e.g.*, *Kirouac v. Donahoe*, 2013 WL 5952055, at *7 (D. Maine Nov. 6, 2013) (granting motion *in limine* to preclude defendant from offering heavily redacted report because it would "obscur[e]" the basis of the author's conclusions from the jury "thus possibly conferring unwarranted authority on them.").

Under the balancing test required by Rule 403, the heavily redacted nature of the FBI Documents, combined with the total lack of any explanatory witness testimony, eliminates (or at least significantly reduces) their probative value. This extremely low probative value is easily outweighed by the prejudice to Mr. Bolden, should the jury speculate that the FBI's investigation implicated Mr. Bolden. *See, e.g.*, *Doe v. Hotchkiss Sch.*, 2020 WL 4271781, at *9 n.4 (D. Conn. July 24, 2020) (declining to consider evidence "whose probative value, to the extent relevant at all to this inquiry, is outweighed by their heavily redacted nature"); *Low v. Trump Univ., LLC*, 2016 WL 6647793, at *6 (N.D. Cal. Nov. 10, 2016) (precluding evidence because it "is heavily redacted and does not qualify for a hearsay exception, and that its probative value is substantially outweighed by the danger of unfair prejudice").

**II.        The FBI Documents Are Inadmissible Hearsay.**

In addition to relevance and Rule 403 problems, the FBI Documents should be excluded as inadmissible hearsay under Federal Rule of Evidence 802. The FBI documents do not "contain mere factual information which is allowed under Fed. R. Evid. 803(8)(b)." *Vasquez v. Hernandez*, 1994 WL 201092, at \*1 (N.D. Ill. May 18, 1994). Rather, "the FBI reports contain statements made by others and then related to the FBI Special Agent." *Id.* It is well-established that when FBI reports of this type are offered as evidence, "hearsay complications arise," and the documents should not be admitted. *Id.* (refusing to admit third-party hearsay statements contained in FBI reports); *see also Engel v. Buchan*, 2015 WL 13877893, at \*2 (N.D. Ill. July 31, 2015) (granting plaintiff's motion *in limine* where information in FBI report was "inadmissible hearsay and also irrelevant," as well as "enormously unfairly prejudicial and therefore inadmissible under Rule 403 even if relevant"); *Brickhouse v. Redstone*, 2014 WL 1453650, at \*4 (S.D. Ill. Apr. 14, 2014) (granting plaintiff's motion *in limine* to exclude FBI investigation report as "impermissible hearsay").

As one example, Defendants list as their Trial Exhibit 85A three FBI Documents from February 1994. All three documents are compilations of third-party statements, not factual information. *See* Exhibit 1, attached hereto.[3] The first document summarizes the discussion at a January 31, 1994 meeting between an ***unknown*** Assistant United States Attorney, an ***unknown*** CPD Gang Specialist, and an ***unknown*** FBI Special Agent. *See id.* at EB0017572 ("Re January 31, 1994, meeting between AUSA [redacted] Gang Specialist [redacted], and SA [redacted].").

---

[3] Exhibit 85A appears to be a subset of Defendants' proposed Exhibit 85, which contains nearly 500 pages of heavily redacted FBI Documents. Mr. Bolden will not burden the Court by going through the 500 documents in detail, but they all generally suffer from the same, or worse, infirmities.

The second document compiles a series of statements made by an ***unknown*** "Source" to an FBI Special Agent over the course of several days. *Id.* at EB0017579–EB0017584 (reporting information provided by the "Source" to the "SA" on February 1, 5, and 7, 1994). The third document compiles statements made by an ***unknown*** "Source" to an FBI Special Agent on February 8, 1994, and summarizes a meeting on February 17, 1994, at which the "Source reviewed a number of photographs and provided … information" to various law enforcement officers. *See id.* at EB0017592 (compilation of statements made by unidentified "Source" to "SA [redacted]") and summarizing meeting between "Source" and "SSA [redacted], SA [redacted], GCS [redacted], and Sergeant [redacted]" on February 17, 1994). These third-party out-of-court statements plainly constitute inadmissible hearsay and should be excluded.

Rather than identifying as trial witnesses any individuals with personal knowledge of the FBI Documents, Defendants intend to call a records custodian for the FBI Documents to establish authenticity under Rule 901 or perhaps invoke the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6), 901. But the mere fact that the FBI Documents were "made in the course of regular [FBI] activities would not alone make [them] admissible." *Shea v. Fairman*, 1991 WL 160332, at *2 (N.D. Ill. Aug. 19, 1991). For each report included within the FBI Documents, Defendants "must lay a proper foundation establishing that the report, and the sources of information contained within the report, exhibit the necessary indicia of accuracy and reliability." *Id.* at *3.

Here, it is clear at the outset that Defendants will be unable to do so. The FBI Documents include "information culled from unidentified sources," *id.*, including "third parties who themselves have no public duty to report," *Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) ("[T]he presumption of reliability that serves as the premise for the public-records exception does

not attach to third parties who themselves have no public duty to report."); *United States v. Mackey*, 117 F.3d 24, 28 (1st Cir. 1997) (excluding FBI report summarizing witness interview because "hearsay statements by third persons such as [the witness] are not admissible under [the business records] exception merely because they appear within public records"); *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994) ("While a court may presume that a ***preparer of a report***, under a duty to relate information, will perform the task required and formulate justified conclusions and reasonable opinions based on evidence ***actually observed by the preparer***, no such presumption arises when the preparer relies on potentially untrustworthy hearsay evidence from another individual under no duty to provide unbiased information.") (emphasis added); *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991) ("[S]tatements made by third persons under no business duty to report may not [be admitted for the truth of the matter asserted].."); *Shea*, 1991 WL 160332, at *3 ("Where, for example, an investigative report of a prison officer is based upon or includes statements from prison inmates, the resulting report may not come within the business record exception; while the prison officer qualifies as acting within the regular course of business, the informant does not."). Therefore, regardless of whether they constitute a legitimate business or public record, the FBI Documents must be excluded as inadmissible hearsay.

Finally, Defendants cannot overcome their hearsay problem by offering the FBI Documents for their effect on the reader rather than truth. Unlike the CPD reports, which reflect Defendants' knowledge during the investigation and contextualize their conduct, there is no factual basis for Defendants to claim that they ever read the FBI Documents as part of their investigation. Not a single one of the FBI Documents were provided to the CPD. None of the Defendants' files contained any of the FBI documents. In the thousands of pages that the City of Chicago produced from the CPD files in this litigation, there was not a single FBI Document

8

contained in the production. Nor was a single FBI report produced by the CPD or the State during Mr. Bolden's criminal proceedings. Thus, effect on the reader cannot be a valid basis to admit the FBI Documents.

Ultimately, the FBI Documents serve only a single, improper purpose: inviting the jury to speculate that Mr. Bolden's name appears underneath the redactions, and thus, Mr. Bolden must have been working with Anthony Williams and involved in the murders. An order *in limine* is warranted to prevent this undue prejudice to Mr. Bolden.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to enter an Order granting his motion *in limine*.

Dated: September 7, 2021

Respectfully Submitted,

*/s/ Ronald S. Safer*
Ronald S. Safer
Matthew Crowl
Eli J. Litoff
Valerie Brummel
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
elitoff@rshc-law.com
vbrummel@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue
6th Floor
New York, New York 10016
(212) 660-1000
smusumeci@rshc-law.com

9

Case: 1:17-cv-00417 Document #: 451 Filed: 09/07/21 Page 10 of 11 PageID #:11304

*Attorneys for Plaintiff Eddie L. Bolden*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valerie Brummel*
Valerie Brummel