**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] FINAL PRETRIAL ORDER

This Order shall control the course of the trial and may not be amended except by consent of the Parties or by order of the Court to prevent manifest injustice.

1

**TRIAL ATTORNEYS**

| For Plaintiff Eddie L. Bolden | | |
|---|---|---|
| *Trial Attorneys* | Ronald S. Safer<br>312-471-8736<br>rsafer@rshc-law.com | Matthew C. Crowl<br>312-471-8720<br>mcrowl@rshc-law.com |
| | Sandra L. Musumeci<br>212-660-1032<br>smusumeci@rshc-law.com | Eli J. Litoff<br>312-471-8701<br>elitoff@rshc-law.com |
| | Valerie H. Brummel<br>734-773-4920<br>vbrummel@rshc-law.com | |
| | RILEY SAFER HOLMES & CANCILA<br>70 W. Madison Street, Suite 2900<br>Chicago, Illinois 60602<br>Tel.: 312-471-8700<br>Fax: 312-471-8701 | |
| *Other persons who may be sitting at counsel table* | Eddie L. Bolden (Plaintiff)<br>Art Mitzel (Paralegal)<br>Jim Hoy (Technical Assistant) | |
| For Defendants Angelo Pesavento, James Oliver, Estate of George Karl, and Estate of Edward Siwek | | |
| *Trial Attorneys* | Andy Hale<br>andy@halemonico.com | Amy Hijjawi<br>ahijjawi@halemonico.com |
| | Barrett Boudreaux<br>bboudreaux@halemonico.com | William E. Bazarek<br>web@halemonico.com |
| | Brian Stefanich<br>bstefanich@halemonico.com | |
| | HALE & MONICO<br>53 W. Jackson Boulevard, Suite 330<br>Chicago, Illinois 60604<br>Tel.: 312-341-9646 | |
| *Other persons who may be sitting at counsel table* | Angelo Pesavento (Defendant)<br>James Oliver (Defendant)<br>Special Representative of the Estate of Edward Siwek (Defendant)<br>Lohith Ramanujam (Legal Assistant) | |

## <u>JURISDICTION</u>

This is an action for damages brought pursuant to 42 U.S.C § 1983 to redress the deprivation under color of law of Plaintiff Eddie L. Bolden's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331. The jurisdiction of this Court over Plaintiff's supplemental state law claims is invoked pursuant to 28 U.S.C. § 1367. Jurisdiction is not disputed.

## **TYPE AND LENGTH OF TRIAL**

The jury trial of this case is expected to last three weeks.

## STATEMENT OF THE CASE

The Plaintiff, Mr. Eddie L. Bolden, has brought this lawsuit against [the City of Chicago and][1] former Chicago Police Department officers Angelo Pesavento, James Oliver, George Karl, and Edward Siwek ("Defendant Officers"). Defendants George Karl and Edward Siwek are deceased so their estates are now defendants in this lawsuit. On January 29, 1994, a shooting took place on the south side of Chicago in which two men were killed and a third man was injured. Mr. Bolden was arrested by the Chicago Police Department and charged with the double homicide and attempted murder in connection with these shootings.

In October 1996, Mr. Bolden was convicted of these crimes. In 1996 the Illinois Appellate Court affirmed his conviction. In 2001 the Illinois Supreme Court affirmed his conviction.

In 2016, after the Illinois Appellate Court ordered an evidentiary hearing in Mr. Bolden's case, the Circuit Court of Cook County vacated Mr. Bolden's convictions. The court later dismissed all charges against him and he was released from prison. [Later that year, the court granted Mr. Bolden a Certificate of Innocence][2].

Mr. Bolden's lawsuit alleges that he is entitled to damages because he was wrongfully convicted and incarcerated due to the Defendant Officers' misconduct. The Defendants maintain that the Defendant Officers did not commit any misconduct and did not cause Mr. Bolden to suffer any harm.

---

[1] The Parties agree that the bracketed language is subject to the Court's ruling on Defendant Officers' Motion *in Limine* No. 2 (Dkt. 309), and the City of Chicago's Motion *in Limine* No. 1 (Dkt. 425).

[2] The Parties agree that the bracketed language is subject to the Court's ruling on Defendant Officers' Motion *in Limine* No. 8 (ECF Nos. 315, 319).

Mr. Bolden's Complaint contains [nine/seven][3] Counts, each of which seeks damages based on the Defendant Officers' conduct. Four Counts allege that the Defendant Officers violated Mr. Bolden's constitutional rights, three Counts allege that the Defendant Officers violated Illinois law[, and two counts allege that the City of Chicago is liable for the Defendant Officers' conduct under Illinois law][4]. The Defendants maintain that they did not violate Mr. Bolden's constitutional rights or Illinois law, and that Mr. Bolden is not entitled to damages on any of the nine counts.

---

[3] Same as footnote 1.

[4] Same as footnote 1.

## **AGREED PROPOSED VOIR DIRE MATERIALS**

1. Agreed Proposed Juror Questionnaire

2. Agreed Proposed Questions To Be Asked Orally

3. Plaintiff's Proposed Additional Questions

4. Defendants' Proposed Additional Questions

## AGREED PROPOSED JUROR QUESTIONNAIRE

1. Full Name and Date of Birth: _____

2. Cities or suburbs where you have lived for the last ten years:

    _____

3. Do you own your home or rent it? _____

4. Level of education/degrees: _____

5. Your occupation, name of your employer, and number of years employed there (if retired, please describe your last employment):

    _____

6. What other jobs have you had during your working life?

    _____

7. If you are married, describe your spouse's occupation, employer, and number of years (if spouse is retired, describe past employment):

    _____

8. Employment information concerning others who live with you (for example, parents, roommates, any grown children):

    _____

9. Have you or any of your close friends or family members been employed in a law enforcement or a security-related job? If yes, identify the individual(s) and the position(s) held:

    _____

    _____

10. Have you or any of your close friends or family members been arrested or convicted for an offense other than a traffic offense? If yes, please describe the incident:

    _____

    _____

11. Have you or any of your close friends or family members ever been the subject of a criminal investigation? If yes, please explain briefly:

_____

_____

12. Do you read the news or watch any news shows on the television or internet? Which ones?

_____

13. Do you have any legal training or experience? Are any of your close friends or family members attorneys or judges? If the answer to either of these questions is yes, please explain briefly:

_____

_____

14. Have you or any of your close friends or family members ever been involved in a lawsuit as a party or a witness? If so, please describe briefly:

_____

_____

15. Have you ever served on a jury before? If so, state where and when, and whether the jury deliberated and reached a verdict.

_____

16. Do you hold any religious, philosophical, moral, or other beliefs that would make it difficult for you to sit in judgment of another person?

_____

_____

17. Is there anything else that might make it difficult for you to be fair to either the Plaintiff or the Defendants in this case? If so, please explain.

_____

_____

## <u>AGREED PROPOSED QUESTIONS TO BE ASKED ORALLY</u>

1.  Do you watch any television programs? If so, what are the programs and why do you watch them?

2.  Have you ever served in the military?

3.  Have you, a family member, or close friend ever received any training in journalism, worked in the field of journalism, or wanted to work in the field of journalism?

4.  Have you, or anyone close to you (including friends and neighbors), ever been employed by the City of Chicago or the Chicago Police Department? If so, who and for how long?

5.  Do you have any strong positive or negative feelings about the Chicago Police Department or law enforcement officers in general?

6.  Do you have any strong positive or negative opinions of the "Black Lives Matter" movement? What about the "Blue Lives Matter" movement?

7.  Do you think the way the Chicago Police Department is covered in the local media (TV, news, newspaper, internet, etc.) is biased in favor of the police, against the police, or neutral?

8.  What experiences, good or bad, have you or members of your family had with law enforcement officers?

9.  Would you be more or less likely to believe the testimony of a law enforcement officer, compared to the testimony of another witness who is not a law enforcement officer? If so, why?

10. Do you think that citizens who believe they have been treated illegally or unfairly by a law enforcement officer should be allowed to bring a lawsuit against that officer or the police department?

11. Do you believe there are too many lawsuits filed against law enforcement officers?

12. Do you believe damages awarded by juries these days are excessive?

13. Are you in favor of limiting the amount of money a plaintiff can be awarded in a lawsuit?

14. Do you believe that people often fake or exaggerate their claimed damages in lawsuits?

15. Have you ever reported a crime to the police? If so, how do you feel about the way the police handled the investigation?

16. Have you, a family member, or close friend ever filed or made a formal or informal complaint against a law enforcement officer or law enforcement agency?

17. Have you or someone close to you been a victim of violence? If so, please explain.

18.     Do you believe the criminal justice system lets too many guilty people go free?

19.     If you have heard anything about this case before today, have you formed opinions about it? What are they and why do you have them? Do you believe you could set your opinions aside and decide this case based solely on the evidence presented in court?

20.     At the end of the case, I will instruct you on the law that you are to apply in reaching your decision. Will you be able to follow the law I give you even if you personally disagree with it?

21.     If you concluded after hearing this case and the Court's instructions that the evidence justified compensatory damages, would you have any philosophical issues or concerns with awarding those damages to compensate for emotional distress injuries?

22.     Is there anything about this case that you have heard so far that would make you not want to serve as a juror in this case?

The Parties propose the following additional questions only if Plaintiff's Motion *in Limine*

No. 2 to Bar Reference to Plaintiff's Prior Gang Affiliation and Drug Activity is denied:

23.     Have you or someone close to you ever been affected by gang activity? If so, please explain.

24.     Based on anything you have heard or your own experiences, would it be hard for you to be fair and impartial toward Mr. Bolden because of his past gang membership many years ago?

25.     Have you or someone close to you ever been affected by drugs? If so, please explain.

26.     Based on anything you have heard or your own experiences, would it be hard for you to be fair and impartial toward Mr. Bolden because of his prior involvement in some drug sales many years ago?

## <u>PLAINTIFF'S PROPOSED ADDITIONAL QUESTIONS</u>

Plaintiff proposes the following questions only if his Motion *in Limine* No. 1 to Bar References to Prior Criminal History is denied:

1.     Would you be less likely to believe the testimony of Mr. Bolden because he previously spent time in prison for another crime before the events of this case occurred?

**<u>Defendants' Objection:</u>** Juror will have no context for what is being asked here and therefore it is confusing and indoctrinating.

2.     Based on anything you have heard or your own experiences, would it be hard for you to be fair and impartial toward Mr. Bolden because he pled guilty to another crime years before the events of this case occurred?

**<u>Defendants' Objection:</u>** Juror will have no context for what is being asked here and therefore it is confusing and indoctrinating.

3.     If you determine that Mr. Bolden is entitled to damages for being *wrongfully* incarcerated in this case, do you believe you could fairly award damages even though Mr. Bolden had previously been *rightfully* incarcerated for the other crime?

**<u>Defendants' Objection:</u>** Juror will have no context for what is being asked here and therefore it is confusing and indoctrinating.

4.     If the Court instructs you that you are not allowed to consider Mr. Bolden's prior conviction as evidence that he committed the crimes at issue in *this* case, would you be able to follow that instruction?

**<u>Defendants' Objection:</u>** Juror will have no context for what is being asked here and therefore it is confusing and indoctrinating.

12

## DEFENDANTS' PROPOSED ADDITIONAL QUESTIONS

1. Are you familiar with the area around 64th Street and Cottage Grove in Chicago, IL? How?

**Plaintiff's Objection:** This question disproportionately targets jurors from certain geographic locations and is more likely to result in the exclusion of jurors who are familiar with the south side of Chicago.

2. Do you have any opinions about that area? What are they and why do you have them?

**Plaintiff's Objection:** Same as above.

3. Do you believe that you belong to a segment of the population that tends to be treated unfairly by the police?

**Plaintiff's Objection:** This question disproportionately targets jurors from minority communities, prejudicing Plaintiff by excluding members of his race from the jury pool in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).

4. Have you followed any particular news stories involving allegations against the Chicago Police Department or its officers, or any other police department and its officers?

**Plaintiff's Objection:** This question is overly broad in that it is not limited to news stories about this case, which are already covered by agreed question number 9. Accordingly, this question is not designed to identify any bias or prejudice related to this case.

5. Do you believe that just because an individual's criminal conviction was overturned and they were granted a new trial, that means that the individual is innocent of the crime or the crimes that they were charged with?

**Plaintiff's Objection:** This question is unfairly one-sided in favor of Defendants. If a question of this type were to be included, it should also include the inverse proposition, i.e. "Do you believe that just because an individual was convicted, that means that the individual is guilty of the crime or the crimes that they were charged with?" Plaintiff further objects that this question is factually inaccurate: the evidence will show not "just" that Plaintiff's criminal conviction was overturned and he was granted a new trial, but also that he demonstrated his innocence at a hearing before the Honorable LeRoy K. Martin, Presiding Judge of the Criminal Division, who issued Mr. Bolden a Certificate of Innocence finding him "innocent of the offenses charged in the indictment."

6. In a civil case like this, it is the Plaintiff who has the burden of proving his case. If the Plaintiff fails to prove all the elements for his claim or claims, will you be able to enter a verdict against the Plaintiff and in favor of the Defendants on that claim or claims?

**Plaintiff's Objection:** This question is unfairly one-sided in favor of Defendants. Plaintiff consents to this proposed question if its inverse is also asked at the same time, i.e., "If Plaintiff succeeds in proving all the elements of his claim or claims, will you be able to enter a verdict in favor of the Plaintiff and against the Defendants on that claim or claims?"

## **RELIEF SOUGHT**

Plaintiff seeks compensatory damages for physical, emotional, and psychological injuries and pain and suffering, in an amount to be determined by the jury.

Plaintiff also seeks punitive damages from Defendants Angelo Pesavento and James Oliver, in an amount to be determined by the jury.

## WITNESSES

### *Plaintiff's Witness List*

Plaintiff, Eddie L. Bolden, by and through the undersigned attorneys, respectfully submits the following list of witness to be called in Plaintiff's case-in-chief.

At this time, Plaintiff has not listed under the "Deposition Designation or Other Prior Testimony" category out-of-jurisdiction witnesses that he anticipates will be available for trial. Plaintiff reserves the right to designate additional testimony should any witnesses be unavailable for trial.

Plaintiff reserves the right to call additional witnesses during the trial of this case, including rebuttal witnesses, if appropriate. Plaintiff further reserves the right to call additional witnesses for impeachment purposes.

| Plaintiff Will Call | Brief Description of Role | Defendants' Objection (if any) |
|---|---|---|
| James Beligratis | Felony Review Attorney who approved charges against Plaintiff | |
| Eddie Bolden | Plaintiff | subject to MIL 8 |
| Tenesha Gatson | Employee of J&J Fish | |
| Dr. William T. Gaut | Plaintiff's expert witness | MILs 4, 7, 9, and 10 |
| Harlan Hansbrough | Officer who recovered weapon on night of incident | No objection to recovery of the gun but anything beyond that Defs. object subject to MILs 4, 7, 9, and 10 |
| Todd Henderson | Customer at J&J Fish on night of incident | |
| James Hickey | City of Chicago 30(b)(6) witness | MILs 4, 9, and 10 |
| Charles Ingles | Attorney who represented Plaintiff during lineup | Subject to MIL 5 |
| Ricquia LaNore | Plaintiff's sister | |
| Brenda Lee | Plaintiff's aunt | |
| Dr. Geoffrey Loftus | Plaintiff's expert witness | Subject to MILs 7, 13 |
| Patrick Loftus | City of Chicago 30(b)(6) witness | MILs 4, 9, and 10 |
| Steve Maris | City of Chicago 30(b)(6) witness | MILs 4, 9, and 10 |
| James Oliver | Defendant | MILs 4, 7, 9, 10 and 12 |

| | | |
|---|---|---|
| Angelo Pesavento | Defendant | 4, 7, 9 and 10 |
| Lynda Peters | Assistant State's Attorney at 1996 trial | |
| Thomas Sadler | City of Chicago 30(b)(6) witness and fact witness regarding 911 records | No objection to his fact witness testimony but anything beyond that Defs. object subject to MILs 4, 7, 9, and 10 |
| Edna Williams | Owner of J&J Fish | Subject to MIL 6 |
| **Plaintiff May Call** | **Brief Description of Role** | **Defendants' Objection (if any)** |
| Talmay Anderson | Defendant Oliver's partner | Subject to MILs 4, 7, 9 and 10 |
| Michael Baker | Detective who interviewed Clifford Frazier | Subject to MILs 4, 7, 9 and 10 |
| Charles Baylom | Officer who recovered weapon on night of incident | No objection to recovery of the gun but anything beyond that Defs. object subject to MILs 4, 7, 9, and 10 |
| Kevin Foster | Public Defender who represented Plaintiff at 1996 trial | |
| Clifford Frazier | Witness who identified Plaintiff as assailant | Subject to MILs 1, 4, 7, and 10 |
| Vondell Goins | Customer at J&J Fish on night of incident | |
| David Hodapp | Interviewed Maurice Stewart | Defendants are not in possession of this interview |
| Octavia Jackson | Customer at J&J Fish on night of incident | |
| Joseph Keating | City of Chicago 30(b)(6) witness | Defs. Objection MILs 4, 9, and 10 |
| Kevin Noonan | ASA who had communications with Clifford Frazier | Subject to MIL 4 and 10 |
| Raymond Ruebenson | Took photos and light measurements at Area 2 | MIL 10 |
| William Sheehan | Plaintiff's Investigator | |
| Cynthia Steward | Fiancée of victim who interacted with police during investigation | Subject to MILs 4, 7, 9 and 10 |
| Terry Sumpter | Officer who was on scene at J&J Fish | Subject to MILs 4, 7, 9 and 10 |
| Raphael Taylor | Recipient of threat and other statements by Roderick Stewart | |
| Dale Tipton | F.B.I. Agent who received information from Detective Siwek | Subject to MIL 4 and Mot. To Re-open Discovery |

| Records Custodian for Cook County Public Defender's Office | (see first column) | |
| Records Custodian for Cook County State's Attorney's Office | (see first column) | |
| **Deposition Designation or Other Prior Testimony** | **Brief Description of Role** | **Defendants' Objection (if any)** |
| Dachae Blanton | City of Chicago 30(b)(6) Witness | MILs 4, 9, and 10 |
| Jacob Jachna | Evidence Technician who took lineup photos | |
| George Karl | Defendant | MILs 4, 7, 9 and 10 |
| Joseph Perfetti | City of Chicago 30(b)(6) witness | MILs 4, 9, and 10 |
| Edward Siwek | Defendant | MILs 4, 7, 9, and 10 |
| Barbara Temple | Officer who was on scene at J&J Fish | MILs 4, 7, 9, and 10 |
| James Williams | Owner of J&J Fish | Subject to MIL 6 |
| Lee Williams | Witness at Minerva scene | |
| Maurice Willis | Officer who recovered weapon and made arrests on night of incident | No objection to recovery of the gun but anything beyond that Defs. object subject to MILs 4, 7, 9, and 10 |

### *Defendants' Witness List*

Defendants reserve the right to call any witness on Plaintiff's Witness List.

| **Defendants Will Call** | **Brief Description of Role** | **Plaintiff's Objection (if any)** |
| --- | --- | --- |
| Clifford Frazier | Civilian who identified Bolden | |
| Cynthia Steward | Girlfriend of Ledell Clayton | Plaintiff objects to any testimony barred by the Court's ruling on his Motion *in Limine* Nos. 1 (Dkt. 277), 2 (Dkt. 295),[5] and 5 (Dkt. 298). |
| Angelo Pesavento | Defendant Officer | |
| James Oliver | Defendant Officer | Plaintiff objects to any testimony barred by the Court's ruling on his Motion *in Limine* No. 4 (Dkt. 297). |

[5] Plaintiff further objects to any other witness's testimony to the extent barred by his Motions *in Limine* Nos. 1 (Dkt. 277) and 2 (Dkt. 295).

| James Beligratis | State's Attorney | |
|---|---|---|
| Linda Walls | Former Prosecutor | Plaintiff objects to any testimony barred by the Court's ruling on his Motion *in Limine* No. 9 (Dkt. 302). |
| Kevin Foster | Bolden's Criminal Defense Attorney | Plaintiff objects to any testimony barred by the Court's ruling on his Motion *in Limine* No. 8 (Dkt. 300). |
| Eddie Bolden | Plaintiff | Plaintiff objects to any testimony barred by the Court's ruling on his Motions *in Limine* No. 3 (Dkt. 296), 6 (Dkt. 299), 8 (Dkt. 300), and 11 (Dkt. 304). |
| **Defendants May Call** | **Brief Description of Role** | **Plaintiff's Objection (if any)** |
| Jeffrey Ferguson | Civilian Witness | |
| James Ferguson | Civilian Witness | |
| Roderick Stewart | Civilian Witness | |
| Lynda Peters | Former Prosecutor | Plaintiff objects to any testimony barred by the Court's ruling on his Motion *in Limine* No. 3 (Dkt. 296). |
| Michael Rowan | Officer | |
| Garrick Harvey | Officer | |
| Maurice Stewart | Civilian Witness | |
| Judge Neera Walsh | Judge | |
| Nathan Silas | Officer | |
| Harlan Hansbrough | Officer | |
| Terry Sumpter | Officer | |
| Dale Tipton | FBI Agent | |
| Michael Baker | Officer | |
| Louis Williams | Civilian Witness | |
| Barbara Temple | Officer | |
| Record Keeper for FBI Documents | (see first column) | |
| Record Keepers to authenticate and lay evidentiary foundation for Defendants' trial exhibits | (see first column) | |
| Record Keeper for Cook County State's Attorney's Office | (see first column) | |

| Record Keeper for Cook County Public Defender's Office | (see first column) | |
|---|---|---|
| **Deposition Designation or Other Prior Testimony** | **Brief Description of Role** | **Plaintiff's Objection (if any)** |
| George Karl | Defendant Officer (deceased) | |
| Joseph Barnes | Officer (deceased) | |
| Richard Chenow (testimonial stipulation) | Crime Lab (deceased) | |
| Lee Williams | Civilian Witness (deceased) | |
| Ed Siwek | Defendant Officer (deceased) | |
| Dr. Michelle Holevar (testimonial stipulation) | Medical Doctor | Plaintiff will agree to a factual stipulation that Clifford Frazier was shot in the leg and back on the night of January 29, 1994, rendering Dr. Holevar's testimony and testimonial stipulation unnecessary. To the extent Defendants insist on Dr. Holevar's testimonial stipulation, Plaintiff objects that Defendants did not timely disclose Dr. Holevar as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i). Plaintiff would be prejudiced by this testimony. Finally, to the extent the Court overrules Plaintiff's failure-to-disclosure objections, on information and belief, this witness is not unavailable and should be called to testify live at trial. |

| Nancy Jones | Medical Examiner (deceased) | Plaintiff first objects that Ms. Jones's testimony an improper substitute for the factual testimony of another witness, Dr. Kirschner. Defendants have not represented or demonstrated that Dr. Kirschner is unavailable to testify live at trial. To the extent that the Court permits Ms. Jones to testify in lieu of Dr. Kirschner, Plaintiff objects that Defendants did not timely disclose Ms. Jones as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i). Moreover, the proposed testimony consists of expert opinion testimony, which was not timely disclosed as required by Federal Rule of Civil Procedure 26(a)(2)(D)(i), and Ms. Jones has not been qualified as an expert witness under the Federal Rules. Plaintiff would be prejudiced by this testimony. |
| --- | --- | --- |

| John Naujokas | Crime Lab | Plaintiff objects that Defendants did not timely disclose Mr. Naujokas as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i). Moreover, the proposed testimony consists of expert opinion testimony, which was not timely disclosed as required by Federal Rule of Civil Procedure 26(a)(2)(D)(i), and Mr. Naujokas has not been qualified as an expert witness under the Federal Rules. Plaintiff would be prejudiced by this testimony. Finally, to the extent the Court overrules Plaintiff's other objections, on information and belief, this witness is not unavailable and should be called to testify live at trial. |
| Frank Gurtowski | Crime Lab | Plaintiff objects that Defendants did not timely disclose Mr. Gurtowski as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i). Moreover, the proposed testimony consists of expert opinion testimony, which was not timely disclosed as required by Federal Rule of Civil Procedure 26(a)(2)(D)(i), and Mr. Gurtowski has not been qualified as an expert witness under the Federal Rules. Plaintiff would be prejudiced by this testimony. Finally, to the extent the Court overrules Plaintiff's other objections, on information and belief, this witness is not unavailable and should be called to testify live at trial. |

| Thomas Ginnelly | Crime Lab | Plaintiff objects that Defendants did not timely disclose Mr. Ginnelly as required by Federal Rule of Civil Procedure 26(a)(1)(A)(i). Moreover, the proposed testimony consists of expert opinion testimony, which was not timely disclosed as required by Federal Rule of Civil Procedure 26(a)(2)(D)(i), and Mr. Ginnelly has not been qualified as an expert witness under the Federal Rules. Plaintiff would be prejudiced by this testimony. Finally, to the extent the Court overrules Plaintiff's other objections, on information and belief, this witness is not unavailable and should be called to testify live at trial. |
| Robert McLin | Crime Lab | Defendants represented during the meet-and-confer process that they no longer intend to call Mr. McLin as a witness. |
| Charles Baylom | Officer | On information and belief, this witness is not unavailable and should be called to testify live at trial. |
| Jacob Jachna | Officer | |
| Talmay Anderson | Officer | |
| Maurice Willis | Officer | |
| Thomas Sadler | Officer | On information and belief, this witness is not unavailable and should be called to testify live at trial. |

## **DEPOSITIONS**

The parties' designations, objections, and counter-designations of testimony from depositions and other transcribed proceedings are attached as Exhibit 1 to this Proposed Final Pretrial Order. The transcripts of the depositions and other transcribed proceedings have been concurrently filed with this Proposed Final Pretrial Order, per the instructions in Section 7(b) of the Court's Standing Order on Preparation of Final Pretrial Order for Civil Cases.

<u>STATEMENT OF EXPERT WITNESS QUALIFICATIONS</u>

**Plaintiff's Expert Witness Dr. William T. Gaut – Police Practices**

Dr. Gaut has investigated hundreds of felony and misdemeanor offenses and charges of police misconduct in the area of investigative practices and made constitutionally valid arrests. His prior experience includes nearly twenty-five (25) years of employment with a major municipal police department, serving in every capacity from Corrections Officer and Uniformed Patrol Officer to command-level supervisor, and three (3) years as District Attorney's Director of Special Services, a sworn Alabama State Police Officer. Dr. Gaut has performed the duties of a uniformed patrol officer, a certified police academy instructor, a Homicide Detective and Detective Sergeant, Lieutenant assigned to the Chief's Administrative Staff, and Police Captain.

Dr. Gaut has an Associate Degree in Criminal Justice, a Bachelor's Degree in Criminal Justice, a Master's Degree in Public and Private Management (MPA/MBA), and a Ph.D. in Criminal Justice. Since retiring as a police officer, Dr. Gaut has maintained his knowledge of constitutional principles through continuing education, through graduate coursework in pursuing his master and doctoral degrees, through his association with the Commission on Accreditation for Law Enforcement Agencies (CALEA), through regular studies of International Association of Chiefs of Police Training Keys and Model Policies, through regular reading of peer reviewed articles written for the National Sheriffs Association, through regular reading of Lexis-Nexis publications, through review of VerdictSearch archives, and through his work as a police practices expert. Since 2011, Dr. Gaut has served and testified as an expert witness and consultant regarding the discipline of police practices and procedures in over fifty cases, both state and federal, including in the United States District Court for the Northern District of Illinois.

**Plaintiff's Expert Witness Dr. Geoffrey Loftus – Eyewitness Perception and Memory**

Dr. Loftus is an Emeritus Professor of Psychology at the University of Washington in Seattle, where has taught since 1972. His area of expertise (which spans nearly 50 years) is human perception and memory. Dr. Loftus's doctoral dissertation concerned human ability to recall and recognize pictures from memory, and he has since conducted multiple studies in the field of human perception and scientific methodology.

Dr. Loftus has both a Bachelor's Degree and a Ph.D. in Experimental Psychology. He has authored dozens of books, articles, and other publications on eyewitness perception and memory, including "What Can We Learn About Real-Life Lineups from Experiments that use Real-Life Lineups?" (*Law & Human Behavior*) and "What can a perception-memory expert tell a jury?" (*Psychonomic Bulletin Review*). Over the past 35 years, Dr. Loftus has been qualified and testified at trial as an expert in perception and memory in approximately 450 cases, spanning superior courts in 55 counties across 15 states in the United States, federal district courts in 10 cities, including the United States District Court for the Northern District of Illinois, the U.S. Military Court abroad, and in Canadian court.

## **<u>EXHIBITS</u>**

The following materials related to Trial Exhibits are attached as exhibits to this Proposed

Final Pretrial Order:

| Exhibit No. | Description |
|---|---|
| 2 | Joint Trial Exhibit List (with the parties' objections and responses to admissibility) |
| 3 | Plaintiff's Trial Exhibit List (with Defendants' objections and responses) |
| 4 | Defendants' Trial Exhibit List (with Plaintiff's objections and responses) |

## <u>UNDISPUTED FACTS AND EVIDENTIARY STIPULATIONS</u>

The Parties have agreed to the following stipulations of fact:

1.      During the murder investigation of Derrick Frazier and Ledell Clayton and the investigation into the attempted murder of Clifford Frazer, Angelo Pesavento, George Karl, Edward Siwek, and James Oliver were duly sworn members of the Chicago Police Department and acting under color of law and within the course and scope of their employment.

2.      Detective George Karl died before this lawsuit was filed and Detective Siwek died during the pendency of this lawsuit.  Their estates are now defendants in this lawsuit.

## PROPOSED JURY INSTRUCTIONS

The following materials related to Jury Instructions are attached as exhibits to this Proposed

Final Pretrial Order:

| Exhibit No. | Description |
|:---:|:---|
| 5 | Parties' Proposed Agreed Jury Instructions |
| 6 | Parties' Proposed Agreed Jury Instructions with redline displaying changes to the Seventh Circuit Pattern Civil Jury Instructions |
| 7 | Plaintiff's Proposed Jury Instructions (with Defendants' objections) |
| 8 | Plaintiff's Proposed Jury Instructions with redline displaying changes to the Seventh Circuit Pattern Civil Jury Instructions |
| 9 | Defendants' Proposed Jury Instructions (with Plaintiff's objections) |
| 10 | Defendants' Proposed Jury Instructions with redline displaying changes to the Seventh Circuit Pattern Civil Jury Instructions |

## PROPOSED VERDICT FORM

The Parties hereby submit the following Proposed Agreed Verdict Form, subject two outstanding disputes.

First, the Parties agree that Sections VIII and IX are subject to the Court's ruling on Defendant Officers' Motion *in Limine* No. 2 (Dkt. 309), and the City of Chicago's Motion *in Limine* No. 1 (Dkt. 425).

Second, the Parties dispute whether the bracketed language ("Unduly Suggestive Identification Claim") should be included in the title of the First Claim:

> **Plaintiff's Position:** Plaintiff objects to the bracketed language. The claim is already defined by the jury instructions, which should be the jurors' sole source for the description of the claim. There is no need to further characterize the nature of the claim in the verdict form and doing so will potentially confuse the jury.

> **Defendants' Position:** The bracketed language is necessary to protect against juror confusion. Plaintiff is attempting to elicit evidence regarding the destruction of certain evidence, failure to turn over to the defense *Brady* material, and failing to properly investigate the shootings. The jury could mistakenly view these topics as evidence relevant to whether Plaintiff received a fair trial even though the Court ruled Plaintiff could not make out a due process claim based on this evidence. By keeping the bracketed language, the jury will be reminded that they are to consider evidence regarding the identification procedures, not other evidence which Plaintiff contends is relevant only to other claims.

We, the jury, find as follows:

**I.**     **First Claim: Violation of Constitutional Right to a Fair Trial [Unduly Suggestive Identification Claim]**

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: |  |  |
| Angelo Pesavento | _____ | _____ |
| James Oliver | _____ | _____ |
| Estate of Edward Siwek | _____ | _____ |
| Estate of George Karl | _____ | _____ |

**II.**     **Second Claim: Pretrial Detention without Probable Cause**

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: |  |  |
| Angelo Pesavento | _____ | _____ |
| James Oliver | _____ | _____ |
| Estate of Edward Siwek | _____ | _____ |
| Estate of George Karl | _____ | _____ |

**III.**     **Third Claim: Failure of Bystander Officer to Intervene**

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: |  |  |
| Angelo Pesavento | _____ | _____ |
| James Oliver | _____ | _____ |
| Estate of Edward Siwek | _____ | _____ |
| Estate of George Karl | _____ | _____ |

### IV. Fourth Claim: Conspiracy to Violate Constitutional Rights

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: |  |  |
| Angelo Pesavento | _____ | _____ |
| James Oliver | _____ | _____ |
| Estate of Edward Siwek | _____ | _____ |
| Estate of George Karl | _____ | _____ |

### V. Fifth Claim: Malicious Prosecution

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: |  |  |
| Angelo Pesavento | _____ | _____ |
| James Oliver | _____ | _____ |
| Estate of Edward Siwek | _____ | _____ |
| Estate of George Karl | _____ | _____ |

### VI. Sixth Claim: Intentional Infliction of Emotional Distress

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: |  |  |
| Angelo Pesavento | _____ | _____ |
| James Oliver | _____ | _____ |
| Estate of Edward Siwek | _____ | _____ |
| Estate of George Karl | _____ | _____ |

### VII.    Seventh Claim: Civil Conspiracy

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: | | |
| Angelo Pesavento | _____ | _____ |
| James Oliver | _____ | _____ |
| Estate of Edward Siwek | _____ | _____ |
| Estate of George Karl | _____ | _____ |

### VIII.    Eighth Claim: Vicarious Liability

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: | | |
| City of Chicago | _____ | _____ |

### IX.    Ninth Claim: Indemnification

(For each, check one and only one of the two choices, *i.e.*, for Plaintiff or for Defendant.)

|  | For Plaintiff | For Defendant |
|---|---|---|
| As to: | | |
| City of Chicago | _____ | _____ |

## X. __Compensatory Damages__

(To be considered only if you have found in favor of Plaintiff on one or more of his claims against one or more of the Defendants.)

We, the jury, award the Plaintiff, Eddie L. Bolden, compensatory damages in the amount of $\rule{3cm}{0.4pt}$.

## XI. __Punitive Damages__

(To be considered, but not required, for each particular Defendant only if you have found in favor of Plaintiff against that Defendant on one or more of Plaintiff's claims.)

We, the jury, award the Plaintiff, Eddie L. Bolden, punitive damages against Angelo Pesavento in the amount of $\rule{3cm}{0.4pt}$.

We, the jury, award the Plaintiff, Eddie L. Bolden, punitive damages against James Oliver in the amount of $\rule{3cm}{0.4pt}$.


_____     _____

*Presiding Juror*

_____     _____


_____     _____


_____     _____


_____     _____


_____     _____


Date: _____

## DISCOVERY

At the time of the filing of this Proposed Final Pretrial Order, all discovery is complete, including the depositions of expert witnesses.

Dated: September 7, 2021                           Respectfully Submitted,

/s/ Andy Hale (with permission)                    /s/ Ronald S. Safer
Andy Hale                                          Ronald S. Safer
Amy Hijjawei                                       Matthew Crowl
Barrett Boudreaux                                  Eli J. Litoff
William E. Bazarek                                 Valerie Brummel
Brian Stefanich                                    RILEY SAFER HOLMES & CANCILA LLP
HALE & MONICO                                      70 W. Madison Street, Suite 2900
53 W. Jackson Boulevard, Suite 330                 Chicago, Illinois 60602
Chicago, Illinois 60604                            (312) 471-8700
(312) 341-9646                                     rsafer@rshc-law.com
andy@halemonico.com                                mcrowl@rshc-law.com
ahijjawi@halemonico.com                            elitoff@rshc-law.com
bboudreaux@halemonico.com                          vbrummel@rshc-law.com
web@halemonico.com
bstefanich@halemonico.com
                                                   Sandra L. Musumeci (*pro hac vice*)
*Attorneys for Defendants Angelo Pesavento,*       RILEY SAFER HOLMES & CANCILA LLP
*James Oliver, Estate of George Karl, and*         136 Madison Avenue
*Estate of Edward Siwek*                           6th Floor
                                                   New York, New York 10016
                                                   (212) 660-1000
                                                   smusumeci@rshc-law.com

                                                   *Attorneys for Plaintiff Eddie L. Bolden*

34

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 7, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valerie Brummel*  
Valerie Brummel
