**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THE PARTIES' PROPOSED DESIGNATION OF PRIOR TESTIMONY,
WITH OBJECTIONS, ASSERTED BASES OF ADMISSIBILITY,
AND PROPOSED COUNTER-DESIGNATIONS**

The Parties hereby provide the Court with a list, by page and line, of the prior testimony of certain witnesses that each side seeks to present at trial, objections (with a concise explanation of the basis) to certain proposed designated testimony, short statements of the asserted bases of admissibility of the offering party, and proposed counter-designations (with objections, where relevant).

The Parties reserve their rights to modify and/or revise designations of prior testimony based on the Court's rulings on motions *in limine* and further order of Court.

Transcripts of contested testimony is also being furnished under a separate docket entry, in accord with the Court's instructions.

1

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| Talmay Anderson | Defendants | **Dep.**<br>10:3-13:9<br>15:1-9, 14-16<br>16:18-21<br>17:24-18:2<br>20:6-24<br>21:20-22:4<br>22:16-20<br>24:19-22<br>25:15-23<br>26:7-13<br>31:17-24<br>33:6-13<br>33:21-34:10<br>40:1-12<br>47:12-18<br>50:10-14<br>50:21-51:5<br>53:2-10<br>54:8-19<br>54:23-55:6<br>55:12-55:22<br>64:15-65:3<br>70:2-4<br>73:13-23<br>76:9-17<br>78:10-13<br>78:20-24<br>79:18-80:1<br>80:11-22<br>88:14-89:22 | **Dep.**<br>• 40:1-12 - Relevance<br><br>• 50:10-14 - Relevance<br><br>• 53:2-10 - Subject of Pl's MIL #4, Relevance, Competence, R. 403<br><br>• 64:15-65:3 - Subject of Pl's MIL #4, Relevance, Competence, R. 403, | **Dep.**<br>• 40:1-12 - Rebuts unrelated allegations of misconduct directed against Defendant Oliver<br><br>• 50:10-14 - Relevant to Plaintiff's claims of Fourth amendment pretrial detention, malicious prosecution, conspiracy, and other claims and allegations contained in Plaintiff's complaint, also relevant to probable cause<br><br>• 53:2-10 - 50:10-14 - Relevant to Plaintiff's claims of Fourth amendment pretrial detention, malicious prosecution, conspiracy, and other claims and allegations contained in Plaintiff's complaint, also relevant to probable cause<br><br>• 64:15-65:3 - Relevant to Plaintiff's due process claim and other claims and allegations contained in | **Dep.**<br>• 21:1-6<br>• 24:2-4<br>• 25:6-14<br>• 32:1-2<br>• 33:16-20<br>• 36:20-37:1<br>• 37:22-38:6, 14-19<br>• 45:17-19<br>• 52:1-53:1 (**only** if 53:2-10 comes in)<br>• 65:4-6 (**only** if 64:15-65:3 comes in)<br>• 70:22-24 (**only** if 70:2-4 comes in)<br>• 71:3-23<br>• 83:11-18 |

| | | | Speculative (based on 65:4-6) | Plaintiff's complaint. Also relevant to rebut assertions of Defendant Oliver's personal involvement in the lineup | |
|---|---|---|---|---|---|
| | | | • 70:2-4 – Relevance, Competence, Incomplete/Misleading (without 70:22-24) | • 70:2-4 – Relevant to Plaintiff's Due process claim, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause | |
| | | | • 78:20-24 - Relevance, Competence, R.403, Improper Opinion | • 78:20-24 - Relevant to all of Plaintiff's claims and other allegations contained in Plaintiff's complaint and further rebuts allegations of misconduct against Defendant Officers | |
| Joseph Barnes | Defendants | **Supp. Hrg.**<br>16:2-17:12<br>17:14-18:14<br>18:19-19:4<br>19:14-21<br>20:7-9<br>20:13-23:2 | **Supp. Hrg.**<br>• 17:7-12 – Relevance, R. 403, Improper bolstering | **Supp. Hrg.**<br>• 17:7-12 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the | **Supp. Hrg.**<br>• 15:17-18<br>• 20:1-4<br><br>**Dep.**<br>• 34:10-13<br>• 38:12-14 |

3

| | | | | | |
|---|---|---|---|---|---|
| | | **Dep.**<br>5:12-17<br>14:5-16:11<br>19:22-20:3<br>21:13-22:19<br>23:21-24:6<br>24:23-25:5<br>25:18-28:12<br>30:3-5<br>30:15-32:23<br>33:14-34:9<br>34:14-35:11<br>35:21-36:11, 16-19<br>37:6-16<br>37:22-38:10<br>38:16-39:22<br>40:11-20<br>41:3-42:4<br>42:23-45:8<br>45:18-46:13<br>47:1-4<br>47:8-48:2<br>49:11-19<br>50:2-16<br>50:24-51:5<br>51:14-23<br>52:21-53:12<br>54:15-55:2<br>55:23-57:4<br>57:8-58:1<br>58:17-61:15<br>62:13-63:15 | | police investigation and testimony is not improper bolstering. | • 45:18-21<br>• 46:14-47:7<br>• 50:18-22 (***only*** if 50:2-16 comes in)<br>• 51:6-13 (***only*** if 50:24-51:5 comes in)<br>• 55:14-18<br>• 57:5-7<br>• 61:16-62:11<br>• 67:17-67:19<br>• 69:9-12<br>• 79:1-13 |
| | | | • 21:18-22 – Relevance, R. 403 | • 21:18-22 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation and testimony is not unduly prejudicial. | |
| | | | • 22:14-16 – Relevance, Competence, Speculative | • 22:14-16 Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 and answer is not speculative | |
| | | | **Dep.**<br>• 26:8-21 – Relevance, R.403 | **Dep.**<br>• 26:8-21 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and | |

| | | 65:8-21 67:4-69:8 69:13-70:19 71:1-16 74:15-75:9 75:19-76:23 77:4-77:21 97:23-98:23 101:16-102:23 105:4-106:7 106:18-109:20 112:24-113:21 115:22-116:10 117:6-118:1 118:9-21 120:2-10 156:9-157:13 160:5-10 | | allegations contained in Plaintiff's complaint and circumstances of the police investigation | |
|---|---|---|---|---|---|
| | | | • 30:3-5 – Relevance, Competence | • 30:3-5 – Relevant to witness knowledge and circumstances of the police investigation | |
| | | | • 37:22-38:10 – Relevance, Competence | • 37:22-38:10 – Relevant to witness knowledge of Plaintiff and circumstances of police investigation and | |
| | | | • 49:11-19 – Relevance, Competence | • 49:11-19 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation. Competent under Fed. R. Evid. 601 | |
| | | | • 50:2-16 – Relevance, Competence | • 50:2-16 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and | |

| | | | | circumstances of the police investigation. Competent under Fed. R. Evid. 601 | |
|---|---|---|---|---|---|
| | | | • 50:24-51:5 - Relevance, Competence | • 50:24-51:5 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and the circumstances of the police investigation. Competent under Fed. R. Evid. 601 | |
| | | | • 51:14-23 - Hearsay, Relevance, R. 403 | • 51:14-23 - 37:22-38:10 – Relevant to knowledge of Plaintiff and circumstances of the police investigation and not offered for the truth of the matter asserted and subject to Rule 803 exception | |
| | | | • 57:13-15 - Relevance, Competence | • 57:13-15 - Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the | |

| | | | | police investigation. Competent under Fed. R. Evid. 601 | |
|---|---|---|---|---|---|
| | | | • 69:13-70:19 – Relevance | • 69:13-70:19 –Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and Plaintiff's criminal defense attorney presence at police facility | |
| | | | • 101:16-102:23 - Relevance, Competence, Improper opinion | • 101:16-102:23 - Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation. Competent under Fed. R. Evid. 601 | |
| | | | • 105:4-106:7 - Relevance | • 105:4-106:7 - Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation. | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 106:18-109:20 – Relevance, R. 403 | • 106:18-109:20 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation. | |
| | | | • 112:24-113:21 – Relevance, R. 403 | • 112:24-113:21 - Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations contained in Plaintiff's complaint and background on police investigations. | |
| | | | • 115:22-116:10 - Relevance | • 115:22-116:10 - Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations contained in Plaintiff's complaint and background on police investigations. | |
| | | | • 117:6-118:1 – Relevance, Non-responsive, Argumentative | • 117:6-118:1 – Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations | |

| | | | | contained in Plaintiff's complaint and background on police investigations | |
|---|---|---|---|---|---|
| | | | • 118:9-21 - Relevance | • 118:9-21 - Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations contained in Plaintiff's complaint and background on police investigations. | |
| | | | • 120:2-10 – Relevance, Improper opinion | • 120:2-10 - Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations contained in Plaintiff's complaint and general background on reporting requirements. | |
| | | | • 156:9-157:13 – Form of questions | 156:9-157:13 – Nothing improper about the form of the question | |
| Charles Baylom | Defendants | **Trial**<br>3:16-17<br>3:20-4:1<br>4:6-8<br>4:17-5:1 | **As to all testimony:**<br>• Objection to designation - Is witness unavailable? | **As to all testimony:**<br>• Witness provided testimony at Plaintiff's criminal trial. All of witness-designated | **Trial**<br>• 10:5-11 |

| | | | | | |
|---|---|---|---|---|---|
| | | 5:6-14<br>5:19-9:14<br>10:18-12:16<br>14:4-4<br>14:9-12 | | testimony was known and heard by Plaintiff during criminal trial. | **Dep.**<br>• 16:17-19<br>• 24:2-11<br>• 24:24-25:6<br>• 28:16-22<br>• 29:4-9<br>• 29:22-30:16<br>• 30:23-31:10 |
| | | | **Trial:**<br>• 10:22-11:1 – Competence, Speculation | **Trial:**<br>• 10:22-11:1 – Witness is Competent under Fed. R. Evid. 601 and answer is not speculative | |
| Dachae Blanton | Plaintiff | **Dep.**<br>4:7-5:8<br>11:20-12:3<br>16:18-17:1<br>17:13-19:15<br>30:23-31:13<br>31:19-32:12<br>32:17-19<br>35:23-36:9<br>38:4-39:11<br>41:3-22<br>42:3-43:4<br>45:20-24<br>46:3-17<br>47:11-14<br>58:17-22<br>58:1-59:3<br>60:6-61:1<br>62:4-63:4<br>64:4-14<br>64:24-66:4<br>68:2-16 | • This witness should be barred entirely pursuant to Defs' MILs regarding the investigation 4 (re SJ ruling), 7 (re police investigations), 9 (re police internal rules and regs) and 10 (re Gaut) and MILs pertaining to the City of Chicago as a defendant for trial<br>• Defs' counter-designations are made only in the event that those motions are denied | • Admissible for reasons set forth in Pl's Opp. to Defs' MIL #4, 7, 9, and 10.<br>• Admissible for reasons set forth in Pl's Opp. to Defs' MILs pertaining to the City of Chicago as a defendant for trial | **Dep.**<br>• 23:7-23<br>• 25:3-22<br>• 25:23-26:9<br>• 26:24-28:3 – Relevance, R. 403<br>• 36:10-22 – R. 403<br>• 61:2-12 – Competence, Speculative, Lack of personal knowledge<br>• 63:5-23 – Competence, Speculative, Hearsay<br>• 66:5-17 - Relevance<br>• 67:5-14<br>• 89:22- 24 - Speculative<br>• 90:9-13 – Relevance, R. 403 |
| | | | • 30:23-31:13; 31:19-32:12 – Defs' MIL # 9 (re CPD rules and regs) | • Admissible for reasons set forth in Pl's Opp. to Defs' MIL # 9. | |
| | | | • 81:16-82:10 - Hearsay | • Not offered for truth of matter asserted; just | |

| | | | | | |
|---|---|---|---|---|---|
| | | 73:10-74:2<br>74:9-21<br>75:8-12<br>75:18-76:1<br>76:10-17<br>77:4-79:22<br>81:10-83:10<br>86:1-13<br>86:16-19<br>87:5-7<br>87:19-88:2<br>88:7-14<br>88:21-89:20<br>90:2-8<br>91:7-15<br>94:16-95:4<br>99:12-20<br>100:1-22<br>102:8-103:3<br>103:17-104:7<br>104:16-105:4 | • pp. 99-105 - Hearsay | explaining terms on form and process of using form.<br><br>• Public/Business record; course of investigation; offered to explain terms on form and process of using form. | • 90:18-91:5 – Competence, Speculative, Lack of foundation<br>• 91:17-92:16 – Relevance, Speculative, Lack of foundation<br>• 94:12-15 – Relevance<br>• 98:6-13 - Relevance |
| Richard Chenow | Plaintiff and Defendants | Agreed Testimonial Stipulation | n/a | n/a | n/a |

| Thomas Ginnelly | Defendants | **Trial**<br>104:9-108:16<br>109:4-21<br>110:7-13<br>110:18-111:4<br>111:20-112:15<br>112:20-114:8 | **As to all testimony:**<br>• Objection to designation - Is witness unavailable?<br>• Witness not previously disclosed under R. 26<br>• Witness not previously disclosed as expert under R.26(a)(2)(D)<br>• Witness not qualified as expert | **As to all testimony:**<br>• Witness provided testimony at Plaintiff's criminal trial. All of witness-designated testimony was known and heard by Plaintiff during criminal trial. Transcript from Plaintiff's criminal trial was identified and disclosed in Defendants Rule 26 disclosures.<br>• Testimony is factual forensic evidence and witness is not required to be designated as an expert under Rule 26(a)(2)(D). | |
| | | | **Trial:**<br>• 106:24-107:2, 7-21 - Improper expert opinion | **Trial:**<br>• 106:24-107:2, 7-21 – Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |
| | | | • 108:6-16 - Improper expert opinion | • 108:6-16 – Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |

| | | | 110:7-13 - Improper expert opinion | 110:7-13 – Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | None |
|---|---|---|---|---|---|
| Frank Gurtowski | Defendants | **Trial** 45:9-47:2 47:8-14 47:19-48:10 48:13-17 48:24-49:5 52:3-15 52:22-3 54:6-13 56:14-57:19 | **As to all testimony:** <br> • Objection to designation - Is witness unavailable? <br> • Witness not previously disclosed under R. 26 <br> • Witness not previously disclosed as expert under R.26(a)(2)(D) <br> • Witness not qualified as expert | **As to all testimony:** <br> • Witness provided testimony at Plaintiff's criminal trial. All of witness-designated testimony was known and heard by Plaintiff during criminal trial. Transcript from Plaintiff's criminal trial was identified and disclosed in Defendants Rule 26 disclosures. Testimony is factual forensic evidence and witness is not required to be designated as an expert under Rule 26(a)(2)(D). | None |
| | | | **Trial:** <br> • 47:8-14 - Improper expert opinion | **Trial:** <br> • 47:8-14 - Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 56:22-57:2 - Improper expert opinion | • 56:22-57:2 - Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |
| | | | • 57:10-19 - Improper expert opinion | • 57:10-19 - Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |
| Michelle Holevar | Defendants | **Trial (Stip.)** 217:15-219:2 | **As to all testimony:** <br> • Objection to designation - Is witness unavailable? <br> • Witness not previously disclosed under R. 26 <br> • Relevance | **As to all testimony:** <br> • Plaintiff stipulated to witness testimony at his criminal trial and stipulation is contained in the criminal trial transcript. Transcript from Plaintiff's criminal trial identified and disclosed in Defendants Rule 26 disclosures. Designated testimony is relevant and corroborates medical evidence in the case. | None |

| | | | **Trial:** | **Trial:** | |
|---|---|---|---|---|---|
| | | | • 218:24-219:2 – Extraneous language, non-testimonial, Improper bolstering | • 218:24-219:2 - testimony is fact specific, narrowly focused and does not contain improper bolstering of evidence in the case | |
| Jacob Jachna | Plaintiff | **Dep.**<br>5:13-14<br>9:23-10-:2<br>10:9-11<br>11:16-23<br>12:3-5<br>14:10-19, 23<br>38:22-39:7<br>40:25-41:5<br>47:21-49:1<br>49:4-6<br>49:16-23<br>61:10-62:14 | None | n/a | **Dep.**<br>• 5:18-19<br>• 10:12-14<br>• 12:14-19 - Relevance<br>• 12:23-25<br>• 13:25-14:9<br>• 15:16-16:5<br>• 17:8-10 – Completeness (should go to 17:11)<br>• 17:8-21 - Relevance<br>• 18:12-20<br>• 19:2-4<br>• 19:9-12<br>• 19:20-24 - Relevance<br>• 20:4-7 - Relevance<br>• 23:8-12 - Relevance, Competence<br>• 23:22-24 - Relevance, Competence<br>• 24:16-20<br>• 25:7-9 - Relevance |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | • 25:11-22 - Relevance, R.403<br>• 31:10-12 – Relevance, Competence<br>• 31:19-21 – Relevance, Competence<br>• 32:6-9<br>• 32:14 - 33:4<br>• 33:16 - 34:9 - Completeness (should go to 34:11)<br>• 34:11-15<br>• 35:8-9<br>• 35:15 - 36:6<br>• 39:9-20 – Relevance, Competence<br>• 39:25 - 40:3<br>• 40:6-10<br>• 40:15-24 – Relevance, Competence, R. 403<br>• 43:11-15<br>• 45:8-13<br>• 47:12-14<br>• 47:20<br>• 49:24 - 50:3<br>• 51:19-23 – Completeness (should start at 51:18) |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | • 52:2-3<br>• 52:7-10<br>• 52:16-18<br>• 52:21-25<br>• 53:13-18<br>• 54:22 - 55:2<br>• 55:14-20 - Relevance<br>• 58:5-6 – Relevance, Completeness (should go to 58:7)<br>• 63:2-5 |
| Nancy Jones | Defendants | **Trial**<br>115:11-12<br>115:15-119:9<br>119:21-124:22<br>125:9-126:9<br>130:4-135:10 | **As to all testimony:**<br>• Objection to designation - Is the actual fact witness (Dr. Kirschner) unavailable?<br>• Witness not previously disclosed under R. 26<br>• Witness not previously disclosed as expert under R.26(a)(2)(D)<br>• Witness not qualified as expert<br>• Relevance<br>• R. 403<br>• Exhibits are subject of Pl's MIL #10<br>• Hearsay | **As to all testimony:**<br>• Witness is deceased and provided testimony at Plaintiff's criminal trial. All witness-designated testimony was known and heard by Plaintiff during criminal trial. Transcript from Plaintiff's criminal trial was identified and disclosed in Defendants Rule 26 disclosures. Designated testimony is relevant and corroborates medical evidence in the case. Testimony is factual medical evidence and witness is not required to be designated | • 143:19-24 (only if testimony admitted) |

| | | | | as an expert under Rule 26(a)(2)(D). Testimony is not unduly prejudicial and subject to Rule 803 exception. | |
|---|---|---|---|---|---|
| | | | **Trial:**<br>• 124:8-22 - Improper expert opinion | **Trial:**<br>• 124:8-22 – Testimony is factual medical evidence and not an improper expert opinion under Rule 702. | |
| | | | • 125:21-126:9 - Improper expert opinion, Hearsay opinion of Dr. Kirschner | • 125:21-126:9 – Testimony is factual medical evidence and not an improper expert opinion under Rule 702.<br>• In addition. it was reasonable for Dr. Nancy Jones to rely on information from Dr. Kirschner and subject to Rule 803 exception. | |
| | | | • 133:9-135:10 - Improper expert opinion, Hearsay opinion of Dr. Kirschner | • 133:9-135:10 - Testimony is factual medical evidence and not an improper expert opinion under Rule 702.<br>• In addition, it was reasonable for Dr. Nancy Jones to rely on | |

| | | | | information from Dr. Kirschner and subject to Rule 803 exception. | |
|---|---|---|---|---|---|
| George Karl | Plaintiff | **Trial** 64:23-65:22 69:5-71:10 71:14-72:2 72:8-21 73:4-7 73:12-75:5 75:11-15 76:14-77:23 78:13-22 79:22-80:6 80:22-81:6 83:16-84:2 | **Trial** <br>• 77:19-23 - Defs' MIL #6 (to bar arrests of Williams and McCray) <br><br>• 80:22-81:1 - Hearsay <br><br><br><br>• 81:2-6 – Hearsay | **Trial** <br>• Admissible for reasons set forth in Pl's Opp. to MIL #6. <br><br>• Not hearsay; it is describing the type of info Karl recorded in his report. <br><br>• Not hearsay offered for truth of matter. In fact, it is an ***omission*** (not an out-of-court statement) in report of what Karl testified he was told as a form of impeachment by omission. | **Trial** <br>• 81: 7-17 - Relevance as to 81:10-17 <br>  • *Pl's responsive counter-designation: 81:18-19* |
| | Defendants | **Supp. Hrg.** 23:16-18 24:1-30:15 30:24-31:11 32:12-20 32:23-33:3 33:6-13 34:13-24 | **Supp. Hrg.** <br>• 24:20-23 – Relevance, R. 403, Improper bolstering | **Supp. Hrg.** <br>• 24:20-23 – Relevant to Plaintiff's claims of Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause | **Supp. Hrg.** <br>• 31:16-23 <br>• 32:6-11 <br>• 34:3-7 <br>• 35:14-19 <br><br>**Trial** <br>• 75:11-15 <br>• 76:14-77:23 |

| | | **Trial**<br>64:23-66:5<br>66:9-18<br>66:22-72:2<br>72:8-21<br>73:4-7<br>73:12-75:5<br>78:5-19 | | and circumstances of the police investigation | • 78:20-22<br>• 79:22-80:6<br>• 80:22-81:9<br>• 83:16-84:2 |
| | | | 26:8-10 – Relevance, Competence, Speculative | • 26:8-10 – Relevant to Plaintiff's claims of Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 and answer is not speculative | |
| | | | • 30:9-12 – Hearsay | • 30:9-12 – Not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 exception | |
| | | | **Trial:**<br>• 66:15-18 – Relevance, R. 403, Improper bolstering | **Trial:**<br>• 66:15-18 – Relevant to police investigation and knowledge of Plaintiff and not improper bolstering | |

| | | | | • 78:5-12 – Hearsay | • 78:5-12 – not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 exception | |
|---|---|---|---|---|---|---|
| John Naujokas | Defendants | **Trial**<br>15:9-19:20<br>20:9-24:11<br>24:21-25:20<br>27:19-23<br>28:2-5, 9-12<br>29:10-15<br>30:1-10, 20-23<br>31:7-21<br>33:19-24<br>32:4-21<br>35:3-13<br>36:7-13<br>37:5-11<br>37:17-21<br>38:6-22<br>39:4-40:3<br>40:11-18<br>41:10-20<br>42:20-43:21 | **As to all testimony:**<br>• Witness not previously disclosed under R. 26<br>• Witness not previously disclosed as expert under R.26(a)(2)(D)<br>• Witness not qualified as expert<br>• R. 403 to extent it includes exhibits subject to Pl. MIL #10 | • All of witness-designated testimony was known and heard by Plaintiff during criminal trial. Witness provided testimony at Plaintiff's criminal trial. Transcript from Plaintiff's criminal trial was identified and disclosed in Defendants Rule 26 disclosures. Testimony is factual forensic evidence, not unduly prejudicial and witness is not required to be designated as an expert under Rule 26(a)(2)(D).<br>• Witness is deceased. | None |
| | | | **Trial:**<br>• 37:10-21 – Improper expert opinion | **Trial:**<br>• 37:10-21 - Testimony is factual forensic evidence and not an improper | |

| | | | | expert opinion under Rule 702. | |
|---|---|---|---|---|---|
| | | | | • 38:6-10 – Improper expert opinion | • 38:6-10-- Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |
| | | | | • 39:8-40:18 – Improper expert opinion | • 39:8-40:18 – Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |
| Joseph Perfetti | Plaintiff | **Dep.**<br>5:9-11<br>7:1-8<br>7:11-8:2<br>13:8-20<br>26:2-5<br>50:19-52:21<br>54:15-24 | **Dep.**<br>• This witness should be barred entirely pursuant to Defs' MILs regarding the investigation 4 (re SJ ruling), 7 (re police investigations), 9 (re police internal rules and regs) and 10 (re Gaut) and MILs pertaining to the City of Chicago as a defendant for trial<br>• Defs' designations are made only in the event that those motions are denied | **Dep.**<br>• Admissible for reasons set forth in Pl's Opp. to Defs' MIL #4, 7, 9, and 10.<br>• Admissible for reasons set forth in Pl's Opp. to Defs' MILs pertaining to the City of Chicago as a defendant for trial.<br>• Admissible to provide jurors context on documents they will hear about extensively throughout trial. | **Dep.**<br>• 7:9-10<br>• 8:20-24<br>• 9:2-4<br>• 9:7-9<br>• 10:7-11<br>  • *Pl's responsive counter-designation: 26:11-28:7*<br>• 57:14-58:10<br>  • *Pl's responsive counter-designation: 55:24-57:13* |

| | | | • 13:8-20—Relevance & Fed Rule 403 | • Witness's qualifications relevant to assessing competence and credibility | • 70:21-71:9 - Relevance<br>• 84:7-19<br>• 117:5-16 – Relevance, Competence, Speculative<br>• 123:11-13 – Relevance |
|---|---|---|---|---|---|
| | | | • 26:2-5—Relevance & Fed Rule 403 | • Relevant to explain witness's basis of knowledge | |
| | | | • 50:19-24—Relevance & Fed Rule 403 | • CPD process to answer subpoenas relevant to inability to get 911 and dispatch card, and Defendants' access to these materials as detectives. | |
| | | | • 51:1-24—Relevance & Fed Rule 403 | • CPD process to answer subpoenas relevant to inability to get 911 and dispatch card, and Defendants' access to these materials as detectives. | |
| | | | • 52:1-21—Relevance & Fed Rule 403 | • CPD process to answer subpoenas relevant to inability to get 911 and dispatch card, and Defendants' access to these materials as detectives. | |

| | | | | • 54:15-24—Relevance & Fed Rule 403 | • CPD process to answer subpoenas relevant to inability to get 911 and dispatch card, and Defendants' access to these materials as detectives. | |
|---|---|---|---|---|---|---|
| Thomas Sadler | Defendants | **Dep.**<br>5:10-15<br>17:23-18:8<br>18:17-19:4<br>19:10-19<br>20:15-21:7<br>21:20-22:3<br>23:16-24:5<br>24:20-23<br>25:8-11<br>25:17-26:13<br>26:18-23<br>30:17-32:11<br>33:11-14<br>33:21-34:3<br>36:25-37:10<br>64:21-25<br>67:16-68:2<br>70:25-71:2<br>72:25-73:13<br>83:21-84:5<br>92:5-15<br>92:18-24<br>104:1-12<br>110:10-22 | | **As to all testimony:**<br>• Objection to designation - Sadler is defendant City's designated 30(b)(6) witness and should appear live.<br>• Numerous federal courts have held that where a witness has been designated under Rule 30(b)(6) by a party, Rule 45's geographic limitations do not apply. *See, e.g., Conyers v. Balboa Ins. Co.*, No. 8:12-CV-30-T-33EAJ, 2013 WL 2450108, at *2 (M.D. Fla. June 5, 2013) ("[B]ecause the Court finds that such person is, for the purpose of Rule 45, a 'party,' the 100 mile limit does not apply."); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co.* | **As to all testimony:**<br>• Response to designation – Sadler is both a fact witness and a 30(b)(6) witness and as a fact witness is unavailable as he is outside the jurisdiction. As a 30(b)(6) witness, the 2013 amendments to Rule 45(c) resolved a circuit split involving competing interpretations of the subpoena power for parties and the party officers. Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party officer to travel more than 100 miles unless the party officer resides, is employed, or regularly transacts business in person in the state. *See also Hill v.* | *(Plaintiff reserves his right to provide designations of prior testimony should Sadler actually be unavailable and unable to testify live)* |

| | | 121:18-122:11 | *Americas*, 262 F.R.D. 293, 303 (S.D.N.Y. 2009) ("[T]here is no basis under the 100-mile rule to quash the subpoenas seeking testimony of [party's] corporate representatives."); *Williams v. Asplundh Tree Expert Co.*, No. 3:05CV479J33MCR, 2006 WL 2598758, at *3 (M.D. Fla. Sept. 11, 2006) ("[T]he corporate representative in this case would clearly be testifying on behalf of the corporation, not in his/her individual capacity. As such, the Court holds that the corporate representative should be considered a "party" regardless of whether he/she is an officer of the company and should be produced even if he/she resides outside the 100 mile limit."). Plaintiff will serve a trial subpoena directed towards Sadler upon defendant the City of | *Homeward Residential, Inc.*, 799 F.3d 544, 532-33 (6th Cir. 2015) (trial court did not abuse discretion when quashing trial subpoena that failed to comply with the geographic limits. | |

| | | | Chicago. The City designated Sadler as its Rule 30(b)(6) witness fully knowing that he resides outside of Rule 45's 100 mile radius. Defendants cannot reasonably claim surprise or prejudice from Sadler's inclusion on Plaintiff's trial witness list as a live witness. | | |
|---|---|---|---|---|---|
| | | | **Dep.**<br>• 30:21-32:11 – Relevance, Non-Responsive | **Dep.**<br>• 30:21-32:11 – relevant because Plaintiff claims that Defendants "failed to obtain and review" the "dispatch card" from the alleged January 29, 1994 911 call. *See* Pl.'s 4th Am. Compl., dkt #391 at ¶ 61. Sadler is asked to briefly describe what a dispatch card is and provides an explanation for what one is and how it gets created. | |
| Edward Siwek | Plaintiff | **Dep.**<br>5:20-22<br>6:7-8<br>10:22-11:4<br>11:21-13:1 | **Dep.**<br>• 31:23-32:9; 32:19-23 – Defs' MIL # 4, 7, 9 and 10 | **Dep.**<br>• Admissible for reasons set forth in Pl.'s Opp. to Defs' MIL #4, 7, 9, and 10. | **Dep.**<br>• 82:18-21<br>   • *Pl's responsive counter-* |

| | | 13:16-14:5<br>14:16-20<br>18:6-9<br>16:14-19:19<br>30:11-21:1<br>31:5-20<br>31:23-32:9<br>32:19-23<br>34:6-10<br>37:11-16<br>38:2-5<br>40:2-10<br>40:15-21<br>44:21-45:16<br>46:3-47:6<br>47:20-48:5<br>56:17-20<br>57:6-58:24<br>59:10-16<br>66:2-9<br>69:18-21<br>70:7-71:8<br>72:20-73:2<br>73:20-74:5<br>79:8-20<br>81:18-82:13<br>83:9-15<br>84:15-85:6<br>87:16-20<br>87:24-88:11<br>89:20-90:4<br>90:15-23<br>95:1-14 | • 34:6-10 – Defs' MIL # 4, 7, 9 and 10 | • Admissible for reasons set forth in Pl.'s Opp. to Defs' MIL #4, 7, 9, and 10. | *designation:*<br>*82:22-24*<br>• 118:4-13 – Relevance, Competence, Speculative<br>• 119:5-11 |
| | | | • 46:22-47:5; 47:20-48:5 – Defs' MIL # 4, 7, 9 and 10 | • Admissible for reasons set forth in Pl.'s Opp. to Defs' MIL #4, 7, 9, and 10.<br>• This excerpt is identification of particular exhibit and does not address issues of Defs' MIL #4, 7, 9, and 10. | |
| | | | • 56:17-20 – Defs' MIL # 4, 7, 9 and 10 | • Admissible for reasons set forth in Pl.'s Opp. to Defs' MIL #4, 7, 9, and 10. | |
| | | | • 59:10-16 – Defs' MIL # 4, 7, 9 and 10 | • Admissible for reasons set forth in Pl.'s Opp. to Defs' MIL #4, 7, 9, and 10. | |
| | | | • Defs inadvertently omitted 63:6-8 - Subject to Defs' MIL # 4, 9 and 10 | • Admissible for reasons set forth in Pl.'s Opp. to Defs' MIL #4, 9, and 10.<br>• Question of whether Clifford was charged with gun possession does not implicate Defs' MIL # 4, 9 and 10. | |
| | | | • 66:2-9 – Defs' MIL # 1 (re sketch) | • Admissible for reasons set forth in Pl.'s Opp. to Defs' MIL #1. | |

| | | 96:18-98:13 100:14-103:6 103:21-17 107:13-108:24 114:4-6 114:13-23 115:17-24 117:7-11 117:14-118:2 118:14-17 119:12-19 134:2-9 135:17-20 | • 101:14-103:6 – Defs' MIL # 4, 7, 9, 10 | • Admissible for reasons set forth in Pl.'s Opp. to Defs' MIL #4, 7, 9, and 10. | |
| | | | • 114:13-23 - Relevance | • Relevant to Defs' motive to frame Plaintiff and close investigation. | |
| | | | • 117:21-118:2; 118:14-17; 119:12-19 - Relevance | • Relevant to Defs' motive to frame Plaintiff and close investigation. | |
| | | | • 134:2-9 – Defs' MIL # 8 (Certificate of Innocence) | • Admissible for reasons set forth in Pl's Opp. to Defs' MIL # 8. | |
| | | | • 135:17-20 – Defs' MIL # 4, 7, 9, and 10; asked and answered | • Admissible for reasons set forth in Pl's Opp. to Defs' MIL # 4, 7, 9, and 10;<br>• Not cumulative - Clarifies witness's prior testimony re roles of different detectives. | |
| | Defendants | **Dep.**<br>5:20-22<br>6:7-8<br>9:4-10<br>10:22-12:7<br>12:11-13:1<br>13:8-12<br>13:16-14:2, 5<br>14:16-16:1 | **Dep.**<br>• 14:24-15:5 – Relevance, Competence | **Dep.**<br>• 14:24-15:5 – Relevant to witness background, knowledge, and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | **Dep.**<br>• 16:2-4<br>• 55:3-7 (only if 53:17-54:20 comes in)<br>• 63:6-8<br>• 63:13-14 (only if 63:9-12 comes in) |

| | | 17:13-18:9<br>18:14-19:23<br>21:14-17<br>21:22-22:2<br>23:24-24:3<br>24:22-25:1<br>25:14-26:8<br>26:19-28:5<br>28:19-29:10<br>30:2-31:4<br>39:14-40:10<br>40:15-40:18<br>40:22-41:8<br>41:19-23<br>42:2-5<br>42:14-16<br>42:23-43:2<br>44:14-17<br>44:21-45:10<br>45:13-16<br>46:3-19<br>50:13-16<br>50:23-51:12<br>52:19-54:20<br>57:6-58:19<br>63:1-5<br>63:9-12<br>63:15-22<br>64:24-66:9<br>66:23-67:6<br>72:20-73:7<br>73:20-75:11<br>75:17-77:22 | • 17:17-23 – Relevance, Competence | • 17:17-23 – Relevant to witness knowledge, personal involvement in document management, supervisory responsibilities and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | • 75:14<br>• 86:9-10<br>• 90:12-13<br>• 112:14-113:4<br>• 153:13-15 |
| | | | • 28:23-29:10 – Relevance, Competence | • 28:23-29:10 – Relevant to witness experience, background, knowledge, and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 42:23-2 – Relevance, Competence, Non-responsive | • 42:23-44:2- Relevant to witness knowledge and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 44:14-17 – Relevance, Competence, Non-responsive | • 44:14-17 – Relevant to witness knowledge and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 and answer is responsive | |

| | | | | |
|---|---|---|---|---|
| | | 80:2-13<br>85:15-23<br>85:3-6<br>85:18-86:8<br>86:11-20<br>87:2-20<br>87:24-90:4<br>90:6-11<br>90:15-23<br>91:11-94:14<br>95:1-20<br>96:10-17<br>96:22-99:7<br>99:13-101:13<br>102:17-103:6<br>103:21-104:17<br>105:20-106:17<br>106:24-107:12<br>107:16-108:12<br>108:21-109:24<br>111:8-112:13<br>113:6-24<br>114:13-20<br>116:5-117:20<br>120:3-8<br>120:12-19<br>121:8-11<br>131:13-24<br>132:6-133:7,<br>10<br>133:14-16<br>135:2-16<br>137:15-144:3 | • 53:24-54:13 – Relevance, Competence, Speculative | • 53:24-54:13 – Relevant to witness knowledge and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 and answer is responsive |
| | | | • 54:14-20 – Hearsay, Relevance, Competence | • 54:14-20 – Relevant to witness knowledge of Plaintiff and circumstances of the police investigation and not offered for the truth of the matter asserted and subject to Rule 803 exception<br>• Witness is Competent under Fed. R. Evid. 601 |
| | | | • 65:16-19 – Speculation, Competence | • 65:16-19 – Not speculative and shows witness knowledge and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 |
| | | | • 65:20-23 – Relevance, Competence | • 65:20-23 - Relevant to witness knowledge and circumstances of the police investigation. |

| | | 144:10-18<br>144:24-145:10<br>145:15-21<br>146:8-11<br>146:17-152:3<br>153:23-154:8 | | Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 80:2-9 – Relevance, Non-responsive | • 80:2-9 – Relevant to witness knowledge and circumstances of the police investigation and testimony is responsive. | |
| | | | • 86:11-20 – Relevance, Competence, Speculative | • 86:11-20 – Not speculative and relevant to witness knowledge and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 87:2-15 - Relevance, Competence, Speculative | • 87:2-15 – Not speculative and relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and circumstances of the police investigation Witness is Competent under Fed. R. Evid. 601 | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 90:6-11 – Relevance, Competence, Non-responsive | • 90:6-11 – Responsive and relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and circumstances of the police investigation Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 96:10-17 – Relevance, Competence, Hearsay | • 96:10-17 – Relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 exception.  Witness is | |

| | | | | | Competent under Fed. R. Evid. 601 | |
|---|---|---|---|---|---|---|
| | | | | • 106:7-14 – Subject of Pl.'s MIL # 1, R. 403, Relevance | • 106:7-14 – Relevant to Plaintiff's Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and the circumstances of the police investigation and not unduly prejudicial. | |
| | | | | • 116:5-10 – Relevance, Competence, Speculative | • 116:5-10 – Not speculative and relevant to witness background, knowledge, and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | |
| | | | | • 121:8-11 – Relevance, R. 403 | • 121:8-11 - Relevant to witness background, knowledge and not unduly prejudicial | |
| | | | | • 135:2-16 - Relevance, R. 403, Subject of Pl's MIL # 1 | • 135:2-16 – Relevant to Plaintiff's Fourth amendment pretrial | |

| | | | | detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and the circumstances of the police investigation and not unduly prejudicial. | |
| --- | --- | --- | --- | --- | --- |
| | | | • 138:1-11 – Relevance, R. 403 | • 138:1-11 – Relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and the circumstances of the police investigation and not unduly prejudicial. | |
| | | | • 138:17-20 – Relevance, R. 403, Competence, Improper opinion | • 138:17-20 - Relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also | |

| | | | | relevant to probable cause and the circumstances of the police investigation and not unduly prejudicial or improper opinion. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 138:21-139:12 – Relevance, Competence, Hearsay, Improper opinion, R.403 | • 138:21-139:12 – Relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and the circumstances of the police investigation and not unduly prejudicial, or improper opinion, and subject to Rule 803 exception. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 141:2-142:21 – Hearsay, R. 403, Improper bolstering, Hearsay | • 141:2-142:21 – Not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 | |

| | | | | exception and not improper bolstering. | |
|---|---|---|---|---|---|
| | | | • 142:22-143:4 – Hearsay | • 142:22-143:4 – Not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 exception | |
| | | | • 144:1-10 – Foundation, Hearsay, Competence | • 144:1-10 – Not lacking foundation but establishes witness knowledge of the circumstances of the police investigation and subject to Rule 803 exception. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 144:11-18 – Relevance, R. 403 | • 144:11-18 – Relevant to witness knowledge and general background and not unduly prejudicial. | |
| | | | • 145:3-17 – Relevance, R. 403, Improper bolstering | • 145:3-17 - Relevant to witness knowledge and general background and not unduly prejudicial or improper bolstering | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 145:18-21 – Improper hypothetical, Form of question | • 145:18-21 – Not improper hypothetical and Form of the question is proper | |
| | | | • 146:8-11 – Improper hypothetical, Form of question | • 146:8-11 – Not improper hypothetical and Form of the question is proper | |
| | | | • 147:5-149:16 – Relevance, Hearsay | • 147:5-149:16 – Not offered for the truth of the matter asserted and relevant to the circumstances of the police investigation and subject to Rule 803 exception | |
| | | | • 149:17-151:9 - Relevance, Hearsay | • 149:17-151:9 - Not offered for the truth of the matter asserted and relevant to the circumstances of the police investigation and subject to Rule 803 exception | |
| | | | • 151:10-152:3 - Relevance, Hearsay | • 151:10-152:3 - Not offered for the truth of the matter asserted and relevant to the circumstances of the police investigation and | |

| | | | | subject to Rule 803 exception | |
|---|---|---|---|---|---|
| Barbara Temple | Plaintiff | **Trial**<br>40:7-10<br>40:13-42:12<br>42:16-22<br>43:2-11<br>43:15-45:1<br>45:14-17<br>46:2-10<br>46:15-47:15<br>47:20-23<br><br>**Dep:**<br>5:2-14<br>6:14-21<br>7:1-3, 9-23<br>8:22-9:11<br>9:17-21<br>10:12-17<br>12:11-13:1<br>13:4-5<br>13:20-14:5<br>17:11-25<br>19:4-9<br>19:15-20:2<br>21:3-14<br>22:1-7<br>22:23-25<br>23:4-9, 16-20<br>24:1-7 | **Trial**<br>None<br><br>**Dep.**<br>• 17:11-25 – asked and answered via trial designations<br><br>• 19:4-20:2 – asked and answered via trial designations<br><br>• 42:15-18 – Relevance & Fed Rule 403<br><br>• 44:3-12 – Relevance & Fed Rule 403 | **Trial**<br>n/a<br><br>**Dep.**<br>• Correct that it is cited in trial testimony but lack of memory at 2018 dep is relevant to witness's credibility re other testimony<br><br>• Witness was having recollection refreshed<br><br>• Relevant to division of labor between patrol and detectives, explains reasons for her report notations and expectations for what was needed from her to continue investigation.<br><br>• Identification of other handwriting relevant to others having access to Temple's report | **Trial**<br>None<br><br>**Dep:**<br>• 20:24-21:2<br>• 22:8-13<br>• 23:21-25 – Relevance<br>• 33:23-34:4 - Hearsay<br>• 41:21-42:4 - Speculation<br>• 50:14-16 – Relevance, Competence<br>• 66:15-16 - Relevance<br>• 66:21-23<br>• 79:4-12<br>• 80:6-12 – Hearsay<br>• 84:22-85:1 – Relevance<br>• 85:5-7 - Relevance |

| | | | | | |
|---|---|---|---|---|---|
| | | 26:2-4, 8-10, 14-20<br>26:23-27:3<br>29:19-30:2<br>33:10-20<br>40:18-41:20<br>42:15-18<br>42:24-43:5<br>44:3-18<br>47:15-19<br>48:24-49:24<br>50:3-4<br>50:10-13<br>51:9-11<br>59:11-13<br>66:6-14<br>66:17-20<br>78:17-20<br>79:10-12<br>80:13-82:9 | • 80:13-82:2 – form, misstates the facts, incomplete hypothetical<br><br>• 82:3-9 – form, misstates prior testimony | • Form objection not preserved<br><br>• Form objection not preserved; Witness adopts the account provided in the question | |
| | Defendants | **Dep.**<br>6:16-7:5, 7:8-12<br>7:16-18, 22-23<br>8:22-9:9<br>9:12-19<br>12:11-13<br>12:22-13:1<br>13:6-8, 16-17<br>13:20-14:5<br>14:10-15 | **Dep.**<br>• 32:7-13 - Hearsay | **Dep.**<br>• 32:7-13 – police report admissible under Fed. R. Evid. 803(6) and 803(8)(A)(ii) and (B). Clifford's statement admissible to show information Defendants' had for probable cause and the circumstances of the police investigation. Clifford's statement also | **Dep**<br>• 32:14-16 (only if 32:7-13 comes in)<br>• 35:20-37:16 (only if 38:7-13 comes in)<br><br>**Trial**<br>(No counter-designations – Plaintiff has already designated trial testimony for case |

| | | 21:22-25<br>26:2-4<br>26:17-27:6<br>32:4-13<br>37:17-20<br>38:7-13<br>39:25-40:9<br>41:7-11<br>47:18-19<br>48:24-49:24<br>50:3-4<br>51:9-11<br>51:21-52:2<br>55:24-56:14<br>67:14-68:10<br>69:17-22<br>70:2-5<br>70:10-19<br>70:23-71:3<br>74:25-75:6<br>75:25-76:11<br>78:17-20<br>84:24-85-1<br>85:5-7 | | admissible under 803(1),<br>(2), and (3) | in chief) |
| | | | • 38:7-13 – Completeness | • 37:17-20 – testimony on<br>issue complete | |
| | | | • 40:7-9 - Hearsay | • 40:7-9 – not offered for<br>the truth of the matter<br>asserted, but for the<br>circumstances of the<br>police investigation | |
| | | | • 51:21-52:2 - Relevance | • 51:21-52:2 – relevant to<br>rebut Plaintiff's claim he<br>spoke to responding<br>officer at the J&J Fish | |
| | | | • 69:17-22 - Relevance | • 69:17-22 – general<br>background; relevant to<br>credibility | |
| | | | • 70:2-5, 10-19 -<br>Relevance | • 70:10-19 – general<br>background; relevant to<br>credibility | |
| | | | • 70:23-71:3 - Relevance | • 70:23-25 – general<br>background; relevant to<br>credibility | |
| | | | • 74:25-75:3 –Form of<br>question, Foundation | • 74:25-75:3- nothing<br>improper about the form<br>of the question;<br>foundation present | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 75:4-6 – Speculative, Form of question | • 75:4-6 – not speculation; nothing wrong with form of the question | |
| | | | • 75:25-76:11 - Foundation, Hearsay | • 75:25-76:11 – foundation laid; no hearsay statement, but refreshing witness's recollection | |
| | | | • 84:24-85-1 – Relevance | • 84:24-85-1 – relevant to issue of whether Plaintiff was in J&J when police arrived; basis for the witness's answer | |
| | | | • 85:5-7 – Relevance, R. 403, Competence | • 85:5-7 – relevant to issue whether Plaintiff was in J&J when police arrived; not unduly prejudicial as Plaintiff claims he was not only in the J&J when the police arrived but spoke to the police; Competent under Fed. R. Evid. 601 | |
| James Williams | Plaintiff | **Dep.** 5:21-23 8:2-9 8:20-22 20:25-21:4 34:14-35:6 35:23-25 | **Dep.** • 55:2-6 – Relevance & Fed Rule 403, see Defendants' motion *in limine* #6 | **Dep.** • Admissible for reasons set forth in Pl's Opp. to Defs' MIL #6; Relevant to Defs' investigation and conduct in J&J | **Dep.** • 9:19-23- Relevance • 20:12-22- Relevance • 22:3-5 – Relevance, Completeness |

| | | | | | |
|---|---|---|---|---|---|
| | | 51:22-52:5<br>52:16-20<br>53:18-24<br>55:2-9<br>55:14-19<br>56:11-57:2<br>57:8-10<br>57:14-58:3<br>58:10-15<br>58:22-59:24<br>63:4-17<br>64:14-16<br>64:19-24<br>68:1-3<br>68:7-20<br>69:5-9<br>72:14-21<br>73:10-18<br>73:25-75:2<br>76:20-78:1<br>78:14-79:14<br>80:2-81:12<br>86:6-15<br>89:2-6<br>92:4-7<br>92:21-23<br>93:6-11<br>94:9-11<br>95:8-16<br>97:20-98:2<br>101:4-102:6<br>102:22-105:1 | • 72:14-21 – asked and answered | • Highly relevant to Plaintiff's alibi, not cumulative | (should go to 22:6 for answer)<br>• 22:9-10 - Relevance<br>• 22:18-22<br>• 26:4-14 – Relevance, R. 403, Completeness (should go to 26:16 for answer)<br>• 26:23-24 – Relevance, R. 403<br>• 27:5-6 - Relevance<br>• 28:20-23 - Relevance<br>• 30:3-5<br>• 31:12, 14-15 – Relevance, R. 403<br>• 32:1-4 – Relevance, R. 403, Competence<br>• 32:21-33:2 – Subject to Pl's MIL #1, R. 403, Relevance<br>• 36:1-8 - Relevance<br>• 37:14-19, 21-23 – Relevance, R. 403, Competence<br>• 37:25-38:3 – Relevance, Competence<br>• 45:17-18<br>• 47:8-12 |
| | | | • 73:15-18 – hearsay, foundation | • Instruction from police to close J&J is not hearsay offered for truth – it explains the course of events.<br>• No foundation problem because which officer told E. Williams to close J&J is not necessary foundation to desctibe course of events | |
| | | | • 73:25-74:16 – foundation, Relevance & Fed Rule 403 | • Relevant to course of police investigation, recovery of gun used in assault and dropped by Clifford<br>• Foundation is clear from context that witness is discussing police conduct | |
| | | | • 74:18-75:2 – Relevance & Fed Rule 403, see Defendants' motion *in limine* #6 | • Rely on Pl.'s Opp. to MIL #6, Relevant to Ds' investigation and conduct in J&J | |
| | | | • 76:20-78:1 – Relevance & Fed Rule 403, see | • Rely on Pl.'s Opp. to MIL #6, Relevant to Ds' | |

| | | 108:24-109:10<br>110:10-19<br>116:16-117:5 | Defendants' motion *in limine* #6 | investigation and conduct in J&J | • 48:18-49:15 - Relevance |
|---|---|---|---|---|---|
| | | | • 78:14-79:8 – Relevance & Fed Rule 403, see Defendants' motion *in limine* #6 | • Rely on Pl.'s Opp. to MIL #6, Relevant to Ds' investigation and conduct in J&J | • 57:11-13<br>• 62:15-17<br>• 64:8-13<br>• 65:19-22<br>  • *Pl's responsive counter-designation: 65:23-24* |
| | | | • 79:11:14 - Relevance & Fed Rule 403, see Defendants' motion *in limine* #6 | • Rely on Pl.'s Opp. to MIL #6, Relevant to Ds' investigation and conduct in J&J | • 66:6-7<br>• 66:22-67:1 – Relevance, competence |
| | | | • 80:2-81:12 - Relevance & Fed Rule 403, see Defendants' motion *in limine* #6 | • Rely on Pl.'s Opp. to MIL #6, Relevant to Ds' investigation and conduct in J&J | • 68:4-6<br>• 68:21-22<br>• 69:1-4<br>• 69:25-70:4<br>• 70:8-13 - Relevance |
| | | | • 86:6-15 - Relevance & Fed Rule 403, see Defendants' motion *in limine* #6 | • Rely on Pl.'s Opp. to MIL #6, Relevant to Ds' investigation and conduct in J&J | • 71:24-72:8 - Relevance<br>• 82:14-19 - Relevance<br>• 87:5-8 - Relevance<br>• 88:12-16 - Relevance |
| | | | • 93:6-9 – foundation, lack of personal knowledge, hearsay (*see* 113:18-114:21, 116:12-15) | • Personal observation of Plaintiff and Ant walking to phones, no hearsay offered for truth (additional testimony referenced here is offered as counter-designations to allow jury to weigh testimony, but should not | • 89:7-10<br>• 89:13-17<br>• 89:25-90:7 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | be factored into admissibility) | • 90:11-14 – Relevance, Competence |
| | | | • 95:8-16 - Relevance & Fed Rule 403, see Defendants' motion *in limine* #6 | • Rely on Pl.'s Opp. to MIL #6, Relevant to Ds' investigation and conduct in J&J | • 91:25:92:3 – Relevance, Competence<br>• 92:8-12 - Relevance<br>• 92:13-15,17-19 – Relevance, Competence |
| | | | • 103:12-14 – Relevance & Fed Rule 403, se Defendants' motion *in limine* 6 | • This testimony is about Witness speaking to Clifford and Clifford hiding gun, not arrests. MIL #6 is not applicable here. Relevant to events in J&J and assessing Clifford's credibility. | • 94:12-17 – Relevance, Competence<br>• 95:17-24 – Relevance, Competence<br>• 96:21-24 – Relevance, Competence |
| | | | • 103:15-104:1 - Relevance & Fed Rule 403, see Defendants' motion *in limine* #6, foundation, lack of personal knowledge | • This testimony is about E. Williams speaking to Clifford and Clifford hiding gun, not arrests. MIL #6 is not applicable here. Relevant to events in J&J and assessing Clifford's credibility. Witness explains basis of knowledge | • 97:5-9 – Relevance, Competence<br>• 113:18-114:21<br>• 116:12-15 (per Defendants, if objections overruled)– Relevance, Competence |
| | | | • 104:2-105:1 - Relevance & Fed Rule 403, see Defendants' motion *in limine* #6 | • Rely on Pl.'s Opp. to MIL #6, Relevant to Defs' investigation and conduct in J&J | |

44

| Lee Williams | Plaintiff | **Trial:**<br>187:10-188:2<br>188:8-189:13<br>189:22-190:1<br>190:13-191:6<br>191:15-194:24<br>198:13-200:22<br>201:7-18 | **Trial:**<br>• 198:13-199:17 - Hearsay | • Not hearsay; Witness is not recounting what he told the police, he is giving the answer now and comparing it to what he told the police. (If necessary, we can strike "Like I told the police")<br>• Alternatively, even if he were recounting what he told police, witness's testimony is admissible to show its effect on the listeners (Defs. Pesavento and Karl) | None |
|---|---|---|---|---|---|
| | Defendants | **Trial**<br>187:10-11<br>187:14-22<br>188:1-2<br>188:8-18<br>188:23-189:13<br>189:22-190:5<br>190:9-12<br>190:20-22<br>191:21-192:3<br>192:7-14<br>193:6-11<br>193:17-19<br>194:1-7 | None | n/a | None |

| Maurice Willis | Plaintiff | **Dep.** 5:15-20 7:1-9 8:21-24 10:7-21 11:15-22 12:8-14:1 15:2-9 15:15-19 16:14-7 20:15-22 20:25-21:1 21:10-13 24:14-24 25:2-26:6 28"4-18 28:23-25 29:3-30:11 30:24-31:9 35:6-8 36:6-21 38:2-21 38:25-39:8 39:24-40:12 40:20-42:2 43:13-23 44:5-46:17 47:24-48:17 55:5-56:8 | • Below testimony of witness should also be barred pursuant to Defs' MILs regarding the investigation 4 (re SJ ruling), 6 (arrest of others), 7 (re police investigations), 9 (re police internal rules and regs) | • Rely on Pl.'s Opp. to MIL # 4, 6, 7, and 9 • Defendants' decisions regarding who to arrest is relevant to their motives in conducting investigation and actions at J&J | **Dep.** • 8:25-10:6 • 12:4-7 • 16:4-6 • 17:8-12 - Relevance • 17:16-17 • 20:11-14 - Relevance • 21:14-22 • 22:1-16 - Completeness (should add 22:17-20 to explain question at 22:25) • 22:25-23:1, 4 • 23:6-16 • 23:19-24:1 • 24:4-5 • 24:11-13 • 26:22-25 - Relevance • 27:9-10 - Relevance • 27:13-18- Relevance • 27:23-24 • 28:2 • 29:1-2 – Relevance, • 30:13-16 • 30:19-20 • 31:11-13 – Relevance, Competence |
| | | | • 7:5-9—Relevance & Fed Rule 403 | • Relevant to Witness's bias | |
| | | | • 12:20-22—Relevance & Fed Rule 403 | • Recovery of 2 kilos of drugs that Clifford reported and that Oliver testified was the only reason he was interested in case is very relevant | |
| | | | • 13:2-25—Relevance & Fed Rule 403 | • Refutes dep testimony of defendant Oliver re conduct at J&J scene | |
| | | | • 14:1—Relevance & Fed Rule 403 | • Refutes dep testimony of defendant Oliver re conduct at J&J scene | |
| | | | • 24:14-25—Relevance & Fed Rule 403 | • Relevant as to officers involved in arresting Clifford, which Defs and | |

| | | | | Clifford all deny happened | • 31:17-19 – Relevance, Competence |
|---|---|---|---|---|---|
| | | | • 25:2-3, 5-8, 9-17, 20-25—Relevance & Fed Rule 403 | • Relevant as to explaining arrest report re arrest of Clifford, which Defs and Clifford all deny happened | • 32:1-7 - Completeness (should start at 31:23)<br>• 32:16-33:1<br>• 33:5-14 |
| | | | • 26:1-6—Relevance & Fed Rule 403 | • Relevant as to arrest of Clifford, which Defs and Clifford all deny happened | • 43:24-44:3 – Relevance, Competence |
| | | | • 35:6-8—Relevance & Fed Rule 403 | • Relevant as to arrest of Clifford, which Defs and Clifford all deny happened | • 47:10-11, 14-18, 21 – Relevance, Incomplete Hypothetical |
| | | | • 36:6-15,18,20-21—Relevance & Fed Rule 403 | • Relevant as to arrest of Clifford, which Defs and Clifford all deny happened | • 48:18-22 – Relevance, Cumulative to stipulation |
| | | | • 38:2-21, 25—Relevance & Fed Rule 403 | • Relevant as to arrest of Clifford, which Defs and Clifford all deny happened | • 50:6-14 – Relevance, Completeness (should go to 50:17)<br>• 51:25-53:12 – Relevance, Hearsay, Document speaks for itself |
| | | | • 39:1-8, 24-25—Relevance & Fed Rule 403 | • Relevant as to destruction of Mac-11 and arrest of Clifford | • 53:21-23 - Relevance, Competence<br>• 54:1-6 – Relevance, Competence |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 40:2, 4-7, 10-12 – Relevance & Fed Rule 403 | • Relevant as to irregularity of gun being destroyed and Defs' misconduct | • 54:11-13 – Relevance, Competence |
| | | | • 40:20-25—Relevance & Fed Rule 403 | • Supports arrest of E. Williams, which refutes testimony of Defs that she was not arrested. | |
| | | | • 41:1-17, 19-21, 23-24— Relevance & Fed Rule 403 | • Supports arrest of E. Williams, which refutes testimony of Defs that she was not arrested. | |
| | | | • 42:1-2—Relevance & Fed Rule 403 | • Supports arrest of E. Williams, which refutes testimony of Defs that she was not arrested. | |
| | | | • 44:5-6, 9-10 – Relevance & Fed Rule 403 | • Supports arrest of E. Williams, which refutes testimony of Defs that she was not arrested | |
| | | | • 44:13-25, 45:1-2— Relevance & Fed Rule 403 | • Supports arrest of J. Williams, which refutes testimony of Defs that he was not arrested | |
| | | | • 45:5-17 – Relevance & Fed Rule 403 | • Supports arrest of D. McCray at J&J, which refutes testimony of Defs | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | and suggests that they were protecting Ant | |
| | | | • 45:20-25—Relevance & Fed Rule 403 | • Supports arrest of E. Williams, J. Williams, and D. McCray, which refutes Defs' testimony | |
| | | | • 46:1-11, 14-17—Relevance & Fed Rule 403 | • Supports arrest of E. Williams, J. Williams, and D. McCray, which refutes Defs' testimony | |
| | | | • 47:24-25—Relevance & Fed Rule 403 | • Supports arrest of D. McCray at J&J, which refutes testimony of Defs and suggests that they were protecting Ant | |
| | | | • 48:1-10, 13-17—Relevance & Fed Rule 403 | • Supports arrest of D. McCray at J & J, which refutes testimony of Defs and suggests that they were protecting Ant | |
| | | | • 55:5-9, 12-13, 15-16—form of the question calls for speculation incomplete hypothetical | • Not a hypo, but Willis saying that Clifford did not provide name of shooter because not in his report | |
| | | | • 56:5-6, 8—form of the question calls for | • Not a hypo, but Willis saying that Clifford did | |

| | | | | | |
|---|---|---|---|---|---|
| | | | speculation, incomplete hypothetical | not say Lanier not in his report | |
| | | | • See also Defendant Officers' motions in limine #6 (to bar arrests of E&J Williams and McCray) & 7 (to bar certain evidence re police investigations) | • Admissible for reasons set forth in Pl's Opp. to MIL #6.<br>• Admissible for reasons set forth in Pl's Opp. to MIL #7. | |
| | Defendants | **Trial (Stip.)**<br>61:11-63:6 | **Trial (Stip.)**<br>• 62:21-63:6 – This portion of Trial Stipulation does not pertain to Willis and should not be included here | | (No counter-designations – Plaintiff has already designated deposition testimony for case in chief) |