IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AND DEFENDANT OFFICERS' JOINT TRIAL EXHIBIT LIST**

Plaintiff Eddie L. Bolden, through his undersigned counsel, and Defendants Angelo Pesavento, James Oliver, and Special Representative of the Estate of Edward Siwek, through their undersigned counsel, submit the attached Joint Trial Exhibit List. While all Parties agree that the following exhibits can be marked for identification purposes, a dispute remains as to whether certain exhibits should be admitted into evidence. Accordingly, objections and responses to the admissibility of these joint exhibits are included in the list.

| Joint Exhibit | Bates No. | Marked for ID Only | Description | Defendants' Objection | Plaintiff's Response to Objection |
|---|---|---|---|---|---|
| 1. | NO BATES | X | Expert Report of William T. Gaut (9/28/2018) | | |

| Joint Exhibit | Bates No. | Marked for ID Only | Description | Defendants' Objection | Plaintiff's Response to Objection |
|---|---|---|---|---|---|
| 2. | NO BATES | X | Expert Report of Geoffrey Loftus (9/28/2018) | | |
| 3. | CHI-BOLDEN 0893-0901 | Disputed | Transcript of Certificate of Innocence Hearing (9/1/2016) | No objection if for ID only, MIL 8 and Stipulation, Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Defendants' proposed stipulation is insufficient. Plaintiff must prove that the criminal proceedings terminated in his favor in a manner indicative of innocence. Defendants have objected to Plaintiff's stipulations on this topic and are seeking to exclude evidence probative of this element of Plaintiff's malicious prosecution claim. *See* Def's. MIL 8 and Pl's. Response.<br><br>Hearsay response: Not offered for the truth of the words spoken; admissible to show effect on the listener, i.e. information Judge Martin considered prior to granting Plaintiff's Certificate of Innocence. Also admissible under FRE 803(8) and 807. Court may also take judicial notice under FRE 201.<br><br>403 Response: No basis for exclusion under this rule. *See* Pl's Resp. to Def's. MIL 8. |

| Joint Exhibit | Bates No. | Marked for ID Only | Description | Defendants' Objection | Plaintiff's Response to Objection |
|---|---|---|---|---|---|
| 4. | CHI.BOLDEN 013395-13493; 014685-14691 | Disputed | Detective Division Investigative File (Various Dates) | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Also admissible under 803(5), 803(6) and 803(8). Additionally, numerous reports within the file were authored by defendants and thus are statements of a party opponent (FRE 801(d)(2)(A)) and statements of co-conspirators (801(d)(2)(E)). |
| 5. | EB0000407 | Disputed | Arrest Report of Eddie Bolden (2/26/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8). |

| | | | | | |
|---|---|---|---|---|---|
| 6. | EB0001296; EB0001376 | Disputed | GROUP:<br>Foster subpoena to CPD (3/3/1994)<br>Sadler letter to Foster (3/10/1994) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response:<br><u>Subpoena</u>: The subpoena shows that Bolden's counsel requested evidence that was never produced to the defense because Defendants' did not submit the evidence for inclusion in their investigative file. Goes to defendants' malice/lack of good faith. Additionally, the fact that Foster issued the subpoena corroborates Plaintiff's testimony that he called 911 and was telling his attorneys about the importance of getting the 911 recording. <u>Letter</u>: Defendants' failure to review 911 recording prior to destruction shows knowledge/state of mind/absence of good faith/malice and is relevant to objective reasonableness. The fact that Bolden's counsel requested the recording and it was no longer available by March 1994 provides context on this issue and shows why he did not continue to seek out the evidence.<br><br>Hearsay response:<br><u>Subpoena</u>: The subpoena is not a hearsay statement, it is a legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201. <u>Letter</u>: not being offered for the truth; effect on the listener – shows why Plaintiff and his counsel did not continue to pursue 911 evidence.<br><br>FRE 403 response: No basis for exclusion under this rule. |

| Joint Exhibit | Bates No. | Marked for ID Only | Description | Defendants' Objection | Plaintiff's Response to Objection |
|---|---|---|---|---|---|
| 7. | EB0019371-0019378 | Disputed | Photos of Area 2 (9/5/2018) | No objection if demonstrative only | Appearance of lineup rooms is relevant to provide the jury with background and context with which to assess various witnesses' testimony. Appearance of area around lineup room is relevant and shows where the walk by took place and that there were options where Plaintiff could be held prior to the lineup that would have avoided lineup, which is relevant to the suggestiveness of lineup and defendants' intent, malice and absence of good faith |
| 8. | CHI.BOLDEN 011666 | Disputed | Arrest Report of James Williams | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. Defendants have also marked this report as Def. Exhibit 23.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5), 803(6), and 803(8).<br><br>FRE response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 6. |

5

| Joint Exhibit | Bates No. | Marked for ID Only | Description | Defendants' Objection | Plaintiff's Response to Objection |
|---|---|---|---|---|---|
| 9. | EB0001515-0001516 | Disputed | Supplementary Report of Pesavento, Karl, Siwek (Interview of Anthony Williams) (2/1/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8). <br><br>Witness statements within report not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. |
| 10. | EB0000440-0000441 | Disputed | Supplementary Report of Karl and Siwek (Interview of Cynthia Steward and Fergusons) (2/2/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8). <br><br>Witness statements within report not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. With respect to Steward, report is also being offered to show that exculpatory information she provided was not included in the report. |
| 11. | CCSAO 0549 | Disputed | Siwek General Progress Report (Bolden Interview) (2/26/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8). |

| Joint Exhibit | Bates No. | Marked for ID Only | Description | Defendants' Objection | Plaintiff's Response to Objection |
|---|---|---|---|---|---|
| 12. | EB0000446-0000447 | Disputed | Supplementary Report of Siwek, Karl, Pesavento (Lineup) (2/27/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8). Also admissible to show that the report does not accurately reflect what occurred during the lineup (i.e. the falsity of the matter asserted). |
| 13. | EB0000442-0000445 | Disputed | Supplementary Report of Karl and Pesavento (In Custody Report) (2/27/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8). |
| 14. | EB0018891 | | Booking Photos of Eddie Bolden (2/27/1994) | | |
| 15. | EB0001666 | Disputed | Laboratory Report of Richard Chenow (2/28/1994) | Unduly prejudicial, confusing, misleading and cumulative (403), Hearsay (802) | FRE 403 response: No basis for exclusion under this rule. Hearsay response: Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Also admissible under 803(6) and 803(8). |

7

| Joint Exhibit | Bates No. | Marked for ID Only | Description | Defendants' Objection | Plaintiff's Response to Objection |
|---|---|---|---|---|---|
| 16. | EB0015053-15078; CHI.BOLDEN 13459 | Disputed | GROUP: CPD General Progress Reports (Various dates) | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Parts of the report are also admissible to show the falsity of Frazier's statements. Also admissible under FRE 803(5), 803(6), and 803(8). Additionally, EB0015057-15063 and CHI.BOLDEN 13459 are authored by Karl, and therefore admissible as a statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). |
| 17. | EB0011826, 0011848-0011958 | X | Report of Proceedings: Testimony of Todd Henderson and Vondell Goins (11/10/2015) | | |
| 18. | EB0006580; EB0006636-0006798 | Except for stipulations/designations | Report of Proceedings (Steward, Frazier, Williams, Harvey) (10/23/1996) | | |
| 19. | EB0006803-0006992 | Except for stipulations/designations | Report of Proceedings (Baylom, Naujokas, Gurtowski, Stipulation, Chenow, Ginnelly, Jones, Pesavento) (10/24/1996) | | |
| 20. | EB0006997-0007092 | Except for stipulations/designations | Report of Proceedings (Mclin, Baker, Temple, Gatson, Williams) (10/28/1996) | | |
| 21. | EB0004049, EB0004055-0004132 | Except for stipulations/designations | Report of Proceedings (Ingles, Beligratis, Pesavento, Karl) (10/29/1996) | | |

8

| Joint Exhibit | Bates No. | Marked for ID Only | Description | Defendants' Objection | Plaintiff's Response to Objection |
|---|---|---|---|---|---|
| 22. | EB0018411-0018421 | Disputed | Bolden Indictment (3/25/1994) | **Plaintiff's Objection:** No objection if marked for identification only. Object to admission: Hearsay, Rule 403 | **Defendants' Response:** Public/Business record, course of investigation. |
| 23. | EB0001225-1228 | | Photographs of inside and outside of J&J Fish | | |
| 24. | CCSAO 1117-1120 | Disputed | Felony Review Case Notes (Belligratis) (2/26/1994) | **Defense objection:** No objection if for ID only, Hearsay (802)<br><br>**Plaintiff's Objection:** Subject to ruling on Plaintiff's MIL No. 1, reference to "on parole for manslaughter" should be redacted | **Plaintiff Response:** Not offered for the truth; offered to show effect on the listener (Belligratis), as well as to show defendants' knowledge/state of mind/absence of good faith/malice<br><br>**Defense Response:** Agree subject to MIL ruling |

9