**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF EDDIE L. BOLDEN'S TRIAL EXHIBIT LIST

Plaintiff Eddie L. Bolden, through his undersigned counsel, submits the attached Trial Exhibit List. In addition to the exhibits listed, Plaintiff reserves the right to use additional exhibits for impeachment, rebuttal, and cross-examination purposes, as well as based upon new information and issues raised during trial.

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 1. | CHI.BOLDEN 004475-004476 | | CPD Addendum to General Order No. 89-3 – Preliminary Investigations (Issued: 12/23/1991) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: defendants' violations of CPD policies go to their knowledge/state of mind/absence of good faith/malice/objective reasonableness. CPD policies also provide context and relevant background to help the jury understand the case.<br><br>Hearsay response: Not being offered for truth; goes to effect on the listener.<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 9. |
| 2. | CHI.BOLDEN 012025-12027 | | CPD Addendum to General Order No. 93-8 - Master Recording Tape Review Procedures (Issued: 06/10/1993) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 3. | CHI-BOLDEN 004695-004698 | | CPD Detective Division - Special Order No. 83-1 - Investigative Files (Issued: 01/13/1983) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 4. | CHI-BOLDEN 000902-000904 | | CPD Detective Division - Special Order No. 86-3 - Investigative Files (Issued: 05/19/1986) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 5. | CHI-BOLDEN 004483-004689 | | CPD Detective Division - Standard Operating Procedures (1988) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 6. | CHI.BOLDEN 011654 | | Application for Authority to Dispose of Local Records (Undated) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 7. | CHI.BOLDEN 013833 | | Radio Dispatch Card Disposal Policy (05/13/1993) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 8. | CHI.BOLDEN 013390 | | Sample CPD Dispatch Card (Undated) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 9. | CHI.BOLDEN 013494-013503 | | CPD Field Reporting Manual (12/00/1985) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 10. | CHI.BOLDEN 012926-012935 | | CPD General Order 81-1 - Inventory System for Property Taken Into Custody (Issued: 01/10/1981) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 11. | CHI.BOLDEN 012936 | | CPD General Order 81-1A - Inventory System for Property Taken Into Custody (Issued: 05/23/1983) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 12. | DEFOFC000724 (Excerpt of photo only) | | Photo of Roderick Stewart | Relevance (401-402), Foundation (901-902), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: probative of plaintiff's innocence because Stewart matches Frazier's description of the offender. Impeaches Stewart's credibility if he testifies and denies involvement.<br><br>Foundation response: Document was produced by defendants. There is no basis to dispute authenticity. Plaintiff will lay foundation at trial<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 13. | CHI-BOLDEN 004466-004467 | | CPD General Order 88-18 - Line-Up Procedures (Issued: 09/23/1988) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 14. | CHI.BOLDEN 010629 | | CPD Request to Review / Hold Recording Tape form (sample) (04/22/1998) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 1 above. |
| 15. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 16. | CHI-BOLDEN 011667 | | Arrest Report – (Edna Williams – Willis) (01/30/1994) | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response:  Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. Impeaches defendants' testimony regarding interview of Edna Williams.<br><br>Hearsay Response:  Offered for impeachment. Admissible under FRE 803(5), 803(6), and 803(8). Frazier's statement within the report is offered for its falsity, not its truth.<br><br>FRE response:  No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 6. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 17. | CHI-BOLDEN 011668 | | Arrest Report – (David McCray – Willis) (01/30/1994) | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response:  Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. Also shows that David McCray was wrongfully arrested as a result of Frazier's false identification—goes to Frazier's credibility.<br><br>Hearsay Response:  Offered for impeachment. Admissible under FRE 803(5), 803(6), and 803(8). Frazier's statement within the report is offered for its falsity, not its truth.<br><br>FRE response:  No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 6. |
| 18. | EB-FBI000041-47 | | Supplemental Report (Clifford Frazier Interview – Willis) (01/30/1994) | MIL 4, Hearsay (802) | Not offered for the truth; admissible to show effect on the listener, to explain to the jury information that was withheld by defendants, and to show knowledge/state of mind/absence of good faith/malice/objective reasonableness. Also admissible under FRE 803(5), 803(6), and 803(8). |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 19. | EB0000559 | | Composite Sketch | MIL 1, Foundation (901-902), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Foundation response:  Frazier testified it was prepared based on his description; Karl logged it into investigative file; Pesavento said he reviewed it; Oliver was listed by ASA as having knowledge about it.<br><br>Relevance response:  Goes to malice element of malicious prosecution claim and lack of probable cause for illegal detention and malicious prosecution claims.<br><br>Hearsay response:  Not a statement.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 1. |
| 20. | CHI-BOLDEN 013398-013399 | | Contact Information Sheets (Investigative File) | MIL 4, 7, 9, 10, Relevance (401-402), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Relevance response:  Part of detectives' investigative file for Plaintiff's criminal case.  Lists witnesses and victims.  Goes to defendants' knowledge and state of mind. Defendants have marked the investigative file as Def. Exhibit 111.<br><br>Foundation response:  Part of investigative file.  Pesavento testified he reviewed all reports in file. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 21. | EB0019389-0019390 | | Gang Specialist Daily Activity Summary (sample) (02/24/1993) | MIL 4, 7, 9, 10, Relevance (401-402), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Relevance response: Oliver's violation of CPD policy by not filling out activity summary for Plaintiff's case goes to his knowledge/state of mind/absence of good faith/malice.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 22. | EB0019418-0019428 | | Correspondence between Eddie Bolden and Brenda Lee | Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Damages<br><br>Hearsay response: Rule 803(3) (then existing state of mind); Rule 801(d)(1)(B) (prior consistent statement).<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 23. | CCSAO 0657 | X | Peters Notes | No objection if for ID only, Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Plaintiff will mark for ID only, except potentially for admission as a recorded recollection under FRE 803(5). |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 24. | CCSAO 002391-002394 | | General Offense Report (Cottage Grove—Temple and Sumpter) (01/29/1994) | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener and to show knowledge/state of mind/absence of good faith/malice. Witness statements within report also are not being offered for truth; goes to effect on the listener/state of mind/absence of good faith/malice. Also admissible under FRE 803(5), 803(6), and 803(8). |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 25. | EB0018848-0018870 | | Circuit Court of Cook County Order Granting New Trial | MIL 8 and Stipulation, Hearsay (802) | Defendants' proposed stipulation is insufficient. Plaintiff must prove that the criminal proceedings terminated in his favor in a manner indicative of innocence. Defendants have objected to Plaintiff's stipulations on this topic and are seeking to exclude evidence probative of this element of Plaintiff's malicious prosecution claim. *See* Def's. MIL 8 and Pl's. Response.<br><br>Hearsay response: Not being offered for the truth of the words in the opinion – the fact that the words were written is relevant to whether the proceedings terminated in a matter indicative of innocence and to show effect on the listener. Also admissible under FRE 803(8) and 807. Court may also take judicial notice under FRE 201. The issuance of the order itself is also a legally operative fact, not hearsay. |
| 26. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 27. | EB0012971-12986 | | Court of Appeals Opinion Remanding for Evidentiary Hearing | MIL 8 and Stipulation, Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Defendants' proposed stipulation is insufficient. Plaintiff must prove that the criminal proceedings terminated in his favor in a manner indicative of innocence. Defendants have objected to Plaintiff's stipulations on this topic and are seeking to exclude evidence probative of this element of Plaintiff's malicious prosecution claim. *See* Def's. MIL 8 and Pl's. Response.<br><br>Hearsay response: Not being offered for the truth of the words in the opinion – the fact that the words were written is relevant to whether the proceedings terminated in a matter indicative of innocence and to show effect on the listener. Also admissible under FRE 803(8) and 807. Court may also take judicial notice under FRE 201. The issuance of the order itself is also a legally operative fact, not hearsay.<br><br>403 Response: No basis for exclusion under this rule. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 28. | EB0019380 | | Photos of conference room in Area 2 (09/05/2018) | No objection if demonstrative only | Appearance of area around lineup room is relevant and shows where the walk by took place and that there were options where Plaintiff could be held prior to the lineup that would have avoided lineup. Relevant to the suggestiveness of lineup and defendants' intent, malice and absence of good faith |
| 29. | EB0019384 | | Photos of interview room in Area 2 (09/05/2018) | No objection if demonstrative only | Appearance of area around lineup room is relevant and shows where the walk by took place and that there were options where Plaintiff could be held prior to the lineup that would have avoided lineup. Relevant to the suggestiveness of lineup and defendants' intent, malice and absence of good faith |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 30. | EB0001294 | | Initial Appearance Form (02/28/1994) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Hearsay response: Form contains note that says "911 Important"; not being offered to prove truth of the matter asserted; the fact that the public defender wrote the words corroborates defendants' testimony that he called 911 and was telling his attorneys about the importance of getting the 911 recording. Also admissible under Rule 801(d)(1)(B)(i).<br><br>Foundation response: Plaintiff will testify that he provided the information on the form to the public defender assigned to the court room on the day of his initial appearance. Kevin Foster, a former public defender assigned as trial attorney for Plaintiff, testified that these forms are routinely filled out by public defenders at defendants' initial appearance. The form was maintained in the public defender's file for Plaintiff's criminal case.<br><br>Relevance response: Corroborates plaintiff's testimony that he called 911.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 31. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 32. | EB0001377 | | Foster subpoena issued to CPD – Street files (03/04/1994) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: The subpoena shows that Bolden's counsel requested evidence that was never produced to the defense because Defendants' did not submit the evidence for inclusion in their investigative file. Goes to defendants' malice/lack of good faith.<br><br>Hearsay response: The subpoena is not a hearsay statement, it is a legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201.<br><br>FRE 403 response: No basis for exclusion under this rule |
| 33. | EB0001378 | | Foster subpoena issued to CPD – Evidence reports (03/04/1994) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 32 above. |
| 34. | EB0001379 | | Foster subpoena issued to CPD – Police reports, etc. (03/04/1994) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 32 above. |
| 35. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 36. | CHI.BOLDEN 012404-12407 | | Misdemeanor Complaint against David McCray (01/30/1994) | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. Also shows that David McCray was wrongfully charged as a result of Frazier's false identification—goes to Frazier's credibility.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 37. | CHI.BOLDEN 012394-12397 | | Misdemeanor Complaint against Edna Williams (01/29/1994) | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |
| 38. | CHI.BOLDEN 012411-12412 | | Misdemeanor Complaint against James Williams (01/29/1994) | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 39. | CCSAO 623-624, 627-628 | | Noonan messages from Clifford Frazier (Various Dates) | Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Relevance response: The notes reflect that Frazier called the ASA and confirmed Plaintiff's investigator reached out to him for an interview, but he did not talk to him; notes also reflect that Frazier called the ASA to talk about the possibility of the ASA's office providing him with an apartment; goes to Frazier's bias.<br><br>Hearsay response: Not being offered for truth; the fact that Frazier spoke the words indicates his bias.<br><br>Foundation response: The notes were in the State's Attorney's file; the inability to identify the assistant who wrote the note goes to weight, not admissibility.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 40. | | | INTENTIONALLY LEFT BLANK | | |
| 41. | EB0001182 | | Lineup Photo (02/26/1994) | No objection | |
| 42. | EB0001183 | | Lineup Photo (02/26/1994) | No objection | |
| 43. | | | INTENTIONALLY LEFT BLANK | | |
| 44. | CCSAO 4319 | | Photograph of front of J&J Restaurant | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 45. | CCSAO 0062 and CCSAO 0064 | | Photographs of front of Harold's Chicken | No objection | |
| 46. | EB0018951 (native image) | | Photograph of inside of J&J Restaurant | No objection | |
| 47. | EB0019432-0019443 | | Group Exhibit – Photos of Menard Correctional Center | Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902), Photo produced 15 months after discovery | Rule 403 response: No basis for exclusion under this rule.<br><br>Foundation response: Plaintiff will lay foundation during trial testimony.<br><br>Late disclosure response: No prejudice. |
| 48. | EB0019444-0019452 | | Group Exhibit – Photographs of Stateville Prison | Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902), Photo produced 15 months after discovery | Rule 403 response: No basis for exclusion under this rule.<br><br>Foundation response: Plaintiff will lay foundation during trial testimony.<br><br>Late disclosure response: No prejudice. |
| 49. | - - - - - - | | Diagrams of Minerva / Cottage Grove Areas (demonstrative) | No objection if for ID only | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 50. | CCSAO 0895-896 | | Iberia Firearms Inventory (01/30/1994) | No objection if for ID only but subject to MIL 4, 7, 9, 10, Hearsay (802) | Document shows there was blood on gun, but defendants did not request testing; goes to defendants' knowledge/state of mind/absence of good faith/malice; also relevant to objective reasonableness inquiry for probable cause, which requires jurors to evaluate what defendants knew and what reasonably trustworthy information they received; also shows that Frazier was arrested; goes to Frazier's bias—arrested but never charged. *See also* Responses to Def.'s cited MILs.<br><br>Hearsay response: Not being offered for truth; being offered to show defendants' knowledge/state of mind/absence of good faith/malice; also being offered to show Frazier's bias. Also admissible under FRE 803(5), 803(6), and 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 51. | CCSAO 0892-893 | | Mach 11 Firearms Inventory (01/29/1994) | No objection if for ID only but subject to MIL 4, 7, 9, 10, Hearsay (802) | Document shows that the CPD officer who recovered the gun requested that the gun be preserved as evidence, but it was not. The recovering officer later filled out a request to have the gun destroyed; he later submitted a form asking for the gun to be destroyed; he testified he would not have done that without getting lead detectives' permission; goes to defendants' knowledge/state of mind/absence of good faith/malice. *See also* Responses to Def's. cited MILs.<br><br>Hearsay response: not being offered for truth; goes to defendants' knowledge/state of mind/absence of good faith/malice. Also admissible under FRE 803(5), 803(6), and 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 52. | CHI.BOLDEN 11647-11650 | | Mach 11 Disposal Request – Gun Destruction Ledger (Various Dates) | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 51 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 53. | EB0019453 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's children, Dominique Bolden, Antonio Johnson, and Brianna Johnson.<br><br>Late disclosure response: No prejudice. |
| 54. | EB0019454 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's children, Dominique Bolden, Antonio Johnson, and Brianna Johnson.<br><br>Late disclosure response: No prejudice. |
| 55. | EB0019455 | | "Mary Lee" funeral pamphlet (E. Bolden mother) | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's grandmother, Mary Lee.<br><br>Late disclosure response: No prejudice. |
| 56. | EB0019456 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's children, Dominique Bolden, Antonio Johnson, and Brianna Johnson.<br><br>Late disclosure response: No prejudice. |
| 57. | EB0019457 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's daughter, Brianna Johnson.<br><br>Late disclosure response: No prejudice. |
| 58. | EB0019458 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's daughter, Brianna Johnson.<br><br>Late disclosure response: No prejudice. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 59. | EB0019459 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's daughter, Brianna Johnson.<br><br>Late disclosure response: No prejudice. |
| 60. | EB0019460 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's daughter, Brianna Johnson.<br><br>Late disclosure response: No prejudice. |
| 61. | EB0019461 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's son, Antonio Johnson.<br><br>Late disclosure response: No prejudice. |
| 62. | EB0019462 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's son, Antonio Johnson.<br><br>Late disclosure response: No prejudice. |
| 63. | EB0019463 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Plaintiff's son, Antonio Johnson.<br><br>Late disclosure response: No prejudice. |
| 64. | EB0019464 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Dominique Bolden, Plaintiff's son (left). The person on the right is an NBA basketball player named Anthony Davis.<br><br>Late disclosure response: No prejudice. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 65. | EB0019465 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Dominique Bolden, Plaintiff's son.<br><br>Late disclosure response:  No prejudice. |
| 66. | EB0019466 | | Photograph – Damages | Photo produced 15 months after close of discovery, Defs. cannot determine relevancy until Pl. states who is in photo | This is a photo of Dominique Bolden, Plaintiff's son.<br><br>Late disclosure response:  No prejudice. |
| 67. | EB0019467 | | Photograph of James Oliver | Relevance (401-402), Photo produced 15 months after close of discovery | Relevance: This photograph was shown to Cynthia Steward, who identified Oliver as the police officer who committed some of the misconduct alleged in this case.<br><br>Late disclosure response:  No prejudice. Further, Plaintiff sought a photo of Oliver in discovery and Oliver failed to produce one. The late disclosure was thus due to Defendant Oliver, rather than Plaintiff, who continued to diligently seek out a photograph. |
| 68. | IDOC000594-000595 | | IDOC Committed Person's Grievance – Tooth Extraction (09/30/2005) | Hearsay (802), Relevance (401-402), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Hearsay response:  FRE 803(4), 803(6) and 803(8), 801(d)(1)(B)<br><br>Relevance response:  Damages<br><br>FRE 403 response:  No basis for exclusion under this rule. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 69. | IDOC000604-000605 | | IDOC Committed Person's Grievance – Water Issue (02/13/2008) | Hearsay (802), Relevance (401-402), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Hearsay response:  FRE 803(6) and 803(8), 801(d)(1)(B)  Relevance response:  Damages  FRE 403 response:  No basis for exclusion under this rule. |
| 70. | IDOC000618-000619 | | IDOC Offender's Grievance – Library Access (08/16/2011) | Hearsay (802), Relevance (401-402), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Same response as no. 69 above. |
| 71. | IDOC000616-000617 | | IDOC Offender's Grievance – No Commissary (09/28/2011) | Hearsay (802), Relevance (401-402), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Same response as no. 69 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 72. | EB0018410 | | Certificate of Innocence | MIL 8 and Stipulation, Hearsay (802), Relevance (401-402), Unduly prejudicial, confusing, misleading and cumulative (403), Foundation (901-902) | Defendants' proposed stipulation is insufficient and Plaintiff must prove that the criminal proceedings terminated in his favor. Defendants have objected to Plaintiff's stipulations on this topic and are seeking to exclude evidence probative of this element of Plaintiff's malicious prosecution claim. *See* Def's. MIL 8 and Pl's. Response.<br><br>Hearsay response: Admissible under FRE 803(8) and 807. Court may also take judicial notice under FRE 201. *See also* Pl's Resp. to Def's MIL No. 8.<br><br>403 Response: No basis for exclusion under this rule. *See also* Pl's Resp. to Def's MIL No. 8.<br><br>Foundation response: Self-authenticating. Defendants have no basis to dispute the authenticity of this signed and stamped court order. Plaintiff will lay foundation to the extent needed at trial. |
| 73. | EB0018902, EB0018917-0018918 (native images) | | Photos of Victim's Car at Minerva | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 74. | EB0002727 | | Photo of Eddie Bolden wearing hat | MIL 1, Foundation (901-902) | Defendants' MIL No. 1 seeks to bar evidence of the composite sketch, a copy of which is Plaintiff's exhibit 19. The motion does not relate to this exhibit, which is simply a photograph of Plaintiff.<br><br>Plaintiff will lay sufficient foundation and authenticate the photograph at trial. |
| 75. | | | INTENTIONALLY LEFT BLANK | | |
| 76. | CCSAO000112-113, 1406 and 2979 | | Group Exhibit – Documents re Bolden Address | Relevance (401-402), Hearsay (802) | Relevance response: Plaintiff alleges that defendant Karl called out his name and his address on Honore Street during the lineup. These documents corroborate that the detectives indeed had Mr. Bolden's Honore Street address in their files at the time of the lineup.<br><br>Hearsay response: Admissible as non-hearsay under FRE 801(d)(1)(B)(i); also goes to effect on the listener. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 77. | CHI.BOLDEN 012408 | | SOL of James Williams Case | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. That Williams was charged and the charges were dismissed also goes to defendants' knowledge/state of mind/absence of good faith/malice.<br><br>Hearsay Response: Dismissal of case is a legally operative fact. Also admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6. |
| 78. | NO BATES | | James Williams' drawing of J&J Fish (J. Williams Deposition Exhibit 1) | No objection if for ID only | Layout of J&J Fish provides the jury with relevant background and context to consider witnesses' testimony. |
| 79. | EB0001442 -0001443 | | General Offense Report (Minerva--Dunn) (01/29/1994) | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice.<br><br>Also admissible under FRE 803(5), 803(6), and 803(8). |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 80. | | | INTENTIONALLY LEFT BLANK | | |
| 81. | | | INTENTIONALLY LEFT BLANK | | |
| 82. | | | INTENTIONALLY LEFT BLANK | | |
| 83. | | | INTENTIONALLY LEFT BLANK | | |
| 84. | | | INTENTIONALLY LEFT BLANK | | |
| 85. | CHI.BOLDEN 013461 | | Forensic Institute Medical Examiner Case Report for Ledell Clayton (01/30/1994) | Hearsay (802), Foundation (901-902) | Hearsay response:  Not being offered for the truth; admissible to show effect on the listener and to show knowledge/state of mind/absence of good faith/malice. Also admissible under 803(4), 803(6) and 803(8).<br><br>Foundation response: Part of investigative file.  Pesavento testified he reviewed all reports in file. |
| 86. | EB0001444-0001449 | | Supplementary Report (Progress Report—Pesavento and Karl) (01/30/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8).<br><br>Witness statements within report not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice; certain witness statements are also being offered to show that they were fabricated (i.e., the falsity of the matter asserted). |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 87. | EB0000435 | | Supplementary Report (Recovery of cocaine from Clifford Frazier apartment—Jackson, Silas and Robbins) (01/31/1994) | No objection if for ID only, Hearsay (802) | Admissible under FRE 803(5), 803(6), and 803(8).  Also admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. |
| 88. | | | INTENTIONALLY LEFT BLANK | | |
| 89. | | | INTENTIONALLY LEFT BLANK | | |
| 90. | | | INTENTIONALLY LEFT BLANK | | |
| 91. | EB0000471 | | General Progress Report (Lineup participant notes—Siwek and Pesavento) (02/26/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8). |
| 92. | EB0000361 | | Crime Scene Processing Report (Lineup participant photographs—Jachna) (02/26/1994) | No objection if for ID only, Hearsay (802) | Admissible under FRE 803(5), 803(6), and 803(8). |
| 93. | | | INTENTIONALLY LEFT BLANK | | |
| 94. | CCSAO 0549 | | General Progress Report (Notes of Eddie Bolden interview—Siwek) (02/26/1994) | No objection if for ID only, Hearsay (802) | Statement of a party opponent (FRE 801(d)(2)(A)) and statement of a co-conspirator (801(d)(2)(E)). Also admissible under FRE 803(5), 803(6), and 803(8). |
| 95. | | | INTENTIONALLY LEFT BLANK | | |
| 96. | CCSAO 0246-0247 | | Case Fact Sheet (Belligratis) (02/27/1994) | No objection if for ID only, Hearsay (802), Foundation (901-902) | Not offered for the truth; offered to show effect on the listener (Belligratis), as well as to show defendants' knowledge/state of mind/absence of good faith/malice |
| 97. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 98. | CCSAO 0643-0646 | | Lynda Peters notes (Various Dates) | No objection if for ID only, Hearsay (802) | Plaintiff will mark for ID only, except potentially for admission as a recorded recollection under FRE 803(5) |
| 99. | CHI-BOLDEN 000856 | | Training records – Oliver (02/22/2017) | No objection if for ID only, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Goes to defendants' knowledge/state of mind/absence of good faith/malice.<br><br>Hearsay response: not being offered for the truth; offered for impeachment and to show defendants' knowledge/state of mind/absence of good faith/malice; also admissible under FRE 803(6)<br><br>FRE 403 response: no basis for exclusion under this rule. |
| 100. | CHI-BOLDEN 000858-000859 | | Training records – Pesavento (02/22/2017) | No objection if for ID only, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 99 above |
| 101. | CHI-BOLDEN 000860-000863 | | Training records – Siwek (02/22/2017) | No objection if for ID only, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 99 above |
| 102. | | | INTENTIONALLY LEFT BLANK | | |
| 103. | | | INTENTIONALLY LEFT BLANK | | |
| 104. | | | INTENTIONALLY LEFT BLANK | | |
| 105. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 106. | - - - - - - | X | Defendant Pesavento's Responses to Plaintiff's First Set of Interrogatories (06/20/2017) | No objection if for ID only | |
| 107. | - - - - - - | X | Defendant Oliver's Responses to Plaintiff's First Set of Interrogatories (06/21/2017) | No objection if for ID only | |
| 108. | - - - - - - | X | Defendant Siwek's Responses to Plaintiff's First Set of Interrogatories (06/29/2017) | No objection if for ID only | |
| 109. | - - - - - - | X | James Oliver's Response to Plaintiff's Second Set of Interrogatories (03/16/2018) | No objection if for ID only | |
| 110. | - - - - - - | X | Angelo Pesavento's Response to Plaintiff's Second Set of Interrogatories (03/24/2018) | No objection if for ID only | |
| 111. | - - - - - - | X | Siwek's Responses to Plaintiff's Second Set of Interrogatories (04/07/2018) | No objection if for ID only | |
| 112. | - - - - - - | X | Defendant James Oliver's Answer to Plaintiff's Third Set of Interrogatories (05/11/2018) | No objection if for ID only | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 113. | - - - - - - | X | Defendant Angelo Pesavento's Answer to Plaintiff's Third Set of Interrogatories (05/17/2018) | No objection if for ID only | |
| 114. | EB0005809-0005812 | | Bolden's Motion for Pretrial Discovery (05/05/1994) | Relevance (401-402), Hearsay (802) | Relevance response: fact that defense attorney requested information State intended to use at trial and State responded that it intended to use Clifford Frazier's guns is relevant to showing defendants' absence of good faith/malice.<br><br>Hearsay response: Admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201. |
| 115. | EB0005131-0005135 | | State's Answer to Discovery (05/05/1994) | Relevance (401-402), Hearsay (802) | Same response as no 114 above. |
| 116. | EB0019369-0019370 and EB-FBI000002-EB-FBI000030, EB-FBI000041-EB-FBI000042 | X | Dale Tipton Affidavit and attachments | No objection to content of FBI documents, objection to the affidavit and remaining attachments based on MIL 4, 7, 9, 10, Relevance (401-402), Unduly prejudicial, confusing, misleading and cumulative (403) | This affidavit is marked for identification only and would only be used for refreshing recollection.<br><br>The cited MIL's do not provide any basis for exclusion. The relevance of Tipton's testimony is set forth in Pl's. Resp. to Def's MIL No. 11 (Dkt. 331).<br><br>FRE 403 response: No basis for exclusion under this rule. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 117. | NO BATES | X | Hickey testimony in Fields v. City of Chicago matter (05/30/2012) | Relevance (401-402), MIL 4, 7, 9, 10, Unduly prejudicial, confusing, misleading and cumulative (403) | This transcript is marked for identification only and would only be used for refreshing recollection or impeachment. |
| 118. | NO BATES | X | Hickey testimony in Rivera v. Guevara, et al (05/06/2014) | Relevance (401-402), Relevance (401-402), MIL 4, 7, 9, 10, Unduly prejudicial, confusing, misleading and cumulative (403) | This transcript is marked for identification only and would only be used for refreshing recollection or impeachment. |
| 119. | CCSAO 0874 | | Lynda Peters' notes about trial evidence. | No objection if for ID only, Hearsay (802) | Plaintiff will mark for ID only, except potentially for admission as a recorded recollection under FRE 803(5). |
| 120. | NO BATES | | Diagram of J&J Fish (Demonstrative) | No objection if for ID only | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 121. | CHI.BOLDEN 012392 | | SOL of Edna Williams Case | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. That Williams was charged and the charges were dismissed also goes to defendants' knowledge/state of mind/absence of good faith/malice.<br><br>Hearsay Response: Dismissal of case is a legally operative fact. Also admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6. |
| 122. | CCSAO 0037, 0040 and 0046 | | Photos of bullet holes – C. Frazier vehicle | No objection | |
| 123. | CCSAO 0016 and CCSAO 0043-0047 | | Photos of yellow tape – vacant lot | No objection | |
| 124. | CCSAO 0892 | | CPD Inventory Report No. 1275322 | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Also admissible under 803(5), 803(6) and 803(8). |
| 125. | | | INTENTIONALLY LEFT BLANK | | |
| 126. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 127. | | | INTENTIONALLY LEFT BLANK | | |
| 128. | EB0019351 | | Guest Book – Ledell Clayton funeral | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: corroborates Steward's testimony regarding undisclosed conduct of the defendant officers.<br><br>Hearsay response: not being offered for the truth of any statement in the funeral book. The fact that the book exists and that there are certain markings in the book corroborates Steward's testimony.<br><br>FRE 403 response: no basis for exclusion under this rule. |
| 129. | CCSAO 00844-00845 | | Property Inventory Sheet Nos. 1237068 and 1237069 | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Also admissible under 803(6) and 803(8). |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 130. | CCSAO 0894 | | CCSAO Notes re Gun Destruction | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Gun destruction is relevant to defendants' knowledge/state of mind/absence of good faith/malice. *See* Pl's. Resp. to Def's. MIL No. 4.<br><br>Hearsay response: Not being offered for the truth; offered to show Pesavento's knowledge. Also admissible under FRE 807 and 803(5).<br><br>FRE 403 response: no basis for exclusion under this rule. |
| 131. | EB0018951 (native file) | | Photo of inside of J&J's Restaurant | No objection | |
| 132. | NO BATES | | Photo of outside of building housing J&J's Restaurant and pager shop | Not disclosed | For demonstrative purposes only. |
| 133. | CHI-BOLDEN 000704 | | CPD Property Inventory No. 1286561 - Bullet recovered from Motorcraft battery | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Also admissible under 803(6) and 803(8). |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 134. | CHI-BOLDEN 000799 | | CPD Crime Scene Processing Report - Motorcraft battery bullet | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Also admissible under 803(6) and 803(8). |
| 135. | CCSAO 0852 | | CPD Property Inventory No. 1274913 - L. Clayton bullet | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Also admissible under 803(6) and 803(8). |
| 136. | CHI-BOLDEN 000798 | | CPD Crime Scene Processing Report - Ledell Clayton Bullet and Blood Vial | No objection if for ID only, Hearsay (802) | Not being offered for the truth; admissible to show effect on the listener/knowledge/state of mind/absence of good faith/malice. Also admissible under 803(6) and 803(8). |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 137. | CHI.BOLDEN 001740 | | CPD General Order (Addendum) – Specific Responsibilities – 93-3-2 | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: defendants' violations of CPD policies go to their knowledge/state of mind/absence of good faith/malice/objective reasonableness. CPD policies also provide context and relevant background to help the jury understand the case.<br><br>Hearsay response: Not being offered for truth; goes to effect on the listener.<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 9. |
| 138. | | | INTENTIONALLY LEFT BLANK | | |
| 139. | | X | Defendant Oliver's Response to Plaintiff's Second Set of Requests for Production | Relevance (401-402) | Relevant to show why Cynthia Steward did not identify defendant Oliver from a photo during her deposition and was only able to do so after her deposition. Also relevant to Oliver's credibility. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 140. | CHI.BOLDEN 012028-12032 | | CPD Addendum to General Order 93-8 - Administrative Message Facsimile Network | MIL 4, 7, 9, 10, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: defendants' violations of CPD policies go to their knowledge/state of mind/absence of good faith/malice/objective reasonableness. CPD policies also provide context and relevant background to help the jury understand the case.<br><br>Hearsay response: Not being offered for truth; goes to effect on the listener.<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 9. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 141. | CCSAO 0109, 1064, 1069 and 1092 | | GROUP EXHIBIT – CCSAO Subpoenas for Reports and Evidence | Relevance (401-402), Hearsay (802) | Relevance response: The subpoena shows that the State requested evidence that was never produced to the defense because Defendants' did not submit the evidence for inclusion in their investigative file. Goes to defendants' malice/lack of good faith.<br><br>Hearsay response: Legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201.<br><br>FRE 403 response:  No basis for exclusion under this rule |
| 142. | CCSAO 1000 | | CCSAO Subpoena to Edward Siwek | Relevance (401-402), Hearsay (802) | Relevance response: The fact that the State subpoenaed Siwek to testify at trial is relevant to show involvement in the investigation.<br><br>Hearsay response: Legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 143. | CCSAO 0962 | | CCSAO Subpoena to James Oliver | Relevance (401-402) Hearsay (802) | Relevance response: The fact that the State subpoenaed Siwek to testify at trial is relevant to show involvement in the investigation.<br><br>Hearsay response: Legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201. |
| 144. | EB0005590-5591 and EB0005625-5627 | | Trial Stipulation re: Maurice Willis | No objection | |
| 145. | CCSAO 0006-0007 | | CCSAO Documentation re Edna Williams Arrest | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 146. | CCSAO 0897-0898 | | CCSAO Documentation re David McCray Arrest | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. Also shows that David McCray was wrongfully charged as a result of Frazier's false identification—goes to Frazier's credibility.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 147. | CCSAO 0004-0005 | | CCSAO Documentation re James Williams Arrest | MIL 6, Relevance (401-402), Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. <br><br> Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8). <br><br> FRE 403 response: No basis for exclusion under this rule. <br><br> *See also* Pl's. Resp. to MIL No. 6 |
| 148. | DEF IDOC 0000282 | | IDOC Phone Recording Excerpt (10:56-13:14) & transcript (9/9/2009) | Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: Admissible under FRE 803(3) as evidence of Plaintiff's then-existing state of mind and emotional, sensory, and physical condition. Also admissible as a prior consistent statement under 801(d)(1)(B). <br><br> FRE 403 response: No basis for exclusion under this rule. Highly probative of damages. |
| 149. | DEF IDOC 000287 | | IDOC Phone Recording Excerpt (1:19-4:36) & transcript (10/3/2009) | Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 148 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 150. | DEF IDOC 000290 | | IDOC Phone Recording Excerpt (18:36-20:53) & transcript (10/7/2009) | Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 148 above. |
| 151. | DEF IDOC 000305 | | IDOC Phone Recording Excerpt (26:45-27:35) & transcript (11/4/2009) | Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 148 above. |
| 152. | DEF IDOC 000227 | | IDOC Phone Recording Excerpts (1:25-2:12, 6:00-8:01, 8:41-10:18, and 19:40-20:47) & transcript (4/26/2009) | Hearsay (802), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 148 above. |
| 153. | EB0000125-0000133 | | Transcript – Pesavento grand jury testimony | No objection | |
| 154. | EB0007379-0007392 | | Transcript – Pesavento suppression hearing testimony | No objection | |
| 155. | EB0006803-0006992 | | Transcript – Pesavento trial testimony | No objection | |
| 156. | EB0007118-7119, 0007168-0007181 | | Transcript – Pesavento rebuttal trial testimony | No objection | |
| 157. | EB0007414-0007450 | Except for designations | Transcript – Karl suppression hearing testimony | No objection | |
| 158. | | | INTENTIONALLY LEFT BLANK | | |
| 159. | | | INTENTIONALLY LEFT BLANK | | |
| 160. | EB0007414-0007427 | | Transcript – Bolden suppression hearing testimony | Hearsay (802) | Rule 801(d)(1)(B)(i) |
| 161. | | | INTENTIONALLY LEFT BLANK | | |
| 162. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 163. | | | INTENTIONALLY LEFT BLANK | | |
| 164. | | | INTENTIONALLY LEFT BLANK | | |
| 165. | | | INTENTIONALLY LEFT BLANK | | |
| 166. | | | INTENTIONALLY LEFT BLANK | | |
| 167. | | | INTENTIONALLY LEFT BLANK | | |
| 168. | EB0006580, 0006589-0006615 | X | Transcript – motion in limine arguments | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: Peters states during argument that Anthony Williams was unavailable for Plaintiff's criminal trial. This is relevant to explain why Plaintiff did not call Mr. Williams as an alibi witness.<br><br>FRE 403 response: No basis for exclusion under this rule. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 169. | EB0006580, 0006621-0006635 | X | Transcript – opening statements | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: Transcript includes discussion of numerous relevant facts. Shows how testimony, evidence, and information provided by defendants and Frazier was used at trial, which assists the jury in determining whether Plaintiff's trial was unfair.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 170. | EB0007118, 0007218-0007280 | X | Transcript – closing arguments | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 169 above. |
| 171. | EB0007118, 0007281-0007302 | X | Transcript – rebuttal closing | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 169 above. |
| 172. | | | INTENTIONALLY LEFT BLANK | | |
| 173. | | | INTENTIONALLY LEFT BLANK | | |
| 174. | EB0011966, 0011969-0012024 | X | Transcript – Jackson post-conviction testimony | No objection if for ID only | |
| 175. | EB0019468-0019471 | X | Cynthia Steward Declaration (10/29/2019) | No objection if for ID only | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 176. | CCSAO 006783-006784 | X | Bolden Criminal Complaint | No objection if for ID only | |
| 177. | | | INTENTIONALLY LEFT BLANK | | |
| 178. | CCSAO 002643-002647 | X | Death penalty memo | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: this document shows that the State used the statement of Lee Williams, which defendants' fabricated, in seeking the death penalty against Mr. Bolden. This is directly relevant to the "commence and continue" element of Plaintiff's malicious prosecution claim.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 179. | EB0000315 | X | Index for Record on Appeal | Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: shows dates of various filings during criminal proceedings.<br><br>FRE 403 response: No basis for exclusion under this rule. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 180. | CCSAO 0554 | X | Official Statement of Facts | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: this document contains information provided to Peters by Pesavento. It is relevant to Pesavento's knowledge/state of mind and probable cause.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 181. | DEF OFC 000724-000730; DEF OFC 000731-000751; DEF OFC 000752-000756; CHI.BOLDEN014692-014701 | X | Group Exhibit: Roderick Stewart Criminal History and arrest reports | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay and relevance responses: Only would be used for the permissible purposes set forth in Plaintiff's Response to Defendants' MIL No. 3 (Dkt. 328), including impeachment under FRE 609 and 613(b).<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 182. | CHI.BOLDEN 002414-2423 | X | Internal Affairs Summary Report | MIL 12, Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Admissible for the reasons set forth in Plaintiff's Response to Defendants' MIL No. 12 (Dkt. 440). |
| 183. | CHI.BOLDEN 002476-2480 | X | Internal Affairs Transcript (October 26, 1999) | MIL 12, Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Same as response no. 183 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 184. | CHI.BOLDEN 013145, 13148 and 13164 | X | Oliver Personnel Records | MIL 12, Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Same as response no. 183 above. |
| 185. | NO BATES | X | Individual Defendants' Statement of Undisputed Facts in Support of Summary Judgment | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, judgment misleading and cumulative (403) | Would be used only for impeachment purposes. Statements or admissions of undisputed facts in summary judgment are admissions of a party opponent. |
| 186. | NO BATES | | Defendant City of Chicago's Responses to Plaintiff's Requests for Admission | MIL 2, 4, 7, 9, 10, City MIL 1Relevance (401-402), | The City of Chicago, a party opponent, admitted numerous relevant facts. These include, but are not limited to, facts related to the defendants' concealment of the Willis report, failure to test the .40 caliber gun, the destruction of the gun, the failure to listen to the 911 recording, failure to preserve notes, and the applicability of CPD policies. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 187. | EB0018597 | | Order – Defendant to be Released – MS Nolle (4/19/16) | MIL 8 and Stipulation, Hearsay (802) | Defendants' proposed stipulation is insufficient. Plaintiff must prove that the criminal proceedings terminated in his favor in a manner indicative of innocence. Defendants have objected to Plaintiff's stipulations on this topic and are seeking to exclude evidence probative of this element of Plaintiff's malicious prosecution claim. *See* Def's. MIL 8 and Pl's. Response.<br><br>Hearsay response: The dismissal order is a legally operative fact, not a hearsay statement. Also admissible under FRE 803(8) and 807. Court may also take judicial notice under FRE 201. |