**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EDDIE L. BOLDEN,                )
                                  )
           Plaintiff,        )        Case No. 17 C 00417
                                  )
          vs.                 )        Honorable Steven C. Seeger
                                  )
CITY OF CHICAGO, et al.,      )
                                  )
           Defendants.     )

**<u>AGREED JURY INSTRUCTIONS</u>**

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During the trial, I may have asked a witness a question myself. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed Jury Instruction No. 1

Source: Seventh Circuit Pattern Civil Jury Instruction 1.02

**EVIDENCE**

The evidence consists of the testimony of the witnesses[,] [and] the exhibits admitted in evidence[, and stipulation[s]].

A stipulation is an agreement between both sides that [certain facts are true], or [that a person would have given certain testimony].]

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

Agreed Jury Instruction No. 2

Source: Seventh Circuit Pattern Civil Jury Instruction 1.04

**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by ~~[the reading of~~ depositions~~depositions [and video]~~ and prior testimony from Plaintiff's criminal proceedings. You should give this testimony the same consideration you would give it had the witness~~[es]~~ appeared and testified here in court.

Agreed Jury Instruction No. 3

Source: Seventh Circuit Pattern Civil Jury Instruction 1.05

**WHAT IS NOT EVIDENCE**

Certain things are not to be consider as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. {This includes any press, radio, Internet or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.}

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Agreed Jury Instruction No. 4

Source: Seventh Circuit Pattern Civil Jury Instruction 1.06

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Agreed Jury Instruction No. 5

Source: Seventh Circuit Pattern Civil Jury Instruction 1.07

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Agreed Jury Instruction No. 6

Source: Seventh Circuit Pattern Civil Jury Instruction 1.08

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.


Agreed Jury Instruction No. 7

Source: Seventh Circuit Pattern Civil Jury Instruction 1.09

**EVIDENCE LIMITED TO CERTAIN PARTIES**

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning [describe evidence if practicable] each individual defendant only in the case against [Party] that individual defendant. You must not consider it against any other party co-defendant.

Agreed Jury Instruction No. 8

Source: Seventh Circuit Pattern Civil Jury Instruction 1.10

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Agreed Jury Instruction No. 9

Source: Seventh Circuit Pattern Civil Jury Instruction 1.11

**DEFINITION OF "DIRECT"**
**AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Jury Instruction No. 10

Source: Seventh Circuit Pattern Civil Jury Instruction 1.12

**TESTIMONY OF WITNESSES**
**(DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Agreed Jury Instruction No. 11

Source: Seventh Circuit Pattern Civil Jury Instruction 1.13

**PRIOR INCONSISTENT STATEMENTS OR ACTS**

You may consider statements given by [Party] [Witness under oath] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

[In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.]

Agreed Jury Instruction No. 12

Source: Seventh Circuit Pattern Civil Jury Instruction 1.14

**IMPEACHMENT OF WITNESSES – CONVICTIONS**

You have heard evidence that [*Name*] individuals has have been convicted of a crime. You may consider this evidence only in deciding whether [*Name's*] that individual's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Agreed Jury Instruction No. 13

Source: Seventh Circuit Pattern Civil Jury Instruction 1.15

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed Jury Instruction No. 14

Source: Seventh Circuit Pattern Civil Jury Instruction 1.16

**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Agreed Jury Instruction No. 15

Source: Seventh Circuit Pattern Civil Jury Instruction 1.17

**ABSENCE OF EVIDENCE**

      The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Agreed Jury Instruction No. 16

Source: Seventh Circuit Pattern Civil Jury Instruction 1.18

**EXPERT WITNESS**

You have heard [a witness] [witnesses] give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Agreed Jury Instruction No. 17

Source: Seventh Circuit Pattern Civil Jury Instruction 1.21

**DEMONSTRATIVE EXHIBITS**

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] [diagrams, sketches, and charts] have been shown to you. Those [*short description*] materials are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.


Agreed Jury Instruction No. 18

Source: Seventh Circuit Pattern Civil Jury Instruction 1.24

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Agreed Jury Instruction No. 19

Source: Seventh Circuit Pattern Civil Jury Instruction 1.27

**~~IN TRIAL~~ INSTRUCTION ON NEWS COVERAGE**

I understand that reports about this trial ~~[or about this incident]~~ are appearing in the newspapers ~~and [or] on radio,~~ and television, ~~[and the internet].~~ The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

Agreed Jury Instruction No. 20

Source: Seventh Circuit Pattern Civil Jury Instruction 2.02

**SELECTION OF PRESIDING JUROR;**
**GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. You may discuss the case only when all jurors are present.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, a smart phone, or computer to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during the deliberations.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.)

OR

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

Agreed Jury Instruction No. 21

Source: Seventh Circuit Pattern Civil Jury Instruction 1.32

**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

Agreed Jury Instruction No. 22

Source: Seventh Circuit Pattern Civil Jury Instruction 1.33

**DISAGREEMENT AMONG JURORS**

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed Jury Instruction No. 23

Source: Seventh Circuit Pattern Civil Jury Instruction 1.34

4833-9451-2121, v. 3

**Formatted:** Line spacing: Exactly 9 pt