**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| EDDIE L. BOLDEN, | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No. 17 C 00417 | |
| | ) | | |
| vs. | ) | Honorable Steven C. Seeger | |
| | ) | | |
| CITY OF CHICAGO, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.


Plaintiff's Proposed Jury Instruction No. 1

Source: Seventh Circuit Pattern Civil Jury Instruction 1.01.

Defendants' Objection: Defendants object as Plaintiff's instruction does not include the bracketed language in the pattern instruction. Defendants have a legitimate concern that in this reverse conviction case against former police officers, jurors could be influenced by their sympathy towards a Plaintiff who had his conviction reversed, prejudice against the police, and the public opinion that has been portrayed in the media about Plaintiff's reversed conviction.

## THE PARTIES AND THE CLAIMS

The Plaintiff in this case is Eddie Bolden. I will refer to him as the Plaintiff. The Defendants in this case are James Oliver, Angelo Pesavento, Edward Siwek, George Karl, and the City of Chicago. I will refer them as the Defendants.

Although Defendants Edward Siwek and George Karl are deceased, you are to treat them the same as any other defendant. For the purposes of this trial, you are to consider Plaintiff's claims against Edward Siwek and George Karl in the exact same manner that you would if they were alive, and at the end of the trial you will be asked to determine whether Edward Siwek and/or George Karl are liable to Plaintiff.

Plaintiff brings the following claims:

First, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl violated his constitutional rights by employing a suggestive identification procedure that tainted his criminal trial.

Second, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl violated his constitutional rights by causing his detention without probable cause while Plaintiff awaited trial.

Third, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl failed to intervene to prevent the violation of Plaintiff's constitutional rights as described in claims one and two.

Fourth, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl conspired to deprive him of his constitutional rights as described in claims one and two.

Fifth, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl maliciously caused him to be prosecuted for murder and attempted murder.

Sixth, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl intentionally caused him emotional distress.

Seventh, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl conspired to deprive him of his rights under Illinois law as described in claims five and six.

Eighth, Plaintiff claims that the City of Chicago is vicariously liable for the conduct of Defendants Oliver, Pesavento, Siwek, and Karl, as described in claims one through seven.

Ninth, Plaintiff claims that the City of Chicago is liable for indemnification under Illinois law.

The Defendants deny each of the Plaintiff's claims.

Plaintiff's Proposed Jury Instruction No. 2

Source: Dkt. 391 (Plaintiff's Fourth Amended Complaint); Dkts. 63, 69, 70 (outlining procedures regarding deceased defendants).

Defendants' Objection: Defendants object to the second paragraph as it is inaccurate. Edward Siwek and George Karl are not defendants in this case. The Estate of Edward Siwek and the Estate of George Karl are the named defendants in this case. Defendants object to naming the City of Chicago as a defendant pending the resolution of the motions *in limine*.

Defendants object to the second paragraph of Plaintiff's instruction because it is inaccurate and unnecessary. The paragraph is inaccurate because Edward Siwek and George Karl are not the defendants in this action. It is unnecessary to instruct the jury that they are to determine whether the Estates of Siwek and Karl are liable to Plaintiff when they are listed on the verdict form.

Defendants object to the listed claims as they inaccurately state Siwek and Karl are Defendants in this case. Defendants object to the eighth and ninth claims for the reasons stated in the City's motion *in limine* 1 and the Defendants' motion *in limine* 2.

## FIRST CLAIM—VIOLATION OF RIGHT TO A FAIR TRIAL

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek violated his constitutional right to a fair trial by employing a suggestive identification procedure that tainted his criminal trial.

Plaintiff may succeed on this claim by proving each of the following by a preponderance of the evidence:

    1.    The Defendant employed an unduly suggestive identification procedure.

    2.    The resulting identification was not reliable.

    3.    The resulting identification was introduced against Plaintiff at his criminal trial.

    4.    Plaintiff was damaged as a result.

"Unduly suggestive" means both (1) that the technique used was suggestive and (2) that such suggestiveness was unnecessary. In other words, the situation was one in which the circumstances did not justify law enforcement's suggestive behavior.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 3

Source: Seventh Circuit Pattern Civil Jury Instruction 7.14 and Committee Comment g; *Lee v. Foster*, 750 F.3d 687, 691 (7th Cir. 2014) (holding that "a witness's identification violates a defendant's right to due process" when the procedure used so "unduly suggestive" that it gives rise to "a very substantial likelihood of irreparable misidentification" and "under the totality of the circumstances," the procedure is not reliable); *United States v. Sanders*, 708 F.3d 976, 983-85 (7th Cir. 2013) (holding that an unduly suggestive procedure is one that is "both suggestive and unnecessary," meaning "one in which the circumstances did not justify law enforcement's suggestive behavior."); *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006) (holding that § 1983 liability for a due process violation arises "if unduly suggested identification techniques are allowed to taint the trial"); *id.* (holding that "both suggestiveness and reliability are evaluated by reference to the totality of the circumstances"); *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2016 WL 2866097, at *10 (N.D. Ill. May 17, 2016) ("[A] criminal defendant has

a due process right not to be subjected to unduly suggestive identifications that taint his criminal trial."); *Gonzalez v. City of Waukegan*, 220 F. Supp. 3d 876, 882 (N.D. Ill. 2016) ("To state a claim for unduly suggestive identification techniques, a plaintiff must allege (1) that the technique used was suggestive and (2) that such suggestive was unnecessary. Once a plaintiff has shown a technique to be unduly suggestive, the court must then determine whether the technique was nevertheless reliable under the totality of the circumstances.").

Defendants' Objection: : Defendants' object as Plaintiff's instruction is a misstatement of law. First, the Seventh Circuit Pattern Civil Jury Instruction 7.14 is inapplicable as that pattern instruction addresses a *Brady* claim or fabrication of evidence claim. At summary judgment, the court found in favor of the Defendant Officers on Plaintiff's *Brady* and fabrication of evidence claims. Second, committee comment g to the pattern instruction simply states that an unduly suggestive procedure claim is cognizable under § 1983, but offers no pattern instruction because the law is undeveloped. *See* Seventh Circuit Pattern Civil Jury Instruction 7.14 Committee Comment g.

Third, the cases Plaintiff relies upon do not reflect the current state of the law for a § 1983 unduly suggestive procedure claim against a police officer. In *Coleman v. Peoria*, 925 F.3d 336, 347 (7th Cir. 2019), the Seventh Circuit recently rejected the two-part test Plaintiff adopts in his proposed instruction, *i.e.*, (1) whether the procedure was unduly suggestive and (2) whether the resulting identification was still reliable under the totality of the circumstances. In *Coleman*, the Seventh Circuit identified that the Constitution requires the "*exclusion* of an eyewitness identification" if the unduly suggestive circumstances are so egregious as to taint the entire trial and that even where suggestive circumstances surround the identification, an identification can still be "*admitted*" where the totality of the circumstances show the identification is sufficiently reliable. *Id.* (emphasis added). Immediately after stating the two-part test, the Seventh Circuit said, "These principles address the admissibility of eyewitness identifications at trial, not § 1983 liability." Similarly, the Seventh Circuit has warned courts that the two-part test for admissibility in criminal cases should not become "a rule of damages." *Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012). Fourth, Plaintiff's proposed instruction does not take into account *Coleman*'s rules for damages in a § 1983 unduly suggestive procedure claim. After rejecting the two-part test in the § 1983 damages context, the Seventh Circuit held that in order to succeed on an unduly suggestive procedure claim the Plaintiff must establish that he successfully challenged the identification at trial or on appeal and that the specific identification technique was "clearly proscribed by existing law." *Coleman*, 925 F.3d at 347-48.

Finally, Plaintiff's cited cases do not support his instruction. *Foster* and *Sanders* addressed the admissibility of an identification at a criminal trial, not whether an individual could be liable in a § 1983 claim. Plaintiff's reliance on *Alexander v. City of South Bend* is similarly misplaced. Plaintiff cites to a portion of *Alexander* which cites to *Manson v. Brathwaite*, 432 U.S. 98 (1977) for the proposition that suggestiveness and reliability are evaluated by reference to the totality of the circumstances. *Alexander*, 433 F.3d at 555. However, *Coleman* specifically referred to *Brathwaite*, among others, when it held the *Brathwaite* principles address admissibility at a criminal trial, not § 1983 liability. Plaintiff's reliance on the *Sanders v. City of Chicago Heights*, 2016 WL 2866997, *10 (N.D. Ill. May 17, 2016) case is similarly deficient as the quoted part Plaintiff relies upon is based on *Brathwaite*. For the same reasons *Gonzalez*'s reliance on the criminal admissibility standard is not appropriate and *Gonzalez* was decided before *Coleman* disavowed the two-step test when determining § 1983 liability.

To the extent the Court considers Plaintiff's instruction, Defendants' object to the third element. In the § 1983 context, the constitutional right at issue is the right to a fair trial. Thus, a defendant cannot be liable merely because an identification was admitted at trial, but rather only if the plaintiff "shows how the flaws in [the] identification techniques made his trial unfair." *Alexander*, 433 F.3d at 555. *Alexander* then lists the following illustrative factors for how a trial based on a flawed identification procedure can become unfair such as "What identification evidence was actually admitted at trial? What did the victims, eyewitnesses, and police officers say? Were they cross-examined? Were the circumstances surrounding the identification and the police procedures put before the jury. What exhibits were admitted on this issue? Was any objection or motion to suppress the identification evidence made? What other evidence tended to link the defendant to the crime?" *Id*. An instruction stating that the suggestive identification was used against Plaintiff at his trial is "not enough" to make a due process violation. *Id*. at 556.

**SECOND CLAIM—PRETRIAL DETENTION WITHOUT PROBABLE CAUSE**

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek violated his constitutional rights by causing his detention without probable cause while Plaintiff awaited trial. To succeed on this claim, the Plaintiff must prove each of the following things by a preponderance of the evidence:

      1.      The Defendant caused Plaintiff to be detained prior to his criminal trial.

      2.      There was no probable cause for Plaintiff's detention.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 4

Source: *Manuel v. City of Joliet*, 137 S. Ct. 911, 918-20 (2017) (*"Manuel I"*) (holding pretrial detention without probable cause actionable under the Fourth Amendment); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (*"Manuel II"*) (holding that a Fourth Amendment claim for illegal detention exists in "the absence of probable cause that would justify the detention," for example where "the police hoodwinked the judge by falsely [accusing the plaintiff of criminal conduct]").

Defendants' Objection: Defendants object to the first paragraph as Karl and Siwek are not defendants. Rather, the Estate of George Karl and the Estate of Edward Siwek are the named defendants. Defendant further objects to subparagraph 1 as confusing and misleading to the jury as it states "the Defendant" without clarifying that each Defendant needs to be considered separately, not cumulatively. Defendants' proposed instruction is clearer as it states, "the Defendant you are considering…" Defendants further object to subparagraph 1 as it improperly broadens the scope of who can be liable for a Fourth Amendment pretrial detention claim by inserting the element of "causing" the detention. The Fourth Amendment is not concerned with who "caused" the detention, *i.e.*, in this case, who may have participated in the lineup which led to Plaintiff's arrest. Rather, the Fourth Amendment is concerned with the government officials who actually detained Plaintiff. *Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019) (quoting *Manuel I*, 137 S. Ct. at 918 for the proposition that the "Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."). The cases which Plaintiff relies upon do not support a "causation" element to the detention.

## INSTRUCTIONS APPLICABLE TO SECOND CLAIM:
## DEFINITION OF "PROBABLE CAUSE"

"Probable cause" existed if, based on the evidence known at the time, a reasonable person in the Defendant's position would have believed that Plaintiff committed a crime. In making this decision, you should consider what the Defendant knew and any reasonably trustworthy information the Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was found guilty in 1996 does not by itself mean that the Defendant had probable cause. Nor does the fact that he was later acquitted by itself mean that there was no probable cause at the time of his arrest.

In evaluating probable cause existed, a police officer may not close his eyes to facts that would have helped clarify the circumstances of the crime. When information provided by a person claiming to be a victim of a crime would lead a reasonable officer to be suspicious, probable cause is not established by that person's mere say-so, and the officer must investigate further. Reasonable avenues of investigation must be pursued. If Plaintiff's arrest could have been avoided if the arresting officer had conducted a proper investigation, probable cause did not exist.

Fabricated evidence and false statements do not support probable cause. Such false evidence is demonstrated by showing that the Defendant knowingly reported false or misleading information, recklessly disregarded the truth of the information reported, or failed to inform the courts and prosecutors of facts that they knew would negate probable cause.

Plaintiff's Proposed Jury Instruction No. 5

Source: Seventh Circuit Pattern Civil Jury Instruction 7.08 (modified); *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding that "knowingly and intentionally, or with reckless disregard" submitting false evidence "necessary to the finding of probable cause" violates the Fourth Amendment); *Lewis v. City of Chicago*, 914 F.3d 472, 476-77 (7th Cir. 2019) (holding that police officers cannot manufacture probable cause by making false statements in police reports or in probable cause hearings); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (*"Manuel II"*) (holding that a Fourth Amendment claim for wrongful detention exists in "the absence of probable cause that would justify the detention," for example where "the police hoodwinked the judge by falsely [accusing the plaintiff of criminal conduct]"); *Lawson v. Veruchi*, 637 F.3d 699, 703-704 (7th Cir. 2011) ("Probable cause exists if, at the time of the arrest, the facts and circumstances within the defendant's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed an offense."); *id.* (probable cause not established by an officer's statements that "he knew to be false or would have known were false had he not recklessly disregarded the truth"); *Hebron v. Touhy*,

18 F.3d 421, 422-23 (7th Cir. 1994) ("Sometimes information from or about a person claiming to be the victim of crime would lead a reasonable officer to be suspicious, making further investigation prudent—and, because the 'reasonableness' standard of the fourth amendment links the constitutional obligation to the standard of prudent conduct, the officer must do more."); *id.* (holding that the defendant officers' knowledge of "the significant chance that [the complaining victims] bore a grudge against [plaintiffs] would have made it unreasonable—and therefore unconstitutional—to arrest the [plaintiffs] on the [witnesses'] mere say-so. Having received a report of questionable reliability, the police needed to investigate"); *Jones v. City of Chicago*, 856 F.2d 985, 993-94 (7th Cir. 1988) ("[A] prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision."); *BeVier v. Hucal*, 806 F.2d 123, 126-28 (7th Cir. 1986) (holding that if an "arrest could have been avoided if the arresting officer had conducted a proper investigation," probable cause did not exist, because a "police officer may not close his or her eyes to facts that would help clarify the circumstances of an arrest," and "[r]easonable avenues of investigation must be pursued"); *id.* ("Because [the defendant] failed to avail himself of the opportunity to elicit further facts which would have indicated that the arrest should not have been made, the arrest of plaintiffs was without the requisite probable cause.").

Defendants' Objection: Defendants object to Plaintiff's definition of probable cause for multiple reasons. First, the relevant time period for the probable cause analysis is the time of arrest, not at the vague "known at the time." Defendant's proposed instruction is consistent with the probable cause definition contained in the pattern instructions on this point. *See* Seventh Circuit Pattern Jury Instruction 7.08. Defendants further object to the first sentence of Plaintiff's definition of probable cause as it does not include the clause "or to entertain an honest or strong suspicion" that Plaintiff committed a crime as required under *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 116

The remaining two paragraphs discussing probable cause are unnecessary and not supported by the pattern instruction. Additionally, these paragraphs would mislead or confuse the jury as there is no time frame for when the Defendants must continue to investigate the crime or whether further investigation is necessary when Defendants develop facts sufficient for a finding of probable cause.

Defendants additionally object to the fourth paragraph of the probable cause definition because Plaintiff's "fabricated evidence" claim has already been ruled on in the Defendant's favor and as a result "fabricated evidence" is not an issue in this trial. *See* Dkt. 291 at 48. Additionally, including "false statements" in this paragraph is misleading and could confuse the jurors. The case-law requires the "false statements" to be made by the Defendant, however, there is no such limitation in Plaintiff's proposed instruction. Furthermore, there is a set of facts which a jury could believe that witnesses made false statements to the Defendants during the investigation and the Defendants had no reason to believe the statements were false, but this instruction does not differentiate between who is making the false statements.

## THIRD CLAIM—FAILURE OF "BYSTANDER" OFFICER TO INTERVENE

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek violated his constitutional rights by failing to intervene to stop the harm. To succeed on his failure to intervene claim against each Defendant, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The Plaintiff's constitutional rights were violated.

2.      The Defendant knew that the Plaintiff's constitutional rights were being violated or would be violated.

3.      The Defendant had a realistic opportunity to prevent harm from occurring.

4.      The Defendant failed to take reasonable steps to prevent harm from occurring.

5.      The Defendant's failure to act caused Plaintiff to suffer harm.

6.      The Defendant acted under color of law.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.


Plaintiff's Proposed Jury Instruction No. 6

Source: Seventh Circuit Pattern Civil Jury Instructions 7.22 (modified); Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 25.

Defendants' Objection: Defendants object to the first sentence of the instruction as unsupported by the pattern instruction. Additionally, Defendants object as "Karl" and "Siwek" are not defendants in this case, rather the defendants are the Estate of George Karl and the Estate of Edward Siwek. Moreover, Defendants' object to the phrase "stop the harm" as vague, ambiguous, and confusing. To the extent the first sentence is included in the Court's instruction the sentence should read, "Plaintiff claims that Detectives Pesavento, Karl, Siwek, and Officer Oliver violated his constitutional rights by failing to intervene to prevent an unduly suggestive lineup and/or to prevent an unlawful pretrial detention." Defendants object to the second sentence of the instruction as it does not clearly articulate that the jury needs to consider each named Defendant separately. Defendants' proposed instruction is preferable as it clearly states this principle by providing, "Plaintiff must prove each of the following five things by a preponderance of the evidence as to the particular Defendant you are considering:"

Defendants object to Plaintiff's proposed first and second elements as inconsistent with the pattern instruction and an inaccurate statement of law. The pattern instruction provides that the specific constitutional violation should be described, not a generic "constitutional rights were violated" or "constitutional rights were being violated." *See* Seventh Circuit Pattern Instruction 7.22. Plaintiff's proposed instruction risks juror confusion as Plaintiff intends to put forth evidence of what he believes to be an inadequate police investigation to support a finding of malice/intent, but these aspects of the investigation are not supportive of a constitutional violation. The instruction on these two elements should be specific and explicitly refer to Plaintiff's unduly suggestive lineup and pretrial detention without probable cause claims.

There is no dispute about the color of law element and that element should be deleted from the instruction.

## INSTRUCTIONS APPLICABLE TO THIRD CLAIM:
## DEFINITION OF "UNDER COLOR OF LAW"

A person who is employed by the government acts "under color of law" if he uses or misuses authority that he has because of his official position. A person may act under color of law even if he is violating a state or local law or policy. You may find that a Defendant acted under color of law even if he was acting outside his authority if he represented himself as having that authority or if he otherwise used his position to accomplish the act.

Plaintiff's Proposed Jury Instruction No. 7

Source: Seventh Circuit Pattern Civil Jury Instructions 7.03; Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 25.

Defendants' Objection: Defendants object because the "color of law" element is not disputed, the element should be deleted from the instruction, and there is no need for the definition.

## FOURTH CLAIM—CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS

Plaintiff claims that that one or more of the Defendants and/or other persons conspired to deprive him of his constitutional rights.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.     One or more of the Defendants joined an agreement amongst themselves or with others to deprive Plaintiff of his constitutional rights.

2.     The Defendant knowingly became a member of the agreement with the intention to carry it out.

3.     One or more of the participants committed an act in an effort to carry out the agreement.

4.     As a result, one or more of Plaintiff's constitutional rights were violated.

Direct evidence of an agreement is not required. You may infer an agreement through circumstantial evidence. The Plaintiff does not have to prove that there was a formal agreement or plan in which all involved met together and worked out the details. The Plaintiff also does not have to prove that each participant knew all the details of the agreement or the identify of all the participants. It is enough if the Defendant understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do his part to further them.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 8

Source: *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are. It is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or

implicitly, to do your part to further them."); *Hampton v. Hanrahan*, 600 F.2d 600, 620-21 (7th Cir. 1979) ("In order to prove the existence of a civil conspiracy, a plaintiff is not required to provide direct evidence of the agreement between the conspirators, circumstantial evidence may provide adequate proof of conspiracy … A plaintiff seeking redress need not prove that each participant in a conspiracy knew the exact limits of the illegal plan or the identity of all participants therein. An express agreement among all the conspirators is not a necessary element of a civil conspiracy. The participants in the conspiracy must share the general conspiratorial objective, but they need not know all the details of the plan designed to achieve the objective or possess the same motives for desiring the intended conspiratorial result."), *rev'd in part on other grounds*, 446 U.S. 754; *Mnyofu v. Board of Educ. of Rich Tp. H.S. Dist. 227*, 2007 WL 1308523, *11 (N.D. Ill. Apr. 27, 2007) ("For a conspiracy claim under § 1983, two elements must be satisfied: (1) an express or implied agreement among defendants to deprive a plaintiff of his or her Constitutional rights and (2) actual deprivation of those rights in the form of overt acts in furtherance of the agreement."); *see also* Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 24.

Defendants' Objection: Defendants object to the phrase "and/or other persons" as inaccurate. Plaintiff did not make a claim that unknown officers were part of the alleged conspiracy, but limited the claim to the Defendants. *See* Dkt. #391 at 26-27. Similar to the failure to intervene claim, Plaintiff's conspiracy is derivative to his constitutional claims and the conspiracy instruction should reflect that limitation. By instructing the jury that the conspiracy it to deprive Plaintiff of his "constitutional rights," as opposed to a conspiracy to place Plaintiff in an unduly suggestive lineup and/or unlawfully detain him prior to trial, impermissibly broadens the claim and will result in juror confusion.

Defendants object to the third paragraph of the instruction as it does not properly instruct the jury to consider each Defendant individually. Defendants' proposed instruction is preferable as it instructs the jury that "Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:"

Defendants object to the first element of Plaintiff's proposed instruction as Plaintiff did not assert or allege that there were "others" apart from the Defendants who participated in the alleged conspiracy. *See* Dkt. #391 at 26-27. Additionally, it is more precise to instruct the jury that the agreement was to manipulate an unduly suggestive lineup and/or to unlawfully detain Plaintiff prior to his trial as those are Plaintiff's constitutional claims. The risk of juror confusion is evident because Plaintiff intends to present evidence of alleged failures in the investigation and destruction/withholding of evidence to support his state law claims. It needs to be clear that the jury should consider only evidence relevant to the constitutional claims when deciding the derivative conspiracy claim. The Defendants' proposed instruction for element one is preferable because it accounts for these issues.

Defendants object to Plaintiff's proposed second element as it substitutes the term "agreement" for conspiracy. Defendants' proposed second element is preferable as it is more accurate to state "conspiracy" and is not confusing because conspiracy is defined in the instruction. Similarly, Plaintiff's proposed third element substitutes "participants" for "conspirators." The word participants is not anywhere else in the instruction and could result in juror confusion.

Finally, Defendants object to Plaintiff's proposed fourth element as it is not limited to the specific constitutional claims at issue, but instead broadens the claim to "constitutional rights."

## FIFTH CLAIM—MALICIOUS PROSECUTION

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek maliciously caused him to be prosecuted for murder and attempted murder. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant caused a criminal proceeding to be commenced or continued against Plaintiff.

2. There was no probable cause for the criminal proceeding.

3. The Defendant acted with malice.

4. The criminal proceeding was terminated in Plaintiff's favor.

5. Plaintiff was damaged as a result of the Defendant's actions.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 9

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 74 ("[T]o state a cause of action for the tort of malicious prosecution, the plaintiff must prove five elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff."); *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016) ("To establish a claim for malicious prosecution under Illinois law, plaintiffs must establish five elements: (1) the commencement or continuance of an original proceeding; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages.").

Defendants' Objection: Defendants object to the first sentence of the instruction because "Karl" and "Siwek" are not defendants in this matter. The actual defendants are the Estate of George Karl and the Estate of Edward Siwek. Defendants propose the first sentence be changed to "Plaintiff claims that Detectives Pesavento, Karl, Siwek, and Officer Oliver maliciously caused him to be prosecuted for double murder and attempted murder." Defendants object to the second sentence to Plaintiff's proposed instruction because as it does not clearly articulate that the jury is to consider each Defendant individually.

Defendants object to Plaintiff's proposed element number 4 as incomplete. *Swick v. Liautaud*, 169 Ill. 2d 504 (1996) instructs that the termination of Plaintiff's criminal proceeding must be done in a manner indicative of innocence.

## INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:
## DEFINITION OF "COMMENCED OR CONTINUED"

A defendant "commences or continues" a criminal proceeding if he plays a significant role in causing the criminal proceeding. A police officer plays a significant role in causing the criminal proceeding if he improperly exerts pressure or influence on the prosecutor, knowingly provides misinformation to the prosecutor, conceals exculpatory evidence, or otherwise engages in wrongful or bad-faith conduct that was instrumental in the commencement or continuation of the criminal prosecution.

In evaluating whether the Defendant you are considering played a significant role in causing the criminal proceeding to be commenced or continued against Plaintiff, you may consider whether they conducted a bad-faith and incomplete investigation designed to implicate Plaintiff regardless of the evidence, such as by immediately focusing on Plaintiff as the primary suspect, deliberately narrowing the scope of the investigation and opting not to pursue other avenues of investigation, discounting other suspects and plausible motives for the crime, or ignoring evidence that would have excluded Plaintiff as a suspect.

Plaintiff's Proposed Jury Instruction No. 10

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 84 (holding that if "an investigative team conducts a bad-faith and incomplete investigation—designed to implicate a particular individual regardless of the evidence—the prosecutor is effectively prevented from fully exercising that independent judgment"); *id.* ¶¶ 90-96 (holding that the "commence and continue" prong was supported by, among other things, evidence showing "that defendants engaged in a bad-faith investigation that immediately focused on him as the primary suspect, which deliberately limited the scope of the inquiry and disregarded or discounted other suspects and plausible motivations for the crime," and evidence that defendants "opted not to pursue other avenues of investigation"); *Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 73 (finding sufficient facts to establish that defendants played a significant role in causing the prosecution of plaintiffs where defendants fabricated witness statements and other evidence against plaintiffs and presented false evidence to the grand jury and the prosecutor for the purpose of causing plaintiffs to be prosecuted); *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988) ("[T]he jury could find that the defendants systematically concealed form the prosecutors, and misrepresented to them, facts highly material to—that is, facts, likely to influence—the decision whether to prosecute [the plaintiff] and whether (that decision having been made) to continue prosecuting him right up and into the trial.").
.

Defendants' Objection: Defendants object to the second paragraph of the "commences or continues" definition as unnecessary given the definition contained in the first paragraph. The non-exhaustive list of factors Plaintiff advocates for will cause juror confusion and improperly limit the jury's consideration of the evidence.

## INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:
## DEFINITION OF "PROBABLE CAUSE"

"Probable cause" existed if, based on the evidence known at the time, a reasonable person in the Defendant's position would have believed that Plaintiff committed a crime. In making this decision, you should consider what the Defendant knew and any reasonably trustworthy information the Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was found guilty in 1996 does not by itself mean that the Defendant had probable cause. Nor does the fact that he was later acquitted by itself mean that there was no probable cause at the time of his arrest.

In evaluating probable cause existed, a police officer may not close his eyes to facts that would have helped clarify the circumstances of the crime. When information provided by a person claiming to be a victim of a crime would lead a reasonable officer to be suspicious, probable cause is not established by that person's mere say-so, and the officer must investigate further. Reasonable avenues of investigation must be pursued. If Plaintiff's arrest could have been avoided if the arresting officer had conducted a proper investigation, probable cause did not exist.

Fabricated evidence and false statements do not support probable cause. Such false evidence is demonstrated by showing that the Defendant knowingly reported false or misleading information, recklessly disregarded the truth of the information reported, or failed to inform the courts and prosecutors of facts that they knew would negate probable cause.

Plaintiff's Proposed Jury Instruction No. 11

Source: Seventh Circuit Pattern Civil Jury Instruction 7.08 (modified); *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding that "knowingly and intentionally, or with reckless disregard" submitting false evidence "necessary to the finding of probable cause" violates the Fourth Amendment); *Lewis v. City of Chicago*, 914 F.3d 472, 476-77 (7th Cir. 2019) (holding that police officers cannot manufacture probable cause by making false statements in police reports or in probable cause hearings); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (*"Manuel II"*) (holding that a Fourth Amendment claim for wrongful detention exists in "the absence of probable cause that would justify the detention," for example where "the police hoodwinked the judge by falsely [accusing the plaintiff of criminal conduct]"); *Lawson v. Veruchi*, 637 F.3d 699, 703-704 (7th Cir. 2011) ("Probable cause exists if, at the time of the arrest, the facts and circumstances within the defendant's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed an offense."); *id.* (probable cause not established by an officer's statements that "he knew to be false or would have known were false had he not recklessly disregarded the truth"); *Hebron v. Touhy*,

18 F.3d 421, 422-23 (7th Cir. 1994) ("Sometimes information from or about a person claiming to be the victim of crime would lead a reasonable officer to be suspicious, making further investigation prudent—and, because the 'reasonableness' standard of the fourth amendment links the constitutional obligation to the standard of prudent conduct, the officer must do more."); *id.* (holding that the defendant officers' knowledge of "the significant chance that [the complaining victims] bore a grudge against [plaintiffs] would have made it unreasonable—and therefore unconstitutional—to arrest the [plaintiffs] on the [witnesses'] mere say-so. Having received a report of questionable reliability, the police needed to investigate"); *Jones v. City of Chicago*, 856 F.2d 985, 993-94 (7th Cir. 1988) ("[A] prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision."); *BeVier v. Hucal*, 806 F.2d 123, 126-28 (7th Cir. 1986) (holding that if an "arrest could have been avoided if the arresting officer had conducted a proper investigation," probable cause did not exist, because a "police officer may not close his or her eyes to facts that would help clarify the circumstances of an arrest," and "[r]easonable avenues of investigation must be pursued"); *id.* ("Because [the defendant] failed to avail himself of the opportunity to elicit further facts which would have indicated that the arrest should not have been made, the arrest of plaintiffs was without the requisite probable cause.").

Defendants' Objection: Defendants object to Plaintiff's definition of probable cause for multiple reasons. First, the relevant time period for the probable cause analysis is the time of arrest, not at the vague "known at the time." Defendants' proposed instruction is consistent with the probable cause definition contained in the pattern instruction on this point. *See* Seventh Circuit Pattern Jury Instruction 7.08. Defendants further object to the first sentence of Plaintiff's definition of probable cause as it does not include the clause "or to entertain an honest or strong suspicion" that Plaintiff committed a crime as required under *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 116

The remaining two paragraphs discussing probable cause are unnecessary and not supported by the pattern instruction. Additionally, these paragraphs would mislead or confuse the jury as there is no time frame for when the Defendants must continue to investigate the crime or whether further investigation is necessary when Defendants develop facts sufficient for a finding of probable cause.

Defendants object to the fourth paragraph of the probable cause definition because Plaintiff's "fabricated evidence" claim has already been ruled on in the Defendant's favor and as a result "fabricated evidence" is not an issue in this trial. *See* Dkt. 291 at 48. Additionally, including "false statements" in this paragraph is misleading and could confuse the jurors. The case-law requires the "false statements" to be made by the Defendant, however, there is no such limitation in Plaintiff's proposed instruction. Furthermore, there is a set of facts which a jury could believe that witnesses made false statements to the Defendants during the investigation and the Defendants had no reason to believe the statements were false, but this instruction does not differentiate between who is making the false statements.

## INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:
## DEFINITION OF "MALICE"

A person acts with "malice" in commencing or continuing a criminal prosecution if he acts for any reason other than to prosecute the actual perpetrator of the crime charged.

You may infer that a person acts with malice if there is an absence of probable cause and the circumstances are inconsistent with actions made in good faith. Intentionally or recklessly ignoring, shaping, interpreting, or creating evidence to support the Plaintiff's guilt is evidence of malice.

In evaluating whether the Defendant you are considering acted with "malice," you may also consider whether the Defendant decided to go forward carelessly or recklessly after having notice of a problem with the criminal proceedings against Plaintiff.

Plaintiff's Proposed Jury Instruction No. 12

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 141 ("Malice, as an element of malicious prosecution, has been defined as the initiation of a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the responsible party to justice. The element of malice may be inferred from a lack of probable cause when the circumstances are inconsistent with good faith by the prosecutorial team and lack of probable cause has been clearly proved.") (citations omitted); *id.* ¶ 142 ("The decision to go forward carelessly or recklessly within previously commenced proceedings, after receiving notice of a problem, may be inconsistent with good faith and show malice required to support a claim of malicious prosecution."), *id.* ¶ 149 (where "a rational juror could find that defendants intentionally ignored, shaped, interpreted, or created evidence to support their conclusion that [the plaintiff] was guilty," the plaintiff "has presented sufficient evidence to permit a reasonable inference that the detectives acted with the improper purpose to obtain a conviction regardless of the evidence," which satisfies the element of malice).

Defendants' Objection: Defendants object to the definition of "malice." The second sentence of Plaintiff's proposed definition omits that the lack of probable cause must be "clearly proved." *Beaman*, 2021 IL 125617 ¶ 141. Defendants object to the last two paragraphs of Plaintiff's definition of malice as unnecessarily limiting deliberations by providing a non-exhaustive list of examples of malice. Moreover, Defendants object to the last sentence as vague and confusing. It provides no direction as to what type of "problem with the criminal proceedings" may rise to the level of malice, it is unclear on what point in the process the jury should be considering when deciding whether Defendants "decided to go forward carelessly or recklessly" and is inconsistent with what *Beaman* provides. *Beaman*, 2021 IL 125617 ¶ 142 (stating "the decision to go forward carelessly or recklessly with previously commenced proceedings, after receiving notice of a problem, may … show malice….").

## SIXTH CLAIM—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek intentionally caused him emotional distress. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

    1.    The Defendant's conduct was extreme and outrageous.

    2.    The Defendant intended to inflict emotional distress on Plaintiff or knew there was a high probability that his conduct would do so.

    3.    The Defendant's conduct caused Plaintiff to experience severe emotional distress.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 13

Source: *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 28 (instruction given); *see also Adams v. Sussman & Hertzberg, Ltd.,* 292 Ill. App. 3d 30, 38 (1st Dist. 1997) ("To prove a cause of action for intentional infliction of emotional distress, the plaintiff must establish three elements: (1) extreme and outrageous conduct; (2) intent or knowledge by the actor that there is at least a high probability that his or her conduct would inflict severe emotional distress and reckless disregard of that possibility; and (3) severe and emotional distress."); *Cairel v. Alderden*, 821 F.3d 823, 835-6 (7th Cir. 2016) ("An intentional infliction of emotional distress claim under Illinois law requires proof of three elements: First the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress.").

Defendants' Objection: Defendants object to the first sentence of the instruction because "Karl" and "Siwek" are not defendants in this matter. The actual defendants are the Estate of George Karl and the Estate of Edward Siwek. Defendants would not object to the sentence, "Plaintiff claims that Detectives Pesavento, Karl, Siwek, and Officer Oliver, intentionally caused him emotional distress." Defendants object to the second sentence of Plaintiff's proposed instruction as it does not clearly direct the jury to consider each Defendant individually. Defendants' proposed instruction is preferable because it includes the phrase "as to the particular Defendant you are considering." For the same reason, Defendant objects to Plaintiff's proposed elements as they do not provide that each Defendant should be considered individually. Defendants further object to the addition of the word "experience" in the third element of Plaintiff's proposed instruction. Even Plaintiff's citations to cases do not include the word "experience."

## SEVENTH CLAIM—CIVIL CONSPIRACY

Plaintiff claims that that one or more of the Defendants and/or other persons conspired to maliciously prosecute him and/or inflict emotional distress on him.  To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      One or more of the Defendants entered into an agreement amongst themselves or with others to maliciously prosecute the Plaintiff and/or inflict emotional distress on him.

2.      One or more of the participants committed an act in an effort to carry out the agreement.

3.      The Plaintiff was damaged as a result of the Defendant's actions.

Direct evidence of an agreement is not required. You may infer an agreement through circumstantial evidence. The Plaintiff does not have to prove that the Defendant knew all the details of the conspiracy. It is enough if the Defendant understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do his part to further them.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 14

Source: *Fritz v. Johnston*, 209 Ill.2d 302, 317 (2004); *Fiala v. Bickford Sr. Living Grp., LLC*, 2015 IL App (2d) 150067, ¶¶ 61-74; *see also* authority supporting Plaintiff's Proposed Instruction No. 8, *supra*.

Defendants' Objection: Defendants object to the phrase "and/or other persons" as inaccurate. Plaintiff did not make a claim that unknown officers were part of the alleged conspiracy, but limited the claim to the Defendants. *See* Dkt. #391 at 26-27. Defendants object to the second sentence of Plaintiff's proposed instruction as it does not clearly direct the jury to consider each Defendant individually.

Defendants object to the first element of Plaintiff's proposed instruction as Plaintiff did not assert or allege that there were "others" apart from the Defendants who participated in the alleged conspiracy. *See* Dkt. #391 at 26-27.

Defendants object to Plaintiff's proposed second element as it substitutes the term "agreement" for conspiracy. Defendants' proposed second element is preferable as it is more accurate to state "conspiracy" and is not confusing because conspiracy is defined in the instruction. Similarly, Plaintiff's proposed second element substitutes "participants" for "conspirators." The word participants is not elsewhere in the instruction and could result in juror confusion.

Defendants also object because Plaintiff's proposed instruction does not include an element requiring the Defendant to knowingly becoming a member of the conspiracy with the intention to carry out the conspiracy. As such, Defendants' proposed instruction is preferable.

## EIGHTH CLAIM—VICARIOUS LIABILITY

Plaintiff claims that he was harmed by the Defendants' violations of his constitutional rights and violations of state law. Plaintiff also claims that the City of Chicago is liable for the harm because Defendants Pesavento, Karl, Oliver, and Siwek were acting in the scope of their employment with the City of Chicago when the misconduct occurred. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  Defendant Pesavento, Karl, Oliver, and/or Siwek is liable to Plaintiff on one or more of Plaintiff's claims, as set forth in the instructions for claims one through seven; and

2.  The Defendant was an employee of the City of Chicago; and

3.  The Defendant was acting within the scope of his employment when he harmed Plaintiff.

Plaintiff's Proposed Jury Instruction No. 15

Source: *Pyne v. Witmer*, 129 Ill. 2d 351, 359 (Ill. 1989) ("For an employer to be vicariously liable for an employee's torts under the doctrine of *respondeat superior*, the torts must have been committed within the scope of the employment."); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 765 (7th Cir. 2009) ("Vicarious liability imputes an agent's misconduct, performed within the scope of her employment, to the employer.") (applying Illinois law) (citing *Lasko v. Meier*, 394 Ill. 71, 67 N.E.2d 162, 166 (Ill. 1946)); *Jansen v. Packaging Corp. of Am.*, 123 F.3d 490, 496 (7th Cir. 1997) ("[T]he deliberate act of an employee acting within the scope of his authority is the act of the employer, for an employer, at least where it is a corporation, acts only through agents.").

Defendants' Objection: Defendants object to this claim being part of the instruction as stated in the Defendant Officers' motion in limine number 2 and the City's motion *in limine* number 1. The City of Chicago entered into a Limited Consent for Entry of Judgment Against Defendant City of Chicago, *see* dkt. #221, further obviating the need for this claim. If this instruction is given, Defendants object to the second sentence as "Karl" and "Siwek" are not Defendants in this matter. Defendants would not object to the following, "Plaintiff also claims that the City of Chicago is liable for the harm because Detectives Pesavento, Karl, Siwek, and Officer Oliver were acting in the scope of their employment with the City of Chicago when the misconduct occurred."

## INSTRUCTIONS APPLICABLE TO EIGHTH CLAIM:
## DEFINITION OF "SCOPE OF EMPLOYMENT"

An employee's conduct is within the "scope of employment" if (a) it is reasonably related or incidental to the kinds of tasks that the employee was employed to perform, even if the employee exceeds the bounds of his authority; (b) it occurs within the time and space authorized by the employer; and (c) it is primarily for the benefit of the employer.

The fact that an employee violated an employer's policy or rules, even knowingly or intentionally, does not establish that his conduct was outside the scope of his employment. Indeed, even criminal conduct may be within the scope of one's employment. If the employer trains the employee to perform certain tasks and can discipline the employee for performing those tasks improperly, then the tasks are within the scope of his employment.

Plaintiff's Proposed Jury Instruction No. 16

Source: *Adames v. Sheahan*, 233 Ill.2d 276, 299-301 (2009) (finding that if the police department "both trained its officers" and "could discipline officers" relating to certain off duty conduct, the officer was acting within the scope of his employment); *Gaffney v. City of Chicago*, 302 Ill. App. 3d 41, 49-55 (1st Dist. 1998) ((holding that the fact that the employee acted "in contravention of [his employer's] recommendations is not determinative that the [conduct] was not within the scope of employment," because "an act, although forbidden, or done in a forbidden manner, may be within the scope of employment … that an employee was acting in violation of some instruction or rule of an employer is generally held to be of no consequence in determining whether conduct is within the scope of employment … Indeed, rather than militating *against* a finding that an act was within the scope of employment … an employer's rule prohibiting certain actions only reinforces the conclusion that such actions were expected and foreseeable."); *Javier v. City of Milwaukee*, 670 F.3d 823, 824 (7th Cir. 2012) ("[A]n employee can misuse or exceed his authority while still acting within the scope of his employment … [the defendant's] conduct could be criminal, excessive, and outside his authority and still be within the scope of his employment."); *Hibma v. Odegaard*, 769 F.2d 1147, 1152 (7th Cir. 1985) ("Courts recognize that scope of employment includes those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objective of the employment … The employee's actions in these instances further the objectives of the employment even absent good faith or an intention to benefit the employer.").

Defendants' Objection: Defendants object to this instruction as the vicarious liability claim should not be in the jury instruction as stated in the Defendant Officers' motion *in limine* number 2 and the City's motion *in limine* number 1.

## NINTH CLAIM—INDEMNIFICATION

Plaintiff claims that the City of Chicago is liable for indemnification.  Under Illinois law, the City of Chicago is liable for indemnification if an employee commits a tort while acting within the scope of his employment.  To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      Defendant Pesavento, Karl, Oliver, and/or Siwek is liable to Plaintiff on one or more of Plaintiff's claims, as set forth in the instructions for claims one through seven; and

2.      The Defendant was acting within the scope of his employment when he harmed Plaintiff.

Plaintiff's Proposed Jury Instruction No. 17

Source: 745 ILCS 10/9-102.

Defendants' Objection: Defendants object to this claim being part of the instructions as stated in the Defendant Officers' motion *in limine* number 2 and the City's motion *in limine* number 1.

### INSTRUCTIONS APPLICABLE TO NINTH CLAIM:
### DEFINITION OF "SCOPE OF EMPLOYMENT"

An employee's conduct is within the "scope of employment" if (a) it is reasonably related or incidental to the kinds of tasks that the employee was employed to perform, even if the employee exceeds the bounds of his authority; (b) it occurs within the time and space authorized by the employer; and (c) it is primarily for the benefit of the employer.

The fact that an employee violated an employer's policy or rules, even knowingly or intentionally, does not establish that his conduct was outside the scope of his employment. Indeed, even criminal conduct may be within the scope of one's employment. If the employer trains the employee to perform certain tasks and can discipline the employee for performing those tasks improperly, then the tasks are within the scope of his employment.

Plaintiff's Proposed Jury Instruction No. 18

Source: *Adames v. Sheahan*, 233 Ill.2d 276, 299-301 (2009) (finding that if the police department "both trained its officers" and "could discipline officers" relating to certain off duty conduct, the officer was acting within the scope of his employment); *Gaffney v. City of Chicago*, 302 Ill. App. 3d 41, 49-55 (1st Dist. 1998) ((holding that the fact that the employee acted "in contravention of [his employer's] recommendations is not determinative that the [conduct] was not within the scope of employment," because "an act, although forbidden, or done in a forbidden manner, may be within the scope of employment … that an employee was acting in violation of some instruction or rule of an employer is generally held to be of no consequence in determining whether conduct is within the scope of employment … Indeed, rather than militating *against* a finding that an act was within the scope of employment … an employer's rule prohibiting certain actions only reinforces the conclusion that such actions were expected and foreseeable."); *Javier v. City of Milwaukee*, 670 F.3d 823, 824 (7th Cir. 2012) ("[A]n employee can misuse or exceed his authority while still acting within the scope of his employment … [the defendant's] conduct could be criminal, excessive, and outside his authority and still be within the scope of his employment."); *Hibma v. Odegaard*, 769 F.2d 1147, 1152 (7th Cir. 1985) ("Courts recognize that scope of employment includes those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objective of the employment … The employee's actions in these instances further the objectives of the employment even absent good faith or an intention to benefit the employer.").

42

Defendants' Objection: Defendants object to the definitions to the indemnification instruction as the indemnification claim should not be before the jury as stated in the Defendant Officers' motion *in limine* number 2 and the City's motion *in limine* number 1.

## DAMAGES

The Plaintiff is requesting compensatory damages and punitive damages.

If you find in favor of the Plaintiff against one or more of the Defendants on one or more of the Plaintiff's claims, then you will go on to consider the question of damages.

If you find in favor of all of the Defendants on all of the Plaintiff's claims, then you should not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 19

Source: Seventh Circuit Pattern Civil Jury Instruction 1.31 (modified); Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 33 (instruction given); Instructions to the Jury, *Fields v. City of Chicago*, No. 1:10-cv-01168 (N.D. Ill.), ECF No. 1169, at 17 (instruction given).

Defendants' Objection: Defendants object to the first two paragraphs of Plaintiff's proposed instruction as they are not included in Pattern Instruction 1.31. There is no reason for these two paragraphs as the jury is instructed on compensatory and punitive damages later in the instructions.

Defendants object to the third paragraph of this instruction as it is an unnecessary modification of the pattern instruction. The pattern instruction is preferable and clearer.

## COMPENSATORY DAMAGES

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of his wrongful incarceration.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.

2. The loss of normal life that the Plaintiff has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Plaintiff's Proposed Jury Instruction No. 20

Source: Seventh Circuit Pattern Civil Jury Instruction 7.26 (modified).

Defendants' Objection: Defendants object to Plaintiff's modification to the pattern instruction in the first paragraph which Plaintiff modified to "his wrongful detention and conviction." For Plaintiff to be entitled to damages, his injury must be a direct result of the actions of the Defendants, not the incarceration. *See* Seventh Circuit Pattern Instruction 7.26. Furthermore, if Plaintiff succeeds on his pretrial detention claim, the first paragraph is nonsensical because his "incarceration" would not be part of the damage calculation. Defendants further object to the types of compensatory damages being broken up and requiring the jury to consider both physical, mental, and emotional pain and loss of normal life. Plaintiff's proposed instruction is inconsistent with pattern instruction 7.26 which requires the jury to consider the pain and suffering "or" the loss of a normal life. *See* Seventh Circuit Pattern Instruction 7.26.

## PUNITIVE DAMAGES

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants Pesavento and/or Oliver. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

Plaintiff's Proposed Jury Instruction No. 21

Source: Seventh Circuit Pattern Civil Jury Instruction 7.28.

Defendants' Objection: Defendants intend to put their financial condition at issue and therefore object as this instruction does not include their financial condition as a factor the jury should consider.