**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

**FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [Do not allow [sympathy/prejudice/fear/public opinion] to influence you.] [You should not be influenced by any person's race, color, religion, national ancestry, or sex.]

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Proposed Jury Instruction No. 1

Source: Seventh Circuit Pattern Civil Jury Instruction 1.01.

2

## THE PARTIES AND THE CLAIMS

The Plaintiff in this case is Eddie Bolden. I will refer to him as the Plaintiff.  The Defendants in this case are James Oliver, Angelo Pesavento, Edward Siwek, George Karl, and the City of Chicago.  I will refer them as the Defendants.

Although Defendants Edward Siwek and George Karl are deceased, you are to treat them the same as any other defendant. For the purposes of this trial, you are to consider Plaintiff's claims against Edward Siwek and George Karl in the exact same manner that you would if they were alive, and at the end of the trial you will be asked to determine whether Edward Siwek and/or George Karl are liable to Plaintiff.

Plaintiff brings the following claims:

First, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl violated his constitutional rights by employing a suggestive identification procedure that tainted his criminal trial.

Second, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl violated his constitutional rights by causing his detention without probable cause while Plaintiff awaited trial.

Third, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl failed to intervene to prevent the violation of Plaintiff's constitutional rights as described in claims one and two.

Fourth, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl conspired to deprive him of his constitutional rights as described in claims one and two.

Fifth, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl maliciously caused him to be prosecuted for murder and attempted murder.

Sixth, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl intentionally caused him emotional distress.

Seventh, Plaintiff claims that Defendants Oliver, Pesavento, Siwek, and Karl conspired to deprive him of his rights under Illinois law as described in claims five and six.

Eighth, Plaintiff claims that the City of Chicago is vicariously liable for the conduct of Defendants Oliver, Pesavento, Siwek, and Karl, as described in claims one through seven.

Ninth, Plaintiff claims that the City of Chicago is liable for indemnification under Illinois law.

The Defendants deny each of the Plaintiff's claims.

Plaintiff's Proposed Jury Instruction No. 2

Source: Dkt. 391 (Plaintiff's Fourth Amended Complaint); Dkts. 63, 69, 70 (outlining procedures regarding deceased defendants).

## ~~FAIR TRIAL: CONCEALMENT OF EXCULPATORY EVIDENCE / FABRICATION OF EVIDENCE~~
## FIRST CLAIM—VIOLATION OF RIGHT TO A FAIR TRIAL

Plaintiff claims that Defendant ~~violated his right to a fair trial by [failing to disclose exculpatory and/or impeachment evidence [optional - identify the allegedly undisclosed evidence] that was material to Plaintiff's defense in the criminal case] [and/or] [by fabricating evidence that was used against Plaintiff in the criminal case].~~ s Pesavento, Karl, Oliver, and Siwek violated his constitutional right to a fair trial by employing a suggestive identification procedure that tainted his criminal trial.

~~To succeed on this claim, Plaintiff must prove each of the following (number of elements) things by a preponderance of the evidence:~~ Plaintiff may succeed on this claim by proving each of the following things by a preponderance of the evidence:

~~1.     Defendant [knowingly concealed [from the prosecutor] exculpatory and/or impeachment evidence, and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial] [and/or] [knowingly fabricated evidence that was introduced against Plaintiff [at his criminal trial] [in his criminal case].~~

~~2.     The evidence was material.~~

1.     The Defendant employed an unduly suggestive identification procedure.

2.     The resulting identification was not reliable.

3.     The resulting identification was introduced against Plaintiff at his criminal trial.

~~3.~~4.     Plaintiff was damaged as a result.

~~"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.~~

~~"Impeachment evidence" is evidence that would have made the [judge] [jury] at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.~~

~~[Exculpatory; impeachment; fabricated] evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed.~~

"Unduly suggestive" means both (1) that the technique used was suggestive and (2) that such suggestiveness was unnecessary. In other words, the situation was one in which the circumstances did not justify law enforcement's suggestive behavior.

5

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 3

Source: Seventh Circuit Pattern Civil Jury Instruction 7.14 and Committee Comment g; *Lee v. Foster*, 750 F.3d 687, 691 (7th Cir. 2014) (holding that "a witness's identification violates a defendant's right to due process" when the procedure used so "unduly suggestive" that it gives rise to "a very substantial likelihood of irreparable misidentification" and "under the totality of the circumstances," the procedure is not reliable); *United States v. Sanders*, 708 F.3d 976, 983-85 (7th Cir. 2013) (holding that an unduly suggestive procedure is one that is "both suggestive and unnecessary," meaning "one in which the circumstances did not justify law enforcement's suggestive behavior."); *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006) (holding that § 1983 liability for a due process violation arises "if unduly suggested identification techniques are allowed to taint the trial"); *id.* (holding that "both suggestiveness and reliability are evaluated by reference to the totality of the circumstances"); *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2016 WL 2866097, at *10 (N.D. Ill. May 17, 2016) ("[A] criminal defendant has a due process right not to be subjected to unduly suggestive identifications that taint his criminal trial."); *Gonzalez v. City of Waukegan*, 220 F. Supp. 3d 876, 882 (N.D. Ill. 2016) ("To state a claim for unduly suggestive identification techniques, a plaintiff must allege (1) that the technique used was suggestive and (2) that such suggestive was unnecessary. Once a plaintiff has shown a technique to be unduly suggestive, the court must then determine whether the technique was nevertheless reliable under the totality of the circumstances.").

6

**SECOND CLAIM—PRETRIAL DETENTION WITHOUT PROBABLE CAUSE**

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek violated his constitutional rights by causing his detention without probable cause while Plaintiff awaited trial. To succeed on this claim, the Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant caused Plaintiff to be detained prior to his criminal trial.

2. There was no probable cause for Plaintiff's detention.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 4

Source: *Manuel v. City of Joliet*, 137 S. Ct. 911, 918-20 (2017) (*"Manuel I"*) (holding pretrial detention without probable cause actionable under the Fourth Amendment); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (*"Manuel II"*) (holding that a Fourth Amendment claim for illegal detention exists in "the absence of probable cause that would justify the detention," for example where "the police hoodwinked the judge by falsely [accusing the plaintiff of criminal conduct]").

FOURTH AMENDMENT:

FALSE ARREST - INSTRUCTIONS APPLICABLE TO SECOND CLAIM:
DEFINITION OF "PROBABLE CAUSE"

Probable cause exists for an arrest exists "Probable cause" existed if, at the moment the arrest was made based on the evidence known at the time, a reasonable person in the Defendant's position would have believed that Plaintiff [had committed] [was committing] a crime.  In making this decision, you should consider what the Defendant knew and the any reasonably trustworthy information the Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. [The fact that Plaintiff was later acquitted of [insert crime at issue] found guilty in 1996 does not by itself mean that there was no the Defendant had probable cause at the time of his arrest.]. Nor does the fact that he was later acquitted by itself mean that there was no probable cause at the time of his arrest.

[It is not necessary that Defendant had probable cause to arrest Plaintiff for [insert crime at issue], so long as Defendant had probable cause to arrest him for some criminal offense.] [It is not necessary that Defendant had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendant had probable cause to arrest him for one of those crimes.]

In evaluating probable cause existed, a police officer may not close his eyes to facts that would have helped clarify the circumstances of the crime. When information provided by a person claiming to be a victim of a crime would lead a reasonable officer to be suspicious, probable cause is not established by that person's mere say-so, and the officer must investigate further. Reasonable avenues of investigation must be pursued. If Plaintiff's arrest could have been avoided if the arresting officer had conducted a proper investigation, probable cause did not exist.

Fabricated evidence and false statements do not support probable cause. Such false evidence is demonstrated by showing that the Defendant knowingly reported false or misleading information, recklessly disregarded the truth of the information reported, or failed to inform the courts and prosecutors of facts that they knew would negate probable cause.

Plaintiff's Proposed Jury Instruction No. 5

Source: Seventh Circuit Pattern Civil Jury Instruction 7.08 (modified); *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding that "knowingly and intentionally, or with reckless disregard" submitting false evidence "necessary to the finding of probable cause" violates the Fourth Amendment); *Lewis v. City of Chicago*, 914 F.3d 472, 476-77 (7th Cir. 2019) (holding that police officers cannot manufacture probable cause by making false statements in police reports or in probable cause hearings); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (*"Manuel II"*) (holding that a Fourth Amendment claim for wrongful detention exists in "the absence of

probable cause that would justify the detention," for example where "the police hoodwinked the judge by falsely [accusing the plaintiff of criminal conduct]"); *Lawson v. Veruchi*, 637 F.3d 699, 703-704 (7th Cir. 2011) ("Probable cause exists if, at the time of the arrest, the facts and circumstances within the defendant's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed an offense."); *id.* (probable cause not established by an officer's statements that "he knew to be false or would have known were false had he not recklessly disregarded the truth"); *Hebron v. Touhy*, 18 F.3d 421, 422-23 (7th Cir. 1994) ("Sometimes information from or about a person claiming to be the victim of crime would lead a reasonable officer to be suspicious, making further investigation prudent—and, because the 'reasonableness' standard of the fourth amendment links the constitutional obligation to the standard of prudent conduct, the officer must do more."); *id.* (holding that the defendant officers' knowledge of "the significant chance that [the complaining victims] bore a grudge against [plaintiffs] would have made it unreasonable—and therefore unconstitutional—to arrest the [plaintiffs] on the [witnesses'] mere say-so. Having received a report of questionable reliability, the police needed to investigate"); *Jones v. City of Chicago*, 856 F.2d 985, 993-94 (7th Cir. 1988) ("[A] prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision."); *BeVier v. Hucal*, 806 F.2d 123, 126-28 (7th Cir. 1986) (holding that if an "arrest could have been avoided if the arresting officer had conducted a proper investigation," probable cause did not exist, because a "police officer may not close his or her eyes to facts that would help clarify the circumstances of an arrest," and "[r]easonable avenues of investigation must be pursued"); *id.* ("Because [the defendant] failed to avail himself of the opportunity to elicit further facts which would have indicated that the arrest should not have been made, the arrest of plaintiffs was without the requisite probable cause.").

**THIRD CLAIM—CLAIM FOR FAILURE OF "BYSTANDER" OFFICER TO INTERVENE— ELEMENTS**

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek violated his constitutional rights by failing to intervene to stop the harm. To succeed on his failure to intervene claim against each Defendant, Plaintiff must prove each of the following *(number of elements)* things by a preponderance of the evidence:

1. [*Name of Office alleged to have committed primary violation*] [*describe constitutional violation claimed, e.g., "falsely arrested Plaintiff," "used excessive force on Plaintiff"*]. The Plaintiff's constitutional rights were violated.

2. Defendant knew that [*Officer*] was/was about to [*describe constitutional violation claimed, e.g., "falsely arrest Plaintiff" "use excessive force on Plaintiff"*]. The Defendant knew that the Plaintiff's constitutional rights were being violated or would be violated.

3. The Defendant had a realistic opportunity to do something to prevent harm from occurring.

4. The Defendant failed to take reasonable steps to prevent harm from occurring.

5. The Defendant's failure to act caused Plaintiff to suffer harm.

6. [The Defendant acted under color of law.]

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 6

Source: Seventh Circuit Pattern Civil Jury Instructions 7.22 (modified); Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 25.

**INSTRUCTIONS APPLICABLE TO THIRD CLAIM:**
**DEFINITION OF ~~GENERAL:~~ "UNDER COLOR OF LAW"**

~~One of the things Plaintiff must prove is that Defendant acted "under color of law."~~

~~(a) Public employee defendant~~

    A person who is employed by the government acts "under color of law" if ~~[he]~~ [she] uses or misuses authority that ~~[he]~~ [she] has because of ~~[his]~~ [her] official position. A person may act under color of law even if ~~[he]~~ [she] is violating a ~~[state] [local]~~ state or local law or policy. ~~[~~You may find that a Defendant acted under color of law even if ~~[he]~~ [she] was acting outside ~~[his]~~ [her] authority if ~~[he]~~ [she] represented ~~[himself] [herself]~~ as having that authority or if ~~[he]~~ [she] otherwise used ~~[his]~~ [her] position to accomplish the act.~~]~~

Plaintiff's Proposed Jury Instruction No. 7

Source: Seventh Circuit Pattern Civil Jury Instructions 7.03; Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 25.

11

**FOURTH CLAIM—CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS**

Plaintiff claims that that one or more of the Defendants and/or other persons conspired to deprive him of his constitutional rights.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.    One or more of the Defendants joined an agreement amongst themselves or with others to deprive Plaintiff of his constitutional rights.

2.    The Defendant knowingly became a member of the agreement with the intention to carry it out.

3.    One or more of the participants committed an act in an effort to carry out the agreement.

4.    As a result, one or more of Plaintiff's constitutional rights were violated.

Direct evidence of an agreement is not required. You may infer an agreement through circumstantial evidence. The Plaintiff does not have to prove that there was a formal agreement or plan in which all involved met together and worked out the details. The Plaintiff also does not have to prove that each participant knew all the details of the agreement or the identify of all the participants. It is enough if the Defendant understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do his part to further them.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 8

Source: *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are. It is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or

implicitly, to do your part to further them."); *Hampton v. Hanrahan*, 600 F.2d 600, 620-21 (7th Cir. 1979) ("In order to prove the existence of a civil conspiracy, a plaintiff is not required to provide direct evidence of the agreement between the conspirators, circumstantial evidence may provide adequate proof of conspiracy … A plaintiff seeking redress need not prove that each participant in a conspiracy knew the exact limits of the illegal plan or the identity of all participants therein. An express agreement among all the conspirators is not a necessary element of a civil conspiracy. The participants in the conspiracy must share the general conspiratorial objective, but they need not know all the details of the plan designed to achieve the objective or possess the same motives for desiring the intended conspiratorial result."), *rev'd in part on other grounds*, 446 U.S. 754; *Mnyofu v. Board of Educ. of Rich Tp. H.S. Dist. 227*, 2007 WL 1308523, *11 (N.D. Ill. Apr. 27, 2007) ("For a conspiracy claim under § 1983, two elements must be satisfied: (1) an express or implied agreement among defendants to deprive a plaintiff of his or her Constitutional rights and (2) actual deprivation of those rights in the form of overt acts in furtherance of the agreement."); *see also* Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 24.

## FIFTH CLAIM—MALICIOUS PROSECUTION

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek maliciously caused him to be prosecuted for murder and attempted murder. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.    The Defendant caused a criminal proceeding to be commenced or continued against Plaintiff.

2.    There was no probable cause for the criminal proceeding.

3.    The Defendant acted with malice.

4.    The criminal proceeding was terminated in Plaintiff's favor.

5.    Plaintiff was damaged as a result of the Defendant's actions.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.


Plaintiff's Proposed Jury Instruction No. 9

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 74 ("[T]o state a cause of action for the tort of malicious prosecution, the plaintiff must prove five elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff."); *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016) ("To establish a claim for malicious prosecution under Illinois law, plaintiffs must establish five elements: (1) the commencement or continuance of an original proceeding; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages.").

**INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:**
**DEFINITION OF "COMMENCED OR CONTINUED"**

A defendant "commences or continues" a criminal proceeding if he plays a significant role in causing the criminal proceeding. A police officer plays a significant role in causing the criminal proceeding if he improperly exerts pressure or influence on the prosecutor, knowingly provides misinformation to the prosecutor, conceals exculpatory evidence, or otherwise engages in wrongful or bad-faith conduct that was instrumental in the commencement or continuation of the criminal prosecution.

In evaluating whether the Defendant you are considering played a significant role in causing the criminal proceeding to be commenced or continued against Plaintiff, you may consider whether they conducted a bad-faith and incomplete investigation designed to implicate a particular Plaintiff regardless of the evidence, such as by immediately focusing on Plaintiff as the primary suspect, deliberately narrowing the scope of the investigation and opting not to pursue other avenues of investigation, discounting other suspects and plausible motives for the crime, or ignoring evidence that would have excluded Plaintiff as a suspect.

Plaintiff's Proposed Jury Instruction No. 10

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 84 (holding that if "an investigative team conducts a bad-faith and incomplete investigation—designed to implicate a particular individual regardless of the evidence—the prosecutor is effectively prevented from fully exercising that independent judgment"); *id.* ¶¶ 90-96 (holding that the "commence and continue" prong was supported by, among other things, evidence showing "that defendants engaged in a bad-faith investigation that immediately focused on him as the primary suspect, which deliberately limited the scope of the inquiry and disregarded or discounted other suspects and plausible motivations for the crime," and evidence that defendants "opted not to pursue other avenues of investigation"); *Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 73 (finding sufficient facts to establish that defendants played a significant role in causing the prosecution of plaintiffs where defendants fabricated witness statements and other evidence against plaintiffs and presented false evidence to the grand jury and the prosecutor for the purpose of causing plaintiffs to be prosecuted); *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988) ("[T]he jury could find that the defendants systematically concealed form the prosecutors, and misrepresented to them, facts highly material to—that is, facts, likely to influence—the decision whether to prosecute [the plaintiff] and whether (that decision having been made) to continue prosecuting him right up and into the trial.").
.

15

**INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:**
**DEFINITION OF "PROBABLE CAUSE"**

~~Probable cause exists for an arrest exists~~ "Probable cause" existed if~~, at the moment the arrest was made~~ based on the evidence known at the time, a reasonable person in the Defendant's position would have believed that Plaintiff ~~[had~~ committed~~] [was committing]~~ a crime. In making this decision, you should consider what the Defendant knew and ~~the~~ any reasonably trustworthy information the Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. ~~[The fact that Plaintiff was~~ later acquitted of [*insert crime at issue*]~~ found guilty in 1996 does not by itself mean that~~ there was no the Defendant had probable cause~~at the time of his arrest.]~~ Nor does the fact that he was later acquitted by itself mean that there was no probable cause at the time of his arrest.

~~[It is not necessary that Defendant had probable cause to arrest Plaintiff for [insert crime at issue], so long as Defendant had probable cause to arrest him for some criminal offense.] [It is not necessary that Defendant had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendant had probable cause to arrest him for one of those crimes.]~~

In evaluating probable cause existed, a police officer may not close his eyes to facts that would have helped clarify the circumstances of the crime. When information provided by a person claiming to be a victim of a crime would lead a reasonable officer to be suspicious, probable cause is not established by that person's mere say-so, and the officer must investigate further. Reasonable avenues of investigation must be pursued. If Plaintiff's arrest could have been avoided if the arresting officer had conducted a proper investigation, probable cause did not exist.

Fabricated evidence and false statements do not support probable cause. Such false evidence is demonstrated by showing that the Defendant knowingly reported false or misleading information, recklessly disregarded the truth of the information reported, or failed to inform the courts and prosecutors of facts that they knew would negate probable cause.

Plaintiff's Proposed Jury Instruction No. 11

Source: Seventh Circuit Pattern Civil Jury Instruction 7.08 (modified); *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding that "knowingly and intentionally, or with reckless disregard" submitting false evidence "necessary to the finding of probable cause" violates the Fourth Amendment); *Lewis v. City of Chicago*, 914 F.3d 472, 476-77 (7th Cir. 2019) (holding that police officers cannot manufacture probable cause by making false statements in police reports or in probable cause hearings); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (*"Manuel II"*) (holding that a Fourth Amendment claim for wrongful detention exists in "the absence of

16

probable cause that would justify the detention," for example where "the police hoodwinked the judge by falsely [accusing the plaintiff of criminal conduct]"); *Lawson v. Veruchi*, 637 F.3d 699, 703-704 (7th Cir. 2011) ("Probable cause exists if, at the time of the arrest, the facts and circumstances within the defendant's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed an offense."); *id.* (probable cause not established by an officer's statements that "he knew to be false or would have known were false had he not recklessly disregarded the truth"); *Hebron v. Touhy*, 18 F.3d 421, 422-23 (7th Cir. 1994) ("Sometimes information from or about a person claiming to be the victim of crime would lead a reasonable officer to be suspicious, making further investigation prudent—and, because the 'reasonableness' standard of the fourth amendment links the constitutional obligation to the standard of prudent conduct, the officer must do more."); *id.* (holding that the defendant officers' knowledge of "the significant chance that [the complaining victims] bore a grudge against [plaintiffs] would have made it unreasonable—and therefore unconstitutional—to arrest the [plaintiffs] on the [witnesses'] mere say-so. Having received a report of questionable reliability, the police needed to investigate"); *Jones v. City of Chicago*, 856 F.2d 985, 993-94 (7th Cir. 1988) ("[A] prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision."); *BeVier v. Hucal*, 806 F.2d 123, 126-28 (7th Cir. 1986) (holding that if an "arrest could have been avoided if the arresting officer had conducted a proper investigation," probable cause did not exist, because a "police officer may not close his or her eyes to facts that would help clarify the circumstances of an arrest," and "[r]easonable avenues of investigation must be pursued"); *id.* ("Because [the defendant] failed to avail himself of the opportunity to elicit further facts which would have indicated that the arrest should not have been made, the arrest of plaintiffs was without the requisite probable cause.").

**INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:**
**DEFINITION OF "MALICE"**

A person acts with "malice" in commencing or continuing a criminal prosecution if he acts for any reason other than to prosecute the actual perpetrator of the crime charged.

You may infer that a person acts with malice if there is an absence of probable cause and the circumstances are inconsistent with actions made in good faith. Intentionally or recklessly ignoring, shaping, interpreting, or creating evidence to support the Plaintiff's guilt is evidence of malice.

In evaluating whether the Defendant you are considering acted with "malice," you may also consider whether the Defendant decided to go forward carelessly or recklessly after having notice of a problem with the criminal proceedings against Plaintiff.

Plaintiff's Proposed Jury Instruction No. 12

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 141 ("Malice, as an element of malicious prosecution, has been defined as the initiation of a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the responsible party to justice. The element of malice may be inferred from a lack of probable cause when the circumstances are inconsistent with good faith by the prosecutorial team and lack of probable cause has been clearly proved.") (citations omitted); *id.* ¶ 142 ("The decision to go forward carelessly or recklessly within previously commenced proceedings, after receiving notice of a problem, may be inconsistent with good faith and show malice required to support a claim of malicious prosecution."), *id.* ¶ 149 (where "a rational juror could find that defendants intentionally ignored, shaped, interpreted, or created evidence to support their conclusion that [the plaintiff] was guilty," the plaintiff "has presented sufficient evidence to permit a reasonable inference that the detectives acted with the improper purpose to obtain a conviction regardless of the evidence," which satisfies the element of malice).

18

**SIXTH CLAIM—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff claims that Defendants Pesavento, Karl, Oliver, and Siwek intentionally caused him emotional distress. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant's conduct was extreme and outrageous.

2. The Defendant intended to inflict emotional distress on Plaintiff or knew there was a high probability that his conduct would do so.

3. The Defendant's conduct caused Plaintiff to experience severe emotional distress.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 13

Source: *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 28 (instruction given); *see also Adams v. Sussman & Hertzberg, Ltd.,* 292 Ill. App. 3d 30, 38 (1st Dist. 1997) ("To prove a cause of action for intentional infliction of emotional distress, the plaintiff must establish three elements: (1) extreme and outrageous conduct; (2) intent or knowledge by the actor that there is at least a high probability that his or her conduct would inflict severe emotional distress and reckless disregard of that possibility; and (3) severe and emotional distress."); *Cairel v. Alderden*, 821 F.3d 823, 835-6 (7th Cir. 2016) ("An intentional infliction of emotional distress claim under Illinois law requires proof of three elements: First the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress.").

## SEVENTH CLAIM—CIVIL CONSPIRACY

Plaintiff claims that that one or more of the Defendants and/or other persons conspired to maliciously prosecute him and/or inflict emotional distress on him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. One or more of the Defendants entered into an agreement amongst themselves or with others to maliciously prosecute the Plaintiff and/or inflict emotional distress on him.

2. One or more of the participants committed an act in an effort to carry out the agreement.

3. The Plaintiff was damaged as a result of the Defendant's actions.

Direct evidence of an agreement is not required. You may infer an agreement through circumstantial evidence. The Plaintiff does not have to prove that the Defendant knew all the details of the conspiracy. It is enough if the Defendant understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do his part to further them.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 14

Source: *Fritz v. Johnston*, 209 Ill.2d 302, 317 (2004); *Fiala v. Bickford Sr. Living Grp., LLC*, 2015 IL App (2d) 150067, ¶¶ 61-74; *see also* authority supporting Plaintiff's Proposed Instruction No. 8, *supra*.

20

### EIGHTH CLAIM—VICARIOUS LIABILITY

Plaintiff claims that he was harmed by the Defendants' violations of his constitutional rights and violations of state law. Plaintiff also claims that the City of Chicago is liable for the harm because Defendants Pesavento, Karl, Oliver, and Siwek were acting in the scope of their employment with the City of Chicago when the misconduct occurred. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant Pesavento, Karl, Oliver, and/or Siwek is liable to Plaintiff on one or more of Plaintiff's claims, as set forth in the instructions for claims one through seven; and

2. The Defendant was an employee of the City of Chicago; and

3. The Defendant was acting within the scope of his employment when he harmed Plaintiff.

Plaintiff's Proposed Jury Instruction No. 15

Source: *Pyne v. Witmer*, 129 Ill. 2d 351, 359 (Ill. 1989) ("For an employer to be vicariously liable for an employee's torts under the doctrine of *respondeat superior*, the torts must have been committed within the scope of the employment."); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 765 (7th Cir. 2009) ("Vicarious liability imputes an agent's misconduct, performed within the scope of her employment, to the employer.") (applying Illinois law) (citing *Lasko v. Meier*, 394 Ill. 71, 67 N.E. 2d 162, 166 (Ill. 1946)); *Jansen v. Packaging Corp. of Am.*, 123 F.3d 490, 496 (7th Cir. 1997) ("[T]he deliberate act of an employee acting within the scope of his authority is the act of the employer, for an employer, at least where it is a corporation, acts only through agents.").

**INSTRUCTIONS APPLICABLE TO EIGHTH CLAIM:**
**DEFINITION OF "SCOPE OF EMPLOYMENT"**

An employee's conduct is within the "scope of employment" if (a) it is reasonably related or incidental to the kinds of tasks that the employee was employed to perform, even if the employee exceeds the bounds of his authority; (b) it occurs within the time and space authorized by the employer; and (c) it is primarily for the benefit of the employer.

The fact that an employee violated an employer's policy or rules, even knowingly or intentionally, does not establish that his conduct was outside the scope of his employment. Indeed, even criminal conduct may be within the scope of one's employment. If the employer trains the employee to perform certain tasks and can discipline the employee for performing those tasks improperly, then the tasks are within the scope of his employment.

Plaintiff's Proposed Jury Instruction No. 16

Source: *Adames v. Sheahan*, 233 Ill.2d 276, 299-301 (2009) (finding that if the police department "both trained its officers" and "could discipline officers" relating to certain off duty conduct, the officer was acting within the scope of his employment); *Gaffney v. City of Chicago*, 302 Ill. App. 3d 41, 49-55 (1st Dist. 1998) ((holding that the fact that the employee acted "in contravention of [his employer's] recommendations is not determinative that the [conduct] was not within the scope of employment," because "an act, although forbidden, or done in a forbidden manner, may be within the scope of employment … that an employee was acting in violation of some instruction or rule of an employer is generally held to be of no consequence in determining whether conduct is within the scope of employment … Indeed, rather than militating *against* a finding that an act was within the scope of employment … an employer's rule prohibiting certain actions only reinforces the conclusion that such actions were expected and foreseeable."); *Javier v. City of Milwaukee*, 670 F.3d 823, 824 (7th Cir. 2012) ("[A]n employee can misuse or exceed his authority while still acting within the scope of his employment … [the defendant's] conduct could be criminal, excessive, and outside his authority and still be within the scope of his employment."); *Hibma v. Odegaard*, 769 F.2d 1147, 1152 (7th Cir. 1985) ("Courts recognize that scope of employment includes those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objective of the employment … The employee's actions in these instances further the objectives of the employment even absent good faith or an intention to benefit the employer.").

**NINTH CLAIM—INDEMNIFICATION**

Plaintiff claims that the City of Chicago is liable for indemnification. Under Illinois law, the City of Chicago is liable for indemnification if an employee commits a tort while acting within the scope of his employment. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.    Defendant Pesavento, Karl, Oliver, and/or Siwek is liable to Plaintiff on one or more of Plaintiff's claims, as set forth in the instructions for claims one through seven; and

2.    The Defendant was acting within the scope of his employment when he harmed Plaintiff.

Plaintiff's Proposed Jury Instruction No. 17

Source: 745 ILCS 10/9-102.

23

**INSTRUCTIONS APPLICABLE TO NINTH CLAIM:**
**DEFINITION OF "SCOPE OF EMPLOYMENT"**

An employee's conduct is within the "scope of employment" if (a) it is reasonably related or incidental to the kinds of tasks that the employee was employed to perform, even if the employee exceeds the bounds of his authority; (b) it occurs within the time and space authorized by the employer; and (c) it is primarily for the benefit of the employer.

The fact that an employee violated an employer's policy or rules, even knowingly or intentionally, does not establish that his conduct was outside the scope of his employment. Indeed, even criminal conduct may be within the scope of one's employment. If the employer trains the employee to perform certain tasks and can discipline the employee for performing those tasks improperly, then the tasks are within the scope of his employment.

Plaintiff's Proposed Jury Instruction No. 18

Source: *Adames v. Sheahan*, 233 Ill.2d 276, 299-301 (2009) (finding that if the police department "both trained its officers" and "could discipline officers" relating to certain off duty conduct, the officer was acting within the scope of his employment); *Gaffney v. City of Chicago*, 302 Ill. App. 3d 41, 49-55 (1st Dist. 1998) ((holding that the fact that the employee acted "in contravention of [his employer's] recommendations is not determinative that the [conduct] was not within the scope of employment," because "an act, although forbidden, or done in a forbidden manner, may be within the scope of employment … that an employee was acting in violation of some instruction or rule of an employer is generally held to be of no consequence in determining whether conduct is within the scope of employment … Indeed, rather than militating *against* a finding that an act was within the scope of employment … an employer's rule prohibiting certain actions only reinforces the conclusion that such actions were expected and foreseeable."); *Javier v. City of Milwaukee*, 670 F.3d 823, 824 (7th Cir. 2012) ("[A]n employee can misuse or exceed his authority while still acting within the scope of his employment … [the defendant's] conduct could be criminal, excessive, and outside his authority and still be within the scope of his employment."); *Hibma v. Odegaard*, 769 F.2d 1147, 1152 (7th Cir. 1985) ("Courts recognize that scope of employment includes those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objective of the employment … The employee's actions in these instances further the objectives of the employment even absent good faith or an intention to benefit the employer.").

24

~~NO NEED TO CONSIDER~~ **DAMAGES** ~~INSTRUCTION~~

The Plaintiff is requesting compensatory damages and punitive damages.

If you find in favor of the Plaintiff against one or more of the Defendants on one or more of the Plaintiff's claims, then you will go on to consider the question of damages.

~~If you decide for the defendant[s] on the question of liability,~~ you find in favor of all of the Defendants on all of the Plaintiff's claims, then you should not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 19

Source: Seventh Circuit Pattern Civil Jury Instruction 1.31 (modified); Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 33 (instruction given); Instructions to the Jury, *Fields v. City of Chicago*, No. 1:10-cv-01168 (N.D. Ill.), ECF No. 1169, at 17 (instruction given).

## COMPENSATORY DAMAGES

If you find in favor of Plaintiff on ~~[one or more of Plaintiff's claims]~~, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained ~~[and is reasonably certain to sustain in the future]~~ as a direct result of ~~[insert appropriate language, such as "the failure to provide plaintiff with medical care," etc.]~~ his wrongful incarceration.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

~~a.~~

~~1.  [The physical [and mental and emotional] pain and suffering [and [disability] [or] [loss of a normal life]] that Plaintiff has experienced [and is reasonably certain to experience in the future].~~ The physical and mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.

2.  The loss of normal life that the Plaintiff has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical ~~[or mental and emotional]~~ pain and suffering ~~[or [disability] [or] [loss of a normal life]]~~ has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.~~] [Plaintiff's estate may seek damages for loss of life.]~~

~~b.      [The decedent's loss of the capacity to carry on and enjoy her life's activities in a way she would have done had she lived.]~~

~~c.      [The reasonable value of property damaged or destroyed.]~~

~~d.      [The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received [as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.]]~~

~~e.      [The [wages, salary, profits, earning capacity] that Plaintiff has lost [and the present value of the [wages, salary, profits, earning capacity] that Plaintiff is reasonably certain to lose in the future] because of his [inability/diminished ability] to work.]]~~

26

[When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.]

[If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.]

Plaintiff's Proposed Jury Instruction No. 20

Source: Seventh Circuit Pattern Civil Jury Instruction 7.26 (modified).

**PUNITIVE DAMAGES**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants Pesavento and/or Oliver. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- [Defendant's financial condition;]

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

Plaintiff's Proposed Jury Instruction No. 21

Source: Seventh Circuit Pattern Civil Jury Instruction 7.28.

28