**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Eddie Bolden, | ) | |
| | ) | Case No. 17 CV 417 |
| Plaintiff, | ) | |
| | ) | Honorable Steven C. Seeger |
| v. | ) | |
| | ) | |
| City of Chicago, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Defendants' Proposed Jury Instructions**

**FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [Do not allow [sympathy, ,prejudice , ,fear,, or public opinion] to influence you.] [You should not be influenced by any person's race, color, religion, national ancestry, or sex.]

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Defendants' Proposed Jury Instruction No: 1

*Source :* 7th Circuit Civil Pattern Jury Instruction 1.01

**Formatted:** Indent: Left: 0"

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, Defendants Angelo Pesavento, James Oliver, the Estate of Edward Siwek, and the Estate of George Karl were governmental officials while Plaintiff Eddie Bolden is a private citizen. [one/some] [of] the [defendants/plaintiffs/parties] [is a/are] corporation[s]. All parties are equal before the law. A governmental official is entitled to the same fair consideration that you would give any individual person.

Defendants' Proposed Jury Instruction No: 2

*Source :* 7th Circuit Civil Pattern Jury Instruction 1.03 (Modified)

**Multiple Claims; Multiple Defendants**

You must give separate consideration to each claim and each party in this case.

[Although there are four[*number*] defendants, it does not follow that if one is liable, any of the others is also liable.] [Although there are [*number*] plaintiffs, it does not follow that if one is successful, the others are, too.]¹

*[If evidence was admitted only as to fewer than all defendants or all claims:]* In considering a claim against a defendant, you must not consider evidence admitted only against other defendants [or only as to other claims].

Defendants' Proposed Jury Instruction No: 3

*Source :* 7th Circuit Civil Pattern Jury Instruction 1.25

**GENERAL: NOT A PARTY**

Defendant(s) Angelo Pesavento, James Oliver, the Estate of Edward Siwek, and the Estate of George Karl [is/are] being sued as [an] individual[s]. Neither the City of Chicago nor the Chicago Police Department [*Identify state or county police department or correctional agency*] nor [*Identify state, county, or city*] is a party to this lawsuit.

Defendants' Proposed Jury Instruction No: 4

*Source :* 7th Circuit Civil Pattern Jury Instruction 7.01

**Limiting Instruction Concerning Evidence of Statutes, Administrative Rules, Regulations, and Policies**

You have heard evidence about whether Defendant's conduct [complied with or violated] Chicago Police Department guidelines or other police practices. [a state statute/administrative rule/locally imposed procedure or regulation].

You may consider this evidence in your deliberations [as to [wait for MIL ruling*identify claim*]]. But remember that the issue is whether Defendant [*describe constitutional violation claimed, e.g. "falsely arrested Plaintiff," "used excessive force on Plaintiff"*], not whether a [statute/rule/procedure/ regulation] might have been [complied with / violated].

Defendants' Proposed Jury Instruction No: 5

*Source :* 7th Circuit Civil Pattern Jury Instruction 7.04 (modified)

**Limiting Instruction Related to Loftus Testimony**

You have heard testimony from Geoffrey Loftus related to his opinion that Clifford Frazier's identification of Plaintiff as the offender during the lineup and at the criminal trial were unreliable.

You are to consider this testimony, if at all, only to the issue of damages, if any, to be awarded to Plaintiff. You are not to consider this testimony in determining whether any Defendant violated Plaintiff's constitutional rights or acted inconsistently with state law.

Defendants' Jury Instruction No: 6

*Source:* [potential MIL ruling]

**Claims Instruction**

The Plaintiff in this case is Eddie Bolden. The defendants in this case are Angelo Pesavento, James Oliver, the Estate of Edward Siwek, and the Estate of George Karl. Angelo Pesavento and James Oliver are retired Chicago police officers. Edward Siwek and George Karl were retired Chicago police officers prior to their deaths. I will refer to them as Defendants.

Plaintiff brings the following claims:

First, Plaintiff claims that all Defendants violated his constitutional right to a fair criminal trial by manipulating an unduly suggestive line-up by deliberately using unlawful identification procedures to secure an identification they knew was tainted.

Second, Plaintiff claims that all Defendants violated his constitutional rights by detaining him before trial without probable cause.

Third, Plaintiff claims that all Defendants failed to intervene to prevent the alleged unduly suggestive lineup and/or the pretrial detention without probable cause.

Fourth, Plaintiff claims that all Defendants conspired among themselves to deprive him of his constitutional right to a fair criminal trial based on the unduly suggestive lineup and/or conspired to detain him prior to trial without probable cause.

Fifth, Plaintiff claims that all Defendants maliciously prosecuted him for double murder and attempted murder.

Sixth, Plaintiff claims that the actions of all Defendants constituted intentional infliction of emotional distress under Illinois law.

Seventh, Plaintiff claims that the Defendants conspired among themselves to maliciously prosecute him and/or to intentionally inflict emotional distress on him.

Defendants deny each and every one of these claims.

I shall now discuss each of these claims in turn.


Defendants' Proposed Jury Instruction No: 7

*Source :* Plaintiff's Fourth Amended Complaint

**Claim Number One – Unduly Suggestive Line-up**

Plaintiff claims that Defendants violated his right to a fair trial by manipulating an unduly suggestive line-up that created a false identification of him by Clifford Frazier which was used to convict him in his criminal case.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence:

1. That Plaintiff successfully challenged the admission of the identification in his criminal case;
2. The specific identification procedures used by the Defendant were clearly prohibited by the law in February 1994;
3. The Defendant deliberately used the prohibited procedure to secure an identification he knew was tainted.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff and go on to the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and you will not consider the question of damages for that Defendant.

Defendants' Proposed Jury Instruction No: 8

*Source : Coleman v. City of Peoria, Illinois*, 925 F.3d 336 (7th Cir. 2019); *Phillips v. Allen*, 668 F.3d 912 (7th Cir. 2012); *Weston v. City of Chicago*, 2021 WL 2156459 (N.D. Ill. May 27, 2021).

**No Right to Counsel at Line-Up**

You have heard testimony that Plaintiff's criminal defense attorney was not permitted to be present in the witness room while Clifford Frazier was observing the lineup.

A person's right to counsel attaches only after adversarial judicial criminal proceedings have been initiated against him, whether by way of a formal charge, preliminary hearing, indictment, information, or arraignment. This right cannot be invoked by a person during the fact-finding process, such as a line-up, prior to the commencement of adversarial criminal proceedings. In February 1994, a person did not have a constitutional right to counsel when that person participated in a lineup which occurred prior to the initiation of adversary proceedings.

Defendants' Proposed Jury Instruction No: 9

*Source : United States v. Larkin*, 978 F.2d 964 (7th Cir. 1992); *US ex rel Wilson v. Peters*, 60 F.Supp.2d 777 (N.D.Ill. 1999); *Jerricks v. Bresnaham*, 880 F.Supp. 521 (N.D.Ill. 1995); *People v. Bolden*, 197, Ill. 2d 166 (2001); *United States v. Wade*, 388 U.S. 216 (1967); *Kirby v. Illinois*, 406 U.S. 682 (1972).

**Two Different Identification Procedures**

You have heard testimony that Clifford Frazier viewed Plaintiff in a lineup after he viewed Plaintiff in a photo array.

In February 1994, it was not prohibited to have a witness view a photo array and later a lineup where the suspect was the only person to appear in both the photo array and lineup.

Defendants' Proposed Jury Instruction No: 10

*Source : U.S. v. Harris*, 281 F.3d 667, 670 (7th Cir. 2002)

**Failure to Provide Warnings**

You have heard testimony that the Defendants failed to provide Clifford Frazier with a warning that the suspect might not be in the photo array or lineup and that Clifford Frazier was not obligated to identify anyone in the lineup.

In February 1994, it was not prohibited by law to not provide these types of warnings to an eyewitness prior to a photo array or lineup.

Defendants' Proposed Jury Instruction No: 11

*Source : People v. Harrell*, 104 Ill. App.3d 138, 146 (5th Dist. 1982); 725 ILCS 5/107A-2(e)(1)(B), (D) (effective Jan. 1, 2015)

**Telling a Witness that the Suspect is in the Lineup**

You have heard testimony that Clifford Frazier was told prior to viewing the lineup that the police had the offender.

In February 1994, telling a witness that the offender was in the lineup was not clearly prohibited by the law.

Defendants' Proposed Jury Instruction No: 12

*Source :  U.S v. Medina*, 552 F.2d 181 (7th Cir. 1977)

**Makeup of the Lineup**

You have heard evidence regarding the physical characteristics of the lineup participants.

In February 1994, the police were not required to search for and include in a lineup, individuals with same age, height, weight, facial features, or skin coloration as the suspect. Lineup participants should have descriptive features within a reasonable range of similarity to each other, in light of all the circumstances. The participants in the lineup cannot be grossly dissimilar in appearance to the suspect such that the dissimilarities suggest to the witness that the suspect is more likely to be the offender.

Defendants' Proposed Jury Instruction No: 13

*Source: Perry v. New Hampshire*, 132 S. Ct. 716 (2012); *United States v. Funches*, 84 F.3d 249 (7th Cir. 1996); *United States v. Johnson*, 745 F.3d 227 (7th Cir. 2014); *Eskridge v. Greco*, 2009 WL 449059 (N.D. Ill. Feb. 20, 2009)

**Claim Number Two – Pre-Trial Detention Without Probable Cause**

To succeed on his wrongful pretrial detention claim , Plaintiff Bolden must prove each of the following things by a preponderance of the evidence:

1. That the Defendant you are considering arrested and detained Plaintiff before his criminal trial; and
2. That the Defendant you are considering knew he did not have probable cause to arrest and detain Plaintiff before his criminal trial.

If you find that Plaintiff Bolden has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff Bolden and go on to the question of damages.

If, on the other hand, you find that Plaintiff Bolden has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and you will not consider the question of damages for that Defendant.

Defendants' Proposed Jury Instruction No: 14

*Source : Anderson v. City of Rockford*, 932 F.3d 494, 512 (7th Cir. 2019); *Camm v. Faith*, 937 F.3d 1096 (7th Cir. 2019); *Blackmon v. City of Chicago*, 2020 WL 60188 (N.D. Ill. 2020); *Coleman v. Peoria*, 925 F.3d 336, 351 (7th Cir. 2019)

**Definition of Probable Cause**

Probable cause exists for an arrest exists if, at the moment the arrest was made, a reasonable person in Defendant's position would have believed, or entertained an honest and suspicion, that Plaintiff [had committed] the offense of murder or attempted murder.[was committing] a crime. In making this decision, you should consider what Defendant knew and the reasonably trustworthy information Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. [The fact that Plaintiff's criminal charges for murder and attempted murder were was later dismissedacquitted of [*insert crime at issue*] does not by itself mean that there was no probable cause at the time of his arrest.]

[It is not necessary that Defendant had probable cause to arrest Plaintiff for [*insert crime at issue*], so long as Defendant had probable cause to arrest him for some criminal offense.] [It is not necessary that Defendant had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendant had probable cause to arrest him for one of those crimes.]

A return of an indictment by a grand jury constitutes evidence of probable cause. This can be rebutted if there is proof that the indictment was obtained by false or fraudulent testimony before the grand jury, by failing to make a full or complete statement of facts or by other improper or fraudulent means.

Police officers have no duty to investigate extenuating circumstances or search for exculpatory evidence once probable cause has been established. They may simply arrest the accused suspect.

An assessment of probable cause depends on the totality of the circumstances existing when the Defendant arrested the suspect. Once a police officer discovers sufficient facts to establish probable cause, he has no obligation to conduct any further investigation in the hope of discovery exculpatory evidence. A police officer may not ignore conclusively established evidence of an affirmative defense, but the officer has no duty to investigate the validity of any defense.

Defendants' Proposed Jury Instruction No: 15

*Source* : 7th Circuit Civil Pattern Jury Instruction 7.08 (modified); *Young v. City of Chicago*, 987 F.3d 641 (7th Cir. 2021); *Mustafa v. City of Chicago*, 442 F.3d 544 (7th Cir. 2006); *Eversole v. Steel*, 59 F.3d 710 (7th Cir. 1995); *Beaman v. Freesmeyer*, 2021 IL 125617' *Beaman v. Freesmeyer*, 2019 IL 470186; *Hodgkins ex rel. Hodgkins v. Peterson*, 335 F.3d 0148 (7th Cir. 2004).

**Claim Number Three – Failure to Intervene**

To succeed on his failure to intervene claim against Defendants, Plaintiff must prove each of the following five(number of elements) things by a preponderance of the evidence as to the particular Defendant you are considering:

1. One or more of the Defendants deliberately manipulated an unduly suggestive lineup to cause Clifford Frazier to falsely identify Plaintiff and/or arrested Plaintiff without probable cause. [Name of Officer alleged to have committed primary violation] [describe constitutional violation claimed, e.g., "falsely arrested Plaintiff," "used excessive force on Plaintiff"].

2. The Defendant you are considering knew that another Defendant[Officer] was/was about to manipulate an unduly suggestive lineup and/or arrest Plaintiff without probable cause; [describe constitutional violation claimed, e.g., "falsely arrest Plaintiff" "use excessive force on Plaintiff"].

3. The Defendant you are considering had a realistic opportunity to do something to prevent harm from occurring;.

4. The Defendant you are considering failed to take reasonable steps to prevent harm from occurring; and.

5. The Defendant's failure to act caused Plaintiff to suffer harm.

[6. Defendant acted under color of law].

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff Bolden has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you must decide for Defendant, and you will not consider the question of damages for that Defendant.

Defendants' Proposed Jury Instruction No: 16

*Source :* 7th Circuit Civil Pattern Jury Instruction 7.22 (modified for multiple defendants)

**Claim Number Four – Conspiracy**

Plaintiff claims that Defendants conspired with each other to manipulate an unduly suggestive lineup to cause Clifford Frazier falsely identify Plaintiff and/or to arrest Plaintiff without probable cause.

*Conspiracy Defined.* A conspiracy is a combination of two or more persons acting together to commit an unlawful act. The principal element of a conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Once the agreement between those persons is reached, one of them must also commit an action in furtherance of the conspiracy; that is, he must take positive steps to accomplish their goal.

To succeed on his conspiracy claim, Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. That there was an agreement between two or more Defendants to deliberately manipulate an unduly suggestive lineup to cause Clifford Frazier to falsely identify Plaintiff and/or to arrest Plaintiff without probable cause;
2. The Defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy;
3. One or more of the conspirators committed an act in an effort to carry out the conspiracy; and
4. As a result, Plaintiff Bolden's right to a fair trial was violated.

If you find that Plaintiff Bolden has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff Bolden and go on to the question of damages.

If, on the other hand, you find that Plaintiff Bolden has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and you will not consider the question of damages for that Defendant.

Defendants' Proposed Jury Instruction No: 17

*Source : Green v. Benden*, 281 F.3d 661 (7th Cir. 2002); *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000)

**Claim Five – Malicious Prosecution**

Plaintiff claims that Defendants maliciously prosecuted him for double murder and attempted murder.

To succeed on this claim, Plaintiff Bolden must prove each of the following things by a preponderance of the evidence against the Defendant you are considering:

1. That the Defendant commenced or continued the criminal proceeding against Plaintiff Bolden;
2. The criminal proceedings were terminated in Plaintiff Bolden's favor and in a manner indicative of innocence;
3. The absence of probable cause for the criminal proceeding;
4. The Defendant you are considering acted with malice; and
5. Plaintiff Bolden suffered damages as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff and go on to the question of damages.

If, on the other hand, you find that Plaintiff Bolden has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and you will not consider the question of damages for that Defendant.

Defendants' Proposed Jury Instruction No: 18

*Source : Beaman v. Freesmeyer*, 2021 IL 125617; *Swick v. Liautaud*, 169 Ill.2d 504 (1996).

**Commencement or Continuance of a Criminal Proceeding**

In order to find that the Defendant you are considering "caused the commencement or continuation of a criminal proceeding" against Plaintiff, you must find that the relevant defendant proximately caused the commencement or continuance of the criminal proceeding. To do so, you must determine that the relevant Defendant played a "significant role" in the criminal prosecution.

The significant role determination includes those persons who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was instrumental in the commencement or continuance of the criminal prosecution.

Defendants' Proposed Jury Instruction No: 19

*Source: Beaman v. Freesmeyer*, 2021 IL 125617; *Beaman v. Freesmeyer*, 2019 IL 470186

**Definition of Probable Cause**

Probable cause exists for an arrest exists if, at the moment the arrest was made, a reasonable person in Defendant's position would have believed, or entertained an honest and suspicion, that Plaintiff [had committed] the offense of murder or attempted murder.[was committing] a crime. In making this decision, you should consider what Defendant knew and the reasonably trustworthy information Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. [The fact that Plaintiff's criminal charges for murder and attempted murder were was later dismissedacquitted of [*insert crime at issue*] does not by itself mean that there was no probable cause at the time of his arrest.]

[It is not necessary that Defendant had probable cause to arrest Plaintiff for [*insert crime at issue*], so long as Defendant had probable cause to arrest him for some criminal offense.] [It is not necessary that Defendant had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendant had probable cause to arrest him for one of those crimes.]

A return of an indictment by a grand jury constitutes evidence of probable cause. This can be rebutted if there is proof that the indictment was obtained by false or fraudulent testimony before the grand jury, by failing to make a full or complete statement of facts or by other improper or fraudulent means.

Police officers have no duty to investigate extenuating circumstances or search for exculpatory evidence once probable cause has been established. They may simply arrest the accused suspect.

An assessment of probable cause depends on the totality of the circumstances existing when the Defendant arrested the suspect. Once a police officer discovers sufficient facts to establish probable cause, he has no obligation to conduct any further investigation in the hope of discovery exculpatory evidence. A police officer may not ignore conclusively established evidence of an affirmative defense, but the officer has no duty to investigate the validity of any defense.

Defendants' Proposed Jury Instruction No: 20

*Source* : 7th Circuit Civil Pattern Jury Instruction 7.08 (modified); *Young v. City of Chicago*, 987 F.3d 641 (7th Cir. 2021); *Mustafa v. City of Chicago*, 442 F.3d 544 (7th Cir. 2006); *Eversole v. Steel*, 59 F.3d 710 (7th Cir. 1995); *Beaman v. Freesmeyer*, 2021 IL 125617' *Beaman v. Freesmeyer*, 2019 IL 470186; *Hodgkins ex rel. Hodgkins v. Peterson*, 335 F.3d 0148 (7th Cir. 2004).

**Malice Defined**

Malice is the intent, without justification, to commit a wrongful act. In order to find malice, you must find that the Defendant you are considering commenced or continued the criminal proceeding against Plaintiff for any reason other than to bring him to justice.

Malice may be inferred from the absence of probable cause if the circumstances that surrounded the starting of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been clearly proved. Malice may not be inferred where probable cause exists.

Defendants' Proposed Jury Instruction No: 21

*Source: Beaman v. Freesmeyer*, 2021 IL 125617; *Andersen v. City of Chicago*, 16-cv-01963, Dkt. 887 (N.D. Ill. June 7, 2021)

**Illinois Criminal Offenses**

In order to determine Plaintiff's malicious prosecution claim, you must decide whether there was probable cause to believe that Plaintiff had committed the offenses of First-Degree Murders of Derrick Frazier and Ledell Clayton and Attempted Murder of Clifford Frazier.

Under Illinois law, a person commits first degree murder when he kills an individual if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual; or he knows that such acts will cause death to that individual; or he knows that such acts create a strong probability of death or great bodily harm to that individual.

Under Illinois law, a person commits attempted murder when he, with the intent to kill an individual, does any act which constitutes a substantial step towards the killing of an individual. The killing attempted need not have been accomplished.


Defendants' Proposed Jury Instruction No: 22

*Source:* Jury instructions given in Plaintiff's criminal case; 720 ILCS 5/9-1 (first degree murder); 720 ILCS 5/8-4 (attempt)

**Limiting Instruction Regarding Certificate of Innocence**

You have heard evidence that Plaintiff was awarded a Certificate of Innocence in State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case. You may not consider this Certificate of Innocence as evidence of Plaintiff's actual innocence. Rather, you can only consider this evidence in determining whether Plaintiff's criminal proceeding was terminated consistent with innocence.

The State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue of whether Plaintiff Bolden's constitutional rights were violated or whether any of the Defendants engaged in any misconduct under state or federal law. The State court was not asked nor did it decide the issue of whether Plaintiff Bolden was subjected to an unduly suggestive line-up.

Those issues are for you alone to decide.

You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

Defendants' Proposed Jury Instruction No: 23

*Source :* Jury Instruction given in *Nicole Harris v. City of Chicago, et al.*, 14 CV 4391 (St. Eve, J.) (modified by including last two sentences in first paragraph); *Patrick v. City of Chicago*, 974 F.3d 824 (7th Cir. 2020); *Walker v. White*, 16-cv-07024, Dkt. 297 at 29-30 (N.D. Ill. March 19, 2021) (Shah J.) (explaining the certificate is offered as evidence to show the circumstances under which a conviction is vacated, not for the truth of an assertion of innocence).

**Claim Six – Intentional Infliction of Emotional Distress**

Plaintiff claims that Defendants intentionally inflicted emotional distress upon him.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The conduct of the Defendant you are considering was extreme and outrageous;
2. The Defendant you are considering either intended to inflict severe emotional distress or knew that there was a high probability that his actions would cause severe emotional distress;
3. The conduct of the Defendant you are considering in fact caused severe emotional distress; and
4. The conduct of the Defendant you are considering was willful and wanton.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff and go on to the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and you will not consider the question of damages for that Defendant.

Defendants' Proposed Jury Instruction No: 24

*Source : Valentino v. Hilquist*, 337 Ill.App.3d 461 (1st Dist. 2003); 745 ILCS 10/2-202 (requirement that public employee's action be willful and wanton); Given in *Daniels v. City of Chicago*, 08 cv 6832 (Feb. 15, 2013 (St. Eve J.) (Dkt. No. 252).

**Extreme and Outrageous Conduct**

By "extreme and outrageous conduct" I mean conduct that, under the circumstances, extends beyond the bounds of human decency and is considered intolerable in a civilized community. A pattern, course, or accumulation of acts can make an individual's conduct extreme, even if one instance of such behavior might not be.

In determining whether conduct is extreme and outrageous, you may consider the following factors: the degree of power or authority which the Defendant you are considering had over Plaintiff, whether the Defendant reasonably believed that his conduct had a legitimate objective, and whether Plaintiff was particularly susceptible to emotional distress because of some mental condition or state.

Defendants' Proposed Jury Instruction No: 25

*Source* : *Feltmeier v. Feltmeier*, 207 Ill.2d 263 (2003)

**Willful and Wanton**

When I use the expression "willful and wanton" I mean a course of action which shows actual or deliberate intention to harm Plaintiff or which, if not intentional, shows an utter indifference to or conscious disregard for the rights of Plaintiff.

Defendants' Proposed Jury Instruction No: 26

*Source : Illinois Pattern Jury Instruction 14.01*; Given in *Daniels v. City of Chicago et al.*, 08 cv 6832 (Feb. 15, 2013 (St. Eve J.) (Dkt. No. 252)

**Claim Seven - Illinois State Law Conspiracy**

Plaintiff claims that Defendants entered into a conspiracy to maliciously prosecute and/or to intentionally inflict emotional distress upon him.

*Conspiracy Defined.* A conspiracy is a combination of two or more persons acting together to commit an unlawful act. The principal element of a conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Once the agreement between those persons is reached, one of them must also commit an act in furtherance of the conspiracy; that is, he must take positive steps to accomplish their goal.

To succeed on his conspiracy claim, Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. That there was an agreement between two or more Defendants to maliciously prosecute and/or to intentionally inflict emotional distress upon Plaintiff;
2. The Defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy;
3. One or more of the conspirators committed a tortious act in furtherance of the conspiracy; and
4. As a result, Plaintiff was maliciously prosecuted and/or had emotional distress intentionally inflicted upon him.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff and go on to the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and you will not consider the question of damages for that Defendant.

Defendants' Proposed Jury Instruction No: 27

*Source: Fritz v. Johnston*, 209 Ill. 2d 302 (2004); *Walker v. White*, 16-cv-7024, Dkt. No. 297 at 38-39 (Shah J.) (N.D. Ill. March 19, 2021)

**Damages: Compensatory**

If you find in favor of Plaintiff [on one or more of his~~Plaintiff's~~ claims~~]~~, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained ~~[and is reasonably certain to sustain in the future]~~ as a direct result of the actions of Defendants. ~~[*insert appropriate language, such as "the failure to provide plaintiff with medical care," etc.*]~~

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

**a.** [The physical, ~~[and~~ mental, and emotional~~]~~ pain and suffering ~~[and [disability] [or]~~ [loss of a normal life~~]]~~ that Plaintiff has experienced [and is reasonably certain to experience in the future~~]~~. No evidence of the dollar value of the physical, ~~[or~~ mental, and emotional~~]~~ pain and suffering ~~[or [disability] [ or ]]~~ loss of a normal life~~]]~~ has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.] ~~[Plaintiff's estate may seek damages for loss of life.]~~

~~**b.**~~ ~~[The decedent's loss of the capacity to carry on and enjoy her life's activities in a way she would have done had she lived.]~~

~~**c.**~~ ~~[The reasonable value of property damaged or destroyed.]~~

~~**d.**~~ ~~[The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received [as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.]]~~

~~**e.**~~ ~~[The [wages, salary, profits, earning capacity] that Plaintiff has lost [and the present value of the [wages, salary, profits, earning capacity] that Plaintiff is reasonably certain to lose in the future] because of his [inability/diminished ability] to work.]]~~

[When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.]

[If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.]

Defendants' Proposed Jury Instruction No: 28

*Source :* 7th Circuit Civil Pattern Jury Instruction 7.26

**Damages: Compensatory for Pretrial Detention Claim**

If you find in favor of Plaintiff [on solely his pretrial detention without probable cause claim and/or his failure to intervene or conspiracy claim based on the pretrial detention claim one or more of Plaintiff's claims], then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained from the time he was arrested until the time he was convicted at his criminal trial that was the [and is reasonably certain to sustain in the future] as a direct result of [insert appropriate language, such as "the failure to provide plaintiff with medical care." etc. ]the actions of Defendants.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

- [The physical , [and mental , and emotional] pain and suffering [and [disability] , [or] [, loss of a normal life]] that Plaintiff has experienced [and is reasonably certain to experience in the future]. No evidence of the dollar value of physical, [or mental, and emotional] pain and suffering [or [disability] [or] [loss of a normal life]] has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.] [Plaintiff's estate may seek damages for loss of life.]

f. [The decedent's loss of the capacity to carry on and enjoy her life's activities in a way she would have done had she lived.]

g. [The reasonable value of property damaged or destroyed.]

h. [The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received [as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.]]

i.b. [The [wages, salary, profits, earning capacity] that Plaintiff has lost [and the present value of the [wages, salary, profits, earning capacity] that Plaintiff is reasonably certain to lose in the future] because of his [inability/diminished ability] to work.]]

[When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.]

[If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.]

Defendants' Proposed Jury Instruction No: 29

*Source :* 7th Circuit Civil Pattern Jury Instruction 7.26 (modified); *Lewis v. City of Chicago*, 914 F.3d 472, 474-75 (2019)

**No Need to Consider Damages Instruction**

If you decide for the Defendant[s] on the question of liability, then you should not consider  the question of damages.


Defendants' Proposed Jury Instruction No: 30

*Source :* 7th Circuit Civil Pattern Jury Instruction 1.31

**Damages : Punitive**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the Defendant you are considering. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's [safety] [or] [rights].

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- [Defendant's financial condition;]

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

You may only consider whether punitive damages, if any, should be assessed against Defendants James Oliver and Angelo Pesavento. You are not to consider whether punitive damages should be assessed against the Estate of Edward Siwek or the Estate of George Karl because Edward Siwek and George Karl are both deceased.

Defendants' Proposed Jury Instruction No: 31

*Source :* 7th Circuit Civil Pattern Jury Instruction 7.28 (modified)

**SPECIAL INTERROGAOTRY #1**

Did the Defendant intentionally walk Clifford Frazier past Plaintiff in the police station in order for Clifford Frazier to identify Plaintiff in the lineup?

Yes _____

No _____

_____          _____

Presiding Juror

_____          _____



_____          _____



_____          _____



_____          _____



_____          _____

**Special Interrogatory #2**

Did the Defendant ask the Plaintiff if he was Eddie Bolden during the lineup in order for Clifford Frazier to identify Plaintiff?

Yes _____

No _____

_____          _____
Presiding Juror

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

**Special Interrogatory #3**

Did the Defendant pull Clifford Frazier in front of Plaintiff's position during the lineup in order for Clifford Frazier to identify Plaintiff?

Yes _____

No _____

_____          _____

Presiding Juror

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

**Special Interrogatory #4**

Did the Defendant choose fillers in the lineup who were grossly dissimilar to Plaintiff in order to suggest to Clifford Frazier that Plaintiff was the offender?

Yes _____

No _____

_____          _____

Presiding Juror

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____