**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EDDIE L. BOLDEN,

                Plaintiff,

        v.

CITY OF CHICAGO, MICHAEL BAKER,
GEORGE KARL, EDWARD HICKS,
MICHAEL KILL, JAMES OLIVER,
ANGELO PESAVENTO, EDWARD SIWEK,
BARBARA TEMPLE and AS-YET
UNKNOWN CURRENT OR FORMER
EMPLOYEES OF THE CITY OF CHICAGO

                Defendants.

**No. 1:17-cv-00417**

**Honorable Steven C. Seeger**

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PRECLUDE EVIDENCE OF A SECOND INVESTIGATIVE FILE

Defendants James Oliver, Angelo Pesavento, Edward J. Siwek, as Special Representative for the Estate of Edward Siwek, the Estate of George Karl ("Defendant Officers"), and the City of Chicago (the "City") (collectively "Defendants") hereby submit their Response to Plaintiff's Motion to Preclude Evidence of a Second Investigative Motion [Dkt. No. 469] (the "Motion"), and state as follows:

### INTRODUCTION

Defendant Officers should not be precluded from presenting evidence of a second investigative file at trial. Defendant Officers are not bound by the testimony of the City's Rule 30(b)(6) witness. At this time, Defendant Officers do not plan to present evidence of a second investigative file at trial. However, if Defendant Officers decide to present evidence of a second investigative file, testimony from another party certainly should not preclude Defendant Officers from presenting such evidence.

## ARGUMENT

As an initial matter, if the City were a trial Defendant, it would not be bound by its Rule 30(b)(6) representative's testimony. *See A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001) (a corporate party is not unconditionally bound to its deposition designee's recollection). "It is true that that an entity's Rule 30(b)(6) deposition testimony is binding in the sense that whatever its deponent says can be used against the organization." *Litterer v. United States*, No. 19 C 5172, 2021 WL 2633315, at *5 (N.D. Ill. June 26, 2021). "But Rule 30(b)(6) testimony is not 'binding in the sense that it precludes the deponent from correcting, explaining, or supplementing its statements.'" *Id.* (quoting *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 35 (2d Cir. 2015)).

"In fact, testimony given pursuant to Rule 30(b)(6) is 'merely an evidentiary admission,' and it does not have 'conclusive effect.'" *Id.* (quoting *Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1260 (10th Cir. 2016)); *see also A.I. Credit Corp.*, 265 F.3d at 637 (stating "testimony of Rule 30(b)(6) designee does not bind corporation in sense of judicial admission"). "Thus, 'testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes.'" *Id.* (quoting A.*I. Credit Corp*, 265 F.3d at 637).

The case law is clear that, if the City were trying this case, the City would not be precluded from presenting evidence that contradicts or supplements the City's Rule 30(b)(6) testimony. However, Defendant Officers are trying this case, not the City.[1] If the City would not be precluded

---

[1] With respect to Plaintiff's argument that the City had an "affirmative obligation" to inform Plaintiff that the City's 30(b)(6) representative's testimony was incorrect, there is no obligation because the City is not taking the position that its representative was incorrect. Motion at 5.

from presenting this evidence at trial, it stands to reason that the Defendant Officers likewise should not be precluded from presenting such evidence.

In *Sommerfield v. City of Chicago*, the plaintiff similarly moved in limine to bar the defendant officer from contradicting the City's Rule 30(b)(6) testimony. No. 08 C 3025, 2014 WL 12802632, at *3 (N.D. Ill. Mar. 18, 2014). The court held that "Seventh Circuit precedent holds that Rule 30(b)(6) does not absolutely bind a corporate party to its designee's recollection." *Id.* (citing *A.I. Credit Corp*, 265 F.3d at 637). The court continued: "beyond this issue, Plaintiff has not shown how Defendant, who did not present or control the 30(b)(6) witness (who was presumably presented by the City when the City was a party) should be bound in any way by the testimony of that witness." *Id.* Similarly, Defendant Officers should not be bound by the testimony of the City's 30(b)(6) witness.

On a related issue, the City's Rule 30(b)(6) representative, Mr. Patrick Loftus, whose testimony is the focal point of the Motion, is unavailable to testify on October 7-8 due to a personal commitment that he made prior to knowing the firm trial date. Mr. Loftus is available to testify on October 12-15 and 18-21. Defendants propose a testimonial stipulation stating that if Mr. Loftus were called to testify, he would testify that it was his belief that the detectives used one investitive file when investigating these two shootings. With this stipulation, Plaintiff is not prejudiced by waiting to call Mr. Loftus when he is available to testify next week.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion to Preclude Evidence of a Second Investigative File.

3

Dated: October 4, 2021

**DEFENDANT OFFICERS**

*/s/ Andrew M. Hale*
Andrew M. Hale
Barrett Boudreaux
William Bazarek
Amy A. Hijjawi
Brian J. Stefanich
Special Assistant Corporation Counsel
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 337
Chicago, Illinois 60604
(312) 870-6933

**CELIA MEZA**
**Corporation Counsel of the City of Chicago**

*/s/ John F. Gibbons*
John F. Gibbons
Tiffany S. Fordyce
Kyle L. Flynn
Special Assistant Corporation Counsel
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (Main)
(312) 456-8435 (Facsimile)

*Attorneys for Defendant City of Chicago*

4

<u>**CERTIFICATE OF SERVICE**</u>

I, Kyle L. Flynn, an attorney, hereby certify that on October 4, 2021, I caused **Defendants'
Response to Plaintiff's Motion to Preclude Evidence of a Second Investigative File** to be
served through the ECF system on all attorneys of record.

*/s/ Kyle L. Flynn*