**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THE PARTIES' REVISED PROPOSED DESIGNATION OF PRIOR TESTIMONY,
WITH OBJECTIONS, ASSERTED BASES OF ADMISSIBILITY,
AND PROPOSED COUNTER-DESIGNATIONS**

The Parties hereby provide the Court with a revised list, by page and line, of the prior testimony of certain witnesses that each side seeks to present at trial, objections (with a concise explanation of the basis) to certain proposed designated testimony, short statements of the asserted bases of admissibility of the offering party, and proposed counter-designations (with objections, where relevant).

The Parties reserve their rights to further modify and/or revise designations of prior testimony based on the Court's rulings on motions *in limine* and further order of Court. Defendants reserve the right to propose designations for prior testimony of Defendant James Oliver. Plaintiff objects on the basis that Defendant Oliver's unavailability has not been established.

Transcripts of contested testimony was previously furnished under a separate docket entry, in accord with the Court's instructions.

1

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| Talmay Anderson | Defendants | **Dep.**<br>10:3-13:9<br>15:1-9, 14-16<br>16:18-21<br>17:24-18:2<br>20:6-24<br>21:20-22:4<br>22:16-20<br>24:19-22<br>25:15-23<br>26:7-13<br>31:17-24<br>33:6-13<br>33:21-34:10<br>40:1-12<br>47:12-18<br>50:21-51:5<br>53:2-10<br>54:8-19<br>54:23-55:6<br>55:12-55:22<br>64:15-65:3<br>70:2-4<br>73:13-23<br>76:9-17<br>78:10-13<br>78:20-24<br>79:18-80:1<br>80:11-22<br>88:14-89:22 | **Dep.**<br>• 64:15-65:3 - Relevance, Competence, R. 403, Speculative (based on 65:4-6)<br><br>• 78:20-24 - Relevance, Competence, R.403, Improper Opinion | **Dep.**<br>• 64:15-65:3 - Relevant to Plaintiff's due process claim and other claims and allegations contained in Plaintiff's complaint. Also relevant to rebut assertions of Defendant Oliver's personal involvement in the lineup<br><br>• 78:20-24 - Relevant to all of Plaintiff's claims and other allegations contained in Plaintiff's complaint and further rebuts allegations of misconduct against Defendant Officers | **Dep.**<br>• 4:2, 8-9<br>• 21:1-6<br>• 24:2-4<br>• 25:6-14<br>• 32:1-2<br>• 33:16-20<br>• 36:20-37:1<br>• 45:17-19<br>• 52:1-53:1<br>• 65:4-6<br>• 70:22-24<br>• 71:3-23<br>• 83:11-18 |

| Joseph Barnes | Defendants | **Supp. Hrg.**<br>16:2-17:12<br>17:14-18:14<br>18:19-19:4<br>19:14-21<br>20:7-9<br>20:13-23:2<br><br>**Dep.**<br>5:12-17<br>14:5-16:11<br>19:22-20:3<br>21:13-22:19<br>23:21-24:6<br>24:23-25:5<br>25:18-28:12<br>30:15-32:23<br>33:14-34:9<br>34:14-35:11<br>35:21-36:11, 16-19<br>37:6-16<br>38:16-39:22<br>40:11-20<br>41:3-42:4<br>42:23-45:8<br>45:18-46:13<br>47:1-4<br>47:8-48:2<br>49:11-19<br>50:2-16<br>50:24-51:5 | **Supp. Hrg.**<br>• 17:7-12 – Relevance, R. 403, Improper bolstering<br><br><br><br><br><br><br><br><br><br>**Dep.**<br>• 26:8-21 – Relevance, R.403<br><br><br><br><br><br><br>• 51:14-23 - Hearsay, Relevance, R. 403 | **Supp. Hrg.**<br>• 17:7-12 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation and testimony is not improper bolstering.<br><br>**Dep.**<br>• 26:8-21 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation<br><br>• 51:14-23 - 37:22-38:10 – Relevant to knowledge of Plaintiff and circumstances of the police investigation and not offered for the truth of the matter asserted and subject to Rule 803 exception | **Supp. Hrg.**<br>• 15:17-18<br>• 20:1-4<br><br>**Dep.**<br>• 34:10-13<br>• 38:12-14<br>• 46:14-47:7<br>• 50:18-22<br>• 51:6-13<br>• 55:14-18<br>• 61:16-62:11 - Relevance, foundation, Competence, Improper opinion<br>• 69:9-12<br>• 79:1-13 - Relevance, foundation, Competence, Improper opinion |

| | | 51:14-23<br>52:21-53:12<br>54:15-55:2<br>55:23-57:4<br>57:8-58:1<br>58:17-61:15<br>62:13-63:15<br>65:8-21<br>67:4-69:8<br>69:13-70:19<br>71:1-16<br>74:15-75:9<br>75:19-76:23<br>77:4-77:21<br>97:23-98:23<br>101:16-102:23<br>105:4-106:7<br>106:18-109:20<br>112:24-113:21<br>115:22-116:10<br>117:6-118:1<br>118:9-21<br>120:2-10<br>156:9-157:13<br>160:5-10 | • 57:13-15 - Relevance,<br>Competence | • 57:13-15 - Relevant to<br>Plaintiff's claim of<br>unduly suggestive lineup<br>and other claims and<br>allegations contained in<br>Plaintiff's complaint and<br>circumstances of the<br>police investigation.<br>Competent under Fed. R.<br>Evid. 601 | |
| | | | • 69:13-70:19 – Relevance | • 69:13-70:19 –Relevant to<br>Plaintiff's claim of<br>unduly suggestive lineup<br>and other claims and<br>allegations contained in<br>Plaintiff's complaint and<br>Plaintiff's criminal<br>defense attorney presence<br>at police facility | |
| | | | • 101:16-102:23 -<br>Relevance, Competence,<br>Improper opinion | • 101:16-102:23 - Relevant<br>to Plaintiff's claim of<br>unduly suggestive lineup<br>and other claims and<br>allegations contained in<br>Plaintiff's complaint and<br>circumstances of the<br>police investigation.<br>Competent under Fed. R.<br>Evid. 601 | |

| | | | | |
|---|---|---|---|---|
| | | | • 105:4-106:7 - Relevance | • 105:4-106:7 - Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation. | |
| | | | • 106:18-109:20 – Relevance, R. 403 | • 106:18-109:20 – Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation. | |
| | | | • 112:24-113:21 – Relevance, R. 403 | • 112:24-113:21 - Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations contained in Plaintiff's complaint and background on police investigations. | |
| | | | • 115:22-116:10 - Relevance | • 115:22-116:10 - Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations | |

| | | | | contained in Plaintiff's complaint and background on police investigations. | |
|---|---|---|---|---|---|
| | | | • 117:6-118:1 – Relevance, Non-responsive, Argumentative | • 117:6-118:1 – Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations contained in Plaintiff's complaint and background on police investigations | |
| | | | • 118:9-21 - Relevance | • 118:9-21 - Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations contained in Plaintiff's complaint and background on police investigations. | |
| | | | • 120:2-10 – Relevance, Improper opinion | • 120:2-10 - Relevant to Plaintiff's claims of Defendant Officer Misconduct and other claims and allegations contained in Plaintiff's complaint and general | |

|  |  |  |  | background on reporting requirements. |  |
|  |  |  | • 156:9-157:13 – Relevance, form of questions | 156:9-157:13 – Nothing improper about the form of the question |  |
| Dachae Blanton | Plaintiff | **Dep.**<br>4:7-5:8<br>11:24-12:3<br>16:18-17:1<br>17:13-18<br>17:23-19:10<br>19:13-15<br>30:23-31:13<br>31:19-32:12<br>32:17-19<br>35:23-36:9<br>38:4-5<br>38:7-39:11<br>41:3-22<br>42:3-43:4<br>45:20-24<br>46:3-17<br>47:11-14<br>57:17-22<br>58:1-59:3<br>60:6-61:1<br>62:4-63:4<br>64:4-14<br>64:24-66:4<br>68:2-16<br>73:10-74:2 | **Dep.**<br>• See order on MIL # 9, testimony not relevant if Defendants not trained on policy or procedure identified in designated testimony. | **Dep.**<br>• Testimony offered to provide context for CPD's property unit (ERPS) policies and procedures for handling recovered evidence in 1994.<br>• Provides explanation for certain records of CPD regarding recovered evidence.<br>• Blanton's testimony on 1994 property unit procedure is not offered to show Defs' lack of compliance with policy, so MIL #9 and issue of Defs' training is not applicable.<br>• Defs' familiarity with particular policies and procedures is issue of fact for jury and not threshold for admissibility. | **Dep.**<br>• 23:7-23<br>• 25:3-22<br>• 25:23-26:9<br>• 26:24-28:3 – Relevance, R. 403<br>• 36:10-22 – R. 403<br>• 61:2-12 – Competence, Speculative, Lack of personal knowledge<br>• 63:5-23 – Competence, Speculative, Hearsay<br>• 66:5-17<br>• 67:5-14<br>• 89:22- 24<br>• 90:9-13 – Relevance, R. 403<br>• 90:18-91:5 – Competence, Speculative, Lack of foundation |

| | | | | |
|---|---|---|---|---|
| | | 74:9-21<br>75:7-12<br>75:18-76:1<br>76:10-17<br>77:4-79:22<br>81:10-83:10<br>83:24-84:19<br>86:1-13<br>86:16-19<br>87:5-7<br>87:19-88:2<br>88:7-14<br>88:21-24<br>89:3-20<br>90:2-8<br>91:7-15<br>94:16-20<br>94:23-95:4<br>99:12-20<br>100:1-22<br>102:8-103:3<br>103:17-104:7<br>104:16-105:4 | • 30:23-31:13; 31:19-32:12 – See order on MIL # 9, not relevant if Defendants not trained on policy or procedure identified in designated testimony. | • Testimony on General Order 81-1 is offered to show CPD policies and procedures for CPD's property unit (ERPS) to dispose of recovered evidence in 1994, including authorizations required before ERPS would act. It is not offered to show Defs' lack of compliance with policy, so MIL #9 and issue of Defs' training is not applicable.<br>• Further, testimony itself provides that a general order applied to everyone in CPD. | • 91:17-92:16 – Relevance, Speculative, Lack of foundation<br>• 94:12-15 – Relevance<br>• 98:6-13 - Relevance |
| | | | • 81:16-82:10 - Hearsay | • Not offered for truth of matter asserted; just explaining terms on form and process of using form. | |
| | | | • pp. 99-105 - Hearsay | • Public/Business record; course of investigation; offered to explain terms on form and process of using form. | |

| Richard Chenow | Plaintiff and Defendants | Agreed Testimonial Stipulation | n/a | n/a | n/a |
|---|---|---|---|---|---|
| Thomas Ginnelly | Defendants | **Trial** 104:9-108:16 109:4-21 110:7-13 110:18-111:4 111:20-112:15 112:20-114:8 | **As to all testimony:**<br>• Objection to designation - Is witness unavailable?<br>• Witness not qualified as expert<br>• Relevance | **As to all testimony:**<br>• Testimony is factual forensic evidence and witness is not required to be designated as an expert under Rule 26(a)(2)(D).<br>• Relevant to provide context and explanation for the physical evidence and lack of suitable fingerprints on the murder victims' vehicle. | None |
| | | | **Trial:**<br>• 108:6-16 - Improper expert opinion | **Trial:**<br>• 108:6-16 – Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | None |

| Frank Gurtowski | Defendants | **Trial**<br>45:9-47:2<br>47:8-14<br>47:19-48:10<br>48:13-17<br>48:24-49:5<br>52:3-15<br>52:22-3<br>54:6-13<br>56:14-57:19 | **As to all testimony:**<br>• Objection to designation - Is witness unavailable?<br>• Witness not qualified as expert<br>• Relevance | **As to all testimony:**<br>• Testimony is factual forensic evidence and witness is not required to be designated as an expert under Rule 26(a)(2)(D).<br>• Relevant to provide context and explanation for the physical evidence and lack of suitable fingerprints on the murder victims' vehicle. | None |
| --- | --- | --- | --- | --- | --- |
| | | | **Trial:**<br>• 56:22-57:2 - Improper expert opinion | **Trial:**<br>• 56:22-57:2 - Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |
| Michelle Holevar | Defendants | **Trial (Stip.)**<br>217:15-218:23 | **As to all testimony:**<br>• Objection to designation - Is witness unavailable?<br>• Relevance | **As to all testimony:**<br>• Designated testimony is relevant and corroborates medical evidence in the case. | None |

| Jacob Jachna | Plaintiff | **Dep.**<br>5:13-14<br>9:23-10-:2<br>10:9-11<br>11:16-23<br>12:3-5<br>14:10-19, 23<br>38:22-39:7<br>40:25-41:5<br>47:21-49:1<br>49:4-6<br>49:16-23<br>61:10-62:14 | None | n/a | **Dep.**<br>• 5:18-19<br>• 10:12-14<br>• 12:14-19 - Relevance<br>• 12:23-25<br>• 13:25-14:9<br>• 15:16-16:5<br>• 17:8-21 - Relevance<br>• 18:12-20<br>• 19:2-4<br>• 19:9-12<br>• 19:20-24 - Relevance<br>• 20:4-7 - Relevance<br>• 23:8-12<br>• 23:22-24 - Relevance, Competence<br>• 24:16-20<br>• 25:7-9 - Relevance<br>• 25:11-22 - Relevance, R.403<br>• 31:10-12 – Relevance, Competence<br>• 31:19-21 – Relevance, Competence<br>• 32:6-9<br>• 32:14 - 33:4<br>• 33:16 - 34:11 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | <ul><li>34:11-15</li><li>35:8-9</li><li>35:15 - 36:6</li><li>39:9-20 – Relevance, Competence</li><li>39:25 - 40:3</li><li>40:6-10</li><li>40:15-24 – Relevance, Competence, R. 403</li><li>43:11-15</li><li>45:8-13</li><li>47:12-14</li><li>47:20</li><li>49:24 - 50:3</li><li>51:18-23</li><li>52:2-3 (*Pl's responsive counter designation:* 52:4-6)</li><li>52:7-10</li><li>52:16-18</li><li>52:21-25</li><li>53:13-18</li><li>54:22 - 55:2</li><li>55:14-20 - Relevance</li><li>58:5-7 – Relevance,</li><li>63:2-5</li></ul> |

| Nancy Jones | Defendants | **Trial**<br>115:11-12<br>115:15-119:9<br>119:21-124:22<br>125:9-126:9<br>130:4-135:10 | **As to all testimony:**<br>• Witness not qualified as expert<br>• Relevance<br>• R. 403<br>• Hearsay<br>• Exhibits are subject of Court's order granting Pl's MIL #10 | **As to all testimony:**<br>• All witness-designated testimony was known and heard by Plaintiff during criminal trial. Designated testimony is relevant and corroborates medical evidence in the case. Testimony is factual medical evidence and witness is not required to be designated as an expert under Rule 26(a)(2)(D). Testimony is not unduly prejudicial and subject to Rule 803 exception. | • 143:19-24 (only if testimony admitted) |
|---|---|---|---|---|---|
| | | | **Trial:**<br>• 124:8-22 - Improper expert opinion | **Trial:**<br>• 124:8-22 – Testimony is factual medical evidence and not an improper expert opinion under Rule 702. | |
| | | | • 125:21-126:9 - Improper expert opinion, Hearsay opinion of Dr. Kirschner | • 125:21-126:9 – Testimony is factual medical evidence and not an improper expert opinion under Rule 702.<br>• In addition. it was reasonable for Dr. Nancy Jones to rely on | |

| | | | | information from Dr. Kirschner and subject to Rule 803 exception. | |
|---|---|---|---|---|---|
| | | | • 133:9-135:10 - Improper expert opinion, Hearsay opinion of Dr. Kirschner | • 133:9-135:10 - Testimony is factual medical evidence and not an improper expert opinion under Rule 702.<br>• In addition, it was reasonable for Dr. Nancy Jones to rely on information from Dr. Kirschner and subject to Rule 803 exception. | |
| George Karl | Plaintiff | **Trial**<br>64:23-65:22<br>69:5-71:10<br>71:14-72:2<br>72:8-21<br>73:4-7<br>73:12-75:5<br>75:11-15<br>76:14-77:23<br>78:13-22<br>79:22-80:6<br>80:22-81:6<br>83:16-84:2 | **Trial**<br>• 77:19-23 – Over objection stated in Defs' MIL #6 (to bar arrests of Williams and McCray) | **Trial**<br>• Objection should be withdrawn as moot per Court's order on Def's MIL # 6. | **Trial**<br>• 81: 7-17 - Relevance as to 81:10-17<br>    • *Pl's responsive counter-designation: 81:18-19* |
| | | | • 80:22-81:1 - Hearsay | • Not hearsay; it is describing the type of info Karl recorded in his report. | |
| | | | • 81:2-6 – Hearsay | • Not hearsay offered for truth of matter. In fact, it is an **omission** (not an out-of-court statement) in report of what Karl testified he was told as a | |

|  |  |  |  | form of impeachment by omission. |  |
|---|---|---|---|---|---|
|  | Defendants | **Supp. Hrg.**<br>23:16-18<br>24:1-30:15<br>30:24-31:11<br>32:12-20<br>32:23-33:3<br>33:6-13<br>34:8-24<br><br>**Trial**<br>64:23-66:5<br>66:9-18<br>66:22-72:2<br>72:8-21<br>73:4-7<br>73:12-75:5<br>78:5-19 | **Supp. Hrg.**<br>• 24:20-23 – Relevance, R. 403, Improper bolstering<br><br>26:8-10 – Relevance, Competence, Speculative | **Supp. Hrg.**<br>• 24:20-23 – Relevant to Plaintiff's claims of Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and circumstances of the police investigation<br><br>• 26:8-10 – Relevant to Plaintiff's claims of Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 and answer is not speculative | **Supp. Hrg.**<br>• 31:16-23<br>• 32:6-11<br>• 34:3-7<br>• 35:14-19<br><br>**Trial**<br>• 75:11-15<br>• 76:14-77:23<br>• 78:20-22<br>• 79:22-80:6<br>• 80:22-81:9<br>• 83:16-84:2 |

|  |  |  | • 30:9-12 – Hearsay | • 30:9-12 – Not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 exception |  |
|  |  |  | **Trial:**<br>• 66:15-18 – Relevance, R. 403, Improper bolstering | **Trial:**<br>• 66:15-18 – Relevant to police investigation and knowledge of Plaintiff and not improper bolstering |  |
|  |  |  | • 78:5-12 – Hearsay | • 78:5-12 – not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 exception |  |
| John Naujokas | Defendants | **Trial**<br>15:9-19:20<br>20:9-24:11<br>24:21-25:20<br>27:19-23<br>28:2-5, 9-12<br>29:10-15<br>30:1-10, 20-23<br>31:7-21<br>33:19-24<br>32:4-21 | **As to all testimony:**<br>• Witness not qualified as expert<br>• R. 403 to extent it includes exhibits subject to Pl. MIL #10<br>• Relevance | • All of witness-designated testimony was known and heard by Plaintiff during criminal trial. Witness provided testimony at Plaintiff's criminal trial. Testimony is factual forensic evidence, not unduly prejudicial and witness is not required to be | None |

| | | | | | |
|---|---|---|---|---|---|
| | | 35:3-13<br>36:7-13<br>37:5-11<br>37:17-21<br>38:6-22<br>39:4-40:3<br>40:11-18<br>41:10-20<br>42:20-43:21 | | designated as an expert under Rule 26(a)(2)(D).<br><br>• Relevant to provide context for recovery of physical evidence from the Minerva crime scene and explain lack of fingerprint evidence on the murder victims' vehicle. | |
| | | | **Trial:**<br>• 37:10-21 – Improper expert opinion | **Trial:**<br>• 37:10-21 - Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |
| | | | • 38:6-10 – Improper expert opinion | • 38:6-10-- Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |
| | | | • 39:8-40:18 – Improper expert opinion | • 39:8-40:18 – Testimony is factual forensic evidence and not an improper expert opinion under Rule 702. | |

17

| Joseph Perfetti | Plaintiff | **Dep.**<br>5:9-11<br>7:11-8:2<br>13:8-20<br>26:2-5<br>50:19-52:21<br>54:15-24 | **Dep.**<br>• See order on MIL # 9, not relevant if Defs not trained on policy or procedure identified in designated testimony. | **Dep.**<br>• Admissible to provide jurors context on documents they will hear about extensively throughout trial.<br>• Perfetti's testimony on 1994 subpoena procedure is offered to show how subpoenas were handled by CPD to counter expected defense arguments that certain evidence was not obtained to due to actions of Pl's criminal attorney. It is not offered to show Defs' lack of compliance with policy, so MIL #9 and issue of Defs' training is not applicable. | **Dep.**<br>• 7:9-10<br>• 8:20-24<br>• 9:2-4<br>• 9:7-9<br>• 10:7-11<br>   • *Pl's responsive counter-designation: 26:11-28:2*<br>• 57:14-58:10<br>   • *Pl's responsive counter-designation: 55:24-57:3*<br>• 70:21-71:9 - Relevance<br>• 84:7-19<br>• 117:5-16 – Relevance, Competence, Speculative<br>• 123:11-13 – Relevance |
| | | | • 13:8-20—Relevance & Fed Rule 403 | • Witness's qualifications relevant to assessing competence and credibility | |
| | | | • 26:2-5—Relevance & Fed Rule 403 | • Relevant to explain witness's basis of knowledge | |
| | | | • 50:19-24—Relevance & Fed Rule 403 | • CPD process to answer subpoenas relevant to | |

| | | | | inability to get 911 and dispatch card, and Defs' access to these materials as detectives. | |
|---|---|---|---|---|---|
| | | | • 51:1-24—Relevance & Fed Rule 403 | • CPD process to answer subpoenas relevant to inability to get 911 and dispatch card, and Defs' access to these materials as detectives. | |
| | | | • 52:1-21—Relevance & Fed Rule 403 | • CPD process to answer subpoenas relevant to inability to get 911 and dispatch card, and Defs' access to these materials as detectives. | |
| | | | • 54:15-24—Relevance & Fed Rule 403 | • CPD process to answer subpoenas relevant to inability to get 911 and dispatch card, and Defs' access to these materials as detectives. | |

| Thomas Sadler | Plaintiff | **Dep.** 17:7-18 22:15-20 24:16-19 25:12-15 26:14-17 28:6-8, 11 29:13-16 33:7-10 34:4-8, 11-17 59:2-61:20 68:3-5 68:24-69:17 70:15-20 71:3-19 72:21-24 85:13-19 85:25-86:7 96:15-23 97:7-19 104:20-25 108:7-16 108:22-109:5 109:11-23 110:23-111:1 111:9-12 111:19-113:1 113:4-113:25 114:1-115:15 130:13-15 130:18-131:12 131:15 | **Dep.**<br>• 59:2-61:20 – relevance; *see* order on Defendants' motion *in limine* no. 9, Defendants not trained on this general order and therefore not relevant to their intent.<br><br>• 85:13-19 – relevance as Plaintiff did not serve his subpoena within the 30 day preservation period | **Dep.**<br>• Testimony on General Order 93-8 is offered to show CPD procedures in 1994 for call-takers to receive 911 call information and complete dispatch cards to establish that it would be ordinary business practice of CPD to make records of 911 calls made in response to the incident at issue. It is not offered to show Defs' lack of compliance with policy, so MIL #9 and issue of defendants' training is not applicable. Rather, it is offered to prove the evidence available to these officers and detectives to solve crimes.<br><br>• Relevant to show process by which 911 calls could be retrieved and placed on hold if needed for a case. | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 85:25-86:7 – relevance as Plaintiff did not serve his subpoena within the 30 day preservation period | • Relevant to show process by which 911 calls could be retrieved and placed on hold if needed for a case. | |
| | | | • 108:7-16 – relevance; *see* order on Defendants' motion *in limine* no. 9, Defendants not trained on this policy and therefore not relevant to their intent | • Testimony on General Order 93-8 is offered to show CPD procedures in 1994 for call-takers to receive 911 call information and complete dispatch cards to establish that it would be ordinary business practice of CPD to make records of 911 calls made in response to the incident at issue. It is not offered to show Defs' lack of compliance with policy, so MIL #9 and issue of defendants' training is not applicable. Rather, it is offered to prove the evidence available to these officers and detectives to solve crimes. | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 108:22-109:5 - relevance | • Relevant to show availability of information about 911 calls made about incidents in this case more than 30 days after incident. | |
| | | | • 109:11-23 - relevance | • Relevant to show availability of information about 911 calls made about incidents in this case more than 30 days after incident. | |
| | | | • 110:23-111:1 - relevance | • Relevant to explain show availability of information about 911 calls made about incidents in this case more than 30 days after incident. | |
| | | | • 111:9-12 - relevance | • Relevant to show availability of information about 911 calls made about incidents in this case more than 30 days after incident. | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 111:19-113:1 – relevance; *see* order on Defendants' motion *in limine* no. 9, Defendants not trained on this procedure and therefore not relevant to their intent; Judge Shah previously found that Defendants' lacked the requisite intent regarding the destruction or failure to preserve the 911 calls | • Relevant to Defs' knowledge/state of mind/absence of good faith/malice/objective reasonableness.<br>• CPD policies also relevant to provide context and background to help the jury understand the case.<br>• Defs' familiarity with procedures is issue of fact for jury and not threshold for admissibility.<br>• Judge Shah's SJ ruling is inapplicable to admissibility here, as he addressed whether evidence supported requisite intent to establish 1983 liability, and not all levels of intent to establish defendants' knowledge /state of mind/absence of good faith/malice/ objective reasonableness.  We will not argue, nor is this evidence offered to prove, that Defs destroyed tape recordings | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | of the 911 calls. That defendants did not seek to listen to this recording while it existed is relevant to their intent. That the tape recording has been destroyed in the normal course of business is relevant because it explains why the jury cannot hear it today and why Mr. Bolden's trial counsel could not present it to his criminal court jury. | |
| | | | • 113:4-113:25 - relevance; *see* order on Defendants' motion *in limine* no. 9, Defendants not trained on this procedure and therefore not relevant to their intent; Judge Shah previously found that Defendants' lacked the requisite intent regarding the destruction or failure to preserve the 911 calls | • Relevant to Defs' knowledge/state of mind/absence of good faith/malice/objective reasonableness. <br> • CPD policies also relevant to provide context and background to help the jury understand the case. <br> • Defs' familiarity with procedures is issue of fact for jury and not threshold for admissibility. | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | • Judge Shah's SJ ruling is inapplicable to admissibility here, as he addressed whether evidence supported requisite intent to establish 1983 liability, and not all levels of intent to establish defendants' knowledge/state of mind/absence of good faith/malice/objective reasonableness.  We will not argue, nor is this evidence offered to prove, that Defs destroyed tape recordings of the 911 calls.  That defendants did not seek to listen to this recording while it existed is relevant to their intent.  That the tape recording has been destroyed in the normal course of business is relevant because it explains why the jury cannot hear it today and why Mr. Bolden's trial counsel could not present | |

| | | | | it to his criminal court jury. | |
|---|---|---|---|---|---|
| | | | • 114:1-115:15 - relevance; *see* order on Defendants' motion *in limine* no. 9, Defendants not trained on this procedure and therefore not relevant to their intent; Judge Shah previously found that Defendants' lacked the requisite intent regarding the destruction or failure to preserve the 911 calls | • Relevant to Defs' knowledge/state of mind/absence of good faith/malice/objective reasonableness. <br> • CPD policies also relevant to provide context and background to help the jury understand the case. <br> • Defs' familiarity with procedures is issue of fact for jury and not threshold for admissibility. <br> • Judge Shah's SJ ruling is inapplicable to admissibility here, as he addressed whether evidence supported requisite intent to establish 1983 liability, and not all levels of intent to establish Defs' knowledge/state of mind/absence of good faith/malice/objective reasonableness. We will not argue, nor is this evidence offered to | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | prove, that defendants destroyed tape recordings of the 911 calls. That defendants did not seek to listen to this recording while it existed is relevant to their intent. That the tape recording has been destroyed in the normal course of business is relevant because it explains why the jury cannot hear it today and why Mr. Bolden's trial counsel could not present it to his criminal court jury. | |

| | Defendants | **Dep.**<br>5:10-15<br>17:23-18:8<br>18:17-19<br>20:15-17<br>20:24-21:7<br>23:16-24:5<br>24:20-23<br>25:8-11<br>25:17-26:13<br>26:18-23<br>30:17-31:8<br>33:11-14<br>33:21-34:3<br>64:21-25<br>67:16-68:2<br>70:25-71:2<br>72:25-73:13<br>83:21-84:5<br>92:5-15<br>92:18-24<br>110:10-22<br>121:18-122:11 | **Dep.**<br>• None | | |
|---|---|---|---|---|---|
| Edward Siwek | Plaintiff | **Dep.**<br>5:20-22<br>6:7-8<br>10:22-11:4<br>11:21-12:7<br>12:11-13:1<br>13:16-14:5 | **Dep.**<br>• 114:13-23 - Relevance | **Dep.**<br>• Relevant to Defs' motive to frame Plaintiff and close investigation. | **Dep.**<br>• 82:18-21<br>  • *Pl's responsive counter-designation: 82:22-24* |

| | | | | | |
|---|---|---|---|---|---|
| | | 14:16-20<br>18:6-9<br>16:14-19:19<br>30:11-21:1<br>31:5-20<br>31:23-32:9<br>32:19-23<br>34:6-10<br>37:11-16<br>38:2-5<br>40:2-10<br>40:15-21<br>44:21-45:16<br>46:3-47:6<br>47:20-48:5<br>56:17-20<br>57:6-58:24<br>59:10-16<br>66:2-9<br>69:18-21<br>70:7-71:8<br>72:20-73:2<br>73:20-74:5<br>79:8-20<br>81:18-82:13<br>83:9-15<br>84:15-85:6<br>87:16-20<br>87:24-88:11<br>89:20-90:4<br>90:15-23<br>95:1-14<br>96:18-98:13 | • 117:21-118:2; 118:14-17; 119:12-19 - Relevance<br><br>• 134:2-9 – Relevance and Rule 403 | • Relevant to Defs' motive to frame Plaintiff and close investigation.<br><br>• Relevant to Def. Siwek's intent, motive, state of mind regarding investigation and arrest and prosecution of Mr. Bolden. | • 118:4-13 – Relevance, Competence, Speculative<br>• 119:5-11 |

| | | | | | |
|---|---|---|---|---|---|
| | | 100:14-103:6<br>103:21-17<br>107:13-108:24<br>114:4-6<br>114:13-23<br>115:17-24<br>117:7-11<br>117:14-118:2<br>118:14-17<br>119:12-19<br>134:2-9<br>135:17-20 | | | |
| | Defendants | **Dep.**<br>5:20-22<br>6:7-8<br>9:4-10<br>10:22-12:7<br>12:11-13:1<br>13:8-12<br>13:16-14:2, 5<br>14:16-16:1<br>17:13-18:9<br>18:14-19:23<br>21:14-17<br>21:22-22:2<br>23:24-24:3<br>24:22-25:1<br>25:14-26:8<br>26:19-28:5<br>28:19-29:10<br>30:2-31:4 | **Dep.**<br>• 53:24-54:13 – Relevance,<br>Competence, Speculative<br><br><br><br><br><br><br>• 54:14-20 – Hearsay,<br>Competence | **Dep.**<br>• 53:24-54:13 – Relevant to<br>witness knowledge and<br>circumstances of the<br>police investigation.<br>Witness is Competent<br>under Fed. R. Evid. 601<br>and answer is responsive<br><br>• 54:14-20 – Relevant to<br>witness knowledge of<br>Plaintiff and<br>circumstances of the<br>police investigation and<br>not offered for the truth of<br>the matter asserted and<br>subject to Rule 803<br>exception | **Dep.**<br>• 16:2-4<br>• 55:3-7 (only if<br>53:24-54:13 comes<br>in)<br>• 63:6-8<br>• 63:13-14<br>• 75:14<br>• 86:9-10 - Relevance<br>• 90:12-13<br>• 112:14-113:4<br>• 153:13-15 |

| | | | | | |
|---|---|---|---|---|---|
| | | 39:14-40:10<br>40:15-40:18<br>40:22-41:8<br>41:19-23<br>42:2-5<br>42:14-16<br>42:23-43:2<br>44:14-17<br>44:21-45:10<br>45:13-16<br>46:3-19<br>50:13-16<br>50:23-51:12<br>52:19-54:20<br>57:6-58:19<br>63:1-5<br>63:9-12<br>63:15-22<br>64:24-66:9<br>66:23-67:6<br>72:20-73:7<br>73:20-75:11<br>75:17-77:22<br>80:2-13<br>85:15-23<br>85:3-6<br>85:18-86:8<br>86:11-20<br>87:2-20<br>87:24-90:4<br>90:6-11<br>90:15-23<br>91:11-94:14 | | • Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 65:16-19 – Speculation, Competence | • 65:16-19 – Not speculative and shows witness knowledge and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 65:20-23 – Relevance, Competence | • 65:20-23 - Relevant to witness knowledge and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 86:11-20 – Relevance, Competence, Speculative | • 86:11-20 – Not speculative and relevant to witness knowledge and circumstances of the police investigation. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 87:2-15 - Relevance, Competence, Speculative | • 87:2-15 – Not speculative and relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy | |

| | | | | | |
|---|---|---|---|---|---|
| | | 95:1-20<br>96:10-17<br>96:22-99:7<br>99:13-101:13<br>102:17-103:6<br>103:21-104:17<br>105:20-106:6<br>106:15-17<br>106:24-107:12<br>107:16-108:12<br>108:21-109:24<br>111:8-112:13<br>113:6-24<br>114:13-20<br>116:5-117:20<br>120:3-8<br>120:12-19<br>121:8-11<br>137:15-144:3<br>144:10-18<br>144:24-145:10<br>145:15-21<br>146:8-11<br>146:17-152:3<br>153:23-154:8 | | and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and circumstances of the police investigation<br>Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 90:6-11 – Relevance, Competence, Non-responsive | • 90:6-11 – Responsive and relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and circumstances of the police investigation<br>Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 116:5-10 – Relevance, Competence, Speculative | • 116:5-10 – Not speculative and relevant to witness background, knowledge, and circumstances of the police investigation.<br>Witness is Competent under Fed. R. Evid. 601 | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 121:8-11 – Relevance, R. 403 | • 121:8-11 - Relevant to witness background, knowledge and not unduly prejudicial | |
| | | | • 138:1-11 – Relevance, R. 403 | • 138:1-11 – Relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and the circumstances of the police investigation and not unduly prejudicial. | |
| | | | • 138:17-20 – Relevance, R. 403, Competence, Improper opinion | • 138:17-20 - Relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and the circumstances of the police investigation and not unduly prejudicial | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | or improper opinion. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 138:21-139:12 – Relevance, Competence, Hearsay, Improper opinion, R.403 | • 138:21-139:12 – Relevant to Plaintiff's claims of unduly suggestive lineup, Fourth amendment pretrial detention, malicious prosecution, conspiracy and other claims and allegations contained in Plaintiff's complaint. Also relevant to probable cause and the circumstances of the police investigation and not unduly prejudicial, or improper opinion, and subject to Rule 803 exception. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 141:2-142:21 – Hearsay, R. 403, Improper bolstering, Hearsay | • 141:2-142:21 – Not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 exception and not improper bolstering. | |

| | | | | |
|---|---|---|---|---|
| | | | • 142:22-143:4 – Hearsay | • 142:22-143:4 – Not offered for the truth of the matter asserted, but for the circumstances of the police investigation and subject to Rule 803 exception | |
| | | | • 144:1-10 – Foundation, Hearsay, Competence | • 144:1-10 – Not lacking foundation but establishes witness knowledge of the circumstances of the police investigation and subject to Rule 803 exception. Witness is Competent under Fed. R. Evid. 601 | |
| | | | • 144:11-18 – Relevance, R. 403 | • 144:11-18 – Relevant to witness knowledge and general background and not unduly prejudicial. | |
| | | | • 145:3-17 – Relevance, R. 403, Improper bolstering | • 145:3-17 - Relevant to witness knowledge and general background and not unduly prejudicial or improper bolstering | |
| | | | • 145:18-21 – Improper hypothetical, Form of question | • 145:18-21 – Not improper hypothetical and Form of the question is proper | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 146:8-11 – Improper hypothetical, Form of question | • 146:8-11 – Not improper hypothetical and Form of the question is proper | |
| | | | • 147:5-149:16 – Relevance, Hearsay | • 147:5-149:16 – Not offered for the truth of the matter asserted and relevant to the circumstances of the police investigation and subject to Rule 803 exception | |
| | | | • 149:17-151:9 - Relevance, Hearsay | • 149:17-151:9 - Not offered for the truth of the matter asserted and relevant to the circumstances of the police investigation and subject to Rule 803 exception | |
| | | | • 151:10-152:3 - Relevance, Hearsay | • 151:10-152:3 - Not offered for the truth of the matter asserted and relevant to the circumstances of the police investigation and subject to Rule 803 exception | |

| Barbara Temple | Plaintiff | **Trial**<br>40:7-10<br>40:13-42:12<br>42:16-22<br>43:2-11<br>43:15-45:1<br>45:14-17<br>46:2-10<br>46:15-47:15<br>47:20-23<br><br>**Dep:**<br>5:10-14<br>6:14-21<br>7:1-3, 9-23<br>8:22-9:11<br>9:17-21<br>10:12-17<br>12:11-13:1<br>13:4-5<br>13:20-14:5<br>17:11-25<br>21:3-14<br>22:1-7<br>22:23-25<br>23:4-9, 16-20<br>24:1-7<br>26:2-4, 8-10, 14-20<br>26:23-27:3<br>29:19-30:2<br>32:14-16<br>33:10-20 | **Trial**<br>None<br><br>**Dep.**<br>• 44:3-12 – Relevance<br><br><br><br><br><br><br>• 80:13-82:2 – form, misstates the facts, incomplete hypothetical<br><br>• 82:3-9 – form, misstates prior testimony | **Trial**<br>n/a<br><br>**Dep.**<br>• Identification of other handwriting relevant to others having access to Temple's report<br><br>• Form objection not preserved<br><br>• Form objection not preserved; Witness adopts the account provided in the question. | **Trial**<br>None<br><br>**Dep:**<br>• 20:24-21:2<br>• 22:8-13<br>• 23:21-25 –<br>• 33:23-34:4<br>• 41:21-42:4<br>• 50:14-16<br>• 66:15-16 - Relevance<br>• 66:21-23<br>• 79:4-12<br>• 80:6-12<br>• 84:22-85:1 – Relevance<br>• 85:5-7 |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | 35:20-37:16<br>40:18-41:20<br>42:15-18<br>42:24-43:5<br>44:3-18<br>47:15-19<br>48:24-49:24<br>50:3-4<br>50:10-13<br>51:9-11<br>59:11-13<br>66:6-14<br>66:17-20<br>78:17-20<br>79:10-12<br>80:13-82:9 |  |  |  |
|  | Defendants | **Dep.**<br>6:16-7:5, 7:8-12<br>7:16-18, 22-23<br>8:22-9:9<br>9:12-19<br>12:11-13<br>12:22-13:1<br>13:6-8, 16-17<br>13:20-<br>14:5<br>14:10-15<br>21:22-25<br>26:2-4<br>26:17-27:6<br>32:4-13 | **Dep.**<br>• 51:21-52:2 - Relevance<br><br>• 69:17-22 - Relevance<br><br>• 70:2-5, 10-19 - Relevance | **Dep.**<br>• 51:21-52:2 – relevant to rebut Plaintiff's claim he spoke to responding officer at the J&J Fish<br><br>• 69:17-22 – general background; relevant to credibility<br><br>• 70:10-19 – general background; relevant to credibility | **Dep and Trial**<br>(No counter-designations – Plaintiff has already designated trial testimony for case in chief) |

| | | 37:17-20<br>38:7-13<br>39:25-40:9<br>41:7-11<br>47:18-19<br>48:24-49:24<br>50:3-4<br>51:9-11<br>51:21-52:2<br>55:24-56:14<br>67:14-68:10<br>69:17-22<br>70:2-5<br>70:10-19<br>70:23-71:3<br>74:25-75:6<br>75:25-76:11<br>78:17-20<br>84:24-85-1<br>85:5-7 | • 70:23-71:3 - Relevance | • 70:23-25 – general background; relevant to credibility | |
| | | | • 75:4-6 – Speculative, Form of question | • 75:4-6 – not speculation; nothing wrong with form of the question | |
| | | | • 75:25-76:11 - Foundation, Hearsay | • 75:25-76:11 – foundation laid; no hearsay statement, but refreshing witness's recollection | |
| | | | • 84:24-85-1 – Relevance | • 84:24-85-1 – relevant to issue of whether Plaintiff was in J&J when police arrived; basis for the witness's answer | |
| | | | • 85:5-7 – Relevance, R. 403, Competence | • 85:5-7 – relevant to issue whether Plaintiff was in J&J when police arrived; not unduly prejudicial as Plaintiff claims he was not only in the J&J when the police arrived but spoke to the police; Competent under Fed. R. Evid. 601 | |

| James Williams | Plaintiff | **Dep.**<br>5:21-23<br>8:2-9<br>8:20-22<br>20:25-21:4<br>34:14-16<br>34:12-35:6<br>35:23-25<br>51:22-52:5<br>52:16-20<br>53:18-24<br>55:2-9<br>55:14-19<br>56:11-57:2<br>57:8-10<br>57:14-58:3<br>58:10-15<br>58:22-59:24<br>63:4-17<br>64:14-16<br>64:19-24<br>68:1-3<br>68:7-20<br>69:5-9<br>72:14-21<br>73:10-18<br>73:25-75:2<br>76:20-78:1<br>78:14-79:14<br>80:2-81:12<br>86:6-15<br>92:4-7<br>92:21-23 | **Dep.**<br>• 55:2-6 – Over Defendants' objection in MIL #6 | **Dep.**<br>• Objection should be withdrawn as moot per Court's order on Defs' MIL #6.<br>• Relevant to Defs' investigation and conduct in J&J | **Dep.**<br>• 9:19-23<br>• 20:12-22- Relevance<br>• 22:3-6 – Relevance<br>• 22:9-10 - Relevance<br>• 22:18-22<br>• 26:23-24 – Relevance, R. 403<br>• 27:5-6 - Relevance<br>• 28:20-23 - Relevance<br>• 30:3-5<br>• 31:12, 14-15 – Relevance, R. 403<br>• 32:1-4 – Relevance, R. 403, Competence<br>• 36:1-8 - Relevance<br>• 37:14-19, 21-23 – Relevance, R. 403, Competence<br>• 37:25-38:3 – Relevance, Competence<br>• 45:17-18<br>• 48:18-49:15 - Relevance<br>• 57:11-13<br>• 62:15-17<br>• 64:8-13<br>• 65:19-22<br>  • *Pl's responsive counter-* |
| | | | • 72:14-21 – asked and answered | • Highly relevant to Plaintiff's alibi, not cumulative. | |
| | | | • 73:15-18 –foundation | • No foundation problem because which officer told E. Williams to close J&J is not necessary foundation to describe course of events. | |
| | | | • 74:18-75:2 – Over Defendants' objection in MIL #6 | • Rely on Pl.'s Opp. to MIL #6, Relevant to Ds' investigation and conduct in J&J. | |
| | | | • 76:20-78:1 – Over Defendants' objection in MIL #6 | • Objection should be withdrawn as moot per Court's order on Defs' MIL #6.<br>• Relevant to Ds' investigation and conduct in J&J. | |

| | | 93:6-11<br>94:9-11<br>95:8-16<br>97:20-98:2<br>101:4-102:6<br>102:22-105:1<br>108:24-109:10<br>110:10-19<br>116:16-117:5 | • 78:14-79:8 - Over Defendants' objection in MIL #6 | • Objection should be withdrawn as moot per Court's order on Defs' MIL #6.<br>• Relevant to Ds' investigation and conduct in J&J. | *designation:*<br>*65:23-24*<br>• 66:6-7<br>• 66:22-67:1 – Relevance, competence<br>• 68:4-6<br>• 68:21-22<br>• 69:1-4 |
| | | | • 79:11:14 - Over Defendants' objection in MIL #6 | • Objection should be withdrawn as moot per Court's order on Defs' MIL #6.<br>• Relevant to Ds' investigation and conduct in J&J. | • 69:25-70:4<br>• 70:8-13 - Relevance<br>• 71:24-72:8 - Relevance<br>• 82:14-19<br>• 87:5-8 - Relevance<br>• 88:12-16 - Relevance |
| | | | • 80:2-81:12 - Over Defendants' objection in MIL #6 | • Objection should be withdrawn as moot per Court's order on Defs' MIL #6.<br>• Relevant to Ds' investigation and conduct in J&J. | • 89:7-10<br>• 89:13-17<br>• 89:25-90:7<br>• 90:11-14 – Relevance, Competence<br>• 91:25:92:3 – Relevance, Competence |
| | | | • 86:6-15 - Over Defendants' objection in MIL #6 | • Objection should be withdrawn as moot per Court's order on Defs' MIL #6.<br>• Relevant to Ds' investigation and conduct in J&J. | • 92:8-12 - Relevance<br>• 92:13-15,17-19 – Relevance, Competence<br>• 94:12-17 – |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 93:6-9 – foundation, lack of personal knowledge, hearsay (*see* 113:18-114:21, 116:12-15) - Defendants' cite this to show lack of foundation, lack of personal, knowledge, and that he's testifying to a hearsay statement made by Edna Williams | • Personal observation of Plaintiff and Ant walking to phones, no hearsay offered for truth (additional testimony referenced here is offered as counter-designations to allow jury to weigh testimony, but should not be factored into admissibility) | • 95:17-24 – Relevance, Competence<br>• 96:21-24 – Relevance, Competence<br>• 97:5-9 – Relevance, Competence<br>• 113:18-114:21<br>• 116:12-15 (per Defendants, if objections overruled)– Relevance, Competence |
| | | | • 95:13-14 - Over Defendants' objection in MIL #6 | • Objection should be withdrawn as moot per Court's order on Defs' MIL #6.<br>• Relevant to Ds' investigation and conduct in J&J. | |
| | | | • 103:12-14 – Relevance & Fed Rule 403 | • This testimony is about Witness speaking to Clifford and Clifford hiding gun, not arrests.<br>• Relevant to events in J&J and assessing Clifford's credibility. | |
| | | | • 104:2-105:1 - Relevance | • Relevant to Defs' investigation and conduct in J&J | |

| Lee Williams | Plaintiff | **Trial:**<br>187:10-188:2<br>188:8-189:13<br>189:22-190:1<br>190:13-191:6<br>191:15-194:24<br>198:13-200:22<br>201:7-18 | **Trial:**<br>• 198:13-199:17 - Hearsay | • Not hearsay; Witness is not recounting what he told the police, he is giving the answer now and comparing it to what he told the police. (If necessary, we can strike "Like I told the police")<br>• Alternatively, even if he were recounting what he told police, witness's testimony is admissible to show its effect on the listeners (Defs. Pesavento and Karl) | None |
|---|---|---|---|---|---|
| | Defendants | **Trial**<br>187:10-11<br>187:14-22<br>188:1-2<br>188:8-18<br>188:23-189:13<br>189:22-190:5<br>190:9-12<br>190:20-22<br>191:21-192:3<br>192:7-14<br>193:6-11<br>193:17-19<br>194:1-7 | None | n/a | None |

| Maurice Willis | Plaintiff | **Dep.**<br>5:15-20<br>8:21-24<br>10:7-21<br>11:15-22<br>12:8-14:1<br>15:2-9<br>15:15-19<br>16:4-17:7<br>20:15-22<br>20:25-21:1<br>21:10-13<br>24:14-24<br>25:2-26:6<br>26:17, 20<br>28:4-18<br>28:23-25<br>29:3-30:11<br>30:24-31:9<br>35:6-8<br>36:6-21<br>38:2-21<br>38:25-39:8<br>39:24-40:12<br>40:20-42:2<br>43:13-23<br>44:5-46:17<br>47:24-48:17<br>55:5-56:8 | **Dep.**<br>• 12:20-22—Relevance & Fed Rule 403<br><br>• 13:2-25—Relevance & Fed Rule 403<br><br>• 14:1—Relevance & Fed Rule 403<br><br>• 24:14-25—Relevance & Fed Rule 403<br><br>• 25:2-3, 5-8, 9-17, 20-25—Relevance & Fed Rule 403<br><br>• 26:1-6—Relevance & Fed Rule 403 | **Dep.**<br>• Recovery of 2 kilos of drugs that Clifford reported and that Oliver testified was the only reason he was interested in case is very relevant<br><br>• Refutes dep testimony of defendant Oliver re conduct at J&J scene<br><br>• Refutes dep testimony of defendant Oliver re conduct at J&J scene<br><br>• Relevant as to officers involved in arresting Clifford, which Defs and Clifford all deny happened<br><br>• Relevant as to explaining arrest report re arrest of Clifford, which Defs and Clifford all deny happened<br><br>• Relevant as to arrest of Clifford, which Defs and Clifford all deny happened | **Dep.**<br>• 8:25-10:6<br>• 12:4-7<br>• 16:4-6<br>• 17:8-12<br>• 17:16-17<br>• 20:11-14 - Relevance<br>• 21:14-22<br>• 22:1-16 - Completeness (should add 22:17-20 to explain question at 22:25)<br>• 22:25-23:1, 4<br>• 23:6-16<br>• 23:19-24:1<br>• 24:4-5<br>• 24:11-13<br>• 26:22-25 - Relevance<br>• 27:9-10<br>• 27:13-18<br>• 27:23-24<br>• 28:2<br>• 29:1-2 – Relevance,<br>• 30:13-16<br>• 30:19-20<br>• 31:11-13<br>• 31:17-19<br>• 32:1-7 - Completeness |

| | | | • 35:6-8—Relevance & Fed Rule 403 | • Relevant as to arrest of Clifford, which Defs and Clifford all deny happened | (should start at 31:23) <br> • 32:16-33:1 <br> • 33:5-14 <br> • 43:24-44:3 |
|---|---|---|---|---|---|
| | | | • 36:6-15,18,20-21—Relevance & Fed Rule 403 | • Relevant as to arrest of Clifford, which Defs and Clifford all deny happened | • 47:10-11, 14-18, 21 – Relevance, Incomplete Hypothetical |
| | | | • 38:2-21, 25—Relevance & Fed Rule 403 | • Relevant as to arrest of Clifford, which Defs and Clifford all deny happened | • 48:18-22 – Relevance, Cumulative to stipulation |
| | | | • 39:1-8, 24-25—Relevance & Fed Rule 403 | • Relevant as to destruction of Mac-11 and arrest of Clifford | • 50:6-14 – Relevance, Completeness (should go to 50:17) <br> • 51:25-53:12 – Relevance, Hearsay, Document speaks for itself |
| | | | • 40:2, 4-7, 10-12 – Relevance & Fed Rule 403 | • Relevant as to irregularity of gun being destroyed and Defs' misconduct | • 53:21-23 - Relevance, Competence <br> • 54:1-6, 9 – Relevance, Competence |
| | | | • 40:20-25—Relevance & Fed Rule 403 | • Supports arrest of E. Williams, which refutes testimony of Defs that she was not arrested. | • 54:11-13 |
| | | | • 41:1-17, 19-21, 23-24—Relevance & Fed Rule 403 | • Supports arrest of E. Williams, which refutes testimony of Defs that she was not arrested. | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | • 42:1-2—Relevance & Fed Rule 403 | • Supports arrest of E. Williams, which refutes testimony of Defs that she was not arrested. |
| | | | | • 44:5-6, 9-10 – Relevance & Fed Rule 403 | • Supports arrest of E. Williams, which refutes testimony of Defs that she was not arrested |
| | | | | • 44:13-25, 45:1-2— Relevance & Fed Rule 403 | • Supports arrest of J. Williams, which refutes testimony of Defs that he was not arrested |
| | | | | • 45:5-17 – Relevance & Fed Rule 403 | • Supports arrest of D. McCray at J&J, which refutes testimony of Defs and suggests that they were protecting Ant |
| | | | | • 45:20-25—Relevance & Fed Rule 403 | • Supports arrest of E. Williams, J. Williams, and D. McCray, which refutes Defs' testimony |
| | | | | • 46:1-11, 14-17— Relevance & Fed Rule 403 | • Supports arrest of E. Williams, J. Williams, and D. McCray, which refutes Defs' testimony |

| | | | | | |
|---|---|---|---|---|---|
| | | | • 47:24-25—Relevance & Fed Rule 403 | • Supports arrest of D. McCray at J&J, which refutes testimony of Defs and suggests that they were protecting Ant | |
| | | | • 48:1-10, 13-17—Relevance & Fed Rule 403 | • Supports arrest of D. McCray at J & J, which refutes testimony of Defs and suggests that they were protecting Ant | |
| | | | • 55:5-9, 12-13, 15-16—form of the question calls for speculation incomplete hypothetical | • Not a hypo, but Willis saying that Clifford did not provide name of shooter because not in his report | |
| | | | • 56:5-6, 8—form of the question calls for speculation, incomplete hypothetical | • Not a hypo, but Willis saying that Clifford did not say Lanier not in his report | |
| | Defendants | **Trial (Stip.)** 61:11-63:7 | **Trial (Stip.)** • 62:21-63:6 – This portion of Trial Stipulation does not pertain to Willis and should not be included here | | (No counter-designations – Plaintiff has already designated deposition testimony for case in chief) |