**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **PLAINTIFF EDDIE L. BOLDEN'S TRIAL EXHIBIT LIST**

Plaintiff Eddie L. Bolden, through his undersigned counsel, submits the attached Trial Exhibit List. In addition to the exhibits listed, Plaintiff reserves the right to use additional exhibits for impeachment, rebuttal, and cross-examination purposes, as well as based upon new information and issues raised during trial.

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 1. | CHI.BOLDEN 004475-004476 | | CPD Addendum to General Order No. 89-3 – Preliminary Investigations (Issued: 12/23/1991) | Subject to Reconsideration | Relevance response: defendants' violations of CPD policies go to their knowledge/state of mind/absence of good faith/malice/objective reasonableness. CPD policies also provide context and relevant background to help the jury understand the case.<br><br>Hearsay response: Not being offered for truth; goes to effect on the listener.<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 9. |
| 2. | CHI.BOLDEN 012025-12027 | | CPD Addendum to General Order No. 93-8 - Master Recording Tape Review Procedures (Issued: 06/10/1993) | Subject to Reconsideration | Same response as no. 1 above. |
| 3. | CHI.BOLDEN 004695-004698 | | CPD Detective Division - Special Order No. 83-1 - Investigative Files (Issued: 01/13/1983) | Subject to Reconsideration | Same response as no. 1 above. |
| 4. | CHI.BOLDEN 000902-000904 | | CPD Detective Division - Special Order No. 86-3 - Investigative Files (Issued: 05/19/1986) | Subject to Reconsideration | Same response as no. 1 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 5. | CHI-BOLDEN 004483-004689 | | CPD Detective Division - Standard Operating Procedures (1988) | Relevance (401-402), this does not apply to detectives themselves, it applies to the Area and Area Supervisors | Same response as no. 1 above. Additionally, the provisions Plaintiff will introduce apply to the detectives. |
| 6. | CHI.BOLDEN 011654 | | Application for Authority to Dispose of Local Records (Undated) | Subject to Reconsideration | Same response as no. 1 above. |
| 7. | CHI.BOLDEN 013833 | | Radio Dispatch Card Disposal Policy (05/13/1993) | Subject to Reconsideration | Same response as no. 1 above. |
| 8. | CHI.BOLDEN 013390 | | Sample CPD Dispatch Card (Undated) | Subject to Reconsideration | Same response as no. 1 above. |
| 9. | CHI.BOLDEN 013494-013503 | | CPD Field Reporting Manual (12/00/1985) | Relevance (401-402) | Same response as no. 1 above. |
| 10. | CHI.BOLDEN 012926-012935 | | CPD General Order 81-1 - Inventory System for Property Taken Into Custody (Issued: 01/10/1981) | Subject to Reconsideration | Same response as no. 1 above. |
| 11. | CHI.BOLDEN 012936 | | CPD General Order 81-1A - Inventory System for Property Taken Into Custody (Issued: 05/23/1983) | Subject to Reconsideration | Same response as no. 1 above. |
| 12. | DEFOFC000724 (Excerpt of photo only) | | Photo of Roderick Stewart | No objection | |
| 13. | CHI-BOLDEN 004466-004467 | | CPD General Order 88-18 - Line-Up Procedures (Issued: 09/23/1988) | Subject to Reconsideration | Same response as no. 1 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 14. | CHI.BOLDEN 010629 | | CPD Request to Review / Hold Recording Tape form (sample) (04/22/1998) | Subject to Reconsideration | Same response as no. 1 above. |
| 15. | | | INTENTIONALLY LEFT BLANK | | |
| 16. | CHI-BOLDEN 011667 | | Arrest Report – (Edna Williams – Willis) (01/30/1994) | Subject to Reconsideration | Relevance response:  Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. Impeaches defendants' testimony regarding interview of Edna Williams. Hearsay Response:  Offered for impeachment. Admissible under FRE 803(5), 803(6), and 803(8). Frazier's statement within the report is offered for its falsity, not its truth. FRE response:  No basis for exclusion under this rule. *See also* Pl's. Resp. to Def's. MIL No. 6. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 17. | CHI-BOLDEN 011668 | | Arrest Report – (David McCray – Willis) (01/30/1994) | Subject to Reconsideration | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. Also shows that David McCray was wrongfully arrested as a result of Frazier's false identification—goes to Frazier's credibility.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5), 803(6), and 803(8). Frazier's statement within the report is offered for its falsity, not its truth.<br><br>FRE response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 6. |
| 18. | EB-FBI000041-42 | | Supplemental Report (Clifford Frazier Interview – Willis) (01/30/1994) | No objection | |
| 19. | EB0000559 | | Composite Sketch | Moot by way of preliminary ruling | |
| 20. | CHI-BOLDEN 013398-013399 | | Contact Information Sheets (Investigative File) | No objection | |

5

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 21. | EB0019389-0019390 | | Gang Specialist Daily Activity Summary (sample) (02/24/1993) | Relevance (401-402), | Oliver's violation of CPD policy by not filling out activity summary for Plaintiff's case goes to his knowledge/state of mind/absence of good faith/malice. |
| 22. | EB0019418-0019428 | | Correspondence between Eddie Bolden and Brenda Lee | Cumulative | Plaintiff bears the burden of proof on damages. These letters are highly probative of Plaintiff's mental condition/state of mind while incarcerated. |
| 23. | CCSAO 0657 | X | Peters Notes | No objection | Plaintiff will mark for ID only, except potentially for admission as a recorded recollection under FRE 803(5). |
| 24. | CCSAO 002391-002394 | | General Offense Report (Cottage Grove—Temple and Sumpter) (01/29/1994) | No objection | |
| 25. | EB0018848-0018870 | | Circuit Court of Cook County Order Granting New Trial | Moot by way of preliminary ruling | Plaintiff has proposed stipulations that will obviate the need to introduce this order |
| 26. | | | INTENTIONALLY LEFT BLANK | | |
| 27. | EB0012971-12986 | | Court of Appeals Opinion Remanding for Evidentiary Hearing | Moot by way of preliminary ruling | Plaintiff has proposed stipulations that will obviate the need to introduce this order |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 28. | EB0019380 | | Photos of conference room in Area 2 (09/05/2018) | No objection if demonstrative only | Appearance of area around lineup room is relevant and shows where the walk by took place and that there were options where Plaintiff could be held prior to the lineup that would have avoided lineup. Relevant to the suggestiveness of lineup and defendants' intent, malice and absence of good faith |
| 29. | EB0019384 | | Photos of interview room in Area 2 (09/05/2018) | No objection if demonstrative only | Appearance of area around lineup room is relevant and shows where the walk by took place and that there were options where Plaintiff could be held prior to the lineup that would have avoided lineup. Relevant to the suggestiveness of lineup and defendants' intent, malice and absence of good faith |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 30. | EB0001294 | | Initial Appearance Form (02/28/1994) | Hearsay (802), Foundation (901-902) | Hearsay response:  Form contains note that says "911 Important"; not being offered to prove truth of the matter asserted; the fact that the public defender wrote the words corroborates defendants' testimony that he called 911 and was telling his attorneys about the importance of getting the 911 recording.  Also admissible under Rule 801(d)(1)(B)(i).<br><br>Foundation response:  Plaintiff will testify that he provided the information on the form to the public defender assigned to the court room on the day of his initial appearance.  Kevin Foster, a former public defender assigned as trial attorney for Plaintiff, testified that these forms are routinely filled out by public defenders at defendants' initial appearance.  The form was maintained in the public defender's file for Plaintiff's criminal case. |
| 31. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 32. | EB0001377 | | Foster subpoena issued to CPD – Street files (03/04/1994) | Subject to Reconsideration | Relevance response: The subpoena shows that Bolden's counsel requested evidence that was never produced to the defense because Defendants' did not submit the evidence for inclusion in their investigative file.  Goes to defendants' malice/lack of good faith.<br><br>Hearsay response: The subpoena is not a hearsay statement, it is a legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201.<br><br>FRE 403 response:  No basis for exclusion under this rule |
| 33. | EB0001378 | | Foster subpoena issued to CPD – Evidence reports (03/04/1994) | Subject to Reconsideration | Same response as no. 32 above. |
| 34. | EB0001379 | | Foster subpoena issued to CPD – Police reports, etc. (03/04/1994) | Subject to Reconsideration | Same response as no. 32 above. |
| 35. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 36. | CHI.BOLDEN 012404-12407 | | Misdemeanor Complaint against David McCray (01/30/1994) | Subject to Reconsideration | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. Also shows that David McCray was wrongfully charged as a result of Frazier's false identification—goes to Frazier's credibility.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 37. | CHI.BOLDEN 012394-12397 | | Misdemeanor Complaint against Edna Williams (01/29/1994) | Subject to Reconsideration | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |
| 38. | CHI.BOLDEN 012411-12412 | | Misdemeanor Complaint against James Williams (01/29/1994) | Subject to Reconsideration | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged.<br><br>Hearsay Response: Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 39. | CCSAO 623-624, 627-628 | | Noonan messages from Clifford Frazier (Various Dates) | Relevance (401-402), Hearsay (802) | Relevance response: The notes reflect that Frazier called the ASA and confirmed Plaintiff's investigator reached out to him for an interview, but he did not talk to him; notes also reflect that Frazier called the ASA to talk about the possibility of the ASA's office providing him with an apartment; goes to Frazier's bias.<br><br>Hearsay response: Not being offered for truth; the fact that Frazier spoke the words indicates his bias. |
| 40. | | | INTENTIONALLY LEFT BLANK | | |
| 41. | EB0001182 | | Lineup Photo (02/26/1994) | No objection | |
| 42. | EB0001183 | | Lineup Photo (02/26/1994) | No objection | |
| 43. | | | INTENTIONALLY LEFT BLANK | | |
| 44. | CCSAO 4319 | | Photograph of front of J&J Restaurant | No objection | |
| 45. | CCSAO 0062 and CCSAO 0064 | | Photographs of front of Harold's Chicken | No objection | |
| 46. | EB0018951 (native image) | | Photograph of inside of J&J Restaurant | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 47. | EB0019432-0019443 | | Group Exhibit – Photos of Menard Correctional Center | Cumulative and unduly prejudicial | Plaintiff bears the burden of proof on damages. Photos will help to explain Plaintiff's testimony and put his testimony into context. They are not cumulative and will not add significant time to the examination. |
| 48. | EB0019444-0019452 | | Group Exhibit – Photographs of Stateville Prison | Cumulative and unduly prejudicial | Plaintiff bears the burden of proof on damages. Photos will help to explain Plaintiff's testimony and put his testimony into context. They are not cumulative and will not add significant time to the examination. |
| 49. | - - - - - - | | Diagrams of Minerva / Cottage Grove Areas (demonstrative) | No objection if for ID only | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 50. | CCSAO 0895-896 | | Iberia Firearms Inventory (01/30/1994) | Subject to Reconsideration | Document shows there was blood on gun, but defendants did not request testing; goes to defendants' knowledge/state of mind/absence of good faith/malice; also relevant to objective reasonableness inquiry for probable cause, which requires jurors to evaluate what defendants knew and what reasonably trustworthy information they received; also shows that Frazier was arrested; goes to Frazier's bias—arrested but never charged. *See also* Responses to Def's. cited MILs.<br><br>Hearsay response: Not being offered for truth; being offered to show defendants' knowledge/state of mind/absence of good faith/malice; also being offered to show Frazier's bias. Also admissible under FRE 803(5), 803(6), and 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule. |

14

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 51. | CCSAO 0892-893 | | Mach 11 Firearms Inventory (01/29/1994) | Subject to Reconsideration | Document shows that the CPD officer who recovered the gun requested that the gun be preserved as evidence, but it was not. The recovering officer later filled out a request to have the gun destroyed; he later submitted a form asking for the gun to be destroyed; he testified he would not have done that without getting lead detectives' permission; goes to defendants' knowledge/state of mind/absence of good faith/malice. *See also* Responses to Def's. cited MILs.<br><br>Hearsay response: not being offered for truth; goes to defendants' knowledge/state of mind/absence of good faith/malice. Also admissible under FRE 803(5), 803(6), and 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 52. | CHI.BOLDEN 11647-11650 | | Mach 11 Disposal Request – Gun Destruction Ledger (Various Dates) | Subject to Reconsideration | Same response as no. 51 above. |
| 53. | EB0019453 | | Photograph – Damages | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 54. | EB0019454 | | Photograph – Damages | Cumulative | Plaintiff bears the burden of proof on damages. Photos will help to explain Plaintiff's testimony and put his testimony into context. They are not cumulative and will not add significant time to the examination. |
| 55. | EB0019455 | | "Mary Lee" funeral pamphlet (E. Bolden mother) | Cumulative | Same as response no. 54 above. |
| 56. | EB0019456 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |
| 57. | EB0019457 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |
| 58. | EB0019458 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |
| 59. | EB0019459 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |
| 60. | EB0019460 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |
| 61. | EB0019461 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |
| 62. | EB0019462 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |
| 63. | EB0019463 | | Photograph – Damages | Cumulative | Same as response no. 54 above.. |
| 64. | EB0019464 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |
| 65. | EB0019465 | | Photograph – Damages | Cumulative | Same as response no. 54 above.. |
| 66. | EB0019466 | | Photograph – Damages | Cumulative | Same as response no. 54 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 67. | EB0019467 | | Photograph of James Oliver | Subject to Reconsideration | This photograph was shown to Cynthia Steward, who identified Oliver as the police officer who committed some of the misconduct alleged in this case. |
| 68. | IDOC000594-000595 | | IDOC Committed Person's Grievance – Tooth Extraction (09/30/2005) | Hearsay (802), Foundation (901-902) | Hearsay response:  FRE 803(4), 803(6) and 803(8), 801(d)(1)(B)<br><br>Foundation response: Plaintiff will lay foundation. |
| 69. | IDOC000604-000605 | | IDOC Committed Person's Grievance – Water Issue (02/13/2008) | Hearsay (802), Foundation (901-902) | Hearsay response:  FRE 803(6) and 803(8), 801(d)(1)(B)<br><br>Foundation response: Plaintiff will lay foundation. |
| 70. | IDOC000618-000619 | | IDOC Offender's Grievance – Library Access (08/16/2011) | Hearsay (802), Foundation (901-902) | Same response as no. 69 above. |
| 71. | IDOC000616-000617 | | IDOC Offender's Grievance – No Commissary (09/28/2011) | Hearsay (802), Foundation (901-902) | Same response as no. 69 above. |
| 72. | EB0018410 | | Certificate of Innocence | Moot by preliminary rulings | |
| 73. | EB0018902, EB0018917-0018918 (native images) | | Photos of Victim's Car at Minerva | No objection | |

17

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 74. | EB0002727 | | Photo of Eddie Bolden wearing hat | No objection | |
| 75. | | | INTENTIONALLY LEFT BLANK | | |
| 76. | CCSAO000112-113, 1406 and 2979 | | Group Exhibit – Documents re Bolden Address | No objection | |
| 77. | CHI.BOLDEN 012408 | | SOL of James Williams Case | Subject to Reconsideration | Relevance response:  Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. That Williams was charged and the charges were dismissed also goes to defendants' knowledge/state of mind/absence of good faith/malice.<br><br>Hearsay Response:  Dismissal of case is a legally operative fact. Also admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response:  No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6. |
| 78. | NO BATES | | James Williams' drawing of J&J Fish (J. Williams Deposition Exhibit 1) | No objection if for ID only | Layout of J&J Fish provides the jury with relevant background and context to consider witnesses' testimony. |
| 79. | EB0001442 -0001443 | | General Offense Report (Minerva--Dunn) (01/29/1994) | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 80. | | | INTENTIONALLY LEFT BLANK | | |
| 81. | | | INTENTIONALLY LEFT BLANK | | |
| 82. | | | INTENTIONALLY LEFT BLANK | | |
| 83. | | | INTENTIONALLY LEFT BLANK | | |
| 84. | | | INTENTIONALLY LEFT BLANK | | |
| 85. | CHI.BOLDEN 013461 | | Forensic Institute Medical Examiner Case Report for Ledell Clayton (01/30/1994) | No objection | |
| 86. | EB0001444-0001449 | | Supplementary Report (Progress Report—Pesavento and Karl) (01/30/1994) | No objection | |
| 87. | EB0000435 | | Supplementary Report (Recovery of cocaine from Clifford Frazier apartment—Jackson, Silas and Robbins) (01/31/1994) | No objection | |
| 88. | | | INTENTIONALLY LEFT BLANK | | |
| 89. | | | INTENTIONALLY LEFT BLANK | | |
| 90. | | | INTENTIONALLY LEFT BLANK | | |
| 91. | EB0000471 | | General Progress Report (Lineup participant notes—Siwek and Pesavento) (02/26/1994) | No objection | |
| 92. | EB0000361 | | Crime Scene Processing Report (Lineup participant photographs—Jachna) (02/26/1994) | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 93. | | | INTENTIONALLY LEFT BLANK | | |
| 94. | CCSAO 0549 | | General Progress Report (Notes of Eddie Bolden interview—Siwek) (02/26/1994) | No objection | |
| 95. | | | INTENTIONALLY LEFT BLANK | | |
| 96. | CCSAO 0246-0247 | | Case Fact Sheet (Belligratis) (02/27/1994) | No objection | |
| 97. | | | INTENTIONALLY LEFT BLANK | | |
| 98. | CCSAO 0643-0646 | X | Lynda Peters notes (Various Dates) | No objection if for ID only | Plaintiff will mark for ID only, except potentially for admission as a recorded recollection under FRE 803(5) |
| 99. | CHI-BOLDEN 000856 | | Training records – Oliver (02/22/2017) | No objection | |
| 100. | CHI-BOLDEN 000858-000859 | | Training records – Pesavento (02/22/2017) | No objection | |
| 101. | CHI-BOLDEN 000860-000863 | | Training records – Siwek (02/22/2017) | No objection | |
| 102. | | | INTENTIONALLY LEFT BLANK | | |
| 103. | | | INTENTIONALLY LEFT BLANK | | |
| 104. | | | INTENTIONALLY LEFT BLANK | | |
| 105. | | | INTENTIONALLY LEFT BLANK | | |
| 106. | - - - - - - | X | Defendant Pesavento's Responses to Plaintiff's First Set of Interrogatories (06/20/2017) | No objection if for ID only | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 107. | - - - - - - | X | Defendant Oliver's Responses to Plaintiff's First Set of Interrogatories (06/21/2017) | No objection if for ID only | |
| 108. | - - - - - - | X | Defendant Siwek's Responses to Plaintiff's First Set of Interrogatories (06/29/2017) | No objection if for ID only | |
| 109. | - - - - - - | X | James Oliver's Response to Plaintiff's Second Set of Interrogatories (03/16/2018) | No objection if for ID only | |
| 110. | - - - - - - | X | Angelo Pesavento's Response to Plaintiff's Second Set of Interrogatories (03/24/2018) | No objection if for ID only | |
| 111. | - - - - - - | X | Siwek's Responses to Plaintiff's Second Set of Interrogatories (04/07/2018) | No objection if for ID only | |
| 112. | - - - - - - | X | Defendant James Oliver's Answer to Plaintiff's Third Set of Interrogatories (05/11/2018) | No objection if for ID only | |
| 113. | - - - - - - | X | Defendant Angelo Pesavento's Answer to Plaintiff's Third Set of Interrogatories (05/17/2018) | No objection if for ID only | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 114. | EB0005809-0005812 | | Bolden's Motion for Pretrial Discovery (05/05/1994) | Subject to Reconsideration | Relevance response: fact that defense attorney requested information State intended to use at trial and State responded that it intended to use Clifford Frazier's guns is relevant to showing defendants' absence of good faith/malice.<br><br>Hearsay response: Admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201. |
| 115. | EB0005131-0005135 | | State's Answer to Discovery (05/05/1994) | Subject to Reconsideration | Same response as no 114 above. |
| 116. | EB0019369-0019370 and EB-FBI000002-EB-FBI000030, EB-FBI000041-EB-FBI000042 | X | Dale Tipton Affidavit and attachments | Motion pending | There is no motion pending that impacts this exhibit. Defendants withdrew their motion to bar Tipton's testimony and the Court denied Defendants' motion to conduct additional discovery related to Tipton. Plaintiff's Motion to Exclude FBI documents does not relate to Tipton's report or the CPD reports attached thereto. But in any event, this is being marked for identification purposes only. |
| 117. | NO BATES | X | Hickey testimony in Fields v. City of Chicago matter (05/30/2012) | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 118. | NO BATES | X | Hickey testimony in Rivera v. Guevara, et al (05/06/2014) | No objection | |
| 119. | CCSAO 0874 | X | Lynda Peters' notes about trial evidence. | No objection if for ID only | Plaintiff will mark for ID only, except potentially for admission as a recorded recollection under FRE 803(5). |
| 120. | NO BATES | | Diagram of J&J Fish (Demonstrative) | No objection if for ID only | |
| 121. | CHI.BOLDEN 012392 | | SOL of Edna Williams Case | Subject to Reconsideration | Relevance response: Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged. That Williams was charged and the charges were dismissed also goes to defendants' knowledge/state of mind/absence of good faith/malice.<br><br>Hearsay Response: Dismissal of case is a legally operative fact. Also admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6. |
| 122. | CCSAO 0037, 0040 and 0046 | | Photos of bullet holes – C. Frazier vehicle | No objection | |
| 123. | CCSAO 0016 and CCSAO 0043-0047 | | Photos of yellow tape – vacant lot | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 124. | CCSAO 0892 | | CPD Inventory Report No. 1275322 | No objection | |
| 125. | | | INTENTIONALLY LEFT BLANK | | |
| 126. | | | INTENTIONALLY LEFT BLANK | | |
| 127. | | | INTENTIONALLY LEFT BLANK | | |
| 128. | EB0019351 | | Guest Book – Ledell Clayton funeral | Subject to Reconsideration | Relevance response: corroborates Steward's testimony regarding undisclosed conduct of the defendant officers.<br><br>Hearsay response: not being offered for the truth of any statement in the funeral book. The fact that the book exists and that there are certain markings in the book corroborates Steward's testimony.<br><br>FRE 403 response: no basis for exclusion under this rule. |
| 129. | CCSAO 00844-00845 | | Property Inventory Sheet Nos. 1237068 and 1237069 | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 130. | CCSAO 0894 | | CCSAO Notes re Gun Destruction | Subject to Reconsideration | Relevance response: Gun destruction is relevant to defendants' knowledge/state of mind/absence of good faith/malice. *See* Pl's. Resp. to Def's. MIL No. 4.<br><br>Hearsay response: Not being offered for the truth; offered to show Pesavento's knowledge. Also admissible under FRE 807 and 803(5).<br><br>FRE 403 response: no basis for exclusion under this rule. |
| 131. | EB0018951 (native file) | | Photo of inside of J&J's Restaurant | No objection | |
| 132. | NO BATES | | Photo of outside of building housing J&J's Restaurant and pager shop | Not disclosed | For demonstrative purposes only. |
| 133. | CHI-BOLDEN 000704 | | CPD Property Inventory No. 1286561 - Bullet recovered from Motorcraft battery | No objection | |
| 134. | CHI-BOLDEN 000799 | | CPD Crime Scene Processing Report - Motorcraft battery bullet | No objection | |
| 135. | CCSAO 0852 | | CPD Property Inventory No. 1274913 - L. Clayton bullet | No objection | |
| 136. | CHI-BOLDEN 000798 | | CPD Crime Scene Processing Report - Ledell Clayton Bullet and Blood Vial | No objection | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 137. | CHI.BOLDEN 001740 | | CPD General Order (Addendum) – Specific Responsibilities – 93-3-2 | Subject to Reconsideration | Relevance response: defendants' violations of CPD policies go to their knowledge/state of mind/absence of good faith/malice/objective reasonableness. CPD policies also provide context and relevant background to help the jury understand the case.<br><br>Hearsay response: Not being offered for truth; goes to effect on the listener.<br><br>FRE 403 response: No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 9. |
| 138. | | | INTENTIONALLY LEFT BLANK | | |
| 139. | | X | Defendant Oliver's Response to Plaintiff's Second Set of Requests for Production | Subject to Reconsideration | Relevant to show why Cynthia Steward did not identify defendant Oliver from a photo during her deposition and was only able to do so after her deposition. Also relevant to Oliver's credibility. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 140. | CHI.BOLDEN 012028-12032 | | CPD Addendum to General Order 93-8 - Administrative Message Facsimile Network | Subject to Reconsideration | Relevance response:  defendants' violations of CPD policies go to their knowledge/state of mind/absence of good faith/malice/objective reasonableness. CPD policies also provide context and relevant background to help the jury understand the case.<br><br>Hearsay response:  Not being offered for truth; goes to effect on the listener.<br><br>FRE 403 response:  No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to Def's. MIL No. 9. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 141. | CCSAO 0109, 1064, 1069 and 1092 | | GROUP EXHIBIT – CCSAO Subpoenas for Reports and Evidence | Relevance (401-402), Hearsay (802) | Relevance response: The subpoena shows that the State requested evidence that was never produced to the defense because Defendants' did not submit the evidence for inclusion in their investigative file. Goes to defendants' malice/lack of good faith. Hearsay response: Legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201. FRE 403 response: No basis for exclusion under this rule |
| 142. | CCSAO 1000 | | CCSAO Subpoena to Edward Siwek | Relevance (401-402), Hearsay (802) | Relevance response: The fact that the State subpoenaed Siwek to testify at trial is relevant to show involvement in the investigation. Hearsay response: Legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 143. | CCSAO 0962 | | CCSAO Subpoena to James Oliver | Relevance (401-402) Hearsay (802) | Relevance response: The fact that the State subpoenaed Siwek to testify at trial is relevant to show involvement in the investigation.<br><br>Hearsay response: Legally operative fact. Also admissible under FRE 803(8), 807, and subject to judicial notice under FRE 201. |
| 144. | EB0005590-5591 and EB0005625-5627 | | Trial Stipulation re: Maurice Willis | No objection | |
| 145. | CCSAO 0006-0007 | | CCSAO Documentation re Edna Williams Arrest | Subject to Reconsideration | Relevance response:  Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged.<br><br>Hearsay Response:  Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response:  No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 146. | CCSAO 0897-0898 | | CCSAO Documentation re David McCray Arrest | Subject to Reconsideration | Relevance response:  Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged.  Also shows that David McCray was wrongfully charged as a result of Frazier's false identification—goes to Frazier's credibility.<br><br>Hearsay Response:  Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response:  No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 147. | CCSAO 0004-0005 | | CCSAO Documentation re James Williams Arrest | Subject to Reconsideration | Relevance response:  Impeaches defendants' testimony that there was no deal with Frazier—a person significantly less culpable was charged.<br><br>Hearsay Response:  Offered for impeachment. Admissible under FRE 803(5) and FRE 803(8).<br><br>FRE 403 response:  No basis for exclusion under this rule.<br><br>*See also* Pl's. Resp. to MIL No. 6 |
| 148. | DEF IDOC 0000282 | | IDOC Phone Recording Excerpt (10:56-13:14) & transcript (9/9/2009) | Hearsay (802), cumulative (403) | Hearsay response: Admissible under FRE 803(3) as evidence of Plaintiff's then-existing state of mind and emotional, sensory, and physical condition. Also admissible as a prior consistent statement under 801(d)(1)(B).<br><br>FRE 403 response: No basis for exclusion under this rule. Highly probative of damages. |
| 149. | DEF IDOC 000287 | | IDOC Phone Recording Excerpt (1:19-4:36) & transcript (10/3/2009) | Hearsay (802), cumulative (403) | Same response as no. 148 above. |
| 150. | DEF IDOC 000290 | | IDOC Phone Recording Excerpt (18:36-20:53) & transcript (10/7/2009) | Hearsay (802), cumulative (403) | Same response as no. 148 above. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 151. | DEF IDOC 000305 | | IDOC Phone Recording Excerpt (26:45-27:35) & transcript (11/4/2009) | Hearsay (802), cumulative (403) | Same response as no. 148 above. |
| 152. | DEF IDOC 000227 | | IDOC Phone Recording Excerpts (1:25-2:12, 6:00-8:01, 8:41-10:18, and 19:40-20:47) & transcript (4/26/2009) | Hearsay (802), cumulative (403) | Same response as no. 148 above. |
| 153. | EB0000125-0000133 | | Transcript – Pesavento grand jury testimony | No objection | |
| 154. | EB0007379-0007392 | | Transcript – Pesavento suppression hearing testimony | No objection | |
| 155. | EB0006803-0006992 | | Transcript – Pesavento trial testimony | No objection | |
| 156. | EB0007118-7119, 0007168-0007181 | | Transcript – Pesavento rebuttal trial testimony | No objection | |
| 157. | EB0007414-0007450 | Except for designations | Transcript – Karl suppression hearing testimony | No objection | |
| 158. | | | INTENTIONALLY LEFT BLANK | | |
| 159. | | | INTENTIONALLY LEFT BLANK | | |
| 160. | EB0007414-0007427 | | Transcript – Bolden suppression hearing testimony | Hearsay (802) | Rule 801(d)(1)(B)(i) |
| 161. | | | INTENTIONALLY LEFT BLANK | | |
| 162. | | | INTENTIONALLY LEFT BLANK | | |
| 163. | | | INTENTIONALLY LEFT BLANK | | |
| 164. | | | INTENTIONALLY LEFT BLANK | | |
| 165. | | | INTENTIONALLY LEFT BLANK | | |
| 166. | | | INTENTIONALLY LEFT BLANK | | |
| 167. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 168. | EB0006580, 0006589-0006615 | X | Transcript – motion in limine arguments | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: Peters states during argument that Anthony Williams was unavailable for Plaintiff's criminal trial. This is relevant to explain why Plaintiff did not call Mr. Williams as an alibi witness.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 169. | EB0006580, 0006621-0006635 | X | Transcript – opening statements | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: Transcript includes discussion of numerous relevant facts. Shows how testimony, evidence, and information provided by defendants and Frazier was used at trial, which assists the jury in determining whether Plaintiff's trial was unfair.<br><br>FRE 403 response: No basis for exclusion under this rule. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 170. | EB0007118, 0007218-0007280 | X | Transcript – closing arguments | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 169 above. |
| 171. | EB0007118, 0007281-0007302 | X | Transcript – rebuttal closing | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Same response as no. 169 above. |
| 172. | | | INTENTIONALLY LEFT BLANK | | |
| 173. | | | INTENTIONALLY LEFT BLANK | | |
| 174. | EB0011966, 0011969-0012024 | X | Transcript – Jackson post-conviction testimony | No objection if for ID only | |
| 175. | EB0019468-0019471 | X | Cynthia Steward Declaration (10/29/2019) | No objection if for ID only | |
| 176. | CCSAO 006783-006784 | X | Bolden Criminal Complaint | No objection if for ID only | |
| 177. | | | INTENTIONALLY LEFT BLANK | | |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 178. | CCSAO 002643-002647 | X | Death penalty memo | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: this document shows that the State used the statement of Lee Williams, which defendants' fabricated, in seeking the death penalty against Mr. Bolden. This is directly relevant to the "commence and continue" element of Plaintiff's malicious prosecution claim.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 179. | EB0000315 | X | Index for Record on Appeal | Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: shows dates of various filings during criminal proceedings.<br><br>FRE 403 response: No basis for exclusion under this rule. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 180. | CCSAO 0554 | X | Official Statement of Facts | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Hearsay response: only would be used for refreshing recollection or impeachment.<br><br>Relevance response: this document contains information provided to Peters by Pesavento. It is relevant to Pesavento's knowledge/state of mind and probable cause.<br><br>FRE 403 response: No basis for exclusion under this rule. |
| 181. | DEF OFC 000724-000730; DEF OFC 000731-000751; DEF OFC 000752-000756; CHI.BOLDEN014692-014701 | X | Group Exhibit: Roderick Stewart Criminal History and arrest reports | Moot by preliminary ruling | Plaintiff will comply with the Court's ruling, which permitted questioning about certain of Stewart's convictions. (Dkt. 467 at 19). |
| 182. | CHI.BOLDEN 002414-2423 | X | Internal Affairs Summary Report | Moot by preliminary ruling | Withdrawn |
| 183. | CHI.BOLDEN 002476-2480 | X | Internal Affairs Transcript (October 26, 1999) | Moot by preliminary ruling | Withdrawn |
| 184. | CHI.BOLDEN 013145, 13148 and 13164 | X | Oliver Personnel Records | Moot by preliminary ruling | Withdrawn |
| 185. | NO BATES | X | Individual Defendants' Statement of Undisputed Facts in Support of Summary Judgment | Hearsay (802), Relevance (402-403), Unduly prejudicial, confusing, misleading and cumulative (403) | Would be used only for impeachment purposes. Statements or admissions of undisputed facts in summary judgment are admissions of a party opponent. |

| PX | Bates No. | Marked for ID Only | Description | Objection | Response to Objection |
|---|---|---|---|---|---|
| 186. | NO BATES | | Defendant City of Chicago's Responses to Plaintiff's Requests for Admission | Moot by preliminary ruling | Plaintiff disagrees that this issue is moot. The Court's preliminary rulings precluded evidence regarding indemnification and precluded the City from being referenced as a defendant. But the he City of Chicago is still a party opponent for evidentiary purposes. (*see* Dkt. 467 at 15-16). Its statements are relevant and admissible. |
| 187. | EB0018597 | | Order – Defendant to be Released – MS Nolle (4/19/16) | Moot by preliminary ruling | |
| 188. | No Bates | | GROUP EXHIBIT – Family Photos | Relevance | Plaintiff bears the burden of proof on damages. Photos will help to explain Plaintiff's testimony and put his testimony into context. |

4816-4222-2589, v. 2