# **PROPOSED PRELIMINARY INSTRUCTIONS**
### *Bolden v. Pesavento, et al.*, 17-cv-00417

*Introductory paragraphs*

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

*Order of Trial*

The trial will proceed in the following manner:

First, Plaintiff's attorney will make an opening statement. Next, Defendants' attorney will make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

*Claims and Defenses*

The positions of the parties can be summarized as follows:

Plaintiff Eddie L. Bolden claims that he is entitled to damages because he was wrongfully convicted and incarcerated due to Defendants' misconduct.

Defendants Angelo Pesavento, James Oliver, the Estate of George Karl, and the Estate of Edward Siwek deny those claims.

Plaintiff asserts seven claims. For each claim, Plaintiff will have to prove, by a preponderance of the evidence, the following elements:

**Count I – Violation of Right to a Fair Trial**:

*Despite best efforts, the parties are unable to reach agreement on the elements of the due process claim. The parties' proposals are below:*

**Plaintiff's Proposal:**
(1) The Defendant you are considering employed an unduly suggestive identification procedure;
(2) The resulting identification was not reliable;
(3) The resulting identification was introduced against Plaintiff at his criminal trial; and
(4) Plaintiff was damaged as a result.

**Defendants' Proposal:**
(1) Plaintiff successfully challenged the admission of the identification in his criminal case;
(2) The specific identification procedures used by the Defendant were clearly prohibited by the law in February 1994; and
(3) The Defendant deliberately used the prohibited procedure to secure an identification he knew was tainted; and
(4) Plaintiff was damaged as a result.

**Count II –Pretrial Detention Without Probable Cause**:
(1) The Defendant you are considering caused Plaintiff to be detained prior to his criminal trial; and
(2) There was no probable cause.

**Count III – Failure to Intervene**:
(1) One of the Defendants violated Plaintiff's constitutional rights as described in claims 1 or 2;
(2) The Defendant you are considering knew that another Defendant was violating or was about to violate Plaintiff's rights as described in Claims 1 or 2;
(3) The Defendant you are considering had a realistic opportunity to do something to prevent harm from occurring;
(4) The Defendant you are considering failed to take reasonable steps to prevent harm from occurring; and
(5) The failure to act by the Defendant you are considering caused Plaintiff to suffer harm.

**Count IV –Conspiracy to Violate Constitutional Rights**:
(1) One or more Defendants joined an agreement amongst themselves or with others to deprive Plaintiff of his constitutional rights as described in Claims 1 or 2;
(2) The Defendant you are considering knowingly became a member of the agreement with the intention to carry it out;
(3) One or more of the participants committed an act in an effort to carry out the agreement; and
(4) As a result, Plaintiff's constitutional rights were violated as described in Claims 1 or 2.

**Count V – Malicious Prosecution**:
(1) The Defendant you are considering caused a criminal proceeding to be commenced or continued against Plaintiff;
(2) There was no probable cause for the criminal proceeding;
(3) The Defendant you are considering acted with malice;
(4) The criminal proceeding was terminated in Plaintiff's favor in a manner indicative of innocence; and
(5) Plaintiff suffered damages as a result.

**Count VI – Intentional Infliction of Emotional Distress**:
(1) The conduct of the Defendant you are considering was extreme and outrageous;
(2) The Defendant you are considering intended to inflict emotional distress on Plaintiff or knew there was a high probability that his conduct would do so; and
(3) The conduct of the Defendant you are considering caused Plaintiff to experience severe emotional distress.

**Count VI – Civil Conspiracy**:
(1) One or more Defendants joined an agreement amongst themselves or with others to deprive Plaintiff of his rights as described in Claims 5 or 6;
(2) The Defendant you are considering knowingly became a member of the agreement with the intention to carry it out;
(3) One or more of the participants committed an act in an effort to carry out the agreement; and
(4) As a result, Plaintiff's rights were violated as described in Claims 5 or 6.

What I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

*Burden of Proof – Preponderance*

When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

*Province of Judge and Jury*

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

*Evidence in the Case*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

*Credibility of Witnesses*

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

*Direct and Circumstantial Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

4

*Inferences*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*What is Not Evidence; Evidence for Limited Purpose*

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

[Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.] [You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.]

*Rulings on Objections*

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

*Bench Conferences*

At times during the trial it may be necessary for me to talk with the lawyers through our headphones out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

*Note-Taking – Allowed*

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony. When you leave the courthouse during the trial, your notes should be left in the [jury room] [envelope in the jury room]. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

*No Transcript Available to Jury*

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

*Questions by Jurors Forbidden*

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

*Jury Conduct*

All jurors must follow certain rules of conduct, and you must follow them, too. First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the Courtroom Deputy to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.