**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| EDDIE L. BOLDEN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | Case No. 17 C 00417 |
| | ) | | |
| vs. | ) | | Honorable Steven C. Seeger |
| | ) | | |
| CITY OF CHICAGO, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**<u>AGREED JURY INSTRUCTIONS</u>**

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.


Agreed Jury Instruction No. 1

Source: Seventh Circuit Pattern Civil Jury Instruction 1.01.

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During the trial, I may have asked a witness a question myself. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed Jury Instruction No. 2

Source: Seventh Circuit Pattern Civil Jury Instruction 1.02

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides [that certain facts are true, or] that a person would have given certain testimony.

[I have taken judicial notice of certain facts. You must accept those facts as proved.]


Agreed Jury Instruction No. 3

Source: Seventh Circuit Pattern Civil Jury Instruction 1.04

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions and prior testimony from Plaintiff's criminal proceedings. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Agreed Jury Instruction No. 4

Source: Seventh Circuit Pattern Civil Jury Instruction 1.05

## WHAT IS NOT EVIDENCE

Certain things are not to be consider as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.


Agreed Jury Instruction No. 5

Source: Seventh Circuit Pattern Civil Jury Instruction 1.06

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.


Agreed Jury Instruction No. 6

Source: Seventh Circuit Pattern Civil Jury Instruction 1.07

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Agreed Jury Instruction No. 7

Source: Seventh Circuit Pattern Civil Jury Instruction 1.08

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Agreed Jury Instruction No. 8

Source: Seventh Circuit Pattern Civil Jury Instruction 1.09

## EVIDENCE LIMITED TO CERTAIN PARTIES

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each individual defendant only in the case against that individual defendant. You must not consider it against any other co-defendant.


Agreed Jury Instruction No. 9

Source: Seventh Circuit Pattern Civil Jury Instruction 1.10

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.


Agreed Jury Instruction No. 10

Source: Seventh Circuit Pattern Civil Jury Instruction 1.11

## DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Jury Instruction No. 11

Source: Seventh Circuit Pattern Civil Jury Instruction 1.12

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.


Agreed Jury Instruction No. 12

Source: Seventh Circuit Pattern Civil Jury Instruction 1.13

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by [Party] [Witness under oath] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Agreed Jury Instruction No. 13

Source: Seventh Circuit Pattern Civil Jury Instruction 1.14

## IMPEACHMENT OF WITNESSES – CONVICTIONS

You have heard evidence that individuals have been convicted of a crime. You may consider this evidence only in deciding whether that individual's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Agreed Jury Instruction No. 14

Source: Seventh Circuit Pattern Civil Jury Instruction 1.15

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.


Agreed Jury Instruction No. 15

Source: Seventh Circuit Pattern Civil Jury Instruction 1.16

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Agreed Jury Instruction No. 16

Source: Seventh Circuit Pattern Civil Jury Instruction 1.17

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.


Agreed Jury Instruction No. 17

Source: Seventh Circuit Pattern Civil Jury Instruction 1.18

**EXPERT WITNESS**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Agreed Jury Instruction No. 18

Source: Seventh Circuit Pattern Civil Jury Instruction 1.21

## DEMONSTRATIVE EXHIBITS

Certain [diagrams, sketches, and charts] have been shown to you. Those materials are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Agreed Jury Instruction No. 19

Source: Seventh Circuit Pattern Civil Jury Instruction 1.24

**Multiple Claims; Multiple Defendants**

You must give separate consideration to each claim and each party in this case.

Although there are four defendants, it does not follow that if one is liable, any of the others is also liable.

[In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.]

Agreed Proposed Jury Instruction No: 20

Source: 7th Circuit Civil Pattern Jury Instruction 1.25

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Agreed Jury Instruction No. 21

Source: Seventh Circuit Pattern Civil Jury Instruction 1.27

## INSTRUCTION ON NEWS COVERAGE

I understand that reports about this trial or about this incident are appearing in the newspapers, and television, and the internet. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.


Agreed Jury Instruction No. 22

Source: Seventh Circuit Pattern Civil Jury Instruction 2.02

**GENERAL: NOT A PARTY**

Defendants Angelo Pesavento, James Oliver, the Estate of Edward Siwek, and the Estate of George Karl are sued as individuals. The Chicago Police Department is a party to this lawsuit.

Agreed Jury Instruction No: 23

Source : Seventh Circuit Civil Pattern Jury Instruction 7.01

**LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about whether Defendants' conduct complied with or violated Chicago Police Department procedures or regulations.

You may consider this evidence in your deliberations as to each of Plaintiff's claims. But remember that the issue is whether the Defendants violated Plaintiff's rights, not whether a Chicago Police Department procedure or regulation might have been complied with or violated.

Agreed Jury Instruction No. 24

Source: Seventh Circuit Pattern Civil Jury Instruction 7.04

**INSTRUCTIONS APPLICABLE TO SECOND CLAIM:**
**DEFINITION OF "PROBABLE CAUSE"**

"Probable cause" existed if, based on the evidence known at the time, a reasonable person in the Defendant's position would have believed that Plaintiff committed a crime. In making this decision, you should consider what the Defendant knew and any reasonably trustworthy information the Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was found guilty in 1996 does not by itself mean that the Defendant had probable cause. Nor does the fact that he was later acquitted by itself mean that there was no probable cause at the time of his arrest.

[It is not necessary that Defendant had probable cause to arrest Plaintiff for [insert crime at issue], so long as Defendant had probable cause to arrest him for some criminal offense.] [It is not necessary that Defendant had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendant had probable cause to arrest him for one of those crimes.]

A return of an indictment by a grand jury constitutes evidence of probable cause. This can be rebutted if there is proof that the indictment was obtained by false or fraudulent testimony before the grand jury, by failing to make a full or complete statement of facts, or by other improper or fraudulent means.

An officer should pursue reasonable avenues of investigation and may not close his eyes to facts that would clarify the situation, but once an officer has established probable cause, he may end his investigation. Information from a single person claiming to be an eyewitness or victim of a crime can be enough for probable cause, but when the information provided by that person would lead a reasonable officer under all of the circumstances to be suspicious, further investigation is necessary to establish probable cause.

Agreed Proposed Jury Instruction No. 25

Source: Seventh Circuit Pattern Civil Jury Instruction 7.08 (modified).

## THIRD CLAIM—FAILURE OF "BYSTANDER" OFFICER TO INTERVENE

To succeed on his failure to intervene claim against Defendants, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant you are considering violated Plaintiff's constitutional rights, as described in Claims 1 or 2;

2. The Defendant you are considering knew that another Defendant was violating or was about to violate Plaintiff's rights as described in Claims 1 or 2;

3. The Defendant you are considering had a realistic opportunity to do something to prevent harm from occurring;

4. The Defendant you are considering failed to take reasonable steps to prevent harm from occurring;

5. The failure to act by the Defendant you are considering caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Agreed Jury Instruction No. 26

Source: Seventh Circuit Pattern Civil Jury Instructions 7.22 (modified)

## FOURTH CLAIM—CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS

Plaintiff claims that that one or more of the Defendants and/or other persons conspired to deprive him of his constitutional rights as described in Claims 1 and 2.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      One or more of the Defendants joined an agreement amongst themselves or with others to deprive Plaintiff of his constitutional rights as described in Claims 1 or 2;

2.      The Defendant you are considering knowingly became a member of the agreement with the intention to carry it out;

3.      One or more of the participants committed an act in an effort to carry out the agreement.

4.      As a result, Plaintiff's constitutional rights were violated as described in Claims 1 or 2.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Agreed Jury Instruction No. 27

Source: *Mnyofu v. Board of Educ. of Rich Tp. H.S. Dist. 227*, 2007 WL 1308523, *11 (N.D. Ill. Apr. 27, 2007)

## FIFTH CLAIM—MALICIOUS PROSECUTION

Plaintiff claims that Defendants maliciously caused him to be prosecuted for murder and attempted murder.  To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The Defendant you are considering caused a criminal proceeding to be commenced or continued against Plaintiff.

2.      There was no probable cause for the criminal proceeding;

3.      The Defendant you are considering acted with malice;

4.      The criminal proceeding was terminated in Plaintiff's favor in a manner indicative of innocence;

5.      Plaintiff suffered damages as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Agreed Jury Instruction No. 28

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 74

## INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:
## DEFINITION OF "PROBABLE CAUSE"

"Probable cause" existed if, based on the evidence known at the time, a reasonable person in the Defendant's position would have believed that Plaintiff committed a crime. In making this decision, you should consider what the Defendant knew and any reasonably trustworthy information the Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was found guilty in 1996 does not by itself mean that the Defendant had probable cause. Nor does the fact that he was later acquitted by itself mean that there was no probable cause at the time of his arrest.

[It is not necessary that Defendant had probable cause to arrest Plaintiff for [insert crime at issue], so long as Defendant had probable cause to arrest him for some criminal offense.] [It is not necessary that Defendant had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendant had probable cause to arrest him for one of those crimes.]

A return of an indictment by a grand jury constitutes evidence of probable cause. This can be rebutted if there is proof that the indictment was obtained by false or fraudulent testimony before the grand jury, by failing to make a full or complete statement of facts, or by other improper or fraudulent means.

An officer should pursue reasonable avenues of investigation and may not close his eyes to facts that would clarify the situation, but once an officer has established probable cause, he may end his investigation. Information from a single person claiming to be an eyewitness or victim of a crime can be enough for probable cause, but when the information provided by that person would lead a reasonable officer under all of the circumstances to be suspicious, further investigation is necessary to establish probable cause.

Agreed Proposed Jury Instruction No. 29

Source: Seventh Circuit Pattern Civil Jury Instruction 7.08 (modified).

**SIXTH CLAIM—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff claims that Defendants intentionally caused him emotional distress. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The conduct of the Defendant you are considering was extreme and outrageous;

2.      The Defendant you are considering intended to inflict emotional distress on Plaintiff or knew there was a high probability that his conduct would do so.

3.      The conduct of the Defendant you are considering caused Plaintiff to experience severe emotional distress.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.


Agreed Jury Instruction No. 30


Source: *Adams v. Sussman & Hertzberg, Ltd.,* 292 Ill. App. 3d 30, 38 (1st Dist. 1997) ("To prove a cause of action for intentional infliction of emotional distress, the plaintiff must establish three elements: (1) extreme and outrageous conduct; (2) intent or knowledge by the actor that there is at least a high probability that his or her conduct would inflict severe emotional distress and reckless disregard of that possibility; and (3) severe and emotional distress.").

## SEVENTH CLAIM—CIVIL CONSPIRACY

Plaintiff claims that that one or more of the Defendants and/or other persons conspired to maliciously prosecute him and/or inflict emotional distress on him.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. One or more of the Defendants joined an agreement amongst themselves or with others to deprive Plaintiff of his rights as described in Claims 5 or 6;

2. The Defendant you are considering knowingly became a member of the agreement with the intention to carry it out;

3. One or more of the participants committed an act in an effort to carry out the agreement.

4. As a result, Plaintiff's constitutional rights were violated as described in Claims 5 or 6.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Agreed Jury Instruction No. 31

Source: *Fritz v. Johnston*, 209 Ill.2d 302, 317 (2004)

**DAMAGES**

The Plaintiff is requesting compensatory damages and punitive damages.

If you find in favor of the Plaintiff against one or more of the Defendants on one or more of the Plaintiff's claims, then you will go on to consider the question of damages.

If you find in favor of all of the Defendants on all of the Plaintiff's claims, then you should not consider the question of damages.

Agreed Jury Instruction No. 32

Source: Seventh Circuit Pattern Civil Jury Instruction 1.31 (modified); Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 33 (instruction given); Instructions to the Jury, *Fields v. City of Chicago*, No. 1:10-cv-01168 (N.D. Ill.), ECF No. 1169, at 17 (instruction given).

## PUNITIVE DAMAGES

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants Pesavento and/or Oliver. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- [Defendant's financial condition]

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

Agreed Jury Instruction No. 33

Source: Seventh Circuit Pattern Civil Jury Instruction 7.28.

## SELECTION OF PRESIDING JUROR;
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. You may discuss the case only when all jurors are present.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, a smart phone, or computer to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during the deliberations.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Agreed Jury Instruction No. 34

Source: Seventh Circuit Pattern Civil Jury Instruction 1.32

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Agreed Jury Instruction No. 35

Source: Seventh Circuit Pattern Civil Jury Instruction 1.33

## DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed Jury Instruction No. 36

Source: Seventh Circuit Pattern Civil Jury Instruction 1.34

4833-5365-7085, v. 1