**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

## THE PARTIES AND THE CLAIMS

The Plaintiff in this case is Eddie Bolden. I will refer to him as Plaintiff. The defendants in this case are Angelo Pesavento, James Oliver, the Estate of Edward Siwek, and the Estate of George Karl. Angelo Pesavento and James Oliver are retired Chicago police officers. Edward Siwek and George Karl were retired Chicago police officers prior to their deaths.

Although Edward Siwek and George Karl are deceased, you are to treat them as defendants in this lawsuit. You are to consider Plaintiff's claims in the exact same manner that you would if Edward Siwek and George Karl were alive. For purposes of the remaining instructions, I will refer to Angelo Pesavento, James Oliver, Edward Siwek, and George Karl as Defendants.

Plaintiff brings the following claims:

First, Plaintiff claims that Defendants violated his constitutional rights by employing unduly suggestive identification procedures.

Second, Plaintiff claims that Defendants violated his constitutional rights by causing his detention without probable cause while Plaintiff awaited trial.

Third, Plaintiff claims that Defendants failed to intervene to prevent the violation of Plaintiff's constitutional rights as described in claims one and two.

Fourth, Plaintiff claims that Defendants conspired to deprive him of his constitutional rights as described in claims one and two.

Fifth, Plaintiff claims that Defendants maliciously caused him to be prosecuted for murder and attempted murder.

Sixth, Plaintiff claims that Defendants' actions constituted intentional infliction of emotional distress under Illinois law.

Seventh, Plaintiff claims that Defendants conspired to deprive him of his rights under Illinois law as described in claims five and six.

The Defendants deny each and every one of these claims.

I shall now discuss each of these claims in turn.

Plaintiff's Proposed Jury Instruction No. 1

Source: Dkt. 391 (Plaintiff's Fourth Amended Complaint); Dkts. 63, 69, 70 (outlining procedures regarding deceased defendants).

Defendants' Objection: Defendants' claims instruction regarding Plaintiff's first claim contains a more accurate statement of the law based on *Coleman v. City of Peoria*, 925 F.3d 336 (2019).

### FIRST CLAIM—VIOLATION OF RIGHT TO A FAIR TRIAL

Plaintiff claims that Defendants violated his constitutional right to a fair trial by using suggestive identification procedures that tainted his criminal trial.

Plaintiff may succeed on this claim by proving each of the following things by a preponderance of the evidence:

1. The Defendant you are considering used unduly suggestive identification procedures.

2. The resulting identification was not reliable.

3. The resulting identification was introduced against Plaintiff at his criminal trial.

4. Plaintiff was damaged as a result.

"Unduly suggestive" means both (1) that the technique used was suggestive and (2) that such suggestiveness was unnecessary. In other words, the situation was one in which the circumstances did not justify law enforcement's suggestive behavior.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.


Plaintiff's Proposed Jury Instruction No. 2

Source: Seventh Circuit Pattern Civil Jury Instruction 7.14 and Committee Comment g; *Lee v. Foster*, 750 F.3d 687, 691 (7th Cir. 2014) (holding that "a witness's identification violates a defendant's right to due process" when the procedure used so "unduly suggestive" that it gives rise to "a very substantial likelihood of irreparable misidentification" and "under the totality of the circumstances," the procedure is not reliable); *United States v. Sanders*, 708 F.3d 976, 983-85 (7th Cir. 2013) (holding that an unduly suggestive procedure is one that is "both suggestive and unnecessary," meaning "one in which the circumstances did not justify law enforcement's suggestive behavior."); *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006) (holding that § 1983 liability for a due process violation arises "if unduly suggested identification techniques are allowed to taint the trial"); *id.* (holding that "both suggestiveness and reliability are evaluated by reference to the totality of the circumstances"); *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2016 WL 2866097, at *10 (N.D. Ill. May 17, 2016) ("[A] criminal defendant has

a due process right not to be subjected to unduly suggestive identifications that taint his criminal trial."); *Gonzalez v. City of Waukegan*, 220 F. Supp. 3d 876, 882 (N.D. Ill. 2016) ("To state a claim for unduly suggestive identification techniques, a plaintiff must allege (1) that the technique used was suggestive and (2) that such suggestive was unnecessary. Once a plaintiff has shown a technique to be unduly suggestive, the court must then determine whether the technique was nevertheless reliable under the totality of the circumstances.").

Defendants' Objection: Defendants' object as Plaintiff's instruction is a misstatement of law. First, the Seventh Circuit Pattern Civil Jury Instruction 7.14 is inapplicable as that pattern instruction addresses a *Brady* claim or fabrication of evidence claim. At summary judgment, the court found in favor of the Defendant Officers on Plaintiff's *Brady* and fabrication of evidence claims. Second, committee comment g to the pattern instruction simply states that an unduly suggestive procedure claim is cognizable under § 1983, but offers no pattern instruction because the law is undeveloped. *See* Seventh Circuit Pattern Civil Jury Instruction 7.14 Committee Comment g.

Third, the cases Plaintiff relies upon do not reflect the current state of the law for a § 1983 unduly suggestive procedure claim against a police officer. In *Coleman v. Peoria*, 925 F.3d 336, 347 (7th Cir. 2019), the Seventh Circuit recently rejected the two-part test Plaintiff adopts in his proposed instruction, *i.e.*, (1) whether the procedure was unduly suggestive and (2) whether the resulting identification was still reliable under the totality of the circumstances. In *Coleman*, the Seventh Circuit identified that the Constitution requires the "*exclusion* of an eyewitness identification" if the unduly suggestive circumstances are so egregious as to taint the entire trial and that even where suggestive circumstances surround the identification, an identification can still be "*admitted*" where the totality of the circumstances show the identification is sufficiently reliable. *Id.* (emphasis added). Immediately after stating the two-part test, the Seventh Circuit said, "These principles address the admissibility of eyewitness identifications at trial, not § 1983 liability." Similarly, the Seventh Circuit has warned courts that the two-part test for admissibility in criminal cases should not become "a rule of damages." *Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012). Fourth, Plaintiff's proposed instruction does not take into account *Coleman*'s rules for damages in a § 1983 unduly suggestive procedure claim. After rejecting the two-part test in the § 1983 damages context, the Seventh Circuit held that in order to succeed on an unduly suggestive procedure claim the Plaintiff must establish that he successfully challenged the identification at trial or on appeal and that the specific identification technique was "clearly proscribed by existing law." *Coleman*, 925 F.3d at 347-48.

Finally, Plaintiff's cited cases do not support his instruction. *Foster* and *Sanders* addressed the admissibility of an identification at a criminal trial, not whether an individual could be liable in a § 1983 claim. Plaintiff's reliance on *Alexander v. City of South Bend* is similarly misplaced. Plaintiff cites to a portion of *Alexander* which cites to *Manson v. Brathwaite*, 432 U.S. 98 (1977) for the proposition that suggestiveness and reliability are evaluated by reference to the totality of the circumstances. *Alexander*, 433 F.3d at 555. However, *Coleman* specifically referred to *Brathwaite*, among others, when it held the *Brathwaite* principles address admissibility at a criminal trial, not § 1983 liability. Plaintiff's reliance on the *Sanders v. City of Chicago Heights*, 2016 WL 2866997, *10 (N.D. Ill. May 17, 2016) case is similarly deficient as the quoted part Plaintiff relies upon is based on *Brathwaite*. For the same reasons *Gonzalez*'s reliance on the criminal admissibility standard is not appropriate and *Gonzalez* was decided before *Coleman* disavowed the two-step test when determining § 1983 liability.

To the extent the Court considers Plaintiff's instruction, Defendants' object to the third element. In the § 1983 context, the constitutional right at issue is the right to a fair trial. Thus, a defendant cannot be liable merely because an identification was admitted at trial, but rather only if the plaintiff "shows how the flaws in [the] identification techniques made his trial unfair." *Alexander*, 433 F.3d at 555. *Alexander* then lists the following illustrative factors for how a trial based on a flawed identification procedure can become unfair such as "What identification evidence was actually admitted at trial? What did the victims, eyewitnesses, and police officers say? Were they cross-examined? Were the circumstances surrounding the identification and the police procedures put before the jury. What exhibits were admitted on this issue? Was any objection or motion to suppress the identification evidence made? What other evidence tended to link the defendant to the crime?" *Id*. An instruction stating that the suggestive identification was used against Plaintiff at his trial is "not enough" to make a due process violation. *Id*. at 556.

**SECOND CLAIM—PRETRIAL DETENTION WITHOUT PROBABLE CAUSE**

To succeed on claim for wrongful pretrial detention, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  The Defendant you are considering caused Plaintiff to be detained prior to his criminal trial.

2.  There was no probable cause for Plaintiff's detention.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 3

Source: *Manuel v. City of Joliet*, 137 S. Ct. 911, 918-20 (2017) (*"Manuel I"*) (holding pretrial detention without probable cause actionable under the Fourth Amendment); *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (*"Manuel II"*) (holding that a Fourth Amendment claim for illegal detention exists in "the absence of probable cause that would justify the detention," for example where "the police hoodwinked the judge by falsely [accusing the plaintiff of criminal conduct]").

Defendants' Objection: Defendants object as Plaintiff's instruction does not include a requirement that the Defendant "knew" they lacked probable cause to arrest Plaintiff. *See Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019) (stating "[Plaintiff] must demonstrate defendants knew they lacked probable cause to arrest him").

## INSTRUCTIONS APPLICABLE TO FOURTH CLAIM:
## PROOF OF AN AGREEMENT

Direct evidence of an agreement is not required. You may infer an agreement through circumstantial evidence. The Plaintiff does not have to prove that there was a formal agreement or plan in which all involved met together and worked out the details. The Plaintiff also does not have to prove that each participant knew all the details of the agreement or the identify of all the participants. It is enough if the Defendant understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do his part to further them.

Plaintiff's Proposed Jury Instruction No. 4

Source: *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are. It is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them."); *Hampton v. Hanrahan*, 600 F.2d 600, 620-21 (7th Cir. 1979) ("In order to prove the existence of a civil conspiracy, a plaintiff is not required to provide direct evidence of the agreement between the conspirators, circumstantial evidence may provide adequate proof of conspiracy … A plaintiff seeking redress need not prove that each participant in a conspiracy knew the exact limits of the illegal plan or the identity of all participants therein. An express agreement among all the conspirators is not a necessary element of a civil conspiracy. The participants in the conspiracy must share the general conspiratorial objective, but they need not know all the details of the plan designed to achieve the objective or possess the same motives for desiring the intended conspiratorial result."), *rev'd in part on other grounds*, 446 U.S. 754; *see also* Jury Instructions, *Rivera v. Guevara*, No. 1:12-cv-04428 (N.D. Ill.), ECF No. 671, at 24.

Defendants' Objection: Defendants object to this instruction as unnecessary. The jury will already be instructed on the differences between direct and circumstantial evidence and that the law makes no distinction between the weight to be given to either type of evidence.

## INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:
## DEFINITION OF "COMMENCED OR CONTINUED"

A defendant "commences or continues" a criminal proceeding if he plays a significant role in causing the criminal proceeding. A police officer plays a significant role in causing the criminal proceeding if he improperly exerts pressure or influence on the prosecutor, knowingly provides misinformation to the prosecutor, conceals exculpatory evidence, or otherwise engages in wrongful or bad-faith conduct that was instrumental in the commencement or continuation of the criminal prosecution.

In evaluating whether the Defendant you are considering played a significant role in causing the criminal proceeding to be commenced or continued against Plaintiff, you may consider whether they conducted a bad-faith and incomplete investigation designed to implicate Plaintiff regardless of the evidence, such as by immediately focusing on Plaintiff as the primary suspect, deliberately narrowing the scope of the investigation and opting not to pursue other avenues of investigation, discounting other suspects and plausible motives for the crime, or ignoring evidence that would have excluded Plaintiff as a suspect.

Plaintiff's Proposed Jury Instruction No. 5

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 84 (holding that if "an investigative team conducts a bad-faith and incomplete investigation—designed to implicate a particular individual regardless of the evidence—the prosecutor is effectively prevented from fully exercising that independent judgment"); *id.* ¶¶ 90-96 (holding that the "commence and continue" prong was supported by, among other things, evidence showing "that defendants engaged in a bad-faith investigation that immediately focused on him as the primary suspect, which deliberately limited the scope of the inquiry and disregarded or discounted other suspects and plausible motivations for the crime," and evidence that defendants "opted not to pursue other avenues of investigation"); *Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 73 (finding sufficient facts to establish that defendants played a significant role in causing the prosecution of plaintiffs where defendants fabricated witness statements and other evidence against plaintiffs and presented false evidence to the grand jury and the prosecutor for the purpose of causing plaintiffs to be prosecuted); *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988) ("[T]he jury could find that the defendants systematically concealed form the prosecutors, and misrepresented to them, facts highly material to—that is, facts, likely to influence—the decision whether to prosecute [the plaintiff] and whether (that decision having been made) to continue prosecuting him right up and into the trial.").
.

Defendants' Objection: Defendants object to the second paragraph of the "commences or continues" definition as unnecessary given the definition contained in the first paragraph. The non-exhaustive list of factors Plaintiff advocates for will cause juror confusion and improperly limit the jury's consideration of the evidence.

## INSTRUCTIONS APPLICABLE TO FIFTH CLAIM:
## DEFINITION OF "MALICE"

A person acts with "malice" in commencing or continuing a criminal prosecution if he acts for any reason other than to prosecute the actual perpetrator of the crime charged.

You may infer that a person acts with malice if there is an absence of probable cause and the circumstances are inconsistent with actions made in good faith. Intentionally or recklessly ignoring, shaping, interpreting, or creating evidence to support the Plaintiff's guilt is evidence of malice.

In evaluating whether the Defendant you are considering acted with "malice," you may also consider whether the Defendant decided to go forward carelessly or recklessly after having notice of a problem with the criminal proceedings against Plaintiff.


Plaintiff's Proposed Jury Instruction No. 6

Source: *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 141 ("Malice, as an element of malicious prosecution, has been defined as the initiation of a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the responsible party to justice. The element of malice may be inferred from a lack of probable cause when the circumstances are inconsistent with good faith by the prosecutorial team and lack of probable cause has been clearly proved.") (citations omitted); *id.* ¶ 142 ("The decision to go forward carelessly or recklessly within previously commenced proceedings, after receiving notice of a problem, may be inconsistent with good faith and show malice required to support a claim of malicious prosecution."), *id.* ¶ 149 (where "a rational juror could find that defendants intentionally ignored, shaped, interpreted, or created evidence to support their conclusion that [the plaintiff] was guilty," the plaintiff "has presented sufficient evidence to permit a reasonable inference that the detectives acted with the improper purpose to obtain a conviction regardless of the evidence," which satisfies the element of malice).

Defendants' Objection: Defendants object to the definition of "malice." The second sentence of Plaintiff's proposed definition omits that the lack of probable cause must be "clearly proved." *Beaman*, 2021 IL 125617 ¶ 141. Defendants object to the last two paragraphs of Plaintiff's definition of malice as unnecessarily limiting deliberations by providing a non-exhaustive list of examples of malice. Moreover, Defendants object to the last sentence as vague and confusing. It provides no direction as to what type of "problem with the criminal proceedings" may rise to the level of malice, it is unclear on what point in the process the jury should be considering when deciding whether Defendants "decided to go forward carelessly or recklessly" and is inconsistent with what *Beaman* provides. *Beaman*, 2021 IL 125617 ¶ 142 (stating "the decision to go forward carelessly or recklessly with previously commenced proceedings, after receiving notice of a problem, may … show malice….").

## INSTRUCTIONS APPLICABLE TO SEVENTH CLAIM:
## PROOF OF AN AGREEMENT

Direct evidence of an agreement is not required. You may infer an agreement through circumstantial evidence. The Plaintiff does not have to prove that the Defendant knew all the details of the conspiracy. It is enough if the Defendant understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do his part to further them.

Plaintiff's Proposed Jury Instruction No. 7

Source: *Fritz v. Johnston*, 209 Ill.2d 302, 317 (2004); *Fiala v. Bickford Sr. Living Grp., LLC*, 2015 IL App (2d) 150067, ¶¶ 61-74; *see also* authority supporting Plaintiff's Proposed Instruction No. 4, *supra*.

Defendants' Objection: Defendants object to this instruction as unnecessary. The jury will already be instructed on the differences between direct and circumstantial evidence and that the law makes no distinction between the weight to be given to either type of evidence.

## COMPENSATORY DAMAGES

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the actions of Defendants.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.

2. The loss of normal life that the Plaintiff has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Plaintiff's Proposed Jury Instruction No. 8

Source: Seventh Circuit Pattern Civil Jury Instruction 7.26 (modified).

Defendants' Objection: Defendants' proposed compensatory damages instruction is preferable as it contains the bracketed language in the pattern instruction regarding nominal damages.

4824-8097-9709, v. 2