IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 CV 0417 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Honorable Steven C. Seeger |
| | ) | |
| Defendants. | ) | |

**Supplemental Filing in Support of Defendant Officers' Motions in Limine Nos. 4 and 7**

Defendants James Oliver, Angelo Pesavento, the Estate of George Karl and Edward J. Siwek, Special Representative of the Estate of Edward Siwek, (collectively "Defendant Officers"), by and through their attorneys, supplement their Motions *in Limine* numbers 4 and 7 as follows:

**Motion in Limine #4**

In their Motion *in Limine* #4, Defendant Officers sought to exclude reference to certain evidence that was destroyed or allegedly withheld because it was not probative of the remaining issues in this case. This Court denied the motion based on the understanding that Defendant Officers were objecting to the sufficiency of the evidence, rather than its probative value. This Court did not address Defendant Officers argument that any reference to destroyed or withheld evidence would contradict Judge Shah's factual findings and conclusions of law.

Judge Shah found, based on the same evidence Plaintiff intends to introduce at trial, that Defendant Officers could not be held responsible for 1) the destruction of 911 tapes; 2) the destruction of Clifford's gun; 3) the disappearance of an investigative control card; or 3) the failure to disclose documents recovered in a search of Clayton's home.

First, Judge Shah found that the evidence submitted by Plaintiff did not demonstrate that Defendants were involved in destroying the 911 tapes or even knew they would be destroyed in the ordinary course after 30 days. Instead "the evidence shows only that the detectives sat idly by, [hence] there can be no reasonable inference of bad faith." Judge Shah's legal conclusion that Defendant Officers did not "act[] with intent sufficient to demonstrate that they are personally responsible for the failure to preserve the recording" remains the law of the case.

Judge Shah reached the same conclusion with regard the destruction of the weapon possessed by Clifford. *See* Dkt. 276 at 24. "As with the 911 recording, the lack of evidence that any of the defendants acted (or refrained from acting) intentionally to cause the gun's destruction also falls short of establishing bad faith." As to evidence seized in Clayton's home, the Court found any probative value was pure speculation. *Id*. at 28. ("Without evidence of what the seized documents were or whose names the officers took down, a jury cannot infer the evidence's value to Bolden. Bolden also argues that the fact that the officers took the key to a safe deposit box would bear on their credibility, but he misses several links between the seized key and a negative credibility inference.")

Without evidence that Defendant Officers acted with the intent to destroy evidence, its destruction is not probative of malice, and therefore has no relevance to Plaintiff's malicious prosecution claim. *Johnson v. Target Stores*, Inc., 341 Ill. App. 3d 56, 76 (2003) ("Malice is defined as 'the intent, without justification or excuse, to commit a wrongful act.'") Plaintiff has provided no additional evidence which could affect the probative value of destroyed or missing evidence at trial.

> [A] fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive. . . . "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the

2

expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."

*Arizona v. California*, 460 U.S. 605, 619 (1983) (quoting *Montana v. United States* at 153-154) (internal citations omitted); *accord Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999) ("ruling granting partial summary judgment in favor of [plaintiff] was the law of the case" at the time of trial). Judge Shah's summary judgment findings are conclusive: Defendant Officers lacked intent to destroy evidence. That same lack of intent negates any probative value of this evidence in showing malice. Hence, this Court should bar any evidence of 1) the destruction of 911 tapes; 2) the destruction of Clifford's gun; 3) the disappearance of an investigative control card; or 3) the failure to disclose documents recovered in in the search of Clayton's home.

### Motion in Limine #7

In Motion *in Limine* number #7, Defendant Officers sought to bar evidence related to the investigations of double homicide and the separate investigation into the victim's drug activity. As to the homicide investigation, this Court granted the motion as it pertains to the issue of probable cause and denied it to the extent the failure to follow leads may be probative Defendant Officers intent. The Court did not address, however, Defendant Officers motion to bar any criticism of the narcotics investigation.

This portion of the motion addressed allegations that Oliver and other officers engaged in misconduct toward Cynthia Steward and Clifford Frazier while investigating the victim's drug activity. Specifically, Plaintiff should be barred from introducing evidence that Oliver asked Clifford Frazier to help him access a safe deposit box to recover cash; that Oliver told Clifford he would "Fuck him up" for telling other officers about Oliver's request; that officers did not seize $100,000 in drug money allegedly stored at decedents mother's house; that officers were

searching for bank records and the location of a safe deposit box; that Oliver threatened to take Steward's kids away if she didn't cooperate; that Oliver was being investigated by the Internal Affairs Division (IAD); and that an IAD officer asked Clifford to participate in a sting operation against Oliver.

None of this evidence is relevant to the homicide investigation, or any remaining claims against Defendant Officers. The conduct at issue was directed at Ms. Steward and Clifford, and Plaintiff has not shown how it is relevant to his arrest and prosecution. This is nothing more than improper propensity evidence, and an attack on Oliver's character, inadmissible pursuant to Federal Rules of Evidence 404(b) and 608.

Respectfully submitted,

/s/ *Brian J. Stefanich*
Special Assistant Corporation Counsel

*Attorneys for Defendant Officers*

Andrew M. Hale
Barrett Boudreaux
William Bazarek
Amy A. Hijjawi
Brian J. Stefanich
Hale & Monico, LLC
53 W. Jackson, Suite 337
Chicago, IL 60604

## **CERTIFICATE OF SERVICE**

    I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

                                                            */s/* Brian J. Stefanich