UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-417 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| ANGELO PESAVENTO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion for Protective Order Finding James Oliver Unavailable to Testify and to Designate his Deposition (Dckt. No. 476) is hereby denied. The gist of the motion is that Defendant James Oliver, a former officer with the Chicago Police Department, is not physically capable of coming to trial. He is 77 years old, and resides in Arkansas.

The motion comes with a bit of a backstory. The Court first heard something about Oliver's health when the parties filed a Joint Statement Regarding Trial on August 14, 2020. *See* Dckt. No. 399. Defendants reported that Oliver had "serious underlying health conditions," without more, and that he would be at risk if exposed to COVID-19. *Id.* at 3.

Plaintiff responded by filing a motion for information about Oliver's health condition. *See* Dckt. No. 401. At that point, Oliver hadn't shared any specifics about his health condition with Plaintiff. So Plaintiff wanted to know whether Oliver's health was seriously at risk, so that Plaintiff's counsel could evaluate the need to take a video deposition to preserve testimony.

This Court granted that motion in part. *See* 11/24/20 Order (Dckt. No. 410). The Court ordered Oliver to submit his medical records for an *in camera* inspection. The Court later

received and reviewed Oliver's medical records. *See* 9/28/20 Letter & Medical Records (Dckt. No. 407); 10/7/20 Letter & Medical Records (Dckt. No. 408).

After reviewing the records, the Court determined that Oliver's medical condition was not sufficiently serious to justify another deposition. *Id.* But this Court also directed Defendants to "promptly inform Plaintiff's counsel and the Court if [Oliver's] health situation changes in a material way." *Id.* The Court also directed defense counsel to provide periodic reports to Plaintiff's counsel about Oliver's health. *Id.*

This Court repeated that admonition a few months later. On March 5, 2021, this Court directed defense counsel to "keep the Court and Plaintiffs' counsel apprised of any material changes in the health of any of the Defendants." *See* 3/5/21 Order (Dckt. No. 417).

The Court ordered the free flow of information as a safety valve, of sorts. The Court recognized the importance of Oliver's testimony at trial, so the Court required Oliver and defense counsel to keep Plaintiff's counsel in the loop. Part of the concern was the need to preserve testimony, in case Oliver took a turn for the worse. And part of the concern was the need to avoid last-minute surprises.

In the months that followed, this Court received no updates about the status of Oliver's health. Oliver last submitted his medical records on October 7, 2020, meaning one full year ago. Since then, this Court has not received anything suggesting that his health has deteriorated. And the Court has not received any indication that Oliver might not be available for trial.

Meanwhile, the pandemic has long delayed the start of this trial. But the parties – including Defendant Oliver – have known about the trial date for half a year. On April 9, 2021, this Court issued an Order confirming that trial would take place during the week of October 4, 2021. *See* 4/9/21 Order (Dckt. No. 428). On September 21, 2021, this Court learned from the

Clerk's Office that trial would begin on October 7, 2021, and this Court notified the parties immediately. *See* 9/21/21 Order (Dckt. No. 462). So, the parties have known for six months that trial would begin sometime this week, and have known about the exact trial date for two weeks.

This Court presided over a final pretrial conference on September 22, 2021. During that hearing, defense counsel reported that Oliver had been hospitalized, and that his condition was unknown. Defense counsel explained that he had just learned about the hospitalization moments before the hearing. This Court directed defense counsel to gather information and keep the Court and Plaintiff's counsel informed.

On October 4, 2021, this Court presided over the second session of the final pretrial conference, to finalize preparations for the trial scheduled for October 7, 2021. During that hearing, Plaintiff's counsel (not defense counsel) made an oblique reference to "earth-shattering news." Apparently, on October 1, 2021 – meaning less than a week before trial – defense counsel notified Plaintiff's counsel that Oliver could not attend trial because of his deteriorating health. As the Court noted at the time, "Well, that's news to me."

Plaintiff's counsel offered an explanation. Apparently, on October 1, 2021, Oliver and his doctor – a general practitioner – got on the phone with defense counsel and reported that "there's no way he can attend this trial based on his medical condition." Defense counsel, in turn, notified Plaintiff's counsel shortly after that phone call that Oliver couldn't come.

During the back and forth at the hearing, Plaintiff's counsel explained that he plans to call Oliver during his case in chief. And defense counsel added that they want him to appear for live testimony, too.

In the meantime, the doctor is out of the office until tomorrow, meaning October 6, 2021. That's the day before trial.

After learning the news on October 4, this Court directed defense counsel to file an update by the close of business on October 5. This Court also noted that Oliver is currently under subpoena, and that there is no pending motion to quash for medical reasons.

This evening, Defendants filed the Motion for Protective Order Finding James Oliver Unavailable to Testify and to Designate his Deposition. *See* Dckt. No. 476. Defendants seek a declaration that Oliver is unavailable to testify in court, and ask this Court to permit the admission of his deposition testimony under Rule 804 of the Federal Rules of Evidence.

The motion is under seal because it contains specifics about Oliver's medical condition (so the Court will keep it at a high level of generality). But the thrust of the motion is that Oliver is not physically able to come to trial. "Because of serious health issues that have arisen in the last two weeks, including hospitalization during September 2021, Oliver will be putting his health at grave risk if he is forced to travel to Chicago to participate in this trial or to testify remotely." *Id.* at 1.

According to the motion, "Oliver is severely and chronically ill and cannot travel without great risk to his health." *Id.* The motion added that Oliver's health has "deteriorated significantly" since his deposition in December 2017. *Id.* at 2. "Oliver now suffers from multiple chronic medical conditions which severely impact his mobility and other activities of daily living." *Id.*

The Court is not swayed by the almost-twelfth-hour revelations about Oliver's medical condition. One year ago, this Court directed Oliver and defense counsel to keep Plaintiff's counsel in the loop if Oliver's medical condition deteriorated. This Court wanted to avoid last-minute surprises, if at all possible.

The motion is a last-minute surprise. But the medical conditions are not.

4

The motion describes an assortment of medical conditions that Oliver currently has. But none of those conditions are new, and came out of nowhere. They did not develop overnight. In fact, it appears that Oliver has had those conditions for quite some time. If there was a real risk that Oliver could not testify at trial, based on the medical conditions at issue, then Oliver could have and should have let this Court and Plaintiff's counsel know, long before now.

Waiting until to the last minute to announce unavailability for trial does not inspire confidence. And it is severely disruptive to this Court, and prejudicial to Plaintiff, to reveal unavailability on the eve of opening statements. Based on the motion, there was no justification for a last-minute bombshell about trial unavailability.

It is true the Oliver was recently hospitalized – in September – for two or three days. And the Court acknowledges that it is possible that his medical condition has deteriorated markedly in the past few days. But the motion suggests otherwise. Oliver appears to be suffering from long-term medical issues, none of which appear to have snuck up on anybody. If he suffers from "multiple chronic medical conditions" that prevent him from testifying in person, then Oliver should have let this Court know long ago. *Id.* at 2.

The motion also does not offer very much information about the recent hospitalization. Defendants offer no supporting medical records, either. If a hospitalization in September prevented him from testifying, then Defendants should have let this Court know and submitted medical records right away. But as things stand, this Court has nothing.

This Court fully appreciates the inconvenience of in-court testimony. And the Court acknowledges the risks that COVID-19 poses to the elderly. But the Court has all sorts of protections in place to ensure that trial will be a safe environment for live testimony.

Defendants argue that cross examination would be "exhausting" and "cause significant physical discomfort." *Id.* at 3. Rest assured – this Court will be vigilant and look out for the health and well-being of all witnesses, including Oliver. The Court is well positioned to manage the trial, and take breaks as necessary. The Court will sit only a few feet away, and will have a good view of how each witness is doing.

Based on the information before the Court, the motion is denied. The Court expects Oliver to testify in person, and directs the parties to prepare accordingly.

Date: October 5, 2021

Steven C. Seeger
United States District Judge