**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| ANGELO PESAVENTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT ANGELO PESAVENTO
FROM TESTIFYING REGARDING THE ALLEGED FBI INFORMANT TIP**

Plaintiff Eddie L. Bolden respectfully moves this Court to preclude Defendant Angelo Pesavento from testifying regarding the alleged FBI informant tip, pursuant to this Court's invitation at the October 6, 2021 Pre-trial Hearing regarding a written submission on this issue.

**BACKGROUND**

As Plaintiff has previously detailed for the Court (*see, e.g.*, Dkt. 297 at 2-3), since Mr. Bolden's criminal trial in 1994, both the investigating officers and the Cook County State's Attorney's Office have been clear that their case against Mr. Bolden relied almost exclusively on the testimony of eyewitness Clifford Frazier. Defendant Angelo Pesavento, one of the lead detectives for the investigation, the state prosecutor at Mr. Bolden's criminal trial, and Mr. Bolden's criminal defense attorney have all testified under oath that no other witnesses and no physical evidence linked Mr. Bolden to the crimes. Their testimony is corroborated by the Chicago Police Department's Investigative File, which contains no indication that any additional witnesses provided information incriminating Mr. Bolden, as well as by the State's failure to produce—in response to written requests seeking discovery regarding any informants in this matter—any relevant material whatsoever. *See* Dkt. 297 at 2.

Despite this well-documented history showing that Clifford Frazier was the only witness with incriminating information, Defendant James Oliver testified during his deposition in this case "that he might have received an informant tip in 1994 that 'Lanier' (i.e., Lynier, Bolden's middle name and nickname) was responsible for the shootings." Dkt. 467 at 7. More specifically, Oliver testified to the game of telephone that purportedly yielded this tip. *See* Oliver Dep. Tr. at 74:6-76:11, 96:20-98:5, attached hereto as Ex. 1. According to Oliver, the tip regarding "Lanier" came from (1) Mitch McCullough, a Chicago Police Department officer detailed to the FBI during the relevant time period, who, in turn, obtained the information from (2) an unidentified FBI special agent who, in turn, obtained the information from (3) a a confidential informant whose identity and basis for the information is completely unknown. *See id.*

Defendants nonetheless stated at the October 6, 2021 Pre-Trial Hearing—the literal eve of trial—that they intend to offer as evidence of probable cause testimony *from Pesavento* that Oliver shared that anonymous tip with him, and that Pesavento relied upon the tip in deciding to arrest Mr. Bolden. (It is likely this last-minute revelation is connected to Oliver's potential absence from court.) Defendants rely on the "In Custody Report" documenting Mr. Bolden's arrest on February 27, 1994. *See* Joint Trial Ex. 13 at EB0000443, attached hereto as Ex. 2. That report, contains an introductory and summary paragraph stating: "In conjunction with Gang Crimes Specialists Oliver and Anderson, the reporting detectives learned that the possible offender was a person by the name of Eddie Lynier Bolden." It does ***not*** say anything about an FBI tip, and it does ***not*** say anything about the origin of that information.

Moreover, contrary to defense counsel's assertions at today's hearing, Pesavento testified about what information he actually received from Gang Crimes Specialists. *See* Pesavento Dep. Tr. at 78:13-80:24, attached hereto as Ex. 3. Pesavento knew from witnesses that "Lynier" talked

2

with Anthony Williams at J&J Fish shortly before the murders. Then Oliver and Anderson helped him learn that Lynier was Eddie Bolden, and nothing more:

> Q.   Now, after receiving this information about Lynier, you then worked with gang crime specialist James Oliver and someone with initial T. Anderson to determine the identity of the person who went by the name Lynier, true?
>
> A.   Yes.
>
> Q.   And that was your basis for including Mr. Bolden in the lineup?
>
> A.   Yes.
>
> Q.   Are there any other reasons you included Mr. Bolden in the lineup that we've not already discussed?
>
> A.   Not that I can think of right now.

*Id.* One would expect that if Oliver and Anderson had told Pesavento that someone at the FBI had information that Eddie Bolden was the murderer, that would have been top of mind. Nowhere in his entire deposition, including when he is asked specifically and repeatedly about his basis for probably cause, does Pesavento mention an FBI tip.

## ARGUMENT

This Court should prohibit any such testimony from Defendant Pesavento as irrelevant and unduly prejudicial. The Supreme Court and the Seventh Circuit have repeatedly held that anonymous tips are simply not reliable enough to establish reasonable suspicion—let alone probable cause. Such tips "'seldom demonstrate[] the informant's basis of knowledge or veracity.'" *See Florida v. J.L.*, 529 U.S. 266, 270 (2000) (quoting *Alabama v. White*, 496 U.S. 325, 329 (1990)). For an anonymous tip to be sufficiently reliable to create reasonable suspicion, courts require three factors: the tipster (1) asserts eyewitness knowledge of the reported event; (2) reports contemporaneously with the event; and (3) uses the 911 emergency system, which permits call tracing. *United States v. Watson*, 900 F.3d 892, 895 (7th Cir. 2018) (citing *Navarette v. California*,

134 S. Ct. 1683, 1689-90 (2014)). See also *United States v. Adair*, 925 F.3d 931, 936 (7th Cir. 2019) ("[The Court has] little difficulty concluding that … a 'bare report of an unknown, unaccountable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information" did not provide reasonable suspicion for a Terry stop).

None of these three aforementioned factors are present here. Defendants have not even offered any inkling of the tipster's true identity, let alone suggested that the anonymous tipster reported, through the traceable 911 system, contemporaneous and personal knowledge of the shootings. As a result, even if Pesavento had received the tip from Oliver, that information would be irrelevant to his state of mind. Under binding precedent, a wholly anonymous, wholly uncorroborated, wholly unsupported tip cannot support probable cause.

Even if the anonymous tip was relevant to Detective Pesavento's state of mind, this Court should still preclude it under Federal Rule of Evidence 403 because the danger of unfair prejudice substantially outweighs any probative value. As Plaintiff has previously asserted (*see, e.g.*, Dkt. 297 at 3-5), it is well-recognized that informant tips can be unfairly prejudicial. *See United States v. Lovelace*, 123 F. 3d 650, 653 (7th Cir. 1997) ("The worry with a tip containing a specific charge of criminality is that it has great potential to be credited by the jury."). The tip that "Lanier" did the shootings is particularly prejudicial here because Mr. Bolden has no ability at this point to identify or challenge the informant or the veracity of Oliver's statement that he received such a tip. Yesterday evening (October 5, 2021), Defendants asked the Court to excuse Oliver from testifying altogether, representing that Oliver is "unavailable to testify" and that he "will be putting his health at grave risk if he is forced to travel to Chicago to participate in this trial or testify remotely." Dkt. 476 at 1. And at today's hearing, Defendants represented to this Court that Oliver's doctor has advised him that being under oath and subject to cross-examination would be too

stressful for him, and that Oliver intends to follow his doctor's advice even if it means defying his subpoena and this Court's orders. Given the increasing likelihood that Mr. Bolden will be deprived of the opportunity to question Oliver about it, the tip should not be admitted.

In addition, the State never disclosed anything about an FBI informant to Mr. Bolden before or during his criminal trial, despite Mr. Bolden's attorney specifically requesting such information in his written discovery. In other words, not only was Mr. Bolden uninformed about the identity of the informant, what the informant said, and the basis for the informant's statement, but he also was not even told that the investigation relied in any way on informant information. He was completely prevented from investigating this issue. Now, for the first time 25 years later, Defendants seek to tell the jury that Oliver actually had a second witness who linked the shootings to Mr. Bolden. It is hard to imagine how this evidence could be more unfairly prejudicial. *See United States v. Evans*, 2010 WL 2104171, at *7 (N.D. Ill. May 25, 2010) (excluding informant statements offered for effect on the listener under Rule 403, even with a limiting instruction, and noting the statements were particularly prejudicial without the ability to challenge the informant or even know who that person was).

Another reason the alleged tip is particularly prejudicial is that Mr. Bolden's criminal case and the Defendants' decision to arrest him relied, until this point, solely upon the testimony of one eyewitness with serious credibility issues. Adding this second purported witness doubles the Defendants' evidence and gives them something to point to as a basis for probable cause other than the incredible testimony of Clifford Frazier. *See Lovelace*, 122 F.3d at 653 (noting that tips are less prejudicial when they are corroborated by uncontested evidence). By seeking to admit this informant evidence, Defendants ask this Court to set a dangerous precedent in wrongful conviction cases—that the arresting officers' defense could be bolstered by unsupported "informant"

information, disclosed for the first time decades after the events in question. *See United States v. Silva*, 380 F.3d 1018, 1020 (7th Cir. 2004) (recognizing that confidential informant statements create a potential for abuse). This irrelevant and unfairly prejudicial evidence should be precluded.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to preclude Defendant Angelo Pesavento from testifying at trial that an anonymous FBI tip contributed to his probable cause determination.

Dated: October 6, 2021

Respectfully Submitted,

/s/ Ronald S. Safer
Ronald S. Safer
Matthew Crowl
Eli J. Litoff
Valerie Brummel
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
elitoff@rshc-law.com
vbrummel@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue
6th Floor
New York, New York 10016
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Plaintiff Eddie L. Bolden*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ Valerie Brummel
Valerie Brummel