**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| ANGELO PESAVENTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL FILING**
**IN SUPPORT OF THEIR MOTION IN LIMINE NO. 4**

Plaintiff Eddie L. Bolden respectfully submits this Response to Defendants' supplemental filing in support of their motion *in limine* No. 4, pursuant to this Court's invitation at the October 6, 2021 Pre-trial Hearing regarding a written submission on this issue.

Defendants filed yet another supplement on the eve of trial, seeking to re-litigate motions that this Court has already ruled upon, without presenting the Court with any new information or changed circumstances. *See* Dkt. 479. The Court has already denied Defendant's Motion *in Limine* No. 4 in full, recognizing "[t]he fact that the evidence in question was not sufficient for a due process claim does not mean that it is inadmissible to prove the remaining claims." Dkt. 467 at 22 (emphasis in original). Defendants are taking another bite at the apple with respect to a few pieces of evidence, but two are critical to Plaintiff's case and must be addressed in opening statements: the 911 call and Clifford Frazier's .40 caliber gun. Plaintiff stands on his prior extensive briefing on these issues and addresses the two main pieces of evidence only briefly below.

**I.     Plaintiff Should be Permitted to Introduce Evidence that Defendants Failed to Preserve the 911 Recording.**

Defendants apparently seek to preclude Plaintiff from arguing that Defendants were involved in the destruction of the 911 recordings. Plaintiff has been very clear that he will not do

so. Therefore, it appears there is no dispute and it is unclear why this issue is being raised yet again. To the extent Defendants seek to exclude evidence regarding the 911 recordings or their destruction altogether, that argument must be rejected (again).

Judge Shah held that Plaintiff failed to establish a due process claim for the destruction of the 911 tapes because he did not prove that Defendants actually *destroyed* the tapes in bad faith. *See* Dkt. 276 at 23. "[T]hat the detectives sat idly by" while the tapes were destroyed, in the Court's view, was insufficient to establish the due process violation. *Id.*

But Judge Shah's ruling that the evidence did not support a due process violation for *destruction* of the 911 recording has no bearing on Defendants' failure to even *review* the recording. This failure is highly probative of Defendants' bad faith and malice. Multiple witnesses have testified (and will testify at trial) that Pesavento and Karl were told that Mr. Bolden was the individual who called 911 from inside J&J Fish, and thus could not have been the shooter. Indeed, Judge Shah recognized that "the evidence suggests both detectives [Karl and Pesavento]" knew of the 911 recordings' exculpatory value, and yet that "sat idly by" instead of reviewing the tapes. *Id.* at 22-23. Plaintiff's police practices expert, Dr. William Gaut, will testify that this conduct deviated from generally accepted police practices:

> Standard practice in any homicide investigation is to review a 911 recording and dispatch records if they exist—in fact, it is one of the first things a detective should do. These records are important because they identify a potential witness to the crime. There is no reasonable explanation for the defendants ignoring these records in this case.

*See* Expert Report of William T. Gaut at 22, attached hereto as Ex. 1. The evidence will also show that the failure to *review* the 911 calls violated Chicago Police Department policy, namely the Detective Division Standard Operating Procedures. The relevance of Defendants' severe and persistent departures from professional standards (and from CPD policies and procedures) has been addressed *ad nauseum* and need not be repeated again here.

2

The only reason that the ***destruction*** of the 911 recording is relevant is to answer the jury's obvious questions: If Mr. Bolden called 911, what did the recording say? Why didn't they play it at his criminal trial? Why can't we listen to it now? That the call was destroyed in the ordinary course of business shortly after Plaintiff's arrest helps fill this gaping void. *See Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012) ("[O]ne measure of relevance is whether its exclusion would leave a chronological and conceptual void in the story.").

## II. Plaintiff Should be Permitted to Introduce Evidence that Defendants Failed to Investigate Clifford Frazier's .40 Caliber Handgun.

Defendants similarly miss the point regarding Clifford Frazier's .40 caliber gun. Plaintiff does not intend to argue at trial that Defendants were personally responsible for the destruction or the failure to preserve Clifford Frazier's .40 caliber gun. Once again, there would seem to be no dispute. Indeed, ***Defendants*** have designated stipulated testimony from Plaintiff's criminal trial, in which the State stipulated Maurice Willis's testimony about the facts surrounding the destruction of the gun. *See* Dkt. 472-3 at 47 (Defendants' Designation of Maurice Willis's Trial Testimony Stipulation); Dkt. 454-23 (Transcript of Maurice Willis's Trial Testimony Stipulation).

Yet Defendants have objected to Plaintiff introducing the inventory report related to the gun. *See* Plaintiff's Trial Exhibit 50, attached hereto as Ex. 2.[1] At this morning's hearing, Defendants asked the Court to prevent Plaintiff from using the inventory report in his opening statement. Defendants' argument is that "this was not within the detectives' knowledge at all, and they had nothing to do with recovering this gun, inventorying it, or the destruction of it."

First, the report will be in evidence. The parties have agreed that police reports can come into evidence. This is a police report. The author of this report, Officer Willis has testified that he

---

[1] This objection is particularly puzzling given the Parties' agreement that CPD police reports may be admitted into evidence.

wrote the report. His testimony will be read into the record through deposition testimony. The inventory of the gun that defendants' star witness held at the scene that night is clearly relevant. That ends the inquiry as to whether this exhibit is eligible to be used in Opening Statement.

The dispute about whether Pesavento knew about this inventory report is irrelevant to whether that exhibit can be used in Opening. Once again, Pesavento's knowledge of the report itself is not the point. It is not disputed that Defendants Pesavento and Karl were well-aware that Clifford Frazier's gun was recovered from inside J&J Fish. In their Progress Report, they reported Frazier "related that he then went into J&J Fish and the people in there told him to drop the gun. He related that he did so and a M/B with a dark complexion kicked the gun under the table." *See* Plaintiff's Trial Exhibit 86 at EB0001448, attached hereto as Exhibit 3. Pesavento and Karl then reported that after receiving the information from Clifford Frazier, third district CPD officers "entered J&J Fisheries ***and recovered a .40 cal pistol left at this location by Clifford Frazier*** after he engaged in a running gunfight with an armed assailant as described in his statement. *Id.* at EB0001449 (emphasis added). Pesavento and Karl certainly knew that, pursuant to CPD procedures, an inventory report was created following that recovery. That Pesavento may deny seeing the inventory report itself—a dubious position that will be vigorously tested on cross-examination—is irrelevant. Pesavento and Karl knew the gun existed. They knew it was inventoried. Any officer who was trying to bring the true perpetrator to justice, that is acting without malice, would have looked for the existence of the report. The report shows what an officer acting in good faith would have found. That is highly relevant.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to reject Defendants' request that the Court reconsider its ruling on Defendants' Motion *in Limine* No. 4.

4

Dated: October 6, 2021

Respectfully Submitted,

/s/ Ronald S. Safer

Ronald S. Safer
Matthew Crowl
Eli J. Litoff
Valerie Brummel
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
elitoff@rshc-law.com
vbrummel@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue
6th Floor
New York, New York 10016
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Plaintiff Eddie L. Bolden*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 6, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

<u>*/s/ Valerie Brummel*               </u>
Valerie Brummel