IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| ANGELO PESAVENTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL STATEMENT
REGARDING HIS CERTIFICATE OF INNOCENCE**

Plaintiff Eddie L. Bolden respectfully submits this Supplemental Statement Regarding His Certificate of Innocence in response to certain statements made by defense counsel at the October 6, 2021 Pre-trial Hearing.

Having had their Motion *in Limine* No. 8 to bar reference to Plaintiff Eddie Bolden's Certificate of Innocence denied, Defendants now seek to minimize and mischaracterize to the jury the import of Plaintiff's Certificate of Innocence by arguing in opening statements (and presumably throughout trial) that a Certificate of Innocence is merely a "procedural remedy by which an individual that was let out of prison can get money from the state." In particular, defense counsel represented that she intends to represent to the jury that Certificate of Innocence is a vehicle to get this procedural remedy, not a referendum on a person's innocence. This is a barefaced distortion of the law and should not be permitted.

The Illinois statute that sets forth the authority and process for issuance of a Certificate of Innocence explicitly requires that a Certificate of Innocence only be issued upon a determination made upon a preponderance of the evidence that the petitioner, among other factors, is innocent of the offenses charged. *See* 735 ILCS 5/2-702(g)(3). Contrary to defense counsel's proposed

characterization, a Certificate of Innocence hearing *is* a substantive proceeding that results in a finding of the petitioner's innocence. The evidentiary hearings required for a court to make a determination on a petition under 735 ILCS 5/2-702 can involve days or even weeks of testimony, although in the context of an unopposed application like Mr. Bolden's, the hearing may be shorter but nevertheless requires a compelling prima facie showing that the petitioner has satisfied the four statutory factors entitling him or her to relief. *See* 735 ILCS 5/2-702(g); *see also People v. Hood*, 2021 IL App. (1st) 162964, at *6 (March 22, 2021) (finding that although "the proceedings are adversarial in nature . . . the petitioner need only establish a prima facie case for relief [where] there is no contrary evidence to rebut [a] well-pleaded petition.").

Accordingly, courts in this district that have considered the relevance of Certificates of Innocence issued under 735 ILCS 5/2-702 in the context of wrongful conviction suits have regularly held that Certificates of Innocence hearings are substantive proceedings and are later probative of whether prior criminal proceedings terminated in the recipient's favor.[1] *See, e.g.*, *Patterson v. Dorrough*, 2012 WL 5381328, at *5 (N.D. Ill. Oct. 31, 2012) (denying summary judgment on malicious prosecution claim because plaintiff's subsequent receipt of a certificate of innocence supported an inference that the proceedings terminated in his favor); *Logan v. Burge*, No. 09-cv-05471, ECF No. 423 at 1 (N.D. Ill. Oct. 19, 2012) ("The certificate [of innocence] is relevant at least to the 'indicative of innocence' element of plaintiff's malicious prosecution claim."). In *Walker v. White*, for example, Judge Shah held that a Certificate of Innocence bears

---

[1] That 735 ILCS 5/2-702(j) provides that "[t]he decision to grant or deny a certificate of innocence shall be binding only with respect to claims filed in the Court of Claims" and "shall not have a *res judicata* effect on any other proceedings" does not signify that a Certificate of Innocence is purely administrative or only relates to the collection of compensation from the state. 735 ILCS 5/2-702(j).

2

directly on the issue of whether a malicious prosecution plaintiff's criminal proceedings were "terminated in his favor":

> Walker's Certificate of Innocence is not irrelevant—to obtain it, he had to prove his innocence by a preponderance of the evidence. Illinois courts have held that the statute requires a finding of actual innocence, as opposed to a finding of not guilty or insufficient evidence. … The statute also provides, however, that "[t]he decision to grant or deny a certificate of innocence … shall not have a *res judicata* effect on any other proceedings." 735 ILCS 5/2-702(j). … [T]he defendants argue that § 2-702(j) makes Walker's Certificate of Innocence irrelevant to his malicious prosecution claim. But the statute only states that the certificate does not have a *res judicata* effect on any other proceedings—it does not bar its evidentiary use or relevance in later proceedings.

*Walker v. White*, No. 16 CV 7024, 2017 WL 2653078, at *5 (N.D. Ill. June 20, 2017).

Indeed, in denying Defendants' Motion *in Limine* No. 9, this Court has also already acknowledged the substantive nature of the COI proceedings and the relevance of the findings from such proceedings here:

> Under the statute, one of the requirements for the issuance of a certificate of innocence is a finding, by a preponderance of the evidence, that the "petitioner is innocent of the offense charge." *See* 735 ILCS 5/2-702(g); *see also Harris v. City of Chicago*, 2018 WL 2183992, at *3 (N.D. Ill. 2018) ("Plaintiff's certificate is relevant and admissible to demonstrate that Plaintiff's underlying criminal proceedings were terminated in her favor in relation to her malicious prosecution claim . . . .") (St. Eve, J.).

Dkt. 467 at 26.

Notwithstanding the clear weight of authority recognizing the substantive nature and probative value of a Certificate of Innocence, Defendants seize upon language in 735 ILCS 5/2-702(a) providing that issuance of a Certificate of Innocence under Illinois law allows the recipient to seek statutory compensation in the state's Court of Claims. But eligibility for monetary compensation from the state of Illinois is not the sole, or even primary, purpose of a Certificate of Innocence. As set forth clearly in 735 ILCS 5/2-702, issuance of a COI triggers the expungement of the petitioner's arrest and court records relating to the case at issue. *See* 735 ILCS 5/2-702(h).

Perhaps more importantly, and as set forth in the statute's introductory paragraph, the Certificate of Innocence process aims to rectify the "misleading . . . current legal nomenclature which compels an innocent person to seek a pardon for being wrongfully incarcerated," 735 ILCS 5/2-702(a), meaning it provides a small measure of conceptual justice to a person who was wrongfully convicted, even though actually innocent.

Defense counsel cannot be permitted to mischaracterize the law and statutory process by which a Certificate of Innocence is granted under Illinois law. Claiming that it is an administrative process to collect money with no relevance to actual innocence distorts the statute's language and does violence to the spirit of the statute. Defendants' false and highly prejudicial proposed arguments and testimony should be precluded.[2]

## **CONCLUSION**

For the foregoing reasons, Plaintiff Eddie L. Bolden respectfully asks this Court to preclude Defendants from referencing or alluding to his receipt of statutory payments as a result of his Certificate of Innocence.

Dated: October 6, 2021

Respectfully Submitted,

/s/ Ronald S. Safer
Ronald S. Safer
Matthew Crowl
Eli J. Litoff
Valerie Brummel
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700

---

[2] At the October 6, 2021 Pre-trial Hearing, defense counsel argued the challenged argument should be allowed in opening statements based on their proffer that an Assistant State's Attorney (presumably Linda Walls, who appears on Defendants' trial witness list) will testify that a Certificate of Innocence proceeding is a vehicle to get a procedural remedy. Such testimony would constitute either an improper misstatement of the law, or improper opinion testimony under Federal Rules of Evidence 701 and 702. In either event, it too should be precluded.

4

rsafer@rshc-law.com  
mcrowl@rshc-law.com  
elitoff@rshc-law.com  
vbrummel@rshc-law.com  

Sandra L. Musumeci (*pro hac vice*)  
RILEY SAFER HOLMES & CANCILA LLP  
136 Madison Avenue  
6th Floor  
New York, New York 10016  
(212) 660-1000  
smusumeci@rshc-law.com  

*Attorneys for Plaintiff Eddie L. Bolden*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valerie Brummel*
Valerie Brummel