**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT OFFICERS' RESPONSE TO PLAINTIFF'S MOTION TO PRECLUDE
DEFENDANT ANGELO PESAVENTO FROM TESTIFYING REGARDING THE
ALLEGED FBI INFORMANT TIP**

Defendants James Oliver, Angelo Pesavento, Edward J. Siwek as Special Representative for the Estate of Edward Siwek and the Estate of George Karl ("Defendant Officers"), through their undersigned attorneys, respectfully submit this response to Plaintiff's Motion To Preclude Defendant Angelo Pesavento From Testifying Regarding The Alleged FBI Informant Tip.

**Background**

Contrary to Bolden's claims, plenty of witnesses provided incriminating evidence against him. For example, both Tenesha Gatson, Anthony ("Ant") Williams' god sister, and Ant himself told the detectives that a man they only knew as "Lanier" was in Ant's beeper store and in J&J Fish with Ant on the night of the murders. (See Exhibit A at 6; Ex. B at 1.) Significantly, both of these witnesses feigned little knowledge about this man other than his name. (*Id.*) Ant also told the detectives that while he and "Lanier" were in J&J Fish, Derrick Frazier and Irving Clayton came in and he spoke with them for about 15 minutes. (Ex. B, 2.)

Over the next day or two, gang specialist Oliver learned that the FBI had received a tip that Bolden was the shooter that night. (Ex C, 74:21-75:12; 76:6-11; 96:20-97:9.) As Oliver testified,

he passed this information along to the detectives investigating the double homicide. (*Id.* at 97:10-98:5.) Significantly, Oliver testified to the FBI tip *before* Bolden produced the FBI documents. Likewise, Pesavento was deposed before Bolden produced the FBI documents and he testified that the detectives relied on information provided by gang specialists in determining probable cause, including determining that "Lanier" was Eddie Lynier Bolden. (Ex D, 24:22-25:12, 80:9-17; Ex. E, 2.) Pesavento also testified that he thought an additional witness had identified Bolden. (Ex. D, 80:4-5.)

The detectives also learned that an address associated with Bolden was to an apartment located above J&J Fish in a building owned by Ant's parents. Armed with the information from Oliver, the detectives did a background check and pulled Bolden's mugshot from the Boyd murder. The detectives then interviewed Ant's father, James Williams, and showed him the picture of Bolden. James confirmed that the man in the picture lived above the J&J Fish. (Ex. E, 2.)

Twelve days later, on February 18, 1994, the detective received a report that ballistics testing had determined that the bullets used to murder Derrick and Irving were fired from the same gun as the bullets that were shot at Clifford Frazier. (Ex. D, 26:16-24; Ex. E, 2-3.)

All of the above corroborated Clifford's statements to police that Derrick and Irving met with Ant in J&J Fish, that: a man exited the beeper store and entered J&J Fish; the same man got into the backseat of Derrick's car and left with Derrick and Irving; that same man came back and attempted to kill him; and "Lanier" was with Ant before the murders. And that corroboration made Clifford a credible witness whose eyewitness identification provided the detectives with probable cause for his arrest. (In addition, Lee Williams, the only witness to the actual shooting told police the night of the murders that the man in the backseat of Derrick's car shot the driver and passenger in the head and then exited the vehicle and went in the direction of Cottage Grove.)

2

**Bolden's Motion**

But according to Bolden's motion, the tip from the FBI is the probable cause that resulted in Bolden's arrest and, because the identity of the source was not known to the detectives, that tip was insufficient to establish probable cause. And nearly every case he cites, all of which are criminal cases, discusses whether a tip is sufficiently reliable to support probable cause for a search or arrest where the tip is the *sole* basis or *primary* basis establishing probable cause for the arrest or search. (Dkt. 486, 3-5.) There is one other case or two that discuss whether testifying to a tip at a *criminal* trial to explain the course of an investigation is too prejudicial to admit because the tip gives the jury the impression that the tip is evidence that the defendant committed the crime he/she is on trial for while at the same time depriving the defendant of an ability to cross-examine the witness. (*Id.*, 5-6.)

This case law is patently inapposite and has nothing to do with the probable cause determination in this case which requires the jury to determine whether *all* of the information known to the detectives, including any hearsay even if the hearsay is inadmissible at trial, is sufficient to lead a reasonable person to believe that Bolden committed the murders. *People v. Sherman*, 2020 IL App (1st) 172162, ¶ 28 ("'The standard is the probability of criminal activity, not proof beyond a reasonable doubt or even that it be more likely than not.' Probable cause is based not on legal intricacies applied by legal experts but on the factual and practical considerations of everyday life upon which reasonable and prudent persons act. Hearsay, including hearsay inadmissible at trial, is therefore a permissible basis for a finding of probable cause." (quoting *People v. Gocmen*, 2018 IL 122388, ¶ 19)).

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion To Preclude Defendant Angelo Pesavento From Testifying Regarding The Alleged FBI Informant Tip.

Respectfully submitted,

/s/ *Amy A. Hijjawi*
Special Assistant Corporation Counsel

*Attorneys for Defendant Officers*

Andrew M. Hale
Barrett Boudreaux
William Bazarek
Amy A. Hijjawi
Brian J. Stefanich
Hale & Monico, LLC
53 W. Jackson, Suite 337
Chicago, IL 60604

4

5

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

/s/ Amy A. Hijjawi