**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 00417 |
| vs. | ) | |
| | ) | Honorable Steven Seeger |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' SUPPLEMENTAL FILING IN OPPOSITION TO**
**PLAINTIFF'S MOTION *IN LIMINE* NO. 1**

Defendants James Oliver, Angelo Pesavento, Edward J. Siwek as Special Representative for the Estate of Edward Siwek and the Estate of George Karl ("Defendant Officers"), by and through their attorneys, hereby submit a supplemental filing in opposition to Plaintiff's Motion *in Limine* No. 1 which seeks to bar evidence of Bolden's prior murder conviction, and state as follows.

This Court granted Plaintiff's Motion *in Limine* Number 1 to Bar Evidence of Bolden's Criminal History, because "there is no evidence in the record that any specific person knew about Bolden's conviction for voluntary manslaughter, and took that conviction into account before his arrest for murder." (Dkt. 489 at 4.) The Court should reverse its ruling because there is evidence in the record that Defendant Officers knew of Bolden's criminal history prior to his arrest. Defendant Officers' knowledge that Bolden had previously committed a murder is undeniably a fact "of consequence in determining this action." Fed. R. Evid. 401 (b). This evidence is relevant to show probable cause for the arrest (in defense of the malicious prosecution and Fourth Amendment claims); that Defendant Officers did not act with malice.

**I. Defendant Officers knew that Plaintiff had a prior conviction for murder at the time of his arrest.**

On February 3, 1994, the detectives assembled a photo array that included Bolden's mugshot from the Boyd murder arrest. (See Exhibit A at 3.) Steve Maris, Director IT, Public Safety / Chicago Police, will testify that when pulling Bolden's mugshot, the detectives would have seen Bolden's prior arrest and conviction. As discussed in more detail below, Detectives Baker and Pesavento will testify that Bolden's mugshot showed an "IR" number which indicated that he was convicted of a serious crime and they would have ordered his rap sheet based on that information.

And in fact, on February 11, 1994, two weeks before Bolden's arrest, the Chicago Police Department obtained Bolden's his criminal history report, or "rap sheet." (Ex. B, 2.). This rap sheet became part of the State's Attorney's Office file disclosed in discovery. (*Id*. at 1.) Unlike the copy of the rap sheet the Court previously reviewed, this copy is date-stamped February 11, 1994." (*Id*. at 2.) This is unequivocal evidence that the Chicago Police Department, acting on information that "Eddie Bolden" may be involved in the murders, obtained his rap sheet prior to his arrest. This rap sheet informed that Bolden was previously charged with murder; and that Bolden plead guilty to voluntary manslaughter. This evidences that Defendant Officers obtained and reviewed this rap sheet in the course of the Clayton-Frazier murder investigation.

Indeed, the date this rap sheet was pulled corresponds directly with the timeline of the investigation. Pesavento and Baker will testify that once they had Bolden's name, they obtained a copy of his mugshot. The mugshot had Bolden's Individual Record ("IR") number. That Bolden was assigned an IR number indicated that he had been charged as an adult, which meant he was charged with a serious felony, such as murder or rape. Defendant Officers followed up on this information by requesting Bolden's criminal history, or "rap sheet." The rap sheet was issued on February 11, 1994, well before the lineup and Bolden's arrest. This is more than enough evidence

to "lay a sufficient evidentiary foundation for the notion that one or more of the officers saw [the rap sheet] (or likely saw it)." (Dkt. 467 at 18 (denying Defendant Officers' motion to exclude the composite sketch but requiring a foundation as quoted).)

Bolden's rap sheet is patently relevant to show Defendant Officers' knowledge, which is central to the jury's determinations of probable cause and malice. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. The rap sheet tends to make it more probable that Defendant Officers knew, either actually or constructively, that Bolden had previously committed a prior murder at the time of his arrest.

Moreover, even if Defendant Officers cannot recall who specifically ordered the rap sheet, or even if each of them did not personally review it, this information was within their knowledge for purposes of probable cause. The collective knowledge doctrine provides that "When law enforcement officers are in communication regarding a suspect, the knowledge of one officer can be imputed to the other officers." *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000) (citing, *inter alia*, *United States v. Hensley*, 469 U.S. 221, 232-33). In other words, either "the knowledge of the officer [who ordered and received the rap sheet]—or the collective knowledge of the agency for which he works—is sufficient to constitute probable cause." *United States v. Nicksion*, 628 F.3d 368, 376 (7th Cir. 2010) (alteration added). Furthermore, the collective knowledge doctrine applies to information contained in a police report and evidence that an officer actually reviewed the document is not required. *Torry v. City of Chicago*, 932 F.3d 579, 586 (7th Cir. 2019).

The rap sheet makes it more probable that Defendant Officers knew, either actually or constructively, that Bolden had previously committed a murder at the time of his arrest. *Devenpeck*

*v. Alford*, 543 U.S. 146, 153 (2004) ("Our cases make clear that an arresting officer's state of mind (*except for the facts that he knows*) is irrelevant to the existence of probable cause.") (emphasis added)). And that the detectives did not testify that this fact was part of their probable cause analysis, doesn't change the analysis. *Id*. at 154 (error to "eliminat[e], as validating probable cause, facts that played no part in the officer's expressed subjective reason for making the arrest"); *see also Whren v. United States*, 517 U.S. 806, 813 (1996) ("the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action").

To exclude evidence known to Defendant Officers because they have not (yet) testified that they had knowledge of the evidence (nor could they have; they were not asked about the Boyd conviction at their depositions) would be error.[1]  Defendants should be allowed to submit this evidence in their defense.

---

[1] Defendant Officers respectfully submit that there is no authority for the premise that witness testimony is limited to their deposition testimony, which underlies in part this Court's opinion on this issue. Federal Rule of Civil Procedure only requires disclosure of the subject of a potential witness' testimony. Fed. R. Civ. P. 26 (a) (1) (A). It was Plaintiff's responsibility to probe these issues in discovery. Again, Plaintiff did not inquire about the Boyd conviction at the detectives' depositions.

Respectfully submitted,

/s/ *Amy A. Hijjawi*
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant Officers*

Andrew M. Hale
Barrett Boudreaux
William Bazarek
Amy A. Hijjawi
Brian J. Stefanich
Hale & Monico, LLC
53 W. Jackson, Suite 337
Chicago, IL 60604

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

*/s/ Amy A. Hijjawi*