IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| ANGELO PESAVENTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT OFFICERS'
MOTION *IN LIMINE* NO. 13 TO BAR THE TESTIMONY OF GEOFFREY LOFTUS**

Plaintiff Eddie L. Bolden, by his undersigned counsel, respectfully submits this Supplemental Response in Opposition to Defendant Officers' Motion *in Limine* No. 13 to Bar the Testimony of Geoffrey Loftus (Dkt. 434).

Dr. Geoffrey Loftus is a nationally recognized expert in the field of human perception and memory, whose expert report was first disclosed to Defendant Officers in September 2018. On April 30, 2021, Defendant Officers moved to preclude Dr. Loftus's expected testimony on numerous grounds, including relevance, and Plaintiff filed a brief in opposition. On September 22, 2021, the Court issued an Order ruling on numerous motions *in limine* pending before trial but reserved judgment on the motion pertaining to Dr. Loftus. In particular, during the Pre-Trial Conference, the Court noted:

> The motion *in limine* on the expert, No. 13, I was not a hundred percent sure on that, so I reserved judgment. I've got to think about that one a little more.
>
> I will tell you by way of a preview, I am not sure about having a witness opine about whether somebody's memory is reliable. That's not intuitive to me. But I've never briefed that issue, truthfully. I looked at the St. Eve opinion, and I know that I've got more reading to do on that. I do. She, who I think, you know, may be the most competent member of the federal judiciary, let in some of that evidence, I think. So that carries some weight with me. But, you know, she's not here, I'm here, and I've got to make my own decision on this.

> So I have some questions about whether it's really helpful for the trier of fact to say so-and-so is unlikely to have remembered something. I don't know. I'm a little skeptical of that, but I'm not sure. This is just a preview, folks.

See Transcript of Sept. 22, 2021, at 32:3-20.

Trial is now underway, and Plaintiff submits this supplemental filing to provide the Court with updated information to clarify Plaintiff's current plan for Dr. Loftus's testimony, in the hope that this update will facilitate resolution (and denial) of the pending motion.

First, Plaintiff no longer intends to present Dr. Loftus as a witness during his case-in-chief. Instead, Plaintiff reserves Dr. Loftus as a potential rebuttal witness, to the extent that his testimony is needed to help rebut any evidence presented during the defense case, and in particular, the anticipated testimony of Clifford Frazier.

Second, to be clear, Plaintiff will not elicit from Dr. Loftus, nor will Dr. Loftus provide, any testimony opining on the credibility of Clifford Frazier or the reliability of Mr. Frazier's line-up and subsequent identifications of Plaintiff. As an initial matter, Plaintiff is confident that such testimony, were it to be offered, is fully consistent with Seventh Circuit precedent. In *Sanders v. City of Chicago Heights*, 2016 WL 4398011 (N.D. Ill. Aug. 18, 2016), in the course of evaluating a nearly identical challenge to expert testimony from Dr. Loftus, then-District Judge St. Eve conducted a thorough review of Seventh Circuit precedent and concluded that expert testimony on eyewitness perception does not usurp the role of the jury as a fact finder:

> In sum, the Seventh Circuit's guidance in the field of human perception and eyewitness identification teaches that nothing is obvious about the psychology of eyewitness identification, evaluating the fallibility of eyewitness testimony often takes more than common sense, and expert evidence helps jurors evaluate the reliability of eyewitness testimony by taking into account the psychology of eyewitness identification. *See Phillips v. Allen*, 668 F.3d 912, 916 (7th Cir. 2012); *U.S. v. Bartlett*, 567 F.3d 901, 906 (7th Cir. 2009). Moreover, federal courts look favorably upon eyewitness expert testimony under the circumstances of this civil lawsuit, namely, where there is a single eyewitness who is unfamiliar with the alleged perpetrator. *See Cage v. City of Chicago*, 979 F. Supp. 2d 787, 838-39 (N.D.

> Ill. 2013) ("the Seventh Circuit has been receptive to eyewitness identification expert testimony in the civil arena"); *Newsome v. McCabe*, 319 F.3d 301, 306 (7th Cir. 2003) (expert eyewitness identification testimony "was not a distraction in this civil proceeding but went to an important ingredient of the plaintiff's claim"); *Cf. Bartlett*, 567 F.3d at 907 ("scholarly work concerns identification by single eyewitnesses, not the probability of error when multiple witnesses identify the same person.") (emphasis in original).

However, Plaintiff will only elicit from Dr. Loftus testimony regarding certain factors that social science has demonstrated affect a person's ability to perceive and form accurate memories—such as the presence of a weapon, the quality of light, the duration of the encounter, and stress levels. Dr. Loftus will also explain how these factors might apply to the facts at issue concerning Clifford Frazier's accounts of the events of January 29, 1994. Additionally, Dr. Loftus will explain how post-event information can inform and alter memories, as well as a person's confidence in those memories. The jury will be free to accept or reject all of this testimony, but it is rooted in widely accepted social science research. Further, Dr. Loftus's testimony will provide the jury with information and tools that will allow them to evaluate Mr. Frazier's testimony in a more informed way than if they merely relied on their personal experiences and common sense. Indeed, as the Court of Appeals has observed with regard to the expert testimony regarding identification testimony, "[i]f there is one thing known about eyewitness identification, it is that 'common sense' misleads more often than it helps." *U.S. v. Williams*, 522 F.3d 809, 811 (7th Cir. 2008).

      Based on the foregoing, which should allay the Court's concerns about improperly usurping the jury's role as finders of fact and arbiters of credibility, Plaintiff respectfully requests that the Court deny Defendant Officers' Motion *in Limine* No. 13 to permit Dr. Loftus to testify, as needed, on rebuttal.

Dated: October 13, 2021       Respectfully Submitted,

*/s/ Ronald S. Safer*
Ronald S. Safer
Matthew Crowl
Eli J. Litoff
Valerie Brummel
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
elitoff@rshc-law.com
vbrummel@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue
6th Floor
New York, New York 10016
(212) 660-1000
smusumeci@rshc-law.com

*Attorneys for Plaintiff Eddie L. Bolden*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Valerie Brummel*
Valerie Brummel