FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| PESAVENTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE OF FACTS RELATED TO PLAINTIFF'S MALICIOUS PROSECUTION CLAIM**

Plaintiff Eddie L. Bolden, through his undersigned counsel, submits the following Request for the Court to Take Judicial Notice of Facts Related to Plaintiff's Malicious Prosecution Claim. In support of this request, Plaintiff states as follows:

**I.      Introduction**

In this Court's September 22, 2021 rulings on the parties motions *in limine*, the Court recognized that the post-conviction rulings in Plaintiff's criminal proceedings, including the issuance of a Certificate of Innocence, were relevant to the issue of whether the proceedings terminated in Plaintiff's favor. *See* Dkt. 467 at 6-7, 25-26. But the Court also recognized that "the jury should not hear judicial commentary on the credibility of witnesses." *Id.* at 7.

To comply with the Court's instructions and simplify the case, the following week Plaintiff proposed a series of straightforward stipulations to defense counsel, which would allow Plaintiff to put in the evidence needed to prove his malicious prosecution claim, while at the same time obviating the need to put the detailed post-conviction opinions in front of the jury. *See* September 28, 2021 Email and Attachment from Valerie Brummel, attached hereto as Exhibit 7. Specifically, the proposed stipulations would provide the jury with information regarding "the

circumstances surrounding the abandonment of the criminal proceedings," which "support an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Beaman v. Freesmeyer*, 2021 IL 125617 ¶¶ 108-113 (reviewing post-conviction proceedings to determine whether a reasonable jury could find for plaintiff on the "favorable termination element" of his malicious prosecution claim). To date, Defendants have not agreed to these proposed stipulations. Accordingly, to avoid putting complex judicial opinions before the jury, Plaintiff asks the Court to take judicial notice of certain facts related to the procedural history and judicial opinions in his criminal case.

A court may take judicial notice of any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). Where a party provides the court with the necessary information, the court "must" take judicial notice. *See* Fed. R. Evid. 201(c)(2). The facts below come from public records and their accuracy cannot be questioned.

Moreover, "it is a well-settled principle that the decision of another court … is a proper subject of judicial notice." *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996). In taking judicial notice of another court's decision, the court is "not considering the reasons underlying" the judicial decision, "but the simple fact that the decision has been made." *Id.* The statements regarding court decisions below fit squarely within this permissible scope of judicial notice because the Court would not be taking notice of the truth or accuracy of the underlying statements within the judicial decisions—the fact that an opinion was issued and that it contains certain language is what is relevant to Mr. Bolden's claims.

## II. Facts Subject to Judicial Notice

1. On October 30, 1996, Mr. Bolden was convicted after trial of the murders of Derrick Frazier and Ledell Clayton, the attempted murder of Clifford Frazier, and the aggravated battery of Clifford Frazier. *See* Verdict Form from *People of the State of Illinois v. Edward Bolden*, No. 94-CR-8397, attached hereto as Exhibit 1.

2. On October 31, 1996, Mr. Bolden was sentenced to natural life in prison. *See* Excerpt from Oct. 31, 1996 Proceedings in *People of the State of Illinois v. Edward Bolden*, No. 94-CR-8397, attached hereto as Exhibit 2.

3. After Mr. Bolden's appeals were denied, he filed a post-conviction petition in the Circuit Court of Cook County. Mr. Bolden asserted that his trial attorney, Kevin Foster, was constitutionally defective. Mr. Bolden maintained that the outcome of his trial would have been different if his counsel had provided effective assistance. The Circuit Court of Cook County dismissed Mr. Bolden's post-conviction petition without allowing an evidentiary hearing on the petition. Mr. Bolden appealed that decision. *See* Plaintiff's Trial Exhibit 27, attached hereto as Exhibit 3.

4. On June 18, 2014, the Illinois Court of Appeals reversed the Circuit Court's dismissal of Mr. Bolden's post-conviction petition and ordered that Mr. Bolden was entitled to an evidentiary hearing. The Court of Appeals determined that Mr. Bolden's Petition adequately alleged that his trial counsel committed a number of "unprofessional errors." The Court of Appeals ruled that Mr. Bolden had "substantially shown that he would have achieved a better result if counsel had not committed the unprofessional errors." The Court concluded: "In light of the extremely thin case for the prosecution, based solely on the identification testimony of a single witness who did not know Bolden, and whose initial description of the shooter did not closely

match Bolden's appearance, we find that Bolden has substantially shown that he suffered prejudice due to trial counsel's errors." *See* Ex. 3 (Plaintiff's Trial Exhibit 27).

5. As a result of the Illinois Court of Appeals Order, Mr. Bolden's case was sent back to the Circuit Court of Cook County for an evidentiary hearing, which took place between November 10, 2015 and November 30, 2015. *See* Plaintiff's Trial Exhibit 25, attached hereto as Ex. 4.

6. On January 21, 2016, the Circuit Court of Cook County, Judge Alfredo Maldonado, vacated Mr. Bolden's convictions and ordered a new trial for Mr. Bolden. In reaching his conclusion, Judge Maldonado concluded that the State's evidence was "slight" and that if the trial had been conducted in accordance with the constitution, it was likely that Mr. Bolden would have been found not guilty. The Court vacated Mr. Bolden's conviction, meaning it is as if the conviction never happened, and ordered a new trial. *See* Ex. 4 (Plaintiff's Trial Exhibit 25).

7. On April 19, 2016, the Cook County State's Attorney's Office moved to dismiss all charges against Mr. Bolden. The Circuit Court of Cook County granted the State's motion and dismissed all charges against Mr. Bolden that same day, and he was released from prison. *See* Plaintiff's Trial Exhibit 187, attached hereto as Ex. 5.

8. On May 25, 2016, Mr. Bolden filed a Petition for a Certificate of Innocence. On September 1, 2016, the Honorable LeRoy K. Martin, the Presiding Judge of the Criminal Division of the Circuit Court of Cook County, held a hearing on Mr. Bolden's Petition for a Certificate of Innocence. The Cook County State's Attorney's Office did not oppose Mr. Bolden's Petition for a Certificate of Innocence. At the conclusion of the hearing, Judge Martin issued an Order granting Mr. Bolden's Certificate of Innocence. *See* Plaintiff's Trial Exhibit 72, attached hereto as Ex. 6.

Dated: October 18, 2021　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Eli J. Litoff*
　　　　　　　　　　　　　　　　　　　　　Ronald S. Safer
　　　　　　　　　　　　　　　　　　　　　Matthew Crowl
　　　  　　　　　　　　　　　　　　　　　Eli J. Litoff
　　　　　　　　　　　　　　　　　　　　　Valerie Brummel
　　　　　　　　　　　　　　　　　　　　　RILEY SAFER HOLMES & CANCILA LLP
　　　　　　　　　　　　　　　　　　　　　70 W. Madison Street, Suite 2900
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　　　　(312) 471-8700

　　　　　　　　　　　　　　　　　　　　　rsafer@rshc-law.com
　　　　　　　　　　　　　　　　　　　　　mcrowl@rshc-law.com
　　　　　　　　　　　　　　　　　　　　　elitoff@rshc-law.com
　　　　　　　　　　　　　　　　　　　　　vbrummel@rshc-law.com

　　　　　　　　　　　　　　　　　　　　　Sandra L. Musumeci (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　RILEY SAFER HOLMES & CANCILA LLP
　　　　　　　　　　　　　　　　　　　　　136 Madison Avenue
　　　　　　　　　　　　　　　　　　　　　6th Floor
　　　　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　　　　(212) 660-1000
　　　　　　　　　　　　　　　　　　　　　smusumeci@rshc-law.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Eddie L. Bolden*