## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Eddie L. Bolden, et al.

                     Plaintiff,

v.

City of Chicago, et al.

                     Defendant.

Case No.: 1:17–cv–00417
Honorable Steven C. Seeger

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 25, 2021:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiff's motion for the Court to take judicial notice of facts relating to the malicious prosecution claim (Dckt. No. [536]) is hereby granted in part. The Court took judicial notice of certain facts relating to Bolden's conviction, direct appeal, post–conviction petition, and Certificate of Innocence on October 22, 2021. The Court read a modified version of the facts into the record. The Court took judicial notice of some, but not all, of the facts proposed by Plaintiff. (Dckt. No. [536]) The Court took judicial notice of the procedural history relating to Bolden's criminal case. For the reasons explained on the record, the Court did not take judicial notice of judicial commentary on the strengths and weaknesses of the evidence. It is sufficient to tell the jury that the Circuit Court of Cook County concluded that Bolden suffered prejudice, and that there was a reasonable probability that the outcome of the criminal trial would have been different but for the ineffective assistance of counsel. That fact, plus the Certificate of Innocence, is enough to inform the jury what took place, without creating the risk of undue prejudice from the jury placing disproportionate weight on judicial commentary about the evidence. That ruling is also a fair depiction of the ruling itself, meaning the decision by Judge Maldonado of the Circuit Court of Cook County on January 21, 2016. That Court concluded that Bolden had suffered prejudice, but did not include a detailed discussion of the strengths or weaknesses of the evidence as a whole. The penultimate paragraph stated that the case against Bolden was "far from overwhelming" and "slight,quot; but the Circuit Court of Cook County expressly relied on the Appellate Court's discussion of that issue, without itself getting into the merits of the evidence of guilt or innocence. Overall, it is not necessary to tell the jury, in the case before this Court, about those two sentences of judicial commentary. Telling the jury the conclusion on the ineffective assistance of counsel claim, including the finding of prejudice but without getting into judicial commentary on the evidence, is enough. It paints an accurate picture of what took place, while avoiding a risk of undue prejudice that the jury will give outsized importance to a judge's view of the evidence. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.