**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THE PARTIES' REVISED PROPOSED DESIGNATIONS OF PRIOR TESTIMONY,
WITH OBJECTIONS, ASSERTED BASES OF ADMISSIBILITY,
AND PROPOSED COUNTER-DESIGNATIONS FOR THE DEFENSE CASE**

The Parties hereby provide the Court with a revised list, by page and line, of the prior testimony of certain witnesses that each side seeks to present at trial during the defense case, objections (with a concise explanation of the basis) to certain proposed designated testimony, short statements of the asserted bases of admissibility of the offering party, and proposed counter-designations (with objections, where relevant).

The Parties reserve their rights to further modify and/or revise designations of prior testimony based on the Court's rulings on motions *in limine* and further order of Court.

Transcripts of contested testimony were previously furnished under a separate docket entry, in accord with the Court's instructions.

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| Talmay Anderson | Defendants | **Dep.**<br>5:3-4<br>10:3-13:9<br>15:1-9, 14-16<br>16:18-21<br>17:24-18:2<br>20:6-24<br>21:20-22:4<br>22:16-20<br>24:19-22<br>25:15-23<br>26:7-13<br>31:17-24<br>33:6-13<br>33:21-34:10<br>40:1-12<br>41:2-8, 11-19<br>47:12-14, 17-18<br>50:21-51:5<br>53:2-10<br>54:23-55:6<br>55:12-55:22<br>63:6-9<br>64:15-65:3<br>73:13-23<br>76:9-17<br>78:10-13<br>78:20-24<br>79:18-80:1<br>80:11-22<br>88:17-24<br>89:3<br>89:5-22 | **Dep.**<br>• 64:15-65:3 - Relevance, Competence, R. 403, Speculative (based on 65:4-6) | **Dep.**<br>• 64:15-65:3 - Relevant to Plaintiff's due process claim and other claims and allegations contained in Plaintiff's complaint. Also relevant to rebut assertions of Defendant Oliver's personal involvement in the lineup | **Dep.**<br>• 4:2, 8-9<br>• 9:6-10<br>• 9:20-10:2<br>• 17:2-12<br>• 21:1-6<br>• 24:2-4<br>• 25:6-14<br>• 32:1-2<br>• 33:16-20<br>• 34:11-13<br>• 40:18-22<br>• 45:17-19<br>• 52:1-53:1<br>• 65:4-6<br>• 71:3-12<br>• 83:11-18 |

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| Joseph Barnes | Defendants | **Supp. Hrg.** 16:2-17:12 17:14-18:14 18:19-19:4 19:14-20 20:7-9 20:13-23:2 <br><br> **Dep.** 5:12-17 14:5-16:11 19:22-20:3 21:13-22:19 24:23-25:5 25:18-26:7 28:2-12 32:3-4, 32:8-23 33:14-34:9 34:20-35:11 35:21-36:11, 16-19 37:6-16 38:16-39:22 40:11-20 41:3-42:4 42:23-44:21 45:1-8 45:18-46:13 47:1-4 47:8-48:2 49:11-12, 17-19 50:2-16 50:24-51:5 | **Supp. Hrg.** <br><br> **Dep.** <br><br> • 69:13-70:19; 71:1-9, 12-16 – Relevance, Competence, Improper opinion – Barnes did not become a detective until 1995 and testified that he did not know Detective Division practices in 1994 (115:17-20) <br><br> • 101:16-102:23 - Relevance, Competence, Improper opinion – Barnes did not become a detective until 1995 and testified that he did not know Detective Division practices in 1994 (115:17-20) | **Supp. Hrg.** <br><br> **Dep.** <br><br> • 69:13-70:19 –Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and Plaintiff's criminal defense attorney presence at police facility <br><br> • 101:16-102:23 - Relevant to Plaintiff's claim of unduly suggestive lineup and other claims and allegations contained in Plaintiff's complaint and circumstances of the police investigation. Competent under Fed. R. Evid. 601 | **Supp. Hrg.** <br> • 15:17-18 <br> • 20:1-4 <br><br> **Dep.** <br> • 34:10-13 <br> • 38:12-14 <br> • 46:14-47:7 <br> • 49:5-10 <br> • 50:18-22 <br> • 51:6-13 <br> • 52:1-4 <br> • 53:13-17 <br> • 53:19-54:1 <br> • 61:16-62:11 - Relevance, foundation, Competence, Improper opinion <br> • 69:9-12 <br> • 79:1-13 <br> • 89:22-90:5 <br> • 97:14-22 |

3

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| | | 51:14-15, 18-23<br>54:15-55:2<br>55:23-57:4<br><br>58:17-61:15<br>67:4-69:8<br>69:13—15, 21-70:7<br><br>71:1-9, 12-16<br>74:15-75:9<br>75:19-76:23<br>77:4-77:21<br>97:23-98:12<br>98:16-23<br>101:16-20<br>102:1-12, 19-23<br>120:2-10<br>156:9-157:1, 5-9, 13<br>160:5-10 | | | |
| Richard Chenow | Plaintiff and Defendants | Agreed Testimonial Stipulation | n/a | n/a | n/a |
| Thomas Ginnelly | Defendants | **Trial**<br>104:9-108:16 | **As to all testimony:** | **As to all testimony:** | None |

4

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| | | 109:4-21<br>110:7-13<br>110:18-111:4<br>111:20-112:15<br>112:20-114:8 | **Trial:** | **Trial:** | None |

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| Frank Gurtowski | Defendants | **Trial** 45:9-47:2 47:8-14 47:19-48:10 48:13-17 48:24-49:5 52:3-15 52:22-4 54:6-13 56:14-57:19 | **As to all testimony:** <br><br> **Trial:** | **As to all testimony:** <br><br> **Trial:** | None |
| Michelle Holevar | Defendants | **Trial (Stip.)** 217:15-218:23 | **As to all testimony:** | **As to all testimony:** | None |

6

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| John Naujokas | Defendants | **Trial**<br>15:9-19:20<br>20:9-22:6<br>22:12-23:18<br>24:4-11<br>24:21-25:20<br>27:19-23<br>28:2-5, 9-12<br>29:10-15<br>30:1-10, 20-23<br>31:7-21<br>33:19-24<br>34:4-21<br>35:3-13<br>36:7-13<br>37:5-11<br>37:17-21<br>38:6-22<br>39:4-5<br>39:8-40:3<br>40:11-18<br>41:10-20<br>42:20-43:21 | **As to all testimony:**<br>• R. 403 to extent it includes exhibits subject to Pl. MIL #10 | • Defendants will not show any exhibits that violates Pl. MIL #10 | **Trial**<br>33:11-18 |
| Joe Perfetti | Defendants | **Dep.**<br>5:9-11<br>7:1-8:2<br>35:16-38:7<br>40:1-9<br>44:10-16 | **Dep.**<br>Plaintiff objects to these late-received designations in their entirety for the following reasons: | **Dep.**<br>• Timeliness - Defendants' designations are not untimely. Joe Perfetti was disclosed on Plaintiff's and Defendants' witness | **Dep.**<br>(Plaintiff objects to Perfetti designations in their entirety. Counter-designations are provided only in |

7

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| | | 50:19-51:17<br>55:24-58:10<br>62:14-64:6<br>70:21-71:9<br>72:18-74:11<br>84:7-19<br>88:2-89:1<br>90:22-91:18<br>99:5-100:3<br>123:22-125:8 | • Timeliness - Designation covers entirely new topic not at issue and was received for first time on 10/25/2021 (penultimate day of trial)<br>• Relevance – There is no issue concerning disposal of RD file for RD # Y-41680.<br>• Relevance – Parties have already stipulated in Stipulation #4 that both RD #Y-41680 and #Y-41669 were maintained within a single investigative file.<br>• R. 403 - Designation of disposal of RD file (as opposed to investigative file) is not an issue in this case and will cause undue confusion and mislead jury.<br><br>**Deposition**<br>• 90:22-91:18 – Relevance, R. 403, testimony contradicts Stipulation #4. | lists. Initially, Plaintiff proposed deposition designations for Mr. Perfetti and Defendants proposed counter-designations. On October 13, Plaintiff changed course and proposed a testimonial stipulation in lieu of Mr. Perfetti designations. On October 24, Defendants approved Plaintiff's proposed stipulation with some revisions. Plaintiff rejected the stipulation altogether and demanded that Defendants provide deposition designations instead.<br>• Relevance – Plaintiff has spent considerable time during the trial discussing reports that were not in the Area 2 investigative file. The existence and subsequent destruction of the RD file for RD# Y-41680 provides the jury an explanation regarding why these reports are not in the | contingency that Defendants' designations are not precluded)<br><br>33:20-22<br>34:8-16<br>43:13-16<br>43:19-44:6, 8-9<br>69:14-19, 22-23<br>70:11-20<br>76:4-8<br>76:10-15<br>79:2-3, 5<br>87:11-14, 17-19<br>90:10-13<br><br>92:18-93:13 **(Defendants' objections: Relevance, Hearsay, R. 403)**<br><br>93:18-94:2 **(Defendants' counter-designation: 94:3-6)**<br><br>98:6-8, 16-19 **(Defendants' objection: Foundation: In Mr. Perfetti's testimony at** |

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| | | | - 99:5-16 - Relevance, R. 403, testimony unduly confusing and misleading.<br>- 99:17-100:3 - Relevance, R. 403, testimony unduly confusing and misleading, Hearsay<br>- 124:2-125:8 - Relevance, R. 403, testimony unduly confusing and misleading, Hearsay | investigative file.<br>- Relevance – The Parties have stipulated that some of the reports for both RD# Y-41680 and RD #Y-41669 were maintained within a single investigative file, but Mr. Perfetti's testimony describes how other reports may have existed in the RD file for RD# Y-41680.<br>- R. 403- This testimony will not confuse or mislead the jury. Rather, it will clarify statements made by Plaintiff's counsel that are likely confusing and misleading the jury regarding the existence and absence of certain police reports.<br><br>**Deposition**<br>- 90:22-91:18 – this testimony is relevant because it explains there were two separate RD numbers for the homicide and the aggravated | **97:11-98:4, he explains that he does not have knowledge regarding the investigative files, only the RD files, so he cannot testify to the contents of the investigative file. If Defendants' objection is overruled, Defendants' counter-designation: 97:11-98:4)**<br><br>104:3-12<br>108:7-109:2 |

9

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| | | | | battery. This does not contradict Stipulation #4 but instead describes what the jury is already fully aware of based on previous testimony: that there were two RD numbers in use for the relevant crimes.<br>• 99:5-16 – *See* Defendants' response above regarding Plaintiff's Rule 403 general objection.<br>• 99:17-100:3 – Mr. Perfetti is a 30(b)(6) witness who is knowledgeable regarding the RD file for the aggravated battery and its subsequent destruction in 2009. This is relevant testimony for the reasons described above. In addition, Mr. Perfetti's reliance on the disposal certificate for the RD file is not hearsay because the disposal certificate is a business record kept in | |

10

| Witness | Designating Party | Source & Citations | Objections | Designating Party's Responses re Admissibility | Objecting Party's Counter-Designations |
|---|---|---|---|---|---|
| | | | | the ordinary course of business.<br>• 124:2-125:8 – *See* Defendants' responses above regarding relevance, confusion, and hearsay. | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2021, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ William E. Bazarek*