

**FILED** JJR

10/27/2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-417 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| ANGELO PESAVENTO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>JURY INSTRUCTIONS – AS GIVEN</u>**

1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During the trial, I may have asked a witness a question myself. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true, or that a person would have given certain testimony.

I have taken judicial notice of certain facts about the procedural history of Bolden's criminal case in state court. I took judicial notice of what the state court decided. You must accept those facts as proved.

During the trial, certain testimony was presented to you by the reading of depositions and prior testimony from Plaintiff's criminal proceedings. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Each party is entitled to have the claims decided solely on the evidence that applies to that party. You must consider the evidence concerning each individual defendant only in the claims against that individual defendant. You must not consider it against any other co-defendant.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by Plaintiff Bolden, Defendant Karl, and Defendant Siwek before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

During the course of this trial, you have been shown documents that contain redactions, meaning that some words in those documents are hidden from view. Documents are redacted for a number of reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain diagrams were shown to you by counsel during the trial as demonstratives. An example is the map of the area of Chicago where the events took place. Those materials are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

I understand that reports about this trial or about this incident have appeared in the newspapers and on the internet, and perhaps elsewhere. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

You must give separate consideration to each claim and each party in this case.

The trial involved claims against four defendants:  Angelo Pesavento, James Oliver, the Estate of Edward Siwek, and the Estate of George Karl.

Although there are four defendants, it does not follow that if one is liable, any of the others is also liable.

The Plaintiff in this case is Eddie Bolden. I will refer to him as Plaintiff.

The Defendants in this case are Angelo Pesavento, James Oliver, the Estate of Edward Siwek, and the Estate of George Karl. Angelo Pesavento and James Oliver are retired Chicago police officers. Edward Siwek and George Karl were retired Chicago police officers before their deaths.

Although Edward Siwek and George Karl are deceased, you are to treat the estate of Edward Siwek and the estate of George Karl as defendants in this lawsuit. Unless I instruct you otherwise, you are to consider Plaintiff's claims in the exact same manner that you would if Edward Siwek and George Karl were alive. For purposes of the remaining instructions, I will refer to Angelo Pesavento, James Oliver, Edward Siwek, and George Karl as the Defendants.

The trial did not involve any claims against the City of Chicago or the Chicago Police Department.

Plaintiff Bolden brings the following seven claims against Defendants Angelo Pesavento, James Oliver, the Estate of Edward Siwek, and the Estate of George Karl:

First, Plaintiff claims that Defendants violated his constitutional rights by employing unduly suggestive identification procedures in connection with the lineup.

Second, Plaintiff claims that Defendants violated his constitutional rights by causing his detention without probable cause while Plaintiff awaited trial.

Third, Plaintiff claims that Defendants failed to intervene to prevent the violation of Plaintiff's constitutional rights as described in claims one and two.

Fourth, Plaintiff claims that Defendants conspired to deprive him of his constitutional rights as described in claims one and two.

Fifth, Plaintiff claims that Defendants maliciously caused him to be prosecuted for murder and attempted murder.

Sixth, Plaintiff claims that Defendants' actions constituted intentional infliction of emotional distress under Illinois law.

Seventh, Plaintiff claims that Defendants conspired to deprive him of his rights under Illinois law as described in claims five and six.

The Defendants deny each and every one of these claims.

I shall now discuss each of these claims in turn.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

You have heard evidence about whether Defendants' conduct complied with or violated Chicago Police Department policies, procedures, practices, or regulations.

You may consider this evidence in your deliberations as to each of Plaintiff's claims. But remember that the claims are about whether the Defendants violated Plaintiff's rights. The issue is not simply whether a Defendant may have failed to comply with the Chicago Police Department' policies, procedures, practices, or regulations.

In Count I, Plaintiff claims that Defendants violated his constitutional right to a fair trial by using suggestive identification procedures that tainted his criminal trial.

Plaintiff may succeed on this claim by proving each of the following things by a preponderance of the evidence:

1.  the Defendant you are considering used unduly suggestive identification procedures;

2.  the resulting identification was not reliable; and

3.  the flaws in the identification procedures made the criminal trial unfair.

"Unduly suggestive" means both (1) that the technique used was suggestive and (2) that such suggestiveness was unnecessary. In other words, the situation was one in which the circumstances did not justify law enforcement's suggestive behavior.

Both suggestiveness and reliability should be evaluated by looking at the totality of the circumstances.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

Plaintiff did not have a constitutional right to have an attorney present at the lineup because he was not under arrest at that time.

In Count II, Plaintiff claims that Defendants violated his constitutional rights by causing his detention without probable cause while Plaintiff awaited trial.

To succeed on his claim for wrongful pretrial detention, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. the Defendant you are considering caused Plaintiff to be detained prior to his criminal trial; and

2. there was no probable cause for Plaintiff's detention.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

"Probable cause" existed if, based on the evidence known at the time, a reasonable person in the Defendant's position would have believed that Plaintiff committed a crime. In making this decision, you should consider what the Defendant knew and any reasonably trustworthy information the Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was found guilty in 1996 does not by itself mean that the Defendant had probable cause. Nor does the fact that the charges were later dismissed by itself mean that there was no probable cause at the time of his arrest.

An officer should pursue reasonable avenues of investigation and may not close his eyes to facts that would clarify the situation, but once an officer has established probable cause, he may end his investigation. Information from a single person claiming to be an eyewitness or victim of a crime can be enough for probable cause, but when the information provided by that person would lead a reasonable officer under all of the circumstances to be suspicious, further investigation is necessary to establish probable cause.

29

In Count III, Plaintiff claims that Defendants failed to intervene to prevent the violation of Plaintiff's constitutional rights as described in claims one and two.

To succeed on his failure to intervene claim against Defendants, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. one or more of the Defendants violated Plaintiff's constitutional rights, as described in Claims 1 or 2;

2. the Defendant you are considering knew that another Defendant was violating or was about to violate Plaintiff's rights as described in Claims 1 or 2;

3. the Defendant you are considering had a realistic opportunity to do something to prevent harm from occurring;

4. the Defendant you are considering failed to take reasonable steps to prevent harm from occurring; and

5. the failure to act by the Defendant you are considering caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

In Count IV, Plaintiff claims that one or more of the Defendants and/or other persons conspired to deprive him of his constitutional rights as described in Claims 1 and 2.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.     one or more of the Defendants joined an agreement amongst themselves or with others to deprive Plaintiff of his constitutional rights as described in Claims 1 or 2;

2.     the Defendant you are considering knowingly became a member of the agreement with the intention to carry it out;

3.     one or more of the participants committed an act in an effort to carry out the agreement; and

4.     as a result, Plaintiff's constitutional rights were violated as described in Claims 1 or 2.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

In order to show that a Defendant joined an agreement, the Plaintiff must prove that the participants shared a common purpose. The Plaintiff does not have to prove that there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

In Count V, Plaintiff claims that Defendants maliciously caused him to be prosecuted for murder and attempted murder. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  the Defendant you are considering caused a criminal proceeding to be commenced or continued against Plaintiff;

2.  there was no probable cause for the criminal proceeding;

3.  the Defendant you are considering acted with malice;

4.  the criminal proceeding was terminated in Plaintiff's favor in a manner indicative of innocence; and

5.  Plaintiff suffered damages as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

I previously instructed you on the meaning of "probable cause" when I gave you the instruction for Count II, meaning the claim about pretrial detention without probable cause. The same instruction about probable cause equally applies to Count V, meaning the malicious prosecution claim.

A defendant "commences or continues" a criminal proceeding if he plays a significant role in causing the criminal proceeding. A police officer plays a significant role in causing the criminal proceeding if he improperly exerts pressure or influence on the prosecutor, knowingly provides misinformation to the prosecutor, conceals exculpatory evidence, or otherwise engages in wrongful or bad-faith conduct that was instrumental in the commencement or continuation of the criminal prosecution.

A person acts with "malice" in commencing or continuing a criminal prosecution if he acts for any reason other than to bring the responsible party to justice. Malice does not necessarily mean personal ill-will, spite, or hatred toward the Plaintiff. A police officer commences or continues a criminal proceeding with malice if the officer who commences or continues the criminal proceeding was motivated by something other than a desire to bring a guilty party to justice.

Malice may be inferred from the absence of probable cause if the circumstances that surrounded the start of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been proven by a preponderance of the evidence.

In order to determine Plaintiff's malicious prosecution claim, you must decide whether there was probable cause to believe that Plaintiff had committed the offenses of "First-Degree Murder" of Derrick Frazier and Ledell Clayton, and "Attempted Murder" of Clifford Frazier.

Under Illinois law, a person commits the crime of First Degree Murder when he kills an individual without lawful justification and in performing the acts which causes the death he knows that such acts create a strong probability of death or of great bodily harm.

Under Illinois law, a person commits attempted murder when he, with the intent to kill an individual, does any act which constitutes a substantial step towards the killing of an individual.

You have heard evidence that Plaintiff was awarded a Certificate of Innocence in state court, meaning the Circuit Court of Cook County, on September 1, 2016. The parties presented evidence about the Certificate of Innocence. I also took judicial notice of the fact that the state court issued the Certificate of Innocence.

You may consider the Certificate of Innocence when deciding the issues in this case, including whether Bolden's criminal proceeding was terminated in his favor in a manner indicative of innocence.

But the state court's decision to issue a Certificate of Innocence is not binding on you in this case. That is, the state court's decision to issue a Certificate of Innocence is not binding on you when you decide whether Plaintiff proved the elements of his claims in this case.

The Certificate of Innocence, standing alone, is not enough to establish liability by the Defendants.

When it considered Bolden's petition for a Certificate of Innocence, the issue before the state court was not exactly the same as the issues that are now before you.

When it considered Bolden's petition for a Certificate of Innocence, the Circuit Court of Cook County did not address or decide whether the Defendant police officers used an unduly suggestive lineup.

When it considered Bolden's petition for a Certificate of Innocence, the Circuit Court of Cook County also did not address or decide whether Bolden's constitutional rights were violated.

When it considered Bolden's petition for a Certificate of Innocence, the Circuit Court of Cook County also did not address or decide whether the Defendant police officers had engaged in any misconduct under state or federal law.

Those issues are for you alone to decide, based on the evidence that you heard.

In Count VI, Plaintiff claims that Defendants intentionally caused him emotional distress. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. the conduct of the Defendant you are considering was extreme and outrageous;

2. the Defendant you are considering intended to inflict emotional distress on Plaintiff or knew there was a high probability that his conduct would do so; and

3. the conduct of the Defendant you are considering caused Plaintiff to experience severe emotional distress.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

In Count VII, Plaintiff claims that that one or more of the Defendants and/or other persons conspired to maliciously prosecute him and/or inflict emotional distress on him

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.　　one or more of the Defendants joined an agreement amongst themselves or with others to deprive Plaintiff of his rights as described in Claims 5 or 6;

2.　　the Defendant you are considering knowingly became a member of the agreement with the intention to carry it out;

3.　　one or more of the participants committed an act in an effort to carry out the agreement; and

4.　　as a result, Plaintiff's constitutional rights were violated as described in Claims 5 or 6.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

I previously instructed you about what it means to form an agreement when I gave you an instruction on the claim about a conspiracy to violate constitutional rights. The same instruction applies to the claim of a civil conspiracy.

In order to show that a defendant joined an agreement, the plaintiff must prove that the participants shared a common purpose. The plaintiff does not have to prove that there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

The Plaintiff is requesting compensatory damages and punitive damages.

If you find in favor of the Plaintiff against one or more of the Defendants on one or more of the Plaintiff's claims, then you will go on to consider the question of damages.

If you find in favor of all of the Defendants on all of the Plaintiff's claims, then you should not consider the question of damages.

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the actions of Defendants.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.

2. The loss of normal life that the Plaintiff has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff solely on his pretrial detention without probable cause claim and/or his failure to intervene or conspiracy claim based on the pretrial detention claim, then you must determine the amount that will fairly compensate Plaintiff for any injury you find he sustained from the time he was arrested until the time he was convicted at his criminal trial that was the direct result of the actions of Defendants.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants Pesavento and/or Oliver. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. For purposes of punitive damages, conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition; and

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. You may discuss the case only when all jurors are present.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, a smart phone, or computer to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during the deliberations.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the Court Security Officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.