IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| ANGELO PESAVENTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PROPOSED FACTS REGARDING THE PROCEDURAL HISTORY OF
PLAINTIFF'S CRIMINAL CASE**

1. On October 30, 1996, Mr. Bolden was found guilty by a jury for the murders of Derrick Frazier and Ledell Clayton, the attempted murder of Clifford Frazier, and the aggravated battery of Clifford Frazier.

2. Subsequent to his conviction, on October 31, 1996, Mr. Bolden was sentenced to natural life in prison.

3. On direct appeal, Mr. Bolden raised the following issues: (1) whether he was proved guilty beyond a reasonable doubt; and (2) whether the trial court erred by denying his motion to suppress the prearrest identification. On January 15, 1999, the Illinois Appellate Court rejected Mr. Bolden's claims and affirmed Mr. Bolden's convictions.

4. Mr. Bolden appealed to the Illinois Supreme Court. In this appeal, the sole issue Mr. Bolden raised regarding the way the lineup was conducted, and the sole basis on which Mr. Bolden asked the Illinois Supreme Court to suppress the identification, was that his lawyer was not permitted to observe the lineup from the witness room. On June 21, 2001, the Illinois Supreme Court rejected Mr. Bolden's claim and affirmed Mr. Bolden's convictions.

5. After Mr. Bolden's appeals were denied, he filed a post-conviction petition in the Circuit Court of Cook County. Mr. Bolden asserted that his trial attorney, Kevin Foster, was constitutionally defective. Mr. Bolden maintained that the outcome of his trial would have been different if his counsel had provided effective assistance. The Cook County State's Attorney's Office moved to dismiss Mr. Bolden's post-conviction petition and a judge in the Circuit Court of Cook County dismissed the petition without evidentiary hearing. Mr. Bolden appealed that decision.

6. On June 18, 2014, the Illinois Court of Appeals reversed the Circuit Court's dismissal of Mr. Bolden's post-conviction petition and ordered an evidentiary hearing. The Court of Appeals determined that Mr. Bolden's Petition adequately alleged a claim for ineffective assistance of counsel.

7. As a result of the Illinois Court of Appeals Order, Mr. Bolden's case proceeded to an evidentiary hearing in the Circuit Court of Cook County, which took place between November 10, 2015 and November 30, 2015. Clifford Frazier's identification of Mr. Bolden as the offender was not an issue at the evidentiary hearing. The propriety of the police investigation was not an issue at the evidentiary hearing.

8. On January 21, 2016, the Circuit Court of Cook County, Judge Alfredo Maldonado, vacated Mr. Bolden's convictions and ordered a new trial for Mr. Bolden based on Mr. Bolden receiving ineffective assistance of counsel. The Court did not vacate Mr. Bolden's convictions because of any allegations of police misconduct.

9. On April 19, 2016, the Cook County State's Attorney's Office moved to dismiss all charges against Mr. Bolden. The Circuit Court of Cook County granted the State's motion and dismissed all charges against Mr. Bolden that same day. **Plaintiff's Trial Exhibit 187** is a true

and correct copy of the court order dismissing the case against Mr. Bolden. Mr. Bolden was released from prison that day.

10. On May 25, 2016, Mr. Bolden filed a Petition for a Certificate of Innocence "(Petition") that was heard before Judge LeRoy K. Martin, on September 1, 2016. . On that date, the Cook County State's Attorney's Office took no position on Mr. Bolden's Petition. Judge Martin then issued an Order granting Mr. Bolden's Petition. The Court did not hold an evidentiary hearing regarding the Petition. The Court did not hear testimony from witnesses, admit evidence, or engage in an adversarial evidentiary hearing prior to granting the Petition. **Plaintiff's Trial Exhibit 72** is a true and correct copy of the court's order granting the petition.

Respectfully submitted,

/s/ *Brian J. Stefanich*
Special Assistant Corporation Counsel

*Attorneys for Defendant Officers*

Andrew M. Hale
Barrett Boudreaux
William Bazarek
Amy A. Hijjawi
Brian J. Stefanich
Hale & Monico, LLC
53 W. Jackson, Suite 337

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that this was filed using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

/s/ *Brian J. Stefanich*