UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

Eddie L. Bolden, et al.
                          Plaintiff,

v.                                         Case No.: 1:17−cv−00417
                                                        Honorable Steven C. Seeger

City of Chicago, et al.
                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 28, 2021:

      MINUTE entry before the Honorable Steven C. Seeger: Defendant Officers' motion to allow Cynthia Steward to testify about Irving Clayton's statements of Plaintiff's involvement in the narcotics operations of Anthony Williams (Dckt. No. [571]) is hereby denied, for the reasons stated on the record on October 26, 2021. Defendants sought to offer Steward to testify about an out−of−court statement by Irving Clayton, who is deceased. In her deposition, Steward basically testified that she heard Clayton say that Bolden would accept receipt of drugs if Anthony Williams wasn't there. See Steward Dep., at 60 (Dckt. No. [571−2]). That out−of−court statement is hearsay if it is offered for its truth. Here, the statement is hearsay because Defendants want to offer it to show that Bolden really did deal drugs, so the statement is offered for its truth. Clayton is unavailable (because he is deceased), but the statement against interest exception does not apply. See Fed. R. Evid. 804(b)(3)(A) ("Statement Against Interest. A statement that: (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability...."). The exception for statements against interest exists for a simple reason. People are self interested, and most of us do not lightly say things against our self interest. So, if a person makes a statement against his or her own interest, it has a special indicia of reliability. An out−of−court statement by Person A about Person A is probably true if the statement was against his or her own interest. But that rationale does not apply to a statement about others. An out−of−court statement by Person A about Person B has no special indicia of reliability. (It's human nature to speak ill of others. But against one's own self? Not so much.) So, imagine if Schemp sued Curly. And then imagine that Curly wanted to call Moe to testify that (unavailable) Larry made an out−of−court statement that he broke a vase with Schemp. Larry's statement that "I broke a vase with Schemp" is a statement against Larry's interest, up to a point. The first part of Larry's sentence ("I broke a vase") is Larry&#0;39;s statement against Larry, and thus falls within the exception. But the latter half of the sentence ("with Schemp") is a statement about Schemp's conduct, not Larry's conduct. So Larry's out−of−court statement about Schemp's conduct is not a statement against Larry's interest, and thus to that extent does not fall within the exception. See Carson v. Peters, 42 F.3d 384, 386 (7th Cir. 1994) ("Portions of

inculpatory statements that pose no risk to the declarants are not particularly reliable; they are just garden variety hearsay."). Here, Clayton's statement could fall within the exception to the extent that Clayton was making a statement against Clayton's own interest. But Defendants want to offer Clayton's statement as a statement against Bolden's interest. That is, Defendants want Steward to testify about Clayton's out−of−court statement to show that Bolden acted in a bad way, not to show that Clayton made a statement that was against Clayton's interests. (By way of illustration, if Clayton had simply said "I deal drugs," Defendants presumably wouldn't want to offer that into evidence.) The punchline is that the out−of−court statement by Clayton would fall within the exception to the extent it was Clayton's statement against Clayton's interest, but not Clayton's statement against Bolden's interest. (Why else would they offer it, except to offer a statement against Bolden? Clayton isn't here.) So, Clayton's out−of−court statement does not fall within the exception to the extent that it is against Bolden's interest, not Clayton's interest. Regardless, the statement is inadmissible for other reasons, too. First, to the extent Defendants wanted to introduce the evidence of past drug dealing to suggest Plaintiff was dealing drugs on the night in question, the statement is inadmissible propensity evidence under Rule 404(b)(1). Second, the statement has low probative value, too. The alleged drug dealing did not involve the two−kilo drug deal on the night in question. Third, any slight value is substantially outweighed by the risk of undue prejudice under Rule 403, as this Court already explained in its ruling on Plaintiff's motion in limine no. 5 (Dckt. No. [467]). At trial, this Court allowed Defendants to ask questions and present evidence about whether Bolden participated in the drug deal in question (i.e., involving the two kilos of cocaine on the day of the double murder), but not evidence of any other drug dealing. The motion is denied for the reasons more fully stated on the record during trial. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.