IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 00417 |
| | ) | |
| vs. | ) | Honorable Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATEMENT REGARDING REMAINING CLAIMS**

Plaintiff, Eddie Bolden, Defendants Angelo Pesavento, James Oliver, the Estate of George Karl, the Estate of Edward Siwek, and the City of Chicago (the "City"), hereby submit this joint statement regarding the remaining claims against the City pursuant to the Court's August 25, 2022 order, dkt. 672.

1. Plaintiff initiated this action on January 19, 2017, naming the City as one of the defendants.

2. On July 19, 2018, the Court bifurcated and stayed Plaintiff's *Monell* claim (Count IV). *See* Dkt. 213.

3. On August 28, 2018, the City filed a Limited Consent for Entry of Judgment against it (the "Limited Consent"), if Plaintiff secured judgment under 42 U.S.C. § 1983 against any Defendant Officer. *See* Dkt. 221. The limited consent was entered by agreement of the parties. *See* Dkt. 218.

4. On September 22, 2021, the Court ruled that Plaintiff's respondeat superior and indemnification claims need not be presented to the jury, because those "claims simply involve the City's duty to pay for the acts and omissions of its agents, [and] the City has stipulated to pay for any compensatory damages." Dkt. 467 at 16.

5. On October 29, 2021, a jury returned a verdict for Plaintiff and against Defendants Pesavento, Oliver, and the estates of Karl and Siwek (the "Defendant Officers") on Counts I, II, III, V, VI, VII, and VIII, which included claims under 42 U.S.C. § 1983. *See* Dkt. 621.

6. On August 25, 2022, the Court denied the Defendant Officers' motion for judgment as a matter of law on those claims. *See* Dkt. 671.

7. At this time, Counts IV (*Monell*), Count IX (respondeat superior) and Count X (indemnification) remain pending.

8. The parties have conferred and agree on how the Court should dispose of the remaining claims.

9. In particular, without admitting any of Plaintiff's allegations, and with Plaintiff's agreement, the City consented to entry of judgment against it for compensatory damages and, to the extent allowed by the Court, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, if Plaintiff secured judgment against any Defendant Officer under 42 U.S.C. § 1983. *See* Dkt. 221, ¶ 2. By its terms, the Limited Consent is unconditional and irrevocable. *Id.*, ¶ 5.

10. The City also stipulated that, at all relevant times, the Defendant Officers were acting within the scope of their employment and under color of law. *See, e.g.*, Dkt. 425 at 1 ("The City has admitted that, at all relevant times, all Defendant Officers were acting within the scope of their employment with the City and under color of law. The City has stipulated to pay compensatory damages that may be awarded in this case."); *see also* Dkt. 467 at 16.

11. Thus, under the terms of the Limited Consent and the Parties' Stipulations, and in light of the jury's verdict against the Defendant Officers, judgment should be entered in favor of Plaintiff and against the City on Counts IX (respondeat superior) and X (indemnification).

12. In addition, Plaintiff hereby voluntarily moves to dismiss with prejudice his claim

under Count IV (*Monell* liability), and the City and Defendant Officers consent to such dismissal.

13. Disposition of these remaining claims will result in a final judgment. The parties jointly request that the Court therefore enter final judgment pursuant to Fed. R. Civ. P. 58 in favor of Plaintiff on Counts I, II, III, V, VI, VII, VIII, IX, and X; and dismissing count IV with prejudice. The punitive damage awards should not be entered against the City on Counts IX and X.

14. Entry of final judgment will start the clock for posttrial motions on appeal. In that connection, Defendant Officers wish to alert the Court of their position that the Court's August 25, 2022, order denying Defendants' motion for judgment as a matter of law referred to that motion erroneously as Defendant's "renewed motion for judgment as a matter of law *under Federal Rule of Civil Procedure 50(b),*" Dkt. 671 at 8 (emphasis added) (citing Defs.' Mem. (Dkt. 587); *see also* 10/29/21 Order (Dkt. 616), and also erroneously stated that Defendants had renewed their directed verdict motion "after the jury verdict," Dkt. 671 at 8. Defendant Officers respectfully note that the only motion on file was under Rule 50(a), which was filed at the close of plaintiff's case and briefed in the weeks thereafter pursuant to this Court's schedule. *See* Dkt. 587 at 4 (Rule 50(a) motion); Dkt. 661 at 1 (plaintiff's opposition, referencing only Rule 50(a)); Dkt. 666 at 1 (defendants' reply in support "of Rule 50(a) Motion for Directed Verdict"). In addition, defendants orally renewed that motion not "after the jury verdict," but on October 27, 2021 which was just before closing arguments. *See* Dkt. 656, 10/27/21 Transcript at p. 3979. Rule 50(b) motions, in contrast, are *post*-verdict motions. *E.g.*, *Unitherm Food Systemts, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, at 399-06 (2006); *see also* Fed. R. Civ. P. 50(b) (motions "after trial"). And the time for filing them is "no later than 28 days after entry of judgment." *See* Fed. R. Civ. P. 50(b). Judgment has not yet been entered in this case.

15. Defendant Officers have conferred with Plaintiff on this issue, and Plaintiff's

position is that the Court properly addressed Defendants' motion for a directed verdict under both Rule 50(a) and (b), and Defendants have no right to serial motions.

16. Finally, the Parties agree that this joint statement and the Parties' prior stipulations do not limit in any way the post-trial or appellate rights of any Party, and all Parties expressly reserve all post-trial and appellate rights that would otherwise be available to them.

WHEREFORE, the Parties respectfully request that this Court dismiss Count IV with prejudice and enter judgment in favor of Plaintiff on all remaining Counts.

Dated: September 2, 2022

Respectfully Submitted,

/s/ *Brian J. Stefanich (with permission)*
Andrew M. Hale
Barrett Boudreaux
William E. Bazarek
Brian J. Stefanich
Special Assistant Corporation Counsel
Hale & Monico, LLC
53 W. Jackson Blvd.
Suite 330
Chicago, IL 60654
(312) 341-9646
ahale@ahalelaw.com
bboudreaux@ahalelaw.com
wbazarek@ahalelaw.com
bstefanich@ahalelaw.com

*Attorneys for Defendants Angelo Pesavento, James Oliver, and Edward J. Siwek*

/s/ *Eli J. Litoff*
Ronald S. Safer
Matthew Crowl
Eli J. Litoff
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
312-471-8700
rsafer@rshc-law.com
mcrowl@rshc-law.com
elitoff@rshc-law.com

Sandra L. Musumeci (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue 6th Floor
New York, New York 10016
212-660-1000
smusumeci@rshc-law.com

*Attorneys for Plaintiff Eddie L. Bolden*

/s/ *Tiffany S. Fordyce (with permission)*
John F. Gibbons
Tiffany S. Fordyce
Kyle Flynn
Greenberg Traurig, LLP
77 W. Wacker Drive
Suite 3100
Chicago, IL 60601

(312) 456-8400
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com

*Attorneys for Defendant City of Chicago*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, I caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

                                                                    */s/ Eli J. Litoff*
                                                                    Eli J. Litoff