**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDDIE L. BOLDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-cv-00417 ) |
| CITY OF CHICAGO, et al., | ) Honorable Steven C. Seeger ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST**

Defendants City of Chicago ("the City"), James Oliver, Angelo Pesavento, Edward J. Siwek as Special Representative for the Estate of Edward Siwek and the Estate of George Karl (collectively "Defendants"), by and through their undersigned counsel, hereby submit their Response to Plaintiff's Motion for Prejudgment Interest ("Motion") and request that the Court deny Plaintiff's request for prejudgment interest under federal and Illinois law. Defendants respond to Plaintiff's Motion as follows:

**INTRODUCTION**

In 2017, Plaintiff initiated this civil rights lawsuit, premised on a reversed conviction, against the City and several members of the Chicago Police Department. After a number of judicial reassignments, a global pandemic, a twelve-day jury trial, and this Court's consideration of the motion for directed verdict, judgment was entered on September 30, 2022, in Plaintiff's favor on a mix of federal and state law claims. The jury, being instructed to "determine an amount that will fairly compensate the Plaintiff for the injury he has sustained," decided that Plaintiff is owed $25,000,000 in damages for "any injury that [they found] he sustained and is reasonably certain to sustain in the future." (Trial Tr. 4121:22-4122:2, 21-23, attached hereto as **Exhibit A**). Plaintiff now attempts to override the will of the jury and obtain additional damages in the form of

prejudgment interest. Plaintiff does little to explain how his pain and suffering damages are compatible with prejudgment interest, an award associated with economic harm, and instead argues that the City's unwillingness to settle his case for the demands he made justify awarding additional damages. Plaintiff's request for prejudgment interest is unsupported by law and must be rejected.

First, Plaintiff is not entitled to prejudgment interest under federal law. He is not entitled to such an award because his damages are purely non-economic, and the damages the jury awarded were intended to fully compensate Plaintiff. Unlike the typical request for economic damages, the jury was not asked to determine what his damages were at a specific time—or in 2016 dollars—but what his emotional damages were when they deliberated. Even if he were eligible for an award of prejudgment interest under federal law, the record is such that the Court would be required to impermissibly speculate the extent to which his damages are eligible for an award of interest. Further, Plaintiff is not eligible for an award of prejudgment interest due to the delays in litigation that were entirely out of Defendant's control. Second, even if Plaintiff were entitled to prejudgment interest, Plaintiff's prejudgment interest calculation incorrectly calls for interest to be compounded monthly instead of annually, which would result in a multiplier that substantially overpays Plaintiff, and that is not contemplated by any statutory scheme. Third, Plaintiff is statutorily precluded from obtaining prejudgment interest under Illinois law; therefore, his alternative request for interest under state law should be rejected.

I.      **Plaintiff Is Not Entitled To Prejudgment Interest Under Federal Law.**

Plaintiff argues that he is entitled to prejudgment interest under federal law, citing the proposition that "[p]rejudgment interest is presumptively available to victims of federal law violations." (Mot. 2). Although the Seventh Circuit has recognized this principle and committed the issue of prejudgment interest to the district court's discretion, it also has made clear that an

2

award of prejudgment interest is not appropriate in every case. *See Demauro v. Loren-Maltese*, No. 98-C-8318, 2007 WL 9821268, at *3 (N.D. Ill. Sept. 25, 2007) (explaining that "the Seventh Circuit has committed the issue of prejudgment interest to the trial judge's discretion," and "conclud[ing] that plaintiff has sufficiently been made whole and should not be awarded prejudgment interest[.]"). In this case, prejudgment interest is not warranted because (1) Plaintiff's damages are non-economic in nature; (2) the jury intended to fully compensate Plaintiff with its damages award; (3) the record is unclear as to extent of damages eligible for an award of prejudgment interest; and (4) significant delays in this matter were entirely outside of Defendants' control.

### A. Prejudgment Interest Is Not Warranted Because Plaintiff's Damages Are Non-Economic In Nature.

"[T]he doctrine of prejudgment interest recognizes the time value of money, and compensates for lost value that would have otherwise accrued had the plaintiff been able to invest or gather interest on monies that were lost as a result of his injury." *White v. Wycoff*, No. 13-cv-01761, 2016 WL 9632932, at *2 (D. Colo. July 7, 2016); *see also Trs. of the Chi. Plastering Inst. Pension Tr.t v. R.G. Constr. Servs., Inc.*, No. 05 C 5669, 2009 WL 3187390, at *4 (N.D. Ill. Sept. 30, 2009) ("The purpose of prejudgment interest is to provide a complete remedy; that is, to make whole a party which would have had access to the money had it not been for the actions of the other party, and which would presumably have invested the money or otherwise obtained some return on it."). Although prejudgment interest can be awarded to victims of federal law violations, courts generally decline to award prejudgment interest on damages for non-economic harms, as interest is not required to make the plaintiff whole. *Demauro*, 2007 WL 9821268, at *3 (declining award of prejudgment interest on damages for non-economic harms); *Sulkowska v. City of New York*, 170 F. Supp. 2d 359, 371 (S.D.N.Y. Apr. 25, 2001) (denying prejudgment interest where

3

"Plaintiff sustained no economic injury as a result of defendants' actions; she was not, for instance, deprived of money that she would otherwise have earned but for defendants' wrongdoing, as in an employment termination case."). Indeed, an award of prejudgment interest is logically inconsistent with non-economic damages; "[u]nlike a hard asset, such as money spent to pay medical bills arising from an injury at the hands of the police, one cannot invest undamaged feelings or emotional wellbeing in the stock market." *Wycoff*, 2016 WL 9632932, at *2 ("An award of prejudgment interest on non-economic damages would therefore imply the preposterous notion that one's suffering could, at the time, have been used as an investment vehicle.") (internal citation and quotation marks omitted).

In this case, Plaintiff's damages are non-economic in nature. Plaintiff presented no evidence at trial of lost income or any other form of economic damages. The Court instructed the jury to "consider the following types of compensatory damages, **and no others**: First, the physical and mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. Second, the loss of normal life that the Plaintiff has experienced and is reasonably certain to experience in the future . . ." (Ex. A, Trial Tr. 4122:9-16) (emphasis added). These intangible damages are not objectively ascertainable, not subject to rates of return, and therefore are not subject to prejudgment interests. *Wycoff*, 2016 WL 9632932, at *2.

Notably, Plaintiff has failed to identify a single case where a court has held that prejudgment interest was warranted in a reversed-conviction case. Further, Plaintiff's cited authority does not support an award of prejudgment interest in this matter. The cases cited in the Motion almost exclusively involve prejudgment interest being awarded in cases where the plaintiff was deemed to suffer economic, not emotional distress, damages. *See e.g. Miller v. Safeco Ins. Co*, 683 F. 3d 805, 814 (7th Cir. 2012) (affirming award of prejudgment interest on damages associated

4

with insurance claim); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 171-172 (1989) (addressing prejudgment interest requested in securities claim); *Gorenstein Enters. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989) (affirming award of prejudgment interest in case involving unpaid royalties and trademark infringement); *DeLaCruz v. Pruitt*, 590 F. Supp. 1296, 1309 (N.D. Ind. 1984) (granting award of prejudgment interest in §1983 claim for lost wages); *West Virginia v. United States*, 479 U.S. 305, 313 (1987) (holding that West Virginia is liable for prejudgment interest on the debt arising from the contractual obligation to reimburse the United States for services rendered by the Army Corps). In these cases, the plaintiffs, unlike Bolden, were owed wages, royalties, or other funds that could have been placed into an investment vehicle, thus making prejudgment interest appropriate. These cases do not support Plaintiff's request for prejudgment interest; instead, they further illustrate why prejudgment interest is not warranted in this case.

Plaintiff also cites *Tate v. Troutman*, 683 F. Supp. 2d 897, 912–13 (E.D. Wis. 2010), the only case he identifies where a court awarded prejudgment interest on a damages award for pain and suffering. That case, however, is not comparable to the instant case. *Tate* was decided on a motion for default judgment, meaning the plaintiff's request for prejudgment interest was unopposed. 683 F. Supp. 2d at 900-01. Further, the pain and suffering damages in *Tate* were specific to a definitive period of time as opposed to an ongoing period of time. *Id.* at 911 ("[the plaintiff] experienced pain and suffering for about a month."). *Tate* does not stand for the proposition that prejudgment interest is always (or even often) appropriate in cases involving damages for pain and suffering.

As evidenced by the weight of authority, Plaintiff's non-economic damages are not suitable for prejudgment interest. Accordingly, Plaintiff's request for prejudgment interest must be denied.

**B.     Prejudgment Interest Is Not Warranted Because The Jury's Award Fully Compensates Plaintiff.**

The law is clear: There is no basis to grant prejudgment interest where the jury's award fully compensates the plaintiff for the damages they have sustained. *Demauro*, 2007 WL 9821268, at *3 ("[T]he court, in the exercise of its discretion, concludes that plaintiff has sufficiently been made whole and should not be awarded prejudgment interest on the remainder of the jury's verdict."); *Sulkowska*, 170 F. Supp. 2d at 371-72 ("In determining a precise monetary figure which would compensate plaintiff for the emotional injuries she suffered as a result of her arrest and subsequent incarceration, the Court intended to fully compensate plaintiff for such injuries . . . the fact that plaintiff has been adequately compensated …plaintiff's motion for prejudgment interest is denied."). In this case, the arguments presented at trial and the instructions given to the jury clearly indicate that the jury intended to fully compensate Plaintiff when his damages award was made.

In *Demauro*, the plaintiff sought prejudgment interest on non-economic damages he suffered for being terminated from his employment in violation of his constitutional rights. 2007 WL 9821268, at *3. In that case, the jury was instructed to award damages for "any injury [they found] he sustained and is reasonably certain to sustain in the future as a direct result of Defendants' violation of Plaintiff's Constitutional rights," including "[t]he mental/emotional pain and suffering that Plaintiff has experienced." Jury Instr., at 29, *Demauro v. Loren-Maltese*, No. 98-C-8318 (Nov. 7, 2006) (attached hereto as **Exhibit B**). The jury was also instructed to determine an amount of damages to "fairly compensate the Plaintiff for the injury he has sustained." *Id.* The court concluded that the amount determined by the jury made plaintiff whole and declined to award prejudgment interest on any damages awarded for plaintiff's mental and emotional pain and suffering. *Demauro*, 2007 WL 9821268, at *3; *see also Sulkowska*, 170 F. Supp. 2d at 371-72

(denying request for prejudgment interest because "the Court intended to fully compensated plaintiff for such injuries.").

In this case, Plaintiff's arguments and the jury instructions make clear that the award Plaintiff received was intended to fully compensate him for any injuries he suffered. Plaintiff's counsel, when asking for damages, explained: "Ladies and gentlemen, you won't have a second chance. If you award a damages award that undervalues a year in Mr. Bolden's life, you won't be able to come back a week later, a month later. This is your only chance **to award full compensation for what Mr. Bolden endured**." (*Id.* at 4086:13-17) (emphasis added). The jury was then given instructions nearly identical to the ones used in *Demauro*. The jury instructed that if they found "in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the actions of Defendants." (*Id.* at 4121:22-4122:2). The jury was further instructed to "consider the following types of compensatory damages, and no others: First, the physical and mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. Second, the loss of normal life that Plaintiff has experienced and is reasonably certain to experience in the future." (*Id.* at 4122:9-16). Finally, the jury was instructed to "determine an amount that will **fairly compensate the Plaintiff for the injury he has sustained."** (*Id.* at 4122:21-23) (emphasis added).

These arguments and jury instructions make clear that Plaintiff was awarded compensatory damages that would fully compensate him based on the injuries he presented during the trial. *See*

7

*Demauro*, 2007 WL 9821268, at *3; *see also Sulkowska,* 170 F. Supp. 2d at 371-72*.* Accordingly, an award of prejudgment interest is inappropriate.[1]

      **C.    Prejudgment Interest Is Inappropriate Because The Extent Of Damages Eligible For An Award Of Prejudgment Interest Cannot be Ascertained.**

An award of prejudgment interest is not appropriate where "the [c]ourt is unable to determine from the record before it the extent of damages eligible for an award of prejudgment interest." *White v. Fincantieri Bay Shipbuilding Co.*, No. 19-C-946, 2022 WL 294209, at *4 (E.D. Wis. Feb. 1, 2022). When the jury verdict form contains a single blank to report a compensatory award making no distinction between the type of damages awarded, the court engages in "rank speculation" when it attempts to award prejudgment interest on a subset of the damages. *Wycoff*, 2016 WL 9632932, at *3.

In this case, the verdict form presented the jury with a single blank to report a compensatory award, making no distinction between (1) whether damages were economic or non-economic in nature; (2) whether the damages were for past, ongoing, or future harm; or (3) whether the damages were recovered under Plaintiff's state or federal claims. (*See* Dkt. 621). This lack of specificity makes it impossible for the court to determine the extent of damages that could actually be eligible for an award of prejudgment interest.

      *1.    Nothing in the record indicates whether the damages awarded by the jury are economic or non-Economic in nature.*

Plaintiff presented no evidence of economic damages. *See Supra* § I.A.; (Ex. A, Trial Tr. 4122:9-16) (as noted above, the jury was instructed to consider two types of non-economic damages and "no others"). To the extent Plaintiff argues, and the Court finds, that Plaintiff does

---

[1] Plaintiff also seeks prejudgment interest for the period between the jury's return of its verdict and the entry of final judgment. In *Wycoff*, the court held that prejudgment interest was not appropriate despite the fact that resolution of post-trial motions delayed entry of judgment. *See Wycoff,* 2016 WL 9632932, at *2-3.

have economic damages that are suitable for an award of prejudgment interest, prejudgment interest should still not be allowed. As previously explained, the jury awarded a lump sum for all of Plaintiff's claims, which does not indicate what amount, if any, of the damages constitutes economic damages. (*See* Dkt. 621). They were given no instruction to award or calculate economic damages. (*See* Ex. A, Trial Tr. 4122:9-16) (instructing the jury to "consider the following types of compensatory damages, and no others: First, the physical and mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. Second, the loss of normal life that the Plaintiff has experienced and is reasonably certain to experience in the future . . ."). For the Court to make an award of prejudgment interest on unidentified economic damages, it would have to engage in impermissible speculation. *Wycoff*, 2016 WL 9632932, at *3 (rejecting award of prejudgment interest and explaining "[a]lthough the Court could assume the jury awarded $3,974.25 for economic damages and $96,025.75 for emotional distress and pain and suffering, to do so would constitute rank speculation."). Therefore, any argument that Plaintiff should receive prejudgment interest on certain unidentified economic damages must be rejected.

        2.       *Plaintiff cannot recover prejudgment interest for ongoing or future harm.*

Prejudgment interest cannot be awarded where "the damages awarded by the jury stemmed from losses that did not occur at the time of the accident but incrementally from that date through the time of the trial." *Fincantieri Bay Shipbuilding Co.*, 2022 WL 294209, at *4. Further, prejudgment interest cannot be awarded for future damages. *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 1:16-cv-24687, 2020 WL 5291945, at *3 (S.D. Fla. Sept. 4, 2020) (explaining that "[a]s to future damages, however, prejudgment interest is inappropriate," and holding that "to avoid speculation, there will be no award of prejudgment interest on the lump sum award for pain and suffering."). In this case, the jury's award is clearly intended to compensate Plaintiff not only for

losses that occurred at the time of the incident, but for all losses suffered incrementally from that date and indefinitely into the future. (Ex. A, Trial Tr. 4122:9-16) (as noted above, the jury was instructed to consider two types of non-economic damages and "no others"). Because the jury awarded a lump sum for past, present, and future damages, the Court cannot determine the extent Plaintiff's award is eligible for prejudgment interest without engaging in "rank speculation." *Wycoff*, 2016 WL 9632932, at *3; *Lebron v*, 2020 WL 5291945, at *3. Accordingly, Plaintiff's request for prejudgment interest should be denied.

> **D.  Plaintiff Is Not Eligible for an Award of Prejudgment Interest Due to the Delays in Litigation That Were Entirely Out of Defendants' Control.**

This proceeding has been subject to many delays, most of which were outside of Defendants' control. On January 24, 2019, the Court scheduled the jury trial in this matter to begin on November 4, 2019. (Dkt. 271). This matter was then reassigned to Judge Seeger on September 16, 2019, (Dkt. 281), and the trial was rescheduled for July 13, 2020, (Dkt. 323).[2] On May 20, 2020, the Court vacated the July 13, 2020 trial date due to the Covid-19 Pandemic. (Dkt. 386). The trial was rescheduled, (Dkt. 428), and eventually commenced on October 7, 2021, (Dkt. 506). This amounts to at least 23 months of delays that were entirely out of everyone's control, including Defendants.

Plaintiff concedes that these delays were outside of Defendants' control (Mot. 3); however, he contends that an award of prejudgment interest should still be granted for these periods. Plaintiff's position is not supported by the law because prejudgment interest should not be granted in instances where the delay in litigation was caused by factors outside of a defendant's control. *Copart, Inc. v. Sparta Consulting, Inc.*, 339 F. Supp. 3d 959, 1006 (E.D. Cal. 2018) (declining to

---

[2] Prior to that, the case was originally assigned to Judge Grady, and then reassigned to Judge Shah. (*See* Dkt. 105)

award prejudgment interest for "delays in this matter [that] were due to the [c]ourt's case load."). This principle applies equally to delays caused by the COVID-19 Pandemic. *AGA & Titan Inc., v. United Specialty Ins. Co,* No. 2:20-CV-02698-MCS-AS, 2022 WL 16859652, at *2 (C.D. Cal. Aug. 1, 2022) ("However, the Court on its own motion continued the retrial of this matter due to limited jury panel availability under COVID-19 trial restrictions. Charging Defendant prejudgment interest for this period of time would not be fair.").

Plaintiff suggests that prejudgment interest should still be awarded for these periods because Defendants could have elected to settle the case. However, a defendant has no obligation to settle a case, and prejudgment interest cannot be used as a tool to punish a defendant. *See Sulkowska*, 170 F. Supp. 2d at 371-72 (explaining that an award of prejudgment interest is improper where it "would not be compensatory, but punitive."). Accordingly, Plaintiff's argument that prejudgment interest is appropriate given Defendants' decision to try this case must be rejected.

Because many delays were entirely out of Defendants' control, and because issuing an award for such delays would be punitive in nature, prejudgment interest should not be awarded at all, and certainly not for at least 23 months of the time period identified by Plaintiff.

II.     **Plaintiff's Prejudgment Interest Calculation Is Incorrect.**

Even if Plaintiff was entitled to prejudgment interest under federal law, Plaintiff's calculation improperly compounds interest monthly, which is not contemplated by federal law and would give Plaintiff a windfall. Plaintiff argues, without analysis, that interest should be compounded monthly. However, "[p]rejudgment interest should be calculated at the prime rate, **compounded annually**, because that calculation of prejudgment interest **fully compensates** the injured party." *City of Chicago v. M/V Morgan*, 248 F. Supp. 2d 759, 779 (N.D. Ill. 2003) (citing *Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1115 (7th Cir. 1998))

11

(emphasis added). *See also Adamik v. Motyka*, No. 12-C-3810, 2018 WL 3574751, at *12 (N.D. Ill. July 25, 2018) (granting prejudgment interest compounded annually). A majority of Plaintiff's cited authority also suggest that interest should be compounded annually. In *Groenstein Enters. v. Quality Care-USA, Inc.*, the Seventh Circuit affirmed an award of prejudgment interest compounded annually. 874 F.2d 431, 434 (7th Cir. 1989). In *American National Fire Insurance. Co. v. Yellow Freight Systems*, the Seventh Circuit held that the district court committed error by awarding simple interest instead of compound interest. 325 F.3d 924, 937-38 (7th Cir. 2003). The district court on remand then awarded prejudgment interest compounded annually. *See* Minute Order, *Am. Nat. Fire Ins. Co. v. Yellow Freight Sys.*, No. 1:99-cv-03622 (June 27, 2003); Plaintiff's Amended Motion to Amend Judgment at 2, *Am. Nat. Fire Ins. Co. v. Yellow Freight Sys.*, No. 99-C-3622 (May 7, 2003) (attached hereto as **Exhibit C**). Further, courts relying on *Yellow Freight Systems* have held that "[prejudgment] interest should be compounded annually." *See Jackson v. Littlechief Specialties*, 2012 WL 13207256, at *6 (N.D. Ill. Dec. 3, 2012) (citing *Yellow Freight Sys.*, 325 F.3d at 937-38).

Plaintiff cites one case, *Geraty v. Village of Antioch*, No. 09-C-6992-2014 WL 1475574, at *3 (N.D. Ill. Apr. 15, 2014), where a court awards prejudgment interest compounded monthly. In that case, the court, much like Plaintiff here, engaged in no analysis to explain why interest should be compounded monthly. *Geraty*, 2014 WL 1475574, at *3. Instead, it simply cites *Juszynski v. Life Ins. Co. of N. Am.*, No. 06-CV-5503, 2008 WL 877977, at *15 n.9 (N.D. Ill. Mar. 28, 2008), which also provides no analysis justifying compounding interest monthly.

The weight of authority before the Court indicates that prejudgment interest, if awarded, should be compounded annually, and that such a computation fully compensates Plaintiff.

12

Accordingly, if the Court rejects all of Defendants' other arguments raised above, the court should apply only annually compounded interest.[3]

### III. Plaintiff Cannot Recover Prejudgment Interest On Damages Recovered From His Illinois State Law Claims.

In addition to his argument that federal law affords him prejudgment interest, Plaintiff argues, in the alternative, that "if the Court were to determine that Mr. Bolden is not entitled to prejudgment interest under federal law, the Court should still award prejudgment interest under Illinois law." (*See* Pl. Mot. 7). Plaintiff cites Illinois' "Interest on judgment" statute whose amendments, effective July 1, 2021, allow for an award of prejudgment interest in personal injury or wrongful death actions to support his argument. *See* 735 ILCS 5/2-1303 (effective July 1, 2021). Plaintiff's argument is wholly without merit. Plaintiff inexplicably omits citing the provision in the statute that expressly exempts the City from liability to pay prejudgment interest. *See* 735 ILCS 5/2-1303(c) ("Notwithstanding any other provision of law, **neither the state, a unit of local government, a school district, community college district, nor any other governmental entity is liable to pay prejudgment interest in an action brought directly or vicariously against it by the injured party.**" (emphasis added)). Because Plaintiff's claims for malicious prosecution, intentional infliction of emotional distress, and conspiracy are all governed by Illinois law and Illinois law precludes prejudgment interest against the City, Plaintiff's alternative argument necessarily fails.

---

[3] Plaintiff also argues that the Court may rely on the Illinois prejudgment interest statute to apply a 6% interest rate. (Mot. 6 n.2). Under the Illinois statute, the rate for prejudgment interest in this case would be 0%, as Illinois expressly precludes recovery of prejudgment interest against units of local government. 735 ILCS 5/2-1303(c). Further, the Illinois state statute calls for interest to be compounded annually, not monthly. *Id.* ("In entering judgment for the plaintiff in the action, the court shall add to the amount of the judgment interest calculated at the rate of 6% per annum on the amount of the judgment[]").

13

Further, the jury awarded a lump sum of damages for Plaintiff's federal and state law claims; therefore, the Court cannot, without engaging in speculation, determine the extent Plaintiff's damages award is eligible for prejudgment interest. *Wycoff*, 2016 WL 9632932, at *3. Plaintiff is not entitled to prejudgment interest under state law, which ends the inquiry. Even if he were entitled to them (he is not) the amount of prejudgment interest cannot be ascertained since the judgment did not break out damages by claims. Therefore, Plaintiff's alternative request for prejudgment interest under state law should be denied. *Fincantieri Bay Shipbuilding Co.*, 2022 WL 294209, at *4.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Prejudgment Interest.

Dated: November 18, 2022

Respectfully submitted,

**DEFENDANT CITY OF CHICAGO**

By: /s/ *Kyle L Flynn*
John F. Gibbons (Attorney No. 06190493)
gibbonsj@gtlaw.com
Tiffany S. Fordyce (Attorney No. 235063)
fordycet@gtlaw.com
Kyle L Flynn (Attorney No. 6312817)
flynnk@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435

Attorneys for Defendant City of Chicago


By: */s/ Brian J. Stefanich*
Special Assistant Corporation Counsel
One of the attorneys for Defendant Officers

Andrew M. Hale
Barrett Boudreaux
William Bazarek
Amy A. Hijjawi
Brian J. Stefanich
Hale & Monico LLC
53 W. Jackson, Suite 334
Chicago, Illinois 60604
(312) 870-6906

**CERTIFICATE OF SERVICE**

I, Kyle Flynn, an attorney, hereby certify that on November 18, 2022, I electronically filed the foregoing document with the Court's CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

/s/ *Kyle L Flynn*