## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
### Eastern Division

Eddie L. Bolden, et al.

                     Plaintiff,

v.                                        Case No.: 1:17–cv–00417

                                                Honorable Steven C. Seeger

City of Chicago, et al.

                     Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, March 3, 2023:

     MINUTE entry before the Honorable Steven C. Seeger: Defendant's motion to quash citations to discover assets (Dckt. No. [713]) is hereby granted in part and denied in part as follows. On September 30, 2022, this Court entered judgment for Plaintiff Bolden. (Dckt. No. [675]) On February 21, 2023, the parties completed briefing on the post–trial motions. In the meantime, Plaintiff has pursued citations to discover assets. (Dckt. Nos. [691, 712]) Defendants Pesavento and Oliver moved to stay execution of the judgment and quash the citations to discover assets. (Dckt. No. [713]) Rule 62(a) creates a presumptive stay of execution of a judgment for 30 days, and only 30 days, "unless the court orders otherwise." See Fed. R. Civ. P. 62(a). Rule 62(b) provides substantial guidance on the requirements for a stay. "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." See Fed. R. Civ. P. 62(b). From a financial standpoint, the two defendants are differently situated. Defendant Pesavento has a bank account "with funds more than double the Plaintiff's punitive damages award against him." See Mtn., at 2 (Dckt. No. [713]) Defendant Pesavento does not want to post a bond, and has "agree[d] to keep sufficient funds in that account to satisfy the judgment for punitive damages." Id. A bond, however, is the favored way of giving security to a prevailing party. A bond is greater security than a promise, even from a person with sufficient funds and the best of intentions. (And this Court is not, in any way, suggesting that Defendant Pesavento does not have good intentions.). Maybe Defendant Pesavento wants to avoid the expense of obtaining a bond. In that case, maybe the parties could agree that defense counsel would hold the amount of the punitive damages against Defendant Pesavento in escrow, in a client trust account. Or maybe there is some other alternative. The parties should talk it over. If that solution does not work for some reason, then this Court may require a bond. Having funds in the bank is not ideal security, because there is a risk of dissipation, and this Court does not know if other creditors are out there. The parties must file an update by March 14, 2023. In the meantime, this Court hereby freezes $100,000 of the Pesavento accounts at the Beverly Bank & Trust Company, meaning the accounts covered in the Citation to Discover Assets (Dckt. No. [718]). The parties shall serve a copy of this Order on Beverly Bank & Trust Company, and identify the accounts in question with particularity. In light of the availability of those funds, this Court is uncertain whether any

additional fact gathering is necessary as to Defendant Pesavento, because he has sufficient funds in the bank. Again, the parties should talk it over. Defendant Oliver, on the other hand, moves for a stay and moves to quash the citations because he lacks the funds to pay the punitive damages. Maybe that's right. But if so, this Court sees no reason to stay fact–gathering on that question. A stay of discovery would require a bond, but there is no bond, so there is no stay of discovery. The motion is denied to the extent that it seeks to quash the Citation to Discover Assets as to Defendant Oliver. The Court makes two final observations. First, this Court is granting limited relief, from a pragmatic standpoint, in the interest of going one step at a time. Any party may move for additional relief as appropriate. Second, no party should read anything into this Order when it comes to the merits of the pending post–trial motions. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.