**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Eddie L. Bolden, et al.
                       Plaintiff,

v.                                          Case No.: 1:17−cv−00417
                                                 Honorable Steven C. Seeger

City of Chicago, et al.
                       Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, April 2, 2024:

      MINUTE entry before the Honorable Steven C. Seeger: In the spirit of clarity, the Court amends and tightens the last few lines of its recent Order dated March 24, 2024 about prejudgment interest (Dckt. No. [728]) as follows. Taking a step back, this Court entered final judgment on September 30, 2022. (Dckt. No. [675]) The entry of final judgment is the boundary line when it comes to prejudgment interest and post−judgment interest. That's what the terms "pre" and "post&quot; mean. Plaintiff Bolden moved for an award of prejudgment interest (Dckt. No. [680]), and provided a calculation running through the entry of final judgment on September 30, 2022. This Court granted that motion in its Order dated March 24, 2024. This Court closed that Order with the following lines: "For these reasons, the Court grants Bolden's motion for prejudgment interest. The Court hereby awards prejudgment interest totaling $7,629,466.51. That amount reflects prejudgment interest running through October 2022, when Bolden moved for prejudgment interest. At that point, the prejudgment interest meter stopped." (Dckt. No. [728]) The phrase "through October 2022" has a little wiggle, and could generate some confusion if read out of context. Someone might think it means "through [the end of] October 2022." In reality, this Court simply meant "[until] October 2022." Or more precisely, this Court meant through the end of September. The point was simple. This Court granted Bolden's motion for prejudgment interest until the day of the entry of final judgment on September 30, 2022, and nothing after. Bolden did not request prejudgment interest for any later period, and this Court did not award prejudgment interest for any later period. Hopefully the last lines on the last page of the last Order did not generate confusion. But if they did, the Court hereby clears it up as follows. This Court awarded prejudgment interest until the day of the entry of final judgment on September 30, 2022, and did not award any prejudgment interest for any later time. As extra insulation against possible confusion, the Court hereby vacates its prejudgment interest order dated March 24, 2024 (Dckt. No. [728]), and reissues the order with a corrected final paragraph. Order to follow. Mailed notice. (jjr, )(Docket Text Modified on April 12, 2024)(jjr,).

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.